FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 2 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONNA CAVE, *et al.*                                                                             PLAINTIFFS

CASE NUMBER:

v.

4:18-CV-00342 - KGB

MARK MARTIN, Arkansas Secretary of State, in his official capacity     DEFENDANT

THE SATANIC TEMPLE, LUCIEN GREAVES, and ERIKA ROBBINS     PROPOSED INTERVENORS

## MOTION TO INTERVENE

**COMES NOW** Movants / Proposed Intervenors The Satanic Temple, Lucien Greaves, and Erika Robbins, by and through counsel Matthew A. Kezhaya ABA # 2014161, and Stuart P. de Haan, pro hac vice pending, with a motion to intervene pursuant to FRCP 24: either of right under FRCP 24(a). or by permission under FRCP 24(b).

Prior to filing this motion, counsel for Movants have conferred with all other counsel of record. Plaintiffs consent to intervention but the Defendants announced an unspecified objection which would require Court resolution. Movants respectfully request this Court either grant the motion without a hearing or entertain a hearing on this motion.

## INTRODUCTION

**Background information on Movants**

<u>The Satanic Temple</u>

The Satanic Temple is an organized religion. See generally "FAQ" available at https://thesatanictemple.com/pages/faq (last visited May 3, 2018); see also "Tenets" available at https://thesatanictemple.com/pages/tenets (last visited May 3, 2018).

Its organizational mission is to encourage benevolence and empathy among all people. See "Our Mission" available at https://thesatanictemple.com/pages/about-us (last visited May 3, 2018). The Satanic Temple's function is to actively provide outreach, to lead by example, and to participate in public affairs wheresoever the issues might benefit from rational, Satanic insights. See "FAQ," above.

Erika Robbins

Erika Robbins is a member of The Satanic Temple. Ms. Robbins resides in Little Rock, Arkansas.

Lucien Greaves

Lucien Greaves is a co-founder of The Satanic Temple. Oppenheimer, Mark "A Mischievous Thorn in the Side of Conservative Christianity" *New York Times*, July 10, 2015, available at https://www.nytimes.com/2015/07/11/us/a-mischievous-thorn-in-the-side-of-conservative-christianity.html (last visited May 3, 2018). Lucien Greaves visited Arkansas during the second installation of the Ten Commandments Monument.

## ARGUMENT

The Court should first find that Movants have timely filed their motion and have standing to pursue their claims. Next, the Court should find either that Movants are entitled to intervene under FRCP 24(a), or should be permitted to intervene under FRCP 24(b).

**Standard of review**

A decision on the timeliness of a motion to intervene is reviewed by the abuse of discretion standard. ACLU Minn. v. Tarek Ibn Ziyad Acad., 643 F.3d 1088, 1093 (8th Cir. 2011). A decision on intervention as a matter of right is a question of law reviewed de novo. United States v. Union

Elec. Co., 64 F.3d 1152, 1158 (8th Cir. 1995). Rule 24 is construed liberally, and all doubts are resolved in favor of the proposed intervenors. Id.

**Issue 1: Movants' motion is timely**

As a preliminary issue, Movants must first establish that their motion is timely.

**Legal framework**

Regardless whether a person moves for intervention by right or for permissive intervention, a motion to intervene must be timely. Id.; see also FRCP 24(a), (b) ("On timely motion...") Timeliness is considered based on all of the circumstances, with specific attention to the following factors: (1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties. Id., 643 F.3d at 1094.

**Analysis**

Movant's motion is timely. Movants have filed this motion to intervene within a week after Plaintiffs consolidated their action with another set of plaintiffs complaining of the unconstitutional nature of the Ten Commandments Monument. Importantly for the Court's analysis is that the parties have not yet entered a Rule 26(f) report.

Movants are well acquainted with the litigation but have an independent theory of relief and an alternative prayer for relief from the Plaintiffs. More particularly, Movants are principally seeking a court order to require Defendants install Movant's religious monument. Contrast Plaintiffs' complaint at p. 31 (praying for an order to remove the Ten Commandments Monument) with Proposed Intervenor's complaint in intervention at p. 9 (praying for an order to immediately place the Baphomet Monument or, alternatively, to remove the Ten Commandments Monument.)

The reason for delay in seeking intervention is procedural in nature. More particularly, Movants sought to maximize judicial economy by merging their claims for relief into the surviving case complaint in lieu of raising a third complaint, causing a third concurrent case surrounding the Ten Commandments Monument. Further, Movants opted not to join in Plaintiffs' complaint because Movants seek different relief from the relief sought by Plaintiffs.

