## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**DONNA CAVE, JUDITH LANSKY,**
**PAT PIAZZA and SUSAN RUSSELL**                                          **PLAINTIFFS**


**vs.**                          **Case Number: 4:18-cv-00342-KGB**

**MARK MARTIN, Arkansas Secretary**
**of State, in his Official Capacity**                          **DEFENDANT**


### AMENDED
### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs DONNA CAVE, JUDITH LANSKY, PAT PIAZZA and SUSAN

RUSSELL, for their causes of action against Defendant, state as follows:

### INTRODUCTION

1.      In 2015, the State of Arkansas enacted the Ten Commandments

Monument Display Act, Ark. Code Ann. § 22-3-221 (2016).  Under this law, the

Secretary of State is required to permit and arrange for the placement of a Ten

Commandments Monument on the State Capitol grounds.  The Act specifies the

precise text of the Commandments that must appear on the monument and

obligates the Secretary of State to approve both the design and site selection for the

monument and arrange for its placement.

2.      The Secretary complied with the provisions of this Act.  In June 2017,

a granite Ten Commandments Monument was erected on the grounds of the

Arkansas State Capitol.  That monument was destroyed, but since April 26, 2018, a granite Ten Commandments Monument weighing three tons and standing over six feet high and three feet wide stands on public property between the Arkansas State Capitol and Justice Building.  The Ten Commandments Monument Display Act and the Ten Commandments Monument it compels violate the Establishment Clause of the First Amendment.  For these reasons, Plaintiffs seek a declaratory judgment that the Act and the monument are unconstitutional and injunctive relief requiring the Secretary of State to remove the monument and barring the Secretary from enforcing this Act in the future.

3.      This action arises under the provisions of the First and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983.

## THE PARTIES

4.      Donna Cave is a resident and citizen of the State of Arkansas.  She is a retired teacher.  She is a member of a walking and bicycling group that meets virtually every weekend.  The group has several routes that it takes on a regular basis.  One of these routes includes the grounds of the Arkansas State Capitol, and specifically the site where the Ten Commandments Monument is located between the Arkansas State Capitol and Justice Building.  She has taken this route approximately every two months for at least the past five years and plans to continue doing so in the future.

5.      Ms. Cave has walked by the Ten Commandments Monument since it was erected in April 2018 and has read the words inscribed on the monument.  She has thus had direct and unwelcome contact with the structure and its message.  So long as the Ten Commandments Monument remains in place, she will be forced to have unavoidable and unwelcome exposure to the Ten Commandments Monument in the future each time she follows her path across the grounds of the Arkansas State Capitol during her regular recreational activities unless she alters her route solely to avoid coming into unwanted contact with the government-endorsed monument containing the words of the Decalogue.

6.      Ms. Cave is an agnostic.  She objects to the placement of the Ten Commandments Monument on state property because it endorses some religious beliefs to the exclusion of others.  Moreover, because of her sincerely held beliefs, the Ten Commandments Monument causes her to feel unwelcome, isolated, and as if she is an outsider who is not a full member of the community in which she resides.  That these injuries have been caused by the actions of the Arkansas Legislature and other State officials makes her feel all the more alienated and angry.

7.      Judith Lansky is a resident and citizen of the State of Arkansas.  She is a retired federal judicial law clerk.  She is a member of a walking and bicycling group that meets virtually every weekend.  The group has several routes that it

takes on a regular basis.  One of these routes includes the grounds of the Arkansas State Capitol, and specifically the site where the Ten Commandments Monument is located between the Arkansas State Capitol and Justice Building.  She has taken this route approximately every three months for at least the past five years and plans to continue doing so in the future.

8.    Ms. Lansky has walked by the Ten Commandments Monument since it was erected in April 2018 and has read the words inscribed on the monument. She has thus had direct and unwelcome contact with the structure and its message. So long as the Ten Commandments Monument remains in place, she will be forced to have unavoidable and unwelcome exposure to the Ten Commandments Monument in the future each time she follows her path across the grounds of the Arkansas State Capitol during her regular recreational activities unless she alters her route solely to avoid coming into unwanted contact with the government-endorsed monument containing the words of the Decalogue.

9.    Ms. Lansky is Jewish, but is an atheist.  She objects to the placement of the Ten Commandments Monument on state property because it endorses some religious beliefs to the exclusion of others.  Moreover, because of her sincerely held beliefs, the Ten Commandments Monument causes her to feel unwelcome, isolated, and as if she is an outsider who is not a full member of the community in which she resides.  That these injuries have been caused by the actions of the

4

Arkansas Legislature and other State officials makes her feel all the more alienated and angry.

