## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**DONNA CAVE, JUDITH LANSKY,**
**PAT PIAZZA and SUSAN RUSSELL**                    **PLAINTIFFS**


**vs.**                    **Case Number: 4:18-cv-00342-KGB**

**MARK MARTIN, Arkansas Secretary**
**of State, in his Official Capacity**                    **DEFENDANT**


## CAVE PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE[1]

The Proposed Intervenors seek to intervene in the present litigation primarily to pursue a separate legal claim based on unique facts and legal issues not asserted by the original Plaintiffs.  Because the Proposed Intervenors cannot satisfy the requirements of Rule 24, the Court should deny their motion to intervene, or in the alternative, permit intervention restricted to limited involvement in the Plaintiffs' claim that the Ten Commandments Monument Display Act and the Ten Commandments Monument violate the Establishment Clause of the First Amendment.

---

[1] In their Motion, the Proposed Intervenors represent that "counsel for Movants . . . conferred with all other counsel of record" and that "Plaintiffs consent to intervention. . . ." (Mot. to Intervene at 1.)  One counsel for the Cave Plaintiffs was contacted about this Motion (Gillispie) and advised that other counsel (Burnett) should instead be contacted for the position of the Cave Plaintiffs. Proposed Intervenors did not contact Burnett in this regard and thus Cave Plaintiffs did not (and do not) consent to the Motion to Intervene.

## I.   The Proposed Intervenors Assert A Legal Interest And Seek Relief Regarding Factual Matters Different From That Of The Cave Plaintiffs.

In both their Original Complaint [Doc. 1] and Amended Complaint [Doc. 20], the Cave Plaintiffs assert only a single cause of action:  a claim that the Ten Commandments Monument Display Act and the Ten Commandments Monument violate the Establishment Clause of the First Amendment.  The Cave Plaintiffs do not allege violation of any other constitutional provision, nor do they challenge any other existing or proposed monument at the Arkansas State Capitol.  Similarly, the Cave Plaintiffs request limited relief: a declaratory judgment that the Act and the monument are unconstitutional and injunctive relief requiring the Secretary of State to remove the monument and barring the Secretary from enforcing this Act in the future.

In sharp contrast, the claims and relief asserted by the Proposed Intervenors are different, broader and bear only tangential relation to the claims presented by the original Plaintiffs:

> ➤   The Proposed Intervenors' primary focus is on their own proposed religious monument, not on the Ten Commandments Monument which already has been installed on public property at the Arkansas State Capitol.  (*See* Mot. to Intervene at 9 ("The State's refusal to place the Baphomet Monument has led The Satanic Temple to this Court."))  This monument has an entirely different shape and appearance from the Ten

Commandments Monument,[2] holds a claimed religious meaning totally separate from the Ten Commandments Monument,[3] has a different fundraising background from the Ten Commandments Monument,[4] and includes a completely discrete administrative and legislative history than the Ten Commandments Monument.[5]

➤   The Proposed Intervenors' principal legal claim is an alleged violation of the Equal Protection Clause of the Fourteenth Amendment based on the State's refusal to erect an entirely unrelated religious monument at the State Capitol.  (*See* Interv. Compl. Count I, ¶¶ 35-38.)  As described by the Proposed Intervenors, "[t]he State's disparate treatment of the Baphomet monument and the Ten Commandments is the defining distinction of this complaint in intervention."  (*Id.* at 2.)  Although the proposed Complaint in Intervention includes a count for violation of the Establishment Clause (*id.* Count II), this claim is clearly ancillary in

---

[2] *Compare* Amd. Compl. ¶¶ 46, 56-57, *with* Proposed Compl. in Intervention ("Interv. Compl.") ¶ 14.

[3] *Compare* Amd. Compl. ¶¶ 27, 43, 78, *with* Interv. Compl. ¶ 15-17.

[4] *Compare* Amd. Compl. ¶¶ 33-41, 50-55, *with* Interv. Compl. at 1-2.

