IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DONNA CAVE,** *et al.*                                                                                    **PLAINTIFFS**

**CASE NUMBER:**

**v.**

**4:18-CV-00342**

**MARK MARTIN,** Arkansas Secretary of State, in his official capacity                    **DEFENDANT**

**THE SATANIC TEMPLE, LLC, DOUGLAS MISICKO** (aka "**LUCIEN**          **PROPOSED INTERVENORS**
**GREAVES**"), and **ERIKA ROBBINS**

### AMENDED COMPLAINT IN INTERVENTION

**COMES NOW** Proposed Intervenors Lucien Greaves, Erika Robbins, and The Satanic Temple (the "Plaintiffs"), who state as follows in support of their complaint against the Defendant.

This amendment is permitted as a matter of course under FRCP 15(a) because it is made less than 21 days from service of the pleading. There is no substantive change to the pleading, itself. The amendment is made to moot out the State's arguments questioning the precise identities of The Satanic Temple and Lucien Greaves. (Doc. 24).

### INTRODUCTION

In 2015, the State of Arkansas enacted 2015 Act 1231, the "Ten Commandments Monument Display Act," codified at ACA § 22-3-221. Pursuant to this Act, the State erected a particular statue on public grounds. This statue was specifically exempted from otherwise generally-applicable regulations for all other monuments on state capitol grounds. It purports to prescribe sectarian religious rules upon the populace of this State. It specifically endorses one sect of religion above all

others ("Thou shalt have no other gods before me.")  This is anathema to our secular system of government.

In response to the then-proposed Ten Commandments Monument, The Satanic Temple offered to donate its own religious monument, of Baphomet, for placement on public grounds.  The Satanic Temple expended significant sums in submitting a formal application, preparing architectural plans, and flying its spokesman, Lucien Greaves, to testify before the Arts and Grounds Commission.  But prior to a public comments period, the State changed the rules to require legislative approval of any monuments before public comment.  No members of the General Assembly were willing to associate with The Satanic Temple.  Unlike the Ten Commandments Monument, the Baphomet Monument was not specially exempted from the zoning and Arts and Grounds Commission requirements.

Plaintiffs have already filed a complaint adequately addressing the Establishment Clause violations in the unlawful religious motivation behind the Ten Commandments Monument and its prohibited attempt to establish a state religion.  Proposed Intervenors agree that the motivation and the message behind the Ten Commandments monument renders its placement unlawful under the Establishment Clause.

The State's disparate treatment of the Baphomet monument and the Ten Commandments Monument is the defining distinction of this complaint in intervention.  Proposed Intervenors are uniquely situated to present this Equal Protection claim.

Proposed Intervenors also seek different relief from the Plaintiffs.  Whereas Plaintiffs seek the removal of the Ten Commandments Monument, the Proposed Intervenors chiefly seek the placement of their own monument.   Alternatively, Proposed Intervenors seek the removal of the Ten Commandments Monument and reimbursement of their expended costs in the presentation of their

proposal to the State.  In other words, the Ten Commandments monument should fall.  But if it is permitted to stay, the Baphomet statute must be erected on the same public grounds.

## Jurisdiction and venue

1. This Court has subject matter jurisdiction pursuant to 28 USC §§ 1331 and 1343.

2. This Court has subject matter jurisdiction to issue declaratory judgments pursuant to 28 USC § 2201.

3. This Court has personal jurisdiction over the Defendant.

4. Venue properly lies with this Court pursuant to 28 USC § 1391(b).

## Parties

5. The Satanic Temple is an organized religion.  See generally "FAQ" available at https://thesatanictemple.com/pages/faq (last visited May 3, 2018); see also "Tenets" available at https://thesatanictemple.com/pages/tenets (last visited May 3, 2018).

6. Its organizational mission is to encourage benevolence and empathy among all people.  See "Our Mission" available at https://thesatanictemple.com/pages/about-us (last visited May 3, 2018).  The Satanic Temple's function is to actively provide outreach, to lead by example, and to participate in public affairs wheresoever the issues might benefit from rational, Satanic insights.  See "FAQ," above.  The Satanic Temple expended funds in the placement of its own religious monument for placement on capitol grounds, the State denied this application.

7. Erika Robbins is a member of The Satanic Temple.  Ms. Robbins resides in Little Rock, Arkansas.  Ms. Robbins personally visited the Ten Commandments monument, was offended by it, and now avoids the capitol grounds as a result.  Ms. Robbins feels that the State treats her as a second-class citizen because of her religious beliefs.

8.  Lucien Greaves is a co-founder of The Satanic Temple and serves as its primary spokesman. Oppenheimer, Mark "A Mischievous Thorn in the Side of Conservative Christianity" *New York Times*, July 10, 2015, available at https://www.nytimes.com/2015/07/11/us/a-mischievous-thorn-in-the-side-of-conservative-christianity.html (last visited May 3, 2018). Lucien Greaves visited Arkansas during the second installation of the Ten Commandments Monument and was personally offended by its erection.

