**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| **DONNA CAVE,** *et al.* | **PLAINTIFFS** |
| **v.** | **CASE NUMBER:** <br> **4:18-CV-00342** |
| **MARK MARTIN,** Arkansas Secretary of State, in his official capacity | **DEFENDANT** |
| **THE SATANIC TEMPLE**, LLC, **DOUGLAS MISICKO** (aka "**LUCIEN GREAVES**"), and **ERIKA ROBBINS** | **PROPOSED INTERVENORS** |

**MOVANT'S REPLY TO CAVE'S RESPONSE ON MOTION TO INTERVENE**

### I.   PROPOSED PLAINTIFF INTERVENORS' REMEDY COULD NOT BE ADDRESSED WITHOUT INTERVENTION

Cave's opposition to The Satanic Temple's intervention, their single cause of action claims that The Ten Commandment Monument violates the Establishment Clause of the Constitution. Where intervention becomes necessary, here, is the currently requested limited relief; the removal and barring of future monuments through declaratory and injunctive relief. If Cave Plaintiffs prevail in their assertion, The Satanic Temple's remedy would become impossible to address. At no point did The Satanic Temple request the removal of any monument, and if it were to be removed, there would be no valid legal claim for the Baphomet monument to stand in isolation on Capitol Grounds. It is for this very reason that the motion to intervene should be granted.

Movant's Establishment Clause claim is not ancillary. (Doc. 23 at p. 3) The very crux of the proposed intervenors' claim is that defendants have clearly and transparently shown favor and promoted one religion over another. The injunctive and declaratory relief requested by movant

intervenors is a specific remedy that would cure the Establishment Clause violation while addressing the interests of the named parties in the motion and complaint. Clearly, this claim is not secondary and does more than simply incorporate the Cave Plaintiff's allegations.

## II. PROPOSED INTERVENORS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT

A movant seeking intervention as a matter of right "must establish that: (1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties." South Dakota ex rel. Barnett v. U.S. Dept. of Interior, 317 F.3d 783, 785 (8th Cir. 2003). In Barnett, cited by the Cave Plaintiffs, the Court found that the government-plaintiff adequately represented the intervenor who, "failed to specifically identify such an unprotected interest, and the procedural posture of this case suggests that there is none." Id. Here, movants satisfy all of these criteria and have very specifically identified how their interests are unprotected by current litigants.

Proposed intervenors have taken great interest in this litigation since the proposal of The Ten Commandments Monument Act. As stated in the complaint in intervention, the Baphomet monument proposal was initiated soon after the passage of the Act and lengths were taken to enter the addition of The Satanic Temple monument to the Arkansas Capitol grounds. Efforts within the established rules were made to get passage and approval from the Grounds Committee which indeed cleared placement for the monument. It was only after the rules were changed in direct response to The Satanic Temple and a denial of legislative approval that the alleged violations occurred. (Doc. 17 at p. 11)

The interests of The Satanic Temple would be impaired by the disposition of the case if either of the State or the principal plaintiffs prevail, in whole or in part. Additionally, the current representation of the existing parties do not adequately protect the interests of the movant intervenors. "In assessing

the required showing, the courts have taken a cautious approach toward the denial of participation on the merits in litigation. Because of the fundamental nature of the right involved, a **minimal** showing of **possible** inadequacy has been sufficient to entitle a party to intervention." <u>Curtis v. United Transp. Union</u>, 486 F. Supp. 966, 981 (E.D. Ark. 1979) (emphasis added).

Great efforts were made by The Satanic Temple to build, propose, and apply for the installation of the monument representing their religion in Arkansas. There was never an attempt to disrupt or remove the placement of the current Ten Commandments Monument by the proposed intervenor.

As stated by Cave Plaintiffs, the removal of this monument is their entire aim and goal in their complaint. If Cave Plaintiffs prevail, the Baphomet monument proposal would also become moot as any religious monument in isolation would create the very Establishment Clause violation all plaintiff parties are claiming. Conversely, if the defendant prevails, the Baphomet monument's denial will still have not been addressed. The only possible legal posture that could protect the interests of The Satanic Temple are through an intervention. The interests of the current plaintiffs and proposed intervenors are absolutely adverse for this reason.

