IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DONNA CAVE, JUDITH LANSKY,**                                    **PLAINTIFFS**
**PAT PIAZZA, and SUSAN RUSSELL**

v.                           No. 4:18CV00342 KGB/BD

**MARK MARTIN, Arkansas Secretary of State,**
**in his official capacity**                                              **DEFENDANT**

### ANSWER TO AMENDED COMPLAINT WITH JURY DEMAND

    Arkansas Secretary of State Mark Martin, in his official capacity, through counsel, states for his answer to the amended complaint as follows:

    1.    Paragraph 1 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

    2.    Defendant admits the first three sentences of paragraph 2. The fourth sentence states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein. The fifth sentence speaks for itself and does not call for a response, but to the extent that a response is called for, the Defendant denies all allegations contained therein.

    3.    Paragraph 3 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

    4.    Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 4, and so denies the same.

    5.    Defendant lacks information sufficient to admit or deny the allegations contained in the first two sentences of paragraph 5, and so denies the same. Defendant denies all other allegations contained in paragraph 5.

6. Defendant lacks information sufficient to admit or deny whether Ms. Cave is agnostic and whether she objects to the monument, and so denies the same. Defendant denies all other allegations contained in paragraph 6.

7. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 7, and so denies the same.

8. Defendant lacks information sufficient to admit or deny the allegations contained in the first two sentences of paragraph 8, and so denies the same. Defendant denies all other allegations contained in paragraph 8.

9. Defendant lacks information sufficient to admit or deny whether Ms. Lansky is Jewish and whether she objects to the monument, and so denies the same. Defendant denies all other allegations contained in paragraph 9.

10. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 10, and so denies the same.

11. Defendant lacks information sufficient to admit or deny the allegations contained in the first two sentences of paragraph 11, and so denies the same. Defendant denies all other allegations contained in paragraph 11.

12. Defendant lacks information sufficient to admit or deny whether Ms. Piazza is an agnostic and whether she objects to the monument, and so denies the same. Defendant denies all other allegations contained in paragraph 12.

13. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 13, and so denies the same.

14. Defendant lacks information sufficient to admit or deny the allegations contained in the first two sentences of paragraph 14, and so denies the same. Defendant denies all other allegations contained in paragraph 14.

15. Defendant lacks information sufficient to admit or deny whether Ms. Russell is an agnostic and whether she objects to the monument, and so denies the same. Defendant denies all other allegations contained in paragraph 15.

16. Defendant admits the first two sentences of paragraph 16. The third and fourth sentences state legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein. The Defendant admits that he has complied with the provisions of the Act. The Defendant denies that he has enforced the provisions of the Act.

17. Paragraph 17 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

18. Paragraph 18 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

19. Paragraph 19 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

20. Paragraph 20 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein except Defendant admits that venue is proper in this Court.

21. Paragraph 21 is admitted.

22. Admitted the monuments referred to in paragraph 22 are among the many monuments on the capitol grounds. Defendant denies all other allegations contained in this paragraph.

23. Paragraph 23 is denied.

24. Paragraph 24 is admitted.

25. Defendant admits the first sentence of paragraph 25. The second sentence of this paragraph states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

26. Paragraph 26 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

27. Paragraph 27 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

28. Paragraph 28 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

29. Paragraph 29 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

30. Paragraph 30 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

31. Paragraph 31 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

32. Paragraph 32 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

33. Paragraph 33 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

34. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 34, and so denies the same.

35. Admitted that in October 2015 American History & Heritage Foundation, Inc. was incorporated as a nonprofit with Jason Rapert as a Director. Defendant lacks information sufficient to admit or deny the other allegations contained in this paragraph, and so denies the same.

36. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 36, and so denies the same.

37. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 37, and so denies the same.

38. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 38, and so denies the same.

39. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 39, and so denies the same.

40. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 40, and so denies the same.

41. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 41, and so denies the same.

42. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 42, and so denies the same.

43. Defendant lacks information sufficient to admit or deny the allegations contained in paragraphs 43, 43A, 43B, 43C, 43D, 43E, 43F, 43G, 43H, and 43I.

44. Paragraph 44 is admitted.

45. Admitted that the application stated that the monument had been prepared for installation.

46. Defendant avers that the application speaks for itself.

47. Defendant admits the first sentence of paragraph 47. Defendant admits that the Commission voted to approve the application. Defendant denies all other allegations contained in paragraph 47.

48. Defendant admits the first sentence of paragraph 48. Defendant lacks information sufficient to admit or deny the other allegations contained in this paragraph, and so denies the same.

49. Admitted that an individual crashed his vehicle into the monument on June 28, 2017. Defendant lacks knowledge sufficient to admit or deny whether the individual is an Arkansas resident, and so denies the same.

50. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 50, and so denies the same.

51. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 51, and so denies the same.

52. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 52, and so denies the same.

53. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 53, and so denies the same.

54. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 54, and so denies the same.

55. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 55, and so denies the same.

56. Paragraph 56 is admitted.

57. Paragraph 57 is admitted.

58. Paragraph 58 is admitted.

59. Defendant admits that bollards were placed around the monument. Defendant denies all other allegations contained in paragraph 59.

60. Defendant admits the first sentence of paragraph 60, and admits that the Commission voted to accept the requested design and placement. Defendant denies all other allegations contained in this paragraph.

61. Paragraph 61 is admitted.

62. Admitted that Jason Rapert, Ken Hammer, and Kerry Jucas were present for an announcement, admitted that Hammer sponsored the Act in the House, and admitted that Jucas received the monument. Defendant lacks information sufficient to admit or deny the other allegations contained in paragraph 62, and so denies the same.

