IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DONNA CAVE, JUDITH LANSKY,**  **PLAINTIFFS**
**PAT PIAZZA, and SUSAN RUSSELL**

v.          No. 4:18CV00342 KGB/BD

**MARK MARTIN, Arkansas Secretary of State,**
  **in his official capacity**                                                                          **DEFENDANT**

### RESPONSE IN OPPOSITION TO AMENDED MOTION TO INTERVENE

Arkansas Secretary of State Mark Martin, in his official capacity, through counsel, states for his response as follows:

The proposed intervenors' blithe and presumptuous conduct is remarkable, given that they have failed—again—to unambiguously identify themselves, that their proposed amendments are futile, and that they are unable to clearly allege standing. The proposed intervenors still have not clearly alleged injury-in-fact, causation, or redressability. This Court is likewise not bound to accept the proposed intervenors' satirical parody that the Satanic Temple is a religion. And the proposed intervenors have not properly raised the claim that the Satanic Temple has direct standing. For each of these reasons, this Court should deny their amended motion.

**I.     This Court should deny the amended motion because the proposed intervenors' pattern of blithe and presumptuous conduct counsels against intervention.**

As an initial matter, even if nothing more were known of the proposed intervenors, their conduct as movants already establishes a concerning pattern of blithe and presumptuous conduct. The proposed intervenors have thus far misrepresented: (1) their

identities; (2) their receipt of the Plaintiffs' consent to intervene[1]; (3) their entitlement to intervention of right; and (4) most recently, their right to file an amended motion to intervene as a matter of course.

To be sure, a party may amend its pleading once as a matter of course within 21 days after service. Fed. R. Civ. P. 15(a)(1). But this Rule does not permit the proposed intervenors to file an amended motion to intervene. First, not one of the proposed intervenors is a "party" to this litigation—rather, they are movants only. Therefore, Rule 15 does not permit them to amend a pleading. *See* Fed. R. Civ. P. 15(a)(1) (providing only that a "party" may make an amendment). Second, the proposed intervenors have not even filed a "pleading" that *could be* amended under Rule 15. The leading authority on federal practice, Wright and Miller's *Federal Practice and Procedure*, explains that Rule 15(a)(1) "must be interpreted in conjunction with Rule 7(a), which enumerates the pleadings permitted in federal practice as follows: a complaint, an answer to the complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, pursuant to court order, a reply to an answer." 6 Wright, et al., *Federal Practice & Procedure* § 1475 (3d ed. 1998). Notably, this list does not include motions. *See id.* (stating that "the conclusion that the reference to pleadings in Rule 15(a) does not include motions seems sound."). So Rule 15(a) does not permit the proposed intervenors to amend their motion to intervene.

That this Court has discretion to permit the proposed intervenors to amend their motion to intervene does not mean that it should do so. The proper course would be for the

---

[1] *See* Doc. 23 at 1 n.1.

proposed intervenors to first obtain this Court's leave to act without blithely assuming that the Rules permit something they do not permit.

The proposed intervenors have also attached what they call an "amended complaint in intervention" to their amended motion. Doc. 25-1. In so doing, the proposed intervenors are presumptuously conducting themselves as if they have already obtained this Court's leave to file their *proposed* complaint as an actual complaint. But because this Court has not permitted the proposed intervenors to file a complaint, they obviously cannot file an "amended" complaint.

The proposed intervenors have not been made parties to this litigation, and their conduct to date (as mere movants) counsels strongly against permitting them to join this litigation. Therefore, the Court should deny proposed intervenors' amended motion to intervene.

II. **This Court should deny the amended motion because it fails—again—to unambiguously identify the proposed intervenors.**

The proposed intervenors state that their "amendment is made to moot out the State's arguments questioning the precise identities of The Satanic Temple and Lucien Greaves."[2] Doc. 25 at 1. The proposed intervenors' amended motion thus concedes that they used false and ambiguous names to bring their complaint in intervention. And even judged by their own standard, the amended complaint falls remarkably short of correcting the problem.

---

[2] The amended motion also removes the proposed intervenors' incorrect claim that the Plaintiffs consented to their intervention in this action. *Contrast* Doc. 17 at 1 *with* Doc. 25 at 1; *see* Doc. 23 at 1 n.1 (stating that—contrary to the proposed intervenors' representation to this Court in the motion to intervene—they did not obtain the Plaintiffs' consent to intervene).

