IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DONNA CAVE, JUDITH LANSKY,**
**PAT PIAZZA and SUSAN RUSSELL**                          **PLAINTIFFS**

vs.                    Case Number: 4:18-cv-00342-KGB

**MARK MARTIN, Arkansas Secretary**
**of State, in his Official Capacity**                        **DEFENDANT**

## JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26.1, the parties jointly submit this Report:

(1)   Any changes in timing, form, or requirements of mandatory disclosures under Fed.R.Civ.P. 26(a).

    **No.**

(2)   Date when mandatory disclosures were or will be made.

    **August 27, 2018 (14 days after the parties' Rule 26(f) conference per Rule 26(a)(1)(C)).**

(3)   Subjects on which discovery may be needed.

    **Cave Plaintiffs:**

        a.   **Plaintiffs' past and current exposure to the Ten Commandments Monument**

1

b. **Plaintiffs' objections to the Ten Commandments monument**

c. **The context and history of other monuments and memorials located at the Arkansas State Capitol**

d. **The context and legislative history of the Ten Commandments Monument Display Act**

e. **Information related to public comments, statements, remarks or announcements related to the Ten Commandments Monument**

f. **Information pertaining to the design, financing, fabrication and/or placement of the Ten Commandments Monument**

g. **The relationship between Defendant and the American History and Heritage Foundation with regard to the creation, construction, ownership and maintenance of the Ten Commandments Monument**

h. **Information relating to the dedication ceremonies for the first and second Ten Commandments Monuments**

**Orsi Plaintiffs:**

a. **Any legislative history of Act 1231 of 2015 and Act 274 of 2017**

b. **The origin and nature of the American History and Heritage Foundation; the legal nature of the foundation; any prior charitable or eleemosynary activities of the foundation; and the source of funds for the erection of the monument in question**

c. **The source of the artwork found on the monument and the existence of any copyright or trademark on any of the symbols used on the monument**

    **d.**    **Any public comments and statements regarding the monument or any other monuments of religious or non-religious subject matter received by or in possession of the office of the Secretary of State of the State of Arkansas, including but not limited to any information regarding the proposed monuments by the Satanic Temple, the Saline Atheists and Skeptics Society, and the Gold Star Families**

    **e.**    **the media coverage regarding the monument**

    **f.**    **the destruction of the original monument and the stated motivation of the individual responsible for the destruction;**

    **g.**    **the protest connected with the installation of the second version of the monument**

    **h.**    **any affirmative defenses asserted by the defendant.**

### Defendant:

**In addition to some of the subjects listed by the Plaintiffs, the Defendant currently anticipates that the following are among the subjects on which discovery will be needed:**

    **a.**    **The beliefs, mission, and officers of the institutional Plaintiffs**

    **b.**    **Relationship between the individual Plaintiffs and the institutional Plaintiffs**

    **c.**    **The Plaintiffs' knowledge of and participation in efforts to oppose the Ten Commandments Monument Display Act and/or placement of the Ten Commandments monument**

    **d.**    **The Plaintiffs' involvement in other First Amendment litigation**

    **e.**    **The Plaintiffs' visits to the capitol grounds**

    **f.**    **The elements of the Plaintiffs' claims**

(4)   Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.

**Yes.**

If so:

(a)   whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

**Yes.**

(b)   the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;

**Not applicable.**

(c)   the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;

**To be agreed to by the parties.**

(d)   whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

**Yes.**

(e) other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

**None reasonably anticipated at the present time.**

(5) Date by which discovery should be completed.

**Plaintiffs:** October 31, 2018.

**Defendant:** March 27, 2019 , as set forth in the Court's Proposed Final Scheduling Order. Defendant's suggestion of this date may change if other parties or claims are added to this litigation.

(6) Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.

**Interrogatories:** No changes.

**Depositions:**

**Plaintiffs:** No more than a total of 15 depositions.

**Defendant:** The Defendant anticipates conducting depositions of each current Plaintiff and any added in the future, plus, depending on the outcome of discovery, 10 more if necessary.

(7) Any orders, e.g. protective orders, which should be entered.

**Plaintiffs:** None anticipated at the present time.

> **Defendant:** **The Defendant may require entry of a protective order for information that is privileged, confidential, or otherwise protected from disclosure.**

(8) Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.

> **No.**

(9) Any objections to the proposed trial date.

> **Plaintiffs:** **Yes, Plaintiffs will ask for a scheduling conference and will request an expedited pre-trial and trial schedule.**
>
> **Defendant:** **The Defendant currently has no objection to the proposed trial date but may find it necessary to seek a continuance of that trial date at a later time. The Defendant believes that expediting trial is neither desirable nor appropriate in this case, given, among other things, the number of current Plaintiffs (13); the pending motion to intervene; the time necessary for the anticipated discovery; the time necessary for preparation and briefing of dispositive motions involving various Establishment Clause analyses; and the time needed for the Court's decision and drafting of an opinion.**

(10) Proposed deadline for joining other parties and amending the pleadings.

