**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**DONNA CAVE, JUDITH LANSKY, PAT PIAZZA, and SUSAN RUSSELL** — **PLAINTIFFS**

**ANNE ORSI, AMERICAN HUMANIST ASSOCIATION, FREEDOM FROM RELIGION FOUNDATION, INC., ARKANSAS SOCIETY OF FREETHINKERS, JOAN DIETZ, GALE STEWART, RABBI EUGENE LEVY, REV. VICTOR H. NIXON, TERESA GRIDER, and WALTER RIDDICK** — **CONSOLIDATED PLAINTIFFS**

**THE SATANIC TEMPLE, DOUG MISICKO aka "LUCIEN GREAVES," and ERIKA ROBBINS** — **INTERVENORS**

**v.** **No. 4:18CV00342 KGB/BD**

**MARK MARTIN, Arkansas Secretary of State, in his official capacity** — **DEFENDANT**

**ANSWER TO "PROPOSED AMENDED COMPLAINT IN INTERVENTION" WITH JURY DEMAND**

Arkansas Secretary of State Mark Martin, in his official capacity, through counsel, states for his answer to the amended complaint as follows:

**Prefatory Remarks**

The first and second paragraphs of the prefatory remarks do not call for a response, but to the extent that a response is called for, Defendant denies all allegations contained in these paragraphs.

Defendant denies that the document filed as Intervenors' "Proposed Amended Complaint in Intervention" is substantively identical to the proposed amended complaint in intervention that the Court ordered Intervenors to file, and denies that the changes Intervenors made to the document are mere "minor grammatical and stylistic

improvements." Defendant denies all other allegations contained in the third paragraph of the prefatory remarks.

**Introduction**

Defendant admits that the State of Arkansas enacted Act 1231 of 2015, the "Ten Commandments Monument Display Act," codified at Ark. Code Ann. § 22-3-221. Defendant denies all other allegations contained in the first paragraph of the Introduction.

Defendant denies all allegations contained in the second paragraph of the Introduction.

Defendant admits that the Satanic Temple offered to place a Baphomet statue. Defendant denies all other allegations contained in the third paragraph of the Introduction.

Defendant denies all allegations contained in the fourth paragraph of the Introduction.

The fifth paragraph of the Introduction variously states legal conclusions and speaks for itself. As such, it does not call for a response, but to the extent that a response is called for, Defendant denies all allegations contained in this paragraph.

Defendant denies all allegations contained in the sixth paragraph of the Introduction.

The seventh paragraph of the Introduction does not call for a response, but to the extent that a response is called for, Defendant denies all allegations contained in this paragraph.

**Jurisdiction and Venue**

1. Paragraph 1 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all allegations contained in this paragraph.

2. Paragraph 2 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all allegations contained in this paragraph.

3. Paragraph 3 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all allegations contained in this paragraph.

4. Defendant admits that venue is proper in this Court. Paragraph 4 otherwise states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all such allegations.

**Parties**

5. Defendant denies all allegations contained in paragraph 5.

6. Defendant denies all allegations contained in paragraph 6.

7. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 7.

8. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 8.

9. Defendant admits that Mark Martin is the Secretary of State of the State of Arkansas. Secretary of State-Elect John Thurston will replace Martin as Secretary of State on January 15, 2019. Defendant denies all other allegations contained in paragraph 9.

**Facts**

10. Defendant lacks information sufficient to admit or deny the allegations contained in the second sentence of paragraph 10. Defendant admits the remainder of this paragraph.

11. Defendant admits that the State of Arkansas enacted Act 1231 of 2015, the "Ten Commandments Monument Display Act," codified at Ark. Code Ann. § 22-3-221. Defendant denies all other allegations contained in paragraph 11.

12. Defendant admits that the Ten Commandments monument contains the language set forth in paragraph 12. Defendant denies all other allegations contained in this paragraph.

13. Defendant admits that the Satanic Temple offered to place a Baphomet statue. Defendant denies all other allegations contained in paragraph 13.

14. Defendant denies all allegations contained in paragraph 14.

15. The third and fourth sentences of paragraph 15 state legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant lacks information sufficient to admit or deny the other allegations contained in this paragraph,.

16. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 16,.

