**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | |
|---|---|
| **DONNA CAVE, JUDITH LANSKY, PAT PIAZZA, and SUSAN RUSSELL** | **PLAINTIFFS** |
| | |
| **ANNE ORSI, AMERICAN HUMANIST ASSOCIATION, FREEDOM FROM RELIGION FOUNDATION, INC., ARKANSAS SOCIETY OF FREETHINKERS, JOAN DIETZ, GALE STEWART, RABBI EUGENE LEVY, REV. VICTOR H. NIXON, TERESA GRIDER, and WALTER RIDDICK** | **CONSOLIDATED PLAINTIFFS** |
| | |
| **THE SATANIC TEMPLE, DOUG MISICKO aka "LUCIEN GREAVES," and ERIKA ROBBINS** | **INTERVENORS** |
| | |
| v. | No. 4:18CV00342 KGB/BD |
| | |
| **JOHN THURSTON, Arkansas Secretary of State, in his official capacity** | **DEFENDANT** |

**REPLY IN SUPPORT OF MOTION TO QUASH**

Asserting a nonexistent discovery deadline and other irrelevancies, the *Cave* Plaintiffs have refused to withdraw their subpoenas of Chief of Staff Boyd and Director Moody during what is undisputed to be the busiest part of the Arkansas General Assembly's session. Depositions of these officials at this time is unduly burdensome as well as premature and unjustified given the state of this litigation.

**I.**

The inherent dynamism of the session entails two things: constant vigilance and unflagging attention is required, and nothing is certain until it actually happens. Chief of Staff Boyd and Director Moody have little-to-no control over the legislative session's changing demands on their time and attention—demands that go beyond their ordinary

duties as officials serving state constitutional officers. Although the unduly burdensome character of the *Cave* Plaintiffs' depositions during the busiest part of the legislative session was obvious when the Defendant filed his motion to quash, the Defendant is now able to provide information that was previously unavailable. Therefore, the Defendant respectfully submits the attached declarations from Chief of Staff Kelly Boyd and Director Kerry Jucas Moody. Exh. A; Exh B.

As set forth in Chief of Staff Boyd's declaration, his official duties require that he be available to monitor, answer questions, and provide testimony in support of several bills that are proceeding through committees and on the floor of the General Assembly during the week of March 11. Exh. A. In addition, Commissioner Tommy Land and two other members of his staff are traveling to Washington, D.C., this week. *Id.* They will be out of state Monday through Wednesday—meaning that Mr. Boyd has primary responsibility for the operations of the Land Commissioner's office during the time that the *Cave* Plaintiffs have subpoenaed him to appear for a deposition. *Id.* Further, given the legislative session, an excessive number of events at the Capitol for which she is responsible, and similar staff absences occurring the week of March 11, Director Moody is likewise unduly burdened by the Cave Plaintiffs' subpoena. Exh. B.

The *Cave* Plaintiffs' subpoenas are unduly burdensome to Chief of Staff Boyd and Director Moody at this point in the legislative session. There is no justification for these depositions being taken now. Therefore, the Court should quash them.

**II.**

The *Cave* and *Orsi* Plaintiffs make other claims that deserve comment. First, the *Cave* Plaintiffs seize on the fact that attorneys from the Secretary of State and First Liberty

Institute have entered appearances in this action, suggesting that the Defendant should have already completed his investigation of the Satanic Temple Intervenors, their witnesses, and their new claims. But this is an empty argument. Counsel for the Secretary of State and First Liberty Institute serve advisory roles, and their presence simply has no bearing on the Court's decision to quash the subpoenas. Further, it is patently false that the Defendant has had sufficient time to complete its ordinary investigation given the Satanic Temple Intervenors' recent intervention and their even more recent service of their initial disclosures.

For their part, the *Orsi* Plaintiffs knowingly misstate the facts when they assert that "the [D]efendant has refused steadfastly to cooperate in the discovery necessary for this case." Doc. 57 at 3. The Defendant has expended hundreds of hours processing and reviewing thousands upon thousands of documents and items of electronically stored information for discovery. The Defendant has timely and diligently responded in good faith to every interrogatory, request for production, and request for admission that the Plaintiffs have served—providing supplemental responses where continuing review has revealed further documents or electronically stored information responsive to the requests. The *Orsi* Plaintiffs' suggestion to the contrary is wholly false and calculated to mislead the Court.

