# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**DONNA CAVE**, *et al.*,                                                                 **PLAINTIFFS**

**EUGENE LEVY**, *et al.*,                                             **CONSOLIDATED PLAINTIFFS**

**THE SATANIC TEMPLE**, *et al.*,                                                      **INTERVENORS**

v.                              Case No. 4:18-cv-00342-KGB

**JOHN THURSTON**, Arkansas Secretary
of State, in his official capacity                                                                 **DEFENDANT**

## ORDER

Before the Court are the following motions: (1) a motion for temporary stay pending the U.S. Supreme Court's decision in *The American Legion v. American Humanist Association* filed by defendant John Thurston, in his official capacity as Arkansas Secretary of State; (2) Mr. Thurston's motion for leave to file reply brief relating to the motion for temporary stay; (3) Mr. Thurston's motion to quash subpoenas; and (4) Mr. Thurston's motion to file reply brief relating to the motion to quash subpoenas (Dkt. Nos. 46, 53, 54, 61).

The Court grants Mr. Thurston's motion for leave to file reply brief relating to the motion for temporary stay (Dkt. No. 53). The Court also grants Mr. Thurston's motion for leave to file a reply in support of motion to quash (Dkt. No. 61). The Court directs Mr. Thurston to file within ten days from the entry of this Order his proposed reply briefs.

For purposes of resolving the pending motions, the Court has considered the proposed replies. For the following reasons, the Court denies Mr. Thurston's motion for a temporary stay (Dkt. No. 46). Mr. Thurston's motion to quash subpoenas remains under advisement (Dkt. No. 54). The parties are directed to inform the Court in writing within ten days from the entry of this

Order whether the depositions that are the subject of the motion to quash will be or have been rescheduled by agreement.

**I.     Background**

The Court will provide a summary of the procedural history of this case in order to provide context for this Order. Donna Cave, Judith Lansky, Pat Piazza, and Susan Russell (the "*Cave* plaintiffs") filed this action on May 23, 2018, alleging that Mark Martin, in his official capacity as then-Arkansas Secretary of State,[1] violated the Establishment Clause of the First Amendment of the United States Constitution by complying with the Ten Commandments Monument Display Act, Arkansas Code Annotated § 22-3-221, and erecting a permanent monument depicting the Ten Commandments on the grounds of the Arkansas State Capitol (Dkt. No. 1, ¶¶ 2, 74-93). On June 25, 2018, the Court consolidated this action with a similar suit filed by Anne Orsi, American Humanist Association, Freedom From Religion Foundation, Inc., Arkansas Society of Freethinkers, Joan Dietz, Gale Stewart, Eugene Levy, Victor H. Nixon, Teresa Grider, and Walter Riddick (the "*Orsi* plaintiffs") (Dkt. No. 14). On December 17, 2018, the Court entered an Order allowing The Satanic Temple, LLC ("The Satanic Temple"), Douglas Misicko a/k/a "Lucien Greaves," and Erika Robbins to file an amended complaint in intervention in this action (Dkt. No. 38). The amended complaint filed by the intervenors asserts that Mr. Thurston violated the Equal Protection Clause of the Fourteenth Amendment and the Establishment Clause of the First Amendment and seeks as redress either the erection of a Baphomet Monument on, or the removal of the Ten Commandments Monument from, the Capitol grounds (Dkt. No. 40). On January 25,

---

[1] Mr. Thurston is now the duly elected Arkansas Secretary of State, and he has been substituted as the proper party defendant in his official capacity (Dkt. No. 48).

2019, the Court and the parties held a scheduling conference pursuant to Federal Rule of Civil Procedure 16(b).

## II.     Motion For Temporary Stay

In his motion for temporary stay, Mr. Thurston urges the Court to stay this action until the United States Supreme Court issues a decision in *American Humanist Association v. Maryland-National Capital Park and Planning Commission*, 874 F.3d 195 (4th Cir. 2017), *cert. granted*, 139 S. Ct. 451 (Nov. 2, 2018) (No. 17-1717) ("*American Legion*") (Dkt. No. 46). Mr. Thurston argues that the Supreme Court's decision in *American Legion* is likely to clarify or significantly narrow the issues presently before the Court in this action (Dkt. No. 47, at 2-5). Mr. Thurston further asserts that a temporary stay is in the interest of judicial economy because *American Legion* "is likely to significantly narrow the universe of discoverable facts that are relevant to the Establishment Clause analysis." (*Id.*, at 5-7). Finally, Mr. Thurston asserts that the public interest is served by a temporary stay because such a stay will ensure "that the monument is not evaluated under an obsolete legal standard" and because "[t]he taxpayers of the State of Arkansas have an interest in their public servants' making efficient use of their time and taxpayer provided resources." (*Id.*, at 7-9).

