**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | |
|---|---|
| **DONNA CAVE,** *et al.*, | **PLAINTIFFS** |
| **ANNE ORSI,** *et al.*, | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE, et al.,** | **INTERVENORS** |
| vs. Case Number: 4:18-cv-00342-KGB | |
| **JOHN THURSTON, Arkansas Secretary of State, in his Official Capacity** | **DEFENDANT** |

**JOINT RULE 26(f) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26.1, the parties jointly submit this Report:

(1) Any changes in timing, form, or requirements of mandatory disclosures under Fed.R.Civ.P. 26(a).

    **No.**

(2) Date when mandatory disclosures were or will be made.

    **The parties already have made their mandatory disclosures under Fed. R. Civ. P. 26(a).**

(3) Subjects on which discovery may be needed.

**Cave Plaintiffs:**

a. **Plaintiffs' past and current exposure to the Ten Commandments Monument**

b. **Plaintiffs' objections to the Ten Commandments monument**

c. **The context and history of other monuments and memorials located at the Arkansas State Capitol**

d. **The context and legislative history of the Ten Commandments Monument Display Act**

e. **Information related to public comments, statements, remarks or announcements related to the Ten Commandments Monument**

f. **Information pertaining to the design, financing, fabrication and/or placement of the Ten Commandments Monument**

g. **The relationship between Defendant and the American History and Heritage Foundation with regard to the creation, construction, ownership and maintenance of the Ten Commandments Monument**

h. **Information relating to the dedication ceremonies for the first and second Ten Commandments Monuments**

**Orsi Plaintiffs:**

a. **Any legislative history of Act 1231 of 2015 and Act 274 of 2017**

b. **The origin and nature of the American History and Heritage Foundation; the legal nature of the foundation; any prior charitable or eleemosynary activities of the foundation; and the source of funds for the erection of the monument in question**

    **c.**    **The source of the artwork found on the monument and the existence of any copyright or trademark on any of the symbols used on the monument**

    **d.**    **Any public comments and statements regarding the monument or any other monuments of religious or non-religious subject matter received by or in possession of the office of the Secretary of State of the State of Arkansas, including but not limited to any information regarding the proposed monuments by the Satanic Temple, the Saline Atheists and Skeptics Society, and the Gold Star Families**

    **e.**    **the media coverage regarding the monument**

    **f.**    **the destruction of the original monument and the stated motivation of the individual responsible for the destruction;**

    **g.**    **the protest connected with the installation of the second version of the monument**

    **h.**    **any affirmative defenses asserted by the defendant.**

**<u>Intervenors</u>:**

    **a.**    **Official copies of public comments on Act 274 of 2017**

    **b.**    **Any public comments on TST's proposal to install the Baphomet monument**

    **c.**    **The complete, official record of TST's proposal to install the Baphomet monument, including without limitation:**

        **i.**    **All communications between TST and any State agency**

        **ii.**    **All attachments to any communication between TST and any State agency, inclusive of:**

            •     **Any applications or proposals**
            •     **Any plans, specifications, or schematics**

        iii.      Any meeting minutes held by any State agency related to the Baphomet monument

        iv.      Copies of emails from Mason Hargett, on behalf of TST, to the various legislators seeking support for the Baphomet monument and any responses

        v.      Any meeting minutes surrounding the above emails

    d.    Any affirmative defenses asserted by the defendant against the complaint in intervention, as amended

**Defendant:**

In addition to some of the subjects listed by the Cave Plaintiffs, the Orsi Plaintiffs, and the Intervenors, the Defendant currently anticipates that the following are among the subjects on which discovery will be needed:

a.    The beliefs, mission, and officers of the institutional Plaintiffs and Intervenors

b.    Relationship between the individual Plaintiffs and Intervenors and the institutional Plaintiffs and Intervenors

c.    The Plaintiffs' and Intervenors' knowledge of and participation in efforts to oppose either the Ten Commandments Monument Display Act, placement of the Ten Commandments monument, or both

d.    The Plaintiffs' and Intervenors' involvement in other First Amendment litigation

e.    The Plaintiffs' and Intervenors' visits to the capitol grounds

f.    The nature and history of the Satanic Temple, including its tenets, activities, and membership

g.    The organizational identity of the Satanic Temple, including its tax status

        **h.**        **The Baphomet statute, its creation, history, and symbolism**

        **i.**        **The Satanic Temple's application for placement of the Baphomet statue**

        **j.**        **The Satanic Temple's unsuccessful efforts to locate a sponsor**

        **k.**        **The elements of the Plaintiffs' and Intervenors' claims**

(4)    Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.

        **Yes.**

If so:

(a)    whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

        **Yes.**

(b)    the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;

        **Not applicable.**

(c)    the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;

        **To be agreed to by the parties.**

(d)     whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

**Yes.**

(e)     other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

**None reasonably anticipated at the present time.**

(5)     Date by which discovery should be completed.

**Cave Plaintiffs, Orsi Plaintiffs and Intervenors:**

**September 18, 2019, as set forth in the Court's Amended Proposed Final Scheduling Order [Doc. 63].**

**Defendant:**

**January 13, 2020, due to the large amount of reasonable discovery remaining regarding the 17 Plaintiffs and Intervenors in this litigation.**

**Defendant respectfully requests that the expert disclosure and report deadline (currently set for the very early date of July 5, 2019) be set not before September 15, 2019.**

(6)     Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.

**Interrogatories:   No changes.**

**Depositions:**

**In addition to the changes set forth below, the parties stipulate to Defendant being able timely to depose each of the named Cave and Orsi Plaintiffs; the named Intervenors; and Mason Hargett, identified by the Satanic Temple.**

**<u>Cave Plaintiffs</u>:** **No more than a total of 15 depositions.**

**<u>Orsi Plaintiffs</u>:** **Acknowledge the need for some number in excess of 10 depositions, and submit that the number of depositions should be unlimited, subject to a motion to quash for abuse. Any necessary depositions can be taken within the time available under the scheduling order.**

**<u>Intervenors</u>:** **Depositions should be limited to one per named party or identified witness, subject to a motion to quash for excessiveness**

**<u>Defendant</u>:** **The Defendant anticipates a need to depose other nonparty witnesses, including the 12 witnesses identified in the Cave Plaintiffs' production and others as yet unidentified.**

(7) Any orders, e.g. protective orders, which should be entered.

**<u>Cave Plaintiffs and Intervenors</u>:**

**None anticipated at the present time.**

**<u>Orsi Plaintiffs</u>:**

**Acknowledge the possibility that a protective order should be entered for any personal, privileged, or confidential information, but otherwise all proceedings should be available and open to the public.**

**Defendant:**

**Due to the large number of Plaintiffs and Intervenors (17) and nonparty witnesses, it will be necessary for the Court to enter an order granting the Defendant leave to exceed the 10-deposition limit under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(a)(2)(A)(i).**

**The Defendant also may require entry of a protective order for information that is privileged, confidential, or otherwise protected from disclosure.**

(8) Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.

**No.**

(9) Any objections to the proposed trial date.

**Cave Plaintiffs, Orsi Plaintiffs and Intervenors:**

**No.**

**Defendant:**

**Trial should be scheduled for April 6, 2020, to accommodate the Defendant's need for reasonable discovery.**

(10) Proposed deadline for joining other parties and amending the pleadings.

> **Cave Plaintiffs, Orsi Plaintiffs and Intervenors:**
>
> > **July 10, 2019 as set forth in the Court's Amended Proposed Final Scheduling Order [Doc. 63].**
>
> **Defendant:**
>
> > **July 10, 2019, with the understanding that if the Court grants the Intervenors' pending motion for leave to amend their complaint, that the Defendant will have the right to file a responsive pleading.**

(11) Proposed deadline for completing discovery. (Note: In the typical case, the deadline for completing discovery should be no later than sixty (60) days before trial.)

> **Cave Plaintiffs, Orsi Plaintiffs and Intervenors:**
>
> > **September 18, 2019, as set forth in the Court's Amended Proposed Final Scheduling Order [Doc. 63].**
>
> **Defendant:**
>
> > **January 13, 2020, due to the large amount of reasonable discovery remaining regarding the 17 Plaintiffs and Intervenors in this litigation.**

(12) Proposed deadline for filing motions other than motions for class certification. (Note: In the typical case, the deadline for filing motions should be no later than sixty (60) days before trial.)

**Cave Plaintiffs, Orsi Plaintiffs and Intervenors:**

**October 3, 2019, as set forth in the Court's Amended Proposed Final Scheduling Order [Doc. 63].**

**Defendant:**

**February 3, 2020. To accommodate the Defendant's need for reasonable discovery.**

(13) Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class ccertification. (Note: In the typical case, the deadline for filing motions for class certification should be no later than ninety (90) days after the Fed.R.Civ.P.26.(f) conference.)

    **Not applicable.**


Respectfully submitted,

LAVEY AND BURNETT

By   *Electronically Approved 06/19/2019*   .
      John L. Burnett (Arkansas Bar No. 77021)
904 West 2nd Street
Little Rock, AR 72201
Telephone:  (501) 376-2269
Facsimile:  (501) 372-1134
E-mail:     jburnett@laveyandburnett.com

*On behalf of the Arkansas Civil Liberties Union Foundation*

GREEN & GILLISPIE

By *Electronically Approved 06/19/2019*          .
      Joshua D. Gillispie (Arkansas Bar No. 2010131)
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
Telephone: (501) 244-0700
Facsimile: (501) 244-2020
E-mail: josh@greenandgillispie.com

*On behalf of the Arkansas Civil Liberties Union Foundation*

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: */s/ Andrew G. Schultz*          .
    Andrew G. Schultz*
    Melanie B. Stambaugh*
P.O. Box 1888
Albuquerque, NM 87103-1888
Telephone: (505) 765-5900
Facsimile: (505) 768-7395
E-mail: aschultz@rodey.com
       mstambaugh@rodey.com

*On behalf of the Arkansas Civil Liberties Union Foundation*

*\* admitted pro hac vice*

*Attorneys for Plaintiffs Donna Cave, Judith Lansky, Pat Piazza and Susan Russell*

BAKER SCHULZE MURPHY AND PATTERSON

By: *Electronically Approved 06/19/2019* .
    J.G. "Gerry" Schulze (Ark. Bar No. 83156)
2311 Biscayne Drive, Suite 300
Little Rock, AR 72227
Telephone: (501) 537-1000
Facsimile: (501) 537-1001
E-mail: gschulze@bsmp.law

*Attorneys for Plaintiffs Anne Orsi, American Humanist Association, Freedom from Religion Foundation, Inc., Arkansas Society of Freethinkers, Joan Dietz, Gale Stewart, Rabbi Eugene Levi, Rev. Victor H. Nixon, Teresa Grider and Walter Riddick*


KEZHAYA LAW PLC

By: *Electronically Approved 06/17/2019* .
    Matthew A. Kezhaya
1202 NE McClain Road
Bentonville, AR 72712
Telephone: (479) 431-6112
Facsimile: (479) 282-2892
E-mail: matt@kezhaya.law

DE HAAN LAW FIRM, PLLC

By: *Electronically Approved 06/17/2019* .
    Stuart P. de Haan
100 N. Stone Avenue – Suite 512
Tucson, AZ 85701
Telephone: (520) 358-4089
Facsimile: (520) 628-4275
E-mail: stu@dehaan@gmail,com

*Attorneys for Intervenors The Satanic Temple, Doug Misicko, aka "Lucien Greaves" and Erika Robbins*

LESLIE RUTLEDGE
Attorney General of Arkansas

By: *Electronically Approved 06/19/2019* .
    Nicholas J. Bronni (2016097)
    Solicitor General of Arkansas

Michael A. Cantrell (2012287)
Dylan L. Jacobs (2016167)
  Assistant Solicitors General
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Telephone: (501) 682-2007
Facsimile: (501) 682-2591
E-mail: Nicholas.Bronni@ArkansasAG.gov

*Attorneys for Defendant Secretary of State John Thurston*

   *Electronically Approved 06/19/2019* .
    Hiram S. Sasser
    Michael D. Berry
    Lea Patterson
First Liberty Institute
2001 West Plano Parkway – Suite 1600
Plano, TX 75075
Telephone: (972) 941-6162
Facsimile: (972) 943-6162
E-mail: hasserm@firstliberty.org
         mberry@firstliberty.org
         leapatterson@firstliberty.org

*Attorneys for Defendant Secretary of State John Thurston*