FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 11 2019
JAMES W. McCORMACK, CLERK
By: DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

DONNA CAVE, ET AL PLAINTIFFS

V. CASE NO.: 4:18-CV-00342-KGB/BD

JOHN THURSTON, ARKANSAS SECRETARY OF STATE, IN HIS OFFICIAL CAPACITY DEFENDANT

**MOTION TO QUASH AND FOR PROTECTIVE ORDER FILED BY NON-PARTY WITNESS SENATOR JASON RAPERT**

**NOW INTO COURT,** through undersigned counsel, comes Movant, Senator Jason Rapert, a non-party witness to events underlying the above-captioned matter, who, pursuant to Federal Rules of Civil Procedure 26(c) and 45, and for the reasons that follow, respectfully requests that this Court (1) quash the subpoena commanding Senator Rapert's attendance at a videotaped deposition noticed for 9:30 a.m. September 12, 2019, and (2) enter a protective order limiting the possession and use of any subsequent videotaped deposition to his personal attorneys and counsel of record in this matter only.

## I. INTRODUCTION

On August 2, 2019, the ACLU, *Cave* Plaintiffs, served a subpoena for Jason Rapert's deposition, but did not request video, nor any documents. *See* Exhibit A. On August 14, 2019, counsel for the *Orsi* Plaintiffs in this matter caused to issue a deposition subpoena and subpoena duces tecum commanding the videotaped testimony of Senator Jason Rapert at 9:30 a.m. on Thursday, September 12, 2019. *See* Exhibit B. Senator Rapert was served with the subpoena on August 20, 2019. As discussed above, Sen. Rapert was also served with a deposition subpoena by the *Cave* Plaintiffs, but that subpoena did not notice the use of videotaping, only audio recording. The Satanic Temple has not served Sen. Rapert with a subpoena to appear at any deposition.

Plaintiffs' counsel were quickly informed that a videotaped deposition was "unusual, unnecessary, and raises concerns about potential harassment of Sen. Rapert."

Counsel for the *Orsi* Plaintiffs indicated that they wished to share it with "out of town counsel who probably won't attend the deposition." Counsel explained that "[v]ideotapes are frequently useful for witness preparation." Counsel for the Satanic Temple indicated that they also desired a videotaped deposition, but have not given any reasons for that desire. *See* Exhibit C.

In the meantime, counsel for Senator Rapert has attempted to negotiate in good faith with Plaintiffs' counsel for a compromise allowing for sharing of a videotaped deposition for the purpose of preparation of this case—the only reason any party has given for videotaping Sen. Rapert's deposition—while protecting Sen. Rapert from harassment due to nonjudicial use of the video. Counsel suggested that the parties agreed to a protective order limiting the possession of the videotape to counsel of record in this matter, and prohibiting further dissemination. Counsel for the *Cave* Plaintiffs indicated that they would agree to such a protective order. *See* Exhibit D.

On September 9, 2019, counsel for Senator Rapert received word from counsel for the Satanic Temple and counsel for the *Cave* Plaintiffs that they will not agree to so limit the use and possession of the videotaped recording of the deposition. Neither party claimed that they would be prejudiced by such a restriction, nor did they explain what nonjudicial purpose for which they intended to use the video of Sen. Rapert's deposition.

Senator Rapert now seeks, and for the reasons that follow should obtain, an order of the Court quashing the subpoena and entering a protective order limiting the possession and use of the videotaped recording to counsel of record in this matter only, other than specific portions of the deposition admitted by the Court at trial in this matter. Pursuant to Federal Rule of Civil Procedure

37(d)(2), Sen. Rapert will not be attending the scheduled deposition, and has notified counsel for Plaintiffs.

## II.   LAW AND ARGUMENT

The Court must quash or modify a subpoena which subjects the deponent to undue burden. Fed. R. Civ. Proc. 45(D)(3)(a)(iv).  Moreover, upon certification that the parties have conferred in good faith in an effort to resolve a discovery dispute, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. Proc. 26(c)(1).  The methods by which the Court may achieve this end include forbidding the discovery, specifying the terms of the discovery, and prescribing a discovery method other than that which the party causing the subpoena to issue has chosen.  Fed. R. Civ. Proc. 26(c)(1)(A)-(C).

Here, undersigned counsel certifies that a good faith effort to resolve this dispute has occurred, but to no avail.  Senator Rapert agreed to a videotaped recording of his deposition on the condition that the videotape be possessed and used by his personal attorneys and counsel of record in this matter only (*i.e.,* not the plaintiffs themselves).  Senator Rapert insisted upon this limitation because of his prior experience with Plaintiffs.  Previously, a recorded interview with Senator Rapert by the producers of the film *Hail Satan?* – a film which stars Mr. Lucien Greaves of The Satanic Temple, a plaintiff herein – featured prominently in the film.  Based upon this and other experiences with Plaintiffs in this matter, Senator Rapert is absolutely convinced that, absent the protective order he now seeks, the videotaped recording of his deposition will be used by Plaintiffs to cause him extreme embarrassment and harassment.  Once the videotape is in Plaintiffs' possession, there will be nothing preventing them from using it for their purposes, including disseminating it widely on the internet, thereby creating countless opportunities for embarrassing

Senator Rapert by cutting and splicing the videotape in as many ways as can be imagined. This possibility, which is a near certainty, is good cause to quash the subpoena as issued and enter a protective order properly limiting the possession and use of the videotape.

District Courts across the country routinely quash and/or modify subpoenas and issue protective orders limiting the possession and use of videotaped depositions. For example, in *Felling v. Knight,* 2001 U.S.Dist. LEXIS 22827 (S.D.Ind. 12/21/01), the Southern District Court in Indiana granted the non-party witnesses' request to seal their videotaped depositions due to potential for embarrassment. In finding good cause for issuing the protective order, the Court recognized that videotaped recordings "are subject to a higher degree of potential abuse than transcripts" because "[t]hey can be cut and spliced and used as 'sound-bites'[.]" *Felling v. Knight* at *9; *see also Hobley v. Burge,* 225 F.R.D. 221 (N.D.Ill. 11/18/04); *Whitaker v. Springettsbury Tp.,* 2010 U.S. Dist. LEXIS 38155 (M.D.Pa. 4/19/10); *Caine v. City of Chi.,* 2012 U.S. Dist. LEXIS 89431 (N.D.Ill. 6/28/12); *Barket v. Clark,* 2013 U.S. Dist. LEXIS 24365 (D.Nev. 2/21/13); *Clark v. Thomas,* 2014 U.S. Dist. LEXIS 78063 (D.Nev. 6/6/14); *Springs v. Ally Fin., Inc.,* 2014 U.S. Dist. LEXIS 182064 (W.D.N.C. 12/2/14); *Springs v. Ally Fin.,* 2015 U.S. Dist. LEXIS 14550 (W.D.N.C. 2/6/15); *Shultz v. Dart,* 2015 U.S. Dist. LEXIS 108520 N.D.Ill. 8/18/15); *Izzo v. Wal-Mart Stores, Inc.,* 2016 U.S. Dist. LEXIS 17701 (D.Nev. 2/2/16). Indeed, it is a "fundamental truth, that broad distribution of video taped discovery materials can be particularly invasive of personal privacy, and may be subject to editing and manipulation in ways which are highly prejudicial[.]" *Whitaker, supra,* at *7-8. Such is absolutely the case where, as here, the parties seeking access to the videotaped recording of Senator Rapert's deposition have a demonstrable history of using videotaped recordings of Senator Rapert to harass and embarrass him in furtherance of their organizational purposes.

Senator Rapert anticipates that his social media commentary about the noticing of his deposition will be used by Plaintiffs to argue that he has waived his privacy and harassment concerns. Nonsense. There is an obvious material distinction between Senator Rapert's social media posts regarding the mere *noticing* of his deposition, on the one hand, and Plaintiffs' anticipated widespread dissemination of the videotape recorded *contents* of Senator Rapert's deposition, on the other. To the extent Plaintiffs advance this argument, it is a red herring that should be ignored.

## III. CONCLUSION

Senator Rapert has attempted, in good faith, to work with Plaintiffs in this matter to provide pertinent witness deposition testimony. Prior experience with Plaintiffs, however, has forced him to insist that the videotaped recording of the deposition be limited to the possession and use of his personal attorneys and counsel of record in this matter only (*i.e.,* not the plaintiffs themselves). This limitation is well within the Court's power to effect and, under the circumstances presented, certainly is warranted.

Respectfully submitted,

Paul Byrd, Bar No. 85020
**Paul Byrd Law Firm, PLLC**
415 N. McKinley Suite 210
Little Rock, AR 72205
Phone: (501) 420-3050
Fax: (501) 420-3128
paul@paulbyrdlawfirm.com

By: ______________________
Paul Byrd, Ark. Bar No. 85020
Attorney for Jason Rapert in his individual capacity.

## CERTIFICATE OF SERVICE

I, Paul Byrd, the undersigned, hereby certify that a true and correct copy of the foregoing is being served upon the following counsel of record via electronic mail on the 11th day of September, 2019:

J.G. "Gerry" Schulze
Baker Schulze Murphy & Patterson
2311 Biscayne Drive, Suite 300
Little Rock, AR 72227
gschulze@b-s-m-law.com

Counsel for Orsi Plaintiffs

John L. Burnett
Lavey & Burnett
904 W. 2nd Street
Little Rock, AR 72201
jburnett@laveyandburnett.com

Counsel for the Cave Plaintiffs

Matthew Kezhaya
1202 NE McClain Rd.
Bentonville, AR. 72712
matt@kezhaya.law

Counsel for the Satanic Temple

Paul Byrd

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Arkansas

Donna Cave, et al.
*Plaintiff*
v.
Thurston
*Defendant*

Civil Action No. 4:18-CV-342 KGB

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Jason Rapert

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Offices of the Arkansas Attorney General<br>323 Center St., Suite 200<br>Little Rock, Arkansas 72201 | Date and Time:<br>09/12/2019 9:00 am |
|---|---|

The deposition will be recorded by this method: strenograph, audio

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/02/2019

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

John L. Burnett

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Donna Cave, et al. , who issues or requests this subpoena, are:

John L. Burnett, 904 West Second Street, Little Rock, AR 72201 jburnett@laveyandburnett.com (501) 376-2269

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit A

Civil Action No. 4:18-CV-342 KGB

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named individual as follows: __________
______________________________________________________________________
______________________________ on *(date)* __________ ; or

☐ I returned the subpoena unexecuted because: ______________________
______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) ***For Other Discovery.*** A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) ***Command to Produce Materials or Permit Inspection.***

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) ***Quashing or Modifying a Subpoena.***

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) ***Claiming Privilege or Protection.***

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Arkansas

DONNA CAVE, et al
*Plaintiff*
v.
JOHN THURSTON, Arkansas Secretary of State, in his Official Capacity
*Defendant*

Civil Action No. 4:18-cv-00342-KGB/BD

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Senator Stanley Jason Rapert

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: ~~Offices of the Arkansas Attorney General, 323 Center~~ Street, Suite 200, Little Rock, AR 72201 | Date and Time: 09/12/2019 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographally and videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Sheet

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/14/2019

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

[signature]
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Anne Orsi, who issues or requests this subpoena, are:

J.G. "Gerry" Schulze, 2311 Biscayne, Suite 300, Little Rock, AR 72227

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit B

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 4:18-cv-00342-KGB/BD

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________
on *(date)* ____________ .

☐ I served the subpoena by delivering a copy to the named individual as follows: ____________
____________________________________________
____________________________ on *(date)* ____________ ; or

☐ I returned the subpoena unexecuted because: ____________________
____________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

____________________________
*Server's signature*

____________________________
*Printed name and title*

____________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).**

**Exhibit 1 to Subpoena Duces Tecum**

1. The corporate documents maintained by the American History and Heritage Foundation (AHHF) in regard to its founding and purpose, including:
    a. Articles of Incorporation
    b. Minutes of the Board of Directors
2. Any documents of the AHHF regarding the erection of a Ten Commandments monument on the state capitol grounds.
3. All financial records of the AHHF reflecting funds raised for the erection of a Ten Commandments monument on the state capitol grounds or the expenditure of any funds for the erection of the Ten Commandments monument on the state capitol grounds.
4. All records reflecting any charitable or eleemosynary activities of the AHHF
5. A copy of all social media posts written by you in your name, the name of the AHHF, or in the name of any pseudonym you use on the Internet, regarding the Ten Commandments monument.
6. Any documentation in your possession supporting the findings of fact in Act 1223, including but not limited to:
    a. The Ten Commandments, found in the Bible at Exodus 20:1-17 and Deuteronomy 5:6-21, are an important component of the moral foundation of the laws and legal system of the United States of America and of the State of Arkansas.
    b. The courts of the United States of America and of various states frequently cite the Ten Commandments in published decisions
    c. The Ten Commandments represent a philosophy of government held by many of the founders of this nation and by many Arkansans and other Americans today, that God has ordained civil government and has delegated limited authority to civil government, that God has limited the authority of civil government, and that God has endowed people with certain unalienable rights, including life, liberty, and the pursuit of happiness;
    d. That the Ten Commandments is one of many sources influencing the development of what has become modern law
    e. That the Ten Commandments is the moral foundation of the law
7. The videotape of the individual or individuals who placed the shroud with a quote from the New Testament over the Ten Commandments monument on or about July 1, 2018.
8. Any videotape of the ceremony held in the State Capitol regarding the gift of $25,000 by persons connected to the movie *God's Not Dead.*
9. Any videotape of any ceremony unveiling either the original or the replacement monument.

**From:** Gerry Schulze <gschulze@b-s-m-law.com>
**Sent:** Friday, August 16, 2019 9:05 AM
**To:** Michael Cantrell
**Cc:** Matthew A. Kezhaya; John Burnett; Joshua Gillispie; Melanie Stambaugh; mmiller@americanhumanist.org; patrick@ffrf.org; stu.dehaan@gmail.com; Nicholas Bronni; Vincent Wagner; Dylan Jacobs; William C. Bird III; gary.sullivan@sos.arkansas.gov; hsasser@firstliberty.org; mberry@firstliberty.org; Lea Patterson; Andrew G. Schultz; Paul Byrd
**Subject:** Re: Subpoena
**Attachments:** Subpoena to Sen. Stanley Jason Rapert 8.14.2019.pdf

Michael:

It has come to my attention that the first Subpoena I prepared had an erroneous date for the deposition. Here is a copy of the corrected version I intend to serve.

I have spoken to Sen. Rapert's personal attorney. I am expecting to hear back from him on whether he can accept service of this subpoena for Sen. Rapert. Acceptance of service does not imply any agreement with the language of the subpoena, particularly the request to record the subpoena on video. I understand that he reserves the right to object to video of the deposition. I would like to videotape the deposition for purposes of sharing it with co-counsel.

I understand that even with that understanding, Mr. Byrd may not be able to accept service for Sen. Rapert. In that case, I will have to attempt to have him served by process server.

Gerry Schulze

Baker Schulze Murphy & Patterson
2311 Biscayne Drive
Ste 300
Little Rock, AR 72227
Tel. (501) 537-1000
Fax (501) 537-1001
gschulze@b-s-m-law.com
gschulze@bsmp.law
www.bsmp.law

On Mon, Aug 12, 2019 at 4:48 PM Michael Cantrell <michael.cantrell@arkansasag.gov> wrote:

> Gerry,
>
> Good afternoon. Concerning the subpoena of Sen. Jason Rapert—I am unable to accept service of it. As I mentioned to you last week, Paul Byrd is his personal attorney, and he would be the appropriate person to contact.



Please note that we object to the videotaping of this deposition, which is unusual, unnecessary, and raises concerns about potential harassment of Sen. Rapert.

Regards,

Mike

**Michael A. Cantrell**

Assistant Solicitor General

Office of Arkansas Attorney General Leslie Rutledge

323 Center Street, Suite 200

Little Rock, Arkansas 72201

Office: 501.682.2401 | Cell: 501.813.0857 | Fax: 501.682.2591

Michael.Cantrell@ArkansasAG.gov | ArkansasAG.gov



**From:** Gerry Schulze [mailto:gschulze@b-s-m-law.com]
**Sent:** Monday, August 05, 2019 2:46 PM
**To:** Matthew A. Kezhaya
**Cc:** Michael Cantrell; John Burnett; Joshua Gillispie; Melanie Stambaugh; mmiller@americanhumanist.org; patrick@ffrf.org; stu.dehaan@gmail.com; Nicholas Bronni; Vincent Wagner; Dylan Jacobs; William C. Bird III; gary.sullivan@sos.arkansas.gov; hsasser@firstliberty.org; mberry@firstliberty.org; Lea Patterson; Andrew G. Schultz
**Subject:** Re: Emails with Kelly Boyd

Ladies and Gentlemen:

1. **Gryder deposition**. I had a minor surgical procedure Friday. I now have a doctor's appointment on the afternoon of August 12. I will be able to attend the depositions set for this week. Other than being a little uncomfortable, I'm fine.

My client, Teresa Gryder, already had something come up that was going to make us have to move her deposition anyway. Now we have two reasons.

2. **Sen. Rapert deposition.** I believe Sen. Rapert's deposition should be videotaped. I also have some documents I'd like for him to bring to his deposition. In order to require him to bring the documents, I need to serve a subpoena duces tecum. Michael, can you serve this for me, or do I need to have it served? I'm attaching the subpoena *duces tecum* and an amended deposition notice. Also, is Sen. Rapert going to ask for his witness fee? I think the witness fee is $40.00, and the mileage, since he's coming from Bigelow, is $46.00.

3. **Orsi deposition.** I'm looking forward to seeing you all at my place on Wednesday at noon. Any special requests, I'll see what we can do.

Gerry Schulze

Baker Schulze Murphy & Patterson

2311 Biscayne Drive

Ste 300

Little Rock, AR 72227

Tel. (501) 537-1000

Fax (501) 537-1001

gschulze@b-s-m-law.com

gschulze@bsmp.law

www.bsmp.law

On Mon, Aug 5, 2019 at 1:07 PM Matthew A. Kezhaya <matt@kezhaya.law> wrote:

See attached for supplemental disclosures pertaining to the State's RFP 6 to intervenors (requesting copies of ESI)

Matthew A. Kezhaya

Kezhaya Law PLC

1202 NE McClain Rd

Bentonville, AR 72712

p: (479) 431-6112

f: (479) 282-2892

e: matt@kezhaya.law

This message may contain confidential or privileged information and was intended for a particular recipient.  If it appears that I sent this to you in error, please inform me and delete this message.

---------- Forwarded message ---------
From: **Doug Mesner** <doug.mesner@gmail.com>
Date: Thu, Jun 27, 2019 at 12:46 AM
Subject: Emails with Kelly Boyd
To: Matthew A. Kezhaya <matt@pinnacle.law>

**From:** Gerry Schulze <gschulze@b-s-m-law.com>
**Sent:** Tuesday, September 10, 2019 10:06 AM
**To:** Paul Byrd
**Cc:** Dylan Jacobs; John Burnett; Andrew G. Schultz; Michael Cantrell; Joshua Gillispie; Melanie Stambaugh; mmiller@americanhumanist.org; patrick@ffrf.org; stu.dehaan@gmail.com; Nicholas Bronni; Vincent Wagner; William C. Bird III; hsasser@firstliberty.org; mberry@firstliberty.org; Lea Patterson; Matthew A. Kezhaya
**Subject:** Re: 4:18-cv-00342-KGB Cave et al v. Thurston - Deposition of Sen. Jason Rapert

Paul,

This issue has shifted a lot over the past week. Again, I had my plans and that's still what I am hoping to do. But I think the Satanic Temple has a point. I think they're right on the law.

Gerry

Baker Schulze Murphy & Patterson
2311 Biscayne Drive
Ste 300
Little Rock, AR 72227
Tel. (501) 537-1000
Fax (501) 537-1001
gschulze@b-s-m-law.com
gschulze@bsmp.law
www.bsmp.law

On Tue, Sep 10, 2019 at 9:49 AM Paul Byrd <paul@paulbyrdlawfirm.com> wrote:

> Gerry,
>
> I worked to solve the issue that you said you had.
>
> Paul Byrd
>
> On Sep 10, 2019, at 9:30 AM, Gerry Schulze <gschulze@b-s-m-law.com> wrote:
>
>> My original plan was to simply send the video to Monica Miller and Patrick Elliott for their review. As of this moment, that is still what I plan to do. But based on what I've seen so far, I've seen no convincing reason that there should be any restrictions on the use of the videotape by any party. I have done my own research, and it looks to me like the Satanic Temple is right on this point. Making video recordings of depositions is increasingly common. The option is ordinarily that of the one paying for the video. I have not seen any legitimate or legally cognizable argument for restricting the use of the videotapes. I see no reason to hamstring ourselves in this case.



Besides, the Satanic Temple people are correct that Sen. Rapert regularly exploits social media to put his ideas forward.  He is not only a public figure, but he seems to go out of his way to make himself the center of controversies, especially on church-state issues.

So I suppose my position is that we cannot agree to any restriction on the use of the videos.

Gerry

Baker Schulze Murphy & Patterson
2311 Biscayne Drive
Ste 300
Little Rock, AR 72227
Tel.  (501) 537-1000
Fax  (501) 537-1001
gschulze@b-s-m-law.com
gschulze@bsmp.law
www.bsmp.law

On Mon, Sep 9, 2019 at 4:52 PM Dylan Jacobs <dylan.jacobs@arkansasag.gov> wrote:

Gerry,

Could you please let us know your clients' position on our protective-order proposal, for the record?  Thank you.

Best,

**Dylan L. Jacobs**

Assistant Solicitor General

Office of Arkansas Attorney General Leslie Rutledge

323 Center Street, Suite 200

Little Rock, Arkansas 72201

Office: 501.682.3661 | Fax: 501.682.2591 | dylan.jacobs@arkansasag.gov | ArkansasAG.gov

**From:** Matthew A. Kezhaya [mailto:matt@kezhaya.law]
**Sent:** Monday, September 09, 2019 3:58 PM
**To:** Dylan Jacobs
**Cc:** John Burnett; Andrew G. Schultz; Michael Cantrell; Joshua Gillispie; Melanie Stambaugh; mmiller@americanhumanist.org; patrick@ffrf.org; stu.dehaan@gmail.com; Nicholas Bronni; Vincent Wagner; William C. Bird III; hsasser@firstliberty.org; mberry@firstliberty.org; Lea Patterson; Paul Byrd; Gerry Schulze
**Subject:** Re: 4:18-cv-00342-KGB Cave et al v. Thurston - Deposition of Sen. Jason Rapert

Dylan,

TST doesn't agree to the protective order.  Videotaping depositions of key witnesses is common practice.  Sen. Rapert's status as a public official does not give him special treatment.  As the Eighth Circuit explained in Jones v. Clinton, 72 F.3d 1354, 1358 (8th Cir.), "[T]he President, **like all other government officials**, is subject to the same laws that apply to all other members of our society."  (emphasis added).

As for the argument that Sen. Rapert is concerned about the potential for harassment, his public social media posts about this case speak for themselves.  For example, Sen. Rapert correctly points out, he is "COMMANDED" by the United States District Court to give the deposition.  He waived his harassment argument by publicly speaking about this case.

I look forward to seeing you all on Thursday.

<image002.png>

Matthew A. Kezhaya

Kezhaya Law PLC

1202 NE McClain Rd

Bentonville, AR 72712

p: (479) 431-6112

f: (479) 282-2892

e: matt@kezhaya.law

This message may contain confidential or privileged information and was intended for a particular recipient. If it appears that I sent this to you in error, please inform me and delete this message.

On Fri, Sep 6, 2019 at 2:44 PM John Burnett <jburnett@laveyandburnett.com> wrote:

Dylan,

The Cave plaintiffs are fine with this; thanks.

John L. Burnett
Lavey and Burnett
904 W.2d St.
Little Rock, AR 72201
(501) 376-2269
Fax: (501) 372-1134

---

NOTICE: This e-mail and any attachments is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, or any attachments hereto, is strictly prohibited. If you receive this e-mail in error, please immediately notify me at (501) 376-2269 and permanently delete the original version and any copy of the email and destroy any printout of it. Thank you for your cooperation.

---

**From:** Dylan Jacobs <dylan.jacobs@arkansasag.gov>
**Sent:** Friday, September 6, 2019 2:10 PM
**To:** Andrew G. Schultz <aschultz@rodey.com>
**Cc:** Michael Cantrell <michael.cantrell@arkansasag.gov>; Matthew A. Kezhaya <matt@kezhaya.law>; John Burnett <jburnett@laveyandburnett.com>; Joshua Gillispie <josh@greenandgillispie.com>;

Melanie Stambaugh <MStambaugh@rodey.com>; mmiller@americanhumanist.org
<mmiller@americanhumanist.org>; patrick@ffrf.org <patrick@ffrf.org>; stu.dehaan@gmail.com
<stu.dehaan@gmail.com>; Nicholas Bronni <nicholas.bronni@arkansasag.gov>; Vincent Wagner
<vincent.wagner@arkansasag.gov>; William C. Bird III <william.bird@arkansasag.gov>;
hsasser@firstliberty.org <hsasser@firstliberty.org>; mberry@firstliberty.org
<mberry@firstliberty.org>; Lea Patterson <lepatterson@firstliberty.org>; Paul Byrd
<paul@paulbyrdlawfirm.com>
**Subject:** Re: 4:18-cv-00342-KGB Cave et al v. Thurston - Deposition of Sen. Jason Rapert

Counsel,

I write in regard to the deposition of Sen. Jason Rapert, currently scheduled for next week, in the above-captioned matter. The Orsi Plaintiffs noted in their subpoena to Sen. Rapert that they wish to videotape the deposition. The subpoena from the Cave Plaintiffs does not provide for video recording, though it is my understanding that the Satanic Temple parties desire the deposition to be videotaped as well.

I understand from Gerry that the Orsi Plaintiffs want a videotaped deposition for the purpose of sharing it between out-of-town counsel who won't be able to attend Sen. Rapert's deposition in person in order to aid in the preparation of this case. I assume the Satanic Temple has similar motivations.

Mike Cantrell previously indicated our objection to a videotaped deposition of Sen. Rapert due to concerns of the potential use of such a recording for harassment. We remain concerned that any video of Sen. Rapert's deposition could be used for various non-judicial purposes, including, for example, harassment or commercial uses.

To balance the utility of sharing deposition testimony between various co-counsel and protecting Sen. Rapert from potential harassment, we suggest a compromise. We are willing to withdraw our objection to a videotaped deposition on the condition that counsel for all parties agree to a protective order specifying that the video may only be shared with counsel of record in this case and may not be further disseminated. That will allow for the use of a video in preparation for trial without allowing any third parties to use a video obtained in civil discovery from a third-party witness for non-judicial purposes. Should portions of the video be admitted at trial and thereby become part of the public record, that restriction would obviously not apply.

Please let me know if you agree with this compromise. If so, we will circulate a draft protective order. Without an agreement restricting any video of Sen. Rapert's deposition to counsel of record in this matter, we will be forced to seek appropriate relief from the court.

Best,


**Dylan L. Jacobs**

Assistant Solicitor General

Office of Arkansas Attorney General Leslie Rutledge


323 Center Street, Suite 200

Little Rock, Arkansas 72201

Office: 501.682.3661 | Fax: 501.682.2591 | dylan.jacobs@arkansasag.gov | ArkansasAG.gov