IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONNA CAVE, et al                                                    PLAINTIFF

V.                          Case No. 4:18-cv-00342-KGB

MARK MARTIN, Arkansas Secretary of State
in his Official Capacity                                    DEFENDANT

## RESPONSE TO MOTION TO QUASH

Plaintiffs, Anne Orsi, Eugene Levy, Gale Stewart, Teresa Grider, the Arkansas Society of Freethinkers, American Humanist Association, and the Freedom from Religion Foundation by and through their attorneys, J.G. "Gerry" Schulze, Monica Miller, and Patrick Elliott, by and through their attorneys, for their Response to Motion to Quash state:

    1.    The Orsi Plaintiffs wish to make a video recording of the deposition of Sen. Jason Rapert so that out-of-state counsel can see the deposition to prepare for further proceedings.

1

2. The witness, Sen. Jason Rapert, seeks to impose limitations on the use of the video of the deposition. Included among the limitations would be that counsel cannot even show the videotape to our clients.

3. The parties have been aware of the possibility of a dispute since the *Orsi* Plaintiffs provided a copy of their Notice of Deposition and Subpoena to the Defendants and to Sen. Rapert's lawyer.

4. The parties discussed some type of agreement that would allow the deposition to go forward without invoking the power of the Court.

5. During that time, Sen. Rapert, through his counsel, never articulated a legal basis for asking for an agreement to restrict use of the video of the deposition. Sen. Rapert voiced concerns that his image might be abused.

6. Sen. Rapert has still failed to articulate a legitimate legal basis for restricting the use of the deposition.

7. In *Felling v. Knight*, 2001 U.S. Dist. LEXIS 22827, The primary case relied on by Rapert, The district court denied a motion to protect the transcripts but granted a motion to permanently protect the videotapes of a deposition. The standard used was "In order to seal any part of the record of a case, the party moving for the protective order must establish that good cause exists" "A finding of good cause must be based on a particular factual

demonstration of potential harm, not on conclusory statements." and "Allegations of general injury are insufficient to constitute good cause; the movant must show that disclosure will cause a clearly defined and serious injury."

8. Sen. Rapert regularly and voluntarily appears in the media and on social media. He is clearly a public figure.

9. This lawsuit involves a matter of public interest.

10. Although the *Orsi* Plaintiffs do not at this point intend to use the video of the deposition for any purpose other than litigation, the *Orsi* Plaintiffs likewise see no reason to submit to unnecessary restrictions which the witness is simply not entitled to demand. Further, the *Orsi* Plaintiffs see no reason to agree to a restriction that prevents counsel from showing the deposition to our own clients. Nor should they be required to anticipate other uses that might be appropriate in order to protect their right to use the deposition.

11. Video recordings of depositions, as the Court knows, are commonplace.

12. The Rules of Civil Procedure have provided since 1993 that testimony may be recorded by audio, audiovisual, or stenographic means. Rule 30.

13. ""A party may generally do what it wants with material obtained through the discovery process, as long as it wants to do something legal." Harris v. Amoco Prod. Co., 768 F.2d 669, 684 (5th Cir.1985).

14. "Courts are especially unwilling to issue a protective order merely to spare the defendant embarrassment where, as here, the defendants are public officials and the issues in the case are matters of public concern." *Morrow v. City of Tenaha Deputy City Marshal Barry Wash.*, 2010 U.S. Dist. LEXIS 106541, *10, 77 Fed. R. Serv. 3d (Callaghan) 966, 2010 WL 3927969 "[i]n cases where issues of strong public interest favoring the free dissemination of discovery materials are at play, the normal practice of not according discovery materials the same degree of access as those filed in connection with trial gives way to a presumption of open inspection." *Id.* at 10-11.

15. Senator Rapert has shown no legitimate basis for special treatment in this case.

WHEREFORE, Sen. Rapert's motion to quash should be denied.

Respectfully Submitted


MONICA L. MILLER
Attorney for Plaintiffs
American Humanist Association
1777 T Street N.W.
Washington, D.C. 20009
Telephone: (202) 238-9088
Facsimile: (202) 238-9003
Email: mmiller@americanhumanist.org
CA Bar: 288343 / DC Bar: 101625

PATRICK C. ELLIOTT
Senior Counsel
Freedom From Religion Foundation
PO Box 750
Madison, WI 53701
(608) 230-8443
WI Bar No. 1074300


Baker Schulze Murphy and Patterson
2311 Biscayne Drive
Suite 300
Little Rock, AR 72227
Telephone: (501) 537-1000
Facsimile: (501) 537-1001
www.bsmp.law



/s/ J.G. "Gerry" Schulze
J.G. "Gerry" Schulze
Attorney at Law
Ark. Bar No. 83156

gschulze@bsmp.law