IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| **DONNA CAVE, JUDITH LANSKY,** <br> **PAT PIAZZA, and SUSAN RUSSELL** | **PLAINTIFFS** |
| | |
| **ANNE ORSI, AMERICAN HUMANIST** <br> **ASSOCIATION, FREEDOM FROM** <br> **RELIGION FOUNDATION, INC.,** <br> **ARKANSAS SOCIETY OF FREETHINKERS,** <br> **JOAN DIETZ, GALE STEWART, RABBI** <br> **EUGENE LEVY, REV. VICTOR H. NIXON,** <br> **TERESA GRIDER, and WALTER RIDDICK** | **CONSOLIDATED PLAINTIFFS** |
| | |
| **THE SATANIC TEMPLE, DOUG MISICKO** <br> **aka "LUCIEN GREAVES," and ERIKA** <br> **ROBBINS** | **INTERVENORS** |
| | |
| v.           No. 4:18CV00342 KGB/BD | |
| | |
| **JOHN THURSTON, Arkansas Secretary of State,** <br> **in his official capacity** | **DEFENDANT** |

**DEFENDANT'S RESPONSE MOTION TO QUASH AND FOR PROTECTIVE ORDER**

Defendant concurs with Jason Rapert's motion to quash and for a protective order, and Defendant respectfully requests that the Court grant that motion. Intervenor-Plaintiffs Satanic Temple and Douglas Misicko aka "Lucien Greaves" have a history of engaging in criminal and harassing behavior directed at third-parties and Rapert in particular. Given that history, Rapert's request for a common restriction on the dissemination of any deposition video is well-founded and ought to be granted. Indeed, underscoring that Plaintiffs intend to use any recording solely for those purposes, Plaintiffs have *not* requested to video record any other depositions. Moreover, two of the three Plaintiff groups have objected to any limitations on the use of the recording despite ostensibly claiming the recording is only necessary so that it can be shared

1

with out of town counsel—a concern easily satisfied by a protective order.  This Court should grant Rapert's motion.

## Background

This lawsuit challenges the presence of the Ten Commandments monument on the grounds of the Arkansas State Capitol.  Three groups of plaintiffs challenge the monument:  the *Cave* Plaintiffs, who filed this case, the *Orsi* Plaintiffs, whose case was consolidated with this one, and Intervenors Satanic Temple, LLC; Douglas Misicko a/k/a "Lucien Greaves;" and Erika Robbins (the "Satanic Temple Intervenor-Plaintiffs").

Discovery has been ongoing in this case for over a year.  *See* DE 32 (filing of parties' 26(f) Report).  In that time, the parties have taken numerous depositions, including several of the plaintiffs, a current employee of Defendant, and a former employee of Defendant.  None of the parties requested that any of these depositions be videotaped.  This includes witnesses Plaintiffs have contended are "among the most knowledgeable about the actions of the Defendant in regard to the placement of the Ten Commandments monument."  DE 57 at 2.

That changed when counsel for the *Orsi* Plaintiffs indicated that they wished to have Rapert's deposition videotaped.  DE 74 at 16.  The *Orsi* Plaintiffs did not explain why videotaping Rapert's deposition is necessary, given that the parties have not conducted *any* videotaped depositions to this point in the case, and there is no indication that Rapert would be unavailable for trial, should his testimony be relevant.  The *Cave* Plaintiffs made no demand for a videotaped deposition in their subpoena for Rapert. DE 74 at 7.  The Satanic Temple Intervenor-Plaintiffs have *not* served Rapert with any deposition subpoena.

Prior to Rapert being served with any deposition subpoena, counsel for Defendant notified counsel for the *Orsi* Plaintiffs that a videotaped deposition of Rapert is "unusual,

unnecessary, and raises concerns about potential harassment of Sen. Rapert." DE 74 at 15. In response, counsel for the *Orsi* Plaintiffs indicated "that there are out of town counsel who probably won't attend the deposition but--depending on how things go--may well be here for trial. Videotapes are frequently useful for witness preparation and cross-examination." To date, that is the only justification any party has given for seeking to videotape Rapert's deposition. That reasoning, of course, applies to every witness in this case, given the numerous out-of-state counsel who have entered appearances in this matter. Yet the *Orsi* Plaintiffs have only sought a videotaped deposition as to Rapert. As to the potential for harassment, counsel responded: "If you'd let me know what your concerns are, perhaps we could address them. I don't think that the mere fact that he's a public figure ought to give him any privilege not to be videotaped."

Counsel for Defendant reached out to the other parties to attempt to negotiate an agreement that could accommodate the *Orsi* Plaintiffs' claimed need to share a deposition video between co-counsel, while protecting Rapert from potential harassment due to misuse of a video recording. Defendant reiterated concerns "that any video of Sen. Rapert's deposition could be used for various non-judicial purposes, including, for example, harassment or commercial uses." DE 74 at 22. To ameliorate these concerns, Defendant suggested as a compromise "that counsel for all parties agree to a protective order specifying that the video may only be shared with counsel of record in this case and may not be further disseminated. . . . Should portions of the video be admitted at trial and thereby become part of the public record, that restriction would obviously not apply." *Id.*

Counsel for the *Cave* Plaintiffs quickly agreed to this proposal. DE 74 at 21. But counsel for the Satanic Temple Intervenor-Plaintiffs indicated on September 9, 2019, that they did not. They gave no particular reason for wanting a video recording of Rapert's deposition

beyond their claim that "[v]ideotaping depositions of key witnesses is common practice," despite neither requesting videotaping of any other deposition in this matter nor serving Rapert with their own deposition subpoena.  DE 74 at 20.  As to Rapert's concerns of harassment, the Satanic Temple Intervenor-Plaintiffs claimed, without citation to any authority, that Rapert "waived his harassment argument by publicly speaking about this case," including a screenshot of a Facebook post by Rapert discussing the fact that he is being deposed in this case.  *Id*.  They indicated in telephone conversations that they intended to bring Douglas Misicko aka "Lucien Greaves" to the deposition and, at one point, suggested that they would bring members of the media as well.

Counsel for the *Orsi* Plaintiffs likewise disagreed with any restrictions on the dissemination of the deposition video—though they waited until September 10, 2019 to notify the parties and counsel for Rapert.  While the *Orsi* Plaintiffs claimed that their intent remained simply to share the video among co-counsel, they argued that there should not "be any restrictions on the use of the videotape by any party," and that they "see no reason to hamstring [them]selves in this case."  DE 74 at 1.  They did not explain how a protective order allowing them to use the video for the sole purpose they claim to seek it for would "hamstring" them.

After it became clear that counsel for the *Orsi* and Satanic Temple Intervenor-Plaintiffs would not agree to any restrictions on the use of a video of Rapert's deposition, Rapert filed the instant motion to quash/protective order.  DE 74.  He seeks an order restricting the dissemination of any videotape of his deposition to counsel of record in this case, save for any portions of his

4

deposition which are admitted at trial and become judicial records.[1]  His motion should be granted.

## Argument

Federal Rule of Civil Procedure 26(c) authorizes the issuance of a protective order when the moving party shows "good cause."  Fed. R. Civ. P. 26(c)(1).  "Good cause" includes protecting a witness "from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*  The Supreme Court has long recognized that "pretrial discovery by depositions . . . has a significant potential for abuse" "may seriously implicate privacy interests of litigants and third parties." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35 (1984).  And courts have long recognized that videotapes of depositions "are subject to a higher degree of potential abuse than transcripts." *Felling v. Knight*, 2001 WL 1782360, at *2 (S.D. Ind. Dec. 21, 2001) (granting protective order as to videotape of deposition).

The Eighth Circuit in particular has cautioned that "courts should avoid becoming the instrumentalities of commercial or other private pursuits" by allowing unfettered access to videotapes of deposition testimony.  *United States v. McDougal*, 103 F.3d 651, 685 (8th Cir. 1996).  The Supreme Court has similarly acknowledged that courts have "a responsibility to exercise informed discretion as to release" of potentially sensitive discovery materials due to the "danger that the court could become a partner in the use of the subpoenaed material 'to gratify private spite or promote public scandal,' with no corresponding assurance of public benefit." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 603 (1978) (quoting *In re Caswell*, 18 R.I.

---

[1] Contrary to the *Orsi* Plaintiffs claims, such an order would not necessarily prohibit counsel for Plaintiffs from showing the videotape to their clients.  *See* DE 75 at ¶ 2.  The protective order could easily provide for the viewing of the deposition video by the parties, so long as possession of the video is retained by counsel of record and their staff.

835, 836, 29 A. 259 (1893)); *see also Pailsey Park. Ent., Inc. v. Uptown Productions*, 54 F. Supp. 2d 347, 349 (S.D.N.Y. 1999) (noting that the changed in the Federal Rules to "permit videotaped depositions . . . was not intended to be a vehicle for generating content for broadcast and other media.").

While it is true, as the Satanic Temple Intervenor-Plaintiffs point out, that video depositions are increasingly common, it likewise common for courts to enter protective orders to prevent them from being used for improper purposes.  As one court recently noted, recent years have "seen the explosive growth of social media and internet opportunities to broadcast portions of video recordings. Once a video is put on the internet, it is virtually impossible to remove completely." *Shultz v. Dart*, 2015 WL 4934552, at *3 (N.D. Ill. Aug. 18, 2015).  "The significant potential for misuse and annoyance constitute good cause to issue a protective order" restricting dissemination of video recordings. *Id*.  It is for these reasons that courts regularly enter protective orders restricting the use of videotapes of depositions.  *See, e.g., Barket v. Clark*, 2013 WL 647507, at *3-4 (D. Nev. Feb. 21, 2013) (prohibiting "either party from publicly disseminating, on the internet or otherwise, the depositions of the parties taken in this action"); *Caine v. City of Chicago*, 2012 WL 13059125, at *2 (N.D. Ill. June 28, 2012) (granting protective order limiting access to deposition video); *Whitaker v. Springettsbury Tp.*, 2010 WL 1565372, at *4 (M.D. Pa. 2010) (restricting dissemination of deposition video); *Stern v. Cosby*, 529 F. Supp. 2d 417, 423 (Dec. 12, 2007) (granting protective order prohibiting release of deposition video); *Larson v. American Family Mutual Ins. Co.*, 2007 WL 622214, at *1 (D. Colo. Feb. 23, 2007) (limiting video of deposition "for any purpose unrelated to this lawsuit, unless that portion of the deposition is admitted at trial").

Good cause exists for a protective order here. There is no doubt that allowing unfettered dissemination of any video of Rapert's deposition will subject him to "annoyance, embarrassment, oppression," and harassment. Fed. R. Civ. P. 26(c). To be clear, Rapert is not seeking a protective order due to his status as a public official, as the Satanic Temple Intervenor-Plaintiffs appear to claim, although it is certainly relevant to potential harassment. Rapert may face. DE 76 at 3. Nor are public comments he has made regarding this case, or any other issues, relevant for the inquiry into whether good cause exists for a protective order. Rapert is not seeking to "control" "the public narrative" regarding this case or any of the Satanic Temple's activities; the parties in this case remain free to publicly comment on any matters they wish. Nor is Rapert seeking to "withhold from the public what" is said in his deposition. *Id.* at 5. The transcript of Rapert's deposition would be unaffected by any protective order entered. Rather, Rapert is seeking the narrow relief of a protective order preventing dissemination of the video of his deposition outside of this case due to concerns of harassment.

As it is currently presiding over a separate case centering on Rapert's prominent social media presence, this Court is familiar with the harassment Rapert is regularly subjected to due to his status as a public official and Christian minister. *See American Atheists, Inc., et al v. Rapert*, No. 4:19-cv-00017-KGB, DE 25-3 (fifty pages of examples of social media harassment). Indeed, to be convinced of the likelihood of a videotape of Rapert's deposition being used for harassing purposes, one need look no further than the plaintiffs in this case. The Satanic Temple Intervenor-Plaintiffs in particular have a notoriously antagonistic relationship with Rapert, as a brief perusal of their social media posts shows:



https://twitter.com/LucienGreaves/status/768591341223903232



https://twitter.com/LucienGreaves/status/674655802465132545



https://twitter.com/LucienGreaves/status/948097499625074690

Further proof of the harassing motivations for use of Rapert's deposition videotape is that Intervenor-Plaintiff Douglas Misicko, aka "Lucien Grieves," is set to personally attend Rapert's deposition. Misicko has not attended any other deposition in this matter, and has not requested that any other deposition be videotaped.

If there were any doubt as to the risk of a videotaped deposition being "subject to editing and manipulation in ways which are highly prejudicial," *Whitaker*, 2010 WL 1565372, at *3, one need look no further than what the Satanic Temple has already made a practice of with mere access to still photos of Rapert:

[2]

https://twitter.com/satanic_temple_/status/1093243281021067264

Douglas Misicko aka "Lucien Greaves" has engaged in similar practices:

---

[2] In case the screenshot is not clear, the Satanic Temple's tweet contains a photo of Rapert, edited to make it appear that he is eating a baby.



https://www.facebook.com/pg/lucien.greaves/about/

And the Court can be certain that the Satanic Temple parties (having given no reason for needing a videotape of Rapert's deposition) plan to use it for commercial endeavors. Footage of Rapert is already prominently featured in the Satanic Temple's recent film, "*Hail Satan?*" *See* Official Trailer, https://youtu.be/27RtJp-rhHk?t=62. The Satanic Temple should not be given free rein to use hours of deposition video for similar endeavors.

The threat of harassment to Rapert is in no way limited to the Satanic Temple Intervenor-Plaintiffs. On the contrary, the *Orsi* Plaintiffs, the only other group of parties to request a videotaped deposition, raise similar concerns. Like the Satanic Temple, Plaintiff Anne Orsi has used photos of Rapert on social media to harass him. *See, e.g.,* Ex. A (social media post describing Rapert as "this idiot"). And the Freedom From Religion Foundation, another of the *Orsi* Plaintiffs, is associated with a convicted criminal and serial harasser of Rapert. Stephane Ferry was convicted, first in 2018 and again last month, for filing a false police report in which he claimed that Rapert threatened him. *See* Faulkner Cty. Cir. Ct. Case No. 23CR-18-1017. He was sentenced to 90 days in jail. *See id.*, Order dated Aug. 27, 2019. Just last year, Ferry—in a YouTube video regarding Rapert—was purporting to raise money for the Freedom From

10

Religion Foundation.  *See* https://www.youtube.com/watch?v=zXcOyJ50wFU (video description).

Even this relatively small subset of the harassment that Rapert regularly faces suffices to show that a protective order restricting the dissemination of his deposition video is warranted. Not only do the very plaintiffs in this case have a history of harassing conduct targeting Rapert (to say nothing of the untold third parties who could potentially access deposition video without a protective order), they have not disclaimed any intent to use Rapert's deposition video for non-judicial purposes or share it with third parties who wish to do so.  While the *Orsi* Plaintiffs at first claimed only to want a videotaped deposition for the ease of trial preparation, that is belied by their insistence that restrictions on disseminating the video would "hamstring" them.  The Satanic Temple Intervenor-Plaintiffs have not specified their purpose in videotaping Rapert's deposition, nor have they disavowed any desire to use the video in their various social media campaigns harassing Rapert.

A protective order restricting the dissemination of any videotape of Rapert's deposition appropriately balances the interests at stake.  On the one hand, the Federal Rules of Civil Procedure dictate that witnesses, especially nonparty witnesses like Rapert, must be protected from annoyance and harassment effected via civil discovery.  A protective order would freely allow use of the video for judicial purposes: trial preparation, sharing between out-of-town co-counsel, even its use at trial, should it be offered and admitted as evidence.  The *Orsi* and Satanic Temple Intervenor-Plaintiffs have no interest in using a videotape of Rapert's deposition beyond these purposes.

**Conclusion**

For these reasons, this Court should join the numerous courts around the country that have entered protective orders to prevent harassment of witnesses due to the non-judicial use of deposition video.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

Nicholas J. Bronni (2016097)
  Solicitor General of Arkansas
Vincent M. Wagner (2019071)
  Deputy Solicitor General
Michael A. Cantrell (2012287)
Dylan L. Jacobs (2016167)
  Assistant Solicitors General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph:    (501) 682-2007
Fax:   (501) 682-2591
Email: Dylan.Jacobs@ArkansasAG.gov

*Counsel for Defendant*