IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONNA CAVE, et al                                                    PLAINTIFF

V.                              Case No. 4:18-cv-00342-KGB

MARK MARTIN, Arkansas Secretary of State
in his Official Capacity                                          DEFENDANT

### BRIEF IN SUPPORT OF
### MOTION TO COMPEL PRODUCTION OF DOCUMENTS
### DIRECTED TO SENATOR JASON RAPERT

Rule 45 allows a party to subpoena documents in the  "possession, custody, or control" of a non-party. Fed. R. Civ. P. 45(a)(1)(A)(iii). "[T]he documents, however, need not be in the "physical possession of the non-party from whom discovery is sought. *S.E.C. v. Credit Bancorp, Ltd.*, 194 F.R.D. 469, 471 (S.D.N.Y. 2000). Instead, courts have construed "control" broadly so as to permit discovery from a non-party with "the legal right, authority, or practical ability to obtain the materials sought upon demand." *In re: Application of Passport Special*

1

*Opportunities Master Fund, LP for an Order Compelling Compliance with a Subpoena Issued to Deloitte Touche Tohmatsu Ltd. Pursuant to 28 U.S.C. § 1782.*, No. 16 MISC. 33(PAE), 2016 WL 844833, at 3 (S.D.N.Y. Mar. 1, 2016).

"The law recognizes no distinction between constructive possession, with control, and physical possession, as a basis for a subpoena to compel production, so that such process directed to and served upon an owner, who is in constructive possession and control, is as legally capable of commanding the production of his books and papers as is one against a third party, who is in physical possession of them for him." *Schwimmer v. United States*, 232 F.2d 855, 860 (8th Cir. 1956)

Frankly, this is not a controversial question of law.  Detailed research and briefing should be unnecessary.  A witness may not dodge a subpoena duces tecum on the grounds he does not have the documents sought in his personal possession. The question is control.

Control is defined as the legal right to obtain documents upon demand." *Id*. (quotation marks omitted). Thus, a corporate party may be ordered to produce documents held by a subsidiary that is not a party to the action on the grounds that such documents are subject to the "effective control" of the parent. *United States v. Faltico*, 586 F.2d 1267, 1270 (8th Cir.1978). Even documents held by a parent company have been held to be within the "control" of a subsidiary when there is a sufficiently "close nature" in the actual corporate relationship. *Japan Halon Co. v. Great Lakes Chem. Corp.*, 155 F.R.D. 626, 627 (N.D.Ind.1993). "The control analysis for Rule 34 purposes does not require the party to have actual managerial power over the foreign corporation, but rather that there be close coordination between them."

*Afros S.P.A. v. Krauss–Maffei Corp.*, 113 F.R.D. 127, 129
(D.Del.1986).4 In addition, " '[c]ontrol' may be established by the
existence of a principal-agent relationship." *Allen v. Woodford*, 2007
WL 309945, at *2 (E.D.Cal. Jan. 30, 2007).

*St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 638 (D. Or. 2015)

Senator Rapert should be required to produce the following documents:

a. Any documents of the AHHF regarding the erection of a Ten

Commandments monument on the state capitol grounds.

b. All financial records of the AHHF reflecting funds raised for the

erection of a Ten Commandments monument on the state capitol

grounds or the expenditure of any funds for the erection of the Ten

Commandments monument on the state capitol grounds.

WHEREFORE, Senator Rapert should be compelled to produce the

documents listed above.

Respectfully Submitted

MONICA L. MILLER
Attorney for Plaintiffs
American Humanist Association
1777 T Street N.W.
Washington, D.C. 20009
Telephone: (202) 238-9088
Facsimile: (202) 238-9003
Email: mmiller@americanhumanist.org
CA Bar: 288343 / DC Bar: 101625

PATRICK C. ELLIOTT
Senior Counsel
Freedom From Religion Foundation
PO Box 750
Madison, WI 53701
(608) 230-8443
WI Bar No. 1074300


Baker Schulze Murphy and Patterson
2311 Biscayne Drive
Suite 300
Little Rock, AR 72227
Telephone: (501) 537-1000
Facsimile: (501) 537-1001
www.bsmp.law



/s/ J.G. "Gerry" Schulze
J.G. "Gerry" Schulze
Attorney at Law
Ark. Bar No. 83156
gschulze@bsmp.law

4