

Gerry Schulze <gerrysch@b-s-m-law.com>

## Cave v. Thurston, United States District Court No. 4:18CV00342 KGB/BD
1 message

**Gerry Schulze** <gschulze@b-s-m-law.com>  Mon, Sep 16, 2019 at 4:52 PM
To: Dylan Jacobs <dylan.jacobs@arkansasag.gov>, Paul Byrd <paul@paulbyrdlawfirm.com>
Cc: Michael Cantrell <michael.cantrell@arkansasag.gov>, "Andrew G. Schultz" <aschultz@rodey.com>, John Burnett <jburnett@laveyandburnett.com>, Josh Gillispie <josh@greenandgillispie.com>, Melanie Stambaugh <MStambaugh@rodey.com>, gary.sullivan@sos.arkansas.gov, Nicholas Bronni <nicholas.bronni@arkansasag.gov>, "Hiram S. Sasser III" <hsasser@firstliberty.org>, Lea Patterson <lepatterson@firstliberty.org>, "Michael D. Berry" <mberry@firstliberty.org>, Vincent Wagner <vincent.wagner@arkansasag.gov>, Anna Williams <ajw072767@gmail.com>, Matthew Kezhaya <matt@kezhaya.law>, "Stuart de Haan, Esq." <stu.dehaan@gmail.com>

Dear Dylan and Paul:

**Documents of the American History and Heritage Foundation:** I am hereby requesting that you voluntarily produce documents in the possession of the American History and Heritage Foundation requested in the Subpoena Duces Tecum served upon Sen. Rapert. Your objection, that I had only served Sen. Rapert in his individual capacity, and not as president of the American History and Heritage Foundation is without merit. We all know that Rule 45 allows me to subpoena documents in the "possession, custody, or control" of a non-party. Fed. R. Civ. P. 45(a)(1)(A)(iii). We also know that "the documents, however, need not be in the "physical possession of the non-party from whom discovery is sought. S.E.C. v. Credit Bancorp, Ltd., 194 F.R.D. 469, 471 (S.D.N.Y. 2000). Instead, courts have construed "control" broadly so as to permit discovery from a non-party with "the legal right, authority, or practical ability to obtain the materials sought upon demand." *In re: Application of Passport Special Opportunities Master Fund, LP for an Order Compelling Compliance with a Subpoena Issued to Deloitte Touche Tohmatsu Ltd. Pursuant to 28 U.S.C. § 1782.*, No. 16 MISC. 33(PAE), 2016 WL 844833, at *3 (S.D.N.Y. Mar. 1, 2016). That's a case I found after about a minute of researching.

Ordinarily, the burden would be on me to show that Sen. Rapert had the legal right or practical ability to obtain the materials sought upon demand, but that has been resolved in this case as Sen. Rapert admitted under oath that he could obtain the records.

Please consider this the good faith effort to resolve this dispute before I request that the Court get involved.

**Traditional use of video deposition**: I would like to provide this video deposition to my co-counsel and to have the right to use it in the ordinary course of preparation. Please let me know whether you have any objection to *that* use of the video. I intend to file both a more detailed response to Sen. Rapert's motion and a separate motion to allow me to use the video for traditional legal purposes. Those traditional purposes would include showing the video to my clients.

**Non-traditional use of video deposition:** Sen. Rapert has accused me of engaging in an "anti-Christian inquisition" against him "in the guise of a Federal Court Deposition. That is particularly inappropriate because some of my clients are Christian. One of my clients is Jewish. It is also inappropriate because the use of the word "inquisition," particularly when used by a Christian against a non-Christian [Sen. Rapert learned of my religious affiliation while we were off record] has a particularly distasteful historical meaning. Further, his suggestion that I am unfamiliar with the Christian or Hebrew scriptures is simply false. As you know, my original plan was always a "traditional" use of the video deposition. I objected to any restrictions, however, because I could not foresee any other use that might be appropriate. Sen. Rapert has borne false witness against me. I did not conduct an inquisition. I took a deposition. The video will bear out that my questioning was appropriate for the circumstances. I should be allowed to use the deposition to defend myself from his accusation. If there was ever a good faith basis for your motion to prevent or restrict dissemination of the videotape of Sen. Rapert's deposition, that basis has now evaporated. Under the circumstances, I ask that you withdraw your motion.

Gerry Schulze
Baker Schulze Murphy & Patterson
2311 Biscayne Drive
Ste 300
Little Rock, AR 72227
Tel. (501) 537-1000
Fax (501) 537-1001
gschulze@b-s-m-law.com
gschulze@bsmp.law

**Exhibit 2**

Baker Schulze and Murphy Mail - David M. Knutson, United States District Court No. 4:18CV00342 KGB/BD

Case 4:18-cv-00342-KGB Document 81-2 Filed 09/23/19 Page 2 of 2

www.bsmp.law

---


**Rapert 9.13.2019.pdf**
186K