UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**DONNA CAVE, ET AL**                                                                                          **PLAINTIFFS**

**V.**                              **CASE NO.: 4:18-CV-00342**

**JOHN THURSTON, ARKANSAS SECRETARY OF STATE,**
**IN HIS OFFICIAL CAPACITY**                                                         **DEFENDANT**

## MEMORANDUM IN OPPOSITION
## TO MOTION TO COMPEL

**MAY IT PLEASE THE COURT:**

Jason Rapert, a non-party witness to events underlying the above-captioned matter, appears now to file, through undersigned counsel, this Memorandum in Opposition to Motion to Compel Production of Documents filed by Plaintiffs herein.

### I.      FACTUAL BACKGROUND

Plaintiffs issued a subpoena duces tecum to Jason Rapert, in his individual capacity, to appear and produce documents, most of which were under the custody and control of the American History and Heritage Foundation (hereinafter "Foundation"), at a deposition held on September 12, 2019. Jason Rapert appeared as commanded by subpoena and produced those documents which were under his custody and control and which also were publically available. However, Mr. Rapert filed objections to the production of certain other documents which were not in his custody and control and which were not publically available. *See* Rec. Doc. No. 79-2.

In response, Plaintiffs filed the instant motion, seeking production of "any documents of the [Foundation] regarding the erection of a Ten Commandments monument on the state capitol grounds", as well as "all financial records of the [Foundation] reflecting funds raised for the erection of a Ten Commandments monument on the state capitol grounds or the expenditure of

any funds for the erection of the Ten Commandments monument on state capitol grounds." *See* Rec. Doc. No. 80, p. 3. Jason Rapert opposes Plaintiffs' motion as follows.

**II. LAW AND ARGUMENT**

Plaintiffs challenge Jason Rapert's objections to Requests for Production Nos. 2 and 3. *See* Rec. Doc. No. 79-2. Request No. 2 seeks Foundation documents "regarding the erection of a Ten Commandments monument on the state capitol grounds." Mr. Rapert objected and referred Plaintiffs to the documents responsive to their request which are publicly available by request of the Capitol Commission. In response to Plaintiffs' motion, Jason Rapert has requested the documents from the Capitol Arts and Grounds Commission (that Plaintiffs themselves could and ought to have requested), and will be produce them upon receipt.

Request No. 3 seeks Foundation financial records "reflecting funds raised […] or the expenditure of any funds for the erection of the Ten Commandments monument on the state capitol grounds." Jason Rapert objected and referred Plaintiffs to the information which is responsive to the fundraising part of their request by accessing the Foundation's GoFundMe webpage. In response to Plaintiff's motion, Mr. Rapert has accessed the Foundation's GoFundMe webpage (which Plaintiffs themselves could and ought to have accessed), printed the pages containing the fundraising information Plaintiffs seek, and produces them now in connection with filing this opposition.[1]

The Capitol Commission filings should contain Foundation documents regarding the erection of the Ten Commandments monument. The GoFundMe webpage contains information regarding Foundation fundraising efforts. Regardless, Plaintiffs likely will seek, through Mr. Rapert, production of any internal Foundation documents regarding these topics, if such exist.

---

[1] *See* Exhibit A, Foundation's Fundraising GoFundMe Webpage.

They also seek Foundation documents regarding expenditure of funds regarding the Ten Commandments monument. Jason Rapert, however, does not have custody of these documents. For that reason, and also because a qualified associational privilege over the documents exists, Mr. Rapert should not be required to produce them.

> A. <u>Jason Rapert Does Not Have Custody Or Control Over The Foundation Documents Sought To Be Produced.</u>

Plaintiffs argue that Jason Rapert, as President of the Foundation, has constructive possession over the Foundation's documents such that he can be deemed to have the "control" necessary to require him to produce them. Plaintiffs' brief discussion of the legal concept of "control", however, is limited to quotations from a case which describe the relationships between a corporation and its subsidiary, and principal-agent relationships, situations which clearly have no application in this circumstance

Jason Rapert is an officer and member of the board of the Foundation. He is not its subsidiary. He is not the sole member of its board of directors. He has no authority to turn over the Foundation's internal documents, financial or otherwise, absent approval of the Foundation acting through its board of directors. Far from "dodging" the subpoena duces tecum, as Plaintiffs snidely suggest, Jason Rapert produced those materials which he had in his possession and which he believed he had the authority to produce.

Jason Rapert is not "dodging" anything. He merely is respecting the limits of his authority over documents and information which not only does he not "possess" in a strict sense of that word, but also does not have a *right* to possess and disclose absent approval of the Foundation.

> B. <u>A Qualified Associational Privilege Over The Documents Exists To Prevent Their Production by Jason Rapert.</u>

If Jason Rapert, as the Foundation's President, is deemed to have sufficient control over the Foundation's documents such that he must produce them, the Court still should not require him to do so on the basis of the Foundation's qualified associational privilege over the documents. "It is well-settled law that the First Amendment creates a qualified associational privilege from disclosure of certain information.  If the discovery request adversely affects an organization's and/or its members' mission of advocacy and chills their ability to freely speak or to associate, the associational privilege may attach.  Should there be any showing of reasonable probability that compelling disclosure will lead to some form or specter of harassment, threat, or reprisal of the organization and/or its members, such commanded disclosure runs afoul of the First Amendment." *Sherwin-Williams Co. v. Spitzer*, 2005 U.S. Dist. LEXIS 18700, *13-14 (N.D.N.Y. Aug. 24, 2005) (citing *Buckley v. Valeo,* 424 U.S. 1, 74 (1976)).

Moreover, the associational privilege exists to prevent compelled disclosure of financial receipts and expenditures of an organization for purposes of its mission and political activity. *See, e.g.*, *Brown v. Socialist Workers '74 Campaign Comm.*, 459 U.S. 87, 98 (1982) ("Compelled disclosure of the names of such recipients of expenditures could therefore cripple a minor party's ability to operate effectively and thereby reduce the free circulation of ideas both within and without the political arena"); *id.* (holding that organization could not be forced to turn over financial records concerning its political activities).

Here, requiring production of the Foundation's internal documents relating to building and financing the Ten Commandments monument is an impermissible infringement on the organization's and its members' association and free speech rights under the First Amendment. Disclosure of such documents will adversely affect the Foundation's mission and chill its ability to speak freely and associate going forward.

4

### III. CONCLUSION

For these reasons, Jason Rapert respectfully requests that the Court the Motion to Compel Production of Documents filed by Plaintiffs.

    Respectfully submitted,

    Paul Byrd, Bar No. 85020
    **Paul Byrd Law Firm, PLLC**
    415 N. McKinley Suite 210
    Little Rock, AR 72205
    Phone: (501) 420-3050
    Fax: (501) 420-3128
    paul@paulbyrdlawfirm.com

By:   /s/ Paul Byrd_____
       Paul Byrd, Ark. Bar No. 85020
       Attorney for Jason Rapert in his individual capacity.

### **CERTIFICATE OF SERVICE**

I hereby certify that I, Paul Byrd, submitted for filing the foregoing document by uploading it to the Court's ECF system. The ECF system send automated notice to all counsel of record.

By:   /s/ Paul Byrd_____
       Paul Byrd, Ark. Bar No. 85020