IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONNA CAVE, JUDITH LANSKY, )
PAT PIAZZA, and SUSAN RUSSELL )
         PLAINTIFFS )
vs. ) NO. 4:18-CV-00342 KGB
 )
JOHN THURSTON, Arkansas )
Secretary of State, in his official )
capacity, )
         DEFENDANT )

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# CERTIFIED QUESTION FROM THE

# DEPOSITION OF JASON RAPERT

# TAKEN IN LITTLE ROCK, ARKANSAS

# SEPTEMBER 12, 2019

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**HENDRIX REPORTING SERVICE**
**1701 SOUTH ARCH**
**LITTLE ROCK, ARKANSAS 72206**
**(501) 372-2748**

Taken on behalf of the Plaintiffs on the 12th day of September, 2019 at the Office of the Attorney General, 323 Center Street, Suite 200, Little Rock, Arkansas, commencing at 9:14 a.m.  Said deposition was taken according to the terms and provisions of the Federal Rules of Civil Procedure under Rule 26 for all purposes.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**I N D E X**

Certified Question

　　Page 170, Line 2


Reporter's Certificate Page………………………… page 316

**HENDRIX REPORTING SERVICE**
**1701 SOUTH ARCH**
**LITTLE ROCK, ARKANSAS 72206**
**(501) 372-2748**

169

16  MR. SCHULZE: (Continuing)
17  Q     The records that have to do with the A-H-H- -- I mean
18  with the monument, the Ten Commandments monument on the
19  state capitol grounds, such as did -- did -- did they -- did
20  someone send you a proposal about here's how we can
21  manufacture a -- a monument that looks like the one you want.
22  Is there something like that?
23  A     The history and heritage foundation is not on trial, and
24  we're not a party to this suit.
25  Q     The -- That objection is for your lawyer who didn't make

170

1   it, and I'd like to ask you the question and ask you to answer it.

2       Do you have any documents that have to do with the

3   creation of this monument?

4       MR. BYRD: I didn't --

5       THE WITNESS: I was asked to appear here in my

6   personal --

7       MR. BYRD: Wait -- wait a minute. I mean, he -- he

8   referenced me and what I did or didn't do.

9       This was a subpoena directed to him.

10      MR. SCHULZE: Yes.

11      MR. BYRD: And so what he had in his possession was

12   provided.

13      MR. SCHULZE: Paul, you know very well that if

14   someone who is a -- the officer of a corporation can access

15   records, a subpoena asking him to bring those records

16   requires him to make dil- -- reasonable efforts to acquire

17   them and bring them with him.

18      MR. BYRD: And there wasn't a 30(b)(6).

19      MR. SCHULZE: It's not a 30(b)(6) because that's not

20   his -- that's not the function. It doesn't have to be.

21      These are records that he can easily put his hands on,

22   and he hasn't done it.

23      MR. BYRD: Easily put his hands on?

24      MR. SCHULZE: He's the President --

25      MR. BYRD: I mean --

1     MR. SCHULZE: -- of the corporation.

2     MR. BYRD: -- you're --

3     A corporation has a lawyer, corporation has an
4  accountant.

5     MR. SCHULZE: The corp- --

6     MR. BYRD: You're asking an individual what he had
7  in his possession.

8     MR. SCHULZE: No. I'm asking the President of the
9  corporation --

10    MR. BYRD: No, you didn't -- you didn't address this
11  to a president of a corporation, you addressed it to an
12  individual.

13    MR. SCHULZE: An individual who is the President
14  of the corporation.

15    MR. BYRD: Well, you could have said that.

16    MR. SCHULZE: It wasn't necessary.

17    MR. BYRD: You could have said that.

18    MR. SCHULZE: It wasn't necessary.

19    MR. BYRD: Sure, it was.

20    MR. SCHULZE: It wasn't necessary. You perfectly
21  well understood what I wanted.

22    MR. BYRD: No, that's not true. You got him asking
23  -- You're asking an individual to give you what the
24  individual has. You didn't ask the individual to give -- to
25  go grab documents like a 30(b)(6) witness would have to

172

1 do.

2 MR. SCHULZE: I don't --

3 MR. BYRD: There's a distinction. You know that
4 distinction.

5 MR. SCHULZE: I know the distinction, but I don't
6 think it makes any difference where you've got the same
7 individual. Nevertheless, that is all for the Judge.

8 We will certify that question. I will, as a matter of
9 fact, certify all of the questions about things that I asked
10 you to produce.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

316

CERTIFICATE

STATE OF ARKANSAS )
                             ) ss
COUNTY OF PULASKI )

     I, Bonnie Parker, CCR and Certified Stenomask Reporter before whom the foregoing testimony was taken, do hereby certify that the witness, JASON RAPERT, was duly sworn by me; that the testimony of said witness was taken by me and was thereafter reduced to typewritten form under my supervision; that the deposition is a true and correct record of the testimony given by said witness; that I am neither counsel for, related to, nor employed by the parties to the action in which this deposition was taken, and further, that I am not a relative or employee of any attorney or counsel employed by the parties hereto, nor financially interested in the outcome of this action.

     I further certify that in accordance with Rule 30(e) of the Rules of Civil Procedure, review of the transcript was requested.

     I further certify that I have no contract with any parties within this action that affects or has a substantial tendency to affect impartiality, that requires me to relinquish control of an original deposition transcript or copies of the transcript before it is certified and delivered to the custodial attorney, or that requires me to provide any service not made available to all parties in the action.

     WITNESS MY HAND this 7th day of November, 2019.

                          HENDRIX REPORTING SERVICE

                          _____
                          Bonnie Parker, CCR

L.S. #685