**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| **DONNA CAVE, JUDITH LANSKY, PAT PIAZZA, and SUSAN RUSSELL** | **PLAINTIFFS** |
| **ANNE ORSI, AMERICAN HUMANIST ASSOCIATION, FREEDOM FROM RELIGION, INC., ARKANSAS SOCIETY OF FREETHINKERS, JOAN DIETZ, GALE STEWART, RABBI EUGENE LEVY, REV. VICTOR H. NIXON, TERESA GRIDER, and WALTER RIDDICK** | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE, DOUG MISICKO aka "LUCIEN GREAVES," and ERIKA ROBBINS** | **INTERVENORS** |
| **v.**       **No. 4:18CV00342 KGB/BD** | |
| **JOHN THURSTON, Arkansas Secretary of State, in his official capacity** | **DEFENDANT** |

**ANSWER TO INTERVENORS' SECOND
AMENDED COMPLAINT IN INTERVENTION**

Arkansas Secretary of State John Thurston, in his official capacity, through counsel,

states for his answer to the Intervenors' Second Amended Complaint in Intervention as follows:

**Prefatory Remarks**

1.      Defendant denies that the document filed as Intervenors' Second Amended

Complaint in Intervention is the same document that Intervenors proposed to file and that the

Court ordered to be filed, DE 67-1, 86, and denies that the changes Intervenors subsequently

made to the document are "minor grammatical and stylistic improvements." The first and second

paragraphs of the prefatory remarks otherwise variously speak for themselves and state legal

conclusions. As such, they do not call for a response, but to the extent that a response is called

for, Defendant denies all allegations contained in this paragraph.

**Introduction**

1.      Defendant admits that the State of Arkansas enacted Act 1231 of 2015, the "Ten Commandments Monument Display Act," codified at Ark. Code Ann. § 22-3-221. Defendant denies all other allegations contained in the first paragraph of the Introduction.

2.      Defendant admits that the Satanic Temple offered to place a Baphomet statue. Defendant denies all other allegations contained in the second paragraph of the Introduction.

3.      The third paragraph of the Introduction variously states legal conclusions and speaks for itself. As such, it does not call for a response, but to the extent that a response is called for, Defendant denies all allegations contained in this paragraph.

4.      Defendant denies all allegations contained in the fourth paragraph of the Introduction.

5.      The fifth paragraph of the Introduction does not call for a response, but to the extent that a response is called for, Defendant denies all allegations contained in this paragraph.

**Jurisdiction and Venue**

1.      Paragraph 1 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all allegations contained in this paragraph.

2.      Paragraph 2 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all allegations contained in this paragraph.

3.      Paragraph 3 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all allegations contained in this paragraph.

4.      Defendant admits that venue is proper in this Court. Paragraph 4 otherwise states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all such allegations.

**Parties**

5.      Defendant denies all allegations contained in paragraph 5.

6.      Defendant denies all allegations contained in paragraph 6.

7.      Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 7.

8.      Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 8.

9.      Defendant denies all allegations contained in paragraph 9.

**Facts**

10.     Defendant lacks information sufficient to admit or deny the allegations contained in the second sentence of paragraph 10. Defendant admits the remainder of this paragraph.

11.     Defendant admits that the State of Arkansas enacted Act 1231 of 2015, the "Ten Commandments Monument Display Act," codified at Ark. Code Ann. § 22-3-221. Defendant denies all other allegations contained in paragraph 11.

12.     Defendant admits that the Ten Commandments monument contains the language set forth in paragraph 12. Defendant denies all other allegations contained in this paragraph.

13.     Defendant admits that the Satanic Temple proposed to place a Baphomet statue. Defendant denies all other allegations contained in paragraph 13.

14.     Defendant denies all allegations contained in paragraph 14.

15.     The third and fourth sentences of paragraph 15 state legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

16.     Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 16.

17.     Defendant denies all allegations contained in paragraph 17.

18.     Defendant admits that the Satanic Temple submitted a preliminary application request in August 2016. Defendant denies all other allegations contained in paragraph 18.

19.     Defendant admits that a meeting of a Capitol Art & Grounds Commission subcommittee reviewed submissions from the Satanic Temple and the American Heritage and History Foundation in October 2016. Defendant denies all other allegations contained in paragraph 19.

20.     Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 20.

21.     Defendant admits that the Capitol Arts & Grounds Commission held a public hearing on the Ten Commandments monument in December 2016. Defendant denies all other allegations contained in paragraph 21.

22.     Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 22.

23.     Defendant lacks information sufficient to admit or deny the first sentence of paragraph 23. Defendant denies all other allegations contained in this paragraph.

24.     Defendant admits that on January 25, 2017, a Capitol Arts & Grounds Commission subcommittee voted to move to a public hearing on the Satanic Temple's submission. Defendant denies all other allegations contained in paragraph 24.

25.     Defendant admits that House Bill 1273 of 2017 was enacted on February 22, 2017, as Arkansas Act 274 of 2017.

26.     Defendant does not understand paragraph 26, and so denies all allegations contained in this paragraph.

27.     Defendant does not understand paragraph 27, and so denies all allegations contained in this paragraph.

28.     Defendant does not understand paragraph 28, and so denies all allegations contained in this paragraph.

29.     Defendant denies all allegations contained in paragraph 29.

30.     Paragraph 30 states a legal conclusion that does not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

31.     Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 31.

32.     Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 32.

33.     Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 33.

34.     Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 34.

**Count 1 – Equal Protection**

35.     Paragraph 35 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

36.     Paragraph 36 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

37.     Paragraph 37 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

38.     Paragraph 38 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

**Count 2 – Establishment Clause**

39.     Paragraph 39 states a legal conclusion that does not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

40.     Paragraph 40 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

41.     Paragraph 41 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

42.     Paragraph 42 states legal conclusions that do not call for a response, but to the extent that a response is called for, Defendant denies all such allegations. Defendant denies all other allegations contained in this paragraph.

**Prayer For Relief**

43.     Defendant denies that any Intervenor is entitled to any relief, including the relief listed in Intervenors' Second Amended Complaint in Intervention.

44.     Defendant denies all allegations not specifically admitted herein.

45.     Defendant specifically denies all allegations to the extent that they state legal conclusions.

46.     Defendant reserves the right to file an amended answer or other appropriate pleading.

## DEFENSES

47.     Intervenors lack standing.

48.     The Court lacks subject matter jurisdiction.

49.     Defendant is entitled to immunity under the U.S. Constitution, including the Eleventh Amendment, and under general principles of sovereign immunity to any suit or claim.

50.     This action is barred by the statute of limitation.

51.     This action is barred by the doctrine of laches.

52.     Intervenors fail to state a claim upon which relief can be granted.

53.     Defendant is entitled to qualified immunity.

Therefore, Defendant respectfully requests that the court dismiss the Intervenors' Second Amended Complaint in Intervention.


Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By:     */s/ Nicholas J. Bronni*
     Nicholas J. Bronni (2016097)
      Solicitor General of Arkansas

     Vincent M. Wagner (2019071)
      Deputy Solicitor General

     Michael A. Cantrell (2012287)
     Dylan L. Jacobs (2016167)
      Assistant Solicitors General

     OFFICE OF THE ARKANSAS ATTORNEY GENERAL
     323 Center Street, Suite 200
     Little Rock, AR 72201
     Ph:   (501) 682-2007
     Fax:  (501) 682-2591
     Nicholas.Bronni@ArkansasAG.gov

     Gary L. Sullivan, Ark Bar No. 92051
     Managing Attorney
     Arkansas Secretary of State's Office
     Suite 256- State Capitol
     500 Woodlane Avenue
     Little Rock, AR 72201
     PH: (501) 682-3401; Fax: (501) 682-1213
     Email: gary.sullivan@sos.arkansas.gov

     Hiram Sasser
     Michael Berry
     Lea Patterson
     FIRST LIBERTY INSTITUTE
     2001 West Plano Parkway, Suite 1600
     Plano, TX 75075
     Tel:  (972) 941-6162
     Fax:  (972) 423-6162
     *hsasser@firstliberty.org*
     *mberry@firstliberty.org*
     *lepatterson@firstliberty.org*

     *Attorneys for Secretary of State John Thurston*