## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**DONNA CAVE, JUDITH LANSKY,**                                      **PLAINTIFFS**
**PAT PIAZZA, and SUSAN RUSSELL**

**ANNE ORSI, AMERICAN HUMANIST**          **CONSOLIDATED PLAINTIFFS**
**ASSOCIATION, FREEDOM FROM**
**RELIGION FOUNDATION, INC.,**
**ARKANSAS SOCIETY OF FREETHINKERS,**
**JOAN DIETZ, GALE STEWART, RABBI**
**EUGENE LEVY, REV. VICTOR H. NIXON,**
**TERESA GRIDER, and WALTER RIDDICK**

**THE SATANIC TEMPLE, DOUG MISICKO**                         **INTERVENORS**
**aka "LUCIEN GREAVES," and ERIKA**
**ROBBINS**

**v.**                        **No. 4:18CV00342 KGB/BD**

**JOHN THURSTON, Arkansas Secretary of State,**
**in his official capacity**                                       **DEFENDANT**

INTERVENORS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST DISCOVERY REQUESTS

**INTERROGATORY NO. 1:** Please state the full legal name, employer, title, address, and telephone number of every person answering any interrogatory from the Defendant to any Intervenor, as well as every person who was consulted, supplied information, or otherwise assisted in answering those interrogatories or in responding to the Defendant's requests for production.

**Answer**: Subject to future supplementation, the responses were aided by Erika Robbins and Doug Misicko and counsel of record.  The intervenors may be contacted exclusively through counsel of record.

**INTERROGATORY NO. 2:** Please state the full legal name, employer, title, address, and telephone number of every person whom the Intervenors intend, or reasonably

anticipate, calling as a witness in the trial of this matter, the subject matter to which each person will testify, and the substance of the facts to which each person will testify.

**Answer**: A witness list is yet to be produced and will be supplemented in adherence to court order.

**INTERROGATORY NO. 3:** Please state the full legal name, employer, title, address, and telephone number of every expert witness on whom the Intervenors rely in making the allegations of the "Proposed Amended Complaint in Intervention" (i.e., Doc. 40, hereafter "Amended Complaint"), or whom the Intervenors intend, or reasonably anticipate, calling as an expert witness in the trial of this matter.

**Answer**: No expert witnesses are anticipated to be called.

**REQUEST FOR PRODUCTION NO. 1:** For every expert witness that the Intervenors intend to call, or reasonably anticipate calling, at trial, please produce a copy of that person's C.V., any report prepared by him or her, and any materials he or she relied on when preparing his or her report.

**Answer**: not applicable

**REQUEST FOR PRODUCTION NO. 2:** Please produce a copy of every record or item of whatever kind that the Intervenors refer to in the Amended Complaint or on which they rely in making their allegations in the Amended Complaint, including, among others, all webpages, articles, or other records of whatever kind concerning the Satanic Temple, Baphomet (as alleged in paragraphs 15-17), the Satanic Temple's application and presentations (as alleged in paragraph 18-22), statements by Sen. Jason Rapert (as alleged in paragraph 23), emails and follow-up emails to members of the General Assembly and responses (as alleged in paragraphs 31-34).

2

**Answer**: Intervenors object on the basis of work product and attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 3:** Please produce a copy of every record or item of whatever kind that the Intervenors intend to introduce, or reasonably anticipate introducing, as evidence in the trial of this matter, or intend to use or reasonably anticipate using to refresh the recollection of any witness or to impeach any witness.

**Answer**: An exhibit list is yet to be produced and will be supplemented in adherence to court orders.

**REQUEST FOR PRODUCTION NO. 4:** Please produce a copy of every record or item of whatever kind to which the Intervenors refer or on which they rely in making their initial disclosures.

**Answer**: Intervenors object on the basis of work product and attorney-client privilege.

**INTERROGATORY NO. 4:**  Please identify which specific regulations and which specific zoning requirements you claim apply generally to monuments on state capitol grounds, as set forth on page two of your Amended Complaint.

**Answer**: Intervenors object on the basis of work product and attorney-client privilege.  Further, Intervenors object to the extent this interrogatory seeks to have non-lawyers speculate on legal questions.

**REQUEST FOR PRODUCTION NO. 5:** Please produce a copy of all records, documents, recordings, or other items that evidence or pertain to any loss (whether economic or non-economic) that the Intervenors claim to have suffered, including, without limitation, bills, receipts, and statements or other records of expenses paid or incurred by any Intervenor.

**Answer**: Intervenors object on the basis that it is not relevant to any party's claim or defense and proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 6:** Please produce a copy of all documents and electronically stored information (ESI) identified in sections 2 and 3 of the Satanic Temple's initial disclosures.

**Answer**: Intervenors object to the indecipherable nature of this request.  The initial disclosures have multiple sections that can be interpreted to be "sections 2 and 3."  To the extent Defendant seeks copies of emails between TST and members of the General Assembly and Kelly Boyd, this request is unduly burdensome because the State has these emails in its possession.  To the extent Defendant purports to demand TST produce a copy of the Ten Commandments Monument or the Baphomet Monument, this is unduly burdensome because these are multi-ton statutes that would require substantial expense.  To the extent Defendant seeks proof of compensatory or monetary damages, this is no longer relevant to any party's claim or defense and proportional to the needs of the case.  Otherwise, and more generally, all of the information sought is already in the possession of the State: either because the documents were produced previously throughout discovery or because the State directly created or received the documents in question.

**REQUEST FOR PRODUCTION NO. 7:** Please produce a copy of any and all email correspondence referred to in Paragraphs 31–34 of the Satanic Temple's Proposed Second Amended Complaint in Intervention.

**Answer**: Intervenors object on the basis that this request is unduly burdensome.  The State, being the custodian of General Assembly email accounts, already has the emails in its possession.

Respectfully submitted on July 22, 2019,
on behalf of Plaintiff

By:   /s/ Matthew A. Kezhaya

Matthew A. Kezhaya, ABA# 2014161
**KEZHAYA LAW PLC**
1202 NE McClain Rd
Bentonville, AR 72712
phone:   (479) 431-6112
facsimile:   (479) 282-2892
email:   matt@kezhaya.law

### CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya caused to be served the foregoing document by transmitting to the Defendants by email to the following on July 22, 2019.

Andrew Schultz
aschultz@rodey.com
*Attorney for Plaintiffs*

Gerry Schulze
gerrysch@b-s-m-law.com
*Attorney for Consolidated Plaintiffs*

Michael Cantrell
michael.cantrell@arkansasag.gov
*Attorney for Defendant*

Matthew A. Kezhaya, ABA# 2014161

5

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| **DONNA CAVE, JUDITH LANSKY,** | **PLAINTIFFS** |
| **PAT PIAZZA, and SUSAN RUSSELL** | |

| | |
|---|---|
| **ANNE ORSI, AMERICAN HUMANIST** | **CONSOLIDATED PLAINTIFFS** |
| **ASSOCIATION, FREEDOM FROM** | |
| **RELIGION FOUNDATION, INC.,** | |
| **ARKANSAS SOCIETY OF FREETHINKERS,** | |
| **JOAN DIETZ, GALE STEWART, RABBI** | |
| **EUGENE LEVY, REV. VICTOR H. NIXON,** | |
| **TERESA GRIDER, and WALTER RIDDICK** | |

| | |
|---|---|
| **THE SATANIC TEMPLE, DOUG MISICKO** | **INTERVENORS** |
| aka "LUCIEN GREAVES," and ERIKA | |
| **ROBBINS** | |

**v.**                    **No. 4:18CV00342 KGB/BD**

| | |
|---|---|
| **JOHN THURSTON, Arkansas Secretary of State,** | |
| **in his official capacity** | **DEFENDANT** |

<u>DOUG MISICKO'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST DISCOVERY REQUESTS</u>

**INTERROGATORY NO. 1:** Please identify every date from January 1, 2015, to the present that you have visited the Arkansas State Capitol grounds, specifying for each date every reason for your visit; every office, room, or other specific location visited; the specific route across the State Capitol grounds that you traversed; whether you made any alteration in your route across the Arkansas State Capitol grounds; and the nature and duration of any contact with the Ten Commandments monument. If you cannot provide exact dates, then please provide the best estimation of those dates.

**Answer**: Generally, I object to characterizing six interrogatories as "interrogatory number 1." Rule 33 provides a limit of 25 written interrogatories "including all discrete subparts." There is no order expanding written interrogatories.

What follows is based off my immediate recollection and is subject to future supplementation

> Twice within two months of October 2015, I came across the State Capitol grounds en route to the Arts and Grounds Commission.

> I also came across the State Capitol grounds for the second Ten Commandment monument was installed, I don't recall the exact date.

> I also came across the State Capitol grounds in August 2018 for a rally.

> I do not recall the specific route taken across the State Capitol grounds in any of the above instances.  I object to the portion of the interrogatory related to "alterations" as being confusing and overbroad.

> Regarding the nature and duration of the contact: I was there to see the second installation of the Ten Commandments monument.  As I recall, it was about three hours of contact.  I saw the monument again, though it was covered, during the August 2018 rally, though I don't recall the duration of my contact.

**INTERROGATORY NO. 2:** Please state your full legal name, age, address, and all names and aliases used by you or by which you have been known at any time; Social Security Number, present occupation and employer; current and former user names for every social media account you have used to obtain or disseminate information about the Ten Commandments Monument Display Act, the Ten Commandments monument, the American Heritage and History Foundation, Senator Jason Rapert, Representative Kim Hammer, the Arkansas Secretary of State, Arkansas Act 274 of 2017, the Satanic Temple, the Baphomet statue, or this lawsuit.

**Answer**: Generally, I object to characterizing 30 interrogatories as "interrogatory number 2."  Rule 33 provides a limit of 25 written interrogatories "including all discrete subparts."  There is no order expanding written interrogatories.  Subject to and without waiving the foregoing, see below:

My full legal name is Doug Alexander Misicko.  My  aliases have been Doug Mesner and Lucien Greaves.  My current occupation and employer is: I am a spokesperson, employed by TST.

I object to remainder on the basis that it is not relevant to any party's claim or defense and proportional to the needs of the case and that the information sought attempts to place an undue burden on me because it is all publicly available.

I particularly object to the demand that I provide my social security number as having a transparent purpose to harass me.  See FRCP 26(g)(B)(ii).

**INTERROGATORY NO. 3:** Please identify every lawsuit or legal proceeding of whatever kind to which you have been a party or in which you have served as a witness, whether civil or criminal, specifying the court, the court's location and jurisdiction, the case number, the filing date, every claim made or charge brought by or against you (whether or not dismissed, nolle prossed, etc.), and the outcome of the proceeding. Please exclude any misdemeanor charge, or any civil action by or against you unrelated to the First or Fourteenth Amendments, that was brought more than 10 years prior to the filing of the Intervenors' Amended Complaint.

**Answer**: I served as an expert witness on the topic of Satanism in February 2019. The specified information about that case is not immediately available to me and I do not object to providing it.

3

Otherwise, I object to the remainder on the basis that it is not relevant to any party's claim or defense and proportional to the needs of the case and that the information sought attempts to place an undue burden on me because it is all publicly available.  Further I object to the interrogatory for exceeding the 25-interrogatory limit of FRCP 33.

**REQUEST FOR PRODUCTION NO. 1:** Please produce a copy of every document, social media posting, item of web-based content, article, recording, note, memorandum, word processor or computer entry, letter, diary entry, calendar note, date book, photograph, or any other record of whatever kind created by you or on your behalf that contains any information pertaining to your opinions on or engagement with the Ten Commandments Monument Display Act, the Ten Commandments monument, the American Heritage and History Foundation, Senator Jason Rapert, Representative Kim Hammer, the Arkansas Secretary of State, Arkansas Act 274 of 2017, or this lawsuit.

**Answer**: The only documents responsive to this request are publicly available.  I object on the basis of undue burden.

**INTERROGATORY NO. 4:** Please identify everything that the Ten Commandments Monument Display Act, the Ten Commandments monument, the Arkansas Secretary of State, or any Arkansas state official or entity, has coerced you, by force of law or threat of penalty, to do.

**Answer**: I object on the basis that it is not relevant to any party's claim or defense and proportional to the needs of the case and that the information sought attempts to place an undue burden on me because it is all publicly available.    Further, this interrogatory exceeds the limit placed by FRCP 33.

**INTERROGATORY NO. 5:** Please identify every benefit or burden that the Ten Commandments Monument Display Act, the Ten Commandments monument, the Arkansas Secretary of State, or any Arkansas state official or entity has conditioned upon your obeying any or all of the Ten Commandments as set forth in the Ten Commandments Monument Display Act or the Ten Commandments monument.

**Answer**: I object on the basis that it is not relevant to any party's claim or defense and proportional to the needs of the case.  Further, this interrogatory exceeds the limit placed by FRCP 33.

**REQUEST FOR PRODUCTION NO. 2:** Please produce every record that you or your attorney has received at any time since January 1, 2015, from any person, organization, or entity that is not a party to this lawsuit or pursuant to the Freedom of Information Act in connection with the Ten Commandments Monument Display Act, the Ten Commandments monument, the American Heritage and History Foundation, Senator Jason Rapert, Representative Kim Hammer, the Arkansas Secretary of State, Arkansas Act 274 of 2017, the Baphomet statue, or this lawsuit.

**Answer**: I have no documents responsive to this request.

**INTERROGATORY NO. 6:** Please state whether you have sought any kind of treatment, therapy, or counseling as a direct result of the Ten Commandments Display Act, the Ten Commandments monument, or any action or omission of any Arkansas state official or entity, identifying the name, address, telephone number, and occupation of every person providing the treatment, therapy, or counseling and all records documenting that treatment, therapy, or counseling.

**Answer**: I object on the basis that it is not relevant to any party's claim or defense and proportional to the needs of the case.  Further, this interrogatory exceeds the limit placed by FRCP 33.

**REQUEST FOR PRODUCTION NO. 3:** Please produce every record that you identified in your response to the previous interrogatory.

Respectfully submitted on July 22, 2019,
on behalf of Plaintiff

By:   /s/ Matthew A. Kezhaya

Matthew A. Kezhaya, ABA# 2014161
**KEZHAYA LAW PLC**
1202 NE McClain Rd
Bentonville, AR 72712
phone:      (479) 431-6112
facsimile:  (479) 282-2892
email:      matt@kezhaya.law

6

## CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya caused to be served the foregoing document by transmitting to the Defendants by email to the following on July 22, 2019.

Andrew Schultz
aschultz@rodey.com
*Attorney for Plaintiffs*

Gerry Schulze
gerrysch@b-s-m-law.com
*Attorney for Consolidated Plaintiffs*

Michael Cantrell
michael.cantrell@arkansasag.gov
*Attorney for Defendant*

_____
Matthew A. Kezhaya, ABA# 2014161

7

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONNA CAVE, JUDITH LANSKY,                             PLAINTIFFS
PAT PIAZZA, and SUSAN RUSSELL

ANNE ORSI, AMERICAN HUMANIST            CONSOLIDATED PLAINTIFFS
ASSOCIATION, FREEDOM FROM
RELIGION FOUNDATION, INC.,
ARKANSAS SOCIETY OF FREETHINKERS,
JOAN DIETZ, GALE STEWART, RABBI
EUGENE LEVY, REV. VICTOR H. NIXON,
TERESA GRIDER, and WALTER RIDDICK

THE SATANIC TEMPLE, DOUG MISICKO                       INTERVENORS
aka "LUCIEN GREAVES," and ERIKA
ROBBINS

v.                        No. 4:18CV00342 KGB/BD

JOHN THURSTON, Arkansas Secretary of State,
in his official capacity                               DEFENDANT

### Erika Robbins's responses to Defendant's firt discovery requests

**INTERROGATORY NO. 1:** Please identify every date from January 1, 2015, to the

present that you have visited the Arkansas State Capitol grounds, specifying for each date

every reason for your visit; every office, room, or other specific location visited; the specific

route across the State Capitol grounds that you traversed; whether you made any alteration

in your route across the Arkansas State Capitol grounds; and the nature and duration of any

contact with the Ten Commandments monument. If you cannot provide exact dates, then

please provide the best estimation of those dates.

**Answer**:  Generally, I object to characterizing six interrogatories as "interrogatory

number 1."  Rule 33 provides a limit of 25 written interrogatories "including all discrete

subparts."  There is no order expanding written interrogatories.

What follows is based off my immediate recollection and is subject to future supplementation:

I've been to the Capitol grounds and Ten Commandments more times than I can count.  I object to the remainder as unduly burdensome.

**INTERROGATORY NO. 2:** Please state your full legal name, age, address, and all names and aliases used by you or by which you have been known at any time; Social Security Number, present occupation and employer; current and former user names for every social media account you have used to obtain or disseminate information about the Ten Commandments Monument Display Act, the Ten Commandments monument, the American Heritage and History Foundation, Senator Jason Rapert, Representative Kim Hammer, the Arkansas Secretary of State, Arkansas Act 274 of 2017, the Satanic Temple, the Baphomet statue, or this lawsuit.

**Answer**: Generally, I object to characterizing 30 interrogatories as "interrogatory number 2."  Rule 33 provides a limit of 25 written interrogatories "including all discrete subparts."  There is no order expanding written interrogatories.  Subject to and without waiving the foregoing, see below:

My full legal name is Erika Nicole Robbins.  I am co-owner of The Freckled Frog, Inc., a gift shop.

I object to remainder on the basis that it is not relevant to any party's claim or defense and proportional to the needs of the case and that the information sought attempts to place an undue burden on me because it is all publicly available.

I particularly object to the demand that I provide my social security number as having a transparent purpose to harass me.  See FRCP 26(g)(B)(ii).

2

**INTERROGATORY NO. 3:** Please identify every lawsuit or legal proceeding of whatever kind to which you have been a party or in which you have served as a witness, whether civil or criminal, specifying the court, the court's location and jurisdiction, the case number, the filing date, every claim made or charge brought by or against you (whether or not dismissed, nolle prossed, etc.), and the outcome of the proceeding. Please exclude any misdemeanor charge, or any civil action by or against you unrelated to the First or Fourteenth Amendments, that was brought more than 10 years prior to the filing of the Complaint.

**Answer**: I object because this interrogatory exceeds the limit imposed by FRCP 33. Subject to and without waiving the foregoing objection: none.

**REQUEST FOR PRODUCTION NO. 1:** Please produce a copy of every document, social media posting, item of web-based content, article, recording, note, memorandum, word processor or computer entry, letter, diary entry, calendar note, date book, photograph, or any other record of whatever kind created by you or on your behalf that contains any information pertaining to your opinions on or engagement with the Ten Commandments Monument Display Act, the Ten Commandments monument, the American Heritage and History Foundation, Senator Jason Rapert, Representative Kim Hammer, the Arkansas Secretary of State, Arkansas Act 274 of 2017, or this lawsuit.

**Answer**: I object because this request seeks to impose an undue burden upon me.

**INTERROGATORY NO. 4:** Please identify everything that the Ten Commandments Monument Display Act, the Ten Commandments monument, the Arkansas Secretary of State, or any Arkansas state official or entity, has coerced you, by force of law or threat of penalty, to do.

3

**Answer**: The only documents responsive to this request are publicly available.  I object on the basis of undue burden.

**INTERROGATORY NO. 5:** Please identify every benefit or burden that the Ten Commandments Monument Display Act, the Ten Commandments monument, the Arkansas Secretary of State, or any Arkansas state official or entity has conditioned upon your obeying any or all of the Ten Commandments as set forth in the Ten Commandments Monument Display Act or the Ten Commandments monument.

**Answer**: I object on the basis that it is not relevant to any party's claim or defense and proportional to the needs of the case.  Further, this interrogatory exceeds the limit placed by FRCP 33.

**REQUEST FOR PRODUCTION NO. 2:** Please produce every record that you or your attorney has received at any time since January 1, 2015, from any person, organization, or entity that is not a party to this lawsuit or pursuant to the Freedom of Information Act in connection with the Ten Commandments Monument Display Act, the Ten Commandments monument, the American Heritage and History Foundation, Senator Jason Rapert, Representative Kim Hammer, the Arkansas Secretary of State, Arkansas Act 274 of 2017, the Baphomet statue, or this lawsuit.

**Answer**: I have no documents responsive to this request.

**INTERROGATORY NO. 6:** Please state whether you have sought any kind of treatment, therapy, or counseling as a direct result of the Ten Commandments Display Act, the Ten Commandments monument, or any action or omission of any Arkansas state official or entity, identifying the name, address, telephone number, and occupation of every

4

person providing the treatment, therapy, or counseling and all records documenting that treatment, therapy, or counseling.

**Answer**: I object on the basis that it is not relevant to any party's claim or defense and proportional to the needs of the case.  Further, this interrogatory exceeds the limit placed by FRCP 33.  Further, the information sought is clearly protected by the psychotherapist-patient privilege.

**REQUEST FOR PRODUCTION NO. 3:** Please produce every record that you identified in your response to the previous interrogatory.

**Answer**: I object on the basis that it is not relevant to any party's claim or defense and proportional to the needs of the case.  Further, the information sought is clearly protected by the psychotherapist-patient privilege.

**INTERROGATORY NO. 7:** Please identify the date you became an official member of the Satanic Temple and what requirements you had to meet to become an official member. If you cannot provide an exact date, then please provide the best estimation of the date.

**Answer**: I object to the vague and unduly burdensome nature of this interrogatory.  I became an "official member" when I became a supporter and believer of the organization. To the extent this interrogatory asks when I became a "card carrying" member, that occurred in the first part of 2017 as I recall.

**REQUEST FOR PRODUCTION NO. 4:** Please produce every record of whatever kind that shows your official membership status in the Satanic Temple.

**Answer**: See separately provided.

Respectfully submitted on July 22, 2019,
on behalf of Plaintiff

By: ___/s/ Matthew A. Kezhaya_____

Matthew A. Kezhaya, ABA# 2014161

**KEZHAYA LAW PLC**

1202 NE McClain Rd
Bentonville, AR 72712

phone:      (479) 431-6112
facsimile:  (479) 282-2892
email:       matt@kezhaya.law

6

## Certificate and Notice of Service

**Notice is given** that I, Matthew A. Kezhaya caused to be served the foregoing document by transmitting to the Defendants by email to the following on July 22, 2019.

Andrew Schultz
aschultz@rodey.com
*Attorney for Plaintiffs*

Gerry Schulze
gerrysch@b-s-m-law.com
*Attorney for Consolidated Plaintiffs*

Michael Cantrell
michael.cantrell@arkansasag.gov
*Attorney for Defendant*


Matthew A. Kezhaya, ABA# 2014161

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONNA CAVE, JUDITH LANSKY,                                    PLAINTIFFS
PAT PIAZZA, and SUSAN RUSSELL

ANNE ORSI, AMERICAN HUMANIST              CONSOLIDATED PLAINTIFFS
ASSOCIATION, FREEDOM FROM
RELIGION FOUNDATION, INC.,
ARKANSAS SOCIETY OF FREETHINKERS,
JOAN DIETZ, GALE STEWART, RABBI
EUGENE LEVY, REV. VICTOR H. NIXON,
TERESA GRIDER, and WALTER RIDDICK

THE SATANIC TEMPLE, DOUG MISICKO                          INTERVENORS
aka "LUCIEN GREAVES," and ERIKA
ROBBINS

v.                          No. 4:18CV00342 KGB/BD

JOHN THURSTON, Arkansas Secretary of State,
in his official capacity                                        DEFENDANT

<u>TST's responses and objections to Defendant's first discovery requests</u>

**INTERROGATORY NO. 1:** Please state the Satanic Temple's full legal name; all names

and aliases used by the Satanic Temple or by which the Satanic Temple has been known at any time;

the Satanic Temple's legal entity type and all dates of any current or former incorporation or legal

creation, specifying all states under whose laws the Satanic Temple has existed at any time; the full

legal name and title of each current and former employee, officer, director, manager,  board

member, advisory member, or person or entity holding any other position of responsibility or

leadership, whether compensated or not.

**Answer**: Intervenors do not object to providing the current full legal name of The Satanic

Temple.  On information and belief, the full legal name of the organization is still United Federation

of Churches, LLC.  To everything else, Intervenors object on the grounds that the information

sought is not relevant to any party's claim or defense and is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 1:** Please produce copies of all current and former articles of incorporation or analogous documents filed with any state evincing the Satanic Temple's creation as a corporate entity; and copies of all current and former bylaws, operating agreements, or analogous documents.

**Answer**: Intervenors object on the grounds that the information sought is not relevant to any party's claim or defense and is not proportional to the needs of the case.

**INTERROGATORY NO. 2:** Please identify all persons or entities in whose name(s) each of the following domains has been registered at any time, and identify all persons or entities that have produced, published, or maintained any content accessible from that domain at any time: http://www.thesatanictemple.com, https://afterschoolsatan.com/, https://religiousreproductiverights.com/, https://protectchildrenproject.com/, https://greyfaction.org/, http://dougmesner.com/, http://www.process.org, http://www.westboro-baptists.com, and https://salemartgallery.com/.

**Answer**: Intervenors object on the grounds that the information sought is not relevant to any party's claim or defense and is not proportional to the needs of the case.  Further, domain registrations are a matter of public record, so intervenors object on the ground that it is unduly burdensome.

**REQUEST FOR PRODUCTION NO. 2:** Please produce a copy of the Satanic Temple's year-end budgets for the years 2015, 2016, 2017, and 2018, and a copy of the Satanic Temple's current operating budget. Include in each budget, among other things, the Satanic Temple's sources of income, liabilities, categorized expenditures, and recipients of the Satanic Temple's tax-exempt contributions.

2

**Answer**: Intervenors object on the grounds that the information sought is not relevant to any party's claim or defense and is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 3:** Please produce a copy of the Satanic Temple's state and federal tax returns for 2015, 2016, 2017, and 2018.

**Answer**: Intervenors object on the grounds that the information sought is not relevant to any party's claim or defense and is not proportional to the needs of the case.

**INTERROGATORY NO. 3:** Please identify the Satanic Temple's current and any former tax status (e.g., taxable, tax exempt, etc.) with both its state of incorporation and the Internal Revenue Service, and identify all records relating to those statuses, including among other things, application materials, completed forms, correspondence, etc. Please specifically identify any records that recognize the Satanic Temple as a "church" or religious organization.

**Answer**: The Satanic Temple is a tax-exempt organization.  The IRS letter relating to that status will be supplemented at a later time.  Otherwise, Intervenors object on the grounds that the information sought is not relevant to any party's claim or defense and is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 4:** Please produce a copy of all records identified in your response to the previous interrogatory.

**Answer**: The IRS letter relating to our tax-exempt status will be supplemented at a later time.  Otherwise, Intervenors object on the grounds that the information sought is not relevant to any party's claim or defense and is not proportional to the needs of the case.

**INTERROGATORY NO. 4:** Please identify all persons or entities that have received proceeds from purchases made through the Satanic Temple's website as well as from contributions made through each of the following webpages: https://thesatanic

temple.com/collections/contribute-to-the-satanic-temple-campaigns/products/donate-to-the-satanic-temple, https://thesatanictemple.com/products/after-school-satan-campaign, https://thesatanictemple.com/collections/contribute-to-the-satanic-temple-campaigns/products/support-grey-faction, https://thesatanictemple.com/collections/contribute-to-the-satanic-temple-campaigns/products/protect-children-project, https://religious reproductiverights.com/lawsuit-status/donate-to-religious-reproductive-rights, http://www.indiegogo.com/projects/put-a-satanic-monument-at-ok-capitol/, https://www.indiegogo.com/projects/the-satanic-temple-adopt-a-highway-campaign, https://www.generosity.com/memorial-fundraising/the-satanic-temple-veterans-monument.

**Answer**: Intervenors object on the grounds that the information sought is not relevant to any party's claim or defense and is not proportional to the needs of the case.

**INTERROGATORY NO. 5:** Please identify all persons or entities that received the proceeds when contributions were made through the "Bring Baphomet to Arkansas!" website, accessible at https://www.flipcause.com/secure/cause_pdetails/Mzg4NTY=.

**Answer**: Intervenors object on the grounds that the information sought is not relevant to any party's claim or defense and is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 5:** Please produce a copy of all records showing all proceeds from contributions made through the "Bring Baphomet to Arkansas!" website received by the persons or entities identified in response to the previous interrogatory.

**Answer**: Intervenors object on the grounds that the information sought is not relevant to any party's claim or defense and is not proportional to the needs of the case.

**INTERROGATOY NO. 6:** Please identify what dollar amount of the proceeds received through the "Bring Baphomet to Arkansas!" website was used to pay for or offset the costs of taking the Baphomet statue to the Arkansas state capitol for the rally on or about August 16, 2018.

**Answer**: Intervenors object on the grounds that the information sought is not relevant to any party's claim or defense and is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 6:** Please produce a copy of all records showing the use of the proceeds received through the "Bring Baphomet to Arkansas!" website to pay for or offset the costs of taking the Baphomet statue to the Arkansas state capitol for the rally on or about August 16, 2018.

**Answer**: Intervenors object on the grounds that the information sought is not relevant to any party's claim or defense and is not proportional to the needs of the case.

**INTERROGATORY NO. 7:** Please identify all persons or entities that were involved in, or paid costs associated with, the design, construction, or modification of the Baphomet statue as well as all persons or entities that have a legal or equitable interest in the statue.

**Answer**: TST does not object to providing information about the design and construction of the Baphomet monument.  To the extent any modifications have been performed, TST does not object to providing that information, as well.  However, this information was not reasonably available inside the time provided for responses.  Otherwise, Intervenors object on the grounds that the information sought is not relevant to any party's claim or defense and is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 7:** Please produce a copy of all records showing the legal or equitable interests in the Baphomet statute of the persons or entities identified in the previous interrogatory.

**Answer**: TST does not object to providing information about the design and construction of the Baphomet monument.  To the extent any modifications have been performed, TST does not object to providing that information, as well.  However, this information was not reasonably available inside the time provided for responses.  Otherwise, Intervenors object on the grounds that

the information sought is not relevant to any party's claim or defense and is not proportional to the needs of the case.

**INTERROGATORY NO. 8:** Please explain the various symbolic elements or aspects of the Baphomet monument, specifying the inspiration, significance, or meaning of each element or aspect.

**Answer**: TST does not object to an explanation behind the symbolic elements of the Baphomet monument, and meaning thereof.  However, this information was not reasonably available within the time to respond and will be supplemented at a later time.

**REQUEST FOR PRODUCTION NO. 8:** Please produce copies of all videos and photographs created by or for the Satanic Temple (or by or for any person currently or formerly associated with the Satanic Temple), related to the rally in support of Rick Scott on or about January 25, 2013; the "pink mass" in or around Meridian, Mississippi, on or about July 2013; the installation of the second Ten Commandments monument on the Arkansas state capitol grounds on or about April 26, 2018; and the "rally for religious liberty" on the Arkansas state capitol grounds on or about August 16, 2018.

**Answer**: Intervenors object on the grounds that the information sought is not relevant to any party's claim or defense and is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 9:** Please produce copies of all videos or promotional materials created or used to publicize or promote the After School Satan Club.

**Answer**: Intervenors object on the grounds that the information sought is not relevant to any party's claim or defense and is not proportional to the needs of the case.

**INTERROGATORY NO. 9:** Please identify all legal and financial relationships the Satanic Temple has had at any time with Doug Misicko, Cevin Soling, United Federation of Churches, LLC;

6

Reason Alliance, Ltd; The Alliance for Self-Directed Education, Inc; Alliance for Integrity and Justice Ltd.; and Spectacle Films.

**Answer**: Intervenors object on the grounds that the information sought is not relevant to any party's claim or defense and is not proportional to the needs of the case.

**INTERROGATORY NO. 10:** Please identify every lawsuit or legal proceeding of whatever kind to which the Satanic Temple has been a party since 2013, whether civil or criminal, specifying the court, the court's location and jurisdiction, the case number, the filing date, every claim made or charge brought by or against the Satanic Temple (whether or not dismissed, etc.), and the outcome of the proceeding.

**Answer**: Intervenors object on the grounds that the information sought is not relevant to any party's claim or defense and is not proportional to the needs of the case.  Further, TST objects on the grounds of undue burden.

**REQUEST FOR PRODUCTION NO. 10:** Please produce a copy of all tenets or statements of belief that the Satanic Temple holds as in some manner authoritative or as completely or substantially expressing the commitments of its members or leadership.

**Answer**: The only tenets or statements of belief are the "mission" and "tenets" statements found on the publicly-available website and cited in prior briefing.

<div style="margin-left:40%">

Respectfully submitted on July 22, 2019,
on behalf of Plaintiff
By:   /s/ Matthew A. Kezhaya
Matthew A. Kezhaya, ABA# 2014161
**KEZHAYA LAW PLC**
1202 NE McClain Rd
Bentonville, AR 72712
phone:   (479) 431-6112
facsimile:   (479) 282-2892
email:   matt@kezhaya.law

</div>

## CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya caused to be served the foregoing document by transmitting to the Defendants by email to the following on July 22, 2019.

Andrew Schultz
aschultz@rodey.com
*Attorney for Plaintiffs*

Gerry Schulze
gerrysch@b-s-m-law.com
*Attorney for Consolidated Plaintiffs*

Michael Cantrell
michael.cantrell@arkansasag.gov
*Attorney for Defendant*


_____
Matthew A. Kezhaya, ABA# 2014161