**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**DONNA CAVE, JUDITH LANSKY,**                               **PLAINTIFFS**
**PAT PIAZZA, and SUSAN RUSSELL**

**ANNE ORSI, AMERICAN HUMANIST**                 **CONSOLIDATED PLAINTIFFS**
**ASSOCIATION, FREEDOM FROM**
**RELIGION FOUNDATION, INC.,**
**ARKANSAS SOCIETY OF FREETHINKERS,**
**JOAN DIETZ, GALE STEWART, RABBI**
**EUGENE LEVY, REV. VICTOR H. NIXON,**
**TERESA GRIDER, and WALTER RIDDICK**

**THE SATANIC TEMPLE, DOUG MISICKO**                       **INTERVENORS**
**aka "LUCIEN GREAVES," and ERIKA**
**ROBBINS**

**v.**                          **No. 4:18CV00342 KGB/BD**

**JOHN THURSTON, Arkansas Secretary of State,**
**in his official capacity**                                       **DEFENDANT**

**BRIEF IN SUPPORT OF MOTION TO COMPEL RESPONSES FROM
INTERVENORS AND ENFORCE AGREEMENT BETWEEN COUNSEL**

The Satanic Temple Intervenors refuse to provide proper responses to Defendant's

reasonable discovery requests. Following months of unsuccessful, good-faith efforts to obtain

these responses, Defendant now moves this Court for an order compelling *signed* responses from

all Intervenors; compelling Intervenors to provide information and documents responsive to their

requests; enforcing an agreement between counsel concerning discovery; and deeming all

Intervenors' objections waived.

## FACTS

On June 21, 2019, Defendant served written discovery requests on the Satanic Temple

Intervenors to prepare for taking their depositions. Exh. A. These requests seek reasonable, basic

information concerning the Satanic Temple's identity, governance, and relationships to other

individuals and entities. *Id.* Intervenors responded with unsigned, evasive responses replete with generic, cookie-cutter objections. Exh. B. Defense counsel painstakingly delineated the deficiencies of Intervenors' responses in a 12-page letter as well as during a *two*-hour-long conference call with counsel for Intervenors on August 5, 2019. Exh. C. After what seemed to be a productive conference call, that same day counsel for Intervenors provided defense counsel with a list of several "agreed productions" memorializing the agreement between counsel reached during the call. Exh. F. By email three weeks later, counsel for Intervenors again affirmed this agreement between counsel, stating, "*I am holding TST to my agreement* to produce the various documents previously identified. I am also *giving you my personal word* that you will receive those documents . . . ." Exh. F at 1 (emphasis added). Intervenors subsequently served partial, deficient, and (again) unsigned and evasive supplemental responses. Exh. D. Further, the Satanic Temple failed to produce information and documents specified in the agreement between counsel. Defense counsel again painstakingly set forth the deficiencies of the partial supplemental responses in a letter to counsel for Intervenors. Exh. E.

Intervenors' evasiveness has delayed the discovery process in this matter. Despite more than five months of letters, emails, personal conversations, and phone conferences, *see, e.g.*, Exh. F, Intervenors persist in refusing to provide nonevasive signed responses to Defendants' interrogatories, to produce documents responsive to many of Defendants' requests for production, and to abide by the agreement between counsel. Exh. D; Exh. G.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Consistently with the notice-pleading system established by the Rules, discovery is not limited

to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The scope of discovery includes, among other things, "the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Advisory Committee Notes to Rule 26, 2015 Amendment.

"[T]he party opposing discovery has the burden of showing that discovery requests are overly broad, unduly burdensome or not relevant." *Kirby v. United Am. Ins. Co.*, No. 4:08CV00338 JLH, 2009 WL 10675166, at *2 (E.D. Ark. Feb. 13, 2009). An order compelling discovery responses is appropriate where a party fails to properly answer interrogatories or produce documents. Fed. R. Civ. P. 37(A)(1), (3). The court must require the party whose conduct necessitated a motion compelling discovery to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). Evasive or incomplete answers or responses are treated as failures to answer or respond. Fed. R. Civ. P. 37(A)(4). Answers to interrogatories are improper unless signed by the party making the answers. Fed. R. Civ. P. 33(b)(5). Further, the grounds for any objection to an interrogatory must be both timely and stated with specificity; otherwise the objection is waived. Fed. R. Civ. P. 33(b)(4).

## ARGUMENT

First, Intervenors have waived all objections by failing to state them with specificity. Fed. R. Civ. P. 33(b)(5). This includes all generic objections stated by Intervenors in their initial and supplemental responses. Exh. B; Exh. D. Defendant requests that the Court deem all Intervenors' generic objections waived.

Second, the Rules require that the answers to interrogatories must be signed by the party making the answers. Fed. R. Civ. P. 33(b)(5). Counsel for Intervenors admits that Intervenors

have failed to provide answers signed by the parties. Exh. G at 1. Defendant requests that this Court order the Satanic Temple, Doug Misicko, and Erika Robbins to provide *signed* answers to the interrogatories.

Third, besides the signing issue, the Satanic Temple and Doug Misicko have failed to provide proper responses to many of Defendants' interrogatories and requests for production and to abide by the agreement between counsel. Defendant requests that this Court order these Intervenors to provide proper responses to the particular discovery requests identified below.

## I.    Requests to the Satanic Temple

The Satanic Temple refuses to provide proper responses to seven sets of the Defendant's discovery requests.

*Interrogatory No. 1 and RFP No. 1* – The Satanic Temple has identified itself with two different corporate entities in its previous unsigned responses. The Satanic Temple initially responded that "[o]n information and belief, the full legal name of the organization is still United Federation of Churches, LLC." Def. Exh. B at 20. But Intervenors' September 26, 2019 supplement states that the Satanic Temple "is given corporate structure by 'The Satanic Temple, Inc.' which is a Massachusetts non-profit corporation." Def. Exh. D at 8. The Satanic Temple refuses to provide an explanation for this discrepancy.

This discrepancy is compounded by the Satanic Temple's refusal to produce governance documents or to provide basic information concerning its organization, including the existence or identities of any officers, directors, managers, or board members. The Satanic Temple's obstinacy frustrates the discovery process, which is the only means available to Defendant to obtain such basic information about this self-described "complex and international organization." Exh. D. at 8. Defendant requests that this Court order the Satanic Temple to provide proper

responses with all information and governance documents responsive to these requests—and to clarify the contradiction created by its identification of the Satanic Temple with two different corporate entities in its previous unsigned responses. *Godson v. Eltman, Eltman & Cooper, P.C.*, No. 11-CV-0764S SR, 2014 WL 4627216, at *7 (W.D.N.Y. Sept. 15, 2014) (compelling production of "articles of incorporation, bylaws, and employment agreements with corporate officers"); *Cheney v. IPD Analytics, L.L.C.*, No. 08-23188-CIV, 2009 WL 10667049, at *3 (S.D. Fla. June 29, 2009) (compelling production of "all operating agreement(s) and amendments thereto, including any operating agreement in effect for any period of the company's existence and the current operating agreement"); *Sec. Ins. Co. of Hartford v. Dennis*, No. 3:05MC334, 2008 WL 538956, at *2 (W.D.N.C. Feb. 25, 2008) (compelling production of "all corporate governance documents . . . including, but not limited to, all articles of incorporation, corporate charters, operating agreements, bylaws, business plans, and any other written procedures or guidelines").

**Interrogatory No. 2** – The Satanic Temple has associated itself with content accessible from various websites—websites that have been registered in ways that mask from public view the person or entity registering it. *See* Def. Exh. A at 17. These websites plainly pertain to the Satanic Temple's various activities. *See id.* Information concerning the persons or entities who registered the domains or who produced, published, or maintained content accessible from these websites is likely to lead to the identification of witnesses and the discovery of facts relevant to this action. Yet the Satanic Temple refuses to provide any responsive information. Defendant requests that this Court order the Satanic Temple to provide proper responses with all information responsive to this interrogatory. *First Mariner Bank v. Resolution Law Grp.*, No. CIV. MJG-12-1133, 2013 WL 5797381, at *2 (D. Md. Oct. 24, 2013) (describing history of

parties' failure to comply with the court's order compelling answers to interrogatories about the "persons involved in creation, maintenance, funding and domain registration"); *see Scott v. U.S. Postal Serv.*, No. CV 15-712-BAJ-EWD, 2016 WL 7440468, at *6 (M.D. La. Dec. 27, 2016) (compelling production of all historical data available from social networking website accounts); *Moore v. Wayne Smith Trucking Inc.*, No. CIV.A. 14-1919, 2015 WL 6438913, at *2 (E.D. La. Oct. 22, 2015) (it is well settled that information stored on social media accounts are discoverable).

*RFPs Nos. 2 and 3* – The Satanic Temple has put its tax status and financial information in issue by claiming to be a tax-exempt "church" after years of claiming that it pays taxes on principle. *See, e.g.*, Satanic Temple deemed church by IRS, *Arkansas Times*, available at https://arktimes.com/arkansas-blog/2019/04/26/satanic-temple-deemed-church-by-irs (accessed November 27, 2019). In addition, as explained above, the Satanic Temple has identified itself with two different corporate entities—one, a tax-exempt nonprofit ("The Satanic Temple, Inc."), and another, a non-tax-exempt, for-profit business ("United Federation of Churches, LLC").

Under Internal Revenue Service regulations, a "church" must "be organized and operated exclusively for religious, educational, scientific or other charitable purposes" and its "net earnings may not inure to the benefit of any private individual or shareholder." Tax Guide for Churches and Religious Organizations, Publication 1828 (Rev. 8-2015), *Department of the Treasury Internal Revenue Service*, at 6, available at https://www.irs.gov/pub/irs-pdf/p1828.pdf (accessed November 27, 2019). Yet the Satanic Temple website states, "Items purchased from the TST shop and contributions made on the shop website are *not* tax-deductible." FAQ, *The Satanic Temple*, available at https://thesatanictemple.com/pages/faq (visited November 27, 2019) (emphasis added). A link on the same page directs anyone desiring to make tax-deductible

donations to a nonexistent webpage, displaying the message, "We're sorry, but the page you requested does not exist." *See id.* (linking to https://thesatanictemple.com/pages/ www.thesatanictemple.org) (visited November 27, 2019). Other information available to Defendant suggests that the Satanic Temple's finances are tightly controlled by a very small number of individuals not for religious purposes but for personal gain.

Requests for Production Nos. 2 and 3 reasonably seek the Satanic Temple's state and federal tax returns and financial statements for recent years. The Satanic Temple refuses to produce these documents.

For tax returns most courts apply a two-part test. *Baouch v. Werner Enterprises, Inc.*, No. 8:12CV408, 2014 WL 66499, at *2 (D. Neb. Jan. 7, 2014). The first question asks whether the documents are relevant. As explained above, the Satanic Temple has directly put its tax status in issue. "Second, the party objecting to production must show the information in the tax [documents] is more readily obtainable elsewhere." *Id.* (quotation and citation omitted). Here, the requested information is not otherwise obtainable.

Defendant requests that this Court order the Satanic Temple to provide all documents responsive to these requests for both the nonprofit and for-profit corporate entities with which the Satanic Temple has identified itself. *St. Regis Paper Co. v. United States*, 368 U.S. 208, 219 (1961) (tax returns are subject to discovery); *T-M Vacuum Prod., Inc. v. Taisc, Inc.*, No. CIV.A. H-07-4108, 2008 WL 5082413, at *3 (S.D. Tex. Nov. 25, 2008) (compelling production of a company's financial statements over the objection that such documents are confidential); *Litton v. Maverick Paper Co.*, No. 03-2377-KHV-DJW, 2005 WL 8160651, at *2 (D. Kan. May 13, 2005) (compelling production of income tax returns and financial statements).

*Interrogatories Nos. 4, 5, and 6 and RFPs Nos. 5 and 6* – Numerous websites exist through which Satanic Temple merchandise can be purchased or contributions can be made to the organization. One example is the Satanic Temple website itself, which is used to sell merchandise and solicit contributions. That website states, "Items purchased from the TST shop and contributions made on the shop website are *not* tax-deductible." FAQ, *The Satanic Temple*, available at https://thesatanictemple.com/pages/faq (visited November 27, 2019) (emphasis added).

The Satanic Temple agreed to produce information and documents—and counsel for Intervenors later gave defense counsel his "personal word" that he would hold the Satanic Temple to that agreement—regarding the identity of persons or entities that receive proceeds from purchases and contributions made through the various websites identified in the Defendants' discovery requests. Yet the Satanic Temple and counsel for Intervenors now refuse to do so.

After an August 5, 2019 conference call concerning the deficiencies of Intervenors' initial discovery responses, counsel for Intervenors provided to defense counsel a list of several "agreed productions," which shows Intervenors' agreement to produce such information and documents. Exh. F at 5 (Intervenors' "agreed productions," including "Where does the money go for TST purchases and contributions"). Counsel for Intervenors reaffirmed this agreement by email on August 28, 2019, stating, "*I am holding TST to my agreement* to produce the various documents previously identified. I am also *giving you my personal word* that you will receive those documents . . . ." Exh. F at 1 (emphasis added). Counsel's "personal word" further included that Defendant would receive the documents "faster and with less effort expended on Defendant's part through informal proceedings than through an order to compel discovery." *Id.*

Yet, despite having counsel's "personal word," and after Defendant's attempts to confer in good faith, the Satanic Temple and counsel for Intervenors now refuse to keep the agreement between counsel, objecting that these items are not relevant to any claims or defenses in this action. Exh. G; Exh. D at 6-7.

Eastern District of Arkansas Local Rule 7.4 provides, "The Court will not recognize any agreement between counsel, if counsel differ as to its terms, unless the agreement has been reduced to writing." *See RM Dean Farms v. Helena Chem. Co.*, No. 2:11CV00105 JLH, 2012 WL 3745286, at *2 (E.D. Ark. Aug. 28, 2012) (applying Local Rule 7.4 to agreements between counsel made in discovery). Here, the agreement between counsel was reduced to writing (and then reaffirmed three weeks later) by counsel for the Satanic Temple—which now refuses to abide by the agreement.

Defendant requests that this Court provide all responsive information and documents to these requests and interrogatories and that the Court enforce the agreement between counsel. *Cf. Texas v. Ysleta del Sur Pueblo*, No. EP-17-CV-179-PRM, 2018 WL 2348669, at *3 (W.D. Tex. May 23, 2018) (compelling production of a charity's financial documents over the charity's objection that the information is not directly relevant to the elements of the claim in the action).

***Interrogatory No. 7 and RFP No. 7*** – Defendant has sought to identify persons or entities with an ownership interest in the Satanic Temple's Baphomet statue. The Satanic Temple plainly must *own* the Baphomet monument to be able to donate it for placement on the Arkansas State Capitol grounds. Yet the Satanic Temple refuses to identify those persons or entities with an ownership interest in the statue. *Cf. Domain Assets, LLC v. Petters Grp. Worldwide, LLC*, No. CV 06-4379 (PAM/JSM), 2008 WL 11347930, at *8 (D. Minn. Jan. 7, 2008) ("Plaintiff is entitled to obtain the documents that support, and perhaps even refute, . . . ownership . . . .").

Defendant has also sought information concerning modifications to the statue. Intervenors' initial response stated that they do not object to providing information about modifications. Yet the Satanic Temple now refuses to provide any responsive information or documents.

Defendant requests that this Court order the Satanic Temple to provide proper responses with the information and documents responsive to these requests concerning ownership of and modifications to the statue.

*Interrogatory No. 9* – Defendant believes that the Satanic Temple has close legal and financial relationships with, and has engaged in joint efforts with, Doug Misicko; Cevin Soling; the United Federation of Churches, LLC; Reason Alliance, Ltd.; The Alliance for Self-Directed Education, Inc.; Alliance for Integrity and Justice Ltd.; and Spectacle Films. The Satanic Temple has refused to provide information concerning its relationships to these persons and entities. Defendant requests that this Court order the Satanic Temple to provide proper responses with the information concerning its legal and financial relationships with these closely-associated persons and entities. *See United States ex rel. Samandi v. Materials & Electrochemical Research Corp.*, No. CV 05-124 TUC DCB, 2008 WL 11383663, at *3 (D. Ariz. Oct. 16, 2008) (compelling a full answer to an interrogatory inquiring into a party's legal and financial relationships between various persons and entities).

*Interrogatory No. 10* – Defendant believes that the Satanic Temple may have been a party to litigation in other jurisdictions. This interrogatory seeks basic information concerning what litigation the Satanic Temple has been involved in. The Satanic Temple has refused to provide this basic information. Defendant requests this Court order the Satanic Temple to provide a proper answer with the information responsive to this interrogatory. *See Powell v.*

*Merrimack Mut. Fire Ins. Co.*, 80 F.R.D. 431, 433 (N.D. Ga. 1978) (holding that an interrogatory concerning plaintiffs' involvement in other litigation is reasonable and compelling an answer).

## II.    Interrogatory No. 3 to Doug Misicko

The Satanic Temple refuses to provide proper responses to various requests to Doug Misicko. Defendant brings one to this Court's attention. Defendant has requested basic information concerning lawsuits or other legal proceedings in which Mr. Misicko has been involved. Such information is relevant to, among other things, Mr. Misicko's credibility as a witness, and it is anticipated that it will lead to information concerning the activities of the Satanic Temple.

Mr. Misicko objects that providing this information would be an undue burden because "it is all publicly available." This objection has been waived, but, in any case, "[a] party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018) (quotation omitted). Mr. Misicko has provided none. Further, this answer is evasive because Defendant has not requested that Mr. Misicko provide publicly available documents but only that he provide information by which Defendant might identify and possibly obtain them. Only Mr. Misicko knows the jurisdictions in which he has been involved in legal proceedings. *See* Fed. R. Civ. P. 26(b)(1) (requiring consideration of "the parties' relative access to relevant information").

Defendant requests that this Court order Mr. Misicko to provide a proper answer to this interrogatory, including all responsive information concerning legal proceedings in which he has been involved. *See Powell*, 80 F.R.D. at 433 (holding that interrogatories concerning plaintiffs'

arrest record and involvement in other litigation is reasonable and compelling a nonevasive

answer).

## CONCLUSION

Defendant has patiently and in good faith tried to work with Intervenors to obtain signed,

nonevasive answers to its reasonable discovery requests and production of responsive

documents. But, after five months of Intervenors' delay, with the possible need for follow-up

written discovery requests and the necessity of conducting depositions before the approaching

close of discovery, Intervenors' dilatory tactics have resulted in their refusal to serve any proper

discovery response. Therefore, Defendant moves this Court for an order compelling Intervenors

to provide *signed* responses from all Intervenors; compelling Intervenors to provide nonevasive

answers and documents responsive to particular discovery requests, as explained more fully

above; enforcing the agreement between counsel; and deeming all Intervenors' objections

waived.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By:    */s/ Michael A. Cantrell*
        Nicholas J. Bronni (2016097)
          Solicitor General of Arkansas

        Vincent M. Wagner (2019071)
          Deputy Solicitor General

        Michael A. Cantrell (2012287)
        Dylan L. Jacobs (2016167)
          Assistant Solicitors General

        OFFICE OF THE ARKANSAS ATTORNEY GENERAL
        323 Center Street, Suite 200
        Little Rock, AR 72201
        Ph:    (501) 682-2007
        Fax:   (501) 682-2591
        Michael.Cantrell@ArkansasAG.gov

        Gary L. Sullivan, Ark Bar No. 92051
        Managing Attorney
        Arkansas Secretary of State's Office
        Suite 256- State Capitol
        500 Woodlane Avenue
        Little Rock, AR 72201
        PH: (501) 682-3401; Fax: (501) 682-1213
        Email: gary.sullivan@sos.arkansas.gov

        Hiram Sasser
        Michael Berry
        Lea Patterson
        FIRST LIBERTY INSTITUTE
        2001 West Plano Parkway, Suite 1600
        Plano, TX 75075
        Tel:  (972) 941-6162
        Fax:  (972) 423-6162
        *hsasser@firstliberty.org*
        *mberry@firstliberty.org*
        *lepatterson@firstliberty.org*

        *Attorneys for Secretary of State John Thurston*