## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | |
|---|---|
| **DONNA CAVE, JUDITH LANSKY,** | **PLAINTIFFS** |
| **PAT PIAZZA, and SUSAN RUSSELL** | |
| | |
| **ANNE ORSI, AMERICAN HUMANIST** | **CONSOLIDATED PLAINTIFFS** |
| **ASSOCIATION, FREEDOM FROM** | |
| **RELIGION FOUNDATION, INC.,** | |
| **ARKANSAS SOCIETY OF FREETHINKERS,** | |
| **JOAN DIETZ, GALE STEWART, RABBI** | |
| **EUGENE LEVY, REV. VICTOR H. NIXON,** | |
| **TERESA GRIDER, and WALTER RIDDICK** | |
| | |
| **THE SATANIC TEMPLE, DOUG MISICKO** | **INTERVENORS** |
| aka "LUCIEN GREAVES," and **ERIKA** | |
| **ROBBINS** | |
| | |
| v.   No. 4:18CV00342 KGB/BD | |
| | |
| **JOHN THURSTON, Arkansas Secretary of State,** | |
| **in his official capacity** | **DEFENDANT** |

### MOTION FOR EXTENSION TO COMPLETE DISCOVERY
### AND REQUEST FOR EXPEDITED CONSIDERATION

Arkansas Secretary of State John Thurston, through counsel, states for his motion as follows:

As a result of the Satanic Temple Intervenors' refusal to provide proper discovery responses, *see* DE 93, 94, the need to arrange depositions of recently disclosed expert witnesses, and other matters, good cause exists for a ninety-day extension of the discovery deadline and a corresponding continuance of the trial and associated deadlines. Fed. R. Civ. P. 16(b)(4) (scheduling order may be modified for good cause). Further, in light of Defendant's need to obtain proper written discovery responses prior to deposing the Intervenors and related witnesses, Defendant requests that the Court expedite consideration of this motion to enable those depositions to be rescheduled without inconvenience to counsel, parties, or deponents.

**I.      Good cause exists for a ninety-day discovery extension and continuance.**

The Cave Plaintiffs, the Orsi Consolidated Plaintiffs, and Defendant have diligently cooperated in discovery of the facts of this matter, exchanging written discovery and completing over a dozen depositions by stipulation of the parties. But with the January 13, 2020 discovery deadline approaching, Defendant seeks a necessary ninety-day extension to allow time to complete discovery of remaining matters, among which are the following.

First, even with continued diligence, Defendant cannot complete discovery concerning the Satanic Temple Intervenors before the current discovery deadline. As detailed in Defendant's motion to compel, DE 93, 94, despite Defendant's good-faith efforts for five months, the Satanic Temple Intervenors have provided only unsigned discovery responses replete with generic objections and evasive answers. As a result, a ninety-day extension of the discovery deadline is needed to prepare to take the Intervenors' depositions with the benefit of proper, nonevasive written responses and to allow time for anticipated follow-up discovery. 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.2 (3d ed.) (amendment of a scheduling order is appropriate when necessitated by acts or omissions of an opposing party).

Defendant has noticed depositions of Intervenors Erika Robbins, Doug Misicko, and the Satanic Temple, as well as related witness Mason Hargett, for January 7-9, 2020. These depositions have been scheduled purely as a precautionary measure to ensure that Defendant does not waive his rights of discovery. But a ninety-day extension would allow time for the Court to consider and rule on Defendant's motion to compel and for those depositions to be properly scheduled after Defendant receives proper written discovery responses, investigates the information disclosed therein, and conducts anticipated follow-up discovery.

Second, the Orsi Consolidated Plaintiffs have indicated that they wish to depose Defendant's expert witness, Dr. Mark Hall. Due to various scheduling constraints, including the coming holiday season, the parties are discussing dates for Dr. Hall's deposition after the currently-scheduled close of discovery. Further, late last Friday evening, the Orsi Consolidated Plaintiffs disclosed Dr. Steven K. Green as their rebuttal expert witness. Defendant needs time to research Dr. Green's background and work and to prepare to depose him. A ninety-day extension would allow time to arrange the depositions of these recently-identified witnesses. *Cf. Burton v. City of Adairsville, Georgia*, No. 4:14-CV-0099-HLM, 2016 WL 5349474, at *2 (N.D. Ga. Mar. 7, 2016) (extending discovery for deposition of expert witnesses).

An extension of the discovery deadline will require a continuance and an extension of associated trial deadlines. So to allow sufficient time for counsels' briefing of dispositive motions, this Court's consideration of those motions, and necessary preparations for trial, Defendant asks that the Court allow at least three weeks between the discovery and dispositive-motion deadlines and at least seven weeks between the dispositive-motion deadline and the trial date.

Good cause exists for a ninety-day extension and continuance of trial and associated deadlines not yet passed, and no party will be prejudiced thereby. Therefore, Defendant respectfully requests that this Court enter an amended scheduling order setting the discovery deadline not before April 13, 2020; the dispositive-motion deadline not before May 4, 2020; and trial not before June 22, 2020.

**II.     No objection has been stated.**

Defendant has conferred with counsel for the Cave Plaintiffs, the Orsi Consolidated Plaintiffs, and the Intervenors, and is authorized to state that the Cave Plaintiffs have no

objection to a ninety-day extension of the discovery deadline and continuance. On the morning of Wednesday, December 11, 2019, Defendant gave notice to the Orsi Consolidated Plaintiffs and the Intervenors that he would seek this extension and continuance and inquired whether either had any objection. As of this filing neither stated either an objection or the lack of an objection.

**III.   Defendant respectfully requests expedited consideration.**

Defendant needs proper discovery responses from the Intervenors and time to complete his investigation before deposing them and related witnesses. Waiting until closer to the current dates to reschedule Intervenors' depositions may inconvenience counsel, parties, and deponents—including some travelling from other states. Therefore, to minimize inconvenience and economize resources, Defendant respectfully requests that the Court order that any objection to this motion be filed within five days of this filing—which is seven days from Defendant's initial efforts to ascertain the parties' positions—and that the Court expedite its consideration.

## CONCLUSION

Defendant respectfully requests that the Court grant its motion for a ninety-day extension of the discovery deadline and continuance of the trial and associated deadlines not yet passed; that it set the discovery deadline not before April 13, 2020, the dispositive-motion deadline not before May 4, 2020, and a bench trial not before not before June 22, 2020; that it order any objection to be filed within five days of this filing; and that it expedite consideration of this motion.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

Nicholas J. Bronni (2016097)
  Solicitor General of Arkansas
Vincent M. Wagner (2019071)
  Deputy Solicitor General
Michael A. Cantrell* (2012287)
Dylan L. Jacobs (2016167)
  Assistant Solicitors General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph:     (501) 682-2007
Fax:    (501) 682-2591
Michael.Cantrell@ArkansasAG.gov
*Counsel of record

Gary L. Sullivan, Ark Bar No. 92051
Managing Attorney
Arkansas Secretary of State's Office
Suite 256- State Capitol
500 Woodlane Avenue
Little Rock, AR 72201
PH: (501) 682-3401; Fax: (501) 682-1213
Email: gary.sullivan@sos.arkansas.gov

Hiram Sasser
Michael Berry
Lea Patterson
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, TX 75075
Tel:  (972) 941-6162
Fax:  (972) 423-6162
*hsasser@firstliberty.org*
*mberry@firstliberty.org*
*lepatterson@firstliberty.org*

*Attorneys for Secretary of State John Thurston*