IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **DONNA CAVE, JUDITH LANSKY, PAT PIAZZA, and SUSAN RUSSELL** | **PLAINTIFFS** |
| **ANNE ORSI, AMERICAN HUMANIST ASSOCIATION, FREEDOM FROM RELIGION FOUNDATION, INC., ARKANSAS SOCIETY OF FREETHINKERS, JOAN DIETZ, GALE STEWART, RABBI EUGENE LEVY, REV. VICTOR H. NIXON, TERESA GRIDER, and WALTER RIDDICK** | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE, DOUG MISICKO aka "LUCIEN GREAVES," and ERIKA ROBBINS** | **INTERVENORS** |
| v.    No. 4:18CV00342 KGB/BD | |
| **JOHN THURSTON, Arkansas Secretary of State, in his official capacity** | **DEFENDANT** |

**REPLY IN SUPPORT OF MOTION TO COMPEL RESPONSES FROM INTERVENORS AND ENFORCE AGREEMENT BETWEEN COUNSEL**

After a full *six months* and Defendant's filing of his motion to compel, the Satanic Temple Intervenors *still* refuse to serve a discovery response that is either nonevasive or signed by the party making the answers. Intervenors acknowledge but likewise refuse to comply with the agreement between counsel concerning discovery. Defendant's motion to compel does not seek across-the-board production of every item that Intervenors refuse to provide, but presents only a subset of the most important issues created by Intervenors' inexcusable refusal to cooperate in discovery. This Court should compel Intervenors to comply with the agreement between counsel, with the spirit and letter of the Federal Rules of Civil Procedure, and with the norms of proper discovery.

## BACKGROUND

Following the end of the 14-day period for responding to Defendant's motion to compel, Intervenors filed an untimely motion response that was unsigned. DE 98; *see* E.D. Ark. Local Rule 7.2; DE 85 (final scheduling order providing for a 14-day response period). Intervenors then filed a second untimely response the next calendar day. DE 99. Although Intervenors filed these responses out of time, they did not seek this Court's leave to file either untimely response. This Court would be well within its discretion to disregard Intervenors' untimely responses and to deem their opportunity to respond waived. Indeed, the Court should do so.

Intervenors' motion responses do not once try to defend their inexcusable failure to serve a signed discovery response. Nor do their responses attempt any affirmative case that their discovery responses are nonevasive. Rather, Intervenors strain to paint Defendant's reasonable requests for basic discovery as the problem.

Defendant now respectfully reiterates his request for an order compelling *signed* responses from all Intervenors; compelling Intervenors to provide information and documents responsive to their requests; enforcing an agreement between counsel concerning discovery; and deeming all Intervenors' objections waived.

## ARGUMENT

Even if the Court were to consider Intervenors' untimely responses, nothing therein would carry Intervenors' "burden of showing that discovery requests are overly broad, unduly burdensome or not relevant." *Kirby v. United Am. Ins. Co.*, No. 4:08CV00338 JLH, 2009 WL 10675166, at *2 (E.D. Ark. Feb. 13, 2009).

Intervenors insinuate that Defendant exceeded the number of permissible interrogatories. DE 99 at 2. But that is false. In any case, Intervenors have waived any objection to the number of

interrogatories by failing to object to all interrogatories. *McCall Law Firm, PLLC v. Crystal Queen, Inc.*, No. 4:15-CV-00737-KGB, 2018 WL 4693315, at *2 (E.D. Ark. Sept. 28, 2018) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has been propounded should object to all interrogatories."); 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2168.1 n.20 (3d ed. 1998).

Intervenors also complain of Defendant's citation of authorities from other circuits. But this Court routinely relies on decisions from across the country in resolving discovery disputes. *See, e.g.*, *McCall Law Firm, PLLC*, 2018 WL 4693315, at *2-3. And, in any case, Intervenors' extraordinary refusals to provide nonevasive answers to the most basic questions or to serve a properly signed discovery response is so contrary to both the spirit and letter of the Federal Rules of Civil Procedure that one is hard pressed to find suitable authority in this circuit for the corresponding propositions.

To the extent that Intervenors ask for a protective order, the Court should disregard, or at most deny, that request for several reasons. First, Intervenors have not filed a proper motion for a protective order but only made a perfunctory request in the course of responding to Defendant's motion. Intervenors' request for such an order does not amount to proper briefing of the issue. Second, Intervenors do not make the required Rule 26(c)(1) certification that they have in good faith conferred or attempted to confer with other parties to resolve the issue before approaching the Court with a request for an order. Indeed, Intervenors have made no such attempt to confer. Finally, Defendant has not requested any information that could be reasonably construed as confidential such that a protective order would be appropriate.

Intervenors inexplicably complain that Defendant's discovery requests "demand[ed] Social Security Numbers on individuals who use pseudonyms." DE 99 at 1. To Defendant's

knowledge, Doug Misicko is the only party who uses a pseudonym. But Mr. Misicko is participating in this litigation *not* under a pseudonym but under his *real name*, "Doug Misicko." *See* case heading, *supra*. Of course, it is unclear why a request for a Social Security number would be problematic even if Mr. Misicko were participating under a pseudonym. Intervenors' complaint insinuates that a request for a Social Security number is somehow improper in itself. But "[t]he request of this personal information is routine in litigation." *Woliner v. Sofronsky*, No. 18-CV-80305, 2018 WL 5918873, at *6 (S.D. Fla. Nov. 13, 2018) (explaining that an individual's Social Security number is one of the first requested items on Florida's standard form interrogatories). Intervenors' complaint on this point is also curious because, although Intervenors refuse to provide identifying information—including Social Security numbers—Defendants' motion to compel does not request an order compelling the production of Social Security numbers.

Intervenors' response acknowledges the limited scope of Defendant's motion. Indeed, Defendant has not moved for an order compelling across-the-board production of every item that Intervenors have refused to provide. Defendant recognizes the unfortunate practical difficulties in compelling a disobliging set of plaintiffs to respond properly through his preferred means of permissible discovery. Defendant also respects this Court's limited time and resources by presenting in his motion only a subset of the most important issues created by Intervenors' refusal to cooperate. This Court should order proper responses to the particular discovery requests discussed below.

I. **Requests to the Satanic Temple**

Again, the Satanic Temple persists in refusing to provide proper responses to seven sets of the Defendant's discovery requests.

***Interrogatory No. 1 and RFP No. 1*** – Defendants seek an order compelling the Satanic Temple to produce governance documents and to provide basic information concerning its organization, including the existence and identities of any officers, directors, managers, or board members.

To justify their obstinate refusal to provide virtually *no information whatsoever* in response to Interrogatory No. 1, Intervenors cling to a strained reading that would (so they claim) require the Satanic Temple to supplement discovery every time one of its purported 50,000 members "organizes a 'Menstruatin' with Satan' women's hygiene donation," performs a black mass, takes a leadership role with a local chapter, etc. DE 99 at 6. But this is absolutely false. Defense counsel repeatedly made clear to counsel for Intervenor during the 2-hour-long August 5, 2019 discovery conference that Interrogatory No. 1 does not seek information about leaders of independent local chapters, as such, but only about leaders of the Satanic Temple itself. Further, as clearly explained in Defendant's October 22, 2019 letter, "Interrogatory No. 1 does not request information about any local chapter's leader, as such. Rather, it seeks information only about employees, officers, directors, managers, board members, advisory members, or other persons or entities holding a position of responsibility or leadership with respect to the Intervenor, the Satanic Temple." DE 93-5 at 2. This is not an onerous request, and it is difficult to construe the Satanic Temple's providing *no information whatsoever* about its leadership as fulfilling its discovery obligations in good faith.

Respecting Request for Production No. 1, the Satanic Temple claims that it has not produced the requested governance documents because it is suing only in an associational capacity. But part of the difficulty with this claim is that the Satanic Temple has so muddied the waters by identifying the Satanic Temple with *two different* corporate entities that it is unclear

5

*which* entity is claiming associational capacity to sue. The Satanic Temple persists in refusing to provide any explanation for this bizarre discrepancy. Further, the Satanic Temple cannot ignore the fact that Defendant is plainly entitled to such basic information concerning the identity and nature of the complainant that has invoked the jurisdiction of the federal judiciary and haled him before this Court.

***Interrogatory No. 2*** – The websites at issue plainly pertain to the Satanic Temple's various campaigns and other activities. Intervenors' response does not dispute that the persons or entities in whose names(s) the websites have been registered is relevant to this action. Information concerning both the individuals who registered the domains and those who produced, published, or maintained content accessible from those domains is likely to lead to the identification of witnesses and the discovery of facts relevant to this action—not least of which are the number and identities of persons who are chiefly involved in the Satanic Temple's organization. Intervenors falsely state and fabricate out of whole cloth the claim that defense counsel "demurred" concerning these websites' relevance. In fact, "the party opposing discovery has the burden of showing that discovery requests are overly broad, unduly burdensome or not relevant." Kirby, 2009 WL 10675166, at *2. Intervenors have not done so.

***RFPs Nos. 2 and 3*** – The Satanic Temple has put its tax status and financial information in issue. The Satanic Temple's response does not dispute that it has identified itself with two different corporate entities—one, a tax-exempt nonprofit ("The Satanic Temple, Inc."), and another, a non-tax-exempt, for-profit business ("United Federation of Churches, LLC"). Its response also does not dispute that, although the Satanic Temple now claims to be a tax-exempt "church," items purchased therefrom are *not* tax-deductible. FAQ, *The Satanic Temple*, available at https://thesatanictemple.com/pages/faq (visited November 27, 2019). Again, the Satanic

Temple has offered no explanation for this contradiction, and it has produced nothing that sheds light on the discrepancy.

***Interrogatories Nos. 4, 5, and 6 and RFPs Nos. 5 and 6*** – Intervenors' response recognizes the agreement between counsel according to which the Satanic Temple is to produce, among other things, information and documents regarding the identity of persons or entities that receive proceeds from purchases and contributions made through the various websites identified in Defendant's discovery requests. DE 99 at 3-4 (Intervenors' recognition of "a limited agreement" including, in Intervenors' counsel's description, "[w]here does the money go for TST purchases and contributions."); *see* DE 93-6 (Def. Exh. F) at 5. Yet, despite this agreement between counsel, the Satanic Temple now balks. The Satanic Temple's September 26, 2019 supplemental responses to Interrogatories Nos. 4, 5, and 6 and Requests for Production Nos. 5 and 6 are categorical refusals to provide any information or documents. DE 93-4 at 11-13. And Intervenors now make the demonstrably false representation to this Court that "We provided all of the above." DE 99 at 4; *see id.* at 2. They have not.

Intervenors represent to this Court that their agreement most certainly does *not* include *any* of the information or documents requested in Interrogatories Nos. 4, 5, and 6 and Requests for Production Nos. 5 and 6. Doc. 99 at 9. But this is obviously false. First, Intervenors cannot point to any information or documents that they have produced as a result of this agreement. That is because the Satanic Temple has provided *absolutely no* information or documents concerning "[w]here . . . the money go[es] for TST purchases and contributions." DE 93-6 at 5. That information is plainly sought in Interrogatories Nos. 4 and 5, and Intervenors cannot plausibly deny that these are the requests to which counsel for Intervenors' description obviously

refers. Intervenors have not attempted to put forth an alternative version of what *they* claim the agreement between counsel covers—because they know they cannot do so with a straight face.

Intervenors claim that they initially objected to the relevance and proportionality of these discovery requests. But the objections in Intervenors' initial responses were improperly generic, characterized by cookie-cutter uniformity. *See, e.g.*, DE 93-2 at 22-24. Intervenors waived all objections by failing to state them with specificity. Fed. R. Civ. P. 33(b)(5). And, in any case, Intervenors' initial objections are waived by the subsequent agreement between counsel.

Further, Intervenors use a misleading heading for this section of their response, which states, in part, "Counsel did not agree to produce the identities of contributors. . . ." DE 99 at 9. Defendant has not requested the identities of *contributors* but only the identities of persons or entities who *received* proceeds from purchases or contributions. Moreover, Intervenors again falsely state that defense counsel "demurred" concerning these requests.

Finally, Intervenors' response does not even address Interrogatory No. 6 and Request for Production No. 6. As such, they have forfeited their opportunity to meet their burden on this motion. *Kirby*, 2009 WL 10675166, at *2 ("[T]he party opposing discovery has the burden of showing that discovery requests are overly broad, unduly burdensome or not relevant.").

***Interrogatory No. 7 and RFP No. 7*** – Defendant has sought to identify persons or entities with an ownership interest in the Satanic Temple's Baphomet statue. The Satanic Temple has produced a document that purports to show an agreement entered into by The United Federation of Churches, LLC, for the creation of a Baphomet statue. If the United Federation of Churches, LLC, holds all legal and equitable interests in the Baphomet statue, then it should be a very simple matter for the Intervenors to say so. Yet again they refuse. The same holds true with

respect to any other documents (not yet produced) showing legal or equitable interests in the statue.

Interrogatory No. 7 also seeks information concerning modifications to the statue. Intervenors have affirmatively stated that they do *not* object to this request, yet the Satanic Temple has, again, provided absolutely no information whatsoever. Intervenors' response does not address this portion of Interrogatory No. 7. As such, they have forfeited their opportunity to their burden on this motion. *Kirby*, 2009 WL 10675166, at *2 ("[T]he party opposing discovery has the burden of showing that discovery requests are overly broad, unduly burdensome or not relevant.").

***Interrogatory No. 9*** – Defendant believes that Doug Misicko; Cevin Soling; the United Federation of Churches, LLC; Reason Alliance, Ltd.; The Alliance for Self-Directed Education, Inc.; Alliance for Integrity and Justice Ltd.; and Spectacle Films may have served as arms or agents of the Satanic Temple on various projects. Yet, once again, the Satanic Temple has chosen to provide *no information whatsoever* concerning its relationships to these persons and entities. As with Intervenors' rebuff of Defendant's request for basic discovery concerning the Satanic Temple's corporate governance and officers, it is difficult to construe Intervenors' flat refusal as fulfilling their discovery obligations in good faith.

***Interrogatory No. 10*** – Defendant believes that the Satanic Temple has been a party to litigation in other jurisdictions. This interrogatory requests basic information concerning such litigation. Defendant has independently sought to identify other litigation in which the Satanic Temple has been involved. But, due to the Satanic Temple's use of various names and corporate entities, Defendant cannot be sure he can identify all such legal proceedings. Intervenors'

response is a plain attempt to shift their burden of responding to this reasonable request for such basic information to Defendant.

**II. Interrogatory No. 3 to Doug Misicko**

Defendant has requested basic information concerning lawsuits or other legal proceedings in which Mr. Misicko has been involved. Intervenors state that "TST provided everything in its possession about the only legal proceeding where Lucien Greaves served as a witness." DE 99 at 13. But this response is beside the point. First, Interrogatory No. 3 requests information concerning not only legal proceedings where Mr. Misicko has been a *witness* but also those in which he has been a *party*. And, second, the interrogatory is *not* directed to the Satanic Temple but to Mr. Misicko himself. Intervenors' limiting their response to information that *the Satanic Temple* has in its possession is illegitimate.

**CONCLUSION**

Intervenors have made it unmistakably clear that—unless compelled by this Court—they will not comply with the agreement between counsel, serve properly signed discovery responses, or provide nonevasive answers to Defendant's reasonable requests for basic discovery.

For the reasons stated in Defendant's principal brief and herein, Defendant respectfully requests that this Court order Intervenors to provide *signed* responses from all Intervenors; order Intervenors to provide nonevasive answers and documents responsive to particular discovery requests; enforce the agreement between counsel; and deem all Intervenors' objections waived.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By: Nicholas J. Bronni (2016097)
   Solicitor General of Arkansas
Vincent M. Wagner (2019071)
   Deputy Solicitor General
Michael A. Cantrell* (2012287)
Dylan L. Jacobs (2016167)
   Assistant Solicitors General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph:   (501) 682-2007
Fax:  (501) 682-2591
Michael.Cantrell@ArkansasAG.gov
*Counsel of Record*

Gary L. Sullivan, Ark Bar No. 92051
Managing Attorney
Arkansas Secretary of State's Office
Suite 256- State Capitol
500 Woodlane Avenue
Little Rock, AR 72201
PH: (501) 682-3401; Fax: (501) 682-1213
Email: gary.sullivan@sos.arkansas.gov

Hiram Sasser
Michael Berry
Lea Patterson
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, TX 75075
Tel:  (972) 941-6162
Fax:  (972) 423-6162
*hsasser@firstliberty.org*
*mberry@firstliberty.org*
*lepatterson@firstliberty.org*

*Attorneys for Secretary of State John Thurston*