**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | |
|---|---|
| **DONNA CAVE**, *et al.*, | **PLAINTIFFS** |
| **EUGENE LEVY**, *et al.*, | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE**, *et al.*, | **INTERVENORS** |
| v. | Case No. 4:18-cv-00342-KGB |
| **JOHN THURSTON**, Arkansas Secretary of State, in his official capacity | **DEFENDANT** |

## ORDER

Pending before the Court are a motion for extension to complete discovery and request for expedited consideration filed by defendant Arkansas Secretary of State John Thurston, in his official capacity, and all parties' joint motion to move case to non-jury docket (Dkt. Nos. 96, 102). For the reasons stated below, the Court grants both motions and will enter separately an amended final scheduling order consistent with the terms of this Order.

In his motion for extension, Mr. Thurston asserts that as a result of the Satanic Temple Intervenors' refusal to provide proper discovery responses, the need to arrange depositions of recently disclosed expert witnesses, and other matters, good cause exists for a 90-day extension of the discovery deadline and a corresponding continuance of the trial and associated deadlines in accordance with Federal Rule of Civil Procedure 16(b)(4) (Dkt. No. 96, at 1). The discovery deadline is currently set for January 13, 2020 (Dkt. No. 85). Accordingly, Mr. Thurston requests that the Court set the discovery deadline not before April 13, 2020; the dispositive-motion deadline not before May 4, 2020; and a bench trial not before June 22, 2020 (Dkt. No. 96, at 2). Initially, the *Orsi* plaintiffs objected to this motion (Dkt. No. 97). However, Mr. Thurston has filed an addendum to this motion stating that this motion is now unopposed (Dkt. No. 101, at 1). For good

cause shown, the Court grants Mr. Thurston's motion for extension to complete discovery (Dkt. No. 96).  The Court will enter an amended final scheduling order that continues the trial date and extends pretrial deadlines in accord with Mr. Thurston's motion.

In the joint motion to move case to non-jury docket, all parties state that all claims for monetary damages have been dropped in amended complaints, leaving only claims for declaratory and injunctive relief (*Id.*, ¶ 1).  As a result, all parties request that the scheduling order be amended to set this case on a non-jury docket, as no claims for a jury trial remain in this case (*Id.*, ¶ 2).  As a precautionary matter, Mr. Thurston reserves his right to a jury trial on any issue so triable (*Id.*, ¶ 3).  For good cause shown, the Court grants the parties' joint motion to move case to non-jury docket (Dkt. No. 102).  When the Court enters the amended final scheduling order, this case will be set for a bench trial.

So ordered this the 3rd day of January, 2020.

_____
Kristine G. Baker
United States District Judge