# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | |
|---|---|
| **DONNA CAVE, JUDITH LANSKY, PAT PIAZZA, and SUSAN RUSSELL** | **PLAINTIFFS** |
| | |
| **ANNE ORSI, AMERICAN HUMANIST ASSOCIATION, FREEDOM FROM RELIGION FOUNDATION, INC., ARKANSAS SOCIETY OF FREETHINKERS, JOAN DIETZ, GALE STEWART, RABBI EUGENE LEVY, REV. VICTOR H. NIXON, TERESA GRIDER, and WALTER RIDDICK** | **CONSOLIDATED PLAINTIFFS** |
| | |
| **THE SATANIC TEMPLE, DOUG MISICKO aka "LUCIEN GREAVES," and ERIKA ROBBINS** | **INTERVENORS** |
| | |
| v. No. 4:18CV00342 KGB/BD | |
| | |
| **JOHN THURSTON, Arkansas Secretary of State, in his official capacity** | **DEFENDANT** |

## BRIEF IN SUPPORT OF SECOND MOTION TO COMPEL DISCOVERY FROM SATANIC TEMPLE INTERVENORS

Intervenors claim the Constitution requires Arkansas to place the Satanic Temple's Baphomet statue on the Arkansas State Capitol grounds, thus thrusting the statue into the center of this litigation. But Intervenors now—in a set of untimely objections—refuse to produce 126 photographs documenting the Satanic Temple's official unveiling of that very statue. And this is not the first time Intervenors' have sought to evade Discovery to which Defendant is entitled. *See* DE 93 (seeking order compelling responses to prior discovery requests). In light of Intervenors' latest in a growing list of discovery evasions, this Court should enter an order compelling them to produce the responsive photographs.

# FACTS

After more than seven months, Intervenors still refuse to provide nonevasive, signed responses to Defendant's *first*, basic set of interrogatories and requests for production. Defendant's first motion to compel concerning Intervenors' obstructionist conduct is pending with the Court. DE 93. Intervenors' effort to frustrate the discovery process continues.

Defendant has learned that on the night of July 25, 2015, the Satanic Temple held an event in Detroit, Michigan, for the official unveiling of the Baphomet statue—the very statue that Intervenors have sued to place on the Arkansas State Capitol grounds. On December 6, 2019—still without having received proper, signed responses to his *first* set of written discovery—Defendant served a second set that consisted of one very specific request:

> **REQUEST FOR PRODUCTION NO. 1:** Please produce copies of all photographs and videos taken between 8:00 p.m. on July 25, 2015, and 2:00 a.m. on July 26, 2015, of the event in or around Detroit, Michigan, that included, among other things, the unveiling of the Baphomet statue.

Exh. A. Intervenors' production of these items was due on January 6, 2020. *See id.* (request served December 6, 2019). When Intervenors failed to respond, defense counsel emailed counsel for Intervenors to inquire. Despite Defendant's notice that the production was overdue, Intervenors waited seven days to serve objections to the request. *See* Exh. B. Intervenors acknowledged that they had approximately 133 responsive photographs but refused to produce them. *Id.* Instead, Intervenors produced 56 plainly nonresponsive photographs taken *before* the event.

On January 15, 2020, after electronically retrieving each individual photograph and reviewing Intervenors' evasive objections, defense counsel contacted counsel for Intervenors by

phone to discuss the matter. When that conversation proved fruitless, Defendant served a letter on Intervenors setting forth the deficiencies of their untimely response and nonresponsive production. Exh. C. Intervenors subsequently produced seven of the identified 133 photographs. But they persist in refusing to produce the 126 others.

## LEGAL STANDARD

It is well settled that the failure to timely file an objection to a request for production constitutes a waiver of that objection. *Jones v. Forrest City Grocery Inc.*, No. 406CV00944-WRW, 2007 WL 1704590, at *2 (E.D. Ark. June 12, 2007); *see Henry v. Nat'l Hous. P'ship*, No. 106CV008-SPM/AK, 2007 WL 2746725, at *1 (N.D. Fla. Sept. 18, 2007); *Ramirez v. Cty. of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The scope of discovery includes, among other things, "the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Advisory Committee Notes to Rule 26, 2015 Amendment.

"[T]he party opposing discovery has the burden of showing that discovery requests are overly broad, unduly burdensome or not relevant." *Kirby v. United Am. Ins. Co.*, No. 4:08CV00338 JLH, 2009 WL 10675166, at *2 (E.D. Ark. Feb. 13, 2009). An order compelling discovery responses is appropriate where a party fails to properly answer interrogatories or produce items. Fed. R. Civ. P. 37(A)(1), (3). The court must require the party whose conduct

necessitated a motion compelling discovery to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). Evasive or incomplete answers or responses are treated as failures to answer or respond. Fed. R. Civ. P. 37(A)(4).

### ARGUMENT

*1. Intervenors have waived their untimely objections.*—Intervenors' response to Defendant's request was due January 6, 2020. *See* Exh. A. (request served December 6, 2019). Although Intervenors received notice that their response was overdue the very next day, they nonetheless waited six more days to serve objections. Exh. B. The time to conduct discovery in this case is limited, and Defendant is *still* waiting, after *seven* months, to receive proper, signed responses to their *first* set of discovery requests. *See* DE 93. So Intervenors' delay in responding to the second request—and then providing only objections and mostly nonresponsive photographs—further prejudices Defendant's investigation of the facts of this case. By failing to state any objections in a timely response, Intervenors have waived those objections. *See, e.g.*, *Jones*, 2007 WL 1704590, at *2; *Henry*, 2007 WL 2746725, at *1; *Ramirez*, 231 F.R.D. at 409. So this Court should require Intervenors to make a full production of all responsive items without regard to Intervenors' objections.

*2. Intervenors must produce documents relevant to their claims.*—Documentation of the Satanic Temple's official unveiling of the Baphomet statue is relevant to establishing the significance and meaning of that statue, which is at the center of this litigation, at Intervenors' own behest. Anyone considering the nature, purpose, or meaning of the Baphomet statue—including anyone judging the truthfulness of the Satanic Temple's own explanation of its meaning—would certainly find the setting and activities of the Satanic Temple's official dedication to be highly relevant. Having thrust the Baphomet monument into the center of this

4

litigation, Intervenors cannot now complain that discovery of the facts concerning its official dedication are beyond the scope of discovery. They cannot meet their burden to show "that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed. R. Civ. P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Jiang v. Porter*, No. 4:15-CV-1008 (CEJ), 2016 WL 3015163, at *4 (E.D. Mo. May 26, 2016). "The overriding purpose of the federal discovery rules is to promote full disclosure of all facts to aid in the fair, prompt and inexpensive disposition of lawsuits." *U.S. E.E.O.C. v. PMT Corp.*, 124 F. Supp. 3d 904, 915 (D. Minn. 2015).

The substance of Intervenors' objections further demonstrates the obstructionist tactics they have employed throughout the discovery process. First, Intervenors evasively dismiss Defendant's request for production as "vague" because it requests video and photographs of the event "that included, *among other things*, the unveiling of the Baphomet statue." Exh. A at 1 (emphasis added); *see* Exh. B at 1. But the request plainly includes other highly specific details that uniquely identify the event referred to: it specifies that the request is for "photographs and videos taken between 8:00 p.m. on July 25, 2015, and 2:00 a.m. on July 26, 2015, of the event in or around Detroit, Michigan." Exh. A at 1. This request is not vague. Rather, it is precise, sharply outlined, and gives Intervenors notice of *exactly* what items it seeks.

Intervenors further evasively suggest that "the materials could be used for harassment, oppression, or other improper purposes." Exh. B at 2. Although some parties to this litigation have very recently used manipulated images of others to harass or oppress, *see, e.g.*, DE 77 at 10 (showing Lucien Greaves' manipulation of Sen. Jason Rapert's image), Intervenors' suggestion that the Arkansas Secretary of State or his counsel is likely to do so is utterly baseless. Neither

Defendant nor his counsel uses items obtained in discovery in this improper way, and there is no basis for suggesting that either is likely to deviate from a responsible use of such items in this case. Intervenors cannot avoid producing responsive items in order to hide the true character of the official Baphomet unveiling.

Finally, Intervenors' withholding of responsive items that they concede were "taken around the designated period in the area of Detroit, MI" on the basis that those photographs do not depict the physical unveiling of the Baphomet statue is likewise improper. Exh. B at 2. Defendant's request cannot be so narrowly construed—it seeks photographs and video not merely of the physical unveiling but of "the event" at which the statue was officially unveiled. *S.E.C. v. McCabe*, No. 2:13-CV-161-TS-PMW, 2014 WL 7405518, at *4 (D. Utah Dec. 30, 2014) (noting that the scope of discovery is broad and a party's unilateral attempt to limit the scope of discovery by taking an overly narrow view of the opposing party's claims is improper); *Thurston v. Liberty Mut. Ins. Co.*, No. CIV. A. 97-31 MMS, 1998 WL 372310, at *3 (D. Del. June 12, 1998) (overly narrow construction of discovery responses are improper).

## CONCLUSION

The cumulative effect of the Intervenors' strategic obstructionism is causing mounting prejudice to Defendant's right to discover facts that may aid in his defense—specifically, in this case, of facts concerning the very statue that Intervenors have thrust into the center of this litigation. Intervenors' latest response is both untimely and another attempt to evade their discovery obligations. Therefore, Defendant moves this Court for an order deeming all Intervenors' objections waived and compelling them to produce the identified 126 photographs and all other items that are responsive to Defendant's second set of requests for production.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

Nicholas J. Bronni (2016097)
  Solicitor General of Arkansas
Vincent M. Wagner (2019071)
  Deputy Solicitor General
Michael A. Cantrell* (2012287)
Dylan L. Jacobs (2016167)
  Assistant Solicitors General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph:    (501) 682-2007
Fax:   (501) 682-2591
Michael.Cantrell@ArkansasAG.gov
*Counsel of Record*

Gary L. Sullivan, Ark Bar No. 92051
Managing Attorney
Arkansas Secretary of State's Office
Suite 256- State Capitol
500 Woodlane Avenue
Little Rock, AR 72201
PH: (501) 682-3401; Fax: (501) 682-1213
Email: gary.sullivan@sos.arkansas.gov

Hiram Sasser
Michael Berry
Lea Patterson
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, TX 75075
Tel:  (972) 941-6162
Fax:  (972) 423-6162
*hsasser@firstliberty.org*
*mberry@firstliberty.org*
*lepatterson@firstliberty.org*

*Attorneys for Secretary of State John Thurston*