IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **DONNA CAVE, JUDITH LANSKY,** **PAT PIAZZA, and SUSAN RUSSELL** | **PLAINTIFFS** |
| **ANNE ORSI, AMERICAN HUMANIST ASSOCIATION, FREEDOM FROM RELIGION FOUNDATION, INC., ARKANSAS SOCIETY OF FREETHINKERS, JOAN DIETZ, GALE STEWART, RABBI EUGENE LEVY, REV. VICTOR H. NIXON, TERESA GRIDER, and WALTER RIDDICK** | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE, DOUG MISICKO** **aka "LUCIEN GREAVES," and ERIKA ROBBINS** | **INTERVENORS** |
| v.   No. 4:18CV00342 KGB/BD | |
| **JOHN THURSTON, Arkansas Secretary of State,** **in his official capacity** | **DEFENDANT** |

## REPLY IN SUPPORT OF SECOND MOTION TO COMPEL DISCOVERY FROM SATANIC TEMPLE INTERVENORS

The Satanic Temple Intervenors offer this Court a wildly implausible justification for the timeliness of their objections. Viewed in the context of their other dilatory conduct, Intervenors' deliberate choice to withhold their objections, combined with the unbelievable explanation they offer this Court, warrants deeming their objections waived.

For this and other reasons explained in Defendant's principal brief and herein, this Court should deem those objections waived and compel Intervenors to produce all items that are responsive to Defendant's second set of requests for production.

**I.      Intervenors' explanation of the 30-day deadline is wildly implausible.**

Calculation of the 30-day discovery deadline is not difficult. Defendant served his discovery request on Friday, December 6, 2019. Excluding that day and beginning with

Saturday, counting 30 days comes to January 5, 2020. Fed. R. Civ. P. 6(a)(1)(A) and (B). Because January 5 is a Sunday, the response deadline is the next day, Monday, January 6, 2020. Fed. R. Civ. P. 6(a)(1)(C). Despite inquiries from Defendant, Intervenors deliberately refused to serve their objections until January 13, 2020.

Having been given multiple opportunities to recognize their objections' untimeliness, Intervenors' response does not claim that they made any mistake calculating the deadline. Rather, on the theory articulated in Intervenors' response, their late objections are timely even though they intentionally refused to serve them for *38 days—*including the standard 30-day period, three unwarranted additional days for service under Rule 6(d), and not one but two period-bookending weekends under Rule 6(a)(1).

Intervenors' response first argues that under Rule 6(a)(1) computation should begin on the Monday following Defendant's Friday, December 6, 2019 service of his request. But this is demonstrably false. No rule says to wait until the following Monday to begin counting: Intervenors themselves cite rules that state the very antithesis of what they claim the rules say. Rule 6(a)(1)(B) clearly states, "count every day," specifically "including intermediate Saturdays[] [and] Sundays." So when service is made on a Friday, counting begins on Saturday. *See, e.g.*, *Reese v. Virginia Int'l Terminals, Inc.*, 286 F.R.D. 282, 285 (E.D. Va. 2012) ("The requests for admission were served on Friday, May 25, 2012. The thirtieth day after service then fell on Sunday, June 24, 2012.") (citing Fed. R. Civ. P. 6(a)(1)(A) & (B)). The Rules plainly provide that weekends are counted as part of the 30-day period.

Even if Intervenors' false exclusion of the weekend were correct, this would still have extended their deadline only to January 8, 2020—and their objections would still be untimely. So Intervenors further claim that they get three more days under Rules 5(b)(2)(F) and 6(d), and then

2

yet another weekend under Rule 6(a)(1). But Intervenors' reliance on Rule 5(b)(2)(F) is self-defeating. First, Defendant's service was by electronic means. Second, by relying on Rule 5(b)(2)(F), Intervenors' response expressly recognizes that Defendant's service was by a "means that the [Intervenors] consented to in writing." *See* DE 106 at 2. Putting these together, Defendant's service was plainly by "electronic means that [Intervenor] consented to in writing," under Rule 5(b)(2)(E)—*not* by "other means" under Rule 5(b)(2)(F). And because Defendant's service was under Rule 5(b)(2)(E), *no* additional days are added to the response deadline. Fed. R. Civ. P. 6(d) (adding three days for service under Rule 5(b)(2)(C), (D), and (F), but *not* (E)). So Intervenors are *not* entitled to an additional three days.

Intervenors' attempt to add two additional days to the end of the response period using Rule 6(a)(1) again highlights the fact that Intervenors' theory would make this Rule do double duty by bookending the response period with uncounted weekends. But this interpretation would manifestly subvert the Federal Rules' clear computational provisions.

After inquiries from Defendant, Intervenors deliberately refused to serve their objections until January 13, 2020. More than that, Intervenors continue to withhold at least 126 photographs responsive to Defendant's request. With scheduled depositions quickly approaching, Intervenors' strategic obstructionism is causing mounting prejudice to Defendant's right to discover facts that may aid in his defense. Intervenors have waived their objections, and this Court should require a full production of all items responsive to Defendant's request. *See, e.g.*, *Jones v. Forrest City Grocery Inc.*, No. 406CV00944-WRW, 2007 WL 1704590, at *2 (E.D. Ark. June 12, 2007); *see Henry v. Nat'l Hous. P'ship*, No. 106CV008-SPM/AK, 2007 WL 2746725, at *1 (N.D. Fla. Sept. 18, 2007); *Ramirez v. Cty. of L.A.*, 231 F.R.D. 407, 409 (C.D. Cal. 2005).

**II.     The Satanic Temple's official unveiling of the statue that it has sued to place on the Capitol grounds is plainly relevant to its claim.**

This Court should order production of all requested items on the ground that Intervenors have waived their objections. But Intervenors also have the "burden of showing that discovery requests are overly broad, unduly burdensome or not relevant." *Kirby v. United Am. Ins. Co.*, No. 4:08CV00338 JLH, 2009 WL 10675166, at *2 (E.D. Ark. Feb. 13, 2009). And they have not met that burden. Intervenors protest that Defendant's request is not relevant to their claims regarding the Ten Commandments Monument Display Act or Act 274 of 2017. But they omit the fact that their Second Amended Complaint seeks an order that "Defendant shall immediately place the Baphomet monument" on the Arkansas State Capitol grounds. DE 89 at 9. Having thrust the Baphomet statue into the center of this litigation, Intervenors cannot now evade their discovery obligations with respect to that claim.

The Satanic Temple itself considers its unveiling event to be so significant that it has recently named July 25th as an official holiday—"Unveiling Day." So the attendees, activities, and setting of that event are plainly relevant not just to the meaning and significance of the Baphomet statue but also to the nature of the Satanic Temple itself. In addition, Intervenors' repeated claim that individuals depicted in the photographs are not "witnesses" is either false or question-begging. The persons depicted plainly *are* witnesses to the unveiling event. And although it may be true that they are not *identified* witnesses, that is due not least to Intervenors' refusal to produce those very photographs. So the fact that the persons depicted may not be identified as witnesses is no basis for refusing to produce the photographs. Plainly, the withheld 126 photographs could prove consequential for identifying witnesses or facts to support Defendant's defenses.

Intervenors hope to get away with producing only photographs depicting the physical unveiling of the Baphomet statue itself, benignly characterizing the responsive-but-unproduced photographs as "people posing for portraits," and pointing to two brief snippets of others' video posted online. But Intervenors cannot unilaterally limit discovery in this way. *S.E.C. v. McCabe*, No. 2:13-CV-161-TS-PMW, 2014 WL 7405518, at *4 (D. Utah Dec. 30, 2014) (noting that the scope of discovery is broad and a party's unilateral attempt to limit the scope of discovery by taking an overly narrow view of the opposing party's claims is improper); *Thurston v. Liberty Mut. Ins. Co.*, No. CIV. A. 97-31 MMS, 1998 WL 372310, at *3 (D. Del. June 12, 1998) (overly narrow construction of discovery responses are improper).

Intervenors have not met their burden of showing irrelevance. Therefore, this Court should require a full production of all items responsive to Defendant's request

### III.     Unlike Intervenors, Defendant conferred in good faith.

Intervenors falsely claim that Defendant failed to confer in good faith. First, defense counsel exchanged emails with counsel for Intervenors, conducted a phone conference, and sent a good-faith letter—all specifically relating to this particular request. Second, Intervenors' statement that Defendant did not address how the request falls within the scope of discovery is shown to be false by the plain text of Defendant's good-faith letter, which expressly addresses that very issue. *See* DE 104-3 (Exh. C). Finally, far from *refusing* an invitation to view the photographs, Defendant *accepted* and requested to view them, but Intervenors were either unable or unwilling to produce them even for that purpose.

Intervenors' claim that Defendant failed to confer is also ironic, given that Intervenors failed to confer with respect to their perfunctory request for a protective order. Indeed, to the extent that Intervenors ask for a protective order, the Court should disregard, or in any event

deny, that request for several reasons. First, Intervenors do not make the required Rule 26(c)(1) certification that they have in good faith conferred or attempted to confer with other parties to resolve the issue before approaching the Court with a request for an order. Second, Intervenors have not filed a proper motion for a protective order but only made a very brief request in the course of responding to Defendant's motion. Third, Intervenors' request for such an order does not amount to proper briefing of the issue. Finally, Defendant has not requested any items that could be reasonably construed as confidential such that a protective order would be appropriate.

Intervenors are not entitled to any relief. Rather, this Court should grant Defendant's request for a full production of all items responsive to Defendant's request.

## CONCLUSION

For the reasons set forth in Defendant's principal brief and herein, Defendant moves this Court for an order deeming all Intervenors' objections waived and compelling them to produce the identified 126 photographs and all other items that are responsive to Defendant's second set of requests for production.

                                                  Respectfully submitted,

                                                  LESLIE RUTLEDGE
                                                  Attorney General

Nicholas J. Bronni (2016097)
  Solicitor General of Arkansas
Vincent M. Wagner (2019071)
  Deputy Solicitor General
Michael A. Cantrell* (2012287)
Dylan L. Jacobs (2016167)
  Assistant Solicitors General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph:     (501) 682-2007
Fax:    (501) 682-2591
Michael.Cantrell@ArkansasAG.gov
*Counsel of Record*

Gary L. Sullivan, Ark Bar No. 92051
Managing Attorney
Arkansas Secretary of State's Office
Suite 256- State Capitol
500 Woodlane Avenue
Little Rock, AR 72201
PH: (501) 682-3401; Fax: (501) 682-1213
Email: gary.sullivan@sos.arkansas.gov

Hiram Sasser
Michael Berry
Lea Patterson
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, TX 75075
Tel:  (972) 941-6162
Fax:  (972) 423-6162
*hsasser@firstliberty.org*
*mberry@firstliberty.org*
*lepatterson@firstliberty.org*

*Attorneys for Secretary of State John Thurston*