**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| **DONNA CAVE**, *et al.* | | **PLAINTIFFS** |
| **ANNE ORSI**, *et al.*, and | **CASE NUMBER:** | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE**, *et al.* | **4:18-CV-00342** | **INTERVENOR PLAINTIFFS** |
| *V.* | | |
| **JOHN THURSTON**, as Arkansas Secretary of State, in his official capacity | | **DEFENDANT** |

**MOTION TO COMPEL DISCOVERY**

**COME NOW** Intervenors, by and through counsel of record, on motion to compel discovery pursuant to FRCP 37.

1. On February 14, 2020, Intervenors propounded discovery requests to the State. **EXHIBIT 1**.

2. Broadly speaking, and as later limited in a good faith effort to avoid this motion, the requests surround four topics:

    a. Correspondence, including emails, sent from January 1, 2015 to present by General Assembly members or their respective staff, pertaining to this litigation;

    b. State-possessed governance documents and tax documents related to the American Heritage and History Foundation ("**AHHF**,") the State Sen. Rapert organization through which he fundraised and donated the monument;

    c. State-possessed governance documents and tax documents related to the National Association of Christian Lawmakers ("**NACL**,") the State Sen. Rapert organization through which he proclaims religious purposes behind actions as a legislator; and

    d. Meeting minutes and notes, between General Assembly members or their staff and non-General Assembly members, pertaining to the Ten Commandments Monument Display Act and Act 274 of 2017 (the "**Usurping Act**.")

3. On February 26, during the discovery hearing, the State indicated through counsel that someone "who probably wouldn't want to go on public record" has provided the State with reason to believe that TST is a profit-generating front for its co-founders.  The State had not previously identified these potential witnesses or provided any documents.

4. On February 26, Intervenors issued a second set of requests.  **EXHIBIT 2**.

5. Broadly, the second set of discovery requests seek information about the witnesses and documents with which the State attempt to support the allegation that TST is a profit-generating front for its co-founders.

6. On March 12, Intervenors' counsel discussed the volume of discovery with Mr. Sullivan, defense counsel.  Mr. Sullivan indicated that staff attorneys were diligently reviewing and redacting responsive material but needed another two weeks to complete the task.

7. Based on this conversation, counsel agreed to provide the requested two-week extension to collect and examine the "thousands" of documents which were responsive to the discovery requests.  **EXHIBIT 3** (email confirming extension).

8. On March 27, the State returned discovery responses which substantially refuses to provide the requested discovery.  **EXHIBIT 4** (first responses) and **EXHIBIT 5** (second responses).

9. In response to the objections, Intervenors withdrew several requests and limited others in a good faith effort to avoid having to bring this motion.  **EXHIBIT 6** (good faith email).

10. The State responded that "Defendant stands by those responses and objections."

11. The following issues are thus unresolved and need Court attention.

12. **Possession of documents**. The State claims not to possess state tax records, correspondence from General Assembly members, or any documents "in the possession of the State of Arkansas or any of its employees" related to AHHF or NACL or their respective activities. The response's use of the word "he" suggests the State may be conflating the Defendant as "John Thurston" instead of "the State of Arkansas." As we have repeatedly explained to the Defendant, this lawsuit is against the State and not the person. Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity") (internal cite omitted; emphasis in original).

13. **Legislative privilege**. The State claims legislative privilege to emails pertaining to this litigation. As explained in Church of Lukumi Babalu Aye v. City of Hialeah, 508 U.S. 520, 540, 113 S. Ct. 2217, 2231 (1993), statements made by members of the decision making body are relevant to determine whether religious animus is at play. The State's claim of privilege is unfounded because, "the state legislative privilege is a qualified one . . . when a plaintiff proceeds against the State and seeks evidence to vindicate important public rights guaranteed by federal law." Bethune-Hill v. Va. State Bd. of Elections, 114 F. Supp. 3d 323, 336 (E.D. Va. 2015) (emphasis in original). The requested documents are expected to provide evidence of religious animus against TST and religious preference for the messaging of the Ten Commandments Monument.

14. **No privilege log**. When withholding documents under a claim of privilege, the State must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FRCP 26(b)(5). This is commonly

done by a privilege log. The State has not provided a privilege log to support its claims of privilege.

15. **Relevance**. The State regularly raises relevance as an issue on each of the requested materials.

    a. Correspondence. The correspondence sent from General Assembly members around the time of the two complained-of Acts would tend to shed light on whether the purposes behind the Acts were to promote Christianity or denigrate Satanism, respectively.

    b. AHHF. The tax records, including any charity applications and charity disclosures, and state-filed governance records will provide a more complete picture of the purposes of the AHHF. If the AHHF is religious or predominately fundraised from religious organizations, then that tends to establish the monument is also religious. See Felix v. City of Bloomfield, 847 F.3d 1214 (10th Cir. 2017). The AHHF is connected to this case because it donated the Ten Commandments monument at issue.

    c. NACL. The NACL's stated mission is to enact religious legislation for the purpose of providing Christianity preferential treatment to all other religious. The NACL is connected to this case because its founding members are believed to include State Sen. Rapert and State Rep. Hammer, who introduced the two complained-of Acts and are directors of the AHHF.

16. **Blanket objections**. Despite having claimed privilege on substantially all of the requested materials, the State includes the following generic objection to 13 of the 19 requests:

    > Although Defendant has not yet identified any item responsive to this request that has been withheld on the basis of privilege, Defendant objects, and reserves all objections, on the basis of attorney-client privilege and attorney work product doctrine, as well as legislative privilege to the extent that the request implicates items or information


> that might be or become covered by any legislator's assertion of that privilege. Defendant will supplement his response if appropriate.

Exhibit 4 (passim). It is well established that "The ground or grounds for the objection must be stated **with particularity**." Local Rule 33.1 (emphasis added). The State's objection makes no effort to identify with particularity how the requested materials are attorney-client privileged or protected by work product. The objection is undermined by the fact that the State specifically disclaimed having identified any items which were both responsive to the request and protected by the asserted privileges.

**WHEREFORE** Intervenors pray this Court enter an order compelling the State to immediately turn over the responsive materials, order the State pay Intervenors' counsel for having to raise this matter to the Court's attention, and for all other relief to which the Court finds Intervenors entitled.

Respectfully submitted on April 10, 2020,
On behalf of Intervenors

By /s/ Matthew A. Kezhaya
Matthew A. Kezhaya, ABA # 2014161
Attorney for Intervenors
KEZHAYA LAW PLC
1202 NE McClain Rd
Bentonville, AR 72712
phone (479) 431-6112
fax (479) 282-2892
email matt@kezhaya.law

and /s/ Stuart P. de Haan
Stuart P. de Haan, AZ Bar No. 026664
Attorney for Intervenors
de Haan Law Firm, PLLC
100 N Stone Avenue, Suite 512
Tucson, Arizona 85701
(520) 358-4089
(520) 628-4275
stu.dehaan@gmail.com

## CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, submitted for filing the foregoing document by uploading it to the Court's ECF system. The ECF system sends automated notice to all counsel of record. /s/ Matthew A. Kezhaya