**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| **DONNA CAVE, JUDITH LANSKY,** | **PLAINTIFFS** |
| **PAT PIAZZA, and SUSAN RUSSELL** | |
| | |
| **ANNE ORSI, AMERICAN HUMANIST** | **CONSOLIDATED PLAINTIFFS** |
| **ASSOCIATION, FREEDOM FROM** | |
| **RELIGION FOUNDATION, INC.,** | |
| **ARKANSAS SOCIETY OF FREETHINKERS,** | |
| **JOAN DIETZ, GALE STEWART, RABBI** | |
| **EUGENE LEVY, REV. VICTOR H. NIXON,** | |
| **TERESA GRIDER, and WALTER RIDDICK** | |
| | |
| **THE SATANIC TEMPLE, DOUG MISICKO** | **INTERVENORS** |
| **aka "LUCIEN GREAVES," and ERIKA** | |
| **ROBBINS** | |
| | |
| **v.**          **No. 4:18CV00342 KGB/BD** | |
| | |
| **JOHN THURSTON, Arkansas Secretary of State,** | |
| **in his official capacity** | **DEFENDANT** |

**DEFENDANT'S RESPONSES TO INTERVENOR'S FIRST**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Secretary of State John Thurston, through counsel, states for his Response to

Intervenors' First Requests for Production of Documents as follows:

**GENERAL OBJECTIONS TO INSTRUCTIONS AND DEFINTIONS**

Defendant objects to the Instructions and Definitions contained in the Intervenors'

Requests for Production of Documents to the extent such Instructions and Definitions place upon

Defendant demands and obligations that would exceed the scope of Defendant's responsibility to

respond to the requests under applicable Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 1:**  Produce all Correspondence, sent or received

during the period beginning January 1, 2015 to present, to or from any General Assembly

Member or the Governor which contain any of the following "Devil" category words or phrases:

(a) Satan

(b) Satanic

(c) Satanist

(d) Satanists

(e) Baphomet

(f) Devil

(g) Devils

(h) Hail Satan

**RESPONSE NO. 1:**  Defendant objects that the request seeks production of items that are outside the scope of discovery, that are irrelevant to any party's claim or defense, and that are of vanishingly slight importance to resolving the issues in this action, as they have no tendency to make any material fact more or less probable. Hence, there are no grounds to justify the request, which amounts to a fishing expedition calculated to harass and annoy Defendant.

Defendant objects that he does not have possession, custody, or control of correspondence for General Assembly members or the Governor.

Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it requests, without limitation, "*all* Correspondence, sent or received during the period beginning January 1, 2015 to present, to or from *any* General Assembly Member or the Governor" that contains any of the eight listed words or phrases (emphases added). The kind and subject matter of the correspondence are unlimited, as "Correspondence" is defined to include "all written communications, regardless whether in the form of a physical letter, an email, a text message, a memorandum, or any other form of written word." The request broadly defines "General Assembly Member" to include not only the office holder but also "all of their

2

staff." Likewise, it defines "Governor" to include "all staff." The unrestricted class of General Assembly members serving at any time since January 1, 2015, and the Governor, have no connection to any issue in this litigation that would justify this searching request. Further, that class includes numerous individuals who have no conceivable connection whatsoever to this litigation, including, among others, past and recently elected General Assembly members. The burden and expense of the proposed discovery far outweighs its likely benefit.

Due to the high volume of the requested items and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Although Defendant has not yet identified any item responsive to this request that has been withheld on the basis of privilege, Defendant objects, and reserves all objections, on the basis of attorney-client privilege and attorney work product doctrine, as well as legislative privilege to the extent that the request implicates items or information that might be or become covered by any legislator's assertion of that privilege. Defendant will supplement his response if appropriate.

**REQUEST FOR PRODUCTION NO. 2:**  Produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, to or from any General Assembly Member, the Governor, or the Secretary of State, which contain any of the following "People" category words or phrases:

(a)  Doug Misicko

(b)  Doug Mesner

(c)  Lucien Greaves

(d)  Cevin Soling

(e)  Kevin Soling

(f)  Malcolm Jarry

3

(g) Malcolm Jerry

(h) Erika Robbins

(i)  Mason Hargett

(j)  Harold Cronk

**RESPONSE NO. 2:**  Defendant objects that the request seeks production of items that are outside the scope of discovery, that are irrelevant to any party's claim or defense, and that are of vanishingly slight importance to resolving the issues in this action, as they have no tendency to make any material fact more or less probable. Hence, there are no grounds to justify the request, which amounts to a fishing expedition calculated to harass and annoy Defendant.

Defendant objects that he does not have possession, custody, or control of correspondence for General Assembly members or the Governor.

Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it requests, without limitation, "*all* Correspondence, sent or received during the period beginning January 1, 2015 to present, to or from *any* General Assembly Member, the Governor, or the Secretary of State" that contains any of the ten listed words or phrases (emphases added). The kind and subject matter of the correspondence are unlimited, as "Correspondence" is defined to include "all written communications, regardless whether in the form of a physical letter, an email, a text message, a memorandum, or any other form of written word." The request broadly defines "General Assembly Member" to include not only the office holder but also "all of their staff." Likewise, it defines "Governor" to include "all staff." The unrestricted class of General Assembly members serving at any time since January 1, 2015, and the Governor, have no connection to any issue in this litigation that would justify this searching request. Further, that class includes numerous individuals who have no conceivable connection

4

whatsoever to this litigation, including, among others, past and recently elected General Assembly members. The burden and expense of the proposed discovery far outweighs its likely benefit.

Due to the high volume of the requested items and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Although Defendant has not yet identified any item responsive to this request that has been withheld on the basis of privilege, Defendant objects, and reserves all objections, on the basis of attorney-client privilege and attorney work product doctrine, as well as legislative privilege to the extent that the request implicates items or information that might be or become covered by any legislator's assertion of that privilege. Defendant will supplement his response if appropriate.

**REQUEST FOR PRODUCTION NO. 3:**  Produce all Correspondence, sent or received sent during the period beginning January 1, 2015 to present, to or from any General Assembly Member, the Governor, or the Secretary of State, which contain any of the following "People" category words or phrases:

   (a)  Stu de Haan

   (b)  Stu deHaan

   (c)  Matthew A. Kezhaya

   (d)  Matt Kezhaya

   (e)  Sonia A. Kezhaya

   (f)  Sonia Kezhaya

   (g)  Josie N. Graves

   (h)  Josie Graves

**RESPONSE NO. 3:** Defendant objects that the request seeks production of items that are outside the scope of discovery, that are irrelevant to any party's claim or defense, and that are of vanishingly slight importance to resolving the issues in this action, as they have no tendency to make any material fact more or less probable. Hence, there are no grounds to justify the request, which amounts to a fishing expedition calculated to harass and annoy Defendant.

Defendant objects that he does not have possession, custody, or control of correspondence for General Assembly members or the Governor.

Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it requests, without limitation, "*all* Correspondence, sent or received sent during the period beginning January 1, 2015 to present, to or from *any* General Assembly Member, the Governor, or the Secretary of State" that contains any of the eight listed words or phrases (emphases added). The kind and subject matter of the correspondence are unlimited, as "Correspondence" is defined to include "all written communications, regardless whether in the form of a physical letter, an email, a text message, a memorandum, or any other form of written word." The request broadly defines "General Assembly Member" to include not only the office holder but also "all of their staff." Likewise, it defines "Governor" to include "all staff." The unrestricted class of General Assembly members serving at any time since January 1, 2015, and the Governor, have no connection to any issue in this litigation that would justify this searching request. Further, that class includes numerous individuals who have no conceivable connection whatsoever to this litigation, including, among others, past and recently elected General Assembly members. The burden and expense of the proposed discovery far outweighs its likely benefit.

Due to the high volume of the requested items and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Although Defendant has not yet identified any item responsive to this request that has been withheld on the basis of privilege, Defendant objects, and reserves all objections, on the basis of attorney-client privilege and attorney work product doctrine, as well as legislative privilege to the extent that the request implicates items or information that might be or become covered by any legislator's assertion of that privilege. Defendant will supplement his response if appropriate.

**REQUEST FOR PRODUCTION NO. 4:**  Produce all Correspondence, sent or received sent during the period beginning January 1, 2015 to present, to or from any General Assembly Member, the Governor, or the Secretary of State, which contain any of the following "Organizational" category words or phrases:

(a)  Church of Satan

(b)  COS

(c)  The Satanic Temple

(d)  TST

(e)  United Federation of Churches

(f)  Reason Alliance Ltd.

(g)  Alliance for Self-Directed Education

(h)  Spectacle Films

(i)  Cinephobia

(j)  Pure Flix Entertainment

(k)  American Heritage and History Foundation

(l)  National Association of Christian Lawmakers

**RESPONSE NO. 4:**  Defendant objects that the request seeks production of items that are outside the scope of discovery, that are irrelevant to any party's claim or defense, and that are of vanishingly slight importance to resolving the issues in this action, as they have no tendency to make any material fact more or less probable. Hence, there are no grounds to justify the request, which amounts to a fishing expedition calculated to harass and annoy Defendant.

Defendant objects that he does not have possession, custody, or control of correspondence for General Assembly members or the Governor.

Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it requests, without limitation, "*all* Correspondence, sent or received sent during the period beginning January 1, 2015 to present, to or from *any* General Assembly Member, the Governor, or the Secretary of State" that contains any of the 12 listed words or phrases (emphases added). The kind and subject matter of the correspondence are unlimited, as "Correspondence" is defined to include "all written communications, regardless whether in the form of a physical letter, an email, a text message, a memorandum, or any other form of written word." The request broadly defines "General Assembly Member" to include not only the office holder but also "all of their staff." Likewise, it defines "Governor" to include "all staff." The unrestricted class of General Assembly members serving at any time since January 1, 2015, and the Governor, have no connection to any issue in this litigation that would justify this searching request. Further, that class includes numerous individuals who have no conceivable connection whatsoever to this litigation, including, among others, past and recently elected General Assembly members. The burden and expense of the proposed discovery far outweighs its likely benefit.

8

Due to the high volume of the requested items and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Although Defendant has not yet identified any item responsive to this request that has been withheld on the basis of privilege, Defendant objects, and reserves all objections, on the basis of attorney-client privilege and attorney work product doctrine, as well as legislative privilege to the extent that the request implicates items or information that might be or become covered by any legislator's assertion of that privilege. Defendant will supplement his response if appropriate.

**REQUEST FOR PRODUCTION NO. 5:**  Produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, to or from any General Assembly Member, the Governor, or the Secretary of State, which contain any of the following "Satanic events" category words or phrases:

(a)  Rally for Governor Rick Scott

(b)  Pink Mass

(c)  Protect Children Project

(d)  Black Mass at Harvard

(e)  After School Satan Club

(f)  Grey Faction

(g)  The Unveiling

(h)  Rally for Religious Liberty

(i)  Devil's Renaissance

**RESPONSE NO. 5:**  Defendant objects that the request seeks production of items that are outside the scope of discovery, that are irrelevant to any party's claim or defense, and that are of vanishingly slight importance to resolving the issues in this action, as they have no tendency

9

to make any material fact more or less probable. Hence, there are no grounds to justify the request, which amounts to a fishing expedition calculated to harass and annoy Defendant.

Defendant objects that he does not have possession, custody, or control of correspondence for General Assembly members or the Governor.

Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it requests, without limitation, "*all* Correspondence, sent or received during the period beginning January 1, 2015 to present, to or from *any* General Assembly Member, the Governor, or the Secretary of State" that contains any of the nine listed words or phrases (emphases added). The kind and subject matter of the correspondence are unlimited, as "Correspondence" is defined to include "all written communications, regardless whether in the form of a physical letter, an email, a text message, a memorandum, or any other form of written word." The request broadly defines "General Assembly Member" to include not only the office holder but also "all of their staff." Likewise, it defines "Governor" to include "all staff." The unrestricted class of General Assembly members serving at any time since January 1, 2015, and the Governor, have no connection to any issue in this litigation that would justify this searching request. Further, that class includes numerous individuals who have no conceivable connection whatsoever to this litigation, including, among others, past and recently elected General Assembly members. The burden and expense of the proposed discovery far outweighs its likely benefit.

Due to the high volume of the requested items and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Although Defendant has not yet identified any item responsive to this request that has been withheld on the basis of privilege, Defendant objects, and reserves all objections, on the basis of attorney-client privilege

and attorney work product doctrine, as well as legislative privilege to the extent that the request implicates items or information that might be or become covered by any legislator's assertion of that privilege. Defendant will supplement his response if appropriate.

**REQUEST FOR PRODUCTION NO. 6:** Produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, to or from any General Assembly Member, the Governor, or the Secretary of State, which contain any of the following "Monuments" category words or phrases:

    (a) Ten Commandments

    (b) Baphomet

    (c) Hanuman

    (d) Saline Atheist and Skeptic Society

    (e) Gold Star Families

**RESPONSE NO. 6:** Defendant objects that the request seeks production of items that are outside the scope of discovery, that are irrelevant to any party's claim or defense, and that are of vanishingly slight importance to resolving the issues in this action, as they have no tendency to make any material fact more or less probable. Hence, there are no grounds to justify the request, which amounts to a fishing expedition calculated to harass and annoy Defendant.

Defendant objects that he does not have possession, custody, or control of correspondence for General Assembly members or the Governor.

Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it requests, without limitation, "*all* Correspondence, sent or received during the period beginning January 1, 2015 to present, to or from *any* General Assembly Member, the Governor, or the Secretary of State" that contains any of the five listed words or phrases

11

(emphases added). The kind and subject matter of the correspondence are unlimited, as "Correspondence" is defined to include "all written communications, regardless whether in the form of a physical letter, an email, a text message, a memorandum, or any other form of written word." The request broadly defines "General Assembly Member" to include not only the office holder but also "all of their staff." Likewise, it defines "Governor" to include "all staff." The unrestricted class of General Assembly members serving at any time since January 1, 2015, and the Governor, have no connection to any issue in this litigation that would justify this searching request. Further, that class includes numerous individuals who have no conceivable connection whatsoever to this litigation, including, among others, past and recently elected General Assembly members. The burden and expense of the proposed discovery far outweighs its likely benefit.

Due to the high volume of the requested items and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Although Defendant has not yet identified any item responsive to this request that has been withheld on the basis of privilege, Defendant objects, and reserves all objections, on the basis of attorney-client privilege and attorney work product doctrine, as well as legislative privilege to the extent that the request implicates items or information that might be or become covered by any legislator's assertion of that privilege. Defendant will supplement his response if appropriate.

**REQUEST FOR PRODUCTION NO. 7:**  To the extent not produced pursuant to the above, produce all Correspondence in the possession of the State of Arkansas or any of its employees that relates to The Satanic Temple or its activities, the Ten Commandments Monument, the Baphomet Monument, or this litigation.

**RESPONSE NO. 7:** Defendant objects that the request seeks production of items that are outside the scope of discovery, that are irrelevant to any party's claim or defense, and that are of vanishingly slight importance to resolving the issues in this action, as they have no tendency to make any material fact more or less probable. Hence, there are no grounds to justify the request, which amounts to a fishing expedition calculated to harass and annoy Defendant.

Defendant objects that he does not have possession, custody, or control of correspondence for all State employees.

Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it requests, without limitation, "*all* Correspondence in the possession *of the State of Arkansas or any of its employees* that relates to The Satanic Temple or its activities, the Ten Commandments Monument, the Baphomet Monument, or this litigation" (emphases added). The kind and subject matter of the correspondence are unlimited, as "Correspondence" is defined to include "all written communications, regardless whether in the form of a physical letter, an email, a text message, a memorandum, or any other form of written word." The unrestricted class of all employees of the State of Arkansas has no connection to any issue in this litigation that would justify this searching request. Further, that class includes thousands of individuals who have no conceivable connection whatsoever to this litigation. The burden and expense of the proposed discovery far outweighs its likely benefit.

Due to the high volume of the requested items and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Although Defendant has not yet identified any item responsive to this request that has been withheld on the basis of privilege, Defendant objects, and reserves all objections, on the basis of attorney-client privilege and attorney work product doctrine, as well as legislative privilege to the extent that the request

implicates items or information that might be or become covered by any legislator's assertion of that privilege. Defendant will supplement his response if appropriate.

**REQUEST FOR PRODUCTION NO. 8:** Produce the complete Secretary of State file on the AHHF. Without limiting the foregoing, provide the documents submitted to create the articles of incorporation, the articles of incorporation, mission statement/statement of purpose, all franchise tax annual reports, all documents pertaining to charity designation, and all annual charity reports.

**RESPONSE NO. 8:** Defendant objects that the request seeks production of items that are outside the scope of discovery, that are irrelevant to any party's claim or defense, and that are of vanishingly slight importance to resolving the issues in this action, as they have no tendency to make any material fact more or less probable. Hence, there are no grounds to justify the request, which amounts to a fishing expedition calculated to harass and annoy Defendant.

Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it requests, without limitation, "*the complete Secretary of State file on the AHHF,*" including, expressly without limitation, "the documents submitted to create the articles of incorporation, the articles of incorporation, mission statement/statement of purpose, all franchise tax annual reports, all documents pertaining to charity designation, and all annual charity reports" (emphasis added). This unrestricted class of items has no connection to any issue in this litigation that would justify this searching request. The burden and expense of the proposed discovery far outweighs its likely benefit.

Defendant objects that the request seeks items that constitute public records, equally available and accessible to both parties.

Due to the high volume of the requested items and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Defendant will supplement his response if appropriate.

**REQUEST FOR PRODUCTION NO. 9:**  Produce the complete Secretary of State file on the NACL.  Without limiting the foregoing, provide the documents submitted to create the articles of incorporation, the articles of incorporation, mission statement/statement of purpose, all franchise tax annual reports, all documents pertaining to charity designation, and all annual charity reports.

**RESPONSE NO. 9:**  Defendant objects that the request seeks production of items that are outside the scope of discovery, that are irrelevant to any party's claim or defense, and that are of vanishingly slight importance to resolving the issues in this action, as they have no tendency to make any material fact more or less probable. Hence, there are no grounds to justify the request, which amounts to a fishing expedition calculated to harass and annoy Defendant.

Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it requests, without limitation, "*the complete Secretary of State file on the NACL*," including, expressly without limitation, "the documents submitted to create the articles of incorporation, the articles of incorporation, mission statement/statement of purpose, all franchise tax annual reports, all documents pertaining to charity designation, and all annual charity reports" (emphasis added). The request defines "NACL" as "the 'National Association of Christian Lawmakers, Inc.,' a domestic nonprofit corporation, filing number 811201676, incorporated on April 19, 2019." This organization and the unrestricted class of items requested have no conceivable connection to any issue in this litigation. The burden and expense of the proposed discovery far outweighs its likely benefit.

15

Defendant objects that the request seeks items that constitute public records, equally available and accessible to both parties.

Due to the high volume of the requested items and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Defendant will supplement his response if appropriate.

**REQUEST FOR PRODUCTION NO. 10:**  Produce all state tax records for the AHHF.

**RESPONSE NO. 10:**  Defendant objects that the request seeks production of items that are outside the scope of discovery, that are irrelevant to any party's claim or defense, and that are of vanishingly slight importance to resolving the issues in this action, as they have no tendency to make any material fact more or less probable. Hence, there are no grounds to justify the request, which amounts to a fishing expedition calculated to harass and annoy Defendant.

Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it requests, without limitation, "*all* state tax records for the AHHF." This unrestricted class of items has no conceivable connection to any issue in this litigation that would justify this request. The burden and expense of the proposed discovery far outweighs its likely benefit.

Defendant objects to this request to the extent it seeks tax records not within his possession, custody, or control.

Without waiving and subject to these objections, on information and belief Defendant has no documents responsive to this request. Due to the high volume of the requested items and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Defendant will supplement his response if appropriate.

**REQUEST FOR PRODUCTION NO. 11:**  Produce all state tax records for the NACL.

**RESPONSE NO. 11:**  Defendant objects that the request seeks production of items that are outside the scope of discovery, that are irrelevant to any party's claim or defense, and that are of vanishingly slight importance to resolving the issues in this action, as they have no tendency to make any material fact more or less probable. Hence, there are no grounds to justify the request, which amounts to a fishing expedition calculated to harass and annoy Defendant.

Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it requests, without limitation, "*all* state tax records for the NACL." The request defines "NACL" as "the 'National Association of Christian Lawmakers, Inc.,' a domestic nonprofit corporation, filing number 811201676, incorporated on April 19, 2019." This organization and the unrestricted class of items requested have no conceivable connection to any issue in this litigation that would justify this request. The burden and expense of the proposed discovery far outweighs its likely benefit.

Defendant objects to this request to the extent it seeks tax records not within his possession, custody, or control.

Without waiving and subject to these objections, on information and belief Defendant has no documents responsive to this request. Due to the high volume of the requested items and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Defendant will supplement his response if appropriate.

**REQUEST FOR PRODUCTION NO. 12:**  To the extent not produced above, produce all documents in the possession of the State of Arkansas or any of its employees that relates to the AHHF or its activities.

**RESPONSE NO. 12:**  Defendant objects that the request seeks production of items that are outside the scope of discovery, that are irrelevant to any party's claim or defense, and that are

of vanishingly slight importance to resolving the issues in this action, as they have no tendency to make any material fact more or less probable. Hence, there are no grounds to justify the request, which amounts to a fishing expedition calculated to harass and annoy Defendant.

Defendant objects that he does not have possession, custody, or control of documents for all State employees.

Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it requests, without limitation, "*all documents* in the possession of *the State of Arkansas or any of its employees* that *relates to* the AHHF or its activities" (emphases added). The kind and subject matter of documents are unlimited. The unrestricted class of all employees of the State of Arkansas has no connection to any issue in this litigation that would justify this searching request. Further, that class includes thousands of individuals who have no conceivable connection whatsoever to this litigation. The burden and expense of the proposed discovery far outweighs its likely benefit.

Due to the high volume of the requested items and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Although Defendant has not yet identified any item responsive to this request that has been withheld on the basis of privilege, Defendant objects, and reserves all objections, on the basis of attorney-client privilege and attorney work product doctrine, as well as legislative privilege to the extent that the request implicates items or information that might be or become covered by any legislator's assertion of that privilege. Defendant will supplement his response if appropriate.

**REQUEST FOR PRODUCTION NO. 13:**  To the extent not produced above, produce all documents in the possession of the State of Arkansas or any of its employees that relates to the NACL or its activities.

**ANSWER NO. 13:** Defendant objects that the request seeks production of items that are outside the scope of discovery, that are irrelevant to any party's claim or defense, and that are of vanishingly slight importance to resolving the issues in this action, as they have no tendency to make any material fact more or less probable. Hence, there are no grounds to justify the request, which amounts to a fishing expedition calculated to harass and annoy Defendant.

Defendant objects that he does not have possession, custody, or control of documents for all State employees.

Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it requests, without limitation, "*all* documents in the possession of *the State of Arkansas or any of its employees* that *relates to* the NACL or its activities" (emphases added). The request defines "NACL" as "the 'National Association of Christian Lawmakers, Inc.,' a domestic nonprofit corporation, filing number 811201676, incorporated on April 19, 2019." This organization and the unrestricted class of items requested have no conceivable connection to any issue in this litigation that would justify this request. The kind and subject matter of documents are unlimited. The unrestricted class of all employees of the State of Arkansas has no connection to any issue in this litigation that would justify this searching request. Further, that class includes thousands of individuals who have no conceivable connection whatsoever to this litigation. The burden and expense of the proposed discovery far outweighs its likely benefit.

Due to the high volume of the requested items and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Although Defendant has not yet identified any item responsive to this request that has been withheld on the basis of privilege, Defendant objects, and reserves all objections, on the basis of attorney-client privilege and attorney work product doctrine, as well as legislative privilege to the extent that the request

19

implicates items or information that might be or become covered by any legislator's assertion of that privilege. Defendant will supplement his response if appropriate.

**REQUEST FOR PRODUCTION NO. 14:**  Produce all meeting minutes for any meeting pertaining to the Ten Commandments Monument Display Act.

**RESPONSE NO. 14:**  Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it requests, without limitation, "*all* meeting minutes for *any* meeting pertaining to the Ten Commandments Monument Display Act" (emphasis added). Further, this request is vague, as it seeks "any meeting *pertaining to* the Ten Commandments Monument Display Act" (emphasis added). The type and subject matter of the meeting is unrestricted and undefined.

Due to the high volume of the requested items and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Although Defendant has not yet identified any item responsive to this request that has been withheld on the basis of privilege, Defendant objects, and reserves all objections, on the basis of attorney-client privilege and attorney work product doctrine. Defendant will supplement his response if appropriate.

**REQUEST FOR PRODUCTION NO. 15:**  Produce all meeting minutes for any meeting pertaining to the Usurping Act.

**RESPONSE NO. 15:**  Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it requests, without limitation, "*all* meeting minutes for *any* meeting pertaining to the Usurping Act"—Intervenors' terminology, which Intervenors define to "*include*[] HB1273 of 2017 and Act 274 of 2017" (emphasis added). Further, this request is vague, as it seeks "any meeting *pertaining to*" the Act (emphasis added). The type and subject matter of the meeting is unrestricted and undefined.

20

Due to the high volume of the requested items and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Although Defendant has not yet identified any item responsive to this request that has been withheld on the basis of privilege, Defendant objects, and reserves all objections, on the basis of attorney-client privilege and attorney work product doctrine. Defendant will supplement his response if appropriate.

**REQUEST FOR PRODUCTION NO. 16:**  Produce all notes created by any employee of the State of Arkansas that pertains to the Ten Commandments Monument Display Act.

**RESPONSE NO. 16:**  Defendant objects that the request seeks production of items that are outside the scope of discovery, that are irrelevant to any party's claim or defense, and that are of vanishingly slight importance to resolving the issues in this action, as they have no tendency to make any material fact more or less probable. Hence, there are no grounds to justify the request, which amounts to a fishing expedition calculated to harass and annoy Defendant.

Defendant objects that he does not have possession, custody, or control of notes for all State employees.

Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it requests, without limitation, "*all* notes created by *any employee of the State of Arkansas* that *pertains to* the Ten Commandments Monument Display Act" (emphases added). The kind and subject matter of the notes are unlimited. The unrestricted class of all employees of the State of Arkansas has no connection to any issue in this litigation that would justify this searching request. Further, that class includes thousands of individuals who have no conceivable connection whatsoever to this litigation. The burden and expense of the proposed discovery far outweighs its likely benefit.

Due to the high volume of the requested items and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Although Defendant has not yet identified any item responsive to this request that has been withheld on the basis of privilege, Defendant objects, and reserves all objections, on the basis of attorney-client privilege and attorney work product doctrine, as well as legislative privilege to the extent that the request implicates items or information that might be or become covered by any legislator's assertion of that privilege. Defendant will supplement his response if appropriate.

**REQUEST FOR PRODUCTION NO. 17:**  Produce all notes created by any employee of the State of Arkansas that pertains to the Usurping Act.

**RESPONSE NO. 17:**  Defendant objects that the request seeks production of items that are outside the scope of discovery, that are irrelevant to any party's claim or defense, and that are of vanishingly slight importance to resolving the issues in this action, as they have no tendency to make any material fact more or less probable. Hence, there are no grounds to justify the request, which amounts to a fishing expedition calculated to harass and annoy Defendant.

Defendant objects that he does not have possession, custody, or control of notes for all State employees.

Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it requests, without limitation, "*all* notes created by *any employee of the State of Arkansas* that *pertains to* the Usurping Act"—Intervenors' terminology, which Intervenors define to "*include*[] HB1273 of 2017 and Act 274 of 2017" (emphases added). The kind and subject matter of the notes are unlimited. The unrestricted class of all employees of the State of Arkansas has no connection to any issue in this litigation that would justify this searching request. Further, that class includes thousands of individuals who have no conceivable

22

connection whatsoever to this litigation. The burden and expense of the proposed discovery far outweighs its likely benefit.

Due to the high volume of the requested items and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Although Defendant has not yet identified any item responsive to this request that has been withheld on the basis of privilege, Defendant objects, and reserves all objections, on the basis of attorney-client privilege and attorney work product doctrine, as well as legislative privilege to the extent that the request implicates items or information that might be or become covered by any legislator's assertion of that privilege. Defendant will supplement his response if appropriate.

**REQUEST FOR PRODUCTION NO. 18:**  Produce all Campaign Contribution & Expenditure disclosures, dating from January 1, 2013 to present, from any elected General Assembly Member which discloses an expenditure of campaign funds at a church or any other Christian affiliated organization, or who received campaign funds from a church or any other Christian affiliated organization.

**RESPONSE NO. 18:**  Defendant objects that he does not understand the request, as it is ungrammatical. Further, "Christian affiliated organization" is vague, ambiguous, and ill-defined.

Defendant objects that the request seeks production of items, including information about expenditures of campaign funds and the identity of campaign donors, that are outside the scope of discovery, that are irrelevant to any party's claim or defense, and that are of no import to resolving the issues in this action, as they have no tendency to make any material fact more or less probable. Hence, there are no grounds to justify the request, which amounts to a fishing expedition calculated to harass and annoy Defendant.

Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it requests, without limitation, "*all* Campaign Contribution & Expenditure disclosures, dating *from January 1, 2013 to present*, from *any elected General Assembly Member*" (emphases added). The request broadly defines "General Assembly Member" to include not only the office holder but also "all of their staff." Further, the unrestricted class of General Assembly members has no connection to any issue in this litigation that would justify this searching request. Moreover, that class includes numerous individuals who have no conceivable connection whatsoever to this litigation, including, among others, past and recently elected General Assembly members. The burden and expense of the proposed discovery far outweighs its likely benefit.

Defendant objects to this request as it seeks documents that constitute public records, equally available and accessible to both parties at http://www.sos.arkansas.gov. Otherwise, Defendant objects that he does not maintain or possess documents containing the information sought, and the requested documents cannot be reasonably retrieved by Defendant.

Due to the high volume of the requested items and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Defendant will supplement his response if appropriate.

**REQUEST FOR PRODUCTION NO. 19:**  Produce all documents provided in discovery to either set of plaintiffs before December 18, 2018.

**RESPONSE NO. 19:**  Please see attached PDFs labeled Cave.Suit.Def.SOS.001 through Cave.Suit.Def.SOS.456.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

*/s/ Michael A. Cantrell*
Nicholas J. Bronni (2016097)
  Solicitor General of Arkansas
Vincent M. Wagner (2019071)
  Deputy Solicitor General
Michael A. Cantrell* (2012287)
  Assistant Solicitor General
William C. Bird (2005149)
  Senior Assistant Attorney General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph: (501) 682-2007
Fax: (501) 682-2591
Email: Michael.Cantrell@ArkansasAG.gov
*Counsel of Record*

Gary L. Sullivan, Ark. Bar No. 92051
Managing Attorney
Arkansas Secretary of State's Office
Suite 256- State Capitol
500 Woodlane Avenue
Little Rock, AR 72201
PH: (501) 682-3401; Fax: (501) 682-1213
Email: gary.sullivan@sos.arkansas.gov

Hiram Sasser
Michael Berry
Lea Patterson
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, TX 75075
Tel: (972) 941-6162
Fax: (972) 423-6162
*hsasser@firstliberty.org*
*mberry@firstliberty.org*
*lepatterson@firstliberty.org*

*Attorneys for Secretary of State John Thurston*

## CERTIFICATE OF SERVICE

I, Michael A. Cantrell, hereby certify that on March 27, 2020, I served the foregoing by email to counsel for each of the Cave Plaintiffs, the Orsi Consolidated Plaintiffs, and the Satanic Temple Intervenors:

Andrew G. Schultz
Rodey, Dickason, Sloan, Akin, & Robb, P.A.
P.O. Box 1888
Alburquerque, NM 87103-1888
aschultz@rodey.com
*Attorney for Cave Plaintiffs*

James Gerard Schulze
Baker Schulze Murphy & Patterson
2311 Biscayne Drive
Suite 300
Little Rock, AR 72227
gerrysch@b-s-m-law.com
*Attorney for Orsi Plaintiffs*

Matthew A. Kezhaya
Pinnacle Law Group
3718 S. Pinnacle hills Pkwy
Rogers, AR 72758
matt@pinnacle.law
*Attorney for Satanic Temple Plaintiffs*

*/s/ Michael A. Cantrell*
Michael A. Cantrell