IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **DONNA CAVE, JUDITH LANSKY,** **PAT PIAZZA, and SUSAN RUSSELL** | **PLAINTIFFS** |
| **ANNE ORSI, AMERICAN HUMANIST ASSOCIATION, FREEDOM FROM RELIGION FOUNDATION, INC., ARKANSAS SOCIETY OF FREETHINKERS, JOAN DIETZ, GALE STEWART, RABBI EUGENE LEVY, REV. VICTOR H. NIXON, TERESA GRIDER, and WALTER RIDDICK** | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE, DOUG MISICKO aka "LUCIEN GREAVES," and ERIKA ROBBINS** | **INTERVENORS** |
| v. No. 4:18CV00342 KGB/BD | |
| **JOHN THURSTON, Arkansas Secretary of State,** **in his official capacity** | **DEFENDANT** |

**DEFENDANT'S RESPONSES TO INTERVENORS'**
**SECOND SET OF DISCOVERY REQUESTS**

Defendant Secretary of State John Thurston, through counsel, states for his Response to Intervenors' Second Set of Discovery Requests as follows:

**GENERAL OBJECTIONS TO INSTRUCTIONS**

Defendant objects to the Instructions contained in Intervenors' Second Set of Discovery Requests to the extent such Instructions place upon Defendant demands and obligations that would exceed the scope of Defendant's responsibility to respond under applicable Federal Rules of Civil Procedure.

**INTERROGATORY NO. 1:** Provide the contact information for all individuals who have discoverable information on any legal issue in this cause. For each individual, provide their full name, phone number, email address, and mailing address. Without limiting the foregoing,

1

specifically provide the contact information for each individual who has been in contact with Defendant or any agent of Defendant, including without limitation all counsel of record, with information pertaining to the allegation that The Satanic Temple is a profit-generating front for Lucien Greaves (aka Doug Misicko) or Malcolm Jarry (aka Cevin Soling).

**RESPONSE:** Defendant objects that this interrogatory is overbroad, burdensome, and disproportionate to the needs of the case, as it requests the "full name, phone number, email address, and mailing address" of "*all* individuals who have discoverable information on *any* legal issue in this cause," further expressly providing that the class of included individuals is "[*w*]*ithout limit*[*ation*]" (emphases added). The class of individuals meeting this description likely includes countless individuals who possess bits of information that are needlessly cumulative and duplicative of information already produced in discovery or possessed by Intervenors. The burden and expense of collecting such information far outweighs its likely benefit to any party. Hence, there are no grounds to justify the request, which amounts to a fishing expedition calculated to harass and annoy Defendant.

Defendant objects that the interrogatory seeks information that has previously been disclosed in disclosures and discovery responses from, and depositions conducted by, the Cave Plaintiffs, Orsi Consolidated Plaintiffs, Intervenors, and Defendant. Otherwise, Defendant objects that the request seeks information that is equally publicly available and accessible to all parties.

Defendant objects that the identity and information of any "individual who has been in contact with [Defendant's] counsel of record" is irrelevant and outside the scope of discovery in this action. Intervenors' request for such information is blatantly contrary to the norms of proper discovery and overreaches both the spirit and letter of the Federal Rules of Civil Procedure.

Due to the high volume of the requested items in both Intervenors' first and second discovery requests, and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Although Defendant has not yet identified any item responsive to this request that has been withheld on the basis of privilege, Defendant objects, and reserves all objections, on the basis of attorney-client privilege and attorney work product doctrine. Defendant will supplement his response if appropriate.

Without waiving and subject to these objections, please see Defendant's previous disclosures, discovery responses, and items disclosed in depositions.

**REQUEST FOR PRODUCTION NO. 1:** Produce PDF copies of all written correspondence between Defendant or any agent of Defendant, including without limitation all counsel of record, and each individual identified in Interrogatory Number 1.  Without limiting the forgoing, "written correspondence" means any form of written communication and particularly includes all emails, text messages, letters, and any other written communication.

**RESPONSE:** Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it seeks production of "*all* written correspondence," including "*all* emails, text messages, letters, and any other written communication" between "Defendant, or any agent of Defendant, including without limitation *all counsel of record*," on one hand, and "*all individuals* who have discoverable information on *any legal issue* in this cause," on the other. (emphases added).

Due to the high volume of the requested items in both Intervenors' first and second discovery requests, and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Defendant will supplement his response if appropriate. Although Defendant has not yet identified any item responsive to this request that has been withheld on the

basis of privilege, Defendant objects on the basis that this request, on its face, seeks attorney work product protected by Rule 26 of the Federal Rules of Civil Procedure and on the basis of attorney-client privilege.

Without waiving and subject to these objections, please see the response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 2:** Produce all attachments to any written correspondence between Defendant or any agent of Defendant, including without limitation all counsel of record, and each individual identified in Interrogatory Number 1.  Without limiting the forgoing, "written correspondence" means any form of written communication and particularly includes all emails, text messages, letters, and any other written communication.

**RESPONSE:** Defendant objects that this request is overbroad, burdensome, and disproportionate to the needs of the case, as it seeks production of "*all attachments* to any *written correspondence*," including "*all* emails, text messages, letters, and any other written communication" between "Defendant, or any agent of Defendant, including without limitation all counsel of record," on one hand, and "*all individuals* who have discoverable information on *any legal issue* in this cause," on the other. (emphases added).

Due to the high volume of the requested items in both Intervenors' first and second discovery requests, and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Defendant will supplement his response if appropriate. Although Defendant has not yet identified any item responsive to this request that has been withheld on the basis of privilege, Defendant objects on the basis that this request, on its face, seeks attorney work product protected by Rule 26 of the Federal Rules of Civil Procedure and on the basis of attorney-client privilege.

Without waiving and subject to these objections, please see the response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 3:** To the extent not identified above, provide all documents in the possession of Defendant or Defendants' counsel pertaining to the allegation that The Satanic Temple is a profit-generating front for Lucien Greaves (aka Doug Misicko) or Malcolm Jarry (aka Cevin Soling).

**RESPONSE:** Defendant objects to Intervenors' characterization of "the allegation that The Satanic Temple is a profit-generating front for Lucien Greaves (aka Doug Misicko) or Malcolm Jarry (aka Cevin Soling)."

Defendant objects that the interrogatory seeks items that have previously been disclosed in discovery. Otherwise, Defendant objects that the request seeks information that is equally publicly available and accessible to all parties.

Due to the high volume of the requested items in both Intervenors' first and second discovery requests, and in light of logistical and staffing challenges associated with COVID-19, Defendant's review is ongoing. Defendant will supplement his response if appropriate. Although Defendant has not yet identified any item responsive to this request that has been withheld on the basis of privilege, Defendant objects on the basis that this request seeks attorney work product protected by Rule 26 of the Federal Rules of Civil Procedure and on the basis of attorney-client privilege.

        Respectfully submitted,

        LESLIE RUTLEDGE
        Attorney General

*/s/ Michael A. Cantrell*
Nicholas J. Bronni (2016097)
  Solicitor General of Arkansas
Vincent M. Wagner (2019071)
  Deputy Solicitor General
Michael A. Cantrell* (2012287)
  Assistant Solicitor General
William C. Bird (2005149)
  Senior Assistant Attorney General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph: (501) 682-2007
Fax: (501) 682-2591
Email: Michael.Cantrell@ArkansasAG.gov
*\*Counsel of Record*

Gary L. Sullivan, Ark. Bar No. 92051
Managing Attorney
Arkansas Secretary of State's Office
Suite 256- State Capitol
500 Woodlane Avenue
Little Rock, AR 72201
PH: (501) 682-3401; Fax: (501) 682-1213
Email: gary.sullivan@sos.arkansas.gov

Hiram Sasser
Michael Berry
Lea Patterson
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, TX 75075
Tel: (972) 941-6162
Fax: (972) 423-6162
*hsasser@firstliberty.org*
*mberry@firstliberty.org*
*lepatterson@firstliberty.org*

*Attorneys for Secretary of State John Thurston*

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing responses to interrogatories are true and correct.

Executed on 3/27/2020.

_____
(Signature)

**CERTIFICATE OF SERVICE**

      I, Michael A. Cantrell, hereby certify that on March 27, 2020, I served the foregoing by email to counsel for each of the Cave Plaintiffs, the Orsi Consolidated Plaintiffs, and the Satanic Temple Intervenors:

Andrew G. Schultz
Rodey, Dickason, Sloan, Akin, & Robb, P.A.
P.O. Box 1888
Alburquerque, NM 87103-1888
aschultz@rodey.com
*Attorney for Cave Plaintiffs*

James Gerard Schulze
Baker Schulze Murphy & Patterson
2311 Biscayne Drive
Suite 300
Little Rock, AR 72227
gerrysch@b-s-m-law.com
*Attorney for Orsi Plaintiffs*

Matthew A. Kezhaya
Pinnacle Law Group
3718 S. Pinnacle hills Pkwy
Rogers, AR 72758
matt@pinnacle.law
*Attorney for Satanic Temple Plaintiffs*

                                            */s/ Michael A. Cantrell*
                                            Michael A. Cantrell