## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

DONNA CAVE, *et al.*,                                                    PLAINTIFFS

EUGENE LEVY, *et al.*,                              CONSOLIDATED PLAINTIFFS

THE SATANIC TEMPLE, *et al.*,                                INTERVENORS

v.                                    Case No. 4:18-cv-00342-KGB

JOHN THURSTON, Arkansas Secretary
of State, in his official capacity                              DEFENDANT

### ORDER

Pending before the Court is an agreed motion for protective order filed by the Satanic Temple, Lucien Greaves, and Erika Robbins (collectively the "Satanic Temple Intervenors") (Dkt. No. 121). The Satanic Temple Intervenors note that the Court recently ordered the production of discovery and invited the parties to confer on the terms of a reasonable protective order (*Id.*, ¶ 1). The parties have conferred on the terms of a protective order and unanimously agree to the proposed order attached as Exhibit 1 (Dkt. No. 121-1). For good cause shown, the Court grants the agreed motion for protective order, consistent with the following terms (*Id.*).

It is hereby ordered that:

1.      The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure.

2.      Except as required by law or executive order, Confidential Documents and Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Documents and Information shall be carefully maintained so as to preclude access by persons who are not

qualified recipients.  The parties and their counsel shall only disclose Confidential Documents and Information to those qualified recipients who counsel determine, in their discretion, are reasonably necessary to the preparation, defense, prosecution, or resolution of this action.

3.      Any Confidential Documents and Information disclosed in any pleading, motion, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for filing under seal. The redacted version of a confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing.

4.      In the case of documents and the information contained therein, designation of Confidential Documents and Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential in communications with counsel for a party.

5.      Qualified recipients of documents marked "CONFIDENTIAL" shall include only the following:

      (a)      Counsel of record for the parties of this litigation; and

      (b)      Directors and officers of the institutional plaintiffs.

6.      Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose Confidential Documents and Information, as defined by the terms of the Protective Order.  Persons to whom Confidential Documents and Information are shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court.

7.     If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential Documents and Information that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis.  If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status.  The information shall continue to have Confidential status during the pendency of any such motion.

8.     No copies of Confidential Documents and Information shall be made except by or on behalf of attorneys of record.  Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

9.     The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential pursuant to this Order.

10.     At the conclusion of this action, including all appeals, counsel for the parties shall take all reasonable steps necessary to reclaim and destroy or return all copies of such Confidential Documents and Information to opposing counsel at the expense of the opposing party.

11.     The parties agree to and the Court orders protection of privileged and otherwise protected documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a)     The disclosure or production of documents and information by a party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a

receiving party or any third parties, shall in no way constitute the voluntary disclosure of such document or information.

(b)     The inadvertent disclosure or production of any documents or information in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such document or information as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c)     If, during the course of this litigation, a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection, the parties shall comply with the procedures outlined in Ark. R. Civ. P. 26(b)(5) with respect to the document.

12.     If another court or an administrative agency subpoenas or orders production of designated Confidential Documents and Information which a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as Confidential of the pendency of such subpoena or order.

13.     Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, or other information.

14.     Nothing in this Protective Order shall be deemed as a waiver of any applicable privilege or protection.

15.     Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated Confidential or to remove such documents from the application of this Order.

So ordered this the 16th day of April, 2020.

_____
Kristine G. Baker
United States District Judge