**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | |
|---|---|
| **DONNA CAVE, JUDITH LANSKY, PAT PIAZZA, and SUSAN RUSSELL** | **PLAINTIFFS** |
| | |
| **ANNE ORSI, AMERICAN HUMANIST ASSOCIATION, FREEDOM FROM RELIGION FOUNDATION, INC., ARKANSAS SOCIETY OF FREETHINKERS, JOAN DIETZ, GALE STEWART, RABBI EUGENE LEVY, REV. VICTOR H. NIXON, TERESA GRIDER, and WALTER RIDDICK** | **CONSOLIDATED PLAINTIFFS** |
| | |
| **THE SATANIC TEMPLE, DOUG MISICKO aka "LUCIEN GREAVES," and ERIKA ROBBINS** | **INTERVENORS** |

**v.**                          **No. 4:18CV00342 KGB/BD**

**JOHN THURSTON, Arkansas Secretary of State,
in his official capacity**                          **DEFENDANT**

**RESPONSE IN OPPOSITION TO SATANIC TEMPLE'S MOTION TO COMPEL**

The Satanic Temple's improper discovery requests demand production of a vast universe of documents—most of which Secretary Thurston does not even maintain. These include correspondence, notes, tax records, meeting minutes, campaign contribution disclosures, as well as facially improper demands for attorney work product. The requested discovery would have vanishingly slight significance (if any) for resolving the issues in this litigation, and in many cases, Defendant simply has nothing more to produce. Further, the Satanic Temple's effort to confer consisted of a single perfunctory email that demanded a full production of virtually all requested items in less than two days. DE 120-6 at 3. This Court should deny the Satanic Temple's motion to compel.

I.    **Secretary Thurston lacks possession, custody, or control over the vast majority of the records the Satanic Temple demands.**

Defendant tried to explain to the Satanic Temple that Secretary Thurston does not have possession, custody, or control of the vast majority of the records that it now seeks to compel him to produce. In particular, Secretary Thurston is not the custodian of correspondence, notes, or other material for the General Assembly, the Governor, and certainly not for "the State of Arkansas" and "its employees." *See, e.g.*, DE 120-4 at 12. That should be the end of the matter concerning these records.

The Satanic Temple cites *Kentucky v. Graham*, 473 U.S. 159 (1985), wrongly contending that a suit under *Ex parte Young* against Secretary Thurston as a state official puts the entire State of Arkansas on the hook as a defendant in this action—and, therefore, subject to the Satanic Temple's discovery requests. But the United States Constitution, including the Eleventh Amendment, bars any suit in federal court against the State of Arkansas. *See Alden v. Maine*, 527 U.S. 706 (1999). "This bar exists whether the relief sought is legal or equitable." *Papasan v. Allain*, 478 U.S. 265, 276 (1986). In light of the State of Arkansas's sovereign immunity, the Satanic Temple's claims may proceed against Secretary Thurston in his official capacity *only* under the narrow *Ex parte Young* fiction. 209 U.S. 123 (1908). Under *Ex parte Young*, when a state official who enforces an unconstitutional law, they are stripped of their official character, becoming merely another citizen who can constitutionally be brought before a court by a party seeking injunctive relief. *See id*.

Despite Defendant's efforts, the Satanic Temple either ignores or simply fails to grasp this distinction between a suit against the State of Arkansas (which is absolutely barred by sovereign immunity) and a suit against a state official in their official capacity (which is

narrowly permitted under *Ex parte Young*). But Defendant is not the State of Arkansas. He is, plainly, Secretary Thurston in his official capacity.

Further, even if the State of Arkansas were a defendant in this action, then because sovereign immunity is *immunity to suit*, that doctrine would absolutely preclude the State from being compelled to respond to discovery. *See Cottage v. United States*, No. 4:05CV2293, 2006 WL 2422895, at *7 (N.D. Ohio Aug. 22, 2006) ("[I]mmunity is effectively lost if the case is erroneously permitted to proceed through extensive discovery and trial.") (citing *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001)); *see generally Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (addressing the same issue in the context of qualified immunity).

Secretary Thurston does not have possession, custody, or control of the vast majority of the records that the Satanic Temple now seeks to compel him to produce. Therefore, this Court should deny its motion.

## II.    The Satanic Temple's requests are irrelevant, disproportionate to the needs of the case, and otherwise improper.

Besides its misrepresentation of who Defendant is, the Satanic Temple has improperly demanded production of items that are variously outside the scope of discovery, of vanishingly slight importance (if any) to resolving the issues in this action, and irrelevant to any party's claim or defense—as they have no tendency to make any material fact more or less probable. The Supreme Court has recognized that "the discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they "be construed to secure the just, *speedy*, and *inexpensive* determination of every action." *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (emphasis in *Lando*). Therefore, "the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied." *Id.*

Further, under Federal Rule of Civil Procedure 26(b)(1), discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." These considerations weigh decisively against compelling the discovery demanded by the Satanic Temple because where those requests seek items that are even remotely relevant, they are of slight importance, overbroad, burdensome, and would require disproportionate effort and expense to fulfill. As the Supreme Court has recognized, "district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *Herbert*, 441 U.S. at 177. Indeed, to the extent that the Satanic Temple's requests actually request items possessed by Secretary Thurston, they are the very definition of a fishing expedition calculated to oppress and annoy.

To illustrate the discovery's overbroad and unduly burdensome nature, the Satanic Temple's first set of requests, nos. 1 through 6, demand production of "*all* Correspondence" sent or received by *any* "General Assembly Member," "the Governor," or "the Secretary of State"— including *all* of their respective staff—at *any* time since *January 1, 2015*, in which *any* of the following *52* terms appear: "Satan," "Satanic," "Satanist," "Satanists," "Baphomet," "Devil," "Devils," "Hail Satan," "Doug Misicko," "Doug Mesner," "Lucien Greaves," "Cevin Soling," "Kevin Soling," "Malcolm Jarry," "Malcolm Jerry," "Erika Robbins," "Mason Hargett," "Harold Cronk," "Stu de Haan," "Stu deHaan," "Matthew A. Kezhaya," "Matt Kezhaya," "Sonia A. Kezhaya," "Sonia Kezhaya," "Josie N. Graves," "Josie Graves," "Church of Satan," "COS," "The Satanic Temple," "TST," "United Federation of Churches,"  "Reason Alliance Ltd.,"

"Alliance for Self-Directed Education ," "Spectacle Films," "Cinephobia," "Pure Flix Entertainment," "American Heritage and History Foundation," "National Association of Christian Lawmakers," "Rally for Governor Rick Scott," "Pink Mass," "Protect Children Project," "Black Mass at Harvard," "After School Satan Club," "Grey Faction," "The Unveiling," "Rally for Religious Liberty," "Devil's Renaissance," "Ten Commandments," "Baphomet," "Hanuman," "Saline Atheist and Skeptic Society,"  and "Gold Star Families." DE 120-1.

Request no. 1, for example, demands, without limitation, "*all* Correspondence, sent or received during the period beginning January 1, 2015 to present, to or from *any* General Assembly Member or the Governor" that contains any of eight of the above-listed words or phrases (emphases added). The kind and subject matter of the correspondence are unlimited, as "Correspondence" is defined to include "all written communications, regardless whether in the form of a physical letter, an email, a text message, a memorandum, or any other form of written word." DE 120-1.

The Satanic Temple's first set of requests broadly define "General Assembly Member" to include not only the office holder but also "all of their staff." DE 120-1. Likewise, it defines "Governor" to include "all staff." *Id.* The unrestricted class of General Assembly members serving at any time since January 1, 2015, and the Governor, have no connection to any issue in this litigation that would justify such searching requests. Further, that class includes numerous individuals who have no conceivable connection whatsoever to this litigation—including, among others, past and recently elected General Assembly members. The undue burden and excessive expense of the discovery demanded in these requests far outweighs their likely benefit.

Requests nos. 2 through 6 are similar to the first request but include, in addition, emails sent or received by "the Secretary of State," which is likewise defined to include "all staff." DE 120-1.

The Satanic Temple's request no. 7 also demands—in the broadest possible terms—"all Correspondence *in the possession of the State of Arkansas or any of its employees* that relates to the Satanic Temple, its activities, or the Ten Commandments." DE 120-1 at 6 (emphasis added). The request for items in the possession of *any* employee of the State of Arkansas is a repeated theme throughout the Satanic Temple's discovery requests. *See id*. at 6 (RFPs no. 7 & 12), 7 (RFPs nos. 13, 16, & 17).

The Satanic Temple's other requests are likewise irrelevant, overbroad, burdensome, disproportionate to the needs of the case, and otherwise improper. This Court should deny its motion to compel.

## III.   The Satanic Temple's requests facially implicate attorney-client and work-product doctrines and raise knotty legislative-privilege issues.

The Satanic Temple expressly seeks correspondence to and from members of the General Assembly for the purpose of determining the intent of its legislative acts. As set forth above, Secretary Thurston is not the custodian of the General Assembly's correspondence. But—to the extent that Secretary Thurston may possess any correspondence to or from legislators concerning the intent of legislative acts—the Satanic Temple's demands raise knotty legislative-privilege issues. "[S]tate legislators are entitled to a federal common law speech or debate privilege[.]" *United States v. Craig*, 528 F.2d 773, 779 (7th Cir. 1978), *on reh'g*, 537 F.2d 957 (7th Cir. 1976); *In re Grand Jury Proceedings*, 563 F.2d 577, 583 (3d Cir. 1977). This privilege covers communications between legislators or their staff and third parties. *Edwards v. Vesilind*, 790 S.E.2d 469, 482-483 (Va. 2016) (applying Virginia's Speech or Debate Clause); *id.* at 479 ("It

would be of little use to protect speech or debate between legislators on the floor of either house but not to protect other communications or functions integral to the legislative process.").

Given the requested discovery's significant volume—an estimated 15,000 pages—and its slight importance to the issues in this litigation, the Attorney General has not been able to undertake a thorough review to identify items that might be covered by legislative privilege. But Defendant has objected, and counsel reserves all objections, on this basis to the extent that the Satanic Temple's requests implicate items or information that might be or become covered by any legislator's assertion of the privilege.

Similarly, the Satanic Temple's demands facially implicate items covered by attorney-client and the work-product doctrines. For example, any correspondence between Secretary Thurston and his counsel at the Attorney General's office are implicated by its overbroad requests. Further, the Satanic Temple has demanded, for example, "PDF copies of all written correspondence between Defendant or any agent of Defendant, *including without limitation all counsel of record*," and "all individuals who have discoverable information on any issue in this cause." DE 120-2 at 2 (emphasis added).

Again, given the sheer volume of items in Secretary Thurston's possession that might fall within the Satanic Temple's vastly overbroad requests, Defendant has not been able to undertake a thorough review to identify items so covered. But Defendant has objected, and counsel reserves all objections, on the basis these doctrines. *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1977) (en banc) (attorney-client privileged materials are not discoverable); *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000) (attorney work product is not discoverable). The Court should deny the motion to compel.

For these reasons, the Court should deny the Satanic Temple's motion to compel.

**V.      Secretary Thurston has nothing more to produce regarding the American History and Heritage Foundation.**

The Satanic Temple's requests nos. 8 and 10 demand "the complete Secretary of State file on the AHHF" and "all state tax records for the AHHF." Without waiving and subject to Defendant's objections stated in his responses, Defendant has produced his file on the American History and Heritage Foundation. As for tax records, Defendant lacks possession, custody, or control over any such records for the Foundation. In particular, Defendant has no franchise tax records for the Foundation because nonprofits do not pay franchise taxes. *See* Ark. Code Ann. § 26-54-102(b)(1). Upon information and belief, most other state tax records would be maintained by the Department of Finance & Administration, which are not within Defendant's possession, custody, or control.

The Satanic Temple's first set of requests, no. 12, seeks "all documents in the possession of the State of Arkansas or any of its employees that relates to the AHHF or its activities." As set forth more fully above and in Defendant's response to this request, DE 120-4, Defendant lacks possession, custody, or control of such documents and the request is improper for other reasons there specified.

For these reasons, the Court should deny the motion to compel.

**VI.     Requests concerning the National Association of Christian Lawmakers have no conceivable relation to this litigation and are otherwise improper.**

The Satanic Temple's first set of requests, nos. 9 and 11, seek records related to the National Association of Christian Lawmakers. A search of the public information that is readily available to the Satanic Temple through Secretary Thurston's corporations-search reveals that the National Association of Christian Lawmakers did not even exist until November 26, 2018. *See* https://www.sos.arkansas.gov/corps/search_corps.php?DETAIL=516149&corp_type_id=

&corp_name=national+association+of+christian+lawmakers&agent_search=&agent_city=&age

nt_state=&filing_number=&cmd= (accessed April 22, 2020). That is long after the timeframe of

the events relevant to this litigation. It postdates the filing of this lawsuit by a full six months.

*See* DE 1 (filed May 23, 2018). Not even the Satanic Temple's Second Amended Complaint,

filed on November 1, 2019, contains any allegations concerning the organization. DE 89.

       The National Association of Christian Lawmakers was not involved in any way with the

design, construction, or donation of the Ten Commandments monument. And even if it had been,

the purpose of a private entity is wholly irrelevant to the constitutionality of the monument under

*Am. Legion v. Am. Humanist Assoc.*, 139 S. Ct. 2067, 2083 (2019), *Pleasant Grove City v.*

*Summum*, 555 U.S. 460, 476 (2009), and *Red River Freethinkers v. City of Fargo*, 764 F.3d 948,

950-51 (8th Cir. 2014). As set forth more fully in Defendant's responses to these requests, DE

120-4, such records have no conceivable relationship to the issues in this litigation and are

improper for other reasons there specified.

       Further, Secretary Thurston lacks possession, custody, or control over any tax records for

the National Association of Christian Lawmakers. In particular, Secretary Thurston has no

franchise tax records because nonprofits do not pay franchise taxes. *See* Ark. Code Ann. § 26-54-

102(b)(1). Upon information and belief, most other state tax records would be maintained by the

Department of Finance & Administration, which are not within Defendant's possession, custody,

or control.

       The Satanic Temple's first set of requests, no. 13, seeks "all documents in the possession

of the State of Arkansas or any of its employees that relates to the NACL or its activities." As set

forth more fully above and in Defendant's response to this request, Secretary Thurston lacks

possession, custody, or control of such documents and the request is improper for other reasons there specified. So the Court should deny the Satanic Temple's motion to compel.

VII.    **Secretary Thurston has fully produced documents related to the Capitol Arts and Grounds Commission's vetting of the Ten Commandments monument.**

The Satanic Temple's requests nos. 14 and 15 demand "all meeting minutes for any meeting pertaining to the Ten Commandments Monument Display Act" or to Act 274 of 2017. Further, requests nos. 16 and 17 demands "all notes created by any employee of the State of Arkansas that pertains to" those two acts. Once again, Secretary Thurston does not maintain meeting minutes for "any meeting" pertaining to these acts (including meetings between General Assembly members or their staff and third parties) or for notes created by "employee[s] of the State of Arkansas" generally, and so lacks possession, custody, and control over them.

Defendant has already fully produced the transcripts of the Capitol Arts and Grounds Commission's meetings in which the Ten Commandments monument was vetted or in which Act 274 of 2017 was discussed, as well as a number of handwritten notes concerning those meetings. Defendant knows of no other documents in his possession, custody, and control that would be responsive to the request. The Court should deny the Satanic Temple's motion to compel.

VIII.   **Secretary Thurston has produced every piece of information in his possession concerning evidence of the Satanic Temple's profit motive.**

The Satanic Temple's second set of requests include the cosmically overbroad demand for information concerning "*all* individuals who have discoverable information on *any* legal issue in this cause" (emphasis added), as well as facial demands for attorney work-product protected from disclosure by Rule 26. *See* DE 120-2 at 2.

Individuals who have discoverable information bearing on *any* legal issue in this matter are too many to enumerate. They have been disclosed in disclosures and discovery responses

from, and depositions conducted by, the Cave Plaintiffs, the Orsi Consolidated Plaintiffs, Intervenors, and Defendant. As such, the request plainly seeks information that is needlessly cumulative and duplicative, and the undue burden and excessive expense of attempting to collect such information far outweighs its likely benefit to any party.

The Satanic Temple's motion to compel contends that "the second set of discovery requests seek information about the witnesses and documents with which the State attempts to support the allegation that TST is a profit-generating front for its cofounders." DE 120 at 2. But, first, the information concerning the Satanic Temple's profit motive is publicly available. The Satanic Temple could have easily located it through a Google search for information concerning its organization, just as Defendant did. Second, the Satanic Temple selectively quotes only a single sentence from Defendant's discovery email, *see* DE 120 at 2 ¶ 10, and it fails to attach it— hiding the fact that Defendant had provided a list of every piece of information then in his possession *before* the Satanic Temple filed its motion to compel. *See* Exhibit 1 (April 10 discovery email).

Defendant has fully complied with his discovery obligations under the Federal Rules of Civil Procedure. He has produced every piece of information in his possession concerning evidence of the Satanic Temple's profit motive and timely identified every witness. The Satanic Temple's blatant demands for work product are improper, and even if they weren't, it has "obtain[ed] the substantial equivalent of the materials by other means"—namely, by Defendant's disclosure of the relevant information concerning the Satanic Temple's profit motive. *Baker*, 209 F.3d at 1054. Defendant simply has nothing more to produce. The Court should deny the Satanic Temple's motion.

## CONCLUSION

For the reasons set forth in Defendant's discovery responses, DE 120-4, 120-5,

Defendant's Exhibit 1, and herein, this Court should deny the Satanic Temple's motion to

compel.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

Nicholas J. Bronni (2016097)
  Solicitor General of Arkansas
Vincent M. Wagner (2019071)
  Deputy Solicitor General
Michael A. Cantrell* (2012287)
  Assistant Solicitor General
William C. Bird (2005149)
  Senior Assistant Attorney General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph:     (501) 682-2007
Fax:    (501) 682-2591
Michael.Cantrell@ArkansasAG.gov
*Counsel of Record

Gary L. Sullivan, Ark Bar No. 92051
Managing Attorney
Arkansas Secretary of State's Office
Suite 256- State Capitol
500 Woodlane Avenue
Little Rock, AR 72201
PH: (501) 682-3401; Fax: (501) 682-1213
Email: gary.sullivan@sos.arkansas.gov

Hiram Sasser
Michael Berry
Lea Patterson
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, TX 75075
Tel:  (972) 941-6162
Fax:  (972) 423-6162
*hsasser@firstliberty.org*
*mberry@firstliberty.org*
*lepatterson@firstliberty.org*

*Attorneys for Secretary of State John Thurston*