**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| **DONNA CAVE, JUDITH LANSKY,<br>PAT PIAZZA, and SUSAN RUSSELL** | **PLAINTIFFS** |
| | |
| **ANNE ORSI, AMERICAN HUMANIST<br>ASSOCIATION, FREEDOM FROM<br>RELIGION FOUNDATION, INC.,<br>ARKANSAS SOCIETY OF FREETHINKERS,<br>JOAN DIETZ, GALE STEWART, RABBI<br>EUGENE LEVY, REV. VICTOR H. NIXON,<br>TERESA GRIDER, and WALTER RIDDICK** | **CONSOLIDATED PLAINTIFFS** |
| | |
| **THE SATANIC TEMPLE, DOUG MISICKO<br>aka "LUCIEN GREAVES," and ERIKA<br>ROBBINS** | **INTERVENORS** |
| | |
| v.    No. 4:18CV00342 KGB/BD | |
| | |
| **JOHN THURSTON, Arkansas Secretary of State,<br>in his official capacity** | **DEFENDANT** |

**MOTION FOR AN ORDER TO SHOW CAUSE AND COMPEL THE SATANIC TEMPLE TO MAKE COURT-ORDERED PRODUCTION OF DOCUMENTS**

For nine months the Satanic Temple has stalled and evaded its obligation to produce responsive information that it knows will support Secretary Thurston's defenses. After breaking an agreement between counsel, refusing to sign its discovery responses, and dragging its feet in responding to Defendant's efforts to confer, the Satanic Temple's dilatory conduct has now developed into defiance of this Court's March 1 order and March 11 ruling to produce specific items responsive to Defendant's discovery requests. Defendant now respectfully requests that the Court require the Satanic Temple to show cause why it should not receive a discovery sanction or be held in contempt and that it compel the Satanic Temple to finally produce the records that it has so long refused to produce.

# FACTS

On June 21, 2019, Defendant served written discovery requests on the Satanic Temple. Ex. 1. The Satanic Temple responded evasively and refused to produce responsive records, leading to Defendant's filing of his first motion to compel. DE 93. This Court granted that motion to compel in part, ordering the Satanic Temple "to produce current bylaws, operating agreements, or analogous documents." DE 116 at 20. The Court also "order[ed] the Satanic Temple to respond to Request for Production No. 3," which "seeks the Satanic Temple's state and federal tax returns for 2015, 2016, 2017, and 2018." DE 116 at 22, 23. The order further provided that, "depending on the information disclosed in response to Request for Production No. 3, Secretary Thurston may request that the Court reconsider its ruling with respect to Request for Production No. 2," which had sought "year-end budgets for the Satanic Temple for the years 2015, 2016, 2017, and 2018, and the current budget, including but not limited to specific categories of items listed in the request: sources of income, liabilities, categorized expenditures, and recipients of the Satanic Temple's tax-exempt contributions." DE 116 at 24, 21-22. The Court ordered that, "[t]o the extent the Satanic Temple seeks a reasonable protective order," it was "direct[ed] . . . to confer with all parties and propose such an order to the Court for consideration." DE 116 at 20; *see id.* at 23-24.

The Satanic Temple's previous filings and unsigned responses to Defendant's first discovery requests provided conflicting information about its corporate identity. *See* DE 25-1 at 1 (identifying itself as "The Satanic Temple, LLC"); DE 93-2 at 20 ("[o]n information and belief, the full legal name of the organization is still United Federation of Churches, LLC."); DE 93-4 at 8 (the Satanic Temple "is given corporate structure by 'The Satanic Temple, Inc.' which is a Massachusetts non-profit corporation.").

The March 10, 2020, deposition of the Satanic Temple's designated 30(b)(6) deponent, Mr. Douglas Misicko, shed light on the Satanic Temple's identity. In that deposition, Mr. Misicko testified that Intervenor the Satanic Temple is comprised of four corporate organizations—the United Federation of Churches, LLC; Reason Alliance, Ltd.; the Satanic Temple, Inc.; and Cinephobia, LLC. As the Satanic Temple's 30(b)(6) representative, Mr. Misicko testified—without objection—to the creation, management, and organization of all four of these corporate entities. *See* Ex. 7 (Satanic Temple Dep. Tr.) at 157-62, 170-73, 180-187. Mr. Misicko expressly testified that the Satanic Temple viewed all four entities "as all part of the larger—The Satanic Temple Organization." *Id.* at 183. He further testified that by means of the various entities, the Satanic Temple can both receive contributions as a nonprofit and engage in for-profit commerce. *Id.* at 187, 228.

The next day, March 11, the Court held a telephonic discovery hearing to resolve issues that arose in the deposition of Mr. Misicko as a party in his personal capacity. During that hearing defense counsel noted that Mr. Misicko's 30(b)(6) testimony from the previous day had clarified that the Satanic Temple was comprised of these various corporate entities. During the hearing defense counsel explicitly mentioned three of the "affiliate" corporate organizations— the United Federation of Churches, LLC; Reason Alliance, Ltd.; and the Satanic Temple, Inc.— and requested that the Court clarify its March 1 order to compel the Satanic Temple to produce tax returns for them. The Court agreed, clarifying its order that the Satanic Temple would be required to produce tax information for the affiliate corporate organizations.

Shortly after the hearing concluded, defense counsel inquired concerning Mr. Misicko's relationship to Cinephobia, LLC—as it was another of the Satanic Temple's affiliated corporate organizations to which Mr. Misicko had testified in his 30(b)(6) capacity the previous day. Ex. 7

(Satanic Temple Dep. Tr.) at 180-83; Ex. 8 (Misicko Dep. Tr.) at 162. But counsel for the Satanic Temple objected, arguing, "It's not part of the judge's order. We did not agree that Cinephobia is a TST affiliate." Ex. 8 (Misicko Dep. Tr.) at 162. When defense counsel asked, "And the basis for your objection is the Court's order?," counsel for the Satanic Temple responded, "It is outside the Court's order. We specified there are three affiliates that we all agree are TST. This is not one of those." *Id*. at 162-63.

On March 17, after the Satanic Temple failed to sign its discovery responses within 14 days—as this Court's March 1 order specifically required it to do,[1] DE 116 at 17—Defendant reached out to the Satanic Temple to inquire concerning that as well as its larger outstanding court-ordered production. Ex. 2 at 2-3. Three weeks passed, and Defendant received no response. On April 10, Defendant again reached out to the Satanic Temple concerning the Court's order, *id.* at 1-2, whereupon the Satanic Temple served additional evasive discovery responses. Ex. 3. For example, the Satanic Temple's response to Defendant's request for production no. 1 concerning governance documents provided no substantive information and no records. *Id.* at 3. And to Defendant's request for production no. 3 concerning tax information, the Satanic Temple responded: "'The Satanic Temple' is not a discrete entity with tax returns. Intervenors thus have no responsive documents." *Id.* at 5. The Satanic Temple thus refuses to provide the records from the corporate organizations that this Court ordered it to produce in its March 1 order, as clarified during the March 11 hearing, and which counsel for the Satanic Temple himself admitted "are TST." Ex. 8 (Misicko Dep. Tr.) at 163.

---

[1] The Satanic Temple still has not fully complied with the Court's order to sign all discovery responses by March 15, 2020. DE 116 at 17. As of this filing, Intervenors have served only two signed acknowledgements, one by Ms. Erika Robbins (belatedly signed April 8, 2020), and one by Mr. Doug Misicko (belatedly signed April 10, 2020).

Further—after stalling for more than six weeks—on April 10 the Satanic Temple finally conferred with the parties concerning a proposed protective order, which all parties consented to and this Court quickly entered on April 16. DE 122.

On April 18, Defendant reached out to the Satanic Temple for the third time concerning the court-ordered discovery. Ex. 4 at 2-3. Despite Defendant's repeated, specific requests for governance documents, *see* Ex. 1 at 2 (Defs.' First Requests, RFP no. 1); Ex. 5 at 1-2 (Defs.' Third Requests, RFPs nos. 1-6), the Satanic Temple produced only a single responsive document. The Satanic Temple designated both that document and its accompanying April 22 discovery correspondence as confidential under this Court's protective order. And despite this Court's March 1 order, as clarified in the March 11 hearing, the Satanic Temple provided *none* of the tax information this Court ordered it to produce.

Defendant's April 18 good-faith correspondence, Ex. 4, raised further deficiencies in the Satanic Temple's responses to his third set of discovery. Ex. 6. Requests for production nos. 8 and 9 requested production of correspondence between the Satanic Temple's managers (either Mr. Misicko or Mr. Soling), on one hand, and the Satanic Temple's local participants (either Ms. Robbins or Mr. Hargett), on the other. Defendant's request no. 10 sought a copy of Mr. Misicko's remarks at the Satanic Temple's official Baphomet unveiling in Detroit, Michigan, on July 25, 2015. The Satanic Temple has refused to produce any of these items.

Defendant certifies that he has conferred in good faith with the Satanic Temple concerning the matters set forth in this motion.

## LEGAL STANDARD

Rule 37(b)(2)(A) grants the Court authority and discretion to impose sanctions for a party's failure to obey an order to provide discovery. *Alfoaady v. Will Transp., Inc.*, No.

2:13CV00029 SWW, 2015 WL 3649851, at *3 (E.D. Ark. June 4, 2015). "The imposition of sanctions under Rule 37 requires (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party." *Id.* (citing *Sentis Grp., Inc. v. Shell Oil Co.,* 559 F .3d 888, 899 (8th Cir. 2009)) (footnote omitted). "A 'willful' violation of a court order in this context includes a conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance, and a court may find willful disobedience when a party employs stall tactics and disregards court orders." *Id.* at *3 n.6 (citing *Schoffstall v. Henderson,* 223 F.3d 818, 824 (8th Cir. 2000)).

In addition to district courts' authority to sanction willful violations under Rule 37, they have inherent power to hold parties in civil contempt of discovery orders. *See Jones v. Clinton*, 36 F. Supp. 2d 1118, 1125 (E.D. Ark. 1999) ("[A] federal district court has two principal sources of authority for finding a party in civil contempt of its discovery orders: Fed. R. Civ. P. 37(b)(2) and the court's inherent power."). "Two requirements must be met before a party may be held in civil contempt: the court must have fashioned an Order that is clear and reasonably specific, and the party must have violated that Order." *Id.* at 1126. "Generally, these two requirements must be shown by clear and convincing evidence." *Id.*

Concerning a motion to compel, "the party opposing discovery has the burden of showing that discovery requests are overly broad, unduly burdensome or not relevant." *Kirby v. United Am. Ins. Co.*, Case No. 4:08CV00338 JLH, 2009 WL 10675166, at *2 (E.D. Ark. Feb. 13, 2009) (unpublished). An order compelling discovery responses is appropriate where a party fails to properly answer interrogatories or produce documents. Fed. R. Civ. P. 37(A)(1), (3). The court must require the party whose conduct necessitated a motion compelling discovery to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A).

Evasive or incomplete answers or responses are treated as failures to answer or respond. Fed. R. Civ. P. 37(A)(4).

## ARGUMENT

First, this Court should order the Satanic Temple to show cause why it should not receive a Rule 37 sanction or be held in contempt for refusing to obey the Court's discovery order to produce tax information. Second, this Court should compel the Satanic Temple to produce other requested financial information, governance documents, correspondence between Satanic Temple managers and its local agents, and Mr. Misicko's remarks at the Satanic Temple's official Baphomet unveiling event.

**I.   This Court should require the Satanic Temple to show cause for refusing to obey its discovery order to produce tax records.**

During the March 11 discovery hearing, defendant specifically requested that the Court clarify that the Satanic Temple would be required to produce tax records for the Satanic Temple's corporate entities, and the Court agreed. But, despite the Court's order and Defendant's good-faith efforts to obtain that discovery, the Satanic Temple defiantly persists in refusing to produce any records whatsoever.

Therefore, the Court should require the Satanic Temple to show cause why it should not receive a Rule 37 sanction for refusing to obey this Court' order. *See Alfoaady*, 2015 WL 3649851, at *3 (setting forth three elements for sanctioning a party under Rule 37). First, there is an order compelling discovery—the Court's March 1 order. DE 116. Second, the Satanic Temple has not accidentally or involuntarily violated that order but has willfully engaged in dilatory tactics and now flatly refused to provide the court-ordered records. *Id.* at *3 n.6 ("[A] court may find willful disobedience when a party employs stall tactics and disregards court orders."). Third, the Satanic Temple's willful violation has prejudiced Defendant by depriving him of records

7

needed to establish his defense against the Satanic Temple's claims. And given that we are now at the end of the discovery period, Defendant's prejudice will go unremedied absent this Court's action.

The Satanic Temple's conduct rises even to the level required for a finding of contempt. There is clear and convincing evidence that counsel for the Satanic Temple understood that the Court's order covered at least three of the Satanic Temple's corporate entities. Shortly following the Court's ruling during the March 11 telephonic hearing, counsel for the Satanic Temple objected only to Cinephoba, LLC, arguing, "It's not part of the judge's order. We did not agree that Cinephobia is a TST affiliate." Ex. 8 (Misicko Dep. Tr.) at 162. When defense counsel asked, "And the basis for your objection is the Court's order?," counsel for the Satanic Temple responded, "It is outside the Court's order. We specified there are three affiliates that we all agree are TST. This is not one of those." *Id*. at 162-63. Counsel for the Satanic Temple thus admitted that the United Federation of Churches, LLC, Reason Alliance, Ltd., and the Satanic Temple, Inc. "are TST" and come within this Court's discovery order. *Id.* at 163.

Indeed, there was no question at the end of the March 11 hearing that this Court was requiring the Satanic Temple to produce tax information for its corporate entities. Having just clarified that point at defense counsel's request, the Court's ruling was clear and specific. And the Satanic Temple has violated it. *See Jones*, 36 F. Supp. 2d at 1125.

Therefore, this Court should require the Satanic Temple to show cause why it should not receive a Rule 37 sanction or be held in contempt for refusing to produce the court-ordered tax records.

**II.      The Court should compel the Satanic Temple to produce responsive records.**

The Court should compel the Satanic Temple to produce tax information and other financial records as well as the requested governance documents, correspondence, and Mr. Misicko's remarks at the Satanic Temple's official unveiling of the Baphomet monument.

> **A.      The Court should compel the Satanic Temple to produce tax information, and it should reconsider Defendant's request for other Satanic Temple financial records.**

This Court's ruling at the March 11 telephonic hearing clearly and specifically required the Satanic Temple to produce tax information, which it has refused to do. Defendant again respectfully requests that this Court compel production of tax information for the United Federation of Churches, LLC, Reason Alliance, Ltd., the Satanic Temple, Inc., and Cinephobia, LLC. In the alternative, the time is now ripe for the Court's reconsideration of Defendant's request for the Satanic Temple's other financial records.

The Court's March 1 order provided that, "depending on the information disclosed in response to Request for Production No. 3," i.e., tax records, "Secretary Thurston may request that the Court reconsider its ruling with respect to Request for Production No. 2," i.e., end-of-year budgets and related information. DE 116 at 24. Because the Satanic Temple has disclosed nothing whatsoever in response to request no. 3, Defendant now respectfully requests that the Court reconsider its denial of his motion to compel production of records responsive to his request no. 2. As set forth in the Court's March 11 order, that request specifically seeks "year-end budgets for the Satanic Temple for the years 2015, 2016, 2017, and 2018, and the current budget, including but not limited to specific categories of items listed in the request: sources of income, liabilities, categorized expenditures, and recipients of the Satanic Temple's tax-exempt contributions." DE 116 at 21-22.

Therefore, Defendant requests that the Court now compel the Satanic Temple to provide all responsive financial records for all of the Satanic Temple's corporate entities.

> **B.    This Court should compel the Satanic Temple to produce governance documents for itself and all of its corporate entities.**

Defendant has repeatedly requested that the Satanic Temple produce governance documents. *See* Ex. 1 at 2 (Defs.' First Requests, RFP no. 1); Ex. 5 at 1-2 (Defs.' Third Requests, RFPs nos. 1-6). But the Satanic Temple has not produced governance documents that it has admitted exist. Mr. Misicko testified in his 30(b)(6) capacity that the United Federation of Churches, LLC, has bylaws. Ex. 7 (Satanic Temple Dep. Tr.) at 158. Likewise, the corporate organization, The Satanic Temple, Inc., has "a lot of internal documentation, including chapter agreements and other agreements we have with people who work with us." *Id.* at 171; *see id.* at 170-73.

This Court's March 1 order required the Satanic Temple "to produce current bylaws, operating agreements, or analogous documents." DE 116 at 20. It has not done so. Therefore, Defendant requests that the Court now compel the Satanic Temple to produce all responsive records for the Satanic Temple and all of its corporate entities.

> **C.    This Court should compel the Satanic Temple to produce correspondence likely to shed light on relevant issues.**

It has become clear through the discovery process that Mr. Mason Hargett and Ms. Erika Robbins were the primary local agents in the Satanic Temple's efforts to oppose the Ten Commandments monument and to promote the Baphomet monument. Their correspondence with Satanic Temple managers Mr. Misicko and Mr. Soling is likely to shed light on various issues relevant to Secretary Thurston's defense against the Establishment Clause and Equal Protection

claims. Defendant has requested such correspondence. Ex. 5 at 3. And although the Satanic Temple has admitted that such correspondence exists, it has flatly refused to produce it.

Defendant's request is limited to correspondence that relates to the Satanic Temple or its activities, the Ten Commandments monument, the Baphomet statue, or this litigation. *See* Ex. 5 at 3. Correspondence on these topics between either Mr. Misicko (who is an Intervenor and a principal of the Satanic Temple, which is an Intervenor) or Mr. Soling (also a principal of the Satanic Temple) and either Ms. Robbins (also an Intervenor) or Mr. Hargett (an Arkansas agent of the Satanic Temple) is likely to be relevant to the Secretary's defenses. *See* Fed. R. Civ. P. 26(b). Among other issues, this correspondence is likely to shed light on the Satanic Temple's lack of standing, due to the absence of any Satanic Temple presence or activity in Arkansas before 2016, *see Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 487 (1982) ("Their claim that the Government has violated the Establishment Clause does not provide a special license to roam the country in search of governmental wrongdoing and to reveal their discoveries in federal court."), as well as on Ms. Robbins's and Mr. Misicko's purposes for attending the installation of the Ten Commandments monument. The requested correspondence is also likely to shed light on the Satanic Temple's efforts to generate the appearance of divisiveness surrounding the placement of monuments on the Capitol grounds, including opposition to the Ten Commandments monument and of support for the Baphomet monument. *See, e.g.*, *Van Orden v. Perry*, 545 U.S. 677, 704 (2005) (Breyer, J., concurring) (considering whether a monument creates religiously based divisiveness). Finally, the correspondence is likely to shed light on the Satanic Temple's lackadaisical efforts to obtain passage of legislation for the Baphomet monument in the General Assembly, which Arkansas law required for placement at all times relevant to this litigation.

The Satanic Temple's answers to these requests indicate that it has identified responsive documents and that it objects to on the grounds of the attorney-client and work-product doctrines for request no. 8, but only the work-produce doctrine for request no. 9. Ex. 6 at 5-6. Such doctrines do not apply to correspondence among the non-attorneys Mr. Misicko, Mr. Soling, Ms. Robbins, and Mr. Hargett. In any case, the Satanic Temple has produced no privilege log under Rule 26(b)(5) for the documents that it indicates it has identified.

Although the subject matter of the requested correspondence is naturally limited by the events of this case, Defendant limits his motion to compel with respect to requests nos. 8 and 9 to the requested correspondence taking place between January 1, 2015, and this Court's grant of the Satanic Temple's amended motion to intervene on December 17, 2018. DE 38.

Therefore, this Court should compel the Satanic Temple to produce this correspondence.

### D. This Court should compel the Satanic Temple to produce Mr. Misicko's remarks at the Satanic Temple's official unveiling of the Baphomet statue.

Defendant's request no. 10 seeks records of Mr. Misicko's remarks at the Satanic Temple's official Baphomet unveiling in Detroit, Michigan, on July 25, 2015. Ex. 5 at 3. These remarks are plainly relevant, as the Satanic Temple has thrust the Baphomet monument directly into the center of this litigation. Further, Mr. Misicko himself testified during his deposition: "My speech was directed, I believe, at the meaning and significance of the Baphomet monument. . . . I believe it ran—I probably would have kept it under three minutes long, but just something to emphasize to people what the significance of this, this moment is." Ex. 7 (Satanic Temple Depo. Tr.) at 114. Defendant's request is specifically limited in scope to records of Mr. Misicko's July 25, 2015 remarks.

The Satanic Temple's answer to request no. 10 objects "[t]o the extent this request purports to seek communications among the intervenors pertaining to this litigation." Ex. 6 at 6.

That indicates that it has identified responsive items and that it objects on the grounds of the attorney-client and work-product doctrines. But the Satanic Temple has produced no privilege log under Rule 26(b)(5) for the documents that it indicates it has identified. And at least some documents responsive to request no. 10 would plainly not be covered by any applicable exclusion from discovery.

The Court should compel the Satanic Temple to produce records of Mr. Misicko's remarks at the official unveiling of the Baphomet monument.

## CONCLUSION

For over a year Defendant has patiently and in good faith tried to work with the Satanic Temple in discovery, but its dilatory tactics and evasions have now resulted in its defiance of this Court's order. For the reasons set forth above, Defendant requests that the Court require the Satanic Temple to show cause why it should not receive a discovery sanction or be held in contempt for refusal to obey its order, and that it compel the Satanic Temple to finally produce the responsive records that it has so long refused to produce.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

Nicholas J. Bronni (2016097)
  Solicitor General of Arkansas
Vincent M. Wagner (2019071)
  Deputy Solicitor General
Michael A. Cantrell* (2012287)
  Assistant Solicitor General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph:   (501) 682-2007
Fax:  (501) 682-2591
Michael.Cantrell@ArkansasAG.gov
*Counsel of Record*

Gary L. Sullivan, Ark Bar No. 92051
Managing Attorney
Arkansas Secretary of State's Office
Suite 256- State Capitol
500 Woodlane Avenue
Little Rock, AR 72201
PH: (501) 682-3401; Fax: (501) 682-1213
Email: gary.sullivan@sos.arkansas.gov

Hiram Sasser
Michael Berry
Lea Patterson
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, TX 75075
Tel:  (972) 941-6162
Fax:  (972) 423-6162
*hsasser@firstliberty.org*
*mberry@firstliberty.org*
*lepatterson@firstliberty.org*

*Attorneys for Secretary of State John Thurston*