ATTORNEY GENERAL
LESLIE RUTLEDGE
ARKANSASAG.GOV

Michael A. Cantrell  
Assistant Solicitor General  
323 Center Street, Suite 200  
Little Rock, AR 72201  

Direct Dial: (501) 682-2401  
Facsimile: (501) 682-8162  
Michael.Cantrell@ArkansasAG.gov  

April 18, 2020

Matthew A. Kezhaya  
Kezhaya Law PLC  
1202 North East McClain Road  
Bentonville, AR 72712  
*Counsel for Satanic Temple Intervenors*

Re:   *Cave v. Thurston*, Case No. 4:18CV342 KGB, Various Discovery Matters

Dear Matthew,

I write regarding various discovery matters.

*First*, I write to confer in good faith concerning three of your March 1, 2020 responses to Defendant's third set of discovery requests.

RFPs nos. 8 and 9 request production of correspondence between either Doug Misicko or Cevin Soling, on one hand, and either Erika Robbins or Mason Hargett, on the other, that relate to the Satanic Temple or its activities, the Ten Commandments monument, the Baphomet statue, or this litigation. This correspondence will shed light on, among other relevant issues, the absence of any Satanic Temple presence or activity in Arkansas before 2016, Intervenors' efforts to generate the appearance of opposition to the Ten Commandments monument and of support for the Baphomet monument, Intervenors' purposes for attending the installation of the Ten Commandments monument, Intervenors' alleged efforts to obtain support for the Baphomet monument in the General Assembly, and Intervenors' efforts concerning, and purposes for, bringing the Baphomet statue to the Arkansas State Capitol grounds in August 2018.

Your answers to RFPs nos. 8 and 9 indicate that you have identified responsive documents and that you object on the grounds of the attorney-client and work-product doctrines for RFP no. 8, but only the work-produce doctrine for RFP no. 9. Such doctrines do not apply to correspondence between the non-attorneys Doug Misicko, Cevin Soling, Erika Robbins, and Mason Hargett. In any case, I note that you have produced no privilege log under Rule 26(b)(5) for the documents that you indicate you have identified.

Please note that, in case there is any question, Defendant specifically limits the duration of RFPs 8 and 9 to the timeframe of January 1, 2015, to the present.

RFP no. 10 requests a copy of Mr. Misicko's remarks at the Satanic Temple's official Baphomet unveiling in Detroit, Michigan, on July 25, 2015. Defendant's request is specifically limited in scope to records of Mr. Misicko's July 25, 2015 remarks. These remarks are plainly relevant to this litigation, as Mr. Misicko himself testified during his deposition that "My speech was directed, I believe, at the meaning and significance of the Baphomet monument. . . . I believe it ran -- I probably would have kept it under three minutes long, but just something to emphasize to people what the significance of this, this moment is." Misicko Depo. at 114.

Your answer to RFP no. 10 objects *only* "[t]o the extent this request purports to seek communications among the intervenors pertaining to this litigation." Your answer indicates that you have identified responsive items and that you object on the grounds of the attorney-client and work-product doctrines. As explained above, these doctrines are inapplicable to non-attorneys. And in any case you have produced no privilege log under Rule 26(b)(5) for the documents that you indicate you have identified. Further, while *communications* about Mr. Misicko's remarks certainly would be responsive to the request, the request also would include other records of Mr. Misicko's remarks—which you have not objected to providing.

Your "general objections" to RFPs nos. 8, 9, and 10 on the basis of a claimed qualified associational privilege and the Scottsdale case do not apply because Defendant has not requested information that would identify a membership or donor list and the Scottsdale case has no bearing on the issues implicated by Defendant's RFPs nos. 8, 9, and 10.

Please produce the items requested in Defendant's RFPs nos. 8, 9, and 10 immediately. In any case, please respond concerning these issues no later than next Wednesday, April 22, 2020.

*Second* is a follow-up on the Court's March 1 order and Defendant's March 17 and April 10 good-faith correspondence. I have received no response from you to either of my previous attempts to discuss these matters. Further, on April 17 the Court issued the protective order agreed to by the parties. DE 122. Therefore, please immediately produce the outstanding items from the Court's order:

- current bylaws, operating agreements, and analogous documents for the Satanic Temple and its affiliates, DE 116 at 20; and
- state and federal tax returns for 2015, 2016, 2017, and 2018 for the Satanic Temple and its affiliates, DE 116 at 21-24.

I note that in your April 10, 2020 supplemental response to RFP no. 3 of Defendant's first discovery requests, you suggest that Defendant is required "to issue new discovery requests to the entities which the State seeks tax returns." This is incorrect. The Court has never

directed Defendant to serve new discovery requests in order to obtain the items falling within the scope of Defendant's request. Rather, the Court ordered the Satanic Temple to produce these items for the Satanic Temple and its affiliates. Those affiliates include the United Federation of Churches, LLC; Reason Alliance, Ltd.; the Satanic Temple, Inc.; and Cinephobia, LLC. I remind you that Mr. Misicko testified for all of these entities during his 30(b)(6) deposition as representative of the Satanic Temple, thereby identifying them with the Satanic Temple and waiving any argument to the contrary. Further, you are on record agreeing that these entities are identified with the Satanic Temple. *See* Misicko Depo. at 163. Please immediately produce the outstanding items from the Court's order. In any case, please respond concerning these issues no later than next Wednesday, April 22, 2020.

*Third*, several months ago you served discovery responses that were unsigned. The Court's March 1 order required you to sign those responses within 14 days, which you failed to do. After my March 17 and April 10 good-faith correspondence, I did finally receive from you two signed acknowledgments, one by Erika Robbins and one by Doug Misicko. But you still have not provided a signed verification for the Satanic Temple's discovery responses. Please immediately provide a signed verification for the Satanic Temple's discovery responses, and in any case no later than next Wednesday, April 22, 2020.

*Fourth*, Defendant's second supplemental disclosures contain documents that are potentially responsive to some requests in the Satanic Temple's first and second sets of discovery. Without waiving and subject to objections previously stated, batestamped pages 0953-1383 are potentially responsive to RFPs nos. 14 and 15 of your first requests concerning minutes for meetings pertaining to the Ten Commandments and Act 274 of 2017. Further, without waiving and subject to objections previously stated, materials newly received by Defendant and produced in batestamped pages 1717-1754 are potentially responsive to RFP no. 3 of your second requests.

Thank you for your attention to these matters.

                Respectfully,

                Michael A. Cantrell
                Assistant Solicitor General

## CERTIFICATE OF SERVICE

      I, Michael A. Cantrell, certify that on April 18, 2020, I served the foregoing on all counsel of record.

                                                                         */s/* Michael A. Cantrell
                                                                         Michael A. Cantrell