IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **DONNA CAVE, JUDITH LANSKY,** **PAT PIAZZA, and SUSAN RUSSELL** | **PLAINTIFFS** |
| **ANNE ORSI, AMERICAN HUMANIST ASSOCIATION, FREEDOM FROM RELIGION FOUNDATION, INC., ARKANSAS SOCIETY OF FREETHINKERS, JOAN DIETZ, GALE STEWART, RABBI EUGENE LEVY, REV. VICTOR H. NIXON, TERESA GRIDER, and WALTER RIDDICK** | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE, DOUG MISICKO** **aka "LUCIEN GREAVES," and ERIKA ROBBINS** | **INTERVENORS** |
| v.    No. 4:18CV00342 KGB/BD | |
| **JOHN THURSTON, Arkansas Secretary of State,** **in his official capacity** | **DEFENDANT** |

**REPLY IN SUPPORT OF MOTION FOR AN ORDER TO SHOW CAUSE AND COMPEL THE SATANIC TEMPLE TO MAKE COURT-ORDERED PRODUCTION OF DOCUMENTS**

The Satanic Temple's evasive response attempts to divert the Court's attention from its serial defiance of this Court's orders. Grounds for this Court's requiring the Satanic Temple to show cause and to produce relevant items are set forth in Defendant's principal brief. DE 124. Defendant submits this reply to more fully show that, in addition to willfully defying this Court's order to timely sign any of its interrogatories and to make court-ordered production of financial and governance documents, the long list of Satanic Temple tactics to frustrate the discovery process now also includes abusing this Court's protective order.

In addition to the relief requested below pertaining to the Satanic Temple's abuse of the protective order, Defendant respectfully requests that the Court require the Satanic Temple to

show cause why it should not receive a discovery sanction or be held in contempt for its defiance of this Court's orders, and that the Court compel the Satanic Temple to produce the responsive records that it has refused to produce.

## I.     The Satanic Temple has abused this Court's protective order.

On April 22, 2020, the Satanic Temple made available to Defendant a .zip archive labeled "2020 04 22 confidential discovery.zip." That archive contained three files: one responsive document, an order of this Court previously entered in this case,[1] and discovery correspondence. Although the single responsive document had a header of "CONFIDENTIAL," the discovery correspondence and this Court's order did not. Because there was nothing remotely confidential about the discovery correspondence—and Defendant was then drafting this discovery motion and needed to refer to that correspondence—defense counsel wrote privately to counsel for the Satanic Temple out of an abundance of caution to request clarification concerning its intent. When counsel for the Satanic Temple responded that it had indeed designated the discovery correspondence as confidential under this Court's protective order, defense counsel expressed surprise and suggested that counsel for the Satanic Temple notify all counsel of record that the discovery correspondence—and not merely the single responsive document it produced—was confidential. Counsel for the Satanic Temple did not do so but doubled down, stating, "The entire ZIP archive, again I emphasize that its name includes the word 'confidential,' was 'confidential' within the meaning of the order."

---

[1] Defendant is loath to specify the substance of this document without filing this reply under seal because the Satanic Temple, having inexplicably designated it as confidential, has not purported to withdraw that designation and this Court has not been presented with or ruled on any motion pertaining to the document's confidential status, as required under paragraph 7 of the Court's protective order. DE 122 at 3. Therefore, it remains designated as confidential under the terms of the protective order. *Id.*

Several days after Defendant's filing of his motion, the Satanic Temple filed its response. Simultaneously with the filing of its response, counsel for the Satanic Temple sent an email, with only counsel for the Satanic Temple and defense counsel copied, that stated, "In light of the discovery motion requiring reference to the letter, Intervenors withdraw the confidential designation of the letter alone." Indeed, to no one's surprise, the Satanic Temple had likewise found it needful to refer to its discovery correspondence in discussing the discovery matters at issue in this motion. In fact, the Satanic Temple attached that correspondence as "Exhibit 1" to its response—and then filed it on the public docket. DE 128-1.

The Satanic Temple's designation of its discovery correspondence as confidential was both improper under this Court's orders and an abuse of the protective order. First, the Satanic Temple's designation was improper. At the Court's direction, Defendant consented to the entry of a protective order with the understanding that the Satanic Temple would in good faith designate as confidential only those responsive items for which this Court's March 1 order has granted a protective order. *See* DE 116 at 20 (granting a protective order "for *this information responsive to* Request for Production No. 1" (emphasis added)); DE 116 at 24 (granting a protective order "for *information responsive to* Request for Production No. 3" (emphasis added)). The Satanic Temple's discovery correspondence is plainly not "information responsive to" Defendant's requests. And this Court has not "granted a virtual carte blanche to either party to seal whatever portions of the record the party wanted to seal." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999) (citations omitted) (district court abused its discretion when it failed "to make a determination, as the law requires, of good cause to seal any part of the record of a case").

Second, the Satanic Temple's designation of its correspondence prejudiced Defendant's ability to bring discovery matters before this Court. Protective orders are designed to "*protect . . . from*"—and not to *cause*—"annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1) (emphasis added). Yet the Satanic Temple's improper designation of its discovery correspondence as confidential forced Defendant to the choice of (1) going to the additional effort of preparing and filing a motion under paragraph 7 of this Court's protective order, DE 122 at 3, objecting to the Satanic Temple's designation; (2) going through the unduly burdensome process of preparing and conventionally filing with the Court sealed and redacted versions of a discovery motion, brief, and exhibit, and serving them on the many parties in this case, being careful to strictly observe all the requirements of this Court's protective order; or (3) preparing its discovery motion without referring to the substance of the Satanic Temple's April 22 discovery correspondence. Given the undue burden posed by the first two options, Defendant chose the more economical, latter course and filed his motion without dealing with the substance of the Satanic Temple's discovery correspondence.

The Satanic Temple's abuse of this Court's protective order—improperly deeming as "confidential" discovery correspondence that neither is "information responsive to" any of Defendant's requests nor contains anything remotely confidential—has prejudiced Defendant, and this Court should act to deter the Satanic Temple's future abuse of this order.

## CONCLUSION

The Satanic Temple's defiance of this Court's orders is of a piece with its efforts to frustrate Defendant's efforts to obtain reasonable discovery. Given the Satanic Temple's abuse of this Court's protective order, Defendant respectfully requests that the Court require the Satanic Temple to articulate a good-faith basis for the confidentiality of each item it designates

and to certify that each item constitutes "information responsive to" Defendant's particular discovery requests. Further, for the reasons set forth in Defendant's principal brief and herein, Defendant respectfully requests that the Court require the Satanic Temple to show cause why it should not receive a discovery sanction or be held in contempt for its defiance of this Court's orders, and that the Court compel the Satanic Temple to produce the responsive items that it has for many months refused to provide Defendant.

                                    Respectfully submitted,

                                    LESLIE RUTLEDGE
                                  Attorney General

Nicholas J. Bronni (2016097)
  Solicitor General of Arkansas
Vincent M. Wagner (2019071)
  Deputy Solicitor General
Michael A. Cantrell* (2012287)
  Assistant Solicitor General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph:     (501) 682-2007
Fax:    (501) 682-2591
Michael.Cantrell@ArkansasAG.gov
*Counsel of Record*

Gary L. Sullivan, Ark Bar No. 92051
Managing Attorney
Arkansas Secretary of State's Office
Suite 256- State Capitol
500 Woodlane Avenue
Little Rock, AR 72201
PH: (501) 682-3401; Fax: (501) 682-1213
Email: gary.sullivan@sos.arkansas.gov

Hiram Sasser
Michael Berry
Lea Patterson
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, TX 75075
Tel:  (972) 941-6162
Fax:  (972) 423-6162
*hsasser@firstliberty.org*
*mberry@firstliberty.org*
*lepatterson@firstliberty.org*

*Attorneys for Secretary of State John Thurston*