**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS CENTRAL DIVISION**

DONNA CAVE, et al.,
Plaintiffs,

EUGENE LEVY, et al.,
Consolidated Plaintiffs

THE SATANIC TEMPLE, et al.,
Intervenors,

v.

JOHN THURSTON, Arkansas Secretary of State, in his official capacity,
Defendant.

Case No. 4:18-cv-00342-KGB

**MEMORANDUM IN REPLY TO RESPONSE TO MOTION TO QUASH AND FOR PROTECTIVE ORDER**

COMES NOW, non-party American History and Heritage Foundation ("AHHF"), by and through undersigned counsel, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, on its own behalf and in support of the Third-party Motion to Quash and for Protective Order filed by non-party witness Senator Jason Rapert (Dkt. No. 74), states and alleges as follows:

INTRODUCTION

As noted by the Court in its Order of March 1, 2020 (Dkt. N0. 116, p. 5), the *Orsi* Plaintiffs have requested that State Senator Jason Rapert produce: (1) any documents of the AHHF regarding the erection of a Ten Commandments monument on the state capitol grounds and (2) all financial records of the AHHF reflecting funds raised for the erection of the Ten Commandments monument on the state capitol grounds or the expenditure of any funds for the erection of the Ten Commandments monument on the state capitol grounds (Dkt. No. 79, at 2-3).

AHHF objects to the production of said documents for the reasons that they are not relevant to the constitutional issues raised by the *Orsi* Plaintiffs and they are protected under the First Amendment privileges of freedom of speech and association enjoyed by the individual members and organizations that financially contributed to the construction of the Ten Commandments monument on the grounds of the Arkansas State Capitol, rights that inure to AHHF as an organization.

Certainly, as the Court notes in its Order, Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Moreover, the Rule is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Plaintiffs cannot simply request, however, documents to satisfy their curiosity, unnecessarily burden the defendants or invade their recognized First Amendment protections. Discovery requests must be for relevant, nonprivileged information that bears directly on the matters at issue pursuant to Rule 26, which in this case are extremely limited. Taken one step further, as is necessary since the discovery requests potentially infringes upon significant First Amendment issues of speech and association, the defendants must be able to demonstrate a cogent and compelling need for the information they have requested.

**1. Relief Sought by Plaintiffs and Intervenors**

In their Amended Complaint (Dkt. No. 20, p. 2), Plaintiffs seek equitable relief based on the proposition that "[t]he Ten Commandments Monument Display Act and the Ten Commandments Monument it compels violate the Establishment Clause of the First

Amendment." Therefore, their prayer for relief asks for "a declaratory judgment that the Act and the monument are unconstitutional and injunctive relief requiring the Secretary of State to remove the monument and barring the Secretary from enforcing this Act in the future." *Id.* The Amended Complaint describes the fundamentals of Plaintiffs' grievances as "[t]he Ten Commandments Monument Display Act and the Ten Commandments Monument it requires have the impermissible effect of conveying a message of endorsement of religion" (Dkt. No. 20, ¶ 81), and the oppressive circumstances pursuant to which that by "[v]iewing the context surrounding both the Act and the resulting Ten Commandments Monument makes it likely that they will be perceived by adherents of the majority religious denominations as an endorsement of their beliefs, and by nonadherents as a disapproval of their individual religious choices." Dkt. No. 20, ¶ 82. The *Orsi* Plaintiffs set forth all of the above for the purpose of making the argument that "[t]he explicit and overt nexus between the Ten Commandments Monument decreed by the State and the substantial monetary contributions made by religious organizations highlights and reinforces the Ten Commandments Monument's religious effect. Dkt. No. 20, ¶ 86. Moreover, that "[t]he Ten Commandments Monument Display Act and the Ten Commandments Monument it requires foster an excessive entanglement with religion (Dkt. No. 20, ¶ 89), and that "[t]his entanglement is reflected in the disproportionate financial contributions from churches and other religious entities towards construction of the monument, as well as the highly visible presence of leaders of these organizations at the dedication ceremony for the second monument. Dkt. No. 20, ¶ 90.

Therefore, Plaintiffs conclude, that unless enjoined by this Court, the "Defendant has deprived, and will continue to deprive, Plaintiffs of their rights secured by the Establishment Clause of the First Amendment to the United States Constitution." Dkt. No. 20, ¶ 91.

**2. *Stare Decisis***

The *Orsi* Plaintiffs seek, through discovery, documents consisting of plans, diagrams and measurements for the prospective construction of a monument to be created of granite, steel and concrete that are immaterial considering a tangible monument currently stands on the state capitol grounds in Little Rock on public display. They also seek disclosure of the identities and the amount of financial contributions of individuals and organizations who have associated on behalf of a common interest and who have exercised a common political expression in the form of financial contributions to AHHF for the erection of said monument, none of which is relevant under Rule 26 to the issues arising from the religious implications text of the Ten Commandments appearing thereon, and, considering the First Amendment implications, the need for which cannot be said to be cogent and compelling. Moreover, all the above is rendered moot given the fact that the United States Supreme Court has settled the issues raised by the *Orsi* Plaintiffs in a previous decision.

**a. *Van Orden* and *McCreary***

In Count I of their Amended Complaint (Dkt. No. 20), Plaintiffs allege, beginning at Page 24, Paragraph 74, that "The Ten Commandments Monument is Government Speech," and starting on Page 25, with Paragraph 77, they complain of "The Ten Commandments Monument's Impermissible Religious Purpose." Likewise, Count 2 of Intervenors' Complaint in Intervention (Dkt. No. 40), echoes Plaintiff's complaint, arguing that the Ten Commandments monument on state grounds violates the Establishment Clause of the First Amendment. These questions, however, are settled. The U.S. Supreme Court heard similar arguments in *Van Orden v. Perry*, 125 S.Ct. 2854, 545 U.S. 677 (2005), in the context of an identical monument erected on the grounds of the Texas State Capitol, and held that

> Texas has treated its Capitol grounds monuments as representing the several strands in the State's political and legal history. The inclusion of the Ten Commandments monument in this group has a dual significance, partaking of both religion and government. We cannot say that Texas' display of this monument violates the Establishment Clause of the First Amendment.

Since Plaintiffs also allege in Paragraph 22 of their Amended Complaint that "[a] number of permanent monuments are located on the State Capitol grounds," this case and the *Van Orden* case cannot be distinguished. Plaintiffs and Intervenors would have this Court reinstitute a test to determine legislative purpose the Supreme Court found relevant in assessing the "neutrality principle" of *McCreary v. ACLU,* 125 S.Ct. 2722, 545 U.S. 844 (2005), in which the Court held "the government may not favor one religion over another, or religion over irreligion, religious choice being the prerogative of individuals under the Free Exercise Clause." *Id.* at 875-76. The Supreme Court in *Van Orden*, however, decided the same day as *McCreary*, distinguished a Ten Commandments monument on state grounds from the "large, readily visible copies of the Ten Commandments" hanging in two Kentucky courthouses at issue in *McCreary*, or posted in a classroom setting deemed to be improper by the Court's 1981 *Stone*[1] decision in which the Court found a plainly religious purpose in the display in that "if the posted copies of the Ten Commandments are to have any effect at all, it will be to induce the schoolchildren to read, meditate upon, perhaps to venerate and obey, the Ten Commandments." *Id.* at 42. The placement of a stone monument on state capitol grounds as in *Van Orden* and the present case, by contrast, does not invoke criticism of legislative purpose using a neutrality test since "in the larger scheme of Establishment Clause jurisprudence, we think it not useful in dealing with the sort of passive monument that Texas has erected on its Capitol grounds. Instead, our analysis is

[1] *Stone v. Graham,* 101 S.Ct. 192, 449 U.S. 39 (1980).

driven both by the nature of the monument and by our Nation's history." *Van Orden*, *supra*, at 686. Clearly, what the *Orsi* Plaintiffs attempt to do here is to conflate the Court's *McCreary* analysis applicable in instances of apparent state sponsored religious indoctrination to a *Van Orden* fact pattern of an engraved, passive publicly displayed and privately funded monument of dual religious and historic significance.

**3. RULE 26(b)**

The *Van Orden* case, and the identical fact pattern present here, certainly colors the limits of the discoverable evidence under F.R.C.P Rule 26(b) that sets forth the scope of discovery in assessing the probative value of the information requested by Plaintiffs:

> Parties may obtain discovery regarding any *nonprivileged* matter that is *relevant* to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, *the importance of the discovery in resolving the issues*, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. [Emphasis added]

As it applies to the documents subpoenaed by the *Orsi* Plaintiffs from Senator Rapert, and indirectly from AHHF, construction plans and details are wholly irrelevant and any document touching on membership or financial contribution information is s privileged information under the rights of freedoms of speech and association to which members and financial contributors are individually entitled, freedoms that inure to AHHF. Granted, a three-ton, six-foot high granite monument engraved with the words of the biblical Ten Commandments has been constructed on the grounds of the Arkansas State Capitol in Little Rock. But its tangible existence renders moot the details of its construction, and the only issue to be decided is whether the monument with its

biblical message unconstitutionally offends the religious sensibilities of the *Orsi* Plaintiffs, an argument the Supreme Court has answered in the negative.

**4. Documents in the possession of AHHF are both irrelevant and privileged.**

Plaintiffs have requested that State Senator Jason Rapert produce (1) any documents of the AHHF regarding the erection of a Ten Commandments monument on the state capitol grounds, and (2) all financial records of the AHHF reflecting funds raised for the erection of the Ten Commandments monument on the state capitol grounds or the expenditure of any funds for the erection of the Ten Commandments monument on the state capitol grounds (Dkt. No. 79, at 2-3).

**a. Documents of the AHHF regarding the erection of a Ten Commandments monument on the state capitol grounds**. Given the fact that a tangible, visible monument exists on the grounds of the Arkansas state capitol, the request for any documents in the possession of non-party AHHF regarding the construction of the Little Rock Ten Commandments monument is moot and irrelevant to the issue of whether the words engraved upon them occasion a state establishment of religion. The *Orsi* Plaintiffs are clearly in search of some evidence to suggest a religious pretext or purpose in the construction of the monument, a premise the Supreme Court in *Van Orden* conceded in observing that:

> Of course, the Ten Commandments are religious – they were so viewed at their inception and so remain. The monument, therefore, has religious significance. According to Judeo-Christian belief, the Ten Commandments were given to Moses by God on Mt. Sinai. But Moses was a lawgiver as well as a religious leader. And the Ten Commandments have an undeniable historical meaning []. Simply having religious content or promoting a message consistent with a religious doctrine does not run afoul of the Establishment Clause.

*Van Orden, supra*, at 690. The *Orsi* Plaintiffs, therefore, have subpoenaed documents in the possession of AHHF wholly unimportant to the issue of whether a Ten Commandments

monument on public grounds violates the Establishment Clause and the burden or expense of providing any such documents on the part of AHHF to the Plaintiffs outweigh any potential benefit to them.

**b. Financial records of AHHF for the erection of the Ten Commandments monument on the state capitol grounds or the expenditure of any funds for the erection of the Ten Commandments monument on the state capitol grounds.** Not only are the construction plans and financial records requested by the *Orsi* Plaintiffs irrelevant, the financial records or any other record tending to disclose membership or financial contributions to the organization are privileged under the constitutional protections guaranteed by First Amendment freedoms of speech and assembly. As an initial proposition, though constitutional freedoms are generally considered personal, AHHF is entitled to exercise those rights though the individual member or financial contributors are not before the Court. *NAACP v. Alabama*, 357 U.S. 449, 459 (1958). Among those constitutional freedoms is that of speech, not confined simply to "the exposition of ideas." *Buckley v. Valeo*, 424 U.S. 1, 14 (1976). First Amendment protections have also been found by the Court to protect the freedom to associate for the common advancement of political beliefs and ideas, including the spending of money in support of those ideologies. *Id.* at 15-16. Financial contributors to the monument construction enjoy the freedom to pursue the construction of the monument as an expression of their political belief that the Ten Commandments represents an icon of American political history despite, or because of, its religious origin. As litigants, the *Orsi* Plaintiffs have a legitimate interest in the discovery of relevant, non-privileged evidence, but that interest cannot be pursued "by means that broadly stifle fundamental liberties . . . ." *Savola v. Webster*, 644 F.2d.743, 746 (8th Cir. 1981). AHHF believes that the compelled disclosure of any of its financial records will at least risk, and "likely

affect adversely the ability of [AHHF] and its members to pursue their collective effort to foster beliefs which they admittedly have the right to advocate . . . ." *NAACP*, supra, p. 462-63.

**5. Associational Privacy**

Though *Savola* dealt with proposed government intrusion on First Amendment rights, the Court in that case evaluated the discovery requests made by the FBI as it would address discovery issues in any other civil litigation, and as a party, their "purpose cannot be pursued by means that broadly stifle fundamental liberties when the end can be more narrowly achieved." *Savola, supra,* at 746. The *Savola* Court cited the 1960 U.S. Supreme Court decision in *Bates v. Little Rock,*[2] that in turn cited *NAACP* for the proposition that:

> [I]t is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute (an) effective restraint on freedom of association. This Court has recognized the vital relationship between freedom of association and privacy in one's association. Inviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association, particularly where a group espouses dissident beliefs.

*NAACP*, 357 U.S. at 462. Unfortunately, the facts of *Savola*, that being a party's refusal to answer interrogatories on First Amendment grounds, did not allow the Court to address the issue of Rule 26 relevance of the initial requests. It did, however, find that "mandatory disclosures of political association, whether it be through discovery answers . . . [or] through the use of administrative summons . . . have been held to trigger first amendment considerations." *Savola, supra,* at 746. The Court held, again citing *Bates*, and as applied to the FBI as a civil case litigant, that a:

> Decision in this case must finally turn, therefore, on whether the cities as instrumentalities of the State have demonstrated so cogent an interest in obtaining and making public the membership lists of these organizations as to justify the substantial abridgment of associational

[2] *Bates v. Little Rock*, 361 U.S. 516 (1960).

> freedom which such disclosures will affect. Where there is a significant encroachment upon personal liberty, the State may prevail only upon showing a subordinate interest which is compelling.

Significantly, the *Savola* court, in assessing specific interrogatory requests for information, found that questions seeking to compel names and addresses of members of an organization failed since the Complaint contained "no allegations requiring so broad a disclosure." Id at 747. Moreover, "[t]he defendant has failed to show a substantial relationship between allegations in the complaint and the need to know the identities of members and sympathizers based on the 'compelling and cogent interest' test set forth above." *Id.* As applied to the facts of this case, the *Orsi* Plaintiffs' requests for membership and financial contribution information likewise fails the *Bates* compelling and cogent interest test.

**a. Rule 45(e)(2)**

In addition to the burden of reaching the Rule 26 relevance threshold for access to the requested records in the possession of AHHF, the *Orsi* Plaintiff's discovery requests are subject to even higher scrutiny since First Amendment interests are at stake, including the potential chilling effect on the exercise of those rights. Given the tangible existence of the monument on the state capitol grounds, Plaintiffs have failed to establish their "need to know" based on the compelling and cogent interest test set forth in *Savola* to even establish standard Rule 26 relevance. Nevertheless, Rule 45(e)(2) sets forth the technical requirements to invoke the claim of privilege in that, as applicable here, AHHF must (a) expressly make the claim, and (b) describe the nature of withheld documents without revealing their privileged content. Therefore, while *Savola* required that a Court determine a litigant's "need" in instances involving associational privacy, proponents of the privilege are burdened with showing a "likely infringement of first amendment rights." *Savola*, 644 F.2d, at 746. Likewise, the 9th Circuit's

has found under similar circumstances that when a "self-evident conclusion that important First Amendment interests are implicated by the plaintiffs' discovery requests," a proponent "must demonstrate . . . a 'prima facie showing of arguable first amendment infringement.'" *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010). AHHF hereby expressly makes the claim as required by Rule 45(e)(2) as it regards the "[f]inancial records of AHHF for the erection of the Ten Commandments monument on the state capitol grounds or the expenditure of any funds for the erection of the Ten Commandments monument on the state capitol grounds," the documents triggering first amendment considerations requested by the *Orsi* Plaintiffs. In support of its claim of privilege, AHHF has obtained two affidavits executed by officers of their organization in support for their prayer for first amendment protections, its claim of privilege and its Motion to Quash and for Protective Order, attached hereto as **Exhibits A and B** and incorporated herein by reference. Likewise, in the interest that the first amendment privilege invoked herein not be deemed to have been waived, AHHF has attached a "privilege log," as previously ordered by this Court pursuant to Rule 45(e)(2)(A)(ii) describing the nature of the documents sought to be protected, said privilege log attached hereto as **Exhibit C** and incorporated herein by reference.

Further analysis using the 9th Circuit *Perry* case as an example, in which opponents of Proposition 8, the California defense of traditional marriage constitutional amendment, sought internal campaign communications, the proponents sought a protective order that the district court denied. Finding that the proponents, by providing pertinent declarations, met threshold requirements, the Court looked beyond mere Rule 26 relevance to determine if discovery responses were required, finding instead "we must apply the First Amendment's more

demanding heightened relevance standard." *Id.* at 1164.[3] As applied to the facts of this case, the *Orsi* Plaintiffs can meet neither the standard burden of relevance be it from Rule 26 or that of the heightened relevance standard applied to cases bearing on First Amendment protections.

**6. Equal Protection analysis does not apply to the facts of this case.**

The present case, like *Van Orden*, can be distinguished from Equal Protection cases like the *Church of the Lukumi Babalu Aye*[4] case cited by the Court in its March 1, 2020 Order (Dkt. 116), allegations that are the substance of Count I of Intervenor's Complaint in Intervention. The offending legislation in that instance was found not to be neutral or narrowly tailored and was found to exhibit a hostility to a specific religious practice of a particular religious sect. The Court stated in *Lukumi Babalu Aye* that "[t]he principle that government may not enact laws that suppress religious belief or practice is so well understood that few violations are recorded in our opinions." *Id.* at 524. The court held in that case that the ordinances at issue were not neutral and exhibited "animosity to Santeria adherents and their religious practices." *Id.* at 542. Here, however, the construction of a Ten Commandments monument represents no such hostility to a particular religion in favor of another, but rather a legitimate acknowledgment that the Ten Commandments enjoys "dual significance, partaking of both religion and government." *Van Orden*, supra, at 692. As the Court rationalized in *Van Orden*, "we neither abdicate our responsibility to maintain a division between church and state nor evince a hostility to religion by disabling the government from in some ways recognizing our religious heritage." *Id.* at 684. In other words, the display of the Ten Commandments on public property is not to be considered

[3] Moreover, the *Perry* Court found, as is applicable to certain financial documents sought in this case, that "Plaintiffs can obtain much of the information they seek from other sources, without intruding on protected activities." *Perry, supra* at 1164.
[4] *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 540 (1993).

government preference for one religious denomination over another or hostility to the practices of any specific religion, but rather as symbolic of the role of religion played in the founding of this nation.

It is such an allegation of "preferential treatment" Intervenors complain of in alleging disparate treatment between the Ten Commandments and a similar monument in favor of their deity, Baphomet, "a significant figure of religious significance to adherents of The Satanic Temple." (Dkt. No. 40, p. 6, ¶ 17. The Court suggests in its Order (Dkt. No. 116, p. 14), citing the *Church of the Lukumi Babalu Aye* case, the necessity of determining "if the object of a law is a neutral one . . . ." However, since the installation of a Ten Commandments monument has been determined to be neutral in its "a dual significance, partaking of both religion and government,"[5] by the Court in *Van Orden*, Equal Protection analysis is superfluous here, and a standard has been established that cannot be met by a monument dedicated to Baphomet, Jesus Christ, Buddha, or any other idol of purely religious significance.

**7. Rule 26(c) Protective Order**

Given the fundamental and aforesaid First Amendment concerns, and in support of an alternative request for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, undersigned counsel hereby certifies that he has in good faith conferred or attempted to confer with all affected parties in an effort to resolve this dispute without court action.

## CONCLUSION

The United State Supreme Court, in its 2005 decision in *Van Orden v. Perry*, 545 U.S. 677, determined that the passive display of the Ten Commandments as represented by a monument erected on state capitol grounds does not engender either hostility to, nor preference,

---

[5] *Van Orden*, 545 U.S. at 692.

for a particular religion, but rather a represents a unique recognition of the significant role of religion in the founding of this nation. Therefore, a discovery request for documents, the sole purpose of which is to uncover an alleged religious pretext for the construction of said monument, is irrelevant at the expense of alternative religious expressions, wholly unimportant to discovery in resolving the issues as such terms are defined under Rule 26 of the Federal Rules of Civil Procedure, unduly burdensome, and infringes on the fundamental protections afforded to AHHF, its members and financial contributors under the First Amendment.

WHEREFORE, non-party AHHF prays for an Order of this Court quashing, or, in the alternative, issuing a protective order, regarding the subpoena issued to Senator Jason Rapert for any documents of the AHHF regarding the erection of a Ten Commandments monument on the state capitol grounds and all financial records of the AHHF reflecting funds raised for the erection of the Ten Commandments monument on the state capitol grounds or the expenditure of any funds for the erection of the Ten Commandments monument on the state capitol grounds, purported to be in the possession of AHHF, as irrelevant and privileged, and for such other and further relief the Court deems just and proper.

Respectfully submitted,

STORY LAW FIRM. PLLC

By *<u>/s/ Travis W. Story</u>*
Travis W. Story, AR Bar No. 2008274
Gregory F. Payne, 201700
Katie L. Freeman, 2014199
3608 Steele Blvd., Suite 105
Fayetteville, AR 72703
(479) 443-3700
Attorneys for non-party AHHF

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of May 2020, a true and correct copy of the foregoing Memorandum in Reply is being served upon the following counsel of record via the Court's e-filing system.

J.G. "Gerry" Schulze
gschulze@b-s-m-law.com

Counsel for *Orsi* Plaintiffs

John L. Burnett
jburnett@laveyandburnett.com

Counsel for Cave Plaintiffs

Matthew Kezhaya
matt@kezhaya.law

Counsel for the Satanic Temple

*/s/ Travis W. Story*
Travis W. Story

AFFIDAVIT

State of Arkansas )
) ss.
County of Pulaski )

I, Jason Rapert, President of the American Heritage and History Foundation, an Arkansas Non-profit Corporation ("AHHF"), state that I am over the age of 18 and competent to make this Affidavit. I hereby attest that having engaged in fundraising activities and membership initiatives on behalf of AHHF, and numerous communications with members and financial contributors and potential members and financial contributors, that should I be required to communicate to members and potential members, that their personal political, religious or moral views were subject to public disclosure, it would drastically impact and alter any future communications and seriously hinder future fundraising activities and the success of those activities on behalf of our organization.

Given the hostility our opponents have exhibited in the past regarding the display of the Ten Commandments monument in Little Rock, the public disclosure of the identities of our membership and the fact and amounts of financial contributions to their construction would potentially subject them to harassment and threats of reprisal that may affect their personal health and safety based solely on their willingness to exercise their First Amendment freedoms in support of our efforts.

Further, affiant sayeth not.

Jason Rapert, President
AHHF

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, this 13th day of May, 2020.

Notary Public

My commission expires:

OFFICIAL SEAL
T. MAJ
WASHINGTON COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires 9-04-2027
Commission No. 12701764

EXHIBIT
A

AFFIDAVIT

State of Arkansas )<br>
) ss.<br>
County of Pulaski )

I, Roger Quattlebaum, Treasurer of the American Heritage and History Foundation, an Arkansas Non-profit Corporation ("AHHF"), state that I am over the age of 18 and an competent to make this Affidavit. I hereby attest that having been involved in fundraising activities for AHHF, the accounting for funds raised on behalf of our organization and in direct communication with many of our members and financial contributors, that if it were to be made known to them that their identities and their amounts of financial contributions were potentially to be disclosed to those organizations that seek to undermine what it was they thought important enough to contribute to, that it would have a significant chilling effect on our efforts to fundraise or otherwise to increase our membership.

I, likewise, would be less inclined to engage in public activities in support of our efforts to engage in activities in support of the exercise of our constitutional freedoms since the rhetoric of the opponents in this cause exposes our organization to unnecessary fear for our personal safety and harassment for the sole reason that we seek to recognize our country's historical and religious heritage.

Further, the affiant sayeth not.

Roger Quattlebaum, Treasurer<br>
AHHF

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, this 13th day of May, 2020.

Notary Public

My commission expires:

OFFICIAL SEAL<br>
T. MAJ<br>
WASHINGTON COUNTY<br>
NOTARY PUBLIC - ARKANSAS<br>
My Commission Expires 9-04-2027<br>
Commission No. 12701764



**EXHIBIT C**

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS CENTRAL DIVISION**

DONNA CAVE, et al.,
Plaintiffs,

EUGENE LEVY, et al.,
Consolidated Plaintiffs

THE SATANIC TEMPLE, et al.,
Intervenors,

v.

JOHN THURSTON, Arkansas Secretary of State, in his official capacity,
Defendant.

Case No. 4:18-cv-00342-KGB

**PRIVILEGE LOG**

| Item | Date | Author | Recipient | Amount | Privilege | Description |
|---|---|---|---|---|---|---|
| 1 | 4/2020 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 2 | 4/2019 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 3 | 9/2018 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 4 | 5/2018 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 5 | 1/2018 | Undisclosed Donor | AHHF, Inc. | **$1,000** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 6 | 1/2018 | Undisclosed Donor | AHHF, Inc. | **$500** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 7 | 8/2018 | Undisclosed Donor | AHHF, Inc. | **$15** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |

| | | | | | | |
|---|---|---|---|---|---|---|
| 8 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$18** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 9 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 10 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 11 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$11** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 12 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 13 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$5** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 14 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 15 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 16 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 17 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 18 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 19 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 20 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$250** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 21 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 22 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |

| | | | | | | |
|---|---|---|---|---|---|---|
| 23 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$63** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 24 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 25 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$40** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 26 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$40** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 27 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$40** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 28 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 29 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 30 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$5** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 31 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 32 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 33 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$30** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 34 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$5** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 35 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 36 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |

| | | | | | | |
|---|---|---|---|---|---|---|
| 37 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 38 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 39 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 40 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 41 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 42 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 43 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 44 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 45 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 46 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 47 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 48 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 49 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 50 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |

| | | | | | | |
|---|---|---|---|---|---|---|
| 51 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$5** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 52 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$5** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 53 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 54 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 55 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 56 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$300** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 57 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 58 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 59 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 60 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 61 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 62 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 63 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$30** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 64 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$15** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |

| | | | | | | |
|---|---|---|---|---|---|---|
| 65 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 66 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 67 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$5** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 68 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 69 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 70 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 71 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 72 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 73 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 74 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 75 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 76 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 77 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 78 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |

| | | | | | | |
|---|---|---|---|---|---|---|
| 79 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 80 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 81 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 82 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 83 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 84 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 85 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 86 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 87 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 88 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 89 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 90 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 91 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 92 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$5** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |

| | | | | | | |
|---|---|---|---|---|---|---|
| 93 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 94 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 95 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 96 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 97 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 98 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 99 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 100 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 101 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 102 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 103 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 104 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 105 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$40** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 106 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |

| | | | | | | |
|---|---|---|---|---|---|---|
| 107 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 108 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 109 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$12** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 110 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 111 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 112 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$15** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 113 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$5** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 114 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 115 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 116 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 117 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 118 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 119 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$1,000** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 120 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |

| | | | | | | |
|---|---|---|---|---|---|---|
| 121 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 122 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 123 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 124 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 125 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 126 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 127 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 128 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$5** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 129 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 130 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 131 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 132 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 133 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 134 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |

| | | | | | | |
|---|---|---|---|---|---|---|
| 135 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 136 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$5** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 137 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 138 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 139 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 140 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 141 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 142 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 143 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 144 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 145 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 146 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$15** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 147 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 148 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |

| | | | | | | |
|---|---|---|---|---|---|---|
| 149 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 150 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 151 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 152 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 153 | 1/2017 | Undisclosed Donor | AHHF, Inc. | **$30** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 154 | 1/2017 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 155 | 3/2016 | Undisclosed Donor | AHHF, Inc. | **$200** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 156 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 157 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 158 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$200** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 159 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$1,000** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 160 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 161 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 162 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |

| | | | | | | |
|---|---|---|---|---|---|---|
| 163 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 164 | 7/2017 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 165 | 1/25/18 | Undisclosed Donor | AHHF, Inc. | **$20** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 166 | 1/25/18 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 167 | 8/15/17 | Undisclosed Donor | AHHF, Inc. | **$1,000** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 168 | 8/15/17 | Undisclosed Donor | AHHF, Inc. | **$1,000** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 169 | 8/15/17 | Undisclosed Donor | AHHF, Inc. | **$1,000** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 170 | 1/25/18 | Undisclosed Donor | AHHF, Inc. | **$70** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 171 | 1/25/18 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 172 | 8/15/17 | Undisclosed Donor | AHHF, Inc. | **$15** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 173 | 8/15/17 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 174 | 8/15/17 | Undisclosed Donor | AHHF, Inc. | **$15** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 175 | 1/25/18 | Undisclosed Donor | AHHF, Inc. | **$15** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 176 | 1/25/18 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 177 | 8/15/17 | Undisclosed Donor | AHHF, Inc. | **$10** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |

| | | | | | | |
|---|---|---|---|---|---|---|
| 178 | 8/15/17 | Undisclosed Donor | AHHF, Inc. | **$50** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 179 | 1/25/18 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 180 | 1/25/18 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 181 | 8/15/17 | Undisclosed Donor | AHHF, Inc. | **$100** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |
| 182 | 8/15/17 | Undisclosed Donor | AHHF, Inc. | **$25** | Relevance and Associational Privilege | Record of Donation given by undisclosed donor to AHHF |