IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONNA CAVE, et al                                            PLAINTIFFS

ANNE ORSI, et al                          CONSOLIDATED PLAINTIFFS

THE SATANIC TEMPLE, et al                              INTERVENORS


V.                              Case No. 4:18-cv-00342-KGB

JOHN THURSTON, Arkansas Secretary of State
in his Official Capacity                                    DEFENDANT

## *ORSI* PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE

The Orsi Plaintiffs, by and through their attorneys Monica Miller, Patrick

Elliott, and Gerry Schulze, move this Court for an Order to Show Cause, directed

to non-party Jason Rapert and as grounds for the Motion state:

1.      The Orsi Plaintiffs previously filed a Motion to Compel Production of

Documents Directed to Senator Jason Rapert (Docket no. 79).   The Orsi Plaintiffs

1

incorporate all the allegations of fact and exhibits to that Motion in this Motion for

Order to Show Cause.

2.      This Court issued an Order on March 1, 2020 in which the Motion to

Compel Production of Documents was addressed.  The Court found that the

appropriate procedure where the individual who failed to comply with a subpoena

was not a party to the litigation was a Motion to Compel rather than a Motion to

Show Cause.  The Orsi Plaintiffs accept that ruling as correct.

3.      The Court further directed the Orsi Plaintiffs and Senator Rapert to

confer with respect to the subpoena and that in the event that was unsuccessful to

file a Motion to Show Cause why Senator Rapert should not be held in contempt of

court based on his conduct related to the subpoena.  The Court also authorized

Senator Rapert or the "appropriate third party" to seek an appropriate protective

Order.

4.      The "appropriate third party" would be the American History and

Heritage Foundation.

5.      The American History and Heritage Foundation has now filed a

Memorandum in Reply to Response to Motion to Quash and for Protective Order.

(Doc. 133).  Attached to that motion are two affidavits, one of Senator Rapert and

one of Roger Quattlebaum.  The affidavits assert that public disclosure of the

identities of contributors and the amounts they donated would subject them to

harassment and threats of reprisal that may affect their personal health and safety.

6.      The AHHF also filed a redacted donation list that does not include the

names of donors, but does include the amounts.  This document in no way

complies with the Court's order that Senator Rapert or the AHHF should produce a

privilege log in conformity with Fed. R. Civ. P. Rule 45(e)(2)(A)(ii).  The

documents sought were more than a mere list of donors.  The list self-evidently

does not identify any documents, let alone describe the nature of the withheld

documents, communications, or tangible things in a manner that, without revealing

information itself privileged or protected, will enable the parties to assess the

claim.

7.      The *Orsi* plaintiffs submit that the conclusory affidavits of Sen. Rapert

and Mr. Quattlebaum are inadequate to establish the limited First Amendment

associational privilege from discovery that unduly or unnecessarily infringes upon

First Amendment Rights.  That is particularly true in light of the fact that Senator

Rapert has already filed a 128 page list of donors to the monument, most of whom

are identified by name.   See Docket 84-1.  However, before taking the position

that the affidavits are fraudulent and in bad faith, the *Orsi* Plaintiffs believe that the

testimony of Sen. Rapert and Mr. Quattlebaum on this point is necessary.   The

*Orsi* Plaintiffs seek leave to depose the affiants on this matter. In the alternative,

Sen. Rapert and Mr. Quattlebaum should be required to appear in open court to

testify about their affidavits.

8.      To the extent that the AHHF asserts that the evidence sought is

irrelevant because the case has already been resolved by the United States Supreme

Court, their argument is based on a fundamental misunderstanding of the relevant

case law. The Court should not resolve the central issue in this case on this motion

for a protective order.

WHEREFORE, this Court should issue an Order to Show Cause directing

Sen. Rapert to show why he should not be held in contempt for failure to comply

with the subpoena *duces tecum*.

Respectfully Submitted


MONICA L. MILLER
Attorney for Plaintiffs
American Humanist Association
1777 T Street N.W.
Washington, D.C. 20009
Telephone: (202) 238-9088
Facsimile: (202) 238-9003
Email: mmiller@americanhumanist.org
CA Bar: 288343 / DC Bar: 101625


PATRICK C. ELLIOTT
Senior Counsel

4

Freedom From Religion Foundation
PO Box 750
Madison, WI 53701
(608) 230-8443
WI Bar No. 1074300


Baker Schulze Murphy and Patterson
2311 Biscayne Drive
Suite 300
Little Rock, AR 72227
Telephone: (501) 537-1000
Facsimile: (501) 537-1001
www.bsmp.law

J.G. "Gerry" Schulze
Attorney at Law
Ark. Bar No. 83156
gschulze@bsmp.law

5