IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONNA CAVE, et al.,                                                          PLAINTIFFS

ANNE ORSI, et al.,                                                     CONSOLIDATED
PLAINTIFFS

THE SATANIC TEMPLE, et al.,                                          INTERVENORS

Case No.: 4:18-cv-00342-KGB

v.

JOHN THURSTON, Arkansas Secretary of State
In his Official Capacity                                                  DEFENDANT

**JASON RAPERT'S MEMORANDUM OF LAW IN OPPOSITION TO
THE ORSI PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE**

COMES NOW Jason Rapert, in his individual capacity, by and through his
attorneys, and moves this Court for an Order denying the *Orsi* Plaintiffs' Motion for Order
to Show Cause.

Jason Rapert continues to maintain that the subpoena duces tecum issued to him
in his individual capacity does not compel him to produce records which are under the
custody and control of the American History and Heritage Foundation ("AHHF") and
should be directed to the AHHF (*see* Dkt. No.79). This Court has previously rejected that
argument (*see* Dkt. No. 116) and it will not be repeated in these Suggestions.
Nevertheless, non-party AHHF, who is represented by separate counsel, has (or will) file
a separate Response to *Orsi* Plaintiffs' Motion for Order to Show Cause which Jason
Rapert adopts and incorporates herein by reference.

In addition to the facts and arguments set forth in AHHF's Response to *Orsi* Plaintiffs' Motion for Order to Show Cause which warrant the denial of the *Orsi* Plaintiffs' Motion, non-party Jason Rapert, states as follows:

1.      On August 20, 2019, Jason Rapert's attorneys accepted on his behalf a subpoena *duces tecum* issued by  the *Orsi* Plaintiffs which asked Jason Rapert, who is not a party to this case, to produce at a deposition nine categories of documents and records (Dkt. No. 79-2, pp 5-9).

2.      Jason Rapert objected to producing, and did not produce at his deposition, documents responsive to subpoena Requests 2 and 3.

3.      On September 23, 2019, the *Orsi* Plaintiffs filed a Motion to Compel Production of Documents Directed to Senator Jason Rapert asking this Court to Order Jason Rapert to produce the following documents:

> a.      Any documents of the AHHF (of which Jason Rapert, in his individual capacity, is the president) regarding the erection of a Ten Commandments monument on the state capitol grounds" (Request No. 2); and
>
> a.      "All financial records of the AHHF reflecting funds raised for the erection of a Ten Commandments monument on the state capitol grounds or the expenditure of any funds for the erection of the Ten Commandments monument on the state capitol grounds" (Request No. 3).

(Dkt. No. 79, p. 3).

4.      On October 17, 2019, Jason Rapert filed his Response to Plaintiff's Motion to Compel Production of Documents in which he asserted the following two grounds for not producing, and not being required to produce, documents responsive to subpoena requests 2 and 3:

> a.      Although Jason Rapert is the President of the AHHF, he does not

have custody or control over the requested documents and production should be limited to publicly available documents which he had already produced; and

b.    The documents are protected from disclosure by a First Amendment qualified associational privilege.

(Dkt. No. 84).

5.    On March 01, 2020, this Court entered an Order denying Mr. Rapert's capacity challenge to the subpoena and held "[i]t is not proper for State Senator Rapert, in his individual capacity or as an officer of AHHF, to limit his production as a matter of course to only publicly available documents (Dkt. No. 116, p. 13)

6.    The Court's March 01, 2020 Order also addressed the qualified associational privilege raised by Mr. Rapert (Dkt. No. 116, pp.13-16). To the extent the AHHF and/or Jason Rapert intend to rely on the privilege, this Court required them to make a threshold showing that the privilege applies (Dkt. No. 116, p. 15). This Court further ordered: "To the extent State Senator Rapert or AHHF or both intend to rely on the assertion of this privilege to withhold information or documents responsive to the subpoena, the Court orders State Senator Rapert or AHHF or both to produce a privilege log in conformity with Rule 45(e)(2)(A)(ii). . . Upon receiving the privilege log, and hearing from all parties, the Court reserves the right to order production to the Court for an *ex parte*, *in camera* inspection of the documents intended to be withheld based on a claim of associational privilege. (Dkt. No. 116, p. 15).

7.    On May 21, 2020, the AHHF filed a Memorandum in Reply to Response to Motion to Quash and for Protective Order (Dkt. No. 133). This Memorandum was filed on behalf of the AHHF **and** in support of the Motion to Quash and for Protective Order filed

by non-party witness Jason Rapert (Dkt. No. 74). As ordered by the Court on March 01,

2020 (Dkt. No. 116), this Memorandum:

> a.     further briefed the qualified associational privilege and explained why it precluded the production of documents which are, or might be, responsive to requests 2 and 3 in the subpoena *duces tecum* served by the *Orsi* Plaintiffs;
>
> b.     included the Affidavit of Jason Rapert in his capacity as the President of the AHHF who attested to the chilling effect the disclosure would have as well as the risks of harassment and threats of reprisal that may affect the personal health and safety of donors (Dkt. No. 133, Exhibit A, p. 16);
>
> c.     included the Affidavit of Roger Quattlebaum, the Secretary of the AHHF, who attested to the chilling effect the disclosure would have and his concern about harassment and personal safety if the identities of donors were disclosed (Dkt. No. 133, Exhibit B, p. 17);
>
> d.     included a privilege log in conformity with Fed. R. Civ. P. 45(e)(2)(A)(ii) with respect to the withheld documents (Dkt. No. 133, Exhibit C, pp. 18-31).

8.     On June 04, 2020, the *Orsi* Plaintiffs filed a Motion for Order to Show Cause

and Brief in Support thereof seeking an Order requiring Jason Rapert to produce the

documents identified in subpoena requests 2 and 3 (Dkt. Nos. 135 and 136).

## I.  ARGUMENT

The *Orsi* Plaintiffs advise this Court of the limited scope of their Motion for Order

to Show Cause and ask this Court to

> "only determine that there is a legitimate, good faith dispute between the parties as to the legality of the monument and that discovery is important to resolve that dispute"

(Dkt. No. 136, p. 10).

As the *Orsi* Plaintiffs admit, the only discovery issue before this Court is the legality

of the monument, yet they ask this Court to Order the AHHF and Jason Rapert to produce

all AHHF documents regarding the erection of the monument and all documents identifying the persons who financially contributed to the cost of the monument (Dkt. No. 79, p. 3). The requested documents are simply not relevant to the issue the *Orsi* Plaintiffs bring before this Court. Moreover, even if the documents may be considered tangentially relevant, this does not meet the burden to show a compelling need for the information as required to overcome the privilege attendant the documents.

### A. The requested documents are privileged.

Jason Rapert adopts and incorporates herein by reference the Memorandum in Reply to Response to Motion to Quash and for Protective Order filed on May 21, 2020 by the AHHF and the Exhibits attached thereto (Dkt. No. 133) and the to-be-filed separate Response of non-party AHHF to *Orsi* Plaintiffs' Motion for Order to Show Cause.

As this Court noted in its March 01, 2020 Order, the burden of showing the First Amendment privilege was a light burden and can be met by affidavits attesting to the chilling effect the disclosure would have (Dkt. 116, p. 15). The Affidavits attached the AHHF's Memorandum is sufficient to invoke First Amendment protections. Jason Rapert explained that he had numerous conversations with members and financial contributors as well as potential members and financial contributors (Dkt. No. 133, Exhibit A, p. 16). Jason Rapert attested that, if the religious or moral views of members or potential members are "subject to public disclosure, it would drastically impact and alter any future communications and seriously hinder future fundraising activities and the success of those activities on behalf of [the AHHF]" (Dkt. No. 133, Exhibit A, p. 16). Jason Rapert also attests to the threat of harassment and reprisal to which AHHF members and financial contributors might be exposed (Dkt. No. 133, Exhibit A, p. 16).

Roger Quattlebaum, Treasurer of the AHHF, also executed an Affidavit in which he described the chilling effect disclosure of the requested documents would have on the fundraising and the ability to increase membership  (Dkt. No. 133, Exhibit B, p. 17). Mr. Quattlebaum further attested that he would personally be "less inclined to engage in public activities in support of [the AHHF] efforts" if the requested documents were disclosed because the "rhetoric of the opponents in this cause exposes our organization to unnecessary fear for our personal safety and harassment" (Dkt. No. 133, Exhibit B, p. 17).

These Affidavits are sufficient to meet the threshold showing of a qualified privilege pursuant to the First Amendment. *See Perry v. Schwarzenegger*, 591 F.3d 1147, 1163 (9th Cir. 2009), *Flynn v. Square One Distribution, Inc.*, 6:16-mc-25-Orl-37TBS, 2016 WL 2997673, *3 (M.D. Fla. May 25, 2016), and *Alliance of Auto. Mfrs., Inc. v. Jones,* No. 4:08-cv-555-MCR/CAS, 2014 WL 4838764, *4 (N.D. Fla. Sept. 11, 2013). *See also AFL-CIO v. Federal Election Comm'n,* 333 F.3d 168, 176 (D.C. Cir. 2003) (an affidavit asserting that disclosure would make it more difficult for the organizations to recruit future personnel was sufficient to invoke First Amendment privilege protections notwithstanding the opponent's argument that the claimed basis of the privilege was speculative).

**B.    The Orsi Plaintiffs have not meet the burden of demonstrating a compelling need for the information.[1]**

As this Court observed in its March 01, 2020 Order, "[i]f a sufficient threshold showing [of privilege] is made, the burden shifts to the party seeking the information or

---

[1] In addition to the arguments set forth herein, Senator Rapert adopts and incorporates herein by reference the Memorandum in Reply to Response to Motion to Quash and for Protective Order filed on May 21, 2020 by the AHHF and the Exhibits attached thereto. (Dkt. No. 133) and the to-be-filed separate Response of non-party AHHF to *Orsi* Plaintiffs' Motion for Order to Show Cause.

documents to show a compelling need for the information to overcome the privilege, which requires demonstrating more than simply that the information is relevant" (Dkt. 115, p. 15) (citing *Savola v. Webster*, 644 F.2d 743, 747 (8ᵗʰ Cir. 1981) and *United States v. Citizens State Bank*, 612 F.2d 1091, 1094 (8ᵗʰ Cir. 1980)). The *Orsi* Plaintiffs have not, and cannot, meet this burden.

According to the *Orsi* Plaintiffs, the only dispute at issue is "as to the legality of the monument" (Dkt. No. 136, p. 10). The *Orsi* Plaintiffs argue the legality is based on whether "[t]he state has endorsed one religion over the rest by placing this monument" and whether "[t]he purpose of the monument . . . was to express the state's preference for a particular version of the Christian religion (Dkt. No. 136, pp. 3, 10). Their only "objection is to placing the Ten Commandments on public property under circumstances that evince a state preference for the Christian religion" (Dkt. No. 136, pp. 13-14).

The *Orsi* Plaintiffs are only entitled to discovery of non-privileged documents that are "relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). The AHHF's internal documents are simply not relevant to the claims that the Ten Commandments Monuments Display Act is unconstitutional and the placement of the monument is illegal as those claims turn solely on whether the *state* endorsed or preferred one religion over another, not whether the AHHF encouraged the state to pass an Act or paid for the monument about which the *Orsi* Plaintiffs complain.

More importantly, however, the *Orsi* Plaintiffs have failed to identify a compelling need for the documents. *See generally Savola*, 644 F.2d at 747 (no compelling need for the disclosure the names and addresses of an organization's members). *See also Pollard v. Roberts,* 283 F. Supp. 248, 257 (E.D. Ark.), *aff'd,* 393 U.S. 14 (1968) (per curiam) ("no

showing here that the identities of Party contributors and the amounts of their contributions are reasonably relevant to defendant's investigation of alleged vote buying or that the public interest, if any, in the disclosure of that information is sufficiently cogent and compelling to outweigh the legitimate and constitutionally protected interests of the Party and its contributors in having that information remain private") (quoted with approval in *Savola,* 644 F.2d at 747).

Instead of addressing the alleged compelling need for the documents, the *Orsi* Plaintiffs' Motion for an Order to Show Cause takes two approaches. First, they make general arguments about the alleged unconstitutionality of the Act and the monument (Dkt. No. 136, pp. 4-10). Whether the Act is constitutional or violates the Establishment Clause is left for another day as it has no bearing on whether there is a compelling need for internal and fundraising documents from a non-party.

Second, the *Orsi* Plaintiffs miscite cases to argue the alleged relevance of AHHF documents. They cite *McCreary County v. ACLU of Kentucky* for the proposition that the Court could not disregard "perfectly probative evidence" and must consider the history and context of the display. 545 U.S. 844, 866 (2005) (Dkt. No. 136, p. 11). From that, the *Orsi* Plaintiffs extrapolate that "information relating to the financial sponsorship of the Ten Commandments monument . . . is highly relevant" (Dkt. No. 136, p. 11). The probative evidence to which the *McCreary* Court referred was "the history of the government's actions," not the actions of unrelated and non-party entities 545 U.S. at 866. The McCreary Court did not address sponsorship (financial or otherwise) as part of the history and context of the display. Instead, to ascertain legislative motive, the Court considered

"text [of the Act], **legislative history**, and implementation of the statute." *Id.* at 845, 862-863 (internal quotations omitted) (emphasis added).

The *Orsi* Plaintiffs' reliance on *County of Allegheny v. ACLU Greater Pittsburgh Chapter* is similarly misplaced. 492 U.S. 573 (1989) (Dkt. No. 136, p. 11). In *Allegheny*, the Court simply held that "the government's lending its support to the communication of a religious organization's religious message" violates the Establishment Clause. 492 U.S. at 601. Again, whether the message at issue is religious and whether the state supported that message is not ascertained by AHHF records and the identity of AHHF's financial donors – it is ascertained by the content of the "text [of the Act], **legislative history**, and implementation of the statute." *McCreary,* 545 U.S. at 845, 862-863 (internal quotations omitted) (emphasis added).

Finally, the *Orsi* Plaintiffs cite to cases which recognize the religious connections between the financial sponsor of the monument and the placement of the monument (Dkt. No. 136, pp. 11-12). However, the distinction between those cases and the situation before this Court is that, in none of those cases did the courts consider or order the disclosure of the records of the sponsor of the monument. Knowing the identity of the organization who sponsored a particular activity is far different from requiring the disclosure of internal organization documents and the identity of individual contributors to the organization.

To the extent knowing the identity of a sponsoring organization (here, the AHHF) *may* be relevant pursuant to Rule 26(b)(1), the internal communications of the AHHF or the identity of the financial contributors to the sponsoring organization *are not* relevant. Moreover, the qualified associational privilege applies and the *Orsi* Plaintiffs have not

demonstrated (or even discussed) any compelling need for the documents it seeks to obtain. In fact, there is no compelling need to encroach on the First Amendment rights of the AHHF, its members, and the financial contributors to the AHHF. Therefore, the *Orsi* Plaintiffs' Motion for Order to Show Cause should be denied.

## II.    CONCLUSION

For the reasons set forth herein, in the Memorandum in Reply to Response to Motion to Quash and for Protective Order filed on May 21, 2020 by the AHHF (Dkt. No. 133), and the to-be-filed separate Response of non-party AHHF to *Orsi* Plaintiffs' Motion for Order to Show Cause non-party Jason Rapert, in his individual capacity, respectfully requests an Order of this Court:

1.      denying the relief requested by the *Orsi* Plaintiff in this case;

2.      denying the *Orsi* Plaintiffs' Motion for Order to Show Cause;

3.      issuing a protective order pursuant to FED. R. CIV. P. 26(c) regarding the subpoena issued to Jason Rapert for documents of the AHHF regarding the erection of, and funds raised and/or expended for the erection of, a Ten Commandments monument on the state capitol grounds purported to be in the possession of AHHF and/or Jason Rapert, as previously requested, as irrelevant and privileged; and

4.      for such other and further relief this Court deems just and proper.


Respectfully submitted,

Paul Byrd, Ark. Bar No. 85020
Paul Byrd Law Firm, PLLC
*Attorney for Jason Rapert*
*in his individual capacity*
415 N. McKinley St. Ste. 210
Little Rock, AR 72205
(501) 420-3050
(501) 420-3128 fax
paul@paulbyrdlawfirm.com

<u>CERTIFICATE OF SERVICE</u>

I, Paul Byrd, hereby certify that on June 18, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of the filing to any participants.

*/s/ Paul Byrd*
Paul Byrd