IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| DONNA CAVE, et al., ) | |
| Plaintiffs, ) | |
| ) | |
| EUGENE LEVY, et al., ) | |
| Consolidated Plaintiffs ) | Case No. 4:18-cv-00342-KGB |
| ) | |
| THE SATANIC TEMPLE, et al., ) | |
| Intervenors, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN THURSTON, Arkansas Secretary ) | |
| of State, in his official capacity, ) | |
| Defendant. ) | |

**RESPONSE TO ORSI PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE**

COMES NOW, non-party American History and Heritage Foundation ("AHHF"), being in possession of certain records subject to specific discovery requests by the *Orsi* Plaintiffs in this case, and in response to their Motion for Order to Show Cause and Brief in Support, state as follows:

The *Orsi* Plaintiffs correctly cite *Marks v. United States*[1] for instruction on how to interpret a plurality opinion of the U.S. Supreme Court, specifically the 5-4 decision in *Van Orden v. Perry*, 545 U.S. 677 (2005). However, they very selectively choose, incorrectly, what they call the "narrowest grounds" to be taken from Justice Breyer's concurrence in *Van Orden*, that of his lonely suggestion that the religious message of the Ten Commandments gradually evolved into a generally accepted secular message by the passage of time:

> Here the tablets have been used as part of a display that communicates
> not simply a religious message, but a secular message as well. The
> circumstances surrounding the display's placement in the capitol grounds

---
[1] *Marks v. United States*, 430 U.S. 188 (1977).

> and its physical setting suggest that the State itself intended the latter, nonreligious aspects of the tablets' message to predominate. And the monument's 40-year history on the Texas state grounds indicates that that has been its effect.

*Id*. at 700 (Breyer, J., concurring). The problem with the *Orsi* Plaintiff's argument is Justice Breyer's grandfather clause rationale upon which their argument depends failed to enjoy the assent of five Justices in order for that portion of his concurrence to have precedential value as required by *Marks*. Rather, the area of broader agreement of a plurality of Justices in *Van Orden* as expressed in the opinion of Chief Justice Rehnquist can be found in his conclusion that the Ten Commandments monument represents an appropriate balance of the religious and the secular:

> The placement of the Ten Commandments monument on the Texas State Capitol grounds is a far more passive use of those texts than was the case in Stone, where the text confronted elementary school students every day. Indeed, Van Orden, the petitioner here, apparently walked by the monument for a number of years before bringing this lawsuit. The monument is therefore also quite different from the prayers involved in *Schempp* and *Lee v. Weisman*. Texas has treated its Capitol grounds monuments as representing the several strands in the State's political and legal history. The inclusion of the Ten Commandments monument in this group has a dual significance partaking of both religion and government.

*Id*. at 698-99. Such is the secular purpose justification with which Justice Breyer concurred, albeit assisted by the passage of time, summarized succinctly by his opinion that "[h]ere the tablets have been used as part of a display that communicates not simply a religious message, but a secular message as well." *Id* at. 701. [2]

---

[2] "Under the *Marks* doctrine, the narrowest ground must be determined to discover *Van Orden*'s plurality precedent. The two opinions applied separate types of analysis, which converged only on one point—the presence of secular purpose. To the plurality, any secular purpose would likely save the display. To Justice Breyer, there must be a predominantly secular purpose to save the display. Because the plurality's position logically includes Justice Breyer's, an implicit consensus is present on this point." W. Jesse Weins, *A Problematic Plurality Precedent: Why the Supreme Court Should Leave Marks over Van Orden v. Perry*, 85 Neb.L.Rev. (2011), p. 850.

2

The 8th Circuit had the occasion to consider the implications of *Van* Orden in evaluating the First Amendment impact of a similar Ten Commandments monument located in a city park in Plattsmouth, Nebraska. *ACLU Nebraska v. City of Plattsmouth, Nebraska*, 419 F.3d 772, 776 (8th Cir. 2004). In *City of Plattsmouth*, the Court determined that the five-foot tall, three-foot wide granite monument donated in 1965 by the local Fraternal Order of the Eagles inscribed with a nonsectarian version of the Ten Commandments passed constitutional muster because "simply having religious content or promoting a message consistent with religious doctrine does not run afoul of the Establishment Clause." *Id*. at 778. The 8th Circuit's primary takeaway, sitting *en banc*, from Justice Breyer's *Van Orden* concurrence was that "[a]ccording to Justice Breyer, the State of Texas included the Ten Commandments monument in its Capitol grounds display to communicate both a secular and a religious message. He concluded, however, that the 'circumstances surrounding the display's placement on the capitol grounds and its physical setting suggest that the State intended the secular aspects of the monument's message to predominate, despite the monument's inherently religious content." *Id*. at 776. The 8th Circuit, as is legally appropriate, focused on the areas of agreement of the Breyer concurrence with the Rehnquist plurality opinion rather than on the ancillary observation of the monument's antiquity the *Orsi* Plaintiffs seek to emphasize here. Following on the heels of *Van Orden* in 2005, the *City of Plattsmouth* Court held that "[t]he Supreme Court's decision in *Van Orden* governs our resolution of this case." *Id*. at 776. The Court surmised that "we cannot conclude that the Plattsmouth's display of a Ten Commandments monument is different in any constitutionally significant way from Texas's display of a similar monument in *Van Orden*." *Id*. at 778. The only difference in the facts presented here is that of the more recent construction of the Little

3

Rock monument, which is a factor of relevance to only one of the *Van Orden* justices and, therefore, of no constitutional significance.

Using the *Marks* doctrine to suggest that the grandfather clause of Justice Breyer's concurrence is binding is disingenuous. Yet, that line of reasoning serves the *Orsi* Plaintiff's purposes here. They attempt to confuse the issues and conflate the findings of the *Van Orden* court plurality's secular purpose in origination rationale with that of the Court's rationalization that a monument of similar religious import but of lesser historical underpinnings, such a 32-foot tall Bladensburg Peace Cross in Prince George's County, Maryland, erected in 1925, is deemed secularized solely by the passage of time as they found in *American Legion v. American Humanist Association*, 139 S.Ct. 2067, 588 U.S. _____ (2019). In that case, however, the Supreme Court followed *Van Orden* in accepting the Latin cross under Establishment Clause jurisprudence by discussing at length the secular significance of that particular monument of religious symbology as a World War I war memorial since "time's passage imbues a religiously expressive monument, symbol, or practice with this kind of familiarity and historical significance . . . ." The Court's justification does not compare favorably with the *Van Orden* opinion's recognition that "the Ten Commandments were given to Moses by God on Mt. Sinai. But Moses was a lawgiver as well as a religious leader. And the Ten Commandments have an undeniable historical meaning . . . ." *Van Orden*, supra, at 690. Passage of time, therefore, neither adds nor detracts from the Little Rock Ten Commandments monument with an inherent and undeniable historical meaning, though it may be a determinative factor in the evaluation of other monuments of religious import in a public setting.

The *Orsi* Plaintiffs would have the Court focus on evidence of the religious motivation of those who financially contributed to the erection the Ten Commandments monument on the

grounds of the Arkansas State capitol, records they seek that are in the possession of AHHF. But given that both the U.S. Supreme Court and the 8th Circuit Court of Appeals have affirmed the religious content of the text of the Ten Commandments, it would also be a reasonable conclusion that those who financially support the erection of the monument would have a religious bent. But, a government's acceptance of the donation of a monument of admitted religious significance is saved, as it were, by the neutrality of that acceptance, in that "the thoughts or sentiments expressed by a government entity that accepts and displays [a monument] may be quite different from those of either its creator or its donor." *American Legion*, *supra*, *citing Pleasant Grove City v. Summum*, 555 U.S. 460, 475 (2009). That expression of intent in this instance is to be found in A.C.A. § 22-3-221(d), which states that "[t]he placement of the monument under this section shall not be construed to mean that the State of Arkansas favors any particular religion or denomination over others." That statement, along with the statutory directive of the Arkansas legislature found in A.C.A. § 22-3-221(a)(2)(B) to the Secretary of State that "[t]he monument shall be placed on the State Capitol grounds where there are other monuments" sufficiently establishes, as in *City of Plattsmouth*, the State's secular purpose to render the Little Rock Ten Commandment document religiously inoffensive. But, fundamentally, that expression of legislative intent shifts the burden away from the idea that any documents in the possession of AHHF regarding the erection of the Ten Commandments monument on the state capitol grounds in Little Rock or the financial records of AHHF reflecting funds raised for the erection of said Ten Commandments monument are in any way relevant to the claims asserted by the *Orsi* Plaintiffs. As set forth in the Memorandum previously filed by AHHF in this case in Response to Motion to Quash and for Protective Order, the records requested by the *Orsi* Plaintiffs are privileged and there is no legitimate purpose for their effort

to intrude into personal financial information and to establish a religious ideology of contributors whose religious interests are as obvious as they are irrelevant, said Memorandum (Doc. 133.) is incorporated herein by reference.  The *Orsi* Plaintiff's pending Motion for Order to Show Cause (Doc. 135), and its focus on issues wholly immaterial to the case at hand is a diversionary tactic to deflect from the fact that their constitutional arguments in this case are without merit.

      WHEREFORE, non-party AHHF prays for an Order of this Court denying the relief requested by the Orsi Plaintiffs in this instance, and for the issuance of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure regarding the subpoena issued to Senator Jason Rapert for any documents of the AHHF regarding the erection of a Ten Commandments monument on the state capitol grounds and all financial records of the AHHF reflecting funds raised for the erection of the Ten Commandments monument on the state capitol grounds or the expenditure of any funds for the erection of the Ten Commandments monument on the state capitol grounds, purported to be in the possession of AHHF, as previously requested, as irrelevant and privileged, and for such other and further relief the Court deems just and proper.

      Respectfully submitted,

      STORY LAW FIRM. PLLC

      By ___*/s/ Travis W. Story*_____
      Travis W. Story, AR Bar No. 2008274
      Gregory F. Payne, 2017008
      Katie L. Freeman, 2014199
      3608 Steele Blvd., Suite 105
      Fayetteville, AR  72703
      (479) 443-3700

      Attorneys for non-party AHHF

## CERTIFICATE OF SERVICE

      I hereby certify that on the 18th day of June, 2020, a true and correct copy of the foregoing Response to Motion for Order to Show Cause is being served upon the following counsel of record via the Court's e-filing system.

Monica L. Miller
mmiller@americanhumanist.org

Patrick C. Elliot

J.G. "Gerry" Schulze
gschulze@bsmp.law

                                              ___*/s/ Travis W. Story*_____
                                              Travis W. Story