# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DONNA CAVE**, *et al.*,                                                                                       **PLAINTIFFS**

**EUGENE LEVY**, *et al.*,                                                            **CONSOLIDATED PLAINTIFFS**

**THE SATANIC TEMPLE**, *et al.*,                                                                   **INTERVENORS**

v.                                        Case No. 4:18-cv-00342-KGB

**JOHN THURSTON, Arkansas Secretary
of State, in his official capacity**                                                                           **DEFENDANT**

## ORDER

Before the Court is a motion to quash and for protective order filed by non-party witness Arkansas State Senator Jason Rapert (Dkt. No. 74). Plaintiffs Anne Orsi, Eugene Levy, Gale Stewart, Teresa Grider, the Arkansas Society of Freethinkers, American Humanist Association, and the Freedom from Religion Foundation (the "*Orsi* Plaintiffs") filed a response in opposition to the motion (Dkt. No. 75). The Satanic Temple, Lucien Greaves, and Erika Robbins (the "Satanic Temple Intervenors") have also filed a response in opposition to the motion (Dkt. No. 76). Arkansas Secretary of State John Thurston filed a response (Dkt. No. 77). Sen. Rapert filed a reply (Dkt. No. 119).

### I.    Procedural Background Related To Motion

In his motion to quash and for protective order, Sen. Rapert informed the Court that his deposition was subpoenaed for Thursday, September 12, 2019, at 9:30 a.m. (Dkt. No. 74, at 1). On August 2, 2019, plaintiffs Donna Cave, Judith Lansky, Pat Piazza, and Susan Russell (the "*Cave* Plaintiffs") served a subpoena for his deposition but did not request video or documents with the deposition (Dkt. No. 74-1). On August 14, 2019, the *Orsi* Plaintiffs caused to issue a deposition subpoena and subpoena *duces tecum* commanding the videotaped testimony of Sen.

Rapert (Dkt. No. 74-2). Sen. Rapert represented that he was served with the subpoena on August 20, 2019 (Dkt. No. 74, at 1). Sen. Rapert moved to: "(1) quash the subpoena commanding Senator Rapert's attendance at a videotaped deposition noticed for 9:30 a.m. September 12, 2019, and (2) enter a protective order limiting the possession and use of any subsequent videotaped deposition to his personal attorneys and counsel of record in this matter only." (*Id.*).

By Order entered before the scheduled deposition (Dkt. No. 78), the Court ruled:

(1) Sen. Rapert's deposition would proceed as subpoenaed by the *Cave* Plaintiffs and *Orsi* Plaintiffs;

(2) That deposition could be videotaped in accordance with the *Orsi* Plaintiffs' subpoena;

(3) Immediately upon the conclusion of Sen. Rapert's deposition the original video recording was to be labeled, dated, and initialed by the individual responsible for operating the recording equipment and handed to counsel for the *Orsi* Plaintiffs. Counsel for the *Orsi* Plaintiffs was responsible for maintaining the confidentiality of the video recording of Sen. Rapert's deposition pursuant to this Order.

(4) No copies were to be made of the video recording of Sen. Rapert's deposition except as provided by Order of the Court after reasonable notice to all parties, including counsel for Sen. Rapert. This provision included but was not limited to no copies of the video recording being made or distributed to any other counsel, parties, or third-parties in this litigation except as provided by Order of the Court.

(5) The Court granted a temporary protective order, consistent with the terms of the Court's Order. The Court then took under advisement Sen. Rapert's motion (Dkt. No. 74), determining that the disposition of the video recording of Sen. Rapert's deposition would remain

subject to further orders of this Court.  The Court also specified that its Order was without prejudice to Sen. Rapert's right to petition this Court for further protection and that the Court would grant all parties the ability to brief the issues raised by Sen. Rapert's motion.

Sen. Rapert filed a motion for leave to file a reply with respect to his motion to quash and for protective order (Dkt. No. 82), which the Court granted (Dkt. No. 116).  Sen. Rapert then filed his reply (Dkt. No. 119).  By separate Order, the Court set a briefing schedule for all parties to brief issues related to the pending motion (Dkt. No. 116).  According to the parties, the matter is fully briefed and ripe for the Court's determination.

## II. Analysis

Sen. Rapert specifically seeks in his motion "an order of the Court. . . entering a protective order limiting the possession and use of the videotaped recording to counsel of record in this matter only, other than specific portions of the deposition admitted by the Court at trial in this matter." (Dkt. No. 74., at 2).  The Secretary of State also has taken the position that, if admitted at trial, portions of the video become part of the public record.  The Secretary of State, in an effort to reach compromise on these issues, explained:  "To ameliorate these concerns, Defendant suggested as a compromise 'that counsel for all parties agree to a protective order specifying that the video may only be shared with counsel of record in this case and may not be further disseminated. . . . Should portions of the video be admitted at trial and thereby become part of the public record, that restriction would obviously not apply." (Dkt. Nos. 74, at 22; 77, at 3).

Sen. Rapert who seeks the Court's protection of this material, and the Secretary of State who sides with Sen. Rapert, suggest the standard to be applied by the Court may change, if portions of the videotaped deposition of Sen. Rapert are admitted by the Court as evidence at trial in this matter.

All parties reached agreement and proposed to the Court an Agreed Order on the limited use and distribution of the videotaped deposition of Sen. Rapert to facilitate preparation for trial in this matter, and the Court entered that Agreed Order (Dkt. No. 140).

There is no restriction on the written transcript of Sen. Rapert's deposition in this matter; no party asked for protection of the written transcript.

Given this, the Court intends to rule on the matters that remain pending in Sen. Rapert's motion after the bench trial in this matter or upon the Court's determination that circumstances make it necessary for the Court to resolve the remaining issues presented by Sen. Rapert in his motion.  Any party to this litigation may petition the Court at any time, for good cause shown, and request that the Court resolve the remaining issues presented by Sen. Rapert in his motion (Dkt. No. 74).

It is so ordered, this the 30th day of November 2020.

Kristine G. Baker
United States District Judge