**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | | |
|---|---|---|
| DONNA CAVE, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| EUGENE LEVY, et al., | ) | |
| Consolidated Plaintiffs | ) | Case No. 4:18-cv-00342-KGB |
| | ) | |
| THE SATANIC TEMPLE, et al., | ) | |
| Intervenors, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN THURSTON, Arkansas Secretary | ) | |
| of State, in his official capacity, | ) | |
| Defendant. | ) | |

**MOTION FOR LEAVE TO FILE A PROTECTIVE ORDER
AT THE SHOW-CAUSE HEARING**

The American Heritage and History Foundation ("AHHF") is not a party to this case. Nor has it been served with a third-party subpoena. This Court has, however, permitted its limited participation already as to discovery [Doc. #133]. And this Court has invited AHHF to assert a constitutional privilege if it believes one pertains [Doc. #116 at 15]. AHHF's president, Senator Jason Rapert, has been served with a third-party subpoena seeking documents in his possession because of his position with AHHF. Because those documents properly belong to the organization, and thus the First Amendment privilege protecting them properly belongs to the organization, AHHF asks this Court for permission to file the attached proposed motion to protect those documents from discovery.

A motion to quash or modify a subpoena may be made when the challenger has "a personal right or privilege with respect to the subject matter requested in the subpoena." *Crain v. Crain*, No. 2:20-CV-2038, 2021 U.S. Dist. LEXIS 40368, at *5 (W.D. Ark. Mar. 1, 2021) (*quoting*

*Mayhall v. Berman & Rabin, P.A.*, 2013 WL 4496279, at \*3 (E.D. Mo. Aug. 21, 2013)). Courts consistently recognize that organizations have a personal right or privilege with respect to their private records and may object to subpoenas seeking their private associational information from third parties. *Pollard v. Roberts,* 283 F. Supp. 248, 256 (E.D. Ark. 1968) (three-judge court), *aff'd per curiam*, 393 U.S. 14 (1968) (records sought from bank); *Int'l Longshoremen's Asso. v. Waterfront Com. of N.Y. Harbor*, 667 F.2d 267, 271 (2d Cir. 1981) (records sought from payroll company); *In re Grand Jury Proceeding*, 842 F.2d 1229, 1234 (11th Cir. 1988) (records sought from financial services provider). *See Cal. Bankers Ass'n v. Shultz*, 416 U.S. 21, 55 (1974) (records from bank); *Trump v. Deutsche Bank AG*, 943 F.3d 627, 635 (2d Cir. 2019) (records from bank), *overruled on other grounds*, 140 S. Ct. 2019 (2020). As the D.C. Circuit properly recognized, "If the forced disclosure of the information concerning contributors to and membership in the appellant association violates its First Amendment rights, then it is too clearly an aggrieved person when a third person is under compulsion by the defendants to disclose this information to warrant discussion." *United States Servicemen's Fund v. Eastland,* 488 F.2d 1252, 1261 (D.C. Cir. 1973), *overruled on other grounds,* 421 U.S. 491 (1975). Because AHHF is aggrieved if a third person, here Senator Rapert, is forced to turn over its private documents through a discovery order, it moves the Court for leave to file the attached motion for a protective order.

Respectfully submitted,

By  */s/ Travis W. Story*
Travis W. Story, AR Bar No.: 2008274
travis@storylawfirm.com
Gregory F. Payne, AR Bar No.: 2017008
greg@storylawfirm.com
Story Law Firm. PLLC
3608 Steele Blvd., Suite 105
Fayetteville, AR  72703
(479) 443-3700

2

And

Brian K. Kelsey
Daniel R. Suhr
Liberty Justice Center
141 W. Jackson Blvd., Suite 1065
Chicago, Illinois 60604
bkelsey@libertyjusticecenter.org
dsuhr@libertyjusticecenter.org
*Pro Hac Vice motion filed concurrently*

Attorneys for non-party AHHF


## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2021, a true and correct copy of the foregoing Response to Motion for Order to Show Cause is being served upon the following counsel of record via the Court's e-filing system.


/s/ Travis W. Story
Travis W. Story

3