IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| DONNA CAVE, et al., ) | |
|     Plaintiffs, ) | |
| ) | |
| EUGENE LEVY, et al., ) | |
|     Consolidated Plaintiffs, ) | Case No. 4:18-cv-00342-KGB |
| ) | |
| THE SATANIC TEMPLE, et al., ) | |
|     Intervenors, ) | |
| ) | |
|     v. ) | |
| ) | |
| JOHN THURSTON, Arkansas Secretary ) | |
| of State, in his official capacity, ) | |
|     Defendant. ) | |

**MOTION TO QUASH AND FOR A PROTECTIVE ORDER AT THE SHOW-CAUSE HEARING**

COMES NOW, non-party American History and Heritage Foundation ("AHHF"), being in possession of certain records and information subject to discovery requests by the Orsi Plaintiffs in this case, and respectfully moves this Court for a protective order on certain topics covered by the subpoena seeking the testimony of its president, Senator Jason Rapert, in his individual capacity at a hearing on September 8, 2021, for the reasons given below.

**INTRODUCTION**

"Individual and corporate representative depositions serve distinct purposes, impose different obligations on a party, and involve different ramifications." *Lawson v. Spirit Aerosystems*, No. 18-1100-EFM-ADM, 2020 U.S. Dist. LEXIS 46624, at *15-16 (D. Kan. Mar. 18, 2020). The Orsi Plaintiffs are attempting to evade this distinction by demanding to depose AHHF's president in his individual capacity, even though they seek information regarding AHHF that is properly its own to give and documents that are properly the property of, and in the

possession of, AHHF. Thus, the information and documents should instead be sought from the organization under Federal Rule of Civil Procedure 30(b)(6). The distinction between the deposition of an individual and a corporate representative is important for procedural and substantive reasons.

The underlying subpoena to Sen. Rapert that has prompted this show-cause hearing seeks "[a]ny documents of the AHHF regarding the erection of a Ten Commandments monument on the state capitol grounds" and "[a]ll financial records of the AHHF reflecting funds raised for the erection of a Ten Commandments monument on the state capitol grounds or the expenditure of any funds for the erection of the Ten Commandments monument on the state capitol grounds." Doc. # 80 at 3.

Those documents do not belong to Sen. Rapert as an individual. They belong to AHHF. Thus, the proper third-party deponent for the records and information sought is AHHF, not Sen. Rapert, and this Court cannot permit the Orsi Plaintiffs to do an end-run around Federal Rule of Civil Procedure 30(b)(6) through an individual-capacity deposition that seeks corporate records. If the Orsi Plaintiffs need these records, they should be sought through the proper issuance of a subpoena to AHHF as the records' owner. Because the records sought do not belong to Sen. Rapert in his individual capacity and are not in his possession, this Court should not hold him in contempt for failing to produce them.

In order to protect its procedural and substantive rights, AHHF also asks this Court to limit any testimony that Sen. Rapert gives on September 8, 2021, to topics within his personal knowledge that do not call on him to represent the position of AHHF. AHHF further asks the Court not to hold Sen. Rapert in contempt for failing to provide certain AHHF documents related to its internal operations and donors. Instead, AHHF asks the Court to recognize these are

privileged documents that must not be turned over in discovery because of their protection under the First Amendment.

## ARGUMENT

**I.         Permitting the Orsi Plaintiffs to circumvent Rule 30 is a procedural problem.**

Though a person may be deposed in both his corporate and individual capacities, there is a real, substantive distinction between a corporate capacity and individual capacity deposition, and the two depositions should be taken separately. *Sabre v. First Dominion Capital, L.L.C.,* 01 Civ. 2145 (BSJ)(HBP), 2001 U.S. Dist. LEXIS 20637, at *3 (S.D.N.Y. Dec. 10, 2001). The subpoena was directed to "Senator Stanley Jason Rapert." Doc. # 116 at 10. This clearly addresses Senator Rapert either in his personal capacity as an individual, with his office as an honorific title, or in his official capacity as a state senator; either way it is not directed to AHHF. And though AHHF as a corporate entity may be *served* a subpoena through service on its president, *see* Doc. # 116 at 11, the subpoena must be addressed to the entity if the testimony and documents sought belong to the entity. *Alexander v. FBI*, 186 F.R.D. 21, 41 (D.D.C. 1998) (addressing subpoena to named individual with only his corporate title without any mention of corporation itself is not a subpoena to the corporation).

This is a distinction *with* a difference. A person testifying in his individual capacity must bear the costs of his own attorney, if he chooses to bring one, whereas a deponent in his corporate capacity is represented by the corporation's attorney. This gives the corporation, through its counsel, the ability to raise objections to questions that threaten its interests, objections that the individual's attorney may not raise because they do not necessarily threaten the individual's interests.

3

The corporation alone has the right under Rule 30 to choose which corporate representative it designates to provide its testimony: "The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. Pro. 30(b)(6). The Orsi Plaintiffs deny AHHF its right under Rule 30 to designate a person besides Sen. Rapert to testify on the organization's behalf, such as an employee or other officer may have more specialized knowledge of the topics to be discussed.

The corporation is also the appropriate entity to assert privileges over its materials. Because corporations "can only act through agents, courts have held that any privilege that attaches to communications on corporate matters between corporate employees and corporate counsel belongs to the corporation, not to the individual employee." *United States v. Int'l Bhd. of Teamsters*, 119 F.3d 210, 215 (2d Cir. 1997); *see also Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 611 n.5 (8th Cir. 1977). Here, the First Amendment privileges belong to AHHF as an expressive, nonprofit association, and because AHHF holds the privileges it should be the one to assert them.

Finally, courts recognize that Rule 30(b)(6) depositions have different standards from those of individual depositions because of the unique challenge of having a single person speak in a way that is binding on the organization. For instance, courts often push counsel to use written interrogatories rather than live depositions to ensure the information obtained is accurate, definitive, and can be appropriately treated as binding on the organization. *United States v. HVI Cat Canyon, Inc.*, No. CV 11-5097 FMO (SSx), 2016 U.S. Dist. LEXIS 200353, at *19 (C.D. Cal. Oct. 26, 2016). Courts also push counsel to be as specific as possible in their pre-deposition topic selection, in order to ensure the corporation can select the right individual with specialized knowledge of each topic. *Id*. at *20-21. And courts limit such depositions to the information a

deponent would know in his corporate capacity, upholding objections to questions that are personal or individual in nature. *Eli Lilly & Co. v. Arch Ins. Co.*, No. 1:13-cv-01770-LJM-TAB, 2017 U.S. Dist. LEXIS 105833, at *14 (S.D. Ind. July 10, 2017). By deposing Sen. Rapert in his individual capacity, while asking him about topics related to AHHF in his generalized role as president, the Orsi Plaintiffs skip over the safeguards courts have created for corporate deponents.

In addition to violating AHHF's procedural rights, this gambit violates the procedural rights of the Secretary of State. Under the Federal Rules of Civil Procedure, Rule 30(a)(2)(i), the Orsi Plaintiffs must seek leave of the Court to take more than ten depositions. A corporate-representative deposition and an individual-capacity deposition of the same person count as two separate depositions. *X One, Inc. v. Uber Techs.*, No. 16-cv-06050-LHK, 2019 U.S. Dist. LEXIS 86483, 2019 WL 2207645, at *2 (N.D. Cal. May 22, 2019). The Orsi Plaintiffs should not be able to get a "two-fer" and evade the Rule's discovery limits by subpoenaing Sen. Rapert in his individual capacity and then asking him questions in both his individual and corporate capacities.

For these reasons, this Court should limit Sen. Rapert's testimony in his individual capacity to topics within his personal knowledge that do not call on him to represent the position of AHHF.

**II.  AHHF's substantive constitutional rights are violated if the Court permits the Orsi Plaintiffs to discover AHHF's private documents.**

Though these procedural safeguards are important, AHHF is deeply concerned that the Orsi Plaintiffs will violate the organization's constitutional rights through its document discovery requests on Sen. Rapert and potential future discovery requests on AHHF. AHHF believes the appropriate procedural path forward is for the Orsi Plaintiffs to subpoena AHHF as an organization, and then AHHF can bring a motion to quash by asserting its First Amendment privilege. However, if the Court feels the Orsi Plaintiffs have appropriately sought information

from Sen. Rapert in his individual capacity, then in the alternative, AHHF objects to any discovery of its private associational information.

Since the Supreme Court first decided *NAACP v. Alabama* in 1958, courts have recognized the important First Amendment associational rights at stake when government officials or private parties using governmental power subpoena private donor and member information from nonprofit associations. *NAACP v. Alabama ex rel. Patterson*, 357 U. S. 449, 462 (1958). This very court was one of the first to apply *NAACP* a decade after it was decided, quashing subpoenas served on a political party and its bank seeking contributor information. *Pollard v. Roberts*, 283 F.Supp. 248, 256 (E.D. Ark. 1968) (three-judge panel), *aff'd per curiam*, 393 U.S. 14 (1968). And the U.S. Supreme Court just confirmed these principles just months ago, reaffirming "the vital relationship between freedom to associate and privacy in one's associations." *Ams. for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2382 (2021) (quoting *NAACP*).

AHHF asserts that a First Amendment privilege covers its private contributor information held by AHHF and sought by the Orsi Plaintiffs from Sen. Rapert. Fed. R. Civ. Pro. 26(b) ("Parties may obtain discovery regarding any <u>nonprivileged</u> matter…") (emphasis added). As this Court has already said, the First Amendment provides private organizations a privilege against discovery which infringes on their constitutional rights. Doc. #116 at 14.[1] This privilege protects "the significant right of freedom of association grounded in the First Amendment [which] may limit [subpoena] access to, among other things, an organization's membership and contributor lists." *Baldwin*, 648 F.2d at 487. *Accord Savola v. Webster*, 644 F.2d 743, 746 (8th Cir. 1981) ("mandatory disclosures of political association, whether it be through interrogatory answers as in the case at bar, through the use of an administrative summons by the IRS causing disclosure of

---

[1] *See Baldwin v. Commissioner*, 648 F.2d 483, 487 (8th Cir. 1981); *In re Motor Fuel Temperature Sales Practices Litig.*, 641 F.3d 470, 481 (10th Cir. 2011); *Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987).

membership in dissident organizations, or through a state statute authorizing the state prosecuting attorney to subpoena political party records have been held to trigger first amendment considerations.") (cleaned up).

As an initial matter, it is AHHF's burden as the objecting party to show a First Amendment interest is at stake, such that the privilege applies. Doc. 116 # at 15. Such a burden may be carried by, for instance, sworn statements "detailing the adverse effects of the summons on [AHHF's] organizational and fundraising activities." *See United States v. Citizens State Bank*, 612 F.2d 1091, 1094 (8th Cir. 1980).[2] "The burden of the proponent of the privilege is light, given the crucial place speech and associational rights occupy under our constitution." Doc. # 116 at 15, *quoting Ass'n of Equip. Mfrs. v. Burgum*, 427 F. Supp. 3d 1082, 1098 (D.N.D. 2019) (*quoting Flynn v. Square One Distribution, Inc.*, No. 6:16-mc-25-Orl-37TBS, 2016 U.S. Dist. LEXIS 68645, at *7 (M.D. Fla. May 25, 2016)).

AHHF already introduced to this Court the sworn statement of its treasurer, Roger Quattlebaum, who testified:

> "Having been involved in fundraising activities for AHHF, the accounting for funds raised on behalf of our organization and in direct communication with many of our members and financial contributors, that if it were to be made known to them that their identities and their amounts of financial contributions were potentially to be disclosed to those organizations that seek to undermine what it is they thought important enough to contribute to, that it would have a significant chilling effect on our efforts to fundraise or otherwise to increase our membership."

---

[2] Though these cases are forty years old, they remain the governing law in this circuit. *Light of the World Gospel Ministries v. Walthill*, 336 F.R.D. 567, 572 (D. Neb. 2020).

Doc. #133 at 17. He further stated: "I, likewise, would be less inclined to engage in public activities in support of our efforts . . . since the rhetoric of the opponents of this cause exposes our organization to unnecessary fear for our personal safety and harassment . . . ." *Id*.

Mr. Quattlebaum's affidavit closely resembles the testimony the Northern District of Illinois found sufficient in *In re Heartland Inst*., No. 11 C 2240, 2011 U.S. Dist. LEXIS 51304 (N.D. Ill. May 13, 2011). There, the president of a nonprofit institute who was responsible for fundraising testified in an affidavit that his organization would lose donations if the donors were publicly disclosed, especially when the organization the organization had promised them anonymity. *Id*. at *13-14. AHHF has similarly given its donors the opportunity to give anonymously, and would betray that trust if it allowed its private information to be disclosed. The president's single affidavit was sufficient to successfully assert the privilege.

Mr. Quattlebaum's assertion that AHHF would lose current and future donors if their identities were disclosed is also backed up by numerous court cases recognizing this common-sense fact. *United States Servicemen's Fund,* 488 F.2d at 1265-67 (donor disclosure makes fundraising more difficult); *In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d 371, 379 (Tex. 1998) (same); *Nat'l Fed'n of Republican Assemblies v. United States*, 218 F. Supp. 2d 1300, 1312 n.13 (S.D. Ala. 2002) (same); *Vote Choice, Inc. v. Di Stefano*, 814 F. Supp. 195, 200 (D.R.I. 1993) (same); *Nat'l Rifle Ass'n v. City of L.A.*, 2:19-cv-03212-SVW-GJS, at *18-19 (C.D. Cal. Dec. 19, 2019) (same). As Judge Martinotti noted recently, donors to advocacy organizations operate in "a climate marked by the so-called cancel or call-out culture that has resulted in people losing employment, being ejected or driven out of restaurants while eating their meals; and where the Internet removes any geographic barriers to cyber harassment of others." *Ams. for Prosperity v. Grewal*, No. 3:19-cv-14228-BRM, 2019 U.S. Dist. LEXIS 170793, *61 (D.N.J. Oct. 2, 2019).

As the Supreme Court acknowledged in a recent case, "The deterrent effect [of donor disclosure] feared by these organizations is real and pervasive" in our modern cancel culture. *Ams. for Prosperity Found.*, 141 S. Ct. at 2388.

Mr. Quattlebaum's concerns about harassment are also well justified. Organizations may show threats to their private donors are well-founded by showing that publicly identified officers of the organization have been subject to harassment. *Rio Grande Found. v. Oliver*, 2020 U.S. Dist. LEXIS 191571, at *33 (D.N.M. Oct. 14, 2020) ("the best evidence of whether there is a reasonable probability RGF's donors would face threats and reprisals is what RGF and persons associated with it have experienced in the last approximately 20 years of RGF's advocacy."). The person most publicly associated with AHHF is its president, Sen. Rapert. And he has been subject to consistent targeting, up to needing to file a police report after being physically assaulted by an atheism activist, who has since appealed his conviction to the Arkansas Court of Appeals, and lost. *See Ferry v. State,* CR-20-179 (Ark. Ct. of Appeals) (Ark. Supreme Ct. Rehearing Denied). The hostility of neighbors or other lesser forms of retaliation are also sufficient to qualify for protection, *Christ Covenant Church v. Town of Sw. Ranches*, No. 07-60516-CIV, 2008 U.S. Dist. LEXIS 49483, at *20 (S.D. Fla. June 29, 2008), and this Court knows already from this litigation that it constitutes a highly charged, controversial issue in the community.

Having shown that AHHF's First Amendment rights are burdened by disclosure, the standard then shifts to the party seeking the material to show their need for it. *Citizens State Bank*, 612 F.2d at 1094. This is a high bar: "the party seeking the discovery must show that the information sought is highly relevant to the claims or defenses in the litigation--a more demanding standard of relevance than that under Federal Rule of Civil Procedure 26(b)(1)." *Perry v. Schwarzenegger*, 591 F.3d 1126, 1141 (9th Cir. 2010). Therefore, "the party seeking the

information or documents [must] show a compelling need for the information." Doc. # 116 at 15. *See Citizens State Bank*, 612 F.2d at 1094 (*quoting Pollard*, 283 F. Supp. at 256-257) ("[d]isclosure of the identities of members of the group can be compelled only by showing that there is a rational connection between such disclosure and a legitimate [discovery] end, and that the [discovery] interest in the disclosure is cogent and compelling").

The Orsi Plaintiffs cannot meet this high bar to show a "compelling need" for the anonymous donor information. AHHF and Sen. Rapert have already turned over the names of hundreds of donors to the public AHHF GoFundMe.com campaign, specific to the Arkansas Capitol monument. The only names that remain private are those of several GoFundMe.com donors who asked to remain anonymous and donors to AHHF's general fund. The names of a few additional donors to the GoFundMe are hardly necessary when the Plaintiffs already have hundreds of other names for their purposes. Moreover, none of the anonymous donors gave more than $1,000 (*see* Privilege Log Doc. #133); the fact that they were all relatively small donors compared to AHHF's overall budget also indicates their minimal relevance. Similarly, the names of donors to AHHF's general fund are much less relevant to this case because those donors give to support any number of programs, including AHHF's operational expenses and its many initiatives other than the Arkansas Capitol monument. *See* Allison Hayward, "Junk Disclosure," Institute for Free Speech (Feb. 11, 2011).[3] Quite simply, in the context of this case, given the information already provided, there is no "compelling need" to force AHHF to betray its anonymous donors' trust for a marginal amount of additional discoverable information about small-dollar donors.

AHHF further objects to the discovery of internal AHHF documents which may be in the possession of its president or other members which relate to its strategy and tactics. *See* Doc. # 80

---

[3] Available at https://www.ifs.org/blog/junk-disclosure-a-series-on-stupid-disclaimers/.

at 3, item a (seeking "[a]ny documents of the AHHF regarding the erection of a Ten Commandments monument"). Internal strategy documents of a publicly engaged nonprofit expressive association like AHHF are also covered by the First Amendment privilege.[4] *See* Doc. #116 at 14. Moreover, AHHF rejects the suggestion that "legislative purpose" can be discerned from the documents of a nonprofit association that has no official role in the legislative process. *See* Doc. # 116 at 14. AHHF also rejects the application of a free-exercise doctrine, *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 540 (1993), to an Establishment Clause case. But AHHF does not believe that the Court needs to rule on any of these objections because it did not identify any documents for the privilege log it submitted to the Court, Doc. 133, that would be responsive to the subpoena. And Sen. Rapert has said he has turned over all documents responsive to item a. Thus, it is only the donor records in item b that require this Court to rule on an objection; there simply are no additional documents in the possession of Sen. Rapert or AHHF that have not already been turned over.

## CONCLUSION

In order to protect its procedural and substantive rights, non-party AHHF moves this Court to issue a protective order for its privileged documents and asks that the Court not permit the Orsi

---

[4] *In re Motor Fuel Temperature Sales Practices Litig.*, 641 F.3d 470, 481 (10th Cir. 2011) (discovery order "requires trade groups and their members to disclose to a private party their communications regarding strategy for lobbying"); *Perry v. Schwarzenegger*, 591 F.3d 1126, 1141 (9th Cir. 2010) ("internal campaign communications" of an initiative committee); *AFL-CIO v. FEC*, 333 F.3d 168, 176-78 (D.C. Cir. 2003) ("detailed descriptions of training programs, member mobilization campaigns, polling data, and state-by-state strategies"); *Fed. Election Com. v. La Rouche Campaign*, 817 F.2d 233, 234 (2d Cir. 1987) (lists of contributors, contribution solicitors, and those contacted for contributions who did not give); *Fed. Election Com. v. Fla. for Kennedy Comm.*, 681 F.2d 1281, 1281 n.1 (11th Cir. 1982); *Fed. Election Com. v. Machinists Non-Partisan Political League*, 655 F.2d 380, 382 (D.C. Cir. 1981); *Ass'n of Equip. Mfrs.*, 427 F. Supp. 3d at 1099 ("communications and discussions that are internal to [trade association] and are about (1) problems with manufacturers and their contracts, (2) what relief should be sought from the state legislature, (3) reasons for retention of outside counsel with respect to legislative solutions, and (4) lobbying strategy and tactics, all lie at the core of and are protected from disclosure in this instance by the First Amendment.").

Plaintiffs to take testimony or documents from Sen. Rapert that are more appropriately taken under Rule 30(b)(6).

                                             Respectfully submitted,

                                             By */s/ Travis W. Story*
                                             Travis W. Story, AR Bar No.: 2008274
                                             travis@storylawfirm.com
                                             Gregory F. Payne, AR Bar No.: 2017008
                                             greg@storylawfirm.com
                                             Story Law Firm. PLLC
                                             3608 Steele Blvd., Suite 105
                                             Fayetteville, AR  72703

And

                                             Brian K. Kelsey
                                             Daniel R. Suhr
                                             Liberty Justice Center
                                             141 W. Jackson Blvd., Suite 1065
                                             Chicago, Illinois 60604
                                             bkelsey@libertyjusticecenter.org
                                             dsuhr@libertyjusticecenter.org
                                             *Pro Hac Vice motion filed concurrently*

                                             Attorneys for non-party AHHF

## CERTIFICATE OF SERVICE

I hereby certify that on September ____, 2021, a true and correct copy of the foregoing Response to Motion for Order to Show Cause is being served upon the following counsel of record via the Court's e-filing system.

                                             */s/ Travis W. Story*
                                             Travis W. Story