IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| DONNA CAVE, et al., ) | |
|     Plaintiffs, ) | |
| ) | |
| EUGENE LEVY, et al., ) | |
|     Consolidated Plaintiffs, ) | Case No. 4:18-cv-00342-KGB |
| ) | |
| THE SATANIC TEMPLE, et al., ) | |
|     Intervenors, ) | |
| ) | |
|   v. ) | |
| ) | |
| JOHN THURSTON, Arkansas Secretary ) | |
| of State, in his official capacity, ) | |
|     Defendant. ) | |

## MOTION TO QUASH THE SUBPOENA OF MR. ROGER QUATTLEBAUM

 COMES NOW, non-party American History and Heritage Foundation ("AHHF"), being in possession of certain records and information subject to a subpoena issued to Mr. Roger Quattlebaum, in his individual capacity on September 1st, 2021 by the Orsi Plaintiffs in this case, and respectfully moves this Court to quash said subpoena, or to restrict the testimony of its treasurer, Roger Quattlebaum at a hearing on September 8, 2021, to that given in his individual capacity, for the reasons given below.

### INTRODUCTION

 "Individual and corporate representative depositions serve distinct purposes, impose different obligations on a party, and involve different ramifications." *Lawson v. Spirit Aerosystems*, No. 18-1100-EFM-ADM, 2020 U.S. Dist. LEXIS 46624, at *15-16 (D. Kan. Mar. 18, 2020). The Orsi Plaintiffs are attempting to evade this distinction by demanding to depose AHHF's treasurer in his individual capacity, even though they seek information regarding AHHF that is properly its own to give and documents that are properly the property of, and in the

possession of, AHHF. Thus, the information and documents should instead be sought from the organization under Federal Rule of Civil Procedure 30(b)(6). The distinction between the deposition of an individual and a corporate representative is important for procedural and substantive reasons.

The underlying subpoena to Mr. Quattlebaum that has prompted this motion does not seek records, but merely states: "Note: An Order to Show Cause has been issued in this matter. A copy of the Order and the separate order scheduling the hearing are attached hereto." The show-cause hearing seeks "[a]ny documents of the AHHF regarding the erection of a Ten Commandments monument on the state capitol grounds" and "[a]ll financial records of the AHHF reflecting funds raised for the erection of a Ten Commandments monument on the state capitol grounds or the expenditure of any funds for the erection of the Ten Commandments monument on the state capitol grounds." Doc. # 80 at 3.

Those documents do not belong to Mr. Quattlebaum as an individual. They belong to AHHF. Thus, a subpoena to the proper third-party deponent, or witness, for the records and information sought must be directed at AHHF, and this Court cannot permit the Orsi Plaintiffs to do an end-run around Federal Rule of Civil Procedure 30(b)(6) by allowing them to inappropriately subpoena individuals who are also Officers of AHHF, and then ask them about records in their capacity as representatives of AHHF through the individual-capacity subpoena that is obviously seeking corporate records. If the Orsi Plaintiffs need these records or information about the corporation, they should be sought through the proper issuance of a subpoena to AHHF as the records' owner.

In order to protect its procedural and substantive rights, AHHF also asks this Court to limit any testimony that Mr. Quattlebaum gives on September 8, 2021, to topics within his personal knowledge that do not call on him to represent the position of AHHF.

**ARGUMENT**

**I.     Permitting the Orsi Plaintiffs to circumvent Rule 30 is a procedural problem.**

Though a person may be deposed in both his corporate and individual capacities, there is a real, substantive distinction between a corporate capacity and individual capacity deposition, and the two depositions should be taken separately. *Sabre v. First Dominion Capital, L.L.C.,* 01 Civ. 2145 (BSJ)(HBP), 2001 U.S. Dist. LEXIS 20637, at *3 (S.D.N.Y. Dec. 10, 2001). The subpoena was directed to "Mr. Roger Quattlebaum."  See copy of subpoena marked as Exhibit A.  This clearly addresses Mr. Quattlebaum in his personal capacity as an individual; either way it is not directed to AHHF. And though AHHF as a corporate entity may be *served* a subpoena through service on its officers, the subpoena must be addressed to the entity if the testimony and documents sought belong to the entity. *Alexander v. FBI*, 186 F.R.D. 21, 41 (D.D.C. 1998) (addressing subpoena to named individual with only his corporate title without any mention of corporation itself is not a subpoena to the corporation).

This is a distinction *with* a difference. A person testifying in his individual capacity must bear the costs of his own attorney, if he chooses to bring one, whereas a deponent in his corporate capacity is represented by the corporation's attorney. This gives the corporation, through its counsel, the ability to raise objections to questions that threaten its interests, objections that the individual's attorney may not raise because they do not necessarily threaten the individual's interests.

The corporation alone has the right under Rule 30 to choose which corporate representative it designates to provide its testimony: "The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. Pro. 30(b)(6). The Orsi Plaintiffs deny AHHF its right under Rule 30 to designate a person besides Mr. Quattlebaum to testify on the organization's behalf, such as an employee or other officer who may have more specialized knowledge of the topics to be discussed. This is why, under the Fed. R. Civ. Pro. 30(b)(6) the issuer of the subpoena "must describe with reasonable particularity the matters for examination." Fed. R. Civ. Pro. 30(b)(6).

The corporation is also the appropriate entity to assert privileges over its materials. Because corporations "can only act through agents, courts have held that any privilege that attaches to communications on corporate matters between corporate employees and corporate counsel belongs to the corporation, not to the individual employee." *United States v. Int'l Bhd. of Teamsters*, 119 F.3d 210, 215 (2d Cir. 1997); *see also Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 611 n.5 (8th Cir. 1977). Here, the First Amendment privileges belong to AHHF as an expressive, nonprofit association, and because AHHF holds the privileges it should be the one to assert them.

Finally, courts recognize that Rule 30(b)(6) subpoenas have different standards from those of individual subpoenas because of the unique challenge of having a single person speak in a way that is binding on the organization. Courts also push counsel to be as specific as possible in their notice and to identify with particularity matters for examination in order to ensure the corporation can select the right individual with specialized knowledge of each topic. *Id*. at *20-21. And courts limit such subpoena to the information an individual would know in his corporate capacity, upholding objections to questions that are personal or individual in nature. *Eli Lilly & Co. v. Arch*

*Ins. Co.*, No. 1:13-cv-01770-LJM-TAB, 2017 U.S. Dist. LEXIS 105833, at *14 (S.D. Ind. July 10, 2017). By questioning Mr. Quattlebaum in his individual capacity, while asking him about topics related to AHHF in his generalized role as Treasurer, the Orsi Plaintiffs skip over the safeguards courts have created for corporate witnesses.

For these reasons, this Court should quash the subpoena of Mr. Quattlebaum, or in the alternative, limit his testimony to only his individual capacity and topics within his personal knowledge that do not call on him to represent the position of AHHF.

**II.     AHHF's substantive constitutional rights are violated if the Court permits the Orsi Plaintiffs to call Mr. Quattlebaum, in his individual capacity and demand he answer questions on behalf of AHHF.**

Though these procedural safeguards are important, AHHF is deeply concerned that the Orsi Plaintiffs will violate the organization's constitutional rights through its subpoena of Mr. Quattlebaum. AHHF believes the appropriate procedural path forward is for the Orsi Plaintiffs to subpoena AHHF as an organization, provide a "description with reasonable particularity [of] the matters for examination." Fed. R. Civ. Pro. 30(b)(6). and then AHHF can bring any appropriate motion to quash, once AHHF understood what the matters for examination were, by way of example, asserting AHHF's First Amendment privilege. However, if the Court feels the Orsi Plaintiffs have appropriately sought information from Mr. Quattlebaum in his individual capacity, then in the alternative, AHHF objects to any discovery of its private associational information being discussed or requested from the witness sf.

Since the Supreme Court first decided *NAACP v. Alabama* in 1958, courts have recognized the important First Amendment associational rights at stake when government officials or private parties using governmental power subpoena private donor and member information from nonprofit associations. *NAACP v. Alabama ex rel. Patterson*, 357 U. S. 449, 462 (1958). This very court was one of the first to apply *NAACP* a decade after it was decided, quashing subpoenas served on a

political party and its bank seeking contributor information. *Pollard v. Roberts*, 283 F.Supp. 248, 256 (E.D. Ark. 1968) (three-judge panel), *aff'd per curiam*, 393 U.S. 14 (1968). And the U.S. Supreme Court just confirmed these principles just months ago, reaffirming "the vital relationship between freedom to associate and privacy in one's associations." *Ams. for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2382 (2021) (quoting *NAACP*).

AHHF asserts that a First Amendment privilege covers its private contributor information held by AHHF and sought by the Orsi Plaintiffs from Mr. Quattlebaum. Fed. R. Civ. Pro. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter…") (emphasis added). As this Court has already said, the First Amendment provides private organizations a privilege against discovery which infringes on their constitutional rights. Doc. #116 at 14.[1] This privilege protects "the significant right of freedom of association grounded in the First Amendment [which] may limit [subpoena] access to, among other things, an organization's membership and contributor lists." *Baldwin*, 648 F.2d at 487. *Accord Savola v. Webster*, 644 F.2d 743, 746 (8th Cir. 1981) ("mandatory disclosures of political association, whether it be through interrogatory answers as in the case at bar, through the use of an administrative summons by the IRS causing disclosure of membership in dissident organizations, or through a state statute authorizing the state prosecuting attorney to subpoena political party records have been held to trigger first amendment considerations.") (cleaned up).

As an initial matter, it is AHHF's burden as the objecting party to show a First Amendment interest is at stake, such that the privilege applies. Doc. 116 # at 15. Such a burden may be carried by, for instance, sworn statements "detailing the adverse effects of the summons on [AHHF's] organizational and fundraising activities." *See United States v. Citizens State Bank*, 612 F.2d 1091,

---

[1] *See Baldwin v. Commissioner*, 648 F.2d 483, 487 (8th Cir. 1981); *In re Motor Fuel Temperature Sales Practices Litig.*, 641 F.3d 470, 481 (10th Cir. 2011); *Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987).

1094 (8th Cir. 1980).[2] "The burden of the proponent of the privilege is light, given the crucial place speech and associational rights occupy under our constitution." Doc. # 116 at 15, *quoting Ass'n of Equip. Mfrs. v. Burgum*, 427 F. Supp. 3d 1082, 1098 (D.N.D. 2019) (*quoting Flynn v. Square One Distribution, Inc.*, No. 6:16-mc-25-Orl-37TBS, 2016 U.S. Dist. LEXIS 68645, at *7 (M.D. Fla. May 25, 2016)).

AHHF already introduced to this Court the sworn statement of its treasurer, Roger Quattlebaum, who testified:

> "Having been involved in fundraising activities for AHHF, the accounting for funds raised on behalf of our organization and in direct communication with many of our members and financial contributors, that if it were to be made known to them that their identities and their amounts of financial contributions were potentially to be disclosed to those organizations that seek to undermine what it is they thought important enough to contribute to, that it would have a significant chilling effect on our efforts to fundraise or otherwise to increase our membership."

Doc. #133 at 17. He further stated: "I, likewise, would be less inclined to engage in public activities in support of our efforts . . . since the rhetoric of the opponents of this cause exposes our organization to unnecessary fear for our personal safety and harassment . . . ." *Id*.

Mr. Quattlebaum's affidavit closely resembles the testimony the Northern District of Illinois found sufficient in *In re Heartland Inst.*, No. 11 C 2240, 2011 U.S. Dist. LEXIS 51304 (N.D. Ill. May 13, 2011). There, the president of a nonprofit institute who was responsible for fundraising testified in an affidavit that his organization would lose donations if the donors were publicly disclosed, especially when the organization the organization had promised them

---

[2] Though these cases are forty years old, they remain the governing law in this circuit. *Light of the World Gospel Ministries v. Walthill*, 336 F.R.D. 567, 572 (D. Neb. 2020).

anonymity. *Id*. at *13-14. AHHF has similarly given its donors the opportunity to give anonymously, and would betray that trust if it allowed its private information to be disclosed. The president's single affidavit was sufficient to successfully assert the privilege.

Mr. Quattlebaum's assertion that AHHF would lose current and future donors if their identities were disclosed is also backed up by numerous court cases recognizing this common-sense fact. *United States Servicemen's Fund,* 488 F.2d at 1265-67 (donor disclosure makes fundraising more difficult); *In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d 371, 379 (Tex. 1998) (same); *Nat'l Fed'n of Republican Assemblies v. United States*, 218 F. Supp. 2d 1300, 1312 n.13 (S.D. Ala. 2002) (same); *Vote Choice, Inc. v. Di Stefano*, 814 F. Supp. 195, 200 (D.R.I. 1993) (same); *Nat'l Rifle Ass'n v. City of L.A.*, 2:19-cv-03212-SVW-GJS, at *18-19 (C.D. Cal. Dec. 19, 2019) (same). As Judge Martinotti noted recently, donors to advocacy organizations operate in "a climate marked by the so-called cancel or call-out culture that has resulted in people losing employment, being ejected or driven out of restaurants while eating their meals; and where the Internet removes any geographic barriers to cyber harassment of others." *Ams. for Prosperity v. Grewal*, No. 3:19-cv-14228-BRM, 2019 U.S. Dist. LEXIS 170793, *61 (D.N.J. Oct. 2, 2019). As the Supreme Court acknowledged in a recent case, "The deterrent effect [of donor disclosure] feared by these organizations is real and pervasive" in our modern cancel culture. *Ams. for Prosperity Found.*, 141 S. Ct. at 2388.

Mr. Quattlebaum's concerns about harassment are also well justified. Organizations may show threats to their private donors are well-founded by showing that publicly identified officers of the organization have been subject to harassment. *Rio Grande Found. v. Oliver*, 2020 U.S. Dist. LEXIS 191571, at *33 (D.N.M. Oct. 14, 2020) ("the best evidence of whether there is a reasonable

probability RGF's donors would face threats and reprisals is what RGF and persons associated with it have experienced in the last approximately 20 years of RGF's advocacy.").

Having shown that AHHF's First Amendment rights are burdened by Mr. Quattlebaum's potential testimony related to anything in his knowledge of his official positions within AHHF, the standard then shifts to the party seeking the material to show their need for it. *Citizens State Bank*, 612 F.2d at 1094. This is a high bar: "the party seeking the discovery must show that the information sought is highly relevant to the claims or defenses in the litigation--a more demanding standard of relevance than that under Federal Rule of Civil Procedure 26(b)(1)." *Perry v. Schwarzenegger*, 591 F.3d 1126, 1141 (9th Cir. 2010). Therefore, "the party seeking the information or documents [must] show a compelling need for the information." Doc. # 116 at 15. *See Citizens State Bank*, 612 F.2d at 1094 (*quoting Pollard*, 283 F. Supp. at 256-257) ("[d]isclosure of the identities of members of the group can be compelled only by showing that there is a rational connection between such disclosure and a legitimate [discovery] end, and that the [discovery] interest in the disclosure is cogent and compelling").

The Orsi Plaintiffs cannot meet this high bar to show a "compelling need" for the anonymous donor information. AHHF and Sen. Rapert have already turned over the names of hundreds of donors to the public AHHF GoFundMe.com campaign, specific to the Arkansas Capitol monument. The only names that remain private are those of several GoFundMe.com donors who asked to remain anonymous and donors to AHHF's general fund. The names of a few additional donors to the GoFundMe are hardly necessary when the Plaintiffs already have hundreds of other names for their purposes. Moreover, none of the anonymous donors gave more than $1,000 (*see* Privilege Log Doc. #133); the fact that they were all relatively small donors compared to AHHF's overall budget also indicates their minimal relevance. Similarly, the names of donors to

AHHF's general fund are much less relevant to this case because those donors give to support any number of programs, including AHHF's operational expenses and its many initiatives other than the Arkansas Capitol monument. *See* Allison Hayward, "Junk Disclosure," Institute for Free Speech (Feb. 11, 2011).[3] Quite simply, in the context of this case, given the information already provided, there is no "compelling need" to force AHHF to betray its anonymous donors' trust for a marginal amount of additional discoverable information about small-dollar donors.

AHHF further objects to the subpoenaing of Mr. Quattlebaum, and asked the court to quash such subpoena, where the internal AHHF documents which may be in the possession of the corporation relate to its strategy and tactics. *See* Doc. # 80 at 3, item a (seeking "[a]ny documents of the AHHF regarding the erection of a Ten Commandments monument"). Internal strategy documents of a publicly engaged nonprofit expressive association like AHHF are also covered by the First Amendment privilege.[4] *See* Doc. #116 at 14. AHHF also rejects the application of a free-exercise doctrine, *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 540 (1993), to an Establishment Clause case. But AHHF does not believe that the Court needs to rule on any of these objections because it did not identify any documents for the privilege log it submitted to the Court, Doc. 133, that would be appropriate to ask the witness about at the hearing on September 8th, 2021.

---

[3] Available at https://www.ifs.org/blog/junk-disclosure-a-series-on-stupid-disclaimers/.

[4] *In re Motor Fuel Temperature Sales Practices Litig.*, 641 F.3d 470, 481 (10th Cir. 2011) (discovery order "requires trade groups and their members to disclose to a private party their communications regarding strategy for lobbying"); *Perry v. Schwarzenegger*, 591 F.3d 1126, 1141 (9th Cir. 2010) ("internal campaign communications" of an initiative committee); *AFL-CIO v. FEC*, 333 F.3d 168, 176-78 (D.C. Cir. 2003) ("detailed descriptions of training programs, member mobilization campaigns, polling data, and state-by-state strategies"); *Fed. Election Com. v. La Rouche Campaign*, 817 F.2d 233, 234 (2d Cir. 1987) (lists of contributors, contribution solicitors, and those contacted for contributions who did not give); *Fed. Election Com. v. Fla. for Kennedy Comm.*, 681 F.2d 1281, 1281 n.1 (11th Cir. 1982); *Fed. Election Com. v. Machinists Non-Partisan Political League*, 655 F.2d 380, 382 (D.C. Cir. 1981); *Ass'n of Equip. Mfrs.*, 427 F. Supp. 3d at 1099 ("communications and discussions that are internal to [trade association] and are about (1) problems with manufacturers and their contracts, (2) what relief should be sought from the state legislature, (3) reasons for retention of outside counsel with respect to legislative solutions, and (4) lobbying strategy and tactics, all lie at the core of and are protected from disclosure in this instance by the First Amendment.").

## CONCLUSION

In order to protect its procedural and substantive rights, non-party AHHF moves this Court to quash the subpoena issued to Mr. Roger Quattlebaum for his testimony related to the Show Cause hearing on September 8, 2021, and for a protective order for its privileged documents and asks that the Court not permit the Orsi Plaintiffs to take call or inquiry from Mr. Quattlebaum anything within his knowledge as an officer of AHHF without a proper subpoena issued under Rule 30(b)(6).

                              Respectfully submitted,

                              By  */s/ Travis W. Story*
                              Travis W. Story, AR Bar No.: 2008274
                              travis@storylawfirm.com
                              Gregory F. Payne, AR Bar No.: 2017008
                              Story Law Firm. PLLC
                              greg@storylawfirm.com
                              3608 Steele Blvd., Suite 105
                              Fayetteville, AR  72703
And

                              Brian K. Kelsey
                              Daniel R. Suhr
                              Liberty Justice Center
                              141 W. Jackson Blvd., Suite 1065
                              Chicago, Illinois 60604
                              bkelsey@libertyjusticecenter.org
                              dsuhr@libertyjusticecenter.org
                              *Pro Hac Vice*

                              Attorneys for non-party AHHF

## CERTIFICATE OF SERVICE

I hereby certify that on September 7th, 2021, a true and correct copy of the foregoing Response to Motion for Order to Show Cause is being served upon the following counsel of record via the Court's e-filing system.

                              */s/ Travis W. Story*
                              Travis W. Story

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action **EXHIBIT A**

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:

_____
*(Name of person to whom this subpoena is directed)*

   **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | Courtroom No.: |
|---|---|
|  | Date and Time: |

   You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:




   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

   *CLERK OF COURT*

                                        OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*


The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 4:18-cv-00342-KGB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* ROGER QUATTLEBAUM
on *(date)* 8-30-2021

☒ I served the subpoena by delivering a copy to the named person as follows: IN PERSON AT:
2133 WASHINGTON AVE, CONWAY, AR 72022
on *(date)* 8-30-2021 or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ 36.00 for travel and $ 50.00 for services, for a total of $ 86.00

I declare under penalty of perjury that this information is true.

Date: 8-30-2021

*Server's signature*

JAMES W. GARRETT
*Printed name and title*

609 ST. MICHAEL DR
LITTLE ROCK, AR 72211
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).