IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DONNA CAVE**, *et al.*,                                                                                                  **PLAINTIFFS**

**EUGENE LEVY**, *et al.*,                                                                        **CONSOLIDATED PLAINTIFFS**

**THE SATANIC TEMPLE**, *et al.*,                                                                              **INTERVENORS**

v.                                             Case No. 4:18-cv-00342-KGB

**JOHN THURSTON, Arkansas Secretary**
**of State, in his official capacity**                                                                              **DEFENDANT**

### ORDER

Before the Court are the motions for relief from appearing before the Court of Senator Jason Rapert and his counsel Paul Byrd and of the American History and Heritage Foundation, Inc. ("AHHF") and its counsel Travis Story, Gregory F. Payne, Brian K Kelsey, and Daniel R. Suhr (Dkt. Nos. 169; 170). Senator Rapert states that he is a witness in this case, and AHHF states that it is not a party in this case but was involved only to resolve a discovery dispute between parties in interest (Dkt. Nos. 169, at 1; 170, at 1). Senator Rapert and AHHF state that the *Orsi* plaintiffs have reported receipt of documents produced by AHHF in accordance with the agreement announced at the status conference on September 8, 2021, and represent to the Court that their presence at the October 22, 2021, status conference is not necessary.

The Satanic Temple, Lucien Greaves, and Erika Robbins (collectively "The Satanic Temple Intervenors" or "TSTI") filed an objection to Senator Rapert's motion for relief from appearing at the status conference (Dkt. No. 171). TSTI asserts that, based on documents TSTI received indicating that Senator Rapert may have used a private email account to conduct public business "during the formative stages of this controversy," TSTI believes that Senator Rapert's

presence at the status conference set to discuss discovery issues is necessary (Dkt. No. 171, ¶¶ 3, 6).

In an email to all counsel of record, the Court acknowledged that it still has under advisement Senator Rapert's motion to quash and for protective order (Dkt. No. 74) and AHHF's motion for leave to file a protective order at the show-cause hearing and motion to quash subpoena of Mr. Roger Quattlebaum (Dkt. Nos. 150; 158). The Court asked whether Senator Rapert and AHHF consider these motions moot. Senator Rapert has not responded to the Court's email. AHHF has responded and asserts that AHHF believes that its pending motions (Dkt. Nos. 150; 158) are moot. AHHF asks that if it is required to attend the status conference that it be permitted to appear via video conference.

Because the Court has been made aware that parties to the litigation object and because there are still outstanding discovery motions before the Court filed by Senator Rapert, the Court denies the motion for relief from appearing before the Court of Senator Jason Rapert and his counsel Paul Byrd (Dkt. No. 169). The Court grants in part and denies in part the motion for relief from appearing before the Court of AHHF and its counsel Travis Story, Gregory F. Payne, Brian K Kelsey, and Daniel R. Suhr (Dkt. No. 170). The Court denies AHHF's motion for relief from appearing, but it grants its' request to appear via video conference.

So ordered this the 22nd day of October, 2021.

_____
Kristine G. Baker
United States District Judge