# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | |
|---|---|
| **DONNA CAVE**, *et al.*, | **PLAINTIFFS** |
| **EUGENE LEVY**, *et al.*, | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE**, *et al.*, | **INTERVENORS** |
| v. | Case No. 4:18-cv-00342-KGB |
| **JOHN THURSTON, Arkansas Secretary of State, in his official capacity** | **DEFENDANT** |

## ORDER

Before the Court are matters the Court discussed with the parties during the October 22, 2021, status conference. To the extent the parties believe that there are additional issues that the Court did not address in its Order (Dkt. No. 172) that were raised in the motion to compel discovery of The Satanic Temple, Lucien Greaves, and Erika Robbins (collectively "The Satanic Temple Intervenors" or "TSTI") (Dkt. No. 120) or in the motion for an order to show cause and compel the Satanic Temple to make court-ordered production of documents of John Thurston, Arkansas Secretary of State, in his official capacity (Dkt. No. 124), then the parties may inform the Court and request a ruling in a written motion to be filed within 14 days of the date of this Order.

As the Court stated at the status conference, the Court anticipates that document production as required by this Court's Order (Dkt. No. 172) will begin immediately. To the extent that any document in Secretary Thurston's possession is withheld from production on the basis of a claim of attorney-client privilege or the work-product doctrine or the deliberative process privilege, Secretary Thurston shall within 30 days from the entry of this Order produce a privilege log consistent with the Federal Rules of Civil Procedure and this Court's Order (Dkt. No. 172). To the extent any document in TSTI's possession is withheld from production on the basis of a claim

of attorney-client privilege or the work-product doctrine or the qualified associational privilege, TSTI shall within 30 days from the entry of this Order produce a privilege log consistent with the Federal Rules of Civil Procedure and this Court's Order (Dkt. No. 172).  The Court invites briefing within 45 days from the entry of this Order from the appropriate parties who hold and have standing to assert the legislative privilege or the deliberative process privilege and wish to assert it as to a specific document in this case.

If TSTI desires to raise issues before the Court with respect to Senator Rapert's use of a private email account to conduct public business, it may do so in a separate motion.

Before the Court are the motion for leave to file a protective order at the show-cause hearing and the motion to quash subpoena of Mr. Roger Quattlebaum of American History and Heritage Foundation, Inc. ("AHHF") (Dkt. Nos. 150; 158).  In correspondence with the Court, AHHF has represented that it believes that its pending motions are moot (*Id*.).  The Court denies as moot AHHF's motion for leave to file a protective order at the show-cause hearing and motion to quash subpoena of Mr. Roger Quattlebaum (*Id*.)

The Court has under advisement the remaining issues discussed among counsel at the status conference.

The Court will conduct a status conference on Tuesday, November 23, 2021, at 9:00 a.m. Central time at the Richard Sheppard Arnold United States Courthouse, 500 West Capitol Avenue, Little Rock, Arkansas 72201, Courtroom 4D.  Any party or lawyer wanting to participate remotely in the status conference must seek permission from the Court in advance of the hearing in a written filing.  The COVID-19 precautions and social distancing requirements of the United States District Court for the Eastern District of Arkansas will be enforced strictly.  The parties are instructed to submit a joint position statement that reports to the Court on their progress toward completing

discovery, proposes any necessary modifications to the schedule proposed by the parties for filing dispositive motions, and that raises any other issues that the parties intend to raise during the status conference; the statement shall be submitted to the Court by November 16, 2021. If the parties are unable to reach consensus to prepare and submit a joint position statement, the parties may each submit a statement to the Court by November 16, 2021.

So ordered this the 22nd day of October, 2021.

_____
Kristine G. Baker
United States District Judge