IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **DONNA CAVE, JUDITH LANSKY,** **PAT PIAZZA, and SUSAN RUSSELL,** | **PLAINTIFFS,** |
| **ANNE ORSI, AMERICAN HUMANIST ASSOCIATION, FREEDOM FROM RELIGION FOUNDATION, INC., ARKANSAS SOCIETY OF FREETHINKERS, JOAN DIETZ, GALE STEWART, RABBI EUGENE LEVY, REV. VICTOR H. NIXON, TERESA GRIDER, and WALTER RIDDICK,** | **CONSOLIDATED PLAINTIFFS,** |
| **THE SATANIC TEMPLE, DOUG MISICKO aka "LUCIEN GREAVES," and ERIKA ROBBINS,** | **INTERVENORS,** |
| v.     No. 4:18CV00342 KGB/BD | |
| **JOHN THURSTON, Arkansas Secretary of State, in his official capacity,** | **DEFENDANT.** |

### MOTION FOR RELIEF CONCERNING REMAINING DISCOVERY ISSUES

This Court's October 22, 2021 Order instructed the parties to advise the Court concerning discovery issues that were raised but not addressed in its previous Order. DE 175; DE 172 at 34. An issue Defendant raised pertained to his Third Requests for Production Nos. 1-6, DE 124-5 at 1-2, which seek information concerning the Satanic Temple's nature and financial organization. The Satanic Temple objected and provided nothing in response to any of these requests. DE 124-6 at 4. (The Satanic Temple has otherwise produced only a single document from one of its affiliates that is arguably responsive to one of these requests. *See* DE 128-1 at 3). Defendant's motion requested that the Court enter an order compelling the Satanic Temple to produce all documents responsive to its Third Requests for Production Nos. 1-6, DE 124 at 10, but the Court's

Order did not address these requests. *See* DE 172 at 34 (Order seeking clarification of Defendant's request). Accordingly, Defendant now respectfully requests that the Court enter an order compelling the Satanic Temple to produce documents responsive to these requests.

**I.      The Court should require the Satanic Temple to produce responsive documents.**

The Satanic Temple claims that it "is a complex and international organization with local chapters dispersed throughout the world and whose leadership structure is in constant flux." DE 124-3 at 2. It claims that "[t]he current membership . . . exceeds 50,000 individuals, many of whom participate in a leadership role for various charitable and religious activities." *Id.* Further, in his 30(b)(6) capacity, Mr. Douglas Misicko testified that the Satanic Temple "has a lot of internal documentation, including chapter agreements and other agreements we have with people who work with us." DE 124-7 at 14. But Mr. Misicko was unable to recall the various forms of internal documentation the Satanic Temple had. DE 124-7 at 15. Defendant's Third Requests for Production Nos. 1-6 follow up on Mr. Misicko's testimony.

     **A.      Third Requests for Production Nos. 1-3**

Defendant's requests do not seek all internal documentation of the Satanic Temple. Rather, the requests pertain specifically to the Satanic Temple's identity and financial organization, which the Satanic Temple has put in issue by asserting its specific claims of religious discrimination and providing conflicting information about itself and its handling of finances. *See* DE 25-1 at 1 (identifying itself as "The Satanic Temple, LLC"); DE 93-2 at 20 ("[o]n information and belief, the full legal name of the organization is still United Federation of Churches, LLC."); DE 93-4 at 8 (the Satanic Temple "is given corporate structure by 'The Satanic Temple, Inc.' which is a Massachusetts non-profit corporation."). Further, the Satanic Temple has repeatedly objected to Defendant's requests and refused to produce documents on the grounds that "'The Satanic Temple' is not a discrete entity with [relevant documents]." DE 124-3 at 5; 128-1 at 3.

"[W]hen a party places matters in issue by filing a lawsuit, he must expect that the other side will use the basic tools of discovery—including document requests, interrogatories, and depositions—to test the basis for his claims." *Almy v. Kickert Sch. Bus Line, Inc.*, No. 08C2902, 2011 WL 1457459, at *2 (N.D. Ill. Apr. 15, 2011).  To enable Defendant to test the basis for the Satanic Temple's conflicting claims concerning its nature and identity, Defendant respectfully requests an order compelling the Satanic Temple to produce documents pertaining to its various entities.  Requests for Production Nos. 1-3 pose identical requests for responsive documents from the Satanic Temple under different guises:

- Any document setting forth an operating agreement, bylaws, goal statement, leadership policy, or[1] organizational policy for the (for-profit) United Federation of Churches, LLC affiliate. (RFP No. 1, DE 124-5 at 1-2).

- Any document setting forth an operating agreement, bylaws, goal statement, leadership policy, or organizational policy for the (nonprofit) Satanic Temple, Inc. affiliate. (RFP No. 2, DE 124-5 at 2).

- To the extent not covered by the foregoing, any document setting forth an operating agreement, bylaws, goal statement, leadership policy, or organizational policy for the Satanic Temple. (RFP No. 3, DE 124-5 at 2).

Defendant limits these requests to any document created or in effect at any time between January 1, 2013, and the filing of the Satanic Temple's Second Amended Complaint in Intervention on November 1, 2019.  These documents were all requested in Defendant's Third Requests for Production Nos. 1-3, DE 124-5 at 1-2, which were the subject of Defendant's previous motion.  DE

---

[1] Defendant's Third Requests for Production specifically explain that the word "or" in the requests is to "be read inclusively such that 'x, y, or z' shall be understood to mean 'x or y or z or some of the preceding or all of the preceding.'" DE 124-5 at 1.  Therefore, for all requests, any document that is responsive to at least one part of a request is a responsive document.  To avoid repeating disputes over the semantics of "or," *see* DE 128-1 at 2-3, Defendant respectfully requests that any order the Court enters require the Satanic Temple to produce documents accordingly.

124 at 10.  Defendant now respectfully requests that the Court enter an order compelling the Satanic Temple to produce these documents.

### B. Third Requests for Production Nos. 4-6

Intervenors claim that "The Satanic Temple is "a religious organization," DE 124-7 at 21; *see* DE 89 at 3, and that it is "tax exempt," DE 124-7 at 22, yet it "engage[s] in for-profit commerce," DE 124-7 at 23; *see id.* at 24-25.  The Satanic Temple has also claimed that it only sought tax-exempt status well after the events underlying this case.  *See, e.g.*, *Satanic Temple deemed church by IRS*, Arkansas Times, https://arktimes.com/arkansas-blog/2019/04/26/satanic-temple-deemed-church-by-irs.  *See also generally* DE 94 at 6 (Def.'s Br. in Supp. Of Motion to Compel).  To enable Defendant to test the basis for the Satanic Temple's claim to be a religious organization suffering religious discrimination under the Equal Protection Clause and the First Amendment, Defendant respectfully requests an order compelling the Satanic Temple to produce the following documents setting forth relationships between its various entities:

- Any document setting forth any legal, financial, or organizational relationship between the (for-profit) United Federation of Churches, LLC, and the (nonprofit) Satanic Temple, Inc. (RFP No. 4, DE 124-5 at 2).

Further, Request for Production No. 6 poses identical requests for responsive documents pertaining to the relationship between the Satanic Temple under different guises and its local chapters:

- Any document setting forth a legal, financial, or organizational relationship between the United Federation of Churches, LLC affiliate and local chapters, including but not limited to any affiliation agreement, nondisclosure agreement, or chapter guidelines. (RFP No. 6, DE 124-5 at 2).

- Any document setting forth a legal, financial, or organizational relationship between the Satanic Temple, Inc. affiliate and local chapters, including but not limited to any affiliation agreement, nondisclosure agreement, or chapter guidelines. (RFP No. 6, DE 124-5 at 2).

- To the extent not covered by the foregoing, any document setting forth a legal, financial, or organizational relationship between the Satanic Temple and local chapters, including but not limited to any affiliation agreement, nondisclosure agreement, or chapter guidelines. (RFP No. 6, DE 124-5 at 2).

Defendant does not seek agreements between any local chapter and local-chapter members except to the extent that they set forth information concerning the relationship between the Satanic Temple (or any of its affiliates) and the local chapter. Defendant further limits these requests to any document created or in effect at any time between January 1, 2013, and the filing of Intervenors' Second Amended Complaint in Intervention on November 1, 2019.

These documents were all requested in Defendant's Third Requests for Production Nos. 4 and 6, DE 124-5 at 2, which were the subject of Defendant's previous motion. DE 124 at 10. Defendant now respectfully requests that the Court enter an order compelling the Satanic Temple to produce these documents.

### C. Third Request for Production No. 5

Finally, Mr. Misicko testified in his 30(b)(6) capacity that all of the entities in the Satanic Temple constellation are exclusively controlled by himself and Mr. Cevin Soling with no other legal or financial oversight or accountability. *See, e.g.*, DE 124-7 at 8-9, 16, 18 (dep. pp. 158-59, 173, 181). Yet, as noted, the Satanic Temple also claims that its "leadership structure is in constant flux." DE 124-3 at 2. To enable Defendant to test the basis for the Satanic Temple's claims concerning its nature and the extent to which power is concentrated in the hands of Mr. Misicko and Mr. Soling, Defendant respectfully requests an order compelling the Satanic Temple to produce the following information concerning the Satanic Temple's constituent bodies:

- Any document setting forth powers, roles, or responsibilities of any of the following: the Satanic Temple, the Executive Ministry, the National Council, the International Council, or Grey Faction (RFP No. 5, DE 124-5 at 2).

5

- Any document setting forth a legal, financial, or organizational relationship of any of the following to one another: the Satanic Temple, the Executive Ministry, the National Council, or the International Council, and Grey Faction. (RFP No. 5, DE 124-5 at 2).

Defendant limits these requests to any document created or in effect at any time between January 1, 2013, and the filing of Intervenors' Second Amended Complaint in Intervention on November 1, 2019. As above, these documents were requested in Defendant's Third Requests for Production No. 5, DE 124-5 at 1-2, which were the subject of Defendant's previous motion. DE 124 at 10. Defendant now respectfully requests that the Court enter an order compelling the Satanic Temple to produce these documents.

## II. Defendant respectfully reserves the right to seek reconsideration regarding his First Request for Production No. 2. (DE 124-1 at 2)

The Court's March 1, 2020 Order provided that "depending on the information disclosed in response to [Defendant's First] Request for Production No. 3," i.e., tax records for the Satanic Temple, "Secretary Thurston may request that the Court reconsider its ruling with respect to [Defendant's First] Request for Production No. 2," i.e., end-of-year budgets and related information. DE 116 at 24; *see* DE 124 at 9 (requesting reconsideration). The Satanic Temple has not produced any documents in response to Defendant's First Request for Production No. 3.

Defendant's previous motion requested that the Court reconsider its ruling on his First Request for Production No. 2. DE 124 at 9. Nevertheless, given its ruling on other matters, the Court "d[id] not understand that Secretary Thurston seeks from this Court a reconsidered ruling on Request for Production No. 2." DE 172 at 34. The Court is correct that, in light of its other rulings, Defendant does not wish to seek reconsideration at the present time. Therefore, Defendant withdraws his request for reconsideration of the Court's ruling on its First Request for Production No. 2. DE 124-1 at 2; DE 124 at 9. But Defendant respectfully reserves the right to seek

reconsideration depending on what information the Satanic Temple discloses in response to other requests.

## CONCLUSION

Defendant respectfully requests that the Court grant its motion for relief concerning these additional discovery issues.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

Vincent M. Wagner (2019071)
 Deputy Solicitor General
Michael A. Cantrell (2012287)
Dylan L. Jacobs (2016167)
 Assistant Solicitors General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph:     (501) 682-2007
Michael.Cantrell@ArkansasAG.gov

Hiram Sasser
Michael Berry
Lea Patterson
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, TX 75075
Tel:  (972) 941-6162
Fax:  (972) 423-6162
*hsasser@firstliberty.org*
*mberry@firstliberty.org*
*lepatterson@firstliberty.org*

*Attorneys for Secretary of State John Thurston*