IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| DONNA CAVE, *et al.* | | PLAINTIFFS |
| ANNE ORSI, *et al.*, and | CASE NO.<br>4:18-CV-342 | CONSOLIDATED<br>PLAINTIFFS |
| THE SATANIC TEMPLE, *et al.* | | INTERVENORS |
| *V.* | | |
| JOHN THURSTON, in his official capacity | | DEFENDANT |

## INTERVENORS' STATUS REPORT

COME NOW Intervenors, by and through counsel of record, with a separate status report. The Court ordered a report, to be filed by November 16, which identifies the parties' progress toward completing discovery, proposes any modifications to the dispositive motions deadline, and raises any other issues the parties intend to raise during the status conference. Doc. 175, at 2-3. This report is separate because we have more specific updates than the rest of the parties and a different proposed briefing schedule.

# 1:  Progress toward completing discovery

## *1.1: Subpoenas*

Upon reviewing the subpoena return from the American History & Heritage Foundation, Inc. ("**AHHF**"), we found that State Sen. Rapert and then-State Rep. Ballinger (now State Sen. Ballinger) both used email accounts not stored on Arkansas servers to arrange for the installation of the Ten Commandments monument at issue in this case. See Docs. 171-1 through 171-6. These email accounts would not be captured by the requests for production we issued to the Defendant, so we have issued subpoenas duces tecum to each witness for correspondence of relevance to this lawsuit and financial records related to the Ten Commandments Monument.

We have also issued a subpoena duces tecum to State Rep. Hammer because, we deduced from the AHHF's subpoena return, State Rep. Hammer probably has correspondence related to this case on non-State email accounts. State Rep. Hammer was a co-director of the AHHF at the relevant time and introduced the bill, subject to the Equal Protection Clause Claim, which preempted The Satanic

Temple's efforts to install a competing religious monument.

We have also issued a subpoena duces tecum to the AHHF for correspondence of relevance to this case, as well as financial records pertaining to funds raised or expended on the Ten Commandments Monument at issue.

On October 22, we issued notice of the forthcoming subpoenas to all other counsel of record (including Paul Byrd for State Sen. Rapert and Travis Story for the AHHF) and requested that the attorneys accept service by email. We received no response. We issued the subpoenas for personal service the following week.

All subpoenas have a return date of November 22, 2021. On November 1, State Rep. Hammer accepted personal service. On November 8, per the agreement of counsel, State Sen. Rapert accepted service (both personally and as registered agent for the AHHF) by personal delivery to his attorney's law firm. On November 15, State Sen. Ballinger agreed to accept emailed service through Dylan Jacobs, counsel of record for Defendant. Proofs of service have not been separately filed in reliance on the statement in Form AO 88B

("This section [the proof of service] should not be filed with the court unless required by Fed. R. Civ. P. 45); see also FRCP 45(b)(4) (proofs of service should only be filed "when necessary.")

### 1.2: Shane Bugbee

Defendant has issued notice of an intent to rely on the testimony of Shane Bugbee, a reverend at the Church of Satan (a different sect of Satanism from TST). **EXHIBIT 1** (Notice of intent to call Shane Bugbee). The first notice of this witness came on April 18, 2020, eleven calendar days before the close of discovery. **Id.**; Doc. 107 ("Discovery should be completed no later than **April 29, 2020**.")

The notice came together with a declaration. **EXHIBIT 2** (Bugbee declaration). The declaration is primarily comprised of conclusory allegations that Lucien Greaves is currently a white supremacist and a fascist sympathizer, but offers no foundation for these claims. **Id.** at ¶¶ 7, 12. It also asserts that TST is not a "religion" but offers no factual premise for the point beyond the already-rejected notion that a "religion" elementally requires faith in a higher power. **Id.** at ¶ 24;

but see Judge Adams's concurrence in *Malnak v. Yogi*, 592 F.2d 197 (3d Cir. 1979), later adopted in *Africa v. Commonwealth v. Pennsylvania*, 662 F.2d 1025, 1032 (3d Cir. 1981); see also *In re Weitzman*, 426 F.2d 439 (8th Cir. 1970) (per curiam) (opinions of Circuit Judges Lay and Heaney) (broadly, explaining why the right of conscience enshrined in the First Amendment protects nonbelievers).

We have separately moved for exclusion of Shane Bugbee, either because the notice was untimely, or because his presence threatens to turn this lawsuit into a proxy battle in a doctrinal war. If he is not excluded, we will need to subpoena his deposition and any records of relevance he has to this case. At § 3.1 below, we further address that we intend to invoke the Court's attention to this issue at the November 23 status conference.

## 2:  Proposed dispositive motions deadline

We suggest a dispositive motions deadline of no earlier than June 22, 2022; but that proposal is predicated on a disposal, in February 2022, of the deliberative process privilege assertions. Defendant has

about 15,000 pages to produce (Doc. 123 at 7), plus an unknown amount of material from the AHHF, Rapert, Hammer, and Ballinger. Presumably, all of these will be the subject of a contested assertion of the deliberative process privilege, which will only further delay the production and therefore our cataloging.

The Court invited briefing to support the assertion of the deliberative process privilege by December 6. Doc. 172, at 10 (45 days after October 22). Assuming the ordinary briefing schedule is not modified and assuming Defendant prepares a reply, the assertion of privilege should be fully briefed by December 27. Assuming the matter is heard in January and ruled on in February, that would give us four months to catalog whatever information we receive and prepare our dispositive motion.

Because our proposed deadline is predicated on a lot of assumptions, we urge the Court to refrain from entering a scheduling order until after the assertion of privilege is disposed of.

## 3:  Issues we intend to raise at the hearing.

### *3.1: Exclude Bugbee, or permit a late subpoena.*

We have separately moved the Court to exclude Bugbee as a witness and thereby save us the effort and expense of taking Bugbee's deposition and obtaining any documents he may have of relevance to this case. The Court should resolve this issue at the hearing because, if we are going to issue this subpoena, we need to do so promptly to minimize further delays. Exclusion is our preference.

Respectfully submitted on
November 16, 2021,
on behalf of Intervenors

By:   Matthew A. Kezhaya, ABA # 2014161

KEZHAYA LAW PLC
1202 NE McClain Rd
Bentonville, AR 72712
phone:  (479) 431-6112
email:   matt@kezhaya.law

### CERTIFICATE AND NOTICE OF SERVICE

NOTICE IS GIVEN that I, Matthew A. Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on November 16, 2021 which sends service to registered users, including all other counsel of record in this cause.

/s/ Matthew A. Kezhaya