IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| **DONNA CAVE**, *et al.* | | **PLAINTIFFS** |
| **ANNE ORSI**, *et al.*, and | **CASE NO.** 4:18-CV-342 | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE**, *et al.* | | **INTERVENORS** |
| *v.* | | |
| **JOHN THURSTON**, in his official capacity | | **DEFENDANT** |

## INTERVENORS' MOTION TO EXCLUDE BUGBEE; OR TO PERMIT A LATE SUBPOENA

COME NOW Intervenors, by and through counsel of record, on motion to exclude Shane Bugbee as a witness; or to permit a late deposition. FRCP 37(c); FRCP 16(b)(4). This motion relies on a familiarity with § 1.2 of the separate status report. The Court should exclude Bugbee as a witness because (1) the notice was untimely; and (2) this lawsuit is not a proxy battle in a doctrinal war. Otherwise, the Court should grant leave to take a late deposition.

## Argument

### 1: The notice was untimely.

The Court should exclude Bugbee as a witness because Defendant did not issue a timely notice of an intent to call Bugbee. FRCP 37(c) (if a party fails to provide information as required by Rule 26(a), the party is not allowed to use that information unless the failure was substantially justified or harmless); FRCP 26(a)(1)(A)(i) (parties must disclose each person likely to have discoverable information and the subjects of that information, which the disclosing party may use to support its claims or defenses).

Exclusion is automatic and requires no preceding motion to compel. FRCP 37, Advisory Committee Notes at 1993 amendment. This is to provide a "strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, *or on a motion, such as one under Rule 56*." Id. (emphasis added).

Defendant's notice specifically contemplates that Bugbee is being called to support Defendant's defenses. See Intervenors' status

report at Exhibit 1. The sole issue is whether the notice was timely.

It was not. We find it incomprehensible for Defendant to claim Bugbee's declaration contained "newly received" information. See Intervenors' status report, Exhibit 1 at p. 2. Defendant knew of Bugbee at least as early as July 26, 2018, when Defendant filed Bugbee's "Unmasking Lucien Greaves" article published by *Vice*. Doc. 24-9.

At the depositions, Defendant specifically inquired of Greaves about all of Bugbee's discrete claims in the declaration, i.e. that:

(1) Greaves's P Cross tattoo is derived from the swastika (Compare Bugbee's declaration at ¶ 7 with **EXHIBIT 1** (relevant portions of Greaves's deposition) at 78:6-7, 78:21-79:9, 82:2-82:14, and 82:21-83:4);

(2) Greaves's motivation to create The Satanic Temple was to derive "substantial income at the expense" of donors – (Compare Bugbee's declaration at ¶ 12 with **EXHIBIT 2** (relevant portions of TST's deposition) at 236:2-238:8);

(3) In 2002 (14 years before the earliest acts at issue in this

> lawsuit), Greaves co-hosted a 24-hour marathon broadcast and made "an inarticulate point that it is okay to be critical of superstitious religious beliefs but not okay to be critical of somebody's ethnic or ancestral background"– (Compare Bugbee's declaration at ¶¶ 8-10 with **Exhibit 1** at 110:21-128:14 (the quote is at 128:1-2)); and
>
> (4) the "pink mass" was performed by actors who were not actually gay – (Compare Bugbee's declaration at ¶¶ 18-19 with **Exhibit 2** at 74:18-75:10 and 75:24-76:14).

Further, Bugbee's declaration was clearly drafted by an attorney, and in the style of the Office of the Arkansas Attorney General. Compare id. with, e.g., Docs. 24 and 68. The captions are the same, the fonts are the same, the indentations are the same, and both use sequential lettering to denote exhibits as opposed to numbers.

Yet, Defendant did not issue notice of Shane Bugbee as a potential witness until April 18, 2020, just eleven calendar days before the close of discovery and a Saturday, at that. Doc. 107. Clearly,

Defendant was apprised of Bugbee's claims at least as early as the depositions. But because Defendant waited to share that information until there was less than two weeks left on discovery, TST was precluded from timely subpoenaing Bugbee for a deposition and for production of documents.

The Court should not allow further delays to accommodate Defendant's untimeliness. *E.g. Malone v. Ameren UE*, 646 F.3d 512, 516 (8th Cir. 2011) (affirming the refusal to consider affidavits in summary judgment because the witnesses were not timely disclosed). Bugbee's testimony should be excluded.

Relatedly, the notice withheld Bugbee's address, and a nationwide public records search on November 15, 2021 returned no results for "Shane Bugbee." Even if we had time to subpoena Bugbee, we had no address–and still have no address–at which to serve him.

Although no good faith effort to confer appears to be required by the Rule, Kezhaya issued an objection to the tardy notice of Bugbee. Doc. 128-1, at 3-4.

### 2: This lawsuit is not a proxy battle in a doctrinal war.

The Court should also exclude Bugbee to prevent turning this case into a proxy battle over who the "real" Satanists are. Bugbee is a reverend of the Church of Satan, a different sect of Satanism than TST. Bugbee Declaration at ¶ 2. Together with Defendant's prior reliance on statements from Peter Gilmore (the leader of the Church of Satan), see doc. 24 at pp. 7-8, Defendant is inviting this Court to judge a religious dispute.

For example, at the motion to intervene stage, Defendant parroted Gilmore, who decried that the Church of Satan's membership has does not "alert the media while going about their business" because they "have no interest in having the world gawk at them and treat them like freaks." Doc. 24 at p. 8.

Gilmore's complaint is the No true Scotsman fallacy and Defendant's reliance on it invites the Court to hold that The Satanic Temple's membership cannot be "real" Satanists because all "real" Satanists only subscribe to the Church of Satan. This line of argument is barred, and for good reason. *E.g. Jones v. Wolf*, 443 U.S. 595,

602 (1979); *Serbian E. Orthodox Diocese for the U.S. & Can. v. Milivojevich*, 426 U.S. 696, 709 (1976); *Presbyterian Church in the U.S. v. Mary Elizabeth Blue Hull Memorial Presbyterian Church*, 393 U.S. 440, 449 (1969); *Watson v. Jones*, 80 U.S. (13 Wall.) 679, 727 (1871).

It is not the role of this Court to resolve who the "real" Satanists are. This Court may inquire into whether Intervenors' beliefs are sincerely held, and whether they are "religious" in the Intervenors' scheme of things. *United States v. Seeger*, 380 U.S. 163, 184-85 (1965).

But Bugbee cannot testify from personal knowledge whether Intervenors do not "sincerely" subscribe to their beliefs. He cannot testify from personal knowledge whether Intervenors' beliefs are "religious" in the Intervenors' scheme of things. And he lacks any expert credentials to support the assertion that TST is not a religion "as that term is usually understood." Bugbee declaration at ¶ 24. All he can do is complain that TST does not subscribe to the Church of Satan's doctrine that participating in societal discussions is bad.

Moreover, the question of whether TST is a bona fide religion has already been tried before a court of competent jurisdiction and

has already been answered on the merits that TST is, in fact, a bona fide religion. *Satanic Temple v. City of Scottsdale*, No. CV18-00621-PHX-DGC, 2020 WL 587882, *6-*7 (D. Ariz. Feb. 6, 2020).

### 3:  Or, the Court should allow us to take a late deposition.

If the Court does not exclude Bugbee, the Court should grant leave for TST to take Bugbee's deposition, even though the discovery window has closed. FRCP 16(b)(4); Doc. 107 ("Discovery should be completed no later than **April 29, 2020**.")

Assuming for sake of argument that Bugbee's testimony is not excluded, good cause supports the need for a late subpoena. We were not apprised that Defendant intended to rely on Bugbee testimony to support his defenses until it was too late to take the deposition or subpoena documents. We have not attempted to take his testimony since the close of discovery because we foresee disputes which, the scheduling order explicitly states, will not be resolved. A subpoena without a threat of contempt is simply ineffective.

WHEREFORE Intervenors pray this Court enter an order

excluding Shane Bugbee as a witness, or allow a late subpoena for deposition testimony and documents.

|  | Respectfully submitted on November 16, 2021, on behalf of Intervenors |
|---|---|
| By: | Matthew A. Kezhaya, ABA # 2014161 |
|  | KEZHAYA LAW PLC |
|  | 1202 NE McClain Rd |
|  | Bentonville, AR 72712 |
| phone: | (479) 431-6112 |
| email: | matt@kezhaya.law |

### CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on November 16, 2021 which sends service to registered users, including all other counsel of record in this cause.

/s/ Matthew A. Kezhaya