IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| **DONNA CAVE**, *et al.* | | **PLAINTIFFS** |
| **ANNE ORSI**, *et al.*, and | **CASE NO.** 4:18-CV-342 | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE**, *et al.* | | **INTERVENORS** |
| *v.* | | |
| **JOHN THURSTON**, in his official capacity | | **DEFENDANT** |

### MOTION TO AMEND THE SCHEDULING ORDER TO ALLOW THE SUBPOENAS; AND FOR ORDER TO SHOW CAUSE

COME NOW Intervenors, by and through counsel of record, on motion to amend the scheduling order to allow the subpoenas; and for an order to show cause why State Rep. Hammer should not be held in contempt for refusing to comply with his subpoena. FRCP 16(b)(4); FRCP 45(g).

## ARGUMENT

### Factual background

On October 21, 2021, we learned that certain legislators used non-State email accounts to coordinate the installation of the Arkansas Ten Commandments Monument. See Doc. 171. We know that these same legislators had a hand in prohibiting our competing Baphomet monument. E.g. Doc. 89 at ¶ 23 and Doc. 99 at 14 (State Sen. Rapert has repeatedly and publicly stated that "It will be a very cold day in Hell before we are ever forced to put up [the Baphomet Monument]"); see also Act 274 of 2017 (the Usurping Act was introduced by State Rep. Hammer and State Sen. Rapert).

Based on the fact that these key legislators used non-State email accounts to install the Arkansas Ten Commandments Monument, we surmised that the same legislators used non-State email accounts to preclude the Baphomet Monument. On October 22, 2021, we issued subpoenas to them. EXHIBIT 1 (to State Sen. Rapert); EXHIBIT 2 (to State Rep. Hammer); EXHIBIT 3 (to State Sen. Ballinger).

We also noticed that, notwithstanding the *Orsi* Plaintiffs' report

that the AHHF complied with its agreement (doc. 167), we had no "financial records of the AHHF reflecting funds raised for the erection of a Ten Commandments monument on the state capitol grounds or the expenditure of any funds for the erection of the Ten Commandments monument on the state capitol grounds." Doc. 79-2 at 6.

The *Orsi* Plaintiffs subpoenaed this information. Id. But we believed that we lacked standing to assert contempt for noncompliance with the *Orsi* Plaintiffs' subpoena, so we issued a subpoena to the AHHF seeking the same information we sought from the legislators. EXHIBIT 4.

On October 22, we provided copies of the forthcoming subpoenas to the other counsel of record (and Paul Byrd for State Sen. Rapert and Travis Story for the AHHF) of the forthcoming subpoenas. We asked that the attorneys accept email service, but received no response. We issued service the following week.

On November 1, State Rep. Hammer accepted personal service. On November 8, per the agreement of counsel, State Sen. Rapert

accepted service (both personally and as registered agent for the AHHF) by personal delivery to his attorney's law firm. On November 15, State Sen. Ballinger agreed to accept emailed service through Dylan Jacobs, counsel of record for Defendant.

On November 17, Dylan Jacobs (attorney for Defendant) issued a response for State Rep. Hammer that he refused to comply with the subpoena. **EXHIBIT 5** (response for State Rep. Hammer). The basis for refusal was that the subpoena was not served before the discovery deadline. It also generically asserts a proportionality defense but offers no substantiating proof. And it also generically asserts claims of privilege but provides no privilege log.

## 1: Good cause supports amending the scheduling order.

State Rep. Hammer refuses to comply with the subpoena because the discovery period has closed. **Exhibit 5**, 1-2. Assuming for sake of argument that his objection is not time-barred, good cause supports amending the scheduling order to permit the subpoenas. FRCP 16(b)(4). When the modification is necessitated by acts of the

opponent's failure to act, relief has been deemed appropriate. Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed.).

Good cause exists because we timely attempted to procure this information. We attempted to procure all State correspondence of relevance to this case by issuing discovery requests to a constitutional officer of the State, who we correctly understood had the ability to procure all State correspondence about this case.

Good cause also exists because the opponents to this discovery caused the delay. We did not learn that the subpoenaed legislators were conducting State business on non-State email accounts until State Sen. Rapert issued documents in response to the *Orsi* Plaintiffs' subpoena. Those documents were not produced until well after the time for discovery had ended. Had Rapert timely complied the *Orsi* Plaintiffs' subpoena, we could have timely issued our follow-up subpoenas.

We have no interest in reopening discovery beyond permitting these subpoenas. We only seek this relevant evidence from these key decisionmakers, who caused the Arkansas Ten Commandments

monument to be placed and who caused the change in law which precluded our competing monument.

## 2: Hammer refuses to comply with the subpoena.

A show-cause order should issue because Hammer refuses to comply with the subpoena. When a nonparty is served with a subpoena duces tecum, he has three options: (1) he may comply with the subpoena; (2) he may serve an objection in accordance with Rule 45(d)(2)(B); or (3) he may move to quash or modify the subpoena in accordance with Rule 45(d)(3). E.g. *In re Hamrick*, No. 14-33814, 2015 WL 3965695, at *3 (Bankr. N.D. Ohio June 29, 2015); see also, generally, Rule 45. The failure to pursue any of these options subjects the witness to contempt. *Id.*; FRCP 45(g).

*2.1: All objections are waived because they are untimely.*

State Rep. Hammer did not comply with the subpoena, and he has not moved to quash or modify it. His sole effort to avoid contempt was to serve objections to the subpoena. **Exhibit 5**. This was deficient. Objections are due within 14 days of service. FRCP

45(d)(2)(B). His response was issued 17 days after service.

The tardiness might have even been arguably excusable, if the very attorney now raising the objections had not been given plenty of advanced notice of the subpoena. Because his objections were not timely raised, he waived all objections.

*2.2: The requests are relevant and not disproportionate.*

The refusal to provide the subpoenaed material may have been arguably excusable if the subpoena was "overbroad on its face and exceeds the bounds of fair discovery." *In re Hamrick*, 2015 WL 3965695 at *2.

The Court will recognize the description of the documents to be produced. They are nearly identical to the Requests for Production, nos. 1-7 and 14-15, which we issued to Defendant. Doc. 120-1 at 3-7. The Court already found these requests to be relevant and–just as Defendant–State Rep. Hammer offers nothing "to demonstrate the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents." Doc. 172 at,

e.g., p. 17. Thus, State Rep. Hammer waived any argument that the subpoena exceeds the bounds of fair discovery.

*2.3: There is no privilege log, so privilege is waived.*

The response also refuses to provide responsive documents on generic assertions of privilege. E.g. **Exhibit 5** at 3. Yet, just as Defendant, State Rep. Hammer offers no privilege log to substantiate the claim.

To justify withholding subpoenaed information under the claim that it is privileged, the person "*must*: (i) expressly make the claim; *and* (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." FRCP 45(e)(2) (emphasis added). The failure to produce a privilege log "results in waiver of the privilege." *In re Hamrick*, 2015 WL 3965695 at *2. By failing to produce a privilege log, State Rep. Hammer waived all claims to privilege.

### *2.4: A show-cause order is proper.*

There being no adequate excuse to obey the subpoena, State Rep. Hammer should be ordered to show cause why he should not be held in contempt for failing to comply. FRCP 45(g).

**WHEREFORE** Intervenors pray this Court enter an order amending the scheduling order to permit the tardy subpoenas and issuing an order for State Rep. Hammer to show cause why he should not be held in contempt for refusing to comply with his subpoena.

|  |  |
|---:|:---|
|  | Respectfully submitted on November 17, 2021, on behalf of Intervenors |
| By: | Matthew A. Kezhaya, ABA # 2014161 |
|  | **KEZHAYA LAW PLC** |
|  | 1202 NE McClain Rd |
|  | Bentonville, AR 72712 |
| phone: | (479) 431-6112 |
| facsimile: | (479) 282-2892 |
| email: | matt@kezhaya.law |

### CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on November 17, 2021 which sends service to registered users, including all other counsel of record in this cause.   /s/ Matthew A. Kezhaya