# EXHIBIT 1

Subpoena to State Sen. Rapert

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Arkansas

| | |
|---|---|
| Cave et al.; Levy et al.; The Satanic Temple et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 4:18-cv-00342-KGB |
| John Thurston, Arkansas Secretary of State, in his official capacity ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Stanley "Jason" Rapert

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment

| Place: Production shall be made electronically. See "Instructions" on the attachment. | Date and Time: 11/22/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____  /s/ Matthew A. Kezhaya
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* TST Intervenors _____, who issues or requests this subpoena, are:

Matthew A. Kezhaya; 1202 NE McClain Rd. Bentonville, AR 72712; matt@kezhaya.law; (479) 431-6112

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:18-cv-00342-KGB

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 4:18-cv-00342-KGB   Document 192-1   Filed 11/17/21   Page 4 of 10

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## INSTRUCTIONS

1. All documents shall be produced PDF format with searchable text, either to matt@kezhaya.law with copies to stu.dehaan@gmail.com and sonia@kezhaya.law or by a secured file sharing portal.

2. Emails shall be produced by opting to "save as" a PDF or "print to PDF."

3. All emails in a single thread shall be collated as one PDF file (e.g. by selecting "print all")

4. Other than applying optical character recognition, do not modify any files or data

5. To the extent any document is withheld in whole or in part on the assertion of privilege, provide a privilege log containing the following:

    (a) The general nature of the document;

    (b) The identity and position of its author;

    (c) The date it was written;

    (d) The identity and position of its addressee;

    (e) The identities and positions of all persons who were given or have received copies of it and the dates copies were received by them;

    (f) The document's present location and the identity and position of its custodian;

    (g) The specific request for production or requests for production to which the document is responsive; and

    (h) The specific reason or reasons why it has been withheld from production or disclosure.

6. To the extent any document is redacted in whole or in part, stamp the document "redacted" and separately log each redaction in the privilege log identified in ¶ 5, above.

7. If you object to a portion or aspect of any request, produce all documents responsive to the remainder of the request.

## DEFINITIONS

1. "Correspondence" includes all written communications in your possession, custody, or control, regardless of whether it is in the form of a physical letter, an email, a text message, a memorandum, a direct message through Twitter, a direct message through Facebook, or any other form of the written word. If a document is transmitted along with the Correspondence (e.g. an attachment to an email), the document is "Correspondence."

2. A "General Assembly Member" is a member of the Arkansas legislature and includes both the individual office holder and all of their staff.

3. The "AHHF" is the "American History & Heritage Foundation, Inc.," an Arkansas corporation, filing number 811087865, incorporated on October 19, 2015.

4. "First Liberty" is the "First Liberty Institute," (dba "First Liberty"), a Texas corporation, EIN 75-1403169, Texas SOS File No. 0031658301, incorporated on December 13, 1972.

5. "Liberty Justice Center" is an Illinois corporation, EIN 45-4204425, Illinois SOS File No. 68094798, incorporated on October 25, 2011.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NUMBER 1:** Produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, which contains any of the following "Devil" category words or phrases:

(a) Satan

(b) Satanic

(c) Satanist

(d) Satanists

(e) Baphomet

(f) Devil

   (g) Devils

   (h) Hail Satan

**REQUEST FOR PRODUCTION NUMBER 2:** Produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, which contains any of the following "People" category words or phrases:

   (a) Doug Misicko

   (b) Doug Mesner

   (c) Lucien Greaves

   (d) Cevin Soling

   (e) Kevin Soling

   (f) Malcolm Jarry

   (g) Malcolm Jerry

   (h) Erika Robbins

   (i) Mason Hargett

   (j) Harold Cronk

   (k) Shane Bugbee

**REQUEST FOR PRODUCTION NUMBER 3:** Produce all Correspondence, sent or received sent during the period beginning January 1, 2015 to present, which contains any of the following "Attorney" category words or phrases:

   (a) Stu de Haan

   (b) Stu deHaan

   (c) Matthew A. Kezhaya

   (d) Matt Kezhaya

   (e) Sonia A. Kezhaya

    (f)  Sonia Kezhaya

    (g)  Josie N. Graves

    (h)  Josie Graves

**REQUEST FOR PRODUCTION NUMBER 4:** Produce all Correspondence, sent or received sent during the period beginning January 1, 2015 to present, which contains any of the following "Organizational" category words or phrases:

    (a)  Church of Satan

    (b)  COS

    (c)  The Satanic Temple

    (d)  TST

    (e)  United Federation of Churches

    (f)  Reason Alliance Ltd.

    (g)  Alliance for Self-Directed Education

    (h)  Spectacle Films

    (i)  Cinephobia

    (j)  Pure Flix Entertainment

    (k)  First Liberty

    (l)  Liberty Institute

    (m)  American Heritage and History Foundation

    (n)  Liberty Justice Center

**REQUEST FOR PRODUCTION NUMBER 5:** Produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, which contains any of the following "Satanic events" category words or phrases:

    (a)  Rally for Governor Rick Scott

(b) Pink Mass

(c) Protect Children Project

(d) Black Mass at Harvard

(e) After School Satan Club

(f) Grey Faction

(g) The Unveiling

(h) Rally for Religious Liberty

(i) Devil's Renaissance

**REQUEST FOR PRODUCTION NUMBER 6:** Produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, which contains any of the following "Monuments" category words or phrases:

(a) Ten Commandments

(b) Baphomet

(c) Hanuman

(d) Saline Atheist and Skeptic Society

(e) Gold Star Families

**REQUEST FOR PRODUCTION NUMBER 7:** To the extent not produced pursuant to the above, produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, that relates to The Satanic Temple or its activities.

**REQUEST FOR PRODUCTION NUMBER 8:** To the extent not produced pursuant to the above, produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, that relates to First Liberty or its activities.

**REQUEST FOR PRODUCTION NUMBER 9:** To the extent not produced pursuant to the above, produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, that relates to AHHF or its activities.

**REQUEST FOR PRODUCTION NUMBER 10:** To the extent not produced pursuant to the above, produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, that relates to The Ten Commandments Monument Display Act (Act 1231 of 2015 / SB939 of 2015).

**REQUEST FOR PRODUCTION NUMBER 11:** To the extent not produced pursuant to the above, produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, that relates to The Usurping Act (Act 274 of 2017 / HB1273 of 2017).

**REQUEST FOR PRODUCTION NUMBER 12:** To the extent not produced pursuant to the above, produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, that relates to The Satanic Temple's Baphomet Monument.

**REQUEST FOR PRODUCTION NUMBER 13:** To the extent not produced pursuant to the above, produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, that relates to The Satanic Temple or its activities.

**REQUEST FOR PRODUCTION NUMBER 14:** All financial records of the AHHF reflecting funds raised for the erection of a Ten Commandments monument on the state capitol grounds or the expenditure of any funds for the erection of the Ten Commandments monument on the state capitol grounds.

|  |  |
|---|---|
|  | Propounded on October 29, 2021 |
| By: | /s/ Matthew A. Kezhaya, ABA # 2014161 |
|  | **KEZHAYA LAW PLC** |
|  | 1202 NE McClain Rd |
|  | Bentonville, AR 72712 |
| phone: | (479) 431-6112 |
| facsimile: | (479) 282-2892 |
| email: | matt@kezhaya.law |