# EXHIBIT 5

State Rep. Hammer response to subpoena

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

DONNA CAVE, JUDITH LANSKY,                              **PLAINTIFFS**
PAT PIAZZA, and SUSAN RUSSELL

ANNE ORSI, AMERICAN HUMANIST                  **CONSOLIDATED PLAINTIFFS**
ASSOCIATION, FREEDOM FROM
RELIGION FOUNDATION, INC.,
ARKANSAS SOCIETY OF FREETHINKERS,
JOAN DIETZ, GALE STEWART, RABBI
EUGENE LEVY, REV. VICTOR H. NIXON,
TERESA GRIDER, and WALTER RIDDICK

THE SATANIC TEMPLE, DOUG MISICKO                     **INTERVENORS**
aka "LUCIEN GREAVES," and ERIKA
ROBBINS

**v.**                      **No. 4:18CV00342 KGB/BD**

JOHN THURSTON, Arkansas Secretary of State,
in his official capacity                                    **DEFENDANT**

**ARKANSAS STATE SENATOR KIM HAMMER'S RESPONSES TO
INTERVENORS' SUBPOENA *DUCES TECUM***

Respondent Arkansas State Senator Kim Hammer, through counsel, states for his

Response to Intervenors' Subpoena as follows:

**GENERAL OBJECTIONS TO INSTRUCTIONS AND DEFINTIONS**

Respondent objects to the Instructions and Definitions contained in the Intervenors'

Requests for Production of Documents to the extent such Instructions and Definitions place upon

Defendant demands and obligations that would exceed the scope of Defendant's responsibility to

respond to the requests under applicable Federal Rules of Civil Procedure.

**GENERAL OBJECTIONS TO THE VALIDITY OF THE SUBPOENA**

In its Final Scheduling Order dated February 10, 2020, the Court set the deadline for

discovery as April 29, 2020.  Doc. 107 at 2.  The Court has not entered an order extending that

deadline, which expired nearly eighteen months ago.  Yet Intervenors served Respondent with a subpoena *duces tecum* despite the deadline for doing so having passed.  Courts have held that a "subpoena that seeks documents under Federal Rule of Civil Procedure 45 is a discovery device subject to the same deadlines as other forms of discovery set forth in the court's scheduling order." *Fabery v. Mid-South OB-GYN*, No. 06-2136 D/P, 2000 WL 35641544, at *1 (WD Tenn. May 15, 2008) (collecting cases).

Given that Intervenors' subpoena was issued and served well outside of the timeline provided for by the Court, and without a Court order directing that it be propounded, it is invalid. Respondent will therefore not produce documents in response to the subpoena.

Out of an abundance of caution, Respondent will nevertheless assert individual objections to each of Intervenors' Requests for Production.

**REQUEST FOR PRODUCTION NO. 1:**  Produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, to or from any General Assembly Member or the Governor which contain any of the following "Devil" category words or phrases:

    (a) Satan

    (b) Satanic

    (c) Satanist

    (d) Satanists

    (e) Baphomet

    (f) Devil

    (g) Devils

    (h) Hail Satan

**RESPONSE NO. 1:**  Respondent objects that the request is overbroad, seeks information not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to the needs of the case, as the following facts illustrate.  Intervenors' definition of "Correspondence" is incredibly overbroad, as it requests "any . . . form of written word" sent or received since January 1, 2015 containing any of the above terms.  Intervenors' request is especially burdensome and disproportionate to the needs of the case given the fact that Respondent is a Christian minister.  Many Christian texts, most notably the Bible, contain references to "Satan" or the "Devil."  As worded, Intervenors' request would appear to compel production of a copy of every religious text Respondent has sent or received to any General Assembly member or legislative employee since 2015 containing those terms.  Additionally, the request would compel production of communications postdating the legislative approval and subsequent erection of the Ten Commandments Monument by years, long after any potential relevance to any party's claim or defense.

 Given that overbreadth, there are no grounds to justify the request, which can only amount to an attempt to annoy or harass Respondent.  In any event, the burden and expense of the proposed discovery far outweighs its likely benefit.

Although Respondent will not produce documents responsive to this request, Respondent objects to the request to the extent it seeks documents that are subject to attorney-client privilege or are attorney work product.  Respondent also asserts that common law legislative privilege (referred to in some cases as a "deliberative-process privilege") protects from disclosure all legislative communications between members of the General Assembly.  *See* Doc. 172 at 8-10.  Should production of documents responsive to this request be compelled, Respondent will

provide a privilege log pursuant to Rule 26 and supplement his responses accordingly to identify

any documents withheld on the basis of any privilege.

**REQUEST FOR PRODUCTION NO. 2:**  Produce all Correspondence, sent or received

during the period beginning January 1, 2015 to present, to or from any General Assembly

Member, the Governor, or the Secretary of State, which contain any of the following "People"

category words or phrases:

(a) Doug Misicko

(b) Doug Mesner

(c) Lucien Greaves

(d) Cevin Soling

(e) Kevin Soling

(f) Malcolm Jarry

(g) Malcolm Jerry

(h) Erika Robbins

(i) Mason Hargett

(j) Harold Cronk

(k) Shane Bugbee

**RESPONSE NO. 2:**  Respondent objects that the request is overbroad, seeks information

not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to

the needs of the case.  Intervenors' definition of "Correspondence" is incredibly overbroad, as it

requests "any . . . form of written word" sent or received since January 1, 2015 containing any of

the above terms.  Additionally, the request would compel production of communications

4

postdating the legislative approval and subsequent erection of the Ten Commandments Monument by years, long after any potential relevance to any party's claim or defense.

Given that overbreadth, there are no grounds to justify the request, which can only amount to an attempt to annoy or harass Respondent.  In any event, the burden and expense of the proposed discovery far outweighs its likely benefit.

Although Respondent will not produce documents responsive to this request, Respondent objects to the request to the extent it seeks documents that are subject to attorney-client privilege or are attorney work product.  Respondent also asserts that common law legislative privilege (referred to in some cases as a "deliberative-process privilege") protects from disclosure all legislative communications between members of the General Assembly.  *See* Doc. 172 at 8-10. Should production of documents responsive to this request be compelled, Respondent will provide a privilege log pursuant to Rule 26 and supplement his responses accordingly to identify any documents withheld on the basis of any privilege.

**REQUEST FOR PRODUCTION NO. 3:**  Produce all Correspondence, sent or received sent during the period beginning January 1, 2015 to present, to or from any General Assembly Member, the Governor, or the Secretary of State, which contain any of the following "People" category words or phrases:

(a) Stu de Haan

(b) Stu deHaan

(c) Matthew A. Kezhaya

(d) Matt Kezhaya

(e) Sonia A. Kezhaya

(f) Sonia Kezhaya

(g) Josie N. Graves

(h) Josie Graves

**RESPONSE NO. 3:**  Respondent objects that the request is overbroad, seeks information not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to the needs of the case.  Intervenors' definition of "Correspondence" is incredibly overbroad, as it requests "any . . . form of written word" sent or received since January 1, 2015 containing any of the above terms.  Additionally, the request would compel production of communications postdating the legislative approval and subsequent erection of the Ten Commandments Monument by years, long after any potential relevance to any party's claim or defense.

 Given that overbreadth, there are no grounds to justify the request, which can only amount to an attempt to annoy or harass Respondent.  In any event, the burden and expense of the proposed discovery far outweighs its likely benefit.

Although Respondent will not produce documents responsive to this request, Respondent objects to the request to the extent it seeks documents that are subject to attorney-client privilege or are attorney work product.  Respondent also asserts that common law legislative privilege (referred to in some cases as a "deliberative-process privilege") protects from disclosure all legislative communications between members of the General Assembly.  *See* Doc. 172 at 8-10. Should production of documents responsive to this request be compelled, Respondent will provide a privilege log pursuant to Rule 26 and supplement his responses accordingly to identify any documents withheld on the basis of any privilege.

**REQUEST FOR PRODUCTION NO. 4:**  Produce all Correspondence, sent or received sent during the period beginning January 1, 2015 to present, to or from any General

Assembly Member, the Governor, or the Secretary of State, which contain any of the following

"Organizational" category words or phrases:

(a) Church of Satan

(b) COS

(c) The Satanic Temple

(d) TST

(e) United Federation of Churches

(f) Reason Alliance Ltd.

(g) Alliance for Self-Directed Education

(h) Spectacle Films

(i) Cinephobia

(j) Pure Flix Entertainment

(k) First Liberty

(l) Liberty Institute

(m) American Heritage and History Foundation

(n) Liberty Justice Center

**RESPONSE NO. 4:**  Respondent objects that the request is overbroad, seeks information

not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to

the needs of the case.  Intervenors' definition of "Correspondence" is incredibly overbroad, as it

requests "any . . . form of written word" sent or received since January 1, 2015 containing any of

the above terms.  Additionally, the request would compel production of communications

postdating the legislative approval and subsequent erection of the Ten Commandments

Monument by years, long after any potential relevance to any party's claim or defense.

7

Given that overbreadth, there are no grounds to justify the request, which can only amount to an attempt to annoy or harass Respondent.  In any event, the burden and expense of the proposed discovery far outweighs its likely benefit.

Although Respondent will not produce documents responsive to this request, Respondent objects to the request to the extent it seeks documents that are subject to attorney-client privilege or are attorney work product.  Respondent also asserts that common law legislative privilege (referred to in some cases as a "deliberative-process privilege") protects from disclosure all legislative communications between members of the General Assembly.  *See* Doc. 172 at 8-10. Should production of documents responsive to this request be compelled, Respondent will provide a privilege log pursuant to Rule 26 and supplement his responses accordingly to identify any documents withheld on the basis of any privilege.  Respondent also notes that the American History and Heritage Foundation may have privileges they wish to assert at such time.

**REQUEST FOR PRODUCTION NO. 5:**  Produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, to or from any General Assembly Member, the Governor, or the Secretary of State, which contain any of the following "Satanic events" category words or phrases:

   (a)  Rally for Governor Rick Scott

   (b)  Pink Mass

   (c)  Protect Children Project

   (d)  Black Mass at Harvard

   (e)  After School Satan Club

   (f)  Grey Faction

   (g)  The Unveiling

8

(h) Rally for Religious Liberty

(i) Devil's Renaissance

**RESPONSE NO. 5:**  Respondent objects that the request is overbroad, seeks information not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to the needs of the case.  Intervenors' definition of "Correspondence" is incredibly overbroad, as it requests "any . . . form of written word" sent or received since January 1, 2015 containing any of the above terms.  Additionally, the request would compel production of communications postdating the legislative approval and subsequent erection of the Ten Commandments Monument by years, long after any potential relevance to any party's claim or defense.

 Given that overbreadth, there are no grounds to justify the request, which can only amount to an attempt to annoy or harass Respondent.  In any event, the burden and expense of the proposed discovery far outweighs its likely benefit.

Although Respondent will not produce documents responsive to this request, Respondent objects to the request to the extent it seeks documents that are subject to attorney-client privilege or are attorney work product.  Respondent also asserts that common law legislative privilege (referred to in some cases as a "deliberative-process privilege") protects from disclosure all legislative communications between members of the General Assembly.  *See* Doc. 172 at 8-10. Should production of documents responsive to this request be compelled, Respondent will provide a privilege log pursuant to Rule 26 and supplement his responses accordingly to identify any documents withheld on the basis of any privilege.

**REQUEST FOR PRODUCTION NO. 6:**  Produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, to or from any General

Assembly Member, the Governor, or the Secretary of State, which contain any of the following "Monuments" category words or phrases:

    (a)  Ten Commandments

    (b)  Baphomet

    (c)  Hanuman

    (d)  Saline Atheist and Skeptic Society

    (e)  Gold Star Families

    **RESPONSE NO. 6:**  Respondent objects that the request is overbroad, seeks information not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to the needs of the case.  Intervenors' definition of "Correspondence" is incredibly overbroad, as it requests "any . . . form of written word" sent or received since January 1, 2015 containing any of the above terms.  Additionally, the request would compel production of communications postdating the legislative approval and subsequent erection of the Ten Commandments Monument by years, long after any potential relevance to any party's claim or defense.

     Given that overbreadth, there are no grounds to justify the request, which can only amount to an attempt to annoy or harass Respondent.  In any event, the burden and expense of the proposed discovery far outweighs its likely benefit.

    Although Respondent will not produce documents responsive to this request, Respondent objects to the request to the extent it seeks documents that are subject to attorney-client privilege or are attorney work product.  Respondent also asserts that common law legislative privilege (referred to in some cases as a "deliberative-process privilege") protects from disclosure all legislative communications between members of the General Assembly.  *See* Doc. 172 at 8-10.  Should production of documents responsive to this request be compelled, Respondent will

provide a privilege log pursuant to Rule 26 and supplement his responses accordingly to identify any documents withheld on the basis of any privilege.

**REQUEST FOR PRODUCTION NO. 7:**  To the extent not produced pursuant to the above, produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, that relates to The Satanic Temple or its activities.

**RESPONSE NO. 7:**  Respondent objects that the request is overbroad, seeks information not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to the needs of the case.  Intervenors' definition of "Correspondence" is incredibly overbroad, as it requests "any . . . form of written word" sent or received since January 1, 2015 relating to the Satanic Temple.  Additionally, the request would compel production of communications postdating the legislative approval and subsequent erection of the Ten Commandments Monument by years, long after any potential relevance to any party's claim or defense.

Given that overbreadth, there are no grounds to justify the request, which can only amount to an attempt to annoy or harass Respondent.  In any event, the burden and expense of the proposed discovery far outweighs its likely benefit.

Although Respondent will not produce documents responsive to this request, Respondent objects to the request to the extent it seeks documents that are subject to attorney-client privilege or are attorney work product.  Respondent also asserts that common law legislative privilege (referred to in some cases as a "deliberative-process privilege") protects from disclosure all legislative communications between members of the General Assembly.  *See* Doc. 172 at 8-10. Should production of documents responsive to this request be compelled, Respondent will provide a privilege log pursuant to Rule 26 and supplement his responses accordingly to identify any documents withheld on the basis of any privilege.

11

**REQUEST FOR PRODUCTION NO. 8:**  To the extent not produced pursuant to the above, produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, that relates to First Liberty or its activities.

**RESPONSE NO. 8:**  Respondent objects that the request is overbroad, seeks information not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to the needs of the case.  Intervenors' definition of "Correspondence" is incredibly overbroad, as it requests "any . . . form of written word" sent or received since January 1, 2015 relating to First Liberty.  Additionally, the request would compel production of communications postdating the legislative approval and subsequent erection of the Ten Commandments Monument by years, long after any potential relevance to any party's claim or defense.

 Given that overbreadth, there are no grounds to justify the request, which can only amount to an attempt to annoy or harass Respondent.  In any event, the burden and expense of the proposed discovery far outweighs its likely benefit.

Although Respondent will not produce documents responsive to this request, Respondent objects to the request to the extent it seeks documents that are subject to attorney-client privilege or are attorney work product.  Respondent also asserts that common law legislative privilege (referred to in some cases as a "deliberative-process privilege") protects from disclosure all legislative communications between members of the General Assembly.  *See* Doc. 172 at 8-10.  Should production of documents responsive to this request be compelled, Respondent will provide a privilege log pursuant to Rule 26 and supplement his responses accordingly to identify any documents withheld on the basis of any privilege.

**REQUEST FOR PRODUCTION NO. 9:**  To the extent not produced pursuant to the above, produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, that relates to AHHF or its activities.

**RESPONSE NO. 9:**  Respondent objects that the request is overbroad, seeks information not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to the needs of the case.  Intervenors' definition of "Correspondence" is incredibly overbroad, as it requests "any . . . form of written word" sent or received since January 1, 2015 relating to the American History and Heritage Foundation.  Additionally, the request would compel production of communications postdating the legislative approval and subsequent erection of the Ten Commandments Monument by years, long after any potential relevance to any party's claim or defense.

 Given that overbreadth, there are no grounds to justify the request, which can only amount to an attempt to annoy or harass Respondent.  In any event, the burden and expense of the proposed discovery far outweighs its likely benefit.

Although Respondent will not produce documents responsive to this request, Respondent objects to the request to the extent it seeks documents that are subject to attorney-client privilege or are attorney work product.  Respondent also asserts that common law legislative privilege (referred to in some cases as a "deliberative-process privilege") protects from disclosure all legislative communications between members of the General Assembly.  *See* Doc. 172 at 8-10.  Should production of documents responsive to this request be compelled, Respondent will provide a privilege log pursuant to Rule 26 and supplement his responses accordingly to identify any documents withheld on the basis of any privilege.  Respondent also notes that the American History and Heritage Foundation may have privileges they wish to assert at such time.

**REQUEST FOR PRODUCTION NO. 10:**  To the extent not produced pursuant to the above, produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, that relates to The Ten Commandments Monument Display Act (Act 1231 of 2015 / SB939 of 2015).

**RESPONSE NO. 10:**  Respondent objects that the request is overbroad, seeks information not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to the needs of the case.  Intervenors' definition of "Correspondence" is incredibly overbroad, as it requests "any . . . form of written word" sent or received since January 1, 2015 relating to Act 1231 of 2015.  Additionally, the request would compel production of communications postdating the legislative approval and subsequent erection of the Ten Commandments Monument by years, long after any potential relevance to any party's claim or defense.

Although Respondent will not produce documents responsive to this request, Respondent objects to the request to the extent it seeks documents that are subject to attorney-client privilege or are attorney work product.  Respondent also asserts that common law legislative privilege (referred to in some cases as a "deliberative-process privilege") protects from disclosure all legislative communications between members of the General Assembly.  *See* Doc. 172 at 8-10.  Should production of documents responsive to this request be compelled, Respondent will provide a privilege log pursuant to Rule 26 and supplement his responses accordingly to identify any documents withheld on the basis of any privilege.

**REQUEST FOR PRODUCTION NO. 11:**  To the extent not produced pursuant to the above, produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, that relates to The Usurping Act (Act 274 of 2017 / HB1273 of 2017).

14

**RESPONSE NO. 11:**  Respondent objects that the request is overbroad, seeks information not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to the needs of the case.  Intervenors' definition of "Correspondence" is incredibly overbroad, as it requests "any . . . form of written word" sent or received since January 1, 2015 relating to Act 274 of 2017.  Additionally, the request would compel production of communications postdating the legislative approval and subsequent erection of the Ten Commandments Monument by years, long after any potential relevance to any party's claim or defense.

Although Respondent will not produce documents responsive to this request, Respondent objects to the request to the extent it seeks documents that are subject to attorney-client privilege or are attorney work product.  Respondent also asserts that common law legislative privilege (referred to in some cases as a "deliberative-process privilege") protects from disclosure all legislative communications between members of the General Assembly.  *See* Doc. 172 at 8-10. Should production of documents responsive to this request be compelled, Respondent will provide a privilege log pursuant to Rule 26 and supplement his responses accordingly to identify any documents withheld on the basis of any privilege.

**REQUEST FOR PRODUCTION NO. 12:**  To the extent not produced pursuant to the above, produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, that relates to The Satanic Temple's Baphomet Monument.

**RESPONSE NO. 12:** Respondent objects that the request is overbroad, seeks information not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to the needs of the case.  Intervenors' definition of "Correspondence" is incredibly overbroad, as it requests "any . . . form of written word" sent or received since

15

January 1, 2015 relating to the "Baphomet Monument."  Additionally, the request would compel production of communications postdating the legislative approval and subsequent erection of the Ten Commandments Monument by years, long after any potential relevance to any party's claim or defense.

Although Respondent will not produce documents responsive to this request, Respondent objects to the request to the extent it seeks documents that are subject to attorney-client privilege or are attorney work product.  Respondent also asserts that common law legislative privilege (referred to in some cases as a "deliberative-process privilege") protects from disclosure all legislative communications between members of the General Assembly.  *See* Doc. 172 at 8-10. Should production of documents responsive to this request be compelled, Respondent will provide a privilege log pursuant to Rule 26 and supplement his responses accordingly to identify any documents withheld on the basis of any privilege.

**REQUEST FOR PRODUCTION NO. 13:**  To the extent not produced pursuant to the above, produce all Correspondence, sent or received during the period beginning January 1, 2015 to present, that relates to The Satanic Temple or its activities.

**ANSWER NO. 13:**  Respondent notes that this request is duplicative of Request No. 7.

Respondent objects that the request is overbroad, seeks information not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to the needs of the case. Intervenors' definition of "Correspondence" is incredibly overbroad, as it requests "any . . . form of written word" sent or received since January 1, 2015 relating to the Satanic Temple. Additionally, the request would compel production of communications postdating the legislative approval and subsequent erection of the Ten Commandments Monument by years, long after any potential relevance to any party's claim or defense.

16

Although Respondent will not produce documents responsive to this request, Respondent objects to the request to the extent it seeks documents that are subject to attorney-client privilege or are attorney work product.  Respondent also asserts that common law legislative privilege (referred to in some cases as a "deliberative-process privilege") protects from disclosure all legislative communications between members of the General Assembly.  *See* Doc. 172 at 8-10.  Should production of documents responsive to this request be compelled, Respondent will provide a privilege log pursuant to Rule 26 and supplement his responses accordingly to identify any documents withheld on the basis of any privilege.

**REQUEST FOR PRODUCTION NO. 14:**  All financial records of the AHHF reflecting funds raised for the erection of a Ten Commandments monument on the state capitol grounds or the expenditure of any funds for the erection of the Ten Commandments monument on the state capitol grounds.

**RESPONSE NO. 14:**  Defendant notes that this Request is duplicative of Request for Production No. 9.

Respondent objects that the request is overbroad, seeks information not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to the needs of the case.  Intervenors' definition of "Correspondence" is incredibly overbroad, as it requests "any . . . form of written word" sent or received since January 1, 2015 relating to the American History and Heritage Foundation.  Additionally, the request would compel production of communications postdating the legislative approval and subsequent erection of the Ten Commandments Monument by years, long after any potential relevance to any party's claim or defense.

17

Given that overbreadth, there are no grounds to justify the request, which can only amount to an attempt to annoy or harass Respondent.  In any event, the burden and expense of the proposed discovery far outweighs its likely benefit.

Although Respondent will not produce documents responsive to this request, Respondent objects to the request to the extent it seeks documents that are subject to attorney-client privilege or are attorney work product.  Respondent also asserts that common law legislative privilege (referred to in some cases as a "deliberative-process privilege") protects from disclosure all legislative communications between members of the General Assembly.  *See* Doc. 172 at 8-10. Should production of documents responsive to this request be compelled, Respondent will provide a privilege log pursuant to Rule 26 and supplement his responses accordingly to identify any documents withheld on the basis of any privilege.  Respondent also notes that the American History and Heritage Foundation may have privileges they wish to assert at such time.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

*/s/ Dylan L. Jacobs*
Dylan L. Jacobs (2016167)
  Assistant Solicitor General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph: (501) 682-2007
Fax: (501) 682-2591
Email: Dylan.Jacobs@ArkansasAG.gov

*Attorney for Respondent Kim Hammer*

## CERTIFICATE OF SERVICE

I, Dylan L. Jacobs, hereby certify that on November 17, 2021 I served the foregoing by email to counsel the Satanic Temple Intervenors, as instructed by the subpoena:

Matthew A. Kezhaya
matt@kezhaya.law, copies to stu.dehaan@gmail.com and sonia@kezhaya.law
*Attorney for Satanic Temple Intervenors*

*/s/ Dylan L. Jacobs*
Dylan L. Jacobs

19