IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| **DONNA CAVE**, *et al.* | | **PLAINTIFFS** |
| **ANNE ORSI**, *et al.*, and | **CASE NO.** 4:18-CV-342 | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE**, *et al.* | | **INTERVENORS** |
| *v.* | | |
| **JOHN THURSTON**, in his official capacity | | **DEFENDANT** |

**INTERVENORS' RESPONSE TO DEFENDANT'S MOTION FOR RELIEF CONCERNING REMAINING DISCOVERY ISSUES**

**COME NOW** Intervenors, by and through counsel of record, with a response in objection to Defendant's "motion for relief concerning remaining discovery issues." Doc. 181. The bulk of it is a motion to compel disguised as a motion for relief, and asks the Court to take up new issues which Defendant did not even address in its letter asserting discover deficiencies. The Court should deny the motion.

## Argument

### 1: The Court did not miss anything in its ruling.

Defendant asks for the Court for relief from its order because, ostensibly, "Defendant's Third Requests … follow up on [TST's 30(b)(6)] testimony." Doc. 181 at 2. Defendant misstates the timeline. The requests were sent a over one month *before* the deposition they purportedly "follow up" on. Compare Doc. 124-5 at 5 (the third set of discovery requests were sent on January 29, 2020) with Doc. 124-7 at 1 (TST's deposition took place on March 10, 2020).

### 1.1: Third requests for production nos. 1-3.

Defendant's third requests for production is rooted in the premise that the affiliate entities "place[d] matters in issue by filing a lawsuit." Doc. 181 at 3. This is a faulty premise because the affiliate entities are not parties to this lawsuit. The party is "The Satanic Temple." **Exhibit 1** at 1 ("The *exact name* of the corporation is: THE SATANIC TEMPLE") (emphasis added). Because the affiliate entities have not placed any matters in issue by filing a lawsuit, Defendant's

argument falls apart.

Instead, Defendant filed a motion seeking an order requiring The Satanic Temple "to produce current bylaws, operating agreements, or analogous documents." Doc. 124 at 10. We have already done that. On September 5, 2019, we produced the articles of incorporation. **Exhibit 2** ("TST Articles.pdf"). On April 20, 2020, we provided the current bylaws, as ordered. See doc. 116 at 20 (order to produce the current bylaws). And, twice now, the Court denied the request to produce all affiliates' organizational documents. Doc. 116 at 20 and doc. 172 at 33-34.

The "motion for relief" offers no credible explanation for what else is outstanding. Had Defendant issued a good faith letter asserting any perceived deficiencies, the issue could have been resolved without wasting the Court's time. That didn't happen. Doc. 124-4 (taking issue with third RFPs no. 8 and 9 and not RFPs no. 1-3). The Court should deny the motion for relief and award attorney's fees for having to respond to it.

*1.2: Third requests for production nos. 4-6.*

Next, Defendant slips in a new motion to compel. Doc. 181 at 4-5. Nowhere in the original motion to compel did Defendant address requests for production nos. 4-6. See Doc. 124. The Court instructed as follows: "To the extent the parties believe there are additional issues *raised in their filings* not addressed by the Court in its ruling, the parties may so inform the Court and request a ruling." Doc. 172 at 36 (emphasis added). Because Defendant did not raise these issues in the original (or any preceding) motion to compel, the Court should deny the motion.

To recap, Defendant sought to compel tax records based on a lie that the Court "clearly and specifically required [T]he Satanic Temple to produce tax information." Doc. 124 at 9. The Court corrected Defendant's understanding and denied the request. Doc. 172 at 33-34 ("The Court did not orally modify Request for Production No. 3 as Secretary Thurston contends; the Court that new requests for production seeking such information be propounded by Secretary Thurston.")

Defendant also sought correspondence between TST's directors and TST's local participants. Doc. 124 at 10-12. For which, the Court directed the production of a privilege log. Doc. 172 at 35.

Last, Defendant sought to compel production of Greaves's remarks at the unveiling of the Baphomet monument. Doc. 124 at 12-13. The Court denied that motion. Doc. 172 at 35.

Because Defendant did not move the Court to compel production of the documents sought in requests for production nos. 4-6, the motion for "relief" is inapposite. Nor is a motion to compel proper. Defendant did not address these issues in its "good faith" effort to avoid a discovery dispute, as required to bring a motion to compel. Doc. 124-4; see FRCP 37(a)(1) and LR 7.2(g). Thus, the Court should deny the motion and award reasonable attorney's fees for having to respond to it.

*1.3: Third request for production no. 5.*

Same as above, Defendant brings a new motion to compel under the false guise of a motion for relief. Doc. 181 at 5-6. Nowhere in

the motion to compel (doc. 120) does Defendant seek to enforce third request for production no. 5. Nor did Defendant address this issue in its "good faith" effort to avoid a discovery dispute. Doc. 124-4. The Court should deny the motion and award reasonable attorney's fees for having to respond to it.

## 2: There is no "right" to move for reconsideration.

Defendant asserts the "right" to move the Court to reconsider the order declining to compel Defendant's first request for production 2. Doc. 181 at 6. A motion to reconsider is just a misnomer for a Rule 60 motion. See FRCP 60(b). Relief from an order is a matter of discretion, not a perpetual cloud on the finality of a decision. There is no "right" to reserve, a party either has the information on hand to convince the Court to change position, or it doesn't.

**WHEREFORE** Intervenors pray this Court deny Defendant's motion and award a reasonable attorney's fee for having to respond. FRCP 37(a)(5)(B).

            Respectfully submitted on
            November 19, 2021,
            on behalf of Intervenors
   By:  Matthew A. Kezhaya, ABA # 2014161
            **Kezhaya Law PLC**
            1202 NE McClain Rd
            Bentonville, AR 72712
 phone:  (479) 431-6112
  email:  matt@kezhaya.law

## CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on November 19, 2021 which sends service to registered users, including all other counsel of record in this cause.

/s/ Matthew A. Kezhaya