IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DONNA CAVE, et al.,     PLAINTIFFS

ANNE ORSI, et al.,     CONSOLIDATED PLAINTIFFS

v.     Case No. 4:18-CV-00342-KGB

JOHN THRUSTON,
Arkansas Secretary of State

In his Official Capacity     DEFENDANT

### NON-PARTY WITNESS SENATOR JOHN RAPERT'S MOTION TO QUASH INTEVENOR'S SUBPOENA; OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER WITH INCORPORATED BRIEF

COMES NOW, Respondent Stanley Jason Rapert, in his individual capacity, and through his undersigned counsel, files this Motion to Quash Plaintiff Intervenor's Subpoena, pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure and respectfully represents as follows:

I.     **ARGUMENT**

A. **INTRODUCTION**

Respondent and nonparty Stanley Jason Rapert, in his individual capacity, prays this Honorable Court Quash Intervenors', the Satanic Temple, et. al., subpoena *duces tecum*, or in the alternative, issue a protective order under which Respondent and nonparty Stanley Jason Rapert's responses are submitted to Intervenors because the subpoena was issued to nonparty Respondent more than a year after the discovery deadline in this instant case expired, and the requests for production issued in the subpoena is unduly burdensome and costly for compliance by a nonparty.

B. **THE SUBPOENA DEADLINE EXPIRED MORE THAN A YEAR AGO**

In its Final Scheduling Order dated February 10, 2020, the Court set the cutoff deadline for discovery as April 29, 2020. (Dck. 107 at 2). The Court has not entered an order extending that

deadline, which expired well-over one year ago. Still, Intervenors served Respondent with a subpoena *duces tecum* on November 8, 2021, despite the deadline for doing so having passed. Courts have held that a "subpoena that seeks documents under Federal Rule of Civil Procedure 45 is a discovery device subject to the same deadlines as other forms of discovery set forth in the court's scheduling order." *Fabery v. Mid-South OB-GYN*, No. 06-2136 D/P, 2000 WL 35641544, at *1 (WD Tenn. May 15, 2008) (collecting cases).

Additionally, this Court has already expressed an urgency to move this case forward and a demand for all parties to meet existing deadlines established by the Court. As such, the subpoena served on Respondent is in contravention of the law and this Court's requests. Respondent therefore objects to the production of information requested in the tardy subpoena.

## C. THE SUBPOENA IS UNDULY BURDENSOME FOR A NON-PARTY

If the Court finds Intervenors' tardiness to be permissible, Respondent respectfully requests the Court give special consideration to Respondent's contention, as a nonparty to this litigation, that Intervenors' subpoena is unduly burdensome.

In considering motions to quash, courts routinely give special consideration to nonparties. *Miscellaneous Docket Matter No. 1*, 197 F.3d at 927 ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs") (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)); *General Parts Distribution*, 2013 U.S. Dist. LEXIS 89848, 2013 WL 3223374 (D. Minn.) at *2 (in a case seeking confidential commercial information, "concern for the burden upon nonparties carries 'special weight.'"); *Convolve*, 2011 U.S. Dist. LEXIS 53641, 2011 WL 1766486 (N.D. Cal.) at *2

("Nonparties may occasionally have to testify and give evidence for and against litigants, but non-parties should not be burdened in discovery to the same extent as the litigants themselves.").[1]

Further, if a subpoena subjects a person to undue burden, then it must be quashed by the Court. Fed. R. Civ. P. 45(c)(3)(A)(iv). Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information. *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990) (emphasis in original).[2]

Factors which may be considered by the Court in determining whether an undue burden exists include: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the discovery request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011). When a non-party is subpoenaed, however, the Court is "particularly mindful" of Rule 45's undue burden and expense cautions. *Id. See also Miscellaneous Docket Matter No. 1*, 197 F.3d at 927 ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs").[3]

Respondent is a non-party to the instant suit who has been subpoenaed to produce private and confidential information which, assuming said information even exists, was created in his individual capacity. The production of such information is unduly burdensome and unnecessary

---

[1] *ABC, Inc. v. Aereo, Inc.*, No. 13-MC-0059, 2013 U.S. Dist. LEXIS 133636, at *20 (N.D. Iowa Sep. 17, 2013)

[2] *Id.*
[3] *Id.*

under the circumstances. The instant motion should be given special consideration under well-established law due to Respondent's non-party status in this case.

The undue burden factors cited above weigh in Respondent's favor. First, the information requested of Respondent is irrelevant insofar as it relates to actions Intervenors allege were taken by Senator Jason Rapert in his official capacity.

Second, the need for production of the requested material is low. Virtually identical copies of the subpoena at issue were served on State Representative Kim Hammer (Dck. 192 at 20-29), State Senator Bob Ballinger (Dck. 192 at 30-39), and American History & Heritage Foundation, Inc. (Dck. 192 at 40-49). Further, as this Court is aware, the actual Defendant in this case, Arkansas Secretary of State John Thurston, in his official capacity, was also served with a virtual carbon copy of the subpoena. Thus, those documents sought which may be relevant to Intervenors' cause of action are encompassed by the other subpoenas served on the Defendant and more relevant and resourceful nonparties. Courts have declared that it is inappropriate to demand information from a nonparty when the same information may be obtained by a party. *Wells v. Lamplight Farms, Inc.*, 298 F.R.D. 428 (N.D. Iowa 2014)); *EnviroPak Corp. v. Zenfinity Capital, LLC*, No. 4:14CV00754 ERW, 2014 U.S. Dist. LEXIS 132499 (E.D. Mo. Sep. 22, 2014)).

Third, the breadth of the discovery requests is vast, especially considering that in addition to the comprehensive search terms listed, the types of data Correspondent would have to scour through are endless. The types of "Correspondence" the subpoena requests production of includes "all written communications in your possession, custody, or control, regardless of whether it is in the form of a physical letter, an email, a text message, a memorandum, a direct message through Twitter, a direct message through Facebook, or any other form of the written word. If a document is transmitted along with the Correspondence (e.g. an attachment to an email), the document is

'Correspondence.'" Accordingly, the productions requested entail substantial expenses of time and money on the part of Respondent, considering his non-party, individual-capacity status.

Fourth, the time period covered by the requests (roughly six years), especially when coupled with the vast breadth, compounds the burden Respondent will face if his Motion to Quash is denied. Because the requests span back years and readily available data changes over time, Respondent will not be able to represent that the production is sufficient and accurate without hiring an expert.

Fifth, the particularity with which Intervenors' describe and define the demanded documents is such that Respondent is expected to turn over *all* written communications, sent and received by him, of every type without regard to any privilege or privacy concern within approximately the last six years. The lack of particularity with respect to demanded documentation expands the breadth of the subpoena, increasing the burden and cost of such production upon the Respondent.

Sixth, and most heavily considered by courts when a non-party like Respondent is subpoenaed, the burden and expenses imposed on Respondent in complying with the subpoena are disproportionately high. Respondent would be forced to pay for an Information Technology expert to extract data from his cellphone and then spend countless hours of his own time performing the comprehensive search functions, all to produce the same information that can and will be produced by the Defendant and other, more resourceful nonparties. Furthermore, the time constraint imposed on Respondent in producing documents in compliance with such an expansive and tardy subpoena by the deadline of November 22, 2021, is unduly burdensome and impractical.

D.  **CONCLUSION**

WHEREFORE, Respondent and nonparty Stanley Jason Rapert, in his individual capacity, prays this Honorable Court Quash Intervenors', the Satanic Temple, et. al., subpoena *duces tecum*, or in the alternative, issue a protective order under which Respondent and nonparty Stanley Jason Rapert's responses are submitted to Intervenors, award its reasonable attorney's fees associated with the Subpoena and for such other relief for which Respondent is entitled.

                    Respectfully submitted,

                    *Paul Byrd*
                    Paul Byrd, Ark. Bar No. 85020
                    Paul Byrd Law Firm, PLLC
                    415 N. McKinley St. Ste. 210
                    Little Rock, AR 72205
                    (501) 420-3050
                    (501) 420-3128 fax
                    paul@paulbyrdlawfirm.com

                    Hunter W. Lundy
                    Lundy, Lundy, Soileau & South, L.L.P.
                    501 Broad Street
                    Lake Charles, LA. 70601
                    Tel: (337) 439-0707
                    Fax: (337) 439-1029
                    Email: hlundy@lundylawllp.com
                    MS Bar No. 1495
                    LA Bar No.  8938
                    *(pro hac admitted)*

                    *Attorneys for Senator Stanley Jason Rapert,*
                    *in his individual capacity*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 22, 2021, I caused a true and correct copy of the foregoing to be served on counsel of record by electronically filing it with the Clerk of the Court using the ECF system, which will send notification of such filing to the registered.

                                                         *Paul Byrd*
                                                         Paul Byrd