IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| DONNA CAVE, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| EUGENE LEVY, et al., | ) | |
| Consolidated Plaintiffs, | ) | Case No. 4:18-cv-00342-KGB |
| | ) | |
| THE SATANIC TEMPLE, et al., | ) | |
| Intervenors, | ) | |
| v. | ) | |
| | ) | |
| JOHN THURSTON, Arkansas Secretary | ) | |
| of State, in his official capacity, | ) | |
| Defendant. | ) | |

**NON-PARTY AMERICAN HISTORY AND HERITAGE FOUNDATION, INC.'S
MOTION TO QUASH INTERVENOR'S SUBPOENA; OR, IN THE ALTERNATIVE,
FOR A PROTECTIVE ORDER WITH INCORPORATED BRIEF**

COMES NOW, American History and Heritage Foundation, Inc. ("AHHF" or "Respondent") by and through, Travis W. Story and Gregory F. Payne with the Story Law Firm, PLLC and Brian K. Kelsey and Daniel R. Suhr with the Liberty Justice Center for their Motion to Quash Plaintiff Intervenor's Subpoena, pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure and respectfully represents as follows:

I.   **ARGUMENT**

**A. INTRODUCTION**

AHHF prays this Honorable Court Quash Intervenors', the Satanic Temple, et. al., subpoena *duces tecum*, or in the alternative, issue a protective order under which Respondent and nonparty AHHF's responses are submitted only to Intervenors because the subpoena was issued to nonparty Respondent more than a year after the discovery deadline in this instant case expired, and the

requests for production issued in the subpoena is unduly burdensome and costly for compliance by a nonparty.

### B. THE SUBPOENA DEADLINE EXPIRED MORE THAN A YEAR AGO

In its Final Scheduling Order dated February 10, 2020, the Court set the cutoff deadline for discovery as April 29, 2020. (Dck. 107 at 2). The Court has not entered an order extending that deadline, which expired well-over one year ago.  Still, Intervenors served Respondent with a subpoena *duces tecum* despite the deadline for doing so having passed.  Courts have held that a "subpoena that seeks documents under Federal Rule of Civil Procedure 45 is a discovery device subject to the same deadlines as other forms of discovery set forth in the court's scheduling order." *Fabery v. Mid-South OB-GYN*, No. 06-2136 D/P, 2000 WL 35641544, at *1 (WD Tenn. May 15, 2008) (collecting cases).

Additionally, this Court has already expressed an urgency to move this case forward and a demand for all parties to meet existing deadlines established by the Court. As such, the subpoena served on Respondent is in contravention of the law and this Court's requests. Respondent therefore objects to the production of information requested in the tardy subpoena.

### C. THE SUBPOENA IS UNDULY BURDENSOME FOR A NON-PARTY

If the Court finds Intervenors' tardiness to be permissible, Respondent respectfully requests the Court give special consideration to Respondent's contention, as a nonparty to this litigation, that Intervenors' subpoena is unduly burdensome.

In considering motions to quash, courts routinely give special consideration to nonparties. *Miscellaneous Docket Matter No. 1*, 197 F.3d at 927 ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs") (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)); *General Parts*

*Distribution*, 2013 U.S. Dist. LEXIS 89848, 2013 WL 3223374 (D. Minn.) at *2 (in a case seeking confidential commercial information, "concern for the burden upon nonparties carries 'special weight.'"); *Convolve*, 2011 U.S. Dist. LEXIS 53641, 2011 WL 1766486 (N.D. Cal.) at *2 ("Nonparties may occasionally have to testify and give evidence for and against litigants, but non-parties should not be burdened in discovery to the same extent as the litigants themselves.").[1]

Further, if a subpoena subjects a person to undue burden, then it must be quashed by the Court. Fed. R. Civ. P. 45(c)(3)(A)(iv). Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information. *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990) (emphasis in original).[2]

Factors which may be considered by the Court in determining whether an undue burden exists include: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the discovery request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011). When a non-party is subpoenaed, however, the Court is "particularly mindful" of Rule 45's undue burden and expense cautions. *Id. See also Miscellaneous Docket Matter No. 1*, 197 F.3d at 927 ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs").[3]

---

[1] *ABC, Inc. v. Aereo, Inc.*, No. 13-MC-0059, 2013 U.S. Dist. LEXIS 133636, at *20 (N.D. Iowa Sep. 17, 2013)

[2] *Id.*
[3] *Id.*

Respondent is a non-party to the instant suit who has been subpoenaed to produce private and confidential information which, assuming said information even exists, was only involved as to the relevant facts up and to the donation of the monument for which it has even recently disclosed to all parties in this case, vast amounts of documents which it has already provided per this court's order. The production of additional information is unduly burdensome and unnecessary under the circumstances. The instant motion should be given special consideration under well-established law due to Respondent's non-party status in this case.

The undue burden factors cited above weigh in Respondent's favor. First, the information requested of Respondent is irrelevant insofar as after the donation of the monument to the State of Arkansas, no communication between AHHF and any party could be relevant to the instant matter at hand.

Second, the need for production of the requested material is low. Virtually identical copies of the subpoena at issue were served on Senator Jason Rapert (Dck. 192 at 10-19), State Representative Kim Hammer (Dck. 192 at 20-29), and State Senator Bob Ballinger (Dck. 192 at 30-39). Further, as this Court is aware, the actual Defendant in this case, Arkansas Secretary of State John Thurston, in his official capacity, was also served with a virtual carbon copy of the subpoena. Thus, those documents sought which may be relevant to Intervenors' cause of action are encompassed by the other subpoenas served on the Defendant and more relevant and resourceful nonparties. Courts have declared that it is inappropriate to demand information from a nonparty when the same information may be obtained by a party. *Wells v. Lamplight Farms, Inc.*, 298 F.R.D. 428 (N.D. Iowa 2014)); *EnviroPak Corp. v. Zenfinity Capital, LLC* , No. 4:14CV00754 ERW, 2014 U.S. Dist. LEXIS 132499 (E.D. Mo. Sep. 22, 2014)).

Third, the breadth of the discovery requests is vast, especially considering that in addition to the comprehensive search terms listed, the types of data Correspondent would have to scour through are endless. The types of "Correspondence" the subpoena requests production of includes "all written communications in your possession, custody, or control, regardless of whether it is in the form of a physical letter, an email, a text message, a memorandum, a direct message through Twitter, a direct message through Facebook, or any other form of the written word. If a document is transmitted along with the Correspondence (e.g. an attachment to an email), the document is 'Correspondence.'" Accordingly, the productions requested entail substantial expenses of time and money on the part of Respondent, considering his non-party, individual-capacity status.

Fourth, the time period covered by the requests (roughly six years), especially when coupled with the vast breadth, compounds the burden Respondent will face if his Motion to Quash is denied. Because the requests span back years and readily available data changes over time, Respondent will not be able to represent that the production is sufficient and accurate without hiring an expert.

Fifth, the particularity with which Intervenors' describe and define the demanded documents is such that Respondent is expected to turn over *all* written communications, sent and received, of every type without regard to any privilege or privacy concern within approximately the last six years. The lack of particularity with respect to demanded documentation expands the breadth of the subpoena, increasing the burden and cost of such production upon the Respondent.

Sixth, and most heavily considered by courts when a non-party like Respondent is subpoenaed, the burden and expenses imposed on Respondent in complying with the subpoena are disproportionately high. Respondent would be forced to pay for an Information Technology expert to extract data from potentially all the board members of the organization, and have each of them

then spend countless hours performing the comprehensive search functions, all to produce the same information that can and will be produced by the Defendant and other, more resourceful non-parties. Furthermore, the time constraint imposed on Respondent in producing documents in compliance with such an expansive and tardy subpoena by the deadline of November 22, 2021, is unduly burdensome and impractical.

### D. CONCLUSION

WHEREFORE, AHHF prays this Honorable Court Quash Intervenors', the Satanic Temple, et. al., subpoena *duces tecum*, or in the alternative, issue a protective order under which AHHF's responses are submitted only to Intervenors, award its reasonable attorney's fees associated with the Subpoena and for such other relief for which Respondent is entitled.

Respectfully submitted,

By /s/ Travis W. Story
Travis W. Story, AR Bar No.: 2008274
travis@storylawfirm.com
Gregory F. Payne, AR Bar No.: 2017008
Story Law Firm. PLLC
greg@storylawfirm.com
2603 Main Drive, Suite 6
Fayetteville, AR 72704

And

Brian K. Kelsey
Daniel R. Suhr
Liberty Justice Center
141 W. Jackson Blvd., Suite 1065
Chicago, Illinois 60604
bkelsey@libertyjusticecenter.org
dsuhr@libertyjusticecenter.org
*Pro Hac Vice*

Attorneys for non-party AHHF

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 22, 2021, I caused a true and correct copy of the foregoing to be served on counsel of record by electronically filing it with the Clerk of the Court using the ECF system, which will send notification of such filing to the registered.

/s/ *Travis W. Story*
Travis W. Story