IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| **DONNA CAVE**, *et al.* | | **PLAINTIFFS** |
| **ANNE ORSI**, *et al.*, and | **CASE NO.** <br> **4:18-CV-342** | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE**, *et al.* | | **INTERVENORS** |
| *v.* | | |
| **JOHN THURSTON**, in his official capacity | | **DEFENDANT** |

### MOTION FOR ORDER TO SHOW CAUSE; OR TO COMPEL PRODUCTION OF

**COME NOW** Intervenors, by and through counsel of record, on motion for an order to show cause why State Sen. Ballinger should not be held in contempt for refusing to comply with his subpoena; or for an order compelling him to produce the information sought by a subpoena. FRCP 45(g); FRCP 45(d)(2)(B)(i).

## ARGUMENT

### Factual background

Prior to the close of discovery, Ballinger was not identified as a potential witness by any public document, or in any deposition testimony, or in any discovery responses, or in any set of disclosures.

On October 21, 2021, we learned that then-State Rep. Ballinger (now State Sen. Ballinger) used a non-State email account to arrange for the installation of the Arkansas Ten Commandments Monument. Doc. 171-6. The sole suggestion that Ballinger had any personal involvement in this case came from a review of documents produced by the AHHF, which were due back in September of 2019.

On October 22, we issued notice of forthcoming subpoenas (to include Bob Ballinger) to all other counsel of record (to include Dylan Jacobs). Doc. 197-1. We received no objection. Subpoenas went out for service the following week, with a return deadline of November 22 at 5:00 pm.

On November 15, Dylan Jacobs issued notice that he will be representing State Sen. Ballinger in the subpoena and that could accept

service by email. EXHIBIT 1 (agreement to accept emailed-service). Service was completed on November 15. **Id.** at 5.

On November 22, Jacobs issued a timely response in objection to the subpoena. EXHIBIT 2 (response by Ballinger). The response is nearly identical to State Rep. Hammer's. **Id.**; compare doc. 192-5. Other than updating the name and the submission date, the only difference is found at p. 3. In line-in, line-out fashion: "Intervenors' request is especially burdensome and disproportionate to the needs of the case given ~~the fact that Respondent is a Christian minister~~ <u>the religious nature of the requests</u>." As before, and despite this Court's prior warning that the time for piecemeal litigation has ended, there are assertions of privilege but no privilege log. **Id.**, *passim*.

1: The response is ineffective to avoid contempt.

Ballinger's response is ineffective to avoid a charge of contempt. When a nonparty is served with a subpoena duces tecum, he has three options: (1) he may comply with the subpoena; (2) he may serve an objection in accordance with Rule 45(d)(2)(B); or (3) he

may move to quash or modify the subpoena in accordance with Rule 45(d)(3). E.g. *In re Hamrick*, No. 14-33814, 2015 WL 3965695, at *3 (Bankr. N.D. Ohio June 29, 2015); see also, generally, Rule 45. The failure to pursue any of these options subjects the witness to contempt. *Id.*; FRCP 45(g).

Ballinger did not comply and did not move to quash the subpoena. His response, while timely raised, still suffers from the same fatal defects as Hammer's response. He is subject to contempt.

*1.1: The requests are relevant and not disproportionate.*

Ballinger claims the requests are irrelevant and not proportionate to the needs of the case. The refusal to provide the subpoenaed material may be excusable if the subpoena was "overbroad on its face and exceeds the bounds of fair discovery." *In re Hamrick*, 2015 WL 3965695 at *2.

The requests are nearly identical to the Requests for Production, nos. 1-7 and 14-15, which we issued to Defendant. Doc. 120-1 at 3-7. The Court already found these requests to be relevant (doc. 172

at 16-23 and 29-30); and–just as Defendant–State Sen. Ballinger offers nothing "to demonstrate the work plan, cost, time, or personnel hours that would be devoted to a review of these potentially responsive documents." Doc. 172 at, e.g., p. 17. By not proving any asserted undue burden, State Sen. Ballinger waived any argument that the subpoena exceeds the bounds of fair discovery.

*1.2: There is no privilege log, so privilege claim is waived.*

The response also refuses to provide responsive documents on generic assertions of privilege. E.g. **Exhibit 1** at 3. Yet, just as Defendant, State Sen. Ballinger offers no privilege log to substantiate the claim.

To justify withholding subpoenaed information under the claim that it is privileged, the person "*must*: (i) expressly make the claim; *and* (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." FRCP 45(e)(2) (emphasis added). The failure to produce

a privilege log "results in waiver of the privilege." *In re Hamrick*, 2015 WL 3965695 at *2. By failing to produce a privilege log, State Sen. Ballinger waived all claims to privilege. As a result, the refusal to provide documents are not "in accordance with" FRCP 45(d)(2).

## 2:  A show-cause order is proper.

There being no adequate excuse to obey the subpoena, State Sen. Ballinger should be ordered to show cause why he should not be held in contempt for failing to comply. FRCP 45(g).

## 3:  Or, an order to compel is proper.

Alternatively, the Court could overrule Ballinger's objections and order Ballinger to produce the documents which were due on November 22 at 5:00 pm. FRCP 42(d)(2)(B)(ii).

**WHEREFORE** Intervenors pray this Court issue an order for State Sen. Ballinger to show cause why he should not be held in contempt; or for an order for State Sen. Ballinger to produce the documents commanded to be produced by subpoena.

Respectfully submitted on
November 23, 2021,
on behalf of Intervenors
By: <u>Matthew A. Kezhaya, ABA # 2014161</u>
**Kezhaya Law PLC**
1202 NE McClain Rd
Bentonville, AR 72712
phone: (479) 431-6112
email: matt@kezhaya.law

### CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on November 23, 2021 which sends service to registered users, including all other counsel of record in this cause. s/ Matthew A. Kezhaya