IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DONNA CAVE, JUDITH LANSKY,                                      PLAINTIFFS,
PAT PIAZZA, and SUSAN RUSSELL,

ANNE ORSI, AMERICAN HUMANIST                    CONSOLIDATED PLAINTIFFS,
ASSOCIATION, FREEDOM FROM
RELIGION FOUNDATION, INC.,
ARKANSAS SOCIETY OF FREETHINKERS,
JOAN DIETZ, GALE STEWART, RABBI
EUGENE LEVY, REV. VICTOR H. NIXON,
TERESA GRIDER, and WALTER RIDDICK,

THE SATANIC TEMPLE, DOUG MISICKO                           INTERVENORS,
aka "LUCIEN GREAVES," and ERIKA
ROBBINS,

v.                            No. 4:18CV00342 KGB/BD

JOHN THURSTON, Arkansas Secretary of State,
in his official capacity,                                      DEFENDANT.

ARKANSAS STATE SENATOR KIM HAMMER'S RESPONSE
TO MOTION FOR ORDER TO SHOW CAUSE

Despite serving a subpoena nearly eighteen months after the close of discovery and ig-

noring every requirement that parties confer regarding discovery issues prior to bringing the is-

sue before the Court, the Satanic Temple asks that Sen. Hammer be held in contempt for serving

objections to that untimely subpoena two days late.  The Court should instead enforce its prior

orders and deny the Satanic Temple's motion.

BACKGROUND[1]

Discovery in this case closed on April 29, 2020.  Doc. 107 at 1.  Nevertheless, the Satanic

Temple on November 1, 2021, served Arkansas State Senator Kim Hammer with a subpoena *du-*

---

[1] Defendant's response to the Satanic Temple's various pending discovery motions (Doc.
201) thoroughly discusses the background of these proceedings.

*ces tecum* requesting an extraordinarily broad swath of documents that it could have sought years ago. *See* Doc. 192-2.   Sen. Hammer served objections to that subpoena, pointing out *inter alia* that it was issued well after the close of discovery and was thus invalid.  Doc. 192-5.  Those objections were served on November 17, 2021 due to an honest mistake on his part that he had been served on November 3.  Only after the Satanic Temple filed this motion did counsel for Sen. Hammer learn of the Satanic Temple's position that his objections were untimely and thus waived due to the two-day lapse caused by his inadvertent mistake.

On November 17, mere hours after receiving Sen. Hammer's objections, the Satanic Temple moved for an order to show cause why Sen. Hammer should not be held in contempt for failure to comply with the untimely subpoena it issued.

ARGUMENT

## I.     The Court should summarily deny the Satanic Temple's motion for noncompliance.

The Satanic Temple has repeatedly flouted the Eastern District Local Rules and this Court's orders in the course of litigating its latest batch of discovery subpoenas.  The Court should consequently summarily deny the Satanic Temple's motion.

First, the Satanic Temple has repeatedly ignored Local Rule 7.2(g), which provides, "All motions to compel discovery and all other discovery-enforcement motions . . . shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court."  The Satanic Temple's motion contains no such statement because Respondent was given no opportunity to confer with the Satanic Temple regarding the Satanic Temple's belief that Respondent has not complied with the subpoena.  The Local Rules provide that the Satanic Temple's motion "may be dismissed summarily for failure to comply" with this rule, and notes that repeated failures are sanctionable.  L.R. 7.2(g); *cf.* Docs. 189, 190, 192, & 199 (further

2

noncomplying motions).  The Court should deny the Satanic Temple's motion on this basis alone.

Second, the Satanic Temple has repeatedly violated Local Rule 6.2(b), which requires a party seeking an extension of a deadline to confer with the opposing parties beforehand, and to state the parties' position in its motion.  Despite seeking either an extension of the discovery deadline or an order allowing its untimely subpoenas, the Satanic Temple did not follow that rule.  Like Local Rule 7.2, Local Rule 6.2 provides that noncompliance is grounds for summary denial of the motion, and repeated failures risk sanctions.  The Court should apply that rule and summarily deny the Satanic Temple's motion.

Third, the Satanic Temple repeatedly violated this Court's scheduling order.  That order provides that, "A discovery motion must not be filed until counsel has made a good faith effort to resolve the discovery dispute, in compliance with Local Rule 7.2."  Doc. 107 at 1.  Again, the Satanic Temple has made no effort to follow that rule in any of its recent discovery motions.  Based on these repeated failures, there is no need for the Court to reach the substance of the Satanic Temple's motion.

## II.   The Satanic Temple's subpoena was invalid when issued, and Sen. Hammer was under no obligation to comply.

The subpoena issued to Senator Hammer by the Satanic Temple was undisputedly untimely.  The Court set the discovery deadline as April 29, 2020, and that deadline has not changed.  Doc. 107 at 1.  The Satanic Temple acknowledges the subpoenas it issued the past month were "tardy."  Doc. 192 at 9.  And courts have held that a "subpoena that seeks documents under Federal Rule of Civil Procedure 45 is a discovery device subject to the same deadlines as other forms of discovery set forth in the court's scheduling order."  *Fabery v. Mid-South OB-GYN*, No. 06-2136 D/P, 2000 WL 35641544, at *1 (WD Tenn. May 15, 2008) (collecting

3

cases).  "Litigants may not use the subpoena power of the court to conduct discovery after the discovery deadline." *Grant v. Otis Elevator Co.*, 199 F.R.D. 673, 675 (N.D. Okla. 2001).

The Satanic Temple was not permitted to issue a subpoena to Sen. Hammer nearly eighteen months after the time period set by the Court for discovery had expired.  It had ample opportunity to move for an extension of the discovery deadline prior to issuing the subpoena, or ask the Court for leave to issue the out-of-time subpoena.  The Satanic Temple did neither.  Sen. Hammer was under no obligation to produce documents in response to an invalid subpoena, and the Satanic Temple does not argue otherwise.  Indeed, in its motion regarding the subpoena issued to Sen. Ballinger, Doc. 199, the Satanic Temple makes no mention of the fact that its subpoena was untimely.

The fact that Sen. Hammer's objections were served two days past Rule 45(d)(2)(b)'s deadline does not change that.  The subpoena issued to Sen. Hammer was invalid from its inception because it was issued outside of the time period allowed by the Court in its scheduling order. In the same vein, courts have held that a subpoena signed by an attorney "not authorized to practice in the issuing court" as required by Rule 45(a)(3) is "defective."  *Idelle Labs, Ltd. V. Reis*, No. 13-mc-66, 2014 WL 12577039, at *2 (S.D. Ohio Apr. 24, 2014) (quashing subpoena).  Issuing a discovery subpoena outside the discovery deadline is no different.  Whether the subpoena is valid in the first place is thus not the sort of objection that can be waived pursuant to Rule 45(d)(2)(b).

Because the Satanic Temple issued the subpoena to Sen. Hammer long after the discovery deadline expired, its motion should be denied.

**III.    The Court should excuse Sen. Hammer's two-day lateness in responding to the Satanic Temple's subpoena.**

As noted above, Sen. Hammer's objections were served sixteen days after service, rather than fourteen, due to an honest mistake on his part.  Despite failing to identify any way in which it was prejudiced by this two-day delay, the Satanic Temple requests that the Court consider any objections raised by Sen. Hammer as waived.  It should decline that invitation.

While failure to serve objections within fourteen days "typically constitutes a waiver of such objections[,] . . . the Court can consider untimely objections in unusual circumstances and when good cause exists." *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999).  Courts have considered the following factors in determining whether unusual circumstances exist: "(1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness's compliance prior to the time the witness challenged the legal basis for the subpoena." *Id.* at 136-37.

The first two factors are certainly satisfied here.  The subpoena undoubtedly "exceeds the bounds of fair discovery" because discovery has closed.  *Id.*  And there has been no allegation that Sen. Hammer acted in bad faith in serving his objections two days past the deadline.  Finally, although communications between counsel were limited to counsel for Sen. Hammer informing the Satanic Temple he was represented, *see* Doc. 199-1 at 2, that ought not weigh against unusual circumstances here, given the Satanic Temple's failure to comply with its obligations under the Local Rules and this Court's scheduling order to engage in good-faith discussions with opposing parties before filing discovery motions.  And some courts have declined to find waiver after considering only the first two factors.  *See, e.g., Moon v. SCP Pool Corp.*, 232 F.R.D 633,

636 (C.D. Call. 2005) (declining to find waiver "[i]n light of the overbroad nature of the subpoe-na served by plaintiffs on [a] nonparty").

The Court should not reward the Satanic Temple's open disregard for this Court's dead-lines while at the same time holding Sen. Hammer to have waived objections due to an honest mistake.

## IV.   Contempt is not proper.

The Satanic Temple seeks an order to show cause why Sen. Hammer should not be held in contempt, rather than a motion to compel. *Cf.* Doc. 199 (asking for an order compelling pro-duction of documents in the alternative). The Court should deny the Satanic Temple's motion outright for the reason stated above. However, if the Court decides to retroactively extend the discovery deadline or allow the Satanic Temple's subpoena on an *ad hoc* basis, it should treat the Satanic Temple's motion as a motion to compel and order the parties to confer in good faith as required by the Local Rules.

"[M]any courts have noted that before sanctions can be imposed under [Rule 45], there must be a court order compelling discovery." *In re Denture Cream Prod. Liab. Litig.*, 292 F.R.D. 120, 128 (D.D.C. 2013) (cleaned up). Indeed, the 2013 Advisory Committee notes state that "[i]n civil litigation, it would be rare for a court to use contempt sanctions without first or-dering compliance with a subpoena." *See also Martinez v. City of Pittsburg*, No. C 11–01017 SBA (LB), 2012 WL 699462, at *3 (C.D. Cal. Mar. 1, 2012) ("A civil contempt order must be accompanied by a "purge" condition, meaning, it must give the contemnor an opportunity to comply with the order before payment of the fine or other sanction becomes due."). Here, there has been no order compelling compliance with the subpoena at issue. Sen. Hammer's "actions were taken in good faith," and were "based on a reasonable interpretation" of this Court's sched-

uling order that plainly states discovery is closed. *Id*.  Thus, "he should not be held in contempt." *Id.*

If the Court determines that compliance is required despite the fact that discovery is closed (and for the reasons set forth above, it should not), Sen. Hammer should be given the opportunity to comply.  In that case, the Court should treat the Satanic Temple's motion as a motion to compel compliance with the subpoena and direct the parties to confer in order to narrow the scope of any disagreements prior to the Court's consideration, as the Satanic Temple was required to do in the first place under the Local Rules.

**CONCLUSION**

Respondent Kim Hammer respectfully requests that the Court deny the Satanic Temple's

motion.

Respectfully submitted,

LESLIE RUTLEDGE
Arkansas Attorney General

Dylan L. Jacobs (2016167)
  Assistant Solicitor General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph: (501) 682-2007
Fax: (501) 682-2591
Email: Dylan.Jacobs@ArkansasAG.gov

*Attorney for Respondent Kim Hammer*