IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| **DONNA CAVE**, *et al.* | | **PLAINTIFFS** |
| **ANNE ORSI**, *et al.*, and | **CASE NO.** <u>4:18-CV-342</u> | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE**, *et al.* | | **INTERVENORS** |
| *v.* | | |
| **JOHN THURSTON**, in his official capacity | | **DEFENDANT** |

# MOTION TO COMPEL PRODUCTION OF DOCUMENTS

COME NOW Intervenors, by and through counsel of record, on motion for an order to compel production of documents Defendant withheld on unfounded assertions of privilege. Defendant's privilege log fails to provide descriptions of the documents withheld, the identities and positions of all persons who were given or have received copies and the dates copies were received, and the document's present location and the identity and position of its custodian. It also withholds documents on a new, and baseless, privilege.

## ARGUMENT

### Factual background

Previously, Intervenors moved to compel production of documents from Secretary Thurston. Doc. 120. Secretary Thurston had refused to provide any documents, partly on the assertion that they "may" be protected by attorney-client, attorney work product, or legislative privilege. Doc. 120-4, *passim*. Nowhere in the discovery responses did Secretary Thurston assert a "State Capitol Police Record" privilege. Id.

The Court instructed Secretary Thurston to, within 30 days of the order, produce a privilege log and explained what, exactly, this entails. Doc. 172 at 11-12. Upon receipt, Intervenors were then instructed to confer in good faith to resolve any remaining disputes regarding the production of documents and, if the dispute could not be resolved, Intervenors could then move to compel production of specific documents identified on the privilege log. Id. at 12.

On October 22, as ordered, Secretary Thurston's provided a document purporting to be a privilege log. **EXHIBIT 1** (Secretary

Thurston's privilege log). As detailed below, it failed to provide the information required by the rule and as clearly instructed by the Court. It also withheld several documents as "State Capitol Police Records." There is no "State Capitol Police Record" privilege. At best, these documents are "confidential" within the meaning of the protective order (doc. 122).

On October 23, Intervenors' attorney emailed Secretary Thurston's attorney a letter which identified the deficiencies with particularity, requested a new privilege log without the deficiencies, and requested supplemental document productions of the "State Capitol Police Records." Exhibit 2 (good faith letter). Intervenors requested all of this by November 30. November 30 came and went without a response. This motion timely follows.

## 1: The privilege log is deficient.

Secretary Thurston's privilege log is deficient despite that the Court issued clear instructions about what goes into a privilege log. Doc. 172 at 11-12. The privilege log is deficient as follows.

*1.1: The general nature of the document.*

The Court required production of "the general nature of the document." Doc. 172 at 11 ¶ (a). Instead, Defendant's privilege log disclosed the type of document. **Exhibit 1**, *passim*. This is insufficient. The purpose of disclosing the general nature of the document is so that a third party can understand the context in which the document was created. Context is key in resolving a claim of privilege, and it is the burden of the party asserting the privilege to prove entitlement to privilege. *E.g. Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 47 (D. Conn. 2007). The privilege log is deficient because it does not provide the necessary context to show that the privilege applies.

*1.2: The identities and positions of all persons who were given or have received copies and the dates copies were received.*

The Court required disclosure of "the identities and positions of all persons who were given or have received copies and the dates copies were received." Doc. 172 at 11(e). This information is wholly

absent. **Exhibit 1**, *passim*. Necessary to show that there has been no waiver of the privilege by disseminating the information outside the scope of privilege. The privilege log is deficient because it fails to show that privilege is not waived.

### *1.3: The document's present location and the identity and position of its custodian.*

The Court required disclosure of "the document's present location and the identity and position of its custodian." Doc. 172 at 11(f). This information is wholly absent. **Exhibit 1**, *passim*. A "custodian," in this context, is a person who is responsible for securing and controlling access to evidence. CUSTODIAN, Black's Law Dictionary (11th ed. 2019). This information is necessary to show that Defendant has standing to assert the claim of privilege. The privilege log is deficient because it fails to show that Defendant has standing to assert the claims of privilege.

## 2: "State Capitol Police Record" is not a privilege.

The Court also instructed that if Secretary Thurston withholds

Motion to compel production of documents

any document based on an assertion of "the attorney-client privilege or the work-product doctrine or the deliberative process privilege," Secretary Thurston shall produce a privilege log. Doc. 172 at 16.

The Court did not invite any new claims of privileges. Despite this, Secretary Thurston's privilege log is replete with instances of documents withheld based on an asserted "State Capitol Police Record" privilege. **Exhibit 1** at ¶¶ 1-21, 24, 28-37 (38 instances).

There is no "State Capitol Police Record" privilege. The opening statement in the privilege log instead asserts that these records are not subject to the Arkansas Freedom of Information Act of 1967. The documents were withheld, not because they are privileged, but because they are non-public. At best, they fit under the definition of "confidential" as used in the protective order (doc. 122). There is no basis to claim they are "privileged," such that they can be withheld. Secretary Thurston should have stamped the documents "confidential" and turned them over. Not continue this game of hide-the-ball.

### 3: The Court should order production of documents.

The Court should order production of the following documents because the privilege log was deficient and was not corrected despite Intervenors' good faith efforts to resolve the dispute without court involvement.

Secretary Thurston has been prompted three times, now, to produce a timely and effective privilege log: first in the first good faith effort to confer (doc. 120-6 at 1), then by this very Court (doc. 172 at 12), and finally in a second good faith effort to confer (**exhibit 2**). Rather than even *acknowledge* the second good faith effort to confer, Secretary Thurston instead opted to go on a smear campaign and, once again, presented this Court with nothing more than internet hearsay. Doc. 201 at 16-17.

At this point, Secretary Thurston is just thumbing his nose at the law. The Court should find the assertions of privilege waived. *St. Paul Reinsurance Co., Ltd. v. Com. Fin. Corp.*, 197 F.R.D. 620, 641 (N.D. Iowa 2000). And the Court should enter orders as follows.

### *3.1: All "State Capitol Police Records."*

The Court should order Secretary Thurston to turn over all "State Capitol Police Records" because that is not a permissible ground to withhold documents. **Exhibit 1** at ¶¶ 1-21, 24, 28-37, and 40-45. Even if, hypothetically, this were a cognizable privilege, the privilege log does not provide the necessary factual predicate to preserve the claim.

### *3.2: All communications between Cantrell and Bugbee or Cantrell and Kellogg.*

The Court should order Secretary Thurston to have his attorney turn over all emails between Michael Cantrell and Shane Bugbee or Michael Cantrell and Alison Kellogg. **Exhibit 1** at ¶¶ 46-50. The privilege log asserts "work product," but to preserve the claim to work product privilege, the privilege log must be effective *and* timely. *St. Paul Reinsurance Co., Ltd.*, 197 F.R.D. at 640.

Secretary Thurston's privilege log is neither timely nor effective. It only states an "email" was sent. What was the nature of the email? Who, all, received it? Where is it located? We don't know any of

these elemental answers because Defendant did not bother to produce an effective privilege log, even after this Court ordered one.

### 3.3: *We do not seek the attorney-to-attorney emails.*

Although it is defensible for Intervenors to seek an order compelling the attorney-to-attorney emails (**exhibit 1** at ¶¶ 22, 23, and 25-27), we refrain from doing so because the attorney-client privilege is "sacrosanct." *The Satanic Temple, Inc. v. Boston*, No. 1:21CV10102-AK, ECF 37 at *1 (D. Mass. Oct. 28, 2021).

If the Court is sufficiently galvanized to order production of the attorney-to-attorney emails, the Court should instead prohibit Defendant from contesting whether TST is a *bona fide* religion. See FRCP 37(b)(2)(A)(ii). The question has already been answered by *Satanic Temple v. City of Scottsdale*, No. CV18-00621-PHX-DGC, 2020 WL 587882 (D. Ariz. Feb. 6, 2020) and the "contest" is fueled by nothing more than internet rumors and a single late-disclosed witness. It is unbecoming of this Court and it should be put to rest.

### 4: The Court should order attorney's fees.

The Court should order Secretary Thurston to compensate Intervenors for having to, for a second time, address this matter to the Court's attention. FRCP 37(a)(5)(A), (b)(2)(C), and (c)(1)(A). Because Defendant's attorneys prepared the deficient privilege log at issue, and then refused to correct it, the Court should order Defendant and all responsible attorneys, both, to pay Intervenors' attorney's fees incurred in having to file this motion. FRCP 37(b)(2)(C).

**WHEREFORE** Intervenors pray this Court enter an order finding that Secretary Thurston waived the claims of privilege relating to the documents described in §§ 3.1 and 3.2, ordering Secretary Thurston to produce the documents described in §§ 3.1 and 3.2 by a date certain under a threat of default judgment, order Secretary Thurston and all responsible attorneys to jointly pay Intervenor's attorney's fees incurred in having to file this motion, and for all other orders which this Court finds just.

|  | Respectfully submitted on December 1, 2021, on behalf of Intervenors |
|---:|:---|
| By: | Matthew A. Kezhaya, ABA # 2014161 |
|  | **Kezhaya Law PLC** |
|  | 1202 NE McClain Rd |
|  | Bentonville, AR 72712 |
| phone: | (479) 431-6112 |
| email: | matt@kezhaya.law |

## Certificate and Notice of Service

**Notice is given** that I, Matthew A. Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on December 1, 2021 which sends service to registered users, including all other counsel of record in this cause. s/ Matthew A. Kezhaya