# EXHIBIT 2

Intervenors' good faith effort to confer



# Kezhaya Law PLC

Matthew A. Kezhaya  
333 N. Washington Ave.  
Suite 300  
Minneapolis, MN 55401

P: (479) 431-6112  
F: (479) 282-2892  
matt@kezhaya.law

November 23, 2021

Mike Cantrell
> **By email only** to michael.cantrell@arkansasag.gov

Re: *Cave v. Thurston* (18-cv-342) – Defendant's privilege log

Mike,

This is my good faith effort to confer about your privilege log.

## 1: Defendant's privilege log is deficient.

The Court directed Defendant to produce a privilege log for each document withheld and gave instructions on what is required in a privilege log. Doc. 172 at 11-12. Defendant's privilege log is deficient for failure to provide the information instructed by the Court.

A privilege log is required to support a claim of privilege. *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 47 (D. Conn. 2007). Two points bear emphasis: (1) privilege logs must provide sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure; and (2) if the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege, his claim will be rejected. *Id.*

Defendant's privilege log is deficient for the following reasons.

### 1.1: The general nature of the document.

The Court required production of "the general nature of the document." Doc. 172 at 11(a). Instead, Defendant's privilege log disclosed the type of document. This is insufficient. The purpose of disclosing the general nature of the document is so that a third party

**Kezhaya Law PLC**



Matthew A. Kezhaya
333 N. Washington Ave.
Suite 300
Minneapolis, MN 55401

P: (479) 431-6112
F: (479) 282-2892
matt@kezhaya.law

can understand the context in which the document was created. Context is key in resolving a claim of privilege, and it is the burden of the party asserting the privilege to prove entitlement to privilege. The privilege log is deficient because it does not provide the necessary context to show that the privilege applies.

### 1.2: *The identities and positions of all persons who were given or have received copies and the dates copies were received.*

The Court required disclosure of "the identities and positions of all persons who were given or have received copies and the dates copies were received." Doc. 172 at 11(e). This information is necessary to show that there has been no waiver of the privilege by disseminating the information outside the scope of privilege. The privilege log is deficient because it fails to show that privilege is not waived.

### 1.3: *The document's present location and the identity and position of its custodian.*

The Court required disclosure of "the document's present location and the identity and position of its custodian." Doc. 172 at 11(f). A "custodian," in this context, is a person who is responsible for securing and controlling access to evidence. CUSTODIAN, Black's Law Dictionary (11th ed. 2019). This information is necessary to show that Defendant has standing to assert the claim of privilege. The privilege log is deficient because it fails to show that Defendant has standing to assert the claims of privilege.

### 2: "State Capitol Police Record" is not a privilege.

The Court instructed that if Defendant withholds any document based on an assertion of "the attorney-client privilege or the work-product doctrine or the deliberative process privilege," Defendant shall produce a privilege log. Doc. 172 at 16.

## Kezhaya Law PLC



Matthew A. Kezhaya
333 N. Washington Ave.
Suite 300
Minneapolis, MN 55401

P: (479) 431-6112
F: (479) 282-2892
matt@kezhaya.law

The Court did not invite any new claims of privileges. Despite this, Defendant's privilege log is replete with instances Defendant withheld documents based on an asserted "State Capitol Police Record" privilege. (38 instances). There is no "State Capitol Police Record" privilege. The opening statement asserts that these records are not subject to the Arkansas Freedom of Information Act of 1967, not because they are privileged, but because they are non-public. But the discovery requests were not a freedom of information act request.

At best, the argument appears to be that the documents are non-public, and therefore under the definition of "Confidential" as used in the protective order (doc. 122). That does not make the documents privileged. Documents can only be withheld in discovery under a claim of privilege.

By **November 30, 2021**, please reissue Defendant's privilege log with all of the information that the Court instructed, withdraw the asserted "State Capitol Police Record" privilege, and supplement the document productions.

Sincerely,

*[signature]*

Matthew A. Kezhaya