IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **DONNA CAVE**, *et al.* | **PLAINTIFFS** |
| **ANNE ORSI**, *et al.*, and  CASE NO. 4:18-CV-342 | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE**, *et al.* | **INTERVENORS** |
| *v.* | |
| **JOHN THURSTON**, in his official capacity | **DEFENDANT** |

# RESPONSE TO MOTIONS TO QUASH

## INTRODUCTION AND SUMMARY

**COME NOW** Intervenors, by and through counsel of record, with a response in objection to State Sen. Rapert's motion to quash (doc. 195). This response also addresses the AHHF's motion to quash (doc. 196), which raises the same arguments, nearly word-for-word. The subpoenas were delayed because State Sen. Rapert and the AHHF obstructed discovery for two years. The motions otherwise offer no predicate for an order to quash the subpoenas.

ARGUMENT

## 1: We attempted to timely procure the documents.

Both State Sen. Rapert and the AHHF argue that the subpoenas should be quashed because they were sent after the deadline for discovery. This implicates Intervenors' pending motion to modify the scheduling order to permit the subpoenas. Doc. 192 at 4-6. The issue is whether we had an "adequate" opportunity to discover this material through the normal discovery process. See *Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995) (one of the stringcites in the motions' cited authority, *Fabery v. Mid-S. Ob-GYN*, No. 06-2136 D/P, 2000 WL 35641544 (W.D. Tenn. May 15, 2008)).

For two reasons, we did not have an adequate opportunity to discover this material through the normal discovery process. We first learned on October 21, 2021 that there was likely to be other information (not held by a public custodian) upon review of the two-year-tardy subpoena return issued by the *Orsi* plaintiffs. Had there been no delay, the follow-up subpoenas would have been timely. Additionally, we attempted to procure the subpoenaed information

by issuing timely discovery requests to Defendant.

State Sen. Rapert and the AHHF obstructed the discovery process for two years and now complain that the follow-up to their return was late. Their motions to quash should be denied.

## 2: The subpoenas are not unduly burdensome.

State Sen. Rapert and the AHHF next argue that the subpoena is unduly burdensome. The movant must establish that a subpoena duces tecum imposes an undue burden, which requires something more than "stereotypical and conclusory statements." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999); see also Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2463.1 (3d ed.) (the movant "cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance with the subpoena.")

As addressed in further detail below, the motions offer nothing more than stereotypical and conclusory statements. The Court

should deny the motions to quash.

*2.1: "Private and confidential" information is not at issue.*

The motions begin with the assertion that the subpoenas seek "private and confidential information." Doc. 195 at 3; Doc. 196 at 4. Neither motion offers any argument how the information sought is "private" or "confidential." The argument is conclusory and could be dismissed out of hand.

Moreover, the argument is wrong. There is already some evidence of record about State Sen. Rapert's efforts to install the Ten Commandments Monument on the Arkansas State Capitol grounds. See Doc. 171-1 at 2 (sent on behalf of the AHHF and signed "Office of Senator Jason Rapert, Arkansas Senate District 35"). State Sen. Rapert was operating under the guise of his authority as a public officer and was operating for the purpose of having the State accept a monument which he donated pursuant to a bill which he ran. This email, and those like it, are patently about the public's business (*i.e.*, the efforts to create and install the Ten

Commandments Monument on public grounds) and is therefore subject to public disclosure no less because it was transmitted over a private communications medium than if it were transmitted over a publicly controlled medium. *Bradford v. Dir., Emp. Sec. Dep't*, 83 Ark. App. 332, 345, 128 S.W.3d 20, 27–28 (2003).

Presumably–assumptions are necessary because State Sen. Rapert and the AHHF offer neither a contrary indication in their motion response nor a privilege log to justify withholding materials–the information sought by the subpoenas are also informative about State Sen. Rapert's (and the AHHF's) efforts to install the Ten Commandments Monument at issue. This information is just as much about the public's business of installing the Ten Commandments Monument and is therefore just as subject to public's access.

## 2.2: The subpoenaed information is relevant.

The motions contest relevance. "Relevance" in this context has the same meaning as in the normal discovery context. *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003).

The requests are relevant. As both motions note at p. 4, the information sought by the subpoenas are a "virtual carbon copy" as that sought in the discovery requests to Secretary Thurston. This Court has already found that the discovery requests are relevant. Doc. 172 at 16-24. The information sought by subpoena is therefore also relevant.

State Sen. Rapert's motion asserts that his private correspondence (*e.g.*, emails on his non-public accounts) are not relevant because he was wearing his "State Senator" hat when sending or receiving the correspondence at issue. Doc. 195 at 4. This ignores the *Bradford* rule that State Sen. Rapert's private correspondence about the public's business is just as subject to public access as his public correspondence. The argument is not responsive to the "relevance" inquiry.

The AHHF asserts, without supporting reasoning, that any of its correspondence after the monument was donated could not possibly be relevant to the instant matter at hand. Doc. 196 at 4. This Court already overruled this objection when it was issued by Secretary

– 6 of 14 –
RESPONSE TO MOTIONS TO QUASH

Thurston. See Doc. 172 at 16-24; see also doc. 172 at 27-28 (imposing this time-scope limitation at issue when one was missing).

*2.3: The need for the requested material is high.*

The next objection asserts that Intervenors' need of the information sought by subpoenas is low. Doc. 195 and 196, both at 4. The basis of the objection is that the Intervenors have sought the same information from Secretary Thurston, State Sen. Ballinger, and State Rep. Hammer. Ibid. This is true. The problem is that not a single one of these sources have provided the information sought.

And the information is important. The subpoenas are expected to return information about the motivating purposes behind both Acts at issue (recall, State Sen. Rapert introduced both bills and organized the lobbying and fundraising efforts for the Ten Commandments Monument through the AHHF). Because the motivation purposes behind the Acts which are the controlling questions of this case, the information sought is highly relevant and has not otherwise been made available to the Intervenors.

*2.4: The breadth is not unreasonable.*

The next objection complains about the breadth of the information sought. Both motions assert, without any particular factual foundation, that the types of responsive data are "endless" and will cost "substantial expenses of time and money." Doc. 195 at 4-5; Doc. 196 at 5. These are precisely the kind of "stereotypical and conclusory statements" which do not form the predicate of a motion to quash. *Miscellaneous Docket Matter No. 1*, 197 F.3d at 926. Without specifics on the time or money involvement in procuring the responsive documents at issue, Intervenors have no way of issuing a meaningful response.

Both motions take particular issue that Intervenors provided specific search terms to find electronically stored information. But the inclusion of search terms make it easier, not harder, to comply with the subpoenas. Electronically stored information is typically searched by using search terms. By providing the search terms, the subpoenas relieved the responding parties from burden of forming their own terms which will return the information sought.

As for the kinds of documents at issue, there is nothing unreasonable about seeking "correspondence" or "financial records" on the issues central to this case. Presumably, most (if not all of) the responsive materials will be electronic: whether an email, a text message, a social media post, a social media message, or otherwise. All of the information should be easily returned by a series of key term searches.

## 2.5: The time period has already been held relevant.

The next objection takes issue with the time-scope relevance. As addressed at § 2.1 above, the Court has already found the time-scope limitations in the subpoenas to be within the scope of relevance. The information sought is anticipated to be primarily if not exclusively electronic, meaning the information should be obtained by search terms. Inputting a "begin" date of "01/01/2015" is no more burdensome than one beginning "01/01/2016" or "01/01/2017" or "01/01/2018."

Both motions imply that information may have since been lost

("readily available data changes over time"), but offer no suggestion that either responding party has even begun to look at what is available. For all we know, the information is just as readily available going back to January 2015 as any other date.

*2.6: The subpoenas are not vague.*

The motions next take issue with the particularity of the documents described. The motions take issue with a perceived hyper-particular description of the documents sought by the subpoenas, but this is only undermines the motions to quash. The fact that the subpoenas are particular means they are not of the kind that causes an undue burden. A subpoena is "unduly burdensome" when it is too vague, not too particular.

*2.7: There is no information about the burden or expense.*

The motions conclude with conclusory assertions that complying with the subpoenas will entail a burden or expense. See Doc. 195 at 5 and doc. 196 at 5-6 (both assert they will have to spend "countless" hours performing search functions and will be "forced"

to hire an Information Technology expert).

We find this unlikely. There are applications that export text messages, gmail (which State Sen. Rapert uses) has a robust and easy-to-use interface which could return all responsive results with a single query, responsive direct messages on Twitter or Facebook (State Sen. Rapert is very active on both platforms) are presumably relatively few in number, and the financial records are presumably all stored in the same place. Whatever meager number of responsive paper documents may exist should all be in the same place, too.

Because neither of the responding parties offer any specifics about why they feel a need to hire an Information Technology expert or why they think they will have to spend "countless" hours performing search results, it is impossible for Intervenors to meaningfully respond to their conclusory arguments. The Court should deny the motions.

### 3: The alternative motions for protective order.

In the alternative to their motions to quash, both State Sen.

Rapert and the AHHF request a protective order. A protective order requires a showing of good cause and is intended to save a party from "annoyance, embarrassment, oppression, or undue burden or expense." FRCP 26(c). Each request is unique and addressed below.

*3.1: State Sen. Rapert's alternative request is undefined.*

State Sen. Rapert does not ask for any particular terms of a protective order. Doc. 195 at 6. The range of possibilities in a protective order is virtually unlimited, see FRCP 26(c), so it is impossible to issue a meaningful response without specific proposed terms.

Additionally, a protective order requires a showing of good cause before it will be entered. FRCP 26(c). The sole thrust of State Sen. Rapert's motion is that the discovery should not be had, not that he will suffer any particular "annoyance, embarrassment, oppression, or undue burden or expense." FRCP 26(c).

Because State Sen. Rapert's motion offers no showing of good cause and offers neither facts nor argument about why the information sought should be limited in some way, the Court should

deny the motion.

*3.2: The AHHF's alternative request is too broad.*

The AHHF's alternative motion at least specifies a proposed term: that the AHHF's responses be submitted only to Intervenors. Doc. 196 at 6. This is too broad a limitation. The materials should also be provided to the other parties' counsel of record. If the AHHF has *bona fide* "confidential" materials which are responsive, Intervenors have no objection to the AHHF taking advantage of the terms of the pre-existing protective order (doc. 122).

## 4: Privilege is waived.

Assuming the Court denies the motions to quash, the Court should bar any assertion of the deliberative privilege. Dylan Jacobs, for State Sen. Rapert, has suggested that he will provide a privilege log, but only if State Sen. Rapert is compelled to respond to the subpoena. EXHIBIT 1 (State Sen. Rapert's responses in objection) (which are substantially identical to the responses by State Rep. Hammer and State Sen. Ballinger).

This is untenable considering that the Court has warned that the time for piecemeal litigation has passed, and doubly so considering that the Court has invited briefing on the legislative privilege to be filed by today and by the parties who have standing to assert the claim of privilege. Doc. 172 at 10. No such briefing has been filed. The Court should bar any assertions of the deliberative privilege.

**WHEREFORE** Intervenors pray this Court deny the motions to quash, order the production of documents within one week of the order denying the motion, and prohibit any assertion of the deliberative privilege.

Respectfully submitted on
December 6, 2021,
on behalf of Plaintiffs
By: Matthew A. Kezhaya, ABA # 2014161
**KEZHAYA LAW PLC**
1202 NE McClain Rd
Bentonville, AR 72712
phone: (479) 431-6112
email: matt@kezhaya.law

### CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on December 6, 2021 which sends service to registered users, including all other counsel of record in this cause. s/ Matthew A. Kezhaya