**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

DONNA CAVE, JUDITH LANSKY,                                         PLAINTIFFS,
PAT PIAZZA, and SUSAN RUSSELL,

ANNE ORSI, AMERICAN HUMANIST                        CONSOLIDATED PLAINTIFFS,
ASSOCIATION, FREEDOM FROM
RELIGION FOUNDATION, INC.,
ARKANSAS SOCIETY OF FREETHINKERS,
JOAN DIETZ, GALE STEWART, RABBI
EUGENE LEVY, REV. VICTOR H. NIXON,
TERESA GRIDER, and WALTER RIDDICK,

THE SATANIC TEMPLE, DOUG MISICKO                                INTERVENORS,
aka "LUCIEN GREAVES," and ERIKA
ROBBINS,

v.                                    No. 4:18CV00342 KGB/BD

JOHN THURSTON, Arkansas Secretary of State,
in his official capacity,                                          DEFENDANT.

**ARKANSAS STATE SENATOR BOB BALLINGER'S RESPONSE
TO MOTION FOR ORDER TO SHOW CAUSE OR TO COMPEL PRODUCTION**

Despite serving a subpoena nearly eighteen months after the close of discovery and ig-

noring every requirement that parties confer regarding discovery issues prior to bringing the is-

sue before the Court, the Satanic Temple asks that Sen. Ballinger be held in contempt for timely

serving valid objections to its subpoena.  The Court should instead enforce its prior orders and

deny the Satanic Temple's motion.

### BACKGROUND[1]

Discovery in this case closed on April 29, 2020.  Doc. 107 at 1.  Nevertheless, the Satanic Temple on November 15, 2021, served Arkansas State Senator Bob Ballinger with a subpoena *duces tecum* requesting an extraordinarily broad swath of documents that it could have sought years ago.  *See* Doc. 192-3.  Sen. Ballinger timely served objections to that subpoena, pointing out *inter alia* that it was issued well after the close of discovery and was thus invalid.  Doc. 199-1.  The day after receiving Sen. Ballinger's objections and with no attempt to confer in accordance with the Local Rules and this Court's orders, the Satanic Temple moved for an order to show cause why Sen. Ballinger should not be held in contempt for failure to comply with the untimely subpoena it issued, or in the alternative to compel production of the requested documents.

### ARGUMENT

**I.     The Court should summarily deny the Satanic Temple's motion for noncompliance.**

The Satanic Temple has repeatedly flouted the Eastern District Local Rules and this Court's orders in the course of litigating its latest batch of discovery subpoenas.  The Court should consequently summarily deny the Satanic Temple's motion.

First, the Satanic Temple has repeatedly ignored Local Rule 7.2(g), which provides, "All motions to compel discovery and all other discovery-enforcement motions . . . shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court."  The Satanic Temple's motion contains no such statement because Sen. Ballinger was given no opportunity to confer with the Satanic Temple regarding the Satanic Tem-

---

[1] Defendant's response to the Satanic Temple's various pending discovery motions (Doc. 201) thoroughly discusses the background of these proceedings.  This includes a refutation of the Satanic Temple's claim that Sen. Ballinger was not previously identified in any discovery in this case.  *Id.* at 10.

ple's belief that Sen. Ballinger has not adequately complied with the subpoena.  The Local Rules provide that the Satanic Temple's motion "may be dismissed summarily for failure to comply" with this rule, and notes that repeated failures are sanctionable.  L.R. 7.2(g); *cf.* Docs. 189, 190, 192, & 199 (further noncomplying motions).  The Court should deny the Satanic Temple's motion on this basis alone.

Second, the Satanic Temple has repeatedly violated Local Rule 6.2(b), which requires a party seeking an extension of a deadline to confer with the opposing parties beforehand, and to state the parties' position in its motion.  Despite seeking either an extension of the discovery deadline or an order allowing its untimely subpoenas, the Satanic Temple did not follow that rule.  Like Local Rule 7.2, Local Rule 6.2 provides that noncompliance is grounds for summary denial of the motion, and repeated failures risk sanctions.  The Court should apply that rule and summarily deny the Satanic Temple's motion.

Third, the Satanic Temple repeatedly violated this Court's scheduling order.  That order provides that, "A discovery motion must not be filed until counsel has made a good faith effort to resolve the discovery dispute, in compliance with Local Rule 7.2."  Doc. 107 at 1.  Again, the Satanic Temple has made no effort to follow that rule in any of its recent discovery motions.  Based on these repeated failures, there is no need for the Court to reach the substance of the Satanic Temple's motion.

## II.    The Satanic Temple's subpoena was invalid when issued, and Sen. Ballinger was under no obligation to comply.

The subpoena issued to Senator Ballinger by the Satanic Temple was undisputedly untimely.  The Court set the discovery deadline as April 29, 2020, and that deadline has not changed.  Doc. 107 at 1.  The Satanic Temple acknowledges the subpoenas it issued the past month were "tardy."  Doc. 192 at 9.  And courts have held that a "subpoena that seeks docu-

ments under Federal Rule of Civil Procedure 45 is a discovery device subject to the same deadlines as other forms of discovery set forth in the court's scheduling order." *Fabery v. Mid-South OB-GYN*, No. 06-2136 D/P, 2000 WL 35641544, at *1 (WD Tenn. May 15, 2008) (collecting cases). "Litigants may not use the subpoena power of the court to conduct discovery after the discovery deadline." *Grant v. Otis Elevator Co.*, 199 F.R.D. 673, 675 (N.D. Okla. 2001).

The Satanic Temple was not permitted to issue a subpoena to Sen. Ballinger nearly eighteen months after the time period set by the Court for discovery had expired.  It had ample opportunity to move for an extension of the discovery deadline prior to issuing the subpoena, or ask the Court for leave to issue the out-of-time subpoena.  The Satanic Temple did neither.  Sen. Ballinger was under no obligation to produce documents in response to an invalid subpoena, and the Satanic Temple does not argue otherwise.  Indeed, its motion makes *no mention* of the fact that its subpoena was untimely.

Because the Satanic Temple issued the subpoena to Sen. Ballinger long after the discovery deadline expired, its motion should be denied.

## III.    Neither an order to show case nor an order compelling production is proper at this time.

The Satanic Temple seeks an order to show cause why Sen. Ballinger should not be held in contempt, or in the alternative an order compelling production of the documents sought in its subpoena.  The Court should deny the Satanic Temple's motion outright for the reason stated above.  However, if the Court decides to retroactively extend the discovery deadline or allow the Satanic Temple's subpoena on an *ad hoc* basis, it should deny its request for an order to show cause, treat the Satanic Temple's motion as a motion to compel, and order the parties to confer in good faith as required by the Local Rules.

4

"[M]any courts have noted that before sanctions can be imposed under [Rule 45], there must be a court order compelling discovery." *In re Denture Cream Prod. Liab. Litig.*, 292 F.R.D. 120, 128 (D.D.C. 2013) (cleaned up).  Indeed, the 2013 Advisory Committee notes state that "[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena." *See also Martinez v. City of Pittsburg*, No. C 11–01017 SBA (LB), 2012 WL 699462, at *3 (C.D. Cal. Mar. 1, 2012) ("A civil contempt order must be accompanied by a "purge" condition, meaning, it must give the contemnor an opportunity to comply with the order before payment of the fine or other sanction becomes due.").  Here, there has been no order compelling compliance with the subpoena at issue.  Sen. Ballinger's "actions were taken in good faith," and were "based on a reasonable interpretation" of this Court's scheduling order that plainly states discovery is closed.  *Id*.  Thus, "he should not be held in contempt."  *Id.*

If the Court determines that compliance is required despite the fact that discovery is closed (and for the reasons set forth above, it should not), Sen. Ballinger should be given the opportunity to comply.  In that case, the Court should treat the Satanic Temple's motion as a motion to compel compliance with the subpoena and direct the parties to confer in order to narrow the scope of any disagreements prior to the Court's consideration, as the Satanic Temple was required to do in the first place under the Local Rules.  At that point, Sen. Ballinger can supplement his responses as appropriate, and the Court can rule on any remaining disputes.

### CONCLUSION

Respondent Bob Ballinger respectfully requests that the Court deny the Satanic Temple's motion.

Respectfully submitted,

LESLIE RUTLEDGE
Arkansas Attorney General

Dylan L. Jacobs (2016167)
  Assistant Solicitor General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Ph: (501) 682-2007
Fax: (501) 682-2591
Email: Dylan.Jacobs@ArkansasAG.gov

*Attorney for Respondent Bob Ballinger*