IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| **DONNA CAVE**, *et al.* | | **PLAINTIFFS** |
| **ANNE ORSI**, *et al.*, and | **CASE NO.** <br> 4:18-CV-342 | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE**, *et al.* | | **INTERVENORS** |
| *v.* | | |
| **JOHN THURSTON**, in his official capacity | | **DEFENDANT** |

## REPLY ON MOTIONS TO SHOW CAUSE

### INTRODUCTION AND SUMMARY

**COME NOW** Intervenors, by and through counsel of record, with a reply on the motions to show cause against State Rep. Hammer (doc. 192) and State Sen. Ballinger (doc. 199).

The chief argument in both responses (docs. 202 and 205) is that the subpoenas are void because they were issued late. At best tardiness makes the subpoenas voidable. To save themselves from contempt, the witnesses needed to issue proper objections.

### 1: Subpoenas do not require a good faith conference.

The non-parties first object to a show-cause order because we did not meet and confer. Doc. 202 and 205, both at 2-3 (citing LR 7.2(g)). Neither of them offer any authority to support the claim that a motion to show cause is a "discovery-enforcement motion," requiring a good faith conference, they just want to engage in more delay tactics.

Their claim is invalid. This Court already addressed the point that Rule 37 "does not apply" to the failure to respond to a subpoena. Doc. 116 at 8 (quoting *Baranski v. United States*, 283 F.R.D. 520, 526 (E.D. Mo. 2012)). Rule 37, and its "good faith effort to confer" requirement, offers a mechanism by which Rules 26-36 can be made effective. Id. But Rule 37, and therefore its "good faith effort to confer" requirement, "has no application to a non-party's refusal to produce documents." Id. Instead, the proper means of seeking relief for failing to comply with a subpoena is by moving for an order to show cause. Id. at 9. Rule 7.2(g) says nothing of a motion for order to show cause.

Subpoenas are self-enforcing. We do not need to issue a deficiency letter for failure to comply any more than this Court would need to have a side-bar with a witness who flatly refuses an order to answer a question.

## 2: The subpoenas are valid.

### 2.1: Subpoenas are not "void" for being issued late.

Next, the non-parties assert that the subpoenas are invalidated because they were issued after the discovery deadline. Docs. 202 and 205, both at 3-4. This argument raises the distinction between "void" process and "voidable" process.

A "void" process is null from the beginning. 72 C.J.S. Process § 5. Process is "void" when it was issued without power in the court to award it, or in which the court has not acquired jurisdiction or in which it fails in some material respect to comply with the requisite form of process. Id.; see also *Jochem v. Cooley*, 176 F. 719, 722 (8th Cir. 1910). Otherwise, process is only "voidable." A "voidable" process is defective for some other reason. Ibid. Process which is

"voidable" is not void from the beginning, but instead requires a "proper proceeding to vacate the same." *Jochem*, 176 F. at 722.

The subpoena in *Idelle Labs, Ltd. v. Reis*, No. 13-MC-66, 2014 WL 12577036 (S.D. Ohio Apr. 24, 2014) (cited by State Rep. Hammer but not State Sen. Ballinger), was "void" and not "voidable." There, the subpoena was held void because it suffered from procedural defects in its form because it was issued by a non-attorney. *Id.* at *1-*2. That failed the requirement of being signed by an attorney. *Id.*

The non-parties' argument is not that this Court lacks jurisdiction and they do not argue that it fails to comply with the Rule 45(a) elements governing its form. They instead argue that it was issued late. At most, that makes the subpoenas "voidable." Not "void."

## 2.2: They failed in their efforts to vacate the subpoenas.

To preserve the argument that the subpoenas are invalid, the non-parties needed to engage in a "proper proceeding to vacate the same." *Jochem*, 176 F. at 722. They did not. They had two options: they could have filed a timely motion to quash in accordance with,

or they could have issued proper objections. They did not file a motion to quash and their objections were not proper.

### 2.3: *State Rep. Hammer's objections were not proper.*

State Rep. Hammer opted to issue an objection, but it was not proper. FRCP 45(d)(2)(B). The objection must be served before the earlier time specified for compliance or 14 days after the subpoena is served. Id.

State Rep. Hammer's objections were not timely. He asks the Court to excuse his tardiness, offering as an excuse that the discovery period has ended. State Rep. Hammer's issue is with Secretary Thurston. We tried to get this material during the discovery period, but were met with unending obstruction tactics. State Rep. Hammer is just another channel to get to the same information.

State Rep. Hammer next asserts that his tardiness should be excused because there is no indication he is acting in bad faith. There are three problems. First, "good faith" is not a defense on its own; the defense is "good faith and substantial compliance." *Food Lion,*

*Inc. v. United Food & Com. Workers Int'l Union, AFL-CIO-CLC*, 103 F.3d 1007, 1017–18 (D.C. Cir. 1997).

Second, it is doubtful that "good faith and substantial compliance" is a defense in the first place. Civil contempt is a remedial sanction used to obtain compliance with a court order or to compensate for damage sustained as a result of noncompliance. *Id.*, 103 F.3d at 1016. Because "the purpose is remedial, it matters not with what intent the defendant did the prohibited act." *Id.*, 103 F.3d at 1016-17 (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949)).

Assuming for sake of argument that the defense lies, the burden of proving it is on the contemnor. *Id.* It is irrelevant if there is no indication State Rep. Hammer is acting in bad faith, he has to prove that he is acting in good faith. His opportunity to do so is at the show-cause hearing. *Nilva v. United States*, 352 U.S. 385, 395, 77 S. Ct. 431, 437, 1 L. Ed. 2d 415 (1957).

*2.4: State Sen. Ballinger's objections were not proper.*

State Sen. Ballinger offers no defense that his perfunctory objections failed to sustain his burden of showing that the subpoena was disproportionate or to sustain his burden of showing that privilege protects the materials sought. His objections were also not proper.

### 3:  A show-cause order should issue.

*3.1: State Rep. Hammer is subject to contempt.*

State Rep. Hammer complains that State Sen. Ballinger got the benefit of an alternative motion to compel production of the materials. Doc. 202 at 6. State Rep. Hammer lost the benefit of an alternative motion to compel when he failed to timely object. He is subject to contempt because he did not comply with the subpoena, did not issue proper objections, and did not file a motion to quash.

*3.2: State Sen. Ballinger is subject to contempt.*

State Sen. Ballinger is also subject to contempt. He did not comply with the subpoena, did not issue proper objections, and did not file a motion to quash. State Sen. Ballinger argues the Court should

not hold him in contempt but instead order compliance. He professes that his actions were taken in good faith. The nature of his failure to comply is a subject better left for the show-cause hearing. At this stage of proceedings, the only question is whether he complied with the subpoena. He did not, and that is "prima facie evidence of contempt." Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2465 (3d ed.)

**WHEREFORE** Intervenors pray this Court enter an order for State Rep. Hammer and State Sen. Ballinger to show cause why they should not be held in contempt.

|        | Respectfully submitted on December 8, 2021, on behalf of Intervenors |
|-------:|:--|
| By:    | Matthew A. Kezhaya, ABA # 2014161 |
|        | **KEZHAYA LAW PLC** |
|        | 1202 NE McClain Rd |
|        | Bentonville, AR 72712 |
| phone: | (479) 431-6112 |
| email: | matt@kezhaya.law |

### CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on December 8, 2021 which sends service to registered users, including all other counsel of record in this cause. s/ Matthew A. Kezhaya