

| | |
|---|---|
| Michael A. Cantrell | Direct Dial: (501) 682-2401 |
| Assistant Solicitor General | Facsimile: (501) 682-8162 |
| 323 Center Street, Suite 200 | Michael.Cantrell@ArkansasAG.gov |
| Little Rock, AR 72201 | |

July 26, 2019

Matthew A. Kezhaya
Kezhaya Law PLC
1202 North East McClain Road
Bentonville, AR 72712
*Counsel for Satanic Temple Intervenors*

Re:   *Cave v. Thurston*, Case No. 4:18CV342 KGB

Dear Matthew,

I am in receipt of the Intervenors' responses to the Defendant's discovery requests. I am writing to confer in good faith on numerous issues because the Intervenors' responses are egregiously deficient.

First, I note that none of the responses the Intervenors have provided are signed. Please note that Fed. R. Civ. P. 33(b)(3) and (5) provide that interrogatories must be answered under oath and signed by the person who makes the answers.

Second, the Intervenors' particular responses are otherwise almost uniformly deficient. Please see the many issues described below. I highlight the fact that the Intervenors have refused to provide any of the documents that they identified in their initial disclosures or that they relied upon in making their allegations in the Amended Complaint.

Please provide appropriate responses and produce all responsive documents as soon as possible, and in any case no later than Friday, August 9, 2019. If the Intervenors refuse to provide proper responses and production by that date, the Defendant will have no choice but to seek intervention of the Court. Thank you for your prompt attention to these matters.

**Interrogatories and RFPs to the Intervenors**

- **RFP No. 2** – This RFP requests that you produce a copy of every record to which you refer in the Amended Complaint or on which you rely in making your allegations in the Amended Complaint. You object on the basis of work product and

attorney-client privilege. But virtually by definition items that you rely on in making your allegations in the Amended Complaint cannot be work product or attorney-client privileged. Further, your objection on privilege grounds is deficient under Fed. R. Civ. P. 26(b)(5)(ii) for failure to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that . . . will enable other parties to assess the claim." You have also failed to state whether any responsive materials are being withheld on the basis of your objection, as required. Fed. R. Civ. P. 34(b)(2)(C). Please provide all responsive documents.

- **RFP No. 4** – This RFP requests that you produce a copy of every record to which you refer or on which you rely in making your initial disclosures. You object on the basis of work product and attorney-client privilege. But virtually by definition items that you rely on in making your initial disclosures cannot be work product or attorney-client privileged. Further, your objection on privilege grounds is deficient under Fed. R. Civ. P. 26(b)(5)(ii) for failure to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that . . . will enable other parties to assess the claim." You have also failed to state whether any responsive materials are being withheld on the basis of your objection, as required. Fed. R. Civ. P. 34(b)(2)(C). Please provide all responsive documents.

- **Interrogatory No. 4** – Page 2 of your amended complaint claims that regulations and zoning requirements apply generally to monuments on the state capitol grounds. This interrogatory simply asks you to identify the regulations and zoning requirements that the Amended Complaint is referring to. You provide no response other than to claim work-product and attorney-client privilege. But the answer to this interrogatory plainly does not implicate the work-product doctrine or attorney-client privilege. Further, your objection on privilege grounds is deficient under Fed. R. Civ. P. 26(b)(5)(ii) for failure to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that . . . will enable other parties to assess the claim." Please provide all responsive information.

- **RFP No. 6** – This RFP requests that you produce a copy of all documents and electronically stored information identified in sections 2 and 3 of your initial disclosures. Although your initial disclosures contain sections numbered as "2." and "3.", you have responded that you are unable to understand what information this RFP is seeking. This request plainly seeks a copy of the documents and electronically stored information identified in the section of your initial disclosures under the bold headings "2. Documents" and "3. Damages." Further, you object that "[t]o the extent Defendant seeks copies of emails between TST and members of the General Assembly and Kelly Boyd," this request is unduly burdensome because the State has these emails in its possession," and "all of the information sought is already in the possession of the State: either because the documents were produced previously

    throughout discovery or because the State directly created or received the documents in question." But these objections treat "the State" as a monolithic entity without distinguishing among different State entities. The Secretary of State is a different entity from the General Assembly, and it does not possess copies of emails that were sent between the Satanic Temple and members of the General Assembly. You have also failed to state whether any responsive materials are being withheld on the basis of your objection, as required. Fed. R. Civ. P. 34(b)(2)(C). Please provide all responsive documents.

- **RFP No. 7** – You refer to email correspondence in paragraphs 31 to 34 of your Proposed Second Amended Complaint in Intervention. This RFP requests that you produce copies of that email correspondence. You object that this request is unduly burdensome because "[t]he State, being the custodian of General Assembly email accounts, already has the emails in its possession." But this objection treats "the State" as a monolithic entity without distinguishing among different State entities. The Secretary of State is a different entity from the General Assembly, and it does not possess copies of emails that were sent between the Satanic Temple and members of the General Assembly. You have also failed to state whether any responsive materials are being withheld on the basis of your objection, as required. Fed. R. Civ. P. 34(b)(2)(C). Please provide all responsive documents.

**Interrogatories and RFPs to the Satanic Temple**

- **Interrogatory No. 1** – This interrogatory seeks basic information concerning the corporate nature, history, and officers of the Satanic Temple. You have refused to provide anything other than the full legal name of the Satanic Temple, which you state "on information and belief" as "United Federation of Churches, LLC." You have stated a generic objection on grounds of relevance and proportionality, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly relevant and proportional to the needs of the case. Please provide all responsive information.
- **RFP No. 1** – This RFP requests copies of all current and former articles of incorporation and analogous documents. You have stated a generic objection on grounds of relevance and proportionality, without providing any specific reason for your objection. This is improper. Fed. R. Civ. P. 34(b)(2)(B) ("[T]he response must . . . state with specificity the grounds for objecting to the request."); Eastern District of Arkansas Local Rule 33.1(b) ("It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity."). The information requested in this

- interrogatory is plainly relevant and proportional to the needs of the case. You have also failed to state whether any responsive materials are being withheld on the basis of your objection, as required. Fed. R. Civ. P. 34(b)(2)(C). Please provide all responsive documents.
- **Interrogatory No. 2** – This interrogatory seeks information concerning persons and entities in whose names various websites have been registered and who has produced, published, or maintained content on those websites. You have stated a generic objection on grounds of relevance and proportionality, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly relevant and proportional to the needs of the case. You also object that the request is unduly burdensome on the grounds that domain registrations are a matter of public record. But these websites have been registered in such a way as to mask the true person or entity registering the domain, and in any case former registrations are not publicly available. Please provide all responsive information.
- **RFP No. 2** – This interrogatory seeks copies of the Satanic Temple's budgets for recent years. You have stated a generic objection on grounds of relevance and proportionality, without providing any specific reason for your objection. This is improper. Fed. R. Civ. P. 34(b)(2)(B) ("[T]he response must . . . state with specificity the grounds for objecting to the request."); Eastern District of Arkansas Local Rule 33.1(b) ("It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity."). The information requested in this interrogatory is plainly relevant and proportional to the needs of the case in part because the Satanic Temple claims to be a legitimate religious organization, and the Defendant is aware of information that it is rather a self-promotional scheme for certain individuals. You have also failed to state whether any responsive materials are being withheld on the basis of your objection, as required. Fed. R. Civ. P. 34(b)(2)(C). Please provide all responsive documents.
- **RFP No. 3** – This interrogatory seeks copies of the Satanic Temple's state and federal tax returns for recent years. You have stated a generic objection on grounds of relevance and proportionality, without providing any specific reason for your objection. This is improper. Fed. R. Civ. P. 34(b)(2)(B) ("[T]he response must . . . state with specificity the grounds for objecting to the request."); Eastern District of Arkansas Local Rule 33.1(b) ("It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity."). The information requested in this

interrogatory is plainly relevant and proportional to the needs of the case in part because the Satanic Temple has put its tax status in issue. You have also failed to state whether any responsive materials are being withheld on the basis of your objection, as required. Fed. R. Civ. P. 34(b)(2)(C). Please provide all responsive documents.

- **Interrogatory No. 3 and RFP No. 4** – This interrogatory and RFP seeks information and documents concerning the Satanic Temple's tax status, and requests identification of any records recognizing the Satanic Temple as a "church" or religious organization. You have stated a generic objection on grounds of relevance and proportionality, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(2)(B) ("[T]he response must . . . state with specificity the grounds for objecting to the request."). The information requested in this interrogatory and the documents requested in this RFP are plainly relevant and proportional to the needs of the case in part because the Satanic Temple claims to be a tax exempt church or other religious organization. You have also failed to state whether any responsive materials are being withheld on the basis of your objection, as required. Fed. R. Civ. P. 34(b)(2)(C). Please provide all responsive information and documents.

- **Interrogatory No. 4** – This interrogatory requests information concerning persons or entities who have received proceeds from purchases made through various websites associated with the Satanic Temple. You have stated a generic objection on grounds of relevance and proportionality, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly relevant and proportional to the needs of the case in part because the Satanic Temple claims to be a legitimate religious organization and the Defendant is aware of information that it is rather a self-promotional scheme for certain individuals. Please provide all responsive information.

- **Interrogatories No. 5 and 6 and RFPs No. 5 and 6** – These interrogatories and these RFPs request information and documents concerning persons or entities who received the proceeds when contributions were made through a website that ostensibly raised money to transport the Baphomet statute to Arkansas. You have stated a generic objection on grounds of relevance and proportionality, without

providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(2)(B) ("[T]he response must . . . state with specificity the grounds for objecting to the request."). The information requested in these interrogatories and the documents requested in these RFPs are plainly relevant and proportional to the needs of the case, in part because the Satanic Temple claims to be a legitimate religious organization and the Defendant is aware of information that it is rather a self-promotional scheme for certain individuals. You have also failed to state whether any responsive materials are being withheld on the basis of your objection, as required. Fed. R. Civ. P. 34(b)(2)(C). Please provide all responsive information and documents.

- **Interrogatories No. 7 and No. 8 and RFPs No. 7** – These interrogatories and this RFP request information and documents concerning the ownership, design, and modifications of the Baphomet monument. You have stated a generic objection on grounds of relevance and proportionality, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(2)(B) ("[T]he response must . . . state with specificity the grounds for objecting to the request."). The information requested in these interrogatories and the documents requested in these RFPs are plainly relevant and proportional to the needs of the case, in part because the Satanic Temple must own the Baphomet monument in order to be in any position to donate it for placement on the Arkansas State Capitol grounds and in part because the design and medication of any monument placed on the Arkansas State Capitol grounds is a matter of obvious concern. You have also failed to state whether any responsive materials are being withheld on the basis of your objection, as required. Fed. R. Civ. P. 34(b)(2)(C). Please provide all responsive information and documents.
- **RFP No. 8** – This interrogatory seeks copies of all videos and photographs related to the Satanic Temple's past efforts, including the Rally for Rick Scott, the "pink mass," the installation of the second Ten Commandments monument on the Arkansas State Capitol grounds, and the "rally for religious liberty." You have stated a generic objection on grounds of relevance and proportionality, without providing any specific reason for your objection. This is improper. Fed. R. Civ. P. 34(b)(2)(B) ("[T]he response must . . . state with specificity the grounds for objecting to the request."); Eastern District of Arkansas Local Rule 33.1(b) ("It is not sufficient to

state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity."). The items requested in this RFP are plainly relevant and proportional to the needs of the case, in part because the Satanic Temple claims to be a legitimate religious organization and the Defendant is aware of information that its past efforts are not consistent with that claim. You have also failed to state whether any responsive materials are being withheld on the basis of your objection, as required. Fed. R. Civ. P. 34(b)(2)(C). Please provide all responsive items.

- **RFP No. 9** – This interrogatory seeks copies of all videos or promotional material created or used to publicize or promote the After School Satan Club. You have stated a generic objection on grounds of relevance and proportionality, without providing any specific reason for your objection. This is improper. Fed. R. Civ. P. 34(b)(2)(B) ("[T]he response must . . . state with specificity the grounds for objecting to the request."); Eastern District of Arkansas Local Rule 33.1(b) ("It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity."). The items requested in this RFP are plainly relevant and proportional to the needs of the case, in part because the Satanic Temple claims to be a legitimate religious organization and the Defendant is aware of information that efforts concerning the After School Satan Club are not consistent with that claim. You have also failed to state whether any responsive materials are being withheld on the basis of your objection, as required. Fed. R. Civ. P. 34(b)(2)(C). Please provide all responsive items.

- **Interrogatory No. 9** – This interrogatory seeks information concerning financial relationships between the Satanic Temple and various individuals and entities. You have stated a generic objection on grounds of relevance and proportionality, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly relevant and proportional to the needs of the case, in part because the Satanic Temple claims to be a legitimate religious organization and the Defendant is aware of information that it is rather a self-promotional scheme for certain individuals. Please provide all responsive information.

- **Interrogatory No. 10** – This interrogatory seeks basic information concerning other litigation to which the Satanic Temple has been a party. You have stated a generic objection on grounds of relevance, proportionality, and undue burden, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient

to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly relevant and proportional to the needs of the case, in part because the Satanic Temple claims to be a legitimate religious organization and the Defendant is aware of information that it is rather a self-promotional scheme for certain individuals. Please provide all responsive information.

**Interrogatories and RFPs to Doug Misicko**

- **Interrogatory No. 3** – This interrogatory seeks basic information concerning lawsuits or other legal proceedings in which you have been involved. You have stated a generic objection on grounds of relevance and proportionality, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly relevant and proportional to the needs of the case because you are a party to this case. Further, you object on the basis that providing this information is an undue burden because "it is all publicly available." But the purported public availability of this information is no excuse for failing to provide it. Unlike the Defendant, you know the jurisdictions in which you have been involved in legal proceedings. You further object that the interrogatory exceeds the 25-interrogatory limit of Fed. R. Civ. P. 33. This is incorrect, as this is only Interrogatory No. 3 addressed to you, Douglas Misicko.  Please provide all responsive information.
- **Interrogatories No. 4 and 5** – These interrogatories seeks identification of everything that the Ten Commandments Monument Display Act, the Ten Commandments monument, or any state official or entity has coerced you to do, or any burden or benefit that have been made conditional upon your obedience to the Ten Commandments. You have stated a generic objections on grounds of relevance and proportionality, without providing any specific reason for your objections. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly relevant and proportional to the needs of the case because you have claimed that the placement of the Ten Commandments monument on the Arkansas State Capitol grounds has injured you in some way. Further, you object on

> the basis that providing this information is an undue burden because "it is all publicly available." But this information is not publicly available. You further object that these interrogatories exceed the 25-interrogatory limit of Fed. R. Civ. P. 33. This is incorrect, as these are only Interrogatories No. 4 and No. 5 addressed to you, Douglas Misicko.  Please provide all responsive information.

- **Interrogatory No. 6 and RFP No. 3** – This interrogatory seeks identification of any treatment, therapy, or counseling that you have sought as a result of the Ten Commandments Monument Display Act, the Ten Commandments monument, or any action or omission of any Arkansas state official. You have stated a generic objection on grounds of relevance and proportionality, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(2)(B) ("[T]he response must . . . state with specificity the grounds for objecting to the request."). The information requested in this interrogatory is plainly relevant and proportional to the needs of the case because you claim to have been offended and suffered injury by the placement of the Ten Commandments monument on the Arkansas State Capitol grounds. You further object that the interrogatory exceeds the 25-interrogatory limit of Fed. R. Civ. P. 33. This is incorrect, as this is only Interrogatory No. 6 addressed to you, Douglas Misicko.  Please provide all responsive information. As for RFP No. 3, you have not attempted to provide a response of any kind or produce any documents in response thereto. You have also failed to state whether any responsive materials are being withheld on the basis of your objection, as required. Fed. R. Civ. P. 34(b)(2)(C). Please provide all responsive information and documents.

**Interrogatories and RFPs to Erika Robbins**

- **Interrogatory No. 1** – This interrogatory seeks information concerning your visits to the Arkansas State Capitol grounds. You have stated a generic objection on grounds of undue burden, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly not unduly burdensome. You further object that the interrogatory exceeds the 25-interrogatory limit of Fed. R. Civ. P. 33. This is incorrect, as this is only Interrogatory No. 1 addressed to you, Erika Robbins.  Please provide all responsive information.

- **Interrogatory No. 2** – This interrogatory seeks basic information concerning your identity and social media presence. You have stated a generic objection on grounds of relevance, proportionality, and undue burden, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly not irrelevant, disproportionate, or unduly burdensome. You further object that the interrogatory exceeds the 25-interrogatory limit of Fed. R. Civ. P. 33. This is incorrect, as this is only Interrogatory No. 2 addressed to you, Erika Robbins. Please provide all responsive information.
- **RFP No. 1** – This RFP seeks copies of items containing information pertaining to your opinions on or engagement with the Ten Commandments monument and related matters. You have stated a generic objection on grounds of undue burden, without providing any specific reason for your objection. This is improper. Fed. R. Civ. P. 34(b)(2)(B) ("[T]he response must . . . state with specificity the grounds for objecting to the request"); Eastern District of Arkansas Local Rule 33.1(b) ("It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity."). You have also failed to state whether any responsive materials are being withheld on the basis of your objection, as required. Fed. R. Civ. P. 34(b)(2)(C). Please provide all responsive documents.
- **Interrogatories No. 4 and 5** – These interrogatories seek identification of everything that the Ten Commandments Monument Display Act, the Ten Commandments monument, or any state official or entity has coerced you to do, or any burden or benefit that have been made conditional upon your obedience to the Ten Commandments. You have stated a generic objections on grounds of undue burden, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly not unduly burdensome because you have claimed that the placement of the Ten Commandments monument on the Arkansas State Capitol grounds has injured you in some way. Further, you object on the basis that providing this information is an undue burden because "it is all publicly available." But this information is not publicly available. You further object that the interrogatory exceeds the 25-interrogatory limit of Fed. R. Civ. P. 33. This is incorrect, as these are only

- Interrogatories No. 4 and 5 addressed to you, Erika Robbins. Please provide all responsive information.

- **Interrogatory No. 6 and RFP No. 3** – This interrogatory and RFP seeks information and documents pertaining to any treatment that you may have sought as a result of the Ten Commandments and related matters. You have stated a generic objection on grounds of relevance and proportionality, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly not irrelevant or disproportionate, as you claim to have been offended and injured by the Ten Commandments monument. You further object that the interrogatory exceeds the 25-interrogatory limit of Fed. R. Civ. P. 33. This is incorrect, as this is only Interrogatory No.6 addressed to you, Erika Robbins. You further object on grounds of psychotherapist-patient privilege. But your objection on privilege grounds is deficient under Fed. R. Civ. P. 26(b)(5)(ii) for failure to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that . . . will enable other parties to assess the claim." You have also failed to state whether any responsive materials are being withheld on the basis of your objection, as required. Fed. R. Civ. P. 34(b)(2)(C). Please provide all responsive information and documents.

- **Interrogatory No. 7** – This interrogatory seeks identification of the requirements that you had to meet to become a member of the Satanic Temple. You have stated a generic objection on grounds of vagueness and undue burden, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly not vague or unduly burdensome, as you have personal knowledge of the requirements that you had to meet to become a member of the Satanic Temple. Please provide all responsive information.

Respectfully,

Michael A. Cantrell
Assistant Solicitor General

## CERTIFICATE OF SERVICE

      I, Michael A. Cantrell, certify that on July 26, 2019, I served the foregoing on the following:

Matthew Kezhaya
matt@kezhaya.law

                                                <u>*/s/* Michael A. Cantrell</u>
                                                Michael A. Cantrell