No parties would be prejudiced should Movants be permitted to intervene. Movants stand ready to adhere to all deadlines previously set by this Court, particularly to include the August 13 Rule 26(f) conference, the August 27 Rule 26(f) report, and the June 10, 2019 jury trial. This motion is filed well before the December 17, 2018 deadline for leave to add parties. Doc 10.

**Conclusion**

Movants' motion to intervene is timely because no hearings have been scheduled or heard, no Rule 26(f) reports or conferences have been had, and Movants stand ready to abide by all previously-set deadlines. Further, no parties would be prejudiced if Movants are permitted to intervene because intervention would not impact any deadlines or court hearings.

**Issue 2: Movants have standing**

**Legal framework**

<u>The requirement of standing</u>

It is not enough that a proposed-intervenor file a motion timely, the proposed-intervenor must also have standing to pursue the litigation. Mausolf v. Babbitt, 85 F.3d 1295, 1300-01 (8th Cir. 1996) ("While Rule 24 promotes judicial economy by facilitating, where constitutionally permissible, the participation of interested parties in others' lawsuits, the fact remains that a federal case is a limited affair, and not everyone with an opinion is invited to attend.")

<u>Standing</u>

The Eighth Circuit most extensively discussed standing in context of a Ten Commandments Monument in ACLU Neb. Found. v. City of Plattsmouth, 358 F.3d 1020 (8th Cir. 2004) ("**Plattsmouth I**") (overturned on other grounds after rehearing by ACLU Neb. Found. v. City of Plattsmouth, 419 F.3d 772 (8th Cir. 2005) (en banc) ("**Plattsmouth II**"), standing discussion affirmed. Id., 419 F.3d at 775 n.4).

*The test*

The test for standing is:

> First, the plaintiff must have suffered an "injury in fact" - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

ACLU Neb. Found. v. City of Plattsmouth, 358 F.3d 1020, 1027 (8th Cir. 2004) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 119 L. Ed. 2d 351, ___, 112 S. Ct. 2130, ___ (1992)).

*Injury in fact*

The injury-in-fact requirement "serves to distinguish a person with a direct stake in the outcome of a litigation - even though small - from a person with a mere interest in the problem." Id., 358 F.3d at 1028. To establish this, the Eighth Circuit has adopted the "direct and unwelcome contact" test. Red River Freethinkers v. City of Fargo, 679 F.3d 1015, 1023-24 (8th Cir. 2012) ("**Freethinkers I**"); subsequent appeal at Red River Freethinkers v. City of Fargo, 764 F.3d 948 (8th Cir. 2014) ("**Freethinkers II**"). Jurisdictions following this approach only require a plaintiff establish direct and unwelcome personal contact with the alleged establishment of religion. Id. It is not necessary to show an alteration of behavior. Id.; see also Plattsmouth, 358 F.3d at 1030.

*Prudential requirements*

Even where a plaintiff satisfies the above requirements, a plaintiff may be denied standing if he runs afoul of certain judicially-constructed prudential limits on standing. These include limiting standing to cases where the plaintiff asserts his own rights and interests, not those of third parties. Id., 358 F.3d at 1027. This rule does not apply to associations, see Issue 2(c), below.

Another prudential requirement is that the complaint must fall within "the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." Id., 358 F.3d at 1027. Finally, a plaintiff has no standing to assert abstract questions of wide public significance which amount to generalized grievances, pervasively shared and most appropriately addressed in the representative branches. Id.

Issue 2(a): Erika Robbins has standing

Ms. Robbins is substantially identical to the "John Doe" of Plattsmouth. To establish Article III standing she must show satisfy injury in fact, causation, and redressibility. She must also satisfy the prudential requirements.

**Issue 2(a)(i): Ms. Robbins has shown Article III standing**

First, Ms. Robbins has established injury in fact. Just as the Plattsmouth Doe plaintiff experienced "direct, offensive and alienating contact" with a Ten Commandments monument, so has Ms. Robbins. Compare Plattsmouth I, 358 F.3d at 1030 with Affidavit of Erika Robbins at ¶ 6 ("[I]t makes me feel like a second-class citizen in my home state and town.") Although not required in the Eighth Circuit, she has also altered her behavior to avoid the Ten Commandments monument. Id. at ¶ 7. Her injury is particularly compelling because the violation was caused by her own state. Compare Plattsmouth I, 358 F.3d at 1030.

Second, Ms. Robbins has established causation. The injury in fact suffered by Ms. Robbins is a direct consequence of Defendants' conduct. Compare Freethinkers I, 679 F.3d 1015, 1029. More particularly, Defendants placed the Ten Commandments Monument on public grounds but refuse to place a Baphomet Monument on public grounds. Ms. Robbins's injury in fact was thus caused by Defendants. This disparate treatment is the harm Ms. Robbins complains of.

Finally, Ms. Robbins's injury can be resolved through court intervention. More particularly, this Court can order the placement of the Baphomet Monument on public grounds; or the Court can order the removal of the Ten Commandments Monument and permanently enjoin the State from placing a new one. Either will resolve her issue. Affidavit of Erika Robbins at ¶ 8. This establishes redressibility.

**Conclusion**

Ms. Robbins has satisfied Article III standing requirements because she has established (1) an injury-in-fact because she had direct and unwelcome contact with an unlawful attempt to establish a state religion; (2) causation because her injury was the direct consequence of Defendants' actions; and (3) redressibility because this Court can issue an injunction to require the placement of the Baphomet monument.

### Issue 2(a)(ii): Ms. Robbins has satisfied prudential requirements

Ms. Robbins has also satisfied the various prudential requirements. Again, she is materially identical to the Plattsmouth Doe plaintiff. As in Plattsmouth, she sues on her own behalf, not on behalf of third parties. Compare Plattsmouth I, 358 F.3d at 1030-31. Identically to the Plattsmouth Doe plaintiff, she has suffered "official alienation, perceived political diminution and pressure to conform one's views to those of the majority." Compare Id. with Affidavit of Erika Robbins at ¶ 6.

While the question of separation of church and state is of wide public significance, she, particularly, has suffered the injury. Compare id. Further, her status as a religious minority means her injuries are unlikely to be pervasively shared. Compare id. As stated best in Plattsmouth I, "This is precisely the sort of grievance for which the federal courts are best suited; the representative branches are less equipped to disobey the wishes of a passionate majority whose religious views are being established." Id.

For the above reasons, the prudential requirements do not weigh against standing.

### Issue 2(b): Lucien Greaves has standing

For reasons identical to Erika Robbins, Lucien Greaves also has standing. The only distinction between Lucien Greaves and Erika Robbins is that Mr. Greaves is not a resident of Little Rock, Arkansas. This is a distinction without a difference because no standing jurisprudence limits a plaintiff to raising suits in their home jurisdiction.

### Issue 2(c): The Satanic Temple has standing

The Satanic Temple also has standing, but the analysis is different because it is an association and not an individual.

**Legal framework**

### Third party standing

Associations have standing to bring suit on behalf of its members when:

> (1) its members would otherwise have standing to sue in their own right, (2) the interests at stake are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

Plattsmouth I, 358 F.3d 1020, 1031 (8th Cir. 2004); see also Freethinkers I, 679 F.3d at 1022.

**Analysis**

For the reasons discussed in Issue 2(a), The Satanic Temple can establish that its members would otherwise have standing to sue in their own right. See also Affidavit of Erika Robbins at ¶ 4.

The interests at stake are plainly germane to The Satanic Temple's purpose. Compare Freethinkers I, 679 F.3d 1015, 1022-23. In response to the passage of The Ten Commandments Monument Display Act, proposing the installation of the Ten Commandments monument, The Satanic Temple sought to place its own monument. In every constitutionally relevant respect, The Satanic Temple's monument was identical to the Ten Commandments Monument. The State's refusal to place the Baphomet Monument has led The Satanic Temple to this Court.

Finally, neither The Satanic Temple's claim nor the relief requested requires participation of The Satanic Temple's individual members. The Satanic Temple seeks an injunction which presumptively satisfies the final element. See id. ("If in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured.") (quoting Warth v. Seldin, 422 U.S. 490, 511, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975))

### Issue 3: Movants are entitled to intervene under FRCP 24(a)

The above issues are preliminary to the question of intervention by right or by permission. The next two discuss in turn why Movants are entitled to intervention under FRCP 24(a), and by permission under FRCP 24(b).

**Legal framework**

A court must permit intervention under Rule 24(a)(2) to anyone who: (1) files a timely motion to intervene, (2) claims an interest relating to the property or transaction that is the subject of the action, (3) is situated so that is disposing of the of the action may, as a practical matter, impair or impede the

movant's ability to protect that interest, and (4) is not adequately represented by the existing parties. See ACLU Minn., above. Movants meet all the requirements.

**Analysis**

First, Movants must establish timeliness. Movants discussed the timeliness of their motion at Issue 1. To briefly summarize, this motion is timely brought because it was entered shortly after the consolidation of the actions and before any deadlines have passed.

Second, Movants claim an interest relating to the transaction subject of the action. Specifically, Movants claim an interest in the Establishment Clause violation alleged by Plaintiffs in the placement of a Ten Commandments monument on public grounds. More particularly, Movants seek an order to place a similar monument of significance to them in the spirit of equal protection under the law.

Third, disposing of Plaintiffs' complaint will impair or impede Movants' ability to protect their interest. Plaintiffs' complaint seeks the removal of the Ten Commandments Monument. Movants seek the placement of their Baphomet Monument. Disposing of Plaintiffs' complaint will necessarily entail either a finding that the Ten Commandments monument must be removed, or that it does not violate the Establishment Clause. Either conclusion will impair or impede Movants' ability to seek a court order to place the Baphomet monument.

Finally, Movants must show that their interests are inadequately represented by the existing parties. Typically, persons seeking intervention need only carry a "minimal" burden of showing that their interests are inadequately represented by the existing parties. Mille Lacs Band of Chippewa Indians v. Minnesota, 989 F.2d 994, 999 (8th Cir. 1993). Movants' interests are inadequately represented by the parties because they seek different relief from Plaintiffs which is adverse to Defendants. Plaintiffs seek the removal of the Ten Commandments monument; Movants seek the placement of their own religious monument. Defendants desire to both keep the Ten Commandments monument and refuse

to place any other religious monuments—particularly to prohibit the monument sought by Movants. Thus, the existing parties do not adequately represent the interests of Movants.

**Issue 4: This Court should permit intervention under FRCP 24(b)**

**Legal framework**

FRCP 24(b) provides for permissive intervention. Normally, parties seeking permissive intervention pursuant to Rule 24(b) must show: (1) an independent ground for jurisdiction, (2) timeliness of the motion, and (3) that the applicant's claim or defense and the main action have a question of law or fact in common. United States v. Union Elec. Co., 64 F. 3d 1152, 1170 n. 9 (8th Cir. 1995).

**Analysis**

First, Movants can show an independent ground basis for jurisdiction. Movants, independent from Plaintiffs, seek relief under 42 USC. § 1983 against the Defendant for violation of the Equal Protection Clause. Similar to Plaintiffs, Movants also seek relief for violation of the Establishment Clause. Movants have independent bases for jurisdiction under 28 U.S.C. §§ 1331 and 1343.

Second, Movants must show timeliness. Movants discussed the timeliness of their motion at Issue 1. To briefly summarize, this motion is timely brought because it was entered shortly after the consolidation of the cases and before the passing of any relevant deadlines.

Third, Movants must show that they have a question of law or fact in common with the main action. The questions of fact presented by Movants' separate complaint in common with the main action center on the motivation, placement, and effect of the Ten Commandments Monument. The questions of law in common with the main action centers on the Establishment Clause permissibility of the Ten Commandments monument.

For the above reasons, Movants should be permitted to intervene into the main action.

**WHEREFORE** Movants pray for an order of permitting their intervention, and for such other and further relief to which they may be entitled.

Respectfully submitted on July 11, 2018,
On behalf of Movants / proposed intervenor plaintiffs

By  _____   and   /s/ Stuart P. de Haan
Matthew A. Kezhaya, ABA # 2014161              Stuart P. de Haan, AZ Bar No. 026664
                                                Attorney for Intervenor-Plaintiffs
Attorney for Intervenor-Plaintiffs              *Application pro hac vice pending*
**PINNACLE LAW GROUP**                          de Haan Law Firm, PLLC
3718 S. Pinnacle Hills Pkwy                     100 N Stone Avenue, Suite 512
Rogers, Arkansas 72758                          Tucson, Arizona  85701
phone   (479) 431-6112                          (520) 358-4089
fax     (479) 282-2892                          (520) 628-4275
email   matt@pinnacle.law                       stu.dehaan@gmail.com

### CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, submitted for filing the foregoing document by mailing a paper copy to the Clerk pursuant to Section IV.A ("[A]ny pleading that adds a party . . . to the civil action shall be filed conventionally on paper.")

_____
Matthew A. Kezhaya, ABA# 2014161