10.     Pat Piazza is a resident and citizen of the State of Arkansas.  She is a retired clinical social worker.  She is a member of a walking and bicycling group that meets virtually every weekend.  The group has several routes that it takes on a regular basis.   One of these routes includes the grounds of the Arkansas State Capitol, and specifically the site where the Ten Commandments Monument is located between the Arkansas State Capitol and Justice Building.  She has taken this route approximately every two months for at least the past five years and plans to continue doing so in the future.

11.     Ms. Piazza has walked by the Ten Commandments Monument since it was erected in April 2018 and has read the words inscribed on the monument.  She has thus had direct and unwelcome contact with the structure and its message.  So long as the Ten Commandments Monument remains in place, she will be forced to have unavoidable and unwelcome exposure to the Ten Commandments Monument in the future each time she follows her path across the grounds of the Arkansas State Capitol during her regular recreational activities unless she alters her route solely to avoid coming into unwanted contact with the government-endorsed monument containing the words of the Decalogue.

12.    Ms. Piazza is an agnostic.  She objects to the placement of the Ten
Commandments Monument on state property because it endorses some religious
beliefs to the exclusion of others.  Moreover, because of her sincerely held beliefs,
the Ten Commandments Monument causes her to feel unwelcome, isolated, and as
if she is an outsider who is not a full member of the community in which she
resides.  That these injuries have been caused by the actions of the Arkansas
Legislature and other State officials makes her feel all the more alienated and
angry.

13.    Susan Russell is a resident and citizen of the State of Arkansas.  She is
a research associate with the University of Arkansas for Medical Sciences.  She is
a member of a walking and bicycling group that meets virtually every weekend.
The group has several routes that it takes on a regular basis.  One of these routes
includes the grounds of the Arkansas State Capitol, and specifically the site where
the Ten Commandments Monument is located between the Arkansas State Capitol
and Justice Building.  She has taken this route approximately every two months for
at least the past five years and plans to continue doing so in the future.

14.    Ms. Russell has walked by the Ten Commandments Monument since
it was erected in April 2018 and has read the words inscribed on the monument.
She has thus had direct and unwelcome contact with the structure and its message.
So long as the Ten Commandments Monument remains in place, she will be forced

to have unavoidable and unwelcome exposure to the Ten Commandments Monument in the future each time she follows her path across the grounds of the Arkansas State Capitol during her regular recreational activities unless she alters her route solely to avoid coming into unwanted contact with the government-endorsed monument containing the words of the Decalogue.

15.     Ms. Russell is an agnostic.  She objects to the placement of the Ten Commandments Monument on state property because it endorses some religious beliefs to the exclusion of others.  Moreover, because of her sincerely held beliefs, the Ten Commandments Monument causes her to feel unwelcome, isolated, and as if she is an outsider who is not a full member of the community in which she resides.  That these injuries have been caused by the actions of the Arkansas Legislature and other State officials makes her feel all the more alienated and angry.

16.     Mark Martin is a resident and citizen of the State of Arkansas.  He has been the Secretary of State of Arkansas since 2011.  Under Arkansas state law, the Secretary of State is the constituted and legal custodian of the State Capitol Building and its surrounding landscape.  Under the Arkansas Ten Commandments Monument Display Act, the Secretary of State is required to permit and arrange for the placement of a Ten Commandments Monument on the State Capitol grounds

and to approve the design and site selection for the monument.  Mark Martin, as Secretary of State, has enforced and complied with the provisions of this Act.

17.     At all times material to this lawsuit, Defendant Martin acted within the course and scope of his duties as a public employee, was a state actor, and acted under color of state law.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

19.     This Court has personal jurisdiction over the Defendant.

20.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

### The Arkansas State Capitol

21.     The Arkansas State Capitol grounds are located in downtown Little Rock.  They include almost 40 acres of facilities and grounds.  The State Capitol is the seat of Arkansas state government.  The grounds include the State Capitol Building (which houses the Governor's office, the General Assembly, and the staffs of nearly all of the State's constitutional officers), the Justice Building (where the State Supreme Court and Court of Appeals sit), the Arch Ford Building

(home of the Arkansas Department of Education), and the State Multi-Agency ("Big MAC") Building.

22.     A number of permanent monuments are located on the State Capitol grounds. According to the Secretary of State, because the State Capitol is the seat of state government, "it is a natural setting for memorials to groups, individuals and events." Consistent with that theme, these monuments include, for example: (a) Monuments to Confederate Soldiers and Confederate Women, (b) a Vietnam Veterans Memorial (honoring Arkansas soldiers killed or wounded during the Vietnam war), (c) Memorials to Arkansas law enforcement officers and firefighters who died in the line of duty, (d) a replica of the Liberty Bell to commemorate the American Bicentennial, (e) a boulder to mark a century of Arkansas statehood, (f) a sculpture honoring the nine school children credited with desegregating Little Rock's public schools, and (g) a marker in memory of the Union and Confederate prisoners who were held in a prison located on the grounds of what is now the State Capitol.

23.     Before the State commanded the presence of the Ten Commandments Monument, the State Capitol grounds did not contain any monument or memorial that contained any reference to God or any other spiritual deity, or that dealt with either religious obligations or with morality subject to religious sanction.

**The Ten Commandments Monument Display Act**

24.     In March 2015, State Senator Jason Rapert introduced Senate Bill 939: "An Act Concerning The Placement Of A Ten Commandments Monument Display On The State Capitol Grounds; And For Other Purposes."

25.     After the Arkansas General Assembly approved the final version of this bill, Governor Asa Hutchinson signed the bill into law on April 8, 2015.  The law – known as the "Ten Commandments Monument Display Act" – is codified as Ark. Code Ann. § 22-3-221 (2016).

26.     The Act directs the Secretary of State to "permit and arrange for the placement on the State Capitol grounds of a suitable monument commemorating the Ten Commandments."

27.     The Act details the precise version and wording of the Ten Commandments that must appear on the monument.  As decreed by Arkansas law, the monument must contain the following text:

"The Ten Commandments

I AM the LORD thy God.

Thou shalt have no other gods before me.

Thou shalt not make to thyself any graven images.

Thou shalt not take the Name of the Lord thy God in vain.

Remember the Sabbath day, to keep it holy.

Honor thy father and thy mother, that thy days may be long upon the land which the Lord thy God giveth thee.

Thou shalt not kill.

Thou shalt not commit adultery.

Thou shalt not steal.

Thou shalt not bear false witness against thy neighbor.

Thou shalt not covet thy neighbor's house.

Thou shalt not covet thy neighbor's wife, nor his manservant, nor his maidservant, nor his cattle, nor anything that is thy neighbor's."

28.    The Act instructs the Secretary of State to "arrange for the monument to be designed, constructed, and placed on the State Capitol grounds by private entities at no expense to the State of Arkansas."

29.    More particularly, the Act dictates that the Ten Commandments Monument must "be placed on the State Capitol grounds where there are other monuments."

30.    The Secretary of State also is required to "approve the design and site selection for the monument" and "arrange a suitable time for its placement."

31.    The law anticipated that "the legality or constitutionality of the monument" would be challenged.  In that event, the Act provides that the Arkansas Attorney General has the option to "prepare and present a legal defense of the monument."

11

32.   If the Attorney General chooses not to defend the Ten Commandments Monument, then the law specifies that the Attorney General will "request that Liberty Legal Institute prepare and present a legal defense of the monument."

**Fundraising for the First Ten Commandments Monument**

33.   The Ten Commandments Monument Display Act requires that the monument "be designed, constructed, and placed on the State Capitol grounds by private entities at no expense to the State of Arkansas."

34.   Toward that end, in early July 2015 on his Twitter account (in which he identifies himself as "Sen. Jason Rapert"), Senator Rapert announced "If you would like to donate to Ark. Ten Commandments Monument project, please email senator.jason.rapert@gmail.com."

35.   In October 2015, Senator Rapert formed a corporation named the "American History & Heritage Foundation, Inc."  The entity was incorporated in Arkansas as a non-profit corporation.  In the Articles of Incorporation filed with the Arkansas Secretary State, Jason Rapert is identified as both President and a Director of the organization.

36.   In February 2016, Jason Rapert on behalf of the American History & Heritage Foundation created a page on the website gofundme.com.  The organization stated that it is "proud to be the private sponsor of the Ten

Commandments Monument that will be installed on the grounds of the Arkansas State Capitol."

37.     The GoFundMe page initially stated that the project would cost $17,635 to complete the monument, including freight, installation and other incidental expenses.

38.     On February 17, 2016, Senator Rapert again tweeted, "I'm raising money for the Ten Commandments Monument," and referred to the existing page on gofundme.com.

39.     On February 29, 2016, Senator Rapert announced that the Ten Commandments Monument was funded, and the page on gofundme.com reflected that a total of $18,280 had been donated.

40.     From the list of donors and the amounts of their donations shown on gofundme.com, it appeared that of the $18,280, over $13,000 (roughly 71%) was donated by two churches in Arkansas.

41.     One church alone – Agape Church in Little Rock – donated at least $12,600 towards the Ten Commandments Monument.  On the morning of the first monument's installation, Senator Jason Rapert filmed a thank you with "Pastor Scott" from the Agape Church which appeared on YouTube, saying "you guys probably are the largest contributor without question to the American History and Heritage Foundation."

**The Religious Motivation for the Ten Commandments Monument**

42.     The two sponsors of the Ten Commandments Monument Display Act in the Arkansas legislature both are Christian clergymen.  Senator Jason Rapert – the primary sponsor of the Ten Commandments Display Act in the Arkansas Senate – is an ordained minister with Holy Ghost Ministries which according to its website is "dedicated to preaching the gospel of Jesus Christ . . . showing the love of Christ to people through humanitarian projects . . . and teaching unity in the body of Christ according to the teachings of Jesus."  Representative Kim Hammer – the primary sponsor of the Ten Commandments Display Act in the Arkansas House of Representatives – is the Pastor of the Saline Missionary Baptist Church.

43.     Senator Jason Rapert repeatedly and publicly has articulated the clear religious purpose behind the legislation and for erecting a Ten Commandments Monument.

A.     In February 2015, one month before he introduced the Ten Commandments Monument Display Act, Senator Rapert declared in a post to his Twitter account (in which he identifies himself as "Sen. Jason Rapert") that "To deny America was founded upon Judeo-Christian values is willful ignorance."  Senator Rapert quoted a passage from the book Christian Life and Character of the Civil Institutions of the United States: "This is a Christian Nation . . . .  It is preeminently the land of the Bible of

14

the Christian Church and of the Christian Sabbath . . . . The chief security and glory of the United States of America has been, is now, and will be forever the prevalence and domination of the Christian faith."

B.     On March 25, 2015 – before the General Assembly passed Senate Bill 939 – Senator Rapert took to his Twitter account again to make reference to the "Judeo-Christian heritage of our nation."

C.     One week later, after the Arkansas House of Representatives voted to pass the bill, Senator Rapert tweeted that "Bill passed to display Holy rules at Capitol – Ten Commandments will be honored."

D.     Within a few days, Senator Rapert used his Twitter account to declare that "liberal revisionists . . . cannot ever erase America's Judeo-Christian heritage.  We will never let it happen."

E.     During the time that the Capitol Arts and Grounds Commission was considering the American History and Heritage Foundation's application to erect the first Ten Commandments Monument, Senator Rapert referred to the "well known fact that America is Christian nation."

F.     In December 2016, Senator Rapert posted an update on the GoFundMe website.  In response to an editorial that appeared in the Arkansas Democrat Gazette opposing the Ten Commandments Monument, Senator Rapert wrote that "[y]ou would think with Islamic extremists and

15

terrorists lurking about the world killing innocent people that even the Arkansas Democrat Gazette would have sense enough to know that the world could use more people standing up for morality, justice and goodness. With the world in chaos we should ALL put up a copy of the Ten Commandments and start abiding by them for a change."

G.     In June 2017, only one week before the installation of the first Ten Commandments Monument, Senator Rapert again tweeted: "Thank God we have a clear record of our Judeo-Christian history."

H.     In March 2018, one month before the installation of the second Ten Commandments Monument, Senator Rapert posted on his Facebook page – where he identifies himself as "Sen. Jason Rapert" – "I am committed to defending the Judeo-Christian history and heritage of America."

I.     Less than three weeks before the installation of the second Ten Commandments Monument, Senator Rapert reposted on his Facebook page a post that originally appeared on the Facebook page for Holy Ghost Ministries (of which he is the founder and president) a statement from "Sen. Jason Rapert" that "[t]he United States of America was founded upon Judeo-Christian values."

**Construction of the First Ten Commandments Monument**

44.     In August 2016, the American History and Heritage Foundation submitted to Secretary of State Martin a preliminary application request and application for the donation of a permanent memorial or monument to be displayed in accordance with the Ten Commandments Monument Display Act.

45.     According to the Foundation, by the date of this application, the monument already had been prepared for installation.

46.     As described in the application:

> Wilbert Memorials will place the Ten Commandments monument on a foundation to be prepared by NBMC General Contractors. The monument will be fabricated out of Variegated Mahogany Granite and will include the upright tables of dimensions 44" wide x 8" thick x 76" tall, that will be polished on the front, sawn on the back and rough rock on the edges; it will also include a base 56" long x 14" wide x 6" thick that will be polished on the top and rough rock edges all around. The weight of the monument is approximately 6,000 lbs. The monument will be installed on a provided foundation of sufficient strength to successfully support the weight. Wilbert Memorials will utilize stainless steel pins of sufficient size and length to secure the monument to the foundation and will utilize a commercial grade epoxy to secure all parts together.

47.     Secretary of State Martin, who serves as Chair of the Capitol Arts and Grounds Commission, scheduled a meeting of the Commission in September 2016 to consider the Foundation's application. The Commission ultimately voted to grant the application and accept the Ten Commandments Monument.

48.    The Ten Commandments Monument was installed on the grounds of the Arkansas State Capitol on the morning of June 27, 2017.  Senator Rapert – the principal sponsor of the Ten Commandments Monument Display Act and chief fundraising organizer – was present for the installation.  He also spoke to reporters, posed for photographs with the monument, and filmed several YouTube videos thanking those who had made financial donations.  As noted above (see ¶ 41), one of the videos was with the Pastor from Agape Church, which was the primary financial contributor to the monument.

49.    The monument was in place for less than one day.  In the early morning hours of June 28, 2017, an Arkansas resident crashed his vehicle into it and destroyed the monument.

**Fundraising for the Second Ten Commandments Monument**

50.    Within hours after the first monument was demolished, Senator Rapert held a press conference to announce that a new monument already had been ordered to replace the original one.

51.    Relying in large part on the same GoFundMe website page he established two years earlier, Senator Rapert and the American History & Heritage Foundation set a new fundraising goal of $100,000 to pay for the replacement monument.

52.    In July 2017, a significant contribution was made towards this goal when Pure Flix Entertainment donated $25,000 for the rebuilding of the Ten Commandments Monument.  As described on its website, "Pure Flix is a Christian movie studio" that provides a "movie ministry."  It "produces, distributes and acquires Christ centered movies for the sole purpose of changing our culture for Christ, one heart at a time."  Pure Flix made the $25,000 donation during a ceremony held in the Arkansas State Capitol Rotunda.  Senator Rapert accepted the check, and several other State legislators and a representative of First Liberty Institute (formerly known as Liberty Legal Institute) also attended.

53.    Also in July 2017, the Saline Missionary Baptist Church of which Representative Kim Hammer is the Pastor made a $500 donation for the new Ten Commandments Monument.

54.    As of April 25, 2018, an additional $67,450 had been raised since Senator Rapert announced that the original Ten Commandments Monument was funded.  Of that amount, approximately $28,800 (roughly 43%) came from donations made by Pure Flix and several Christian churches.

55.    Altogether, Senator Rapert and the American History & Heritage Foundation raised over $85,700 for construction of the two Ten Commandments Monuments placed on the Arkansas State Capitol grounds; nearly one half of that amount came from Christian churches and the Christian movie company Pure Flix.

**Construction of the Second Ten Commandments Monument**

56.     The second Ten Commandments Monument is identical to the first Ten Commandments Monument in size, shape, weight and appearance.

57.     The second Ten Commandments Monument weighs three tons and stands over six feet high and three feet wide.

58.     Like the first Ten Commandments Monument, the second Ten Commandments Monument utilizes stainless steel pins to secure the monument to the foundation and uses a commercial grade epoxy to secure all parts together.

59.     One significant difference in the second Ten Commandments Monument is the addition of permanent security measures that were put in place when the second monument was installed at the State Capitol.  These measures consist of four 3-foot tall concrete bollards placed roughly five feet apart at each corner of the monument's concrete base.

60.     As he did with regard to the first monument, Secretary of State Martin arranged for meetings of the Capitol Arts and Grounds Commission to consider the design and placement of the second Ten Commandments Monument.  As it did with the first monument, the Commission voted to accept the second Ten Commandments Monument.

**Dedication of the Second Ten Commandments Monument**

61.    The second Ten Commandments Monument was installed on the grounds of the Arkansas State Capitol on the morning of April 26, 2018.

62.    Senator Rapert presided over a dedication ceremony on behalf of the American History and Heritage Foundation, the entity that he created to raise funds for the construction of the monument.  Kim Hammer – the primary sponsor of the Ten Commandments Display Act in the Arkansas House of Representatives – also was present at the ceremony, as was Kerry Jucas, Deputy Secretary of State, who accepted the Ten Commandments Monument on behalf of the State of Arkansas.

63.    Pastor Scott Stewart of Agape Church stood with the State officials during the dedication ceremony.  After the ceremony, members of the Agape Church pastoral staff posed for a picture with Deputy Secretary of State Jucas, and the picture appeared on the Agape Church Facebook page later that day.

64.    Members of the staff of Family Council, including its president Jerry Cox, also stood with the state officials during the dedication ceremony.  According to its website, "Family Council's mission is to promote, protect, and strengthen traditional family values found and reflected in the Bible by impacting public opinion and public policy."  After the ceremony, Senator Rapert posed for a picture with Family Council staff members in front of the Ten Commandments Monument.

21

65.    Dozens of supporters and opponents of the monument were present at the dedication.  Opponents held signs that read "Honor thy First Amendment" and "No No No Establishment of Religion."   As the monument was unveiled, some members of the audience called out "Amen," "Praise God," and "Praise the Lord."

**Controversial Nature of the Ten Commandments Monument**

66.    The Ten Commandments Monument Display Act and the Ten Commandments Monuments it produced were controversial and divisive from the start, and the Act's passage and the monuments' installation prompted contemporaneous objection and litigation soon after its installation.

67.    From the time Senator Rapert first introduced Senate Bill 939, members of the community immediately and repeatedly opposed the State's decision to erect a permanent Ten Commandments Monument at the State Capitol.

68.    During the legislative debates on the bill in 2015, a number of General Assembly members spoke against the proposed legislation.  In addition, at the meetings of both the House and Senate Committees considering the bill, members of the public testified against passage of the bill.

69.    Other citizens wrote letters to local newspapers opposing the placement of a Ten Commandments Monument on State-owned property.  One the State's largest newspapers repeatedly criticized the monument in several editorial columns.

22

70.     During various public meetings of the Capitol Arts and Grounds Commission which considered the proposed monuments, several dozen speakers signed up to speak both for and against the Ten Commandments Monument.

71.     Throughout the legislative and administrative consideration of the Ten Commandments Monument Display Act and the Ten Commandments Monuments, several groups publicly stated that, if the monument was installed, they intended to go to court to challenge its constitutionality.

72.     Secretary of State Martin was aware of this community discord.  He established a hotline to field comments about the display.  A spokesman for the Secretary of State reported that of the roughly 200 people who called in, over 30% voiced opposition to the monument.

73.     Senator Rapert also was aware of the contentious debate sparked by the Ten Commandments Monument.   In January 2017, in response to a newspaper's criticism of the monument, he wrote a lengthy editorial in which he argued that "our state and our nation would be better off if people simply honored, followed and adhered to the Ten Commandments given by God Himself to Moses on Mt. Sinai."

## COUNT I

## VIOLATION OF THE ESTABLISHMENT CLAUSE
## OF THE FIRST AMENDMENT OF THE FEDERAL CONSTITUTION

74.     Plaintiffs realle008 and incorporate by reference all the above paragraphs as if they were fully set forth herein.

**The Ten Commandments Monument is Government Speech**

75.     The Ten Commandments Monument situated on public property at the Arkansas State Capital is government speech subject to the restrictions and limitations imposed by the First Amendment to the United States Constitution.

A.      The Ten Commandments Monument is a permanent display located on public property.

B.      The State of Arkansas deliberately and intentionally opened the State Capitol grounds for installation of the Ten Commandments Monument which contains the text of a State-selected message which the government endorses.

C.      The size, weight and construction of the Ten Commandments Monument demonstrate that it is designed to be durable and meant to be long-lasting.

D.      Under the terms of the Ten Commandments Monument Display Act, the monument can remain in place in perpetuity.

E.      The permanent nature of the Ten Commandments Monument located on State-owned property makes it clear that the State of Arkansas chooses to be associated with the message conveyed by the monument.

76.      The Ten Commandments Monument is government speech that violates the Establishment Clause of First Amendment to the United States Constitution.

**The Ten Commandments Monument's Impermissible Religious Purpose**

77.      The Ten Commandments Monument Display Act and the Ten Commandments Monument it requires have an impermissible religious purpose.

78.      The preamble to Senate Bill 939 states that the Old Testament statements of the Ten Commandments "are an important component of the moral foundation of the laws and legal system of the United States of America and of the State of Arkansas."

79.      Despite this generic statement, as shown above (see ¶¶ 43(A)–(I)), Senator Jason Rapert – the primary sponsor of the legislation – repeatedly and publicly has articulated the clear religious purpose behind the legislation and for erecting a Ten Commandments Monument.

80.      Beyond the prime sponsor's statements setting forth the endorsement of religious purpose, the purported historical rationale for the Ten Commandments Monument Display Act and the monument it compels is a sham.

A.     There is no clear distinction between Senator Rapert's conduct as a State Senator, the non-profit company he incorporated and leads, and the ministry he founded:  all share the same mailing address.

B.     On the website Senator Rapert created for his Christian ministry, he repeatedly identifies himself as "Sen. Jason Rapert."

C.     Senator Rapert continuously posts the identical material on the same day and time on both the "Sen. Jason Rapert" Facebook page and on the Facebook page for Holy Ghost Ministries.  On both social media accounts, he refers to and identifies himself as "Sen. Jason Rapert."

D.     The Ten Commandments Monument Display Act directs the State to engage Liberty Legal Institute (now known as First Liberty Institute) to defend the monument.  Liberty Legal Institute does not engage in protection of historical documents:  instead, as it repeatedly declares on its website, it is "dedicated exclusively to protecting religious liberty" and "make[s] protecting religious freedom for all Americans our *sole focus*."

**The Ten Commandments Monument's Impermissible Endorsement of Religion**

81.     The Ten Commandments Monument Display Act and the Ten Commandments Monument it requires have the impermissible effect of conveying a message of endorsement of religion.

26

82.     Viewing the context surrounding both the Act and the resulting Ten Commandments Monument makes it likely that they will be perceived by adherents of the majority religious denominations as an endorsement of their beliefs, and by nonadherents as a disapproval of their individual religious choices.

83.     Plaintiffs, for example, are atheists and agnostics.   Thus, they disagree with the explicit directives contained in the commandments that the State of Arkansas required to be included in the monument – "I AM the LORD thy God" and "Thou shalt have no other gods before me" – because these decrees are inconsistent with their sincerely held beliefs.

84.     The Ten Commandments Monument was placed on the State Capitol grounds as a result of concerted and continued efforts by a variety of State officials over a period of several years:

   A.     Jason Rapert, a State Senator, proposed the Ten Commandments Monument Display Act in the Arkansas Senate, and Representative Kim Hammer sponsored the legislation in the Arkansas House of Representatives.

   B.     The Arkansas General Assembly approved Senator Rapert/ Representative Hammer's proposal and the Governor signed it into law.

C.     Senator Rapert, while a member of the State Senate and clearly identifying himself as a State Senator, solicited money to purchase both the first and second Ten Commandments Monuments.

D.     Senator Rapert was present for the installation of the first monument.   He also spoke to reporters, posed for photographs with the monument, and filmed several YouTube videos thanking those who had made financial donations, including religious leaders.

E.     Senator Rapert and other State legislators appeared in the rotunda of the State Capitol to accept a $25,000 monetary donation from a Christian film company to build the second monument.

F.     Senator Rapert, Representative Hammer and Deputy Secretary of State Jucas all were present for the installation of, and dedication ceremony for, the second monument.   Both Senator Rapert and Deputy Secretary Jucas posed for photographs with the monument:   Deputy Secretary Jucas posed with members of the pastoral staff of Agape Church and Senator Rapert posed with president Cox and the staff of Family Council.

85.   The Ten Commandments Monument Display Act does not require that the State install any kind of disclaimer to distance the State from the religious

message inherent in the text of the Ten Commandments, and no such disclaimer exists at the site where the monument is located on the State Capitol grounds.

86.   The explicit and overt nexus between the Ten Commandments Monument decreed by the State and the substantial monetary contributions made by religious organizations highlights and reinforces the Ten Commandments Monument's religious effect.

87.   As alleged above, the Ten Commandments Monument Display Act and both Ten Commandments Monuments were met with immediate objection by members of the community, consistent opposition through public comments, and prompt litigation in response to its unveiling.  Yet the State of Arkansas – through its elected legislative and executive officials – has shown unwavering support for the monument in the face of this challenge to its religious nature.

88.   At the dedication ceremony for the second Ten Commandments Monument, the Pastor of Agape Church (one of the largest financial contributors for the monument), and the president and staff of Family Council stood with the State officials as the monument was unveiled.

89.   The Ten Commandments Monument Display Act and the Ten Commandments Monument it requires foster an excessive entanglement with religion.

90.     This entanglement is reflected in the disproportionate financial contributions from churches and other religious entities towards construction of the monument, as well as the highly visible presence of leaders of these organizations at the dedication ceremony for the second monument.

91.     Defendant has deprived, and will continue to deprive, Plaintiffs of their rights secured by the Establishment Clause of the First Amendment to the United States Constitution.

92.     The injuries suffered by Plaintiffs cannot be fully compensated by monetary damages.  If enforcement of the Ten Commandments Monument Display Act is not enjoined, Plaintiffs will suffer irreparable injury to their constitutionally protected rights which cannot adequately be remedied at law.

93.     If the Ten Commandments Monument installed on the grounds of the Arkansas State Capitol is not removed, Plaintiffs will suffer irreparable injury to their constitutionally protected rights which cannot adequately be remedied at law.

## RELIEF REQUESTED

Plaintiffs request that the Court enter a judgment in their favor and against Defendant for the following:

1.     Declaratory relief that that the Arkansas Ten Commandments Monument Display Act is unconstitutional;

2.     Declaratory relief that the presence and display of the Ten Commandments Monument on the real property owned by the State of Arkansas violates the constitutional rights of the Plaintiffs;

3.     Permanent injunctive relief requiring Defendant immediately to remove the Ten Commandments Monument from the State Capitol Grounds;

4.     Permanent injunctive relief barring the Secretary from enforcing the Ten Commandments Monument Display Act in the future;

5.     Reasonable attorneys' fees and costs of suit under 42 U.S.C. § 1988; and

6.     Such other and further relief as the Court deems just and proper.


Respectfully submitted,

LAVEY AND BURNETT


By:    /s/ John L. Burnett                                    .
           John L. Burnett (Arkansas Bar No. 77021)
904 West 2nd Street
Little Rock, AR 72201
Telephone:  (501) 376-2269
Facsimile:   (501) 372-1134
E-mail:            jburnett@laveyandburnett.com
*On behalf of the Arkansas Civil Liberties Union Foundation*

GREEN & GILLISPIE


By:   */s/ Joshua D. Gillispie*                              .
        Joshua D. Gillispie (Arkansas Bar No. 2010131)
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
Telephone:   (501) 244-0700
Facsimile:    (501) 244-2020
E-mail:              josh@greenandgillispie.com
*On behalf of the Arkansas Civil Liberties Union Foundation*

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By:  *"Electronically Filed" /s/ Andrew G. Schultz*      .
        Andrew G. Schultz*
        Melanie B. Stambaugh*
P.O. Box 1888
Albuquerque, NM 87103-1888
Telephone:   (505) 765-5900
Facsimile:    (505) 768-7395
E-mail:              aschultz@rodey.com
                        mstambaugh@rodey.com
*On behalf of the Arkansas Civil Liberties Union Foundation*

*\* admitted pro hac vice*

*Attorneys for Plaintiffs Donna Cave, Judith Lansky, Pat Piazza and Susan Russell*

32

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 24, 2018, the foregoing *Amended Complaint for Declaratory and Injunctive Relief* was electronically filed with the Clerk of Court using the CM/ECF system that will send notification of such filing to all counsel of record:

J.G. "Gerry" Schulze
Baker Schulze Murphy and Patterson
2311 Biscayne Drive – Suite 300
Little Rock, AR  72227
gschulze@b-s-m-law.com

Leslie Rutledge
Nicholas J. Bronni
Michael A. Cantrell
Dylan L. Jacobs
Arkansas Attorney General's Office
323 Center Street – Suite 200
Little Rock, AR  72201
nicholas.bronni@arkansasag.gov
michael.cantrell@arkansasag.gov
dylan.jacobs@arkansasag.gov

A.J. Kelly
General Counsel and Deputy
  Secretary of State
P.O. Box 251570
Little Rock, AR  72225-1570
kellylawfedecf@aol.com

Michael D. Berry
Hiram S. Sasser, III
First Liberty Institute
2001 West Plano Parkway –
Suite 1600
Plano, TX  75045
mberry@firstliberty.org
hsasser@firstliberty.org

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:   *"Electronically Filed" /s/ Andrew G. Schultz*   .
     Andrew G. Schultz