[5] *Compare* Amd. Compl. ¶¶ 24-26, 28-32, 47, 60, 68-72, *with* Interv. Compl. ¶¶ 18-28.

importance and does little more than "incorporate[] the[] allegations [contained in the Cave Plaintiffs' Complaint]. . . ." (*Id.* ¶ 42.)

> ➤    The Proposed Intervenors seek substantially different relief. As they candidly acknowledge, "[m]ovants opted not to join in Plaintiffs' complaint because Movants seek different relief from the relief sought by Plaintiffs." (Mot. to Intervene at 4.)  Rather than the narrowly focused form of declaratory and injunctive relief sought by the Cave Plaintiffs, the Proposed Intervenors repeatedly declare their intention to pursue their own separate relief:  "Plaintiffs seek the removal of the Ten Commandments monument; Movants seek the placement of their own religious monument." (*Id.* at 10.)[6]

In short – the factual, legal and remedial bases for the proposed Complaint in Intervention bear little resemblance to the Cave Plaintiffs' complaint.  These fundamental distinctions undermine the Proposed Intervenors' entitlement to join the present case either as a matter of right or at the discretion of the Court.

---

[6] *See also* (Mot. to Intervene at 3) ("More particularly, Movants are principally seeking a court order to require Defendants install Movants' religious monument"); (*id.* at 10) (""More particularly, Movants seek an order to place a similar monument of significance to them in the spirit of equal protection of the law"); (Interv. Compl. at 2) ("Proposed Intervenors also seek different relief from the Plaintiffs"); (*id.*) ("the Proposed Intervenors chiefly seek the placement of their own monument.").

## II.     The Proposed Intervenors Are Not Entitled to Intervene As A Matter Of Right.

A movant seeking intervention as a matter of right "must establish that: (1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties." *South Dakota ex rel. Barnett v U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003) (citing *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997)).  A proposed intervenor must satisfy all three conditions to intervene as a matter of right.  *See Floyd v. City of New York*, 770 F.3d 1051, 1057 (2nd Cir. 2014) (per curiam) (failure to satisfy any requirement is sufficient ground to deny intervention).  The Proposed Intervenors fail to satisfy these criteria.

To determine if representation is adequate, the Court "compar[es] the interests of the proposed intervenor with the interests of the current parties to the action." *Little Rock Sch. Dist. v. North Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004) (internal quotation & citation omitted).  The Proposed Intervenors must show that representation by the existing parties "may be inadequate." *Curtis v. United Transp. Union*, 486 F. Supp. 966, 981 (E.D. Ark. 1979) (internal quotation and citation omitted).  This inquiry, in turn, requires a showing of "(1) collusion; (2) adversity of interest; (3) possible nonfeasance; or (4) incompetence." *Id.* at 980 (internal quotation & citation omitted).

5

With regard to their Establishment Clause claim related to the Ten Commandments Monument, the interests of the Cave Plaintiffs and the Proposed Intervenors are the same.  The Proposed Intervenors seek the identical relief as the Cave Plaintiffs; both are asking for a declaration that the monument violates the Establishment Clause and an injunction requiring Defendant immediately to remove the monument from the State Capitol Grounds.  *Compare* Amd. Compl. at 30-31 *with* Interv. Compl. at 9.

Furthermore, the Proposed Intervenors have not claimed – let alone demonstrated – that the Cave Plaintiffs have engaged in any form of collusion or are unable properly to prosecute the issues related to the Establishment Clause claim.  To the contrary, the Proposed Intervenors concede that "Plaintiffs have already filed a complaint adequately addressing the Establishment Clause violations in the unlawful religious motivation behind the Ten Commandments Monument and its prohibited attempt to establish a state religion." (Interv. Compl. at 2); (*id.* ¶ 42 ("Plaintiffs' Complaint adequately pleads the unlawful religious motivation behind the monument.")).   Given this concession, the Proposed Intervenors have no basis to assert that the existing Plaintiffs will not pursue the Establishment Clause properly.  As this Court held in *Curtis*, 486 F. Supp. at 980, "if a party's interests are already adequately represented in an action, that party

may not be entitled to participate in the litigation on the merits, despite the fact that it may be affected by the outcome."

The Proposed Intervenors also are not entitled to intervene of right to assert their Equal Protection claim.   "Despite the label 'intervention of right,' courts exercise some discretion in weighing a motion to intervene under Rule 24(a)(2)." 6 *Moore's Federal Practice* § 24.03[5][a] (3d ed. 2018).   "[C]ommon sense demands that consideration also be given to matters that shape a particular action or particular type of action."   *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 983 (2nd Cir. 1984).   Otherwise, as noted by Judge Tamm in his concurring opinion entered in *Wilderness Soc'y v. Morton*, 463 F.2d 1261, 1263 (D.C. Cir. 1972) (Tamm, J., concurring), intervention can make "the manageable lawsuit become an unmanageable cowlick."

Here, in addition to challenging the constitutionality of the Ten Commandments Monument under the Establishment Clause, the Proposed Intervenors want to append an entirely unrelated issue:   whether the State can be compelled to erect another purportedly religious monument of the Proposed Intervenors' choosing.   This question will require the Court and the parties to litigate a myriad of separate facts within the contours of an entirely distinct legal theory not present in the instant case.   But "[i]ntervention cannot be used as a means to inject collateral issues into an existing action."   *United States v. City of*

*New York*, 198 F.3d 360, 365 (2nd Cir. 1999); *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 224 F.R.D. 694, 700 (N.D. Ga. 2004).  "If allowing intervention would radically transform the nature of the existing action, intervention should be denied."  6 *Moore's Federal Practice* § 24.03[5][b].

For these reasons, the Court should deny the Proposed Intervenors' request to intervene of right under Rule 24(a).

### III.   The Proposed Intervenors May Be Entitled Permissively To Intervene, But Only On A Limited Basis.

Under Rule 24(b)(1)(B), permissive intervention may be appropriate if the movant "has a claim . . . that shares with the main action a common question of law or fact."  In considering this question, the Court also "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  "This inquiry is 'the principal consideration in ruling on a Rule 24(b) motion.'"  *Coffey v. C.I.R.*, 663 F.3d 947, 951 (8th Cir. 2011) (quoting *South Dakota ex rel. Barnett*, 317 F.3d at 787).

Plaintiffs' alleged denial of equal protection arising from the State's refusal to erect the proposed Baphomet monument is not at issue in the existing litigation. This claim does not share a common question of law with the Establishment Clause cause of action.  The legal issues in these two claims arise under different constitutional provisions, pertain to separate legal doctrines and are governed by different forms of analyses and precedent.  *See generally* Caroline Maba Corbin,

*Intentional Discrimination in Establishment Clause Jurisprudence*, 67 Ala. L. Rev. 299 (2015) (discussing historical treatment of disparate impact in Establishment Clause and Equal Protection case law).

The two claims also do not share a common question of fact. The factual underpinnings of the Establishment Clause claim related to the Ten Commandments Monument and the Equal Protection claim concerning the proposed Baphomet monument involve different witnesses, different documents and different evidence. Pretrial proceedings and trial of these issues will require more time, more expense and more judicial resources.

Judicial economy is the main rationale for permitting intervention; conversely, "the inevitable problems attendant upon additional witnesses, interrogatories and depositions; expanded pretrial activity; greater length of trial; and elements of confusion" can be enough to deny permissive intervention. *Stadin*, 309 F.2d at 920. Here, these same complicating effects of additional factual issues substantially outweigh any possible advantage of a single lawsuit that will dispose of disparate factual issues surrounding different monuments.

With regard to the Proposed Intervenors' Establishment Clause claim, however, that cause of action is identical to (and, in fact incorporates) the Cave Plaintiffs' constitutional challenge to the Ten Commandments Monument. As a result, these claims do share "a common question of law or fact," making the

Proposed Intervenors' request to intervene limited to this single issue appropriate. But given that the Proposed Intervenors' interest in this claim is fully and adequately protected by existing Plaintiffs' counsel, the Court should grant permissive intervention limiting Proposed Intervenors to litigating the factual and legal issues arising solely from that Establishment Clause claim and nothing further. *See* 7C Charles Wright, Arthur Miller, Mary Kane, *Federal Practice and Procedure* § 1922 (2007) ("Since the trial court has full discretion to grant or deny an application for permissive intervention under Rule 24(b), it may if it chooses impose conditions on its grant of the application.").[7]

Respectfully submitted,

LAVEY AND BURNETT


By:   */s/ John L. Burnett*                               .
　　　　John L. Burnett (Arkansas Bar No. 77021)
904 West 2nd Street
Little Rock, AR 72201
Telephone:  (501) 376-2269
Facsimile:  (501) 372-1134
E-mail:      jburnett@laveyandburnett.com
*On behalf of the Arkansas Civil Liberties Union Foundation*

---

[7] The Cave Plaintiffs reserve the right to seek further limitations on the Proposed Intervenors' direct involvement in litigating the Establishment Clause claim in order to avoid duplication of legal arguments, assure efficient discovery and allow non-repetitious presentation of evidence.

GREEN & GILLISPIE


By:   /s/ Joshua D. Gillispie                              .
        Joshua D. Gillispie (Arkansas Bar No. 2010131)
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
Telephone:   (501) 244-0700
Facsimile:   (501) 244-2020
E-mail:        josh@greenandgillispie.com
*On behalf of the Arkansas Civil Liberties Union Foundation*

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By:   /s/ Andrew G. Schultz                              .
        Andrew G. Schultz*
        Melanie B. Stambaugh*
P.O. Box 1888
Albuquerque, NM 87103-1888
Telephone:   (505) 765-5900
Facsimile:   (505) 768-7395
E-mail:        aschultz@rodey.com
                 mstambaugh@rodey.com
*On behalf of the Arkansas Civil Liberties Union Foundation*

*\* admitted pro hac vice*

*Attorneys for Plaintiffs Donna Cave, Judith Lansky, Pat Piazza
and Susan Russell*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 26, 2018, the foregoing *Cave Plaintiffs' Response to Motion to Intervene* was electronically filed with the Clerk of Court using the CM/ECF system that will send notification of such filing to all counsel of record:

J.G. "Gerry" Schulze
Baker Schulze Murphy and Patterson
2311 Biscayne Drive – Suite 300
Little Rock, AR  72227
gschulze@b-s-m-law.com

Leslie Rutledge
Nicholas J. Bronni
Michael A. Cantrell
Dylan L. Jacobs
Arkansas Attorney General's Office
323 Center Street – Suite 200
Little Rock, AR  72201
nicholas.bronni@arkansasag.gov
michael.cantrell@arkansasag.gov
dylan.jacobs@arkansasag.gov

A.J. Kelly
General Counsel and Deputy
  Secretary of State
P.O. Box 251570
Little Rock, AR  72225-1570
kellylawfedecf@aol.com

Michael D. Berry
Hiram S. Sasser, III
First Liberty Institute
2001 West Plano Parkway –
Suite 1600
Plano, TX  75045
mberry@firstliberty.org
hsasser@firstliberty.org

Matthew A. Kezhaya
Pinnacle Law Group
3718 S. Pinnacle Hills Pkwy.
Rogers, AR  72758
matt@pinnacle.law

Stuart P. de Haan
De Haan Law Firm
100 N. Stone Ave., Suite 512
Tucson, AZ  85701
Stu.dehaan@gmail.com

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:___*/s/ Andrew G. Schultz*_____.
       Andrew G. Schultz