9.  Defendant Mark Martin is the Secretary of State of the State of Arkansas being sued in his official capacity. His duties include approving of monuments on Capitol Grounds. This involves designs, placement, and timing of monument placement.

<u>FACTS</u>

10. The Arkansas State Capitol grounds are located in downtown Little Rock.  They include almost 40 acres of facilities and grounds.  The State Capitol is the seat of Arkansas state government. The grounds include the State Capitol Building (which houses the Governor's office, the General Assembly, and the staffs of nearly all of the State's constitutional officers), the Justice Building (where the State Supreme Court and Court of Appeals sit), the Arch Ford Building (home of the Arkansas Department of Education), and the State Multi-Agency Building.

11. In 2015, the State enacted 2015 Act 1231, the "Ten Commandments Monument Display Act," codified at ACA § 22-3-221.  Pursuant to this Act, the State erected a particular monument to the Ten Commandments on public grounds.

12. The Ten Commandments Monument reads as follows:

> The Ten Commandments
> I AM the LORD thy God.
> Thou shalt have no other gods before me.
> Thou shalt not make to thyself any graven images.

Thou shalt not take the Name of the Lord thy God in vain.

Remember the Sabbath day, to keep it holy.

Honor thy father and thy mother, that thy days may be long upon the land which the Lord thy God giveth thee.

Thou shalt not kill.

Thou shalt not commit adultery.

Thou shalt not steal.

Thou shalt not bear false witness against thy neighbor.

Thou shalt not covet thy neighbor's house.

Thou shalt not covet thy neighbor's wife, nor his manservant, nor his maidservant, nor his cattle, nor anything that is thy neighbor's.

See also ACA § 22-3-221(b)(1).

13. In September 2015, and in response to the proposed Ten Commandments Monument, The Satanic Temple proposed its own monument to Baphomet.

14. Baphomet is a goat-headed, angel-winged, androgynous creature first rendered to current form by occult historian, Eliphas Levi.

15. Baphomet represents minority groups demonized throughout history.  For centuries, outsider groups were regularly accused of witchcraft, heresy, and a host of other then-capital offenses. Now, these minority groups are protected from the State by fundamental constitutional rights. Importantly, the Establishment Clause and the Equal Protection Clause prohibit the State from oppressing adherents of The Satanic Temple.

16. Baphomet represents a reconciliation of opposites and a memorial for those who suffered from witch hunts, religious persecution, and unjust accusations: all part of the trial and error that helped Americans to realize our need for a rational and secular system of government.

17. Baphomet is a central figure of religious significance to adherents of The Satanic Temple.

18. In August, 2016, The Satanic Temple submitted a full formal application to the Arts and

Grounds Commission providing full exposition of the meaning and justification for placing the monument on Capitol Grounds.

19. In October, 2016, both the Ten Commandments proposal and the Baphomet proposal were presented at a hearing of the Arts and Grounds Commission monuments subcommittee.

20. Lucien Greaves appeared on behalf of, and at the expense of, The Satanic Temple at the Arts and Grounds Commission subcommittee meeting. The subcommittee asked questions related to materials and cost and chose locations for the monuments, should they be erected.

21. In December, 2016, the Legislature held its public hearing for the Ten Commandments monument request.

22. In January, 2017, The Satanic Temple sent Lucien Greaves to a second subcommittee hearing, where the architectural plans for the Baphomet Monument were considered. The Satanic Temple incurred travel expenses in sending Mr. Greaves to this hearing.

23. In January, 2017, Sen. Jason Rapert stated that The Satanic Temple will never have a monument at the Capitol. To that end, Sen. Rapert presented 2017 HB 1273 which prohibits the construction or removal of any monument on capitol grounds absent an act of the General Assembly.

24. On January 25, 2017, Subcommittee Two of the Capitol Arts and Grounds Commission voted that the Baphomet Monument was sufficient to proceed to the next step, a public comments hearing.

25. 2017 HB 1273 was enacted on February 22, 2017 as 2017 Act 274.

26. The effect of 2017 HB 1273 is to reverse the order of operations for monuments on capitol grounds.

27. Before 2017 HB 1273, the Arts and Grounds Commission holds a public comment period

and decides whether to approve.  If the Arts and Grounds Commission approves, an act of the General Assembly then must enact the construction of the monument.

28. After enactment of 2017 Act 274, the proponent of any monument must secure an act of the General Assembly prior to consideration by the Arts and Grounds Commission.

29. The purpose of 2017 Act 274 is sinister.  It was specifically designed to usurp from The Satanic Temple a fair opportunity for the erection of the Baphomet Monument.

30. Because 2017 Act 274 was enacted, a public comments hearing was never scheduled for the Baphomet Monument.

31. On February 27, 2017, The Satanic Temple emailed every member of the General Assembly seeking legislative approval pursuant to the newly-passed law.

32. This first request for legislative approval was met with little to no response.

33. Follow-up requests followed on April 19, 2017.

34. The Satanic Temple received a uniform and unequivocal response to the follow-up.  No member of the General Assembly would be willing to assist in the efforts of bringing the Baphomet Monument to the capitol grounds.

## Count 1
Violation of Equal Protection

35. The State provided unequal treatment under the law to the Proposed Intervenors.  Particularly, by carving special exemptions to the zoning and Arts and Grounds Commission requirements for the Ten Commandments Monument, but not for the Baphomet Monument.  See ACA § 22-3-221(b)(4)(B).

36. This preferential treatment for the Ten Commandments Monument, and not the Baphomet Monument, "sends a message to nonadherents that they are outsiders, not full members of

the political community, and an accompanying message to the adherents that they are insiders,

favored members of the political community." <u>Lynch v. Donnelly</u>, 465 U.S. 668, 688 (1984)

(O'Connor, J., concurring)

37. The Proposed Intervenors are powerless to protect themselves by the political process because

they are a historically oppressed minority outsider group.  Judicial intervention is necessary to

protect their constitutional rights.

38. In placing the Ten Commandments Monument but refusing to place the Baphomet

Monument, the State has engaged in unlawful disparate treatment on the basis of religion.

This is a violation of the Equal Protection Clause of the Fourteenth Amendment.

<u>**Count 2**</u>
Violation of Establishment Clause

39. The Ten Commandments Monument is permanently affixed to the capitol grounds.

40. By placing this permanent monument on the symbolic center of the State government, the

State is broadcasting a statement that the particular brand of religion espoused by the Ten

Commandments is given special deference, above all other religions.  This is prohibited by the

Establishment Clause because it is a prohibited breach in the "wall of separation between

church and State." <u>Reynolds v. United States</u>, 98 U.S. 145, 164 (1878).

41. The motivation and effect of the Ten Commandments Monument violates the Establishment

Clause because the monument is undeniably religious in nature.  <u>E.g.</u> <u>Stone v. Graham</u>, 449

U.S. 39, 41-42, 101 S.Ct. 192 (1980) (per curiam) (emphasis added):

> The pre-eminent purpose for posting the Ten Commandments on
> schoolroom walls is plainly religious in nature. **The Ten
> Commandments are undeniably a sacred text in the Jewish and
> Christian faiths, and no legislative recitation of a supposed
> secular purpose can blind us to that fact**. The Commandments do
> not confine themselves to arguably secular matters, such as honoring

one's parents, killing or murder, adultery, stealing, false witness, and covetousness. Rather, the first part of the Commandments concerns the religious duties of believers: worshipping the Lord God alone, avoiding idolatry, not using the Lord's name in vain, and observing the Sabbath Day.

42. Plaintiff's Complaint adequately pleads the unlawful religious motivation behind the monument at ¶¶ 42-43, 61-65, and 75-93.  In lieu of copying these paragraphs, Proposed Intervenors incorporate these allegations here as if restated word-for-word.

**J**URY DEMAND

43. Proposed Intervenors request trial by jury on all issues so triable.

**WHEREFORE** Proposed Intervenors pray this Court award the following relief, in addition to all other relief to which they may be entitled:

(1) Declaratory relief that the State has violated the Equal Protection Clause by giving preferential treatment to the Ten Commandments Monument and denying similar treatment for the Baphomet Monument.

(2) Declaratory relief that the State violated the Establishment Clause by erecting a monument to the Ten Commandments.

(3) Permanent injunctive to relief of either:

　(a) Defendant shall immediately place the Baphomet Monument; or

　(b) Defendant shall immediately remove the Ten Commandments Monument and is permanently barred from enforcing the Ten Commandments Monument Display Act in the future.

(4) The Satanic Temple is awarded compensatory damages for expenses incurred in the development of any architectural plans, applications, and travel expenses related to the presentation of the Baphomet Monument.

(5)  Proposed Intervenors are entitled to nominal damages.

(6)  Reasonably attorneys' fees and costs pursuant to 42 USC § 1988.

**[remainder intentionally left blank, signature and certificate following]**

Respectfully submitted on August 2, 2018,
On behalf of Movants / proposed intervenor plaintiffs

| By | | and | /s/ Stuart P. de Haan |
|---|---|---|---|
| | Matthew A. Kezhaya, ABA # 2014161 | | Stuart P. de Haan, AZ Bar No. 026664 |
| | | | Attorney for Intervenor-Plaintiffs |
| | Attorney for Intervenor-Plaintiffs | | *Application pro hac vice pending* |
| | PINNACLE LAW GROUP | | de Haan Law Firm, PLLC |
| | 3718 S. Pinnacle Hills Pkwy | | 100 N Stone Avenue, Suite 512 |
| | Rogers, Arkansas 72758 | | Tucson, Arizona 85701 |
| phone | (479) 431-6112 | | (520) 358-4089 |
| fax | (479) 282-2892 | | (520) 628-4275 |
| email | matt@pinnacle.law | | stu.dehaan@gmail.com |

## CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, submitted for filing the foregoing document by mailing a paper copy to the Clerk pursuant to Section IV.A ("[A]ny pleading that adds a party . . . to the civil action shall be filed conventionally on paper.")

Matthew A. Kezhaya, ABA# 2014161