In the Cave Plaintiff's cited case to support their argument that The Satanic Temple's interests are adequately represented, the circumstances are entirely distinguishable. In United States v. New York, the issue was the collateral attack on a policy based on the difference of opinion of the parties on how to attain a certain result. The court found that the "…parties to this litigation share appellants' concerns about safety and cost, and their representation is not inadequate simply because they have different ideas about how best to achieve these goals." <u>United States v. City of New York</u>, 198 F.3d 360 (1990). Here, the issue is not a difference opinion regarding tactics or requested result, but a difference of remedy entirely.

The Cave Plaintiffs' wrongly claim that their interests are identical to movants' interests. It should have gone without saying that ordering the installation of movants' religious monument is not the same as a demand for removal of the majoritarian religion's monument.  (Doc 23 at p. 6).  While proposed intervenors do claim an Establishment Clause violation, the remedy requested is entirely different.

Additionally, the Cave Plaintiffs' claim that proposed intervention would radically transform the nature of the existing action is unfounded. (Doc 23 at p. 8). As previously stated, the issues and Establishment Clause claim are asserted by existing plaintiffs and by the proposed intervention. Where the granting of the motion becomes crucial is in the remedy, not the claims.

### III. PROPOSED INTERVENORS ARE ENTITLED TO INTERVENTION ON ALL CLAIMS

Rule 24(b) allows for a permissive intervenor if a party "has a claim or defense that shares with the main action a common question of law **or fact**" (emphasis added) in a current litigation. The Cave Plaintiffs contest a permissive intervenor due to The Satanic Temple alleging an Equal Protection claim in addition to the Establishment Clause that has already been asserted by current parties. They state that an undue delay or prejudice to the adjudication of their rights could occur if the motion is granted.

The Cave Plaintiffs give no basis for their claim of being prejudiced but merely state that an additional allegation with different elements having differing legal analysis and precedent should bar intervention.

If true, the Cave Plaintiffs' proposition would undermine the fundamental purpose of intervention.  If intervention was only available to those with identical facts and legal issues who seek identical relief to the principal plaintiffs, then the principal plaintiffs would always adequately represent the interests of intervenors.  Contrast FRCP 24(a)(2).

The claims alleged in both the Establishment Clause and Equal Protection Clause in the complaint revolve around the same set of facts: the State endorsed one particular religion over all others.

The case law cited to support the Cave Plaintiff's position undermines their argument that The Satanic Temple should not be allowed to intervene in this action. While the principle inquiry would be an "undue delay" in litigation, no evidence of that is present here. See <u>Coffey v. C.I.R.</u>, 663 F.3d 947 (8th Cir. 2011).

In <u>Coffey</u>, the district court found against the proposed intervention naming potential "trial complications and delay." <u>Id.</u> 663 F.3d at 952. The Eighth Circuit reversed, finding it "did not find that any potential delay from the… intervention would be 'undue.'" <u>Id.</u> <u>Coffey</u> involved tax litigation where the intervening party's interest would be "devasted" by enforcement of a tax law. Potential delay, alone, is the only assertion raised by the Cave Plaintiffs. Under Coffey, this is not a sufficient ground to deny an intervention.

**WHEREFORE** Movants pray this Court order that they be included as intervenor-plaintiffs in this case and for all other relief to which they may be entitled.

> Respectfully submitted on August 2, 2018,
> On behalf of Movants / proposed intervenor plaintiffs

| By | /s/ Matthew A. Kezhaya | and | /s/ Stuart P. de Haan |
|---|---|---|---|
| | Matthew A. Kezhaya, ABA # 2014161 | | Stuart P. de Haan, AZ Bar No. 026664 |
| | | | Attorney for Intervenor-Plaintiffs |
| | Attorney for Intervenor-Plaintiffs | | *Application pro hac vice pending* |
| | Pinnacle Law Group | | de Haan Law Firm, PLLC |
| | 3718 S. Pinnacle Hills Pkwy | | 100 N Stone Avenue, Suite 512 |
| | Rogers, Arkansas 72758 | | Tucson, Arizona 85701 |
| phone | (479) 431-6112 | | (520) 358-4089 |
| fax | (479) 282-2892 | | (520) 628-4275 |
| email | matt@pinnacle.law | | stu.dehaan@gmail.com |

## CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, submitted the foregoing to the Court's ECF system, which automatically serves all counsel of record.

/s/ Matthew A. Kezhaya