63. Admitted that Jucas posed for photographs. Defendant lacks information sufficient to admit or deny the other allegations contained in paragraph 63, and so denies the same.

64. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 64, and so denies the same.

65. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 65, and so denies the same.

66. Paragraph 66 is denied.

67. Paragraph 67 is denied.

68. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 68, and so denies the same.

69. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 69, and so denies the same.

70. Paragraph 70 is denied.

71. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 71, and so denies the same.

72. Admitted that a phone line was established to field comments about the display, and admitted that a spokesman reported that some comments expressed opposition. The Defendant denies all other allegations contained in paragraph 72.

73. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 73, and so denies the same.

74. Paragraph 74 speaks for itself and does not call for a response, but to the extent that a response is called for, the Defendant denies all allegations contained therein.

75. Paragraph 75 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

    A. Defendant admits that the monument is on public property. Defendant denies all other allegations contained in paragraph 75A.

      B.      Paragraph 75B states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

      C.      Paragraph 75C is denied

      D.      Paragraph 75D states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

      E.      Paragraph 75E states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

76. Paragraph 76 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

77. Paragraph 77 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

78. Paragraph 78 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

79. Paragraph 79 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all such legal allegations. As to any factual allegations, Defendant lacks information sufficient to admit or deny the allegations in this paragraph, and so denies the same.

80. Paragraph 80 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all such allegations. Defendant denies the other allegations contained in this paragraph.

    A.    Defendant lacks knowledge sufficient to admit or deny the allegations contained in paragraph 80A, and so denies the same.

    B.    Defendant lacks knowledge sufficient to admit or deny the allegations contained in paragraph 80B, and so denies the same.

    C.    Defendant lacks knowledge sufficient to admit or deny the allegations contained in paragraph 80C, and so denies the same.

    D.    Paragraph 80D states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all such allegations. Defendant lacks knowledge sufficient to admit or deny the other allegations contained in this paragraph, and so denies the same.

81.    Paragraph 81 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

82.    Paragraph 82 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

83.    Paragraph 83 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all such legal allegations. As to any factual allegations, Defendant lacks information sufficient to admit or deny the allegations in this paragraph, and so denies the same.

84.    Paragraph 84 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

    A.    Admitted that Rapert was among the sponsors of the bill in the Senate, and admitted that Hammer was among the sponsors of the bill in the House.

    B.      Admitted that the Arkansas General Assembly approved Act 1231 of 2015 and the Governor signed it into law.

    C.      Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 84C, and so denies the same.

    D.      Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 84D, and so denies the same.

    E.      Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 84E, and so denies the same.

    F.      Admitted that Rapert, Hammer, and Jucas were present for the announcement of the monument, and admitted that Jucas posed for photographs. Defendant lacks information sufficient to admit or deny the other allegations contained in paragraph 84F, and so denies the same.

85.    Paragraph 85 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all such allegations. Defendant admits that there is no disclaimer on the monument.

86.    Paragraph 86 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

87.    Paragraph 87 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all such legal allegations. As to any factual allegations, Defendant lacks information sufficient to admit or deny the allegations in this paragraph, and so denies the same.

88. Defendant lacks information sufficient to admit or deny paragraph 88, and so denies the same.

89. Paragraph 89 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

90. Paragraph 90 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

91. Paragraph 91 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

92. Paragraph 92 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

93. Paragraph 93 states legal conclusions that do not call for a response, but to the extent that any response is called for, the Defendant denies all allegations contained therein.

94. Defendant denies that any Plaintiff is entitled to any relief.

95. Defendant denies all allegations not specifically admitted herein.

96. Defendant specifically denies all allegations to the extent that they state legal conclusions.

97. The Defendant reserves the right to file an amended answer or other appropriate pleading.

## DEFENSES

98. The Plaintiffs lack standing.

99. The Court lacks subject-matter jurisdiction.

100. The Defendant is entitled to immunity under the U.S. Constitution, including the Eleventh Amendment, and under general principles of sovereign immunity to any suit or claim.

101. This action is barred by the statute of limitation.

102. This action is barred by the doctrine of laches.

103. The Plaintiffs fail to state a claim upon which relief can be granted.

104. The Defendant is entitled to qualified immunity and statutory immunity.

## JURY DEMAND

105. The Defendant gives notice of his jury demand.

Therefore, the Defendant respectfully requests that the court dismiss the Plaintiffs' amended complaint.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By: */s/ Nicholas J. Bronni*
Nicholas J. Bronni (2016097)
  Solicitor General of Arkansas
Michael A. Cantrell (2012287)
Dylan L. Jacobs (2016167)
  Assistant Solicitors General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph:   (501) 682-2007
Fax:  (501) 682-2591
Email: Nicholas.Bronni@ArkansasAG.gov

A.J. Kelly (92078)
  General Counsel and Deputy Secretary of State
OFFICE OF THE ARKANSAS SECRETARY OF STATE
P.O. Box 251570
Little Rock, AR 72225-1570
Ph:   (501) 682-3401
Email: kellylawfedecf@aol.com

Hiram Sasser
Michael Berry
Kenneth Klukowski*
Lea Patterson*
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, TX 75075
Tel:  (972) 941-6162
Fax:  (972) 423-6162
*hsasser@firstliberty.org*
*mberry@firstliberty.org*
*kklukowski@firstliberty.org*
*lepatterson@firstliberty.org*
**Admission pro hac vice pending*

*Attorneys for Secretary of State Mark Martin*

## **CERTIFICATE OF SERVICE**

    I, Michael A. Cantrell, hereby certify that on August 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.

                                      */s/ Michael A. Cantrell*
                                      Michael A. Cantrell