The style of the amended motion now lists "Douglas Misicko (aka 'Lucien Greaves')" as a proposed intervenor. But, oddly, the proposed intervenors have not amended their proposed complaint to make *any substantive allegations* concerning Misicko's identity. Further, the pseudonymous "Lucien Greaves" affidavit remains *unchanged*, and Misicko has given no explanation for his use of a false name in the affidavit or in the initial court filings.

The style of the amended motion also now *appears*[3] to list "The Satanic Temple, LLC" as a proposed intervenor. But the proposed intervenors *still* have not identified the Satanic Temple as being registered or formed under the laws of any particular state. And the website http://www.thesatanictemple.com *still* provides no information from which the precise identity of the Satanic Temple might be ascertained.

A 501(c)(3) tax-exempt organization named "The Satanic Temple" was incorporated on November 14, 2017, under the laws of the Commonwealth of Massachusetts with a principal office in Salem, Massachusetts. Doc. 24-7. But—as previously noted (Doc. 24 at 2)—the contributions page on http://www.thesatanictemple.com contains a statement denigrating religious organizations' use of tax-exempt status: "Please note that The Satanic Temple believes that religious organizations should not be tax exempt and for that reason

---

[3] The amended motion's poor drafting leaves room for doubt. First, the proposed intervenors *still* have not made any substantive allegation in any filing that the Satanic Temple is a limited liability corporation. Second, the proposed intervenors still have not made any *unambiguous* reference to "The Satanic Temple, LLC." The proposed intervenors' peculiar use of commas (instead of semicolons) in the style of their amended filings to separate their names leaves an ambiguity as to the name (and number) of the proposed intervenors that is not clarified anywhere else. Although in any ordinary case there would be no question of the proposed intervenors' intent, "LLC" here could be just one more unknown entity. (A search of the Massachusetts Secretary of the Commonwealth's database, for example, does return an entity named "LLC.") Although the ambiguity appears to be merely the result of poor drafting, one cannot be certain.

contributions are not tax deductible."[4] Given that the website of the Satanic Temple criticizes religious organizations' use of tax-exempt status, it seems unlikely that this 501(c)(3) tax-exempt organization is the entity that proposes to intervene in this lawsuit. Therefore, the identity of this proposed intervenor remains unclear.

Remarkably, even with their amended motion the proposed intervenors have *still* not managed to unambiguously identify the proposed intervenors. Therefore, this Court should deny the amended motion to intervene.

### III. This Court should deny the proposed intervenors' amended motion because their amendments would be futile.

If the proposed intervenors' amended motion were subjected to the standard governing a motion to amend a complaint, it would fail. A motion to amend should be denied "if an amendment would be futile." *Stricker v. Union Planters Bank, N.A.*, 436 F.3d 875, 878 (8th Cir. 2006). As set forth in Secretary Martin's response in opposition to the motion to intervene, the proposed intervenors not only have failed to meet the requirements of Rule 24 (*see* Doc. 24 at 17-20)—they have also failed to meet their burden to clearly allege facts demonstrating each element of standing. Doc. 24 at 10-17.

Other than changes to the style, the proposed intervenors' amended motion and "amended complaint in intervention" are nearly identical to the originals. *Compare* Docs. 17 and 17-1 *with* Docs. 25 and 25-1; *see* Doc. 25 at 1 (amended motion's affirmation that "[t]here is no substantive change to the motion, itself."). Given that their original complaint in intervention failed to meet their burden to clearly allege facts demonstrating each element

---

[4] "Contribute to the Satanic Temple," The Satanic Temple website, available online at https://thesatanictemple.com/products/donate-to-the-satanic-temple (accessed August 7, 2018).

of standing, the fact that their "amended complaint" is substantively identical to the original means that they have (again) failed to demonstrate standing. Therefore, their amendment is futile. *See, e.g.*, *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017) (affirming the denial of a motion to amend because the plaintiff lacked standing and any amendment would be futile). This Court should deny their amended motion to intervene.

**IV.   This Court should deny the amended motion for the same reasons set forth in Secretary Martin's response to the original motion to intervene.**

Secretary Martin addressed each of the proposed intervenors' arguments in his response in opposition to the original motion to intervene. Doc. 24. Secretary Martin will not needlessly reproduce his original response here. But the arguments set forth in that response are incorporated by reference as if set forth word for word herein as against the proposed intervenors' amended motion.

One additional item is worthy of note. In a statement published August 9, 2018, on the Arkansas Times's website, "Lucien Greaves" directly contradicts representations that have been repeatedly made to this Court, stating that the proposed intervenors "are not litigating to have [the Ten Commandments monument] taken down; we've merely asked to donate a monument of our own. . . ."[5] Doc. 25-1 at 9; Doc. 27 at 7. Thus, the proposed intervenors have again confirmed that they have no interest in seeking removal of the Ten Commandments monument—the relief the Plaintiffs seek. Therefore, the proposed intervenors have no interest in *this* litigation. Among other things, it is not clear how the proposed intervenors' alleged contact with the Ten Commandments monument could create an injury that would be redressable by the Court's ordering placement of the Baphomet

---

[5] *See* "Rapert's Posture," Arkansas Times, available online at https://www.arktimes.com/arkansas/raperts-posture/Content?oid=21285664 (published August 9, 2018) (attached as **Exhibit L**).

monument. In any case, the intervention rule does not permit an intervenor to transform this action into a whole new lawsuit. *See Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994); *Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990) ("Intervention cannot be used as a means to inject collateral issues into an existing action."). Therefore, this Court should deny the amended motion to intervene.

V.  **This Court should deny the amended motion because the proposed intervenors' attempts to bolster their standing argument fail.**

The proposed intervenors have attempted to bolster their standing argument in their reply to their original motion to intervene. These attempts fail, variously, because they have not clearly alleged injury-in-fact, causation, or redressability; because this Court is not bound to accept the proposed intervenors' satirical parody that the Satanic Temple is a religion; and because the proposed intervenors have not properly raised the claim that the Satanic Temple has direct standing.

A.  *The proposed intervenors have not clearly alleged an injury-in-fact.*

Secretary Martin showed in his original response that, to establish "direct and unwelcome contact" sufficient to allege an injury, a plaintiff must demonstrate "some level of frequent or regular contact with the display during the course of the plaintiff's regular routine, such that the plaintiff was 'forced' to encounter the display." Doc. 24 at 11 (quoting *Catholic League for Religious & Civil Rights v. City & Cty. of San Francisco*, 624 F.3d 1043, 1073 (9th Cir. 2010)). Thus, to show an injury, the proposed intervenors must allege contact that occurs during the course of their regular routine and that is unwanted, uninvited, or unsolicited.

The proposed intervenors purport to rely on *Red River Freethinkers v. City of Fargo*, 679 F.3d 1015, 1023 (8th Cir. 2012), for the proposition "that the only requirement is personally

7

visiting the monument and being offended." Doc. 27 at 4. But their reliance on this opinion is misplaced because it does not support that proposition.

As an initial matter, the proposed intervenors are wrong on the facts. Contrary to the proposed intervenors' suggestion, the *Red River Freethinkers* plaintiffs had previously alleged frequent or regular contact with the display during their normal routines. *See Twombly v. City of Fargo*, 388 F. Supp. 2d 983, 986 (D.N.D. 2005) (recognizing in general that "[a]ll of the Plaintiffs utilize the structures in the mall area for one purpose or another, such as dealing with parking tickets, attending concerts or talks, or visiting the library."); *Red River Freethinkers*, 679 F.3d at 1018 (noting that the plaintiffs in *Twombly* did not appeal the court's dismissal of their case but adopted a new strategy in bringing the *Red River Freethinkers* action).

More importantly, the proposed intervenors are wrong on the law. *Red River Freethinkers* did not involve the question of what was sufficient to establish "direct and unwelcome contact." Rather, in that opinion the panel decided the different question of whether the plaintiff had to do anything *in response to* one's contact with a display to show an injury. 679 F.3d at 1023. Some courts "require[d] a plaintiff to prove, at a minimum, he altered his behavior to avoid the allegedly unconstitutional display." *Id.* (quotation and citation omitted). "But by far the prevailing view require[d] only direct and unwelcome personal contact with the alleged establishment of religion." (quotation, citation, and alteration omitted). *Id.* Again, the question of what was sufficient to establish "direct and unwelcome contact" was not litigated. *See id.* Therefore, the proposed intervenors' argument "that the only requirement is personally visiting the monument and being offended" fails. Doc. 27 at 4.

8

As set forth more fully in Secretary Martin's original response, to demonstrate a direct stake in this litigation's outcome sufficient to establish an injury (as opposed to merely demonstrating an interest in the issue), the proposed intervenors must allege contact that occurs during the course of their regular routine and that is unwanted, uninvited, or unsolicited. Doc. 24 at 10-13. The proposed intervenors cannot do so. Therefore, the Court should deny their amended motion to intervene.

      **B.**     ***The proposed intervenors have not clearly alleged causation or redressability.***

The proposed intervenors' amendment fails to rectify the lack of any clear allegation that Secretary Martin caused any injury or that a judgment against him would redress it. In particular, the "amended complaint in intervention" contains no allegation that Secretary Martin approved or placed the Ten Commandments monument or failed to approve or place the Baphomet monument. *See* Doc. 17-1. In fact, Secretary Martin is without authority to place any monument without legislative approval. Ark. Code Ann. § 22-3-503(c)(1). Therefore, as explained more fully in his original response, Secretary Martin could not have been the cause of any alleged injury and a judgment against him could not provide the proposed intervenors with any redress. Doc. 24 at 13-15. Therefore, the Court should deny the amended motion to intervene.

      **C.**     ***This Court is not bound to accept the proposed intervenors' satirical parody that the Satanic Temple is a religion.***

The proposed intervenors contend that this Court must simply accept their claims that the Satanic Temple is a religion or that they have sincerely-held religious beliefs. But that is false. It is sometimes necessary and appropriate for courts to make determinations of whether professed beliefs are sincerely held and religiously motivated. *Harrison v. Watts*, 609

F. Supp. 2d 561, 572 (E.D. Va.), *aff'd,* 350 F. App'x 835 (4th Cir. 2009); *see United States v. Meyers*, 95 F.3d 1475, 1482 (10th Cir. 1996) (sincerity is a factual matter).

First, federal courts are not bound to credit a satirical parody as a religion. For example, a recent case from this circuit, *Cavanaugh v. Bartelt*, involved a purported believer in the Flying Spaghetti Monster. 178 F. Supp. 3d 819 (D. Neb. 2016), *aff'd* (Sept. 7, 2016). The court found that Flying Spaghetti Monsterism (FSMism) was not a religion but "plainly a work of satire, meant to entertain while making a pointed political statement." *Id.* at 830. In the court's words, FSMism is "a parody, intended to advance an argument about science, the evolution of life, and the place of religion in public education." *Id.* at 824. Although acknowledging that "[t]hose are important issues, and FSMism contains a serious argument— . . . that does not mean that the trappings of the satire used to make that argument are entitled to protection as a 'religion.'" *Id.*

Nathan S. Chapman explains that the Satanic Temple is likewise a parody not meriting the status of religion:

> [C]laims based on religious parodies are not religious. They arise from parodies of religious exercise, not the exercise of religion. The claimant may sincerely believe in the political or ethical objects of the parody, but that doesn't mean that the activity is a religion, or that the claimant sincerely holds religious beliefs. For instance, the Satanic Temple appears to be a parody of religion that has the purpose of eliminating the display of traditional religious faith in public spaces.

Nathan S. Chapman, *Adjudicating Religious Sincerity*, 92 Wash. L. Rev. 1185, 1242-43 (2017) (footnote omitted). This Court is not required to accept the proposed intervenors' satirical claim that the Satanic Temple is a religion. *See generally Daniel Chapter One v. F.T.C.*, 405 F. App'x 505, 506 (D.C. Cir. 2010) (holding that scientism is not a religion); *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994) (holding that evolutionism is not a

10

religion for Establishment Clause purposes); *United States v. Quaintance*, 471 F. Supp. 2d 1153, 1170 (D.N.M. 2006) (holding that adherents to the Church of Cognizance failed to demonstrate that their beliefs were religious), *aff'd,* 608 F.3d 717 (10th Cir. 2010).

Second, this Court is not bound to accept that the proposed intervenors' beliefs are sincerely held. "Sincerity analysis seeks to determine an adherent's good faith in the expression of his religious belief." *Patrick v. LeFevre*, 745 F.2d 153, 157 (2d Cir. 1984). The proposed intervenors' beliefs are—by their own admission—not sincerely held in good faith but ironically and satirically held for the purpose of furthering a political agenda. *See* Exh I (Doc. 24-9) at 4 (stating, "I believe that where reason fails to persuade, satire and mockery prevail."); *id.* (admitting that the Satanic Temple was conceived "as a 'poison pill' in the Church/State debate."); Exh. K (Doc. 29-11) at 7 (leader of the New York City chapter of the Satanic Temple stating that it attracts people for the same reason that the Church of the Flying Spaghetti Monster does). To become a member, "[y]ou don't even have to be a Satanist, you can just be a strong ally who believes in the political and secular actions without being super stoked about all the aesthetic aspects." Exh. K (Doc. 29-11) at 7. Misicko and Cevin Soling, in particular, do not believe in a literal Satan. Exh. A (Doc. 24-1) at 5; Exh. K (Doc. 24-11) at 1-2. Rather, they merely embrace "an atheistic philosophical framework that views 'Satan' as a metaphorical construct by which [they] contextualize [their] works." Exh. I (Doc. 24-9) at 4. Again, this Court is not bound to overlook the fact that the proposed intervenors' purported beliefs are not sincerely held. *United States v. Quaintance*, 608 F.3d 717, 724 (10th Cir. 2010) (affirming a finding that the beliefs of adherents to the Church of Cognizance were not sincere).

Third, due to its insincere, satirical nature, the beliefs of the Satanic Temple may not even qualify as "a philosophy or a way of life." *Meyers*, 95 F.3d at 1482. But even if the Satanic Temple did nonsatirically stand for something,[6] it still would not constitute a religion for First Amendment purposes. *See id.* at 1484 (holding that the Church of Marijuana represents a philosophy or way of life and not a religion); *see also Wisconsin v. Yoder*, 406 U.S. 205, 216 (1972) ("Thoreau's choice [to reject the values of his time] was philosophical and personal rather than religious, and such belief does not rise to the demands of the Religion Clauses."); *United States v. Zielinski*, Case No. 1:11-CR-00533, 2013 WL 2636104, at *15 (N.D.N.Y. June 11, 2013) (finding that objectivism is a philosophy and not a religion). This Court is not bound to accept the proposed intervenors' satirical, politically-motivated parody as a religion.

Because the Satanic Temple is not a religion, because the proposed intervenors' beliefs are not sincerely held, and because those beliefs may not even qualify as a "philosophy or a way of life," the proposed intervenors' proposed "amended complaint in intervention" "reflects a 'sham' or 'frivolity,'" and this Court should not accept their allegations. *Liddell v. Special Admin. Bd. of Transitional Sch. Dist. of City of St. Louis*, ___ F.3d ___, ___, 2018 WL 3301434, at *3 (8th Cir. July 5, 2018) (quoting *Kozak v. Wells*, 278 F.2d 104, 109 (8th Cir. 1960)). Therefore, this Court should deny the amended motion to intervene.

---

[6] The "Tenets" page of the Satanic Temple website lists "seven fundamental tenets." *See* "There are Seven Fundamental Tenets," available online at https://thesatanictemple.com/pages/tenets (accessed August 13, 2018). Self-professed Satanic Temple co-founder Cevin Soling (a.k.a. "Malcolm Jarry") has stated that even these "seven fundamental tenets . . . are a work in progress, subject to change." Exh. A at 6; *see id.* ("It could be eight tomorrow, it could be six."). Review of these tenets and comparison with the cases cited herein shows that these tenets are at most a "philosophy or way of life" and not a religion. *United States v. Meyers*, 95 F.3d at 1482.

> **D.** ***The proposed intervenors have not properly raised a claim that the Satanic Temple has direct standing.***

The proposed intervenors argued for the first time in their reply to their original motion to intervene that the Satanic Temple has standing in its own right to bring this lawsuit because it "wasted money trying to get the Baphomet Monument placed." Doc. 27 at 2-3. The intervenors did not raise this argument in their opening brief or proposed complaint in intervention, and they do not raise it in their amended motion or their "amended complaint in intervention." The proposed intervenors have given no reason for failing to properly raise this claim. Therefore, any such claim is waived. *See F.T.C. v. Neiswonger*, 580 F.3d 769, 775 (8th Cir. 2009) ("Claims not raised in an opening brief are deemed waived."). For this reason, and the others set forth above, the Satanic Temple does not have standing to bring this lawsuit.

## CONCLUSION

Multiple independent lines of reasoning warrant denying the proposed intervenors' amended motion. These include, among others, their pattern of blithe and presumptuous conduct, their repeated failure to unambiguously identify themselves, their inability to meet the requirements of Rule 24, the futility of their proposed amendments, and their inability to clearly allege standing. Those lines of reasoning are all in addition to the fact that the Satanic Temple is not a religion at all but a satirical parody—a fact that this Court is fully empowered to recognize. For each of these reasons, this Court should deny the amended motion to intervene.

Therefore, the Defendant, Secretary of State Mark Martin, in his official capacity, respectfully requests that this Court deny the amended motion to intervene.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General of Arkansas

By: */s/ Nicholas J. Bronni*
Nicholas J. Bronni (2016097)
  Solicitor General of Arkansas
Michael A. Cantrell (2012287)
Dylan L. Jacobs (2016167)
  Assistant Solicitors General

OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph:   (501) 682-6302
Fax:  (501) 682-8162
Email: Nicholas.Bronni@ArkansasAG.gov

*Attorneys for Secretary of State Mark Martin*

## CERTIFICATE OF SERVICE

I, Michael A. Cantrell, hereby certify that on August 16, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.

*/s/ Michael A. Cantrell*
Michael A. Cantrell