> **Cave Plaintiffs:**   August 27, 2018.
>
> **Orsi Plaintiffs:**   September 27, 2018.

**Defendant:**     September 27, 2018.

(11) Proposed deadline for completing discovery. (Note: In the typical case, the deadline for completing discovery should be no later than sixty (60) days before trial.)

**Plaintiffs:**   October 31, 2018.

**Defendant:** March 27, 2019 , as set forth in the Court's Proposed Final Scheduling Order. Defendant's suggestion of this date may change if other parties or claims are added to this litigation.

(12) Proposed deadline for filing motions other than motions for class certification.  (Note: In the typical case, the deadline for filing motions should be no later than sixty (60) days before trial.)

**Plaintiffs:**   November 19, 2018.

**Defendant:** April 11, 2019 , as set forth in the Court's Proposed Final Scheduling Order. Defendant's suggestion of this date may change if other parties or claims are added to this litigation.

(13) Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class ccertification. (Note: In the typical case, the deadline for filing motions for class certification should be no later than ninety (90) days after the Fed.R.Civ.P.26.(f) conference.)

**Not applicable.**


Respectfully submitted,

LAVEY AND BURNETT


By     *Electronically Approved 08/27/2018*        .
          John L. Burnett (Arkansas Bar No. 77021)
904 West 2nd Street
Little Rock, AR 72201
Telephone:  (501) 376-2269
Facsimile:   (501) 372-1134
E-mail:        jburnett@laveyandburnett.com
*On behalf of the Arkansas Civil Liberties Union Foundation*

GREEN & GILLISPIE


By     *Electronically Approved 08/27/2018*          .
          Joshua D. Gillispie (Arkansas Bar No. 2010131)
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
Telephone:  (501) 244-0700
Facsimile:   (501) 244-2020
E-mail:        josh@greenandgillispie.com
*On behalf of the Arkansas Civil Liberties Union Foundation*

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By: */s/ Andrew G. Schultz* .
    Andrew G. Schultz*
    Melanie B. Stambaugh*
P.O. Box 1888
Albuquerque, NM 87103-1888
Telephone: (505) 765-5900
Facsimile: (505) 768-7395
E-mail: aschultz@rodey.com
           mstambaugh@rodey.com
*On behalf of the Arkansas Civil Liberties Union Foundation*

*\* admitted pro hac vice*

*Attorneys for Plaintiffs Donna Cave, Judith Lansky, Pat Piazza and Susan Russell*

BAKER SCHULZE MURPHY AND PATTERSON


By: *Electronically Approved 08/27/2018* .
    J.G. "Gerry" Schulze (Ark. Bar No. 83156)
2311 Biscayne Drive, Suite 300
Little Rock, AR 72227
Telephone: (501) 537-1000
Facsimile: (501) 537-1001
E-mail: gschulze@bsmp.law

*Attorneys for Plaintiffs Anne Orsi, American Humanist Association, Freedom from Religion Foundation, Inc., Arkansas Society of Freethinkers, Joan Dietz, Gale Stewart, Rabbi Eugene Levi, Rev. Victor H. Nixon, Teresa Grider and Walter Riddick*

LESLIE RUTLEDGE
Attorney General of Arkansas

By: *Electronically Approved 08/27/2018*        .
     Nicholas J. Bronni (2016097)
     Solicitor General of Arkansas

Michael A. Cantrell (2012287)
Dylan L. Jacobs (2016167)
  Assistant Solicitors General
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Telephone: (501) 682-6302
Facsimile: (501) 682-8162
E-mail: Nicholas.Bronni@ArkansasAG.gov

*Attorneys for Defendant Secretary of State Mark Martin*

   *Electronically Approved 08/27/2018*        .
A.J. Kelly (92078)
General Counsel and
  Deputy Secretary of State
P.O. Box 251570
Little Rock, AR   72225-1570
Telephone: (501) 682-3401
Facsimile: (501) 682-1213
E-mail: kellylawfedecf@aol.com

*Attorney for Defendant Secretary of State Mark Martin*

*Electronically Approved 08/27/2018*          .
    Michael D. Berry
    Hiram S. Sasser, III
First Liberty Institute
2001 West Plano Parkway – #1600
Plano, TX   75045
Telephone:  (972) -941-444
Facsimile:   (972) 941-4457
E-mail:         mberry@firstliberty.org
              hsasser@firstliberty.org

*Attorneys for Defendant Secretary of State Mark Martin*