17. Defendant denies all allegations contained in paragraph 17.

18. Defendant admits that the Satanic Temple submitted a preliminary application request in August 2016. Defendant denies all other allegations contained in paragraph 18.

19. Defendant admits that a meeting of a Capitol Art & Grounds Commission subcommittee reviewed submissions from the Satanic Temple and the American Heritage and History Foundation in October 2016. Defendant denies all other allegations contained in paragraph 19.

20. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 20.

21. Defendant admits that the Capitol Arts & Grounds Commission held a public hearing on the Ten Commandments monument in December 2016. Defendant denies all other allegations contained in paragraph 21.

22. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 22,.

23. Defendant lacks information sufficient to admit or deny the first sentence of paragraph 23. Defendant denies all other allegations contained in this paragraph.

24. Defendant admits that on January 25, 2017, a Capitol Arts & Grounds Commission subcommittee voted to move to a public hearing on the Satanic Temple's submission. Defendant denies all other allegations contained in paragraph 24.

25. Defendant admits that House Bill 1273 of 2017 was enacted on February 22, 2017, as Arkansas Act 274 of 2017.

26. Defendant does not understand paragraph 26, and so denies all allegations contained in this paragraph.

27. Defendant does not understand paragraph 27, and so denies all allegations contained in this paragraph.

28. Defendant does not understand paragraph 28, and so denies all allegations contained in this paragraph.

29. Defendant denies all allegations contained in paragraph 29.

30. Paragraph 30 states a legal conclusion that does not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

31. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 31.

32. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 32.

33. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 33.

34. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 34.

**Count 1 – Equal Protection**

35. Paragraph 35 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

36. Paragraph 36 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

37. Paragraph 37 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

38. Paragraph 38 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

**Count 2 – Establishment Clause**

39. Paragraph 39 states a legal conclusion that does not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

40. Paragraph 40 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

41. Paragraph 41 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

42. Paragraph 42 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

**Jury Demand**

43. Paragraph 43 speaks for itself and does not call for a response, but to the extent that a response is called for, Defendant denies all allegations contained in this paragraph.

**Prayer For Relief**

44. Defendant denies that any Intervenor is entitled to any relief, including the relief listed in Intervenors' "proposed amended complaint in intervention."

45. Defendant denies all allegations not specifically admitted herein.

46. Defendant specifically denies all allegations to the extent that they state legal conclusions.

47. Defendant reserves the right to file an amended answer or other appropriate pleading.

**DEFENSES**

48. Intervenors lack standing.

49. The Court lacks subject matter jurisdiction.

50. Defendant is entitled to immunity under the U.S. Constitution, including the Eleventh Amendment, and under general principles of sovereign immunity to any suit or claim.

51. This action is barred by the statute of limitations.

52. This action is barred by the doctrine of laches.

53. Intervenors fail to state a claim upon which relief can be granted.

54. Defendant is entitled to qualified immunity.

**JURY DEMAND**

55. Defendant gives notice of his jury demand.

Therefore, Defendant respectfully requests that the court dismiss Intervenors' "proposed amended complaint in intervention."

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By: */s/ Nicholas J. Bronni*
Nicholas J. Bronni (2016097)
Solicitor General of Arkansas
Michael A. Cantrell (2012287)
Dylan L. Jacobs (2016167)
Assistant Solicitors General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph: (501) 682-2007
Fax: (501) 682-2591
Email: Nicholas.Bronni@ArkansasAG.gov

A.J. Kelly (92078)
General Counsel and Deputy Secretary of State
OFFICE OF THE ARKANSAS SECRETARY OF STATE
P.O. Box 251570
Little Rock, AR 72225-1570
Ph: (501) 682-3401
Email: kellylawfedecf@aol.com

Hiram Sasser
Michael Berry
Kenneth Klukowski*
Lea Patterson*
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, TX 75075
Tel: (972) 941-6162
Fax: (972) 423-6162
*hsasser@firstliberty.org*
*mberry@firstliberty.org*
*kklukowski@firstliberty.org*
*lepatterson@firstliberty.org*
**Admission pro hac vice pending*

*Attorneys for Secretary of State Mark Martin*

**CERTIFICATE OF SERVICE**

I, Michael A. Cantrell, hereby certify that on January 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.

*/s/ Michael A. Cantrell*
Michael A. Cantrell