If the *Orsi* Plaintiffs truly believed that the Defendant had failed to cooperate in discovery, then one would expect them to bring a motion to compel whatever discovery they believed was necessary. Instead, in what is becoming a pattern, the *Orsi* Plaintiffs treat their motion response here as an occasion to introduce impertinent matters by cherry picking items from the Defendant's discovery responses and then misrepresenting them to the Court.

The *Orsi* Plaintiffs claim that the Defendant refuses to admit obvious "foundational" facts. The *Orsi* Plaintiffs' best evidence for this absurd claim is that the Defendant has supposedly denied that the Arkansas Democrat-Gazette is the most "widely circulated" newspaper in the State of Arkansas. Doc. 57 at 2. But that is false. The *Orsi* Plaintiffs requested an admission that the Democrat-Gazette is the most widely *published*—not the most widely *circulated*—newspaper, and the request referred, not to the print edition, but to the online edition. The Defendant reasonably denied the request because the Democrat-Gazette is *not* more widely published online than any other newspaper. Although the *Orsi* Plaintiffs now indicate that they meant to seek a different admission, the Defendant can only respond to the request that the *Orsi* Plaintiffs actually made.

After presenting the newspaper request as their best evidence for the Defendant's supposed lack of cooperation, the *Orsi* Plaintiffs admit that "[t]his fact is not terribly important." Doc. 57 at 2-3. The *Orsi* Plaintiffs then refer to their requests that sought, in violation of the Federal Rules of Civil Procedure, en masse authentication of thousands of pages of documents—documents that they selected from what they suggest is a larger set of documents obtained via a Freedom of Information Act request. The allegation that these documents were obtained by means of a Freedom of Information Act request is very curious. The Defendant has specifically requested that the Plaintiffs produce all documents relevant to this litigation that were obtained pursuant to a Freedom of Information Act request—yet none have been produced. The *Orsi* Plaintiffs' suggestion that these documents were obtained through a Freedom of Information Act request raises the question whether the Plaintiffs have engaged in bad faith refusal to produce the responsive documents.

Finally, the *Orsi* Plaintiffs describe the Defendant's motion to quash as merely rehashing arguments from his motion for a temporary stay. That is false. Oral argument in the *American Legion* case was held after briefing was complete on the motion for a temporary stay. The justices' abiding preoccupation during oral argument on the governing standard for passive displays confirms that that the Supreme Court is set to clarify that standard in its pending decision—which is now only three-to-four months away.

## CONCLUSION

Chief of Staff Boyd and Director Moody would be unduly burdened by being compelled to appear for a deposition during the busiest part of the legislative session without any legitimate justification for conducting them at this time. Further, these depositions are premature and unjustified given the state of this litigation. The Supreme Court is set to clarify the standard governing passive displays soon.

Therefore, the Defendant respectfully requests that the Court quash the *Cave* Plaintiffs' subpoenas.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

/s/ Michael A. Cantrell
Nicholas J. Bronni (2016097)
　Solicitor General of Arkansas
Michael A. Cantrell (2012287)
Dylan L. Jacobs (2016167)
　Assistant Solicitors General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph:　(501) 682-2007
Fax:　(501) 682-2591
Email: Nicholas.Bronni@ArkansasAG.gov

Hiram Sasser
Michael Berry
Lea Patterson
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, TX 75075
Tel: (972) 941-6162
Fax: (972) 423-6162
*hsasser@firstliberty.org*
*mberry@firstliberty.org*
*lepatterson@firstliberty.org*

*Attorneys for Secretary of State John Thurston*

**CERTIFICATE OF SERVICE**

　　I, Michael A. Cantrell, hereby certify that on March 11, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.

　　　　　　　　　　　　　　　　*/s/ Michael A. Cantrell*
　　　　　　　　　　　　　　　　Michael A. Cantrell