Both the *Cave* and *Orsi* plaintiffs have responded in opposition (Dkt. Nos. 50, 51). The *Cave* plaintiffs point out that, in the seven months since the petitioner in *American Legion* filed its petition for *writ of certiorari* in June 2018, Mr. Thurston has failed to raise the issue of a stay, filed answers, participated in the submission of a joint Rule 26(f) report, served initial disclosures, and received and served discovery requests (Dkt. No. 50, at 3-4). Further, the *Cave* plaintiffs argue that a stay is inappropriate because Mr. Thurston has failed to satisfy the substantial showing necessary to support such a request. They contend that his request is not supported simply because

he believes the Supreme Court may issue an opinion in his favor, especially when there is no prejudice to Mr. Thurston if the request for a stay is denied (*Id.*, at 6-7). Additionally, the *Cave* plaintiffs assert that they will be prejudiced by a stay because their alleged harm—direct and unwelcome contact with the Ten Commandments Monument—is ongoing (*Id.*, at 8). Finally, the *Cave* plaintiffs assert that the discovery topics identified in the joint Rule 26(f) report "will be in place regardless of the standard the Supreme Court may articulate" and that, if the *American Legion* decision does provide any guidance, the Court could extend the dispositive motion and trial dates until after the end of the Supreme Court's June 2019 term (*Id.*, at 9-10).

The *Orsi* plaintiffs argue that the *American Legion* case does not establish the need for a stay because the facts of that case are substantially different from the ones at hand (Dkt. No. 52, at 5-6). They also argue that, regardless of the outcome of *American Legion*, it is likely that the holding will retain a "secular purpose" test and that the claims in this case will therefore survive (*Id.*, at 6-10). Like the *Cave* plaintiffs, they also argue that their harm is ongoing, so they will be harmed by a stay (*Id.*, at 10-11). Finally, they assert that they may be deprived of the opportunity to depose witnesses if this case is delayed (*Id.*, at 12).

Mr. Thurston filed a reply, which was attached to his pending motion for leave to file reply brief (Dkt. No. 53). The Court grants Mr. Thurston's motion for leave to file reply brief and has considered the reply attached thereto (*Id.*). Mr. Thurston reiterates his position that *American Legion* will directly impact this litigation (Dkt. No. 53-1, at 2). Mr. Thurston also argues that a new trial date is necessary due to the addition of the intervenors and their equal protection claim (*Id.*, at 3-6). Mr. Thurston further asserts that the *Cave* plaintiffs "admit that *American Legion* is relevant to this consolidated action" and urges the Court to push any dispositive motion deadline until after the Supreme Court rules in *American Legion* (*Id.*, at 7-8). Finally, Mr. Thurston argues

4

that a stay is appropriate because it would end "no more than about four-and-a-half months from now" or from the date briefing was submitted on this issue (*Id.*, at 9).

While the Court has broad discretion to stay discovery under Federal Rule of Civil Procedure 26(c), the Court concludes that a stay is not appropriate at this time. *See Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Courts have used various standards in determining whether to stay discovery, including: (1) whether there is a strong showing that a claim is unmeritorious; (2) the breadth of discovery and burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *Chesney v. Valley Stream Union Free Sch. Dist.*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006). The Court also may consider the interests of the parties and the conservation of judicial resources. *Yaakov v. Varitronics, LLC*, Case No. 14-cv-5008 ADM/FLN, 2015 WL 5092501, at *3 (D. Minn. Aug. 28, 2015) (citing *In re Hanson,* Case No. 13-cv-2991, 2013 WL 6571594, at *1 (D. Minn Dec. 13, 2013); *Asarco LLC v. NL Indus., Inc.*, Case No. 11-cv-864, 2013 WL 943614, at *3 (E.D. Mo. Mar. 11, 2013)). In addition, courts may consider the complexity of the action and the stage of litigation. *Chesney*, 236 F.R.D. at 116; s*ee TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, No. CIV. 13-1356 ADM/FLN, 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013) ("Among other things, district courts have taken a 'peek' at the merits of the pending dispositive motion, considered the breadth of pending discovery, and balanced the harm produced by delaying discovery against the possibility that the entire matter will be resolved by the motion."); *Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008) (identifying three factors a court may use in determining whether a stay is appropriate: "(1) potential prejudice

to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources.").

When considering all of these factors and the filings before the Court, the Court concludes that a stay is not appropriate at this time. The Court declines to speculate on the likely outcome of the Supreme Court's decision in *American Legion*. Even if the Court were certain regarding the outcome of that case, the Court is skeptical that the decision in that case—which appears based upon an Establishment Clause claim—will necessarily affect the scope of discovery in this case, which also includes an Equal Protection Clause claim and appears, at this initial stage of the proceeding at least, to rest on facts very different from the facts underlying *American Legion*.

Regardless of the legal ruling in *American Legion*, it will be necessary for the parties to develop a factual record. No one has argued that *American Legion* will resolve as a matter of law, with no factual record necessary, all legal claims pending in this case. Resolving this case will require applying to the specific facts of this case a legal test that exists or is articulated in the future. Discovery is intended to permit the parties to learn the specific facts underlying the dispute. The Court sees no reason to stay discovery at this stage of the proceeding, especially given the length of time this case has already been pending and the scope and extent of discovery already conducted by agreement by the parties prior to Mr. Thurston's filing of a motion to stay.

Furthermore, the Court does not see how allowing this litigation to proceed would prejudice Mr. Thurston. Facts will need to be discovered and a record developed, regardless of the ruling in *American Legion*. The motion to stay has already been pending several months prior to the Court entering this Order, due to the demands on this Court's docket. The parties may structure the timing and scope of discovery by agreement, thereby avoiding any alleged need for

duplication, and the Court remains available to resolve any specific disputes that arise during discovery.

The Court's declining to stay this case does not necessitate that the parties will be required to submit dispositive motions or conduct a trial prior to the ruling in *American Legion*. At this stage, the Court has issued only an Initial Scheduling Order and proposed a trial date (Dkt. No. 10). Based upon the parties' Federal Rule of Civil Procedure 26(f) report, the parties agreed to very few matters related to pretrial and trial deadlines proposed by the Court (Dkt. No. 32). To date, the Court has not issued a Final Scheduling Order. The Court will address these scheduling issues by separate Order.

Accordingly, for these reasons, the Court finds that a stay is not appropriate at this time.

### III.     Motion To Quash Subpoenas

Kerry Jucas Moody, the Director of Communication and Education for Mr. Thurston, was served with a subpoena on February 22, 2019, to appear at a deposition on March 14, 2019 (Dkt. No. 59). Kelly Boyd, the Chief Deputy for Commissioner of State Lands Tommy Land, was served with a subpoena on February 22, 2019, to appear at a deposition on March 13, 2019 (Dkt. No. 60). Mr. Thurston has moved to quash these subpoenas (Dkt. No. 54). The *Orsi* and *Cave* plaintiffs have responded in opposition (Dkt. Nos. 56, 58). On March 11, 2019, Mr. Thurston filed a motion for leave to file a reply brief (Dkt. No. 61). The Court grants that motion and will consider the reply brief and exhibits attached to the motion for leave to file a reply brief when ruling on the pending motion to quash (Dkt. No. 61-1).

On March 11, 2019, counsel for Mr. Thurston informed the Court that the parties agreed that the depositions of Mr. Boyd and Ms. Moody would not go forward on March 13 and 14 as previously noticed. In that same correspondence, counsel for Mr. Thurston stated that there is no

need for the Court to rule on the motion to quash subpoenas. Counsel for the *Cave* plaintiffs responded that, regardless of whether the noticed depositions went forward as originally planned, the legal issues raised in the motion to quash subpoenas remain unresolved and require resolution by the Court.

At this time, the parties have not informed the Court whether the previously noticed depositions of Mr. Boyd and Ms. Moody have been rescheduled by agreement. Therefore, the Court agrees with the *Cave* plaintiffs that the issues raised in the motion to quash are not yet moot. Accordingly, the motion to quash subpoenas remains under advisement (Dkt. No. 54). The parties are directed to inform the Court in writing within ten days from the entry of this Order whether the depositions of Mr. Boyd and Ms. Moody will be or have been rescheduled by agreement.

### IV. Conclusion

For the reasons discussed above, the Court grants Mr. Thurston's two pending motions for leave to file reply briefs (Dkt. Nos. 53, 61). Mr. Thurston is directed to file his proposed replies within ten days from the entry of this Order. The Court denies Mr. Thurston's motion for temporary stay (Dkt. No. 46). Mr. Thurston's motion to quash subpoenas remains under advisement (Dkt. No. 54). The parties are directed to inform the Court in writing within ten days from the entry of this Order whether the depositions of Mr. Boyd and Ms. Moody will be or have been rescheduled by agreement.

So ordered this the 10th day of May, 2019.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge