ATTORNEY GENERAL
LESLIE RUTLEDGE
ARKANSASAG.GOV

Michael A. Cantrell
Assistant Solicitor General
323 Center Street, Suite 200
Little Rock, AR 72201

Direct Dial: (501) 682-2401
Facsimile: (501) 682-8162
Michael.Cantrell@ArkansasAG.gov

October 22, 2019

Matthew A. Kezhaya
Kezhaya Law PLC
1202 North East McClain Road
Bentonville, AR 72712
*Counsel for Satanic Temple Intervenors*

Re:   *Cave v. Thurston*, Case No. 4:18CV342 KGB

Dear Matthew,

On June 21, 2019, the Defendant served written discovery requests on the Satanic Temple Intervenors. On July 22, 2019, the Intervenors served egregiously deficient responses. On July 26, 2019, the Defendant served a detailed, 12-page letter specifically detailing the numerous and fundamental deficiencies of those responses. After further correspondence, I am now in receipt of the Intervenors' September 25, 2019 Responses and Objections to Defendant's discovery requests as well as the September 26, 2019 TST's Responses and objections to Defendant's discovery requests.

I am writing again to confer in good faith on numerous issues because the Intervenors' supplemental responses are likewise woefully deficient. First, I note that—like the first responses—neither of the supplemental sets of responses is signed. Please note that Fed. R. Civ. P. 33(b)(3) and (5) provide that interrogatories must be answered under oath and signed by the person who makes the answers.

Second, there are no supplemental responses for the interrogatories that were directed to Doug Misicko or Erika Robbins. Please note that, as a consequence, the issues described below pertaining to Doug Misicko and Erika Robbins have not changed.

Third, most of the supplemental responses are deficient. Please see the numerous issues described below. Defendant has given your clients every possible opportunity to provide proper responses, patiently waiting to receive them a full three months beyond the original 30-day response period. But with the Court's entering of a final scheduling order and the need to conduct depositions of the Satanic Temple Intervenors, you will understand that

Defendant no longer has the option of patience. Please provide appropriate responses and produce all responsive documents as soon as possible, and in any case no later than Tuesday, November 5, 2019. If the Intervenors fail to provide proper responses and production by that date, the Defendant will have no choice but to seek intervention of the Court. Thank you for your prompt attention to these matters.

**Interrogatories and RFPs to the Satanic Temple**

- **Interrogatory No. 1** – This interrogatory seeks basic information concerning the corporate nature, history, and officers of the Satanic Temple. Your initial response refused to provide anything other than the full legal name of the Satanic Temple, which you state "on information and belief" as "United Federation of Churches, LLC." Your supplemental response, however, refers to a *different* corporate entity—stating that "TST is given corporate structure by 'The Satanic Temple, Inc.' which is a Massachusetts non-profit corporation." The remainder of your response is an objection that the request is disproportionate because the Satanic Temple "is a complex and international organization with local chapters dispersed through the world." But please note that Interrogatory No. 1 does not request information about any local chapter's leader, as such. Rather, it seeks information only about employees, officers, directors, managers, board members, advisory members, or other persons or entities holding a position of responsibility or leadership with respect to *the Intervenor*, the Satanic Temple. Of course, your identification of the Satanic Temple with *two different* corporate entities raises many questions concerning the identity and nature of the Satanic Temple and its personnel. Please provide all responsive information with respect to both of these entities.
- **RFP No. 1** – This RFP requests, among other things, a copy of all current and former bylaws. Your supplemental response states an objection that the Satanic Temple's bylaws are not relevant to whether the Ten Commandments Monument Display Act or Act 274 of 2017 are unconstitutional or to any of Defendants' defenses. That is false, but in any case, the Satanic Temple's subjecting the Defendant to the power of the courts by haling it into federal court gives the Defendant every right to know information concerning the organization that is prosecuting this lawsuit and the persons holding positions therein. Further, your identification of the Satanic Temple with *two different* corporate entities raises many questions concerning the identity and nature of the Satanic Temple. Please provide all responsive documents with respect to both of these entities.
- **Interrogatory No. 2** – This interrogatory seeks information concerning persons and entities in whose names various websites have been registered and who has produced, published, or maintained content on those websites. Your initial objection stated that the request is unduly burdensome on the grounds that domain registrations are a matter of public record. But these websites have been registered in such a way as to mask the true person or entity registering the domain, and in any

case former registrations are not publicly available. Further, your supplemental response states an objection that the information is not relevant to whether the Ten Commandments Monument Display Act or Act 274 of 2017 are unconstitutional or to any of Defendants' defenses. That is false, but in any case, the Satanic Temple's subjecting the Defendant to the power of the courts by haling it into federal court gives the Defendant every right to know information concerning the organization that is prosecuting this lawsuit and the persons holding positions therein. Please provide all responsive information.

- **RFP No. 2** – This interrogatory seeks copies of the Satanic Temple's budgets for recent years. Your supplemental response states an objection that the Satanic Temple's budgets are not relevant to whether the Ten Commandments Monument Display Act or Act 274 of 2017 are unconstitutional or to any of Defendants' defenses. That is false, but in any case, the Satanic Temple's subjecting the Defendant to the power of the courts by haling it into federal court gives the Defendant every right to know information concerning the organization that is prosecuting this lawsuit and the persons holding positions therein. Further, the information requested in this interrogatory is plainly relevant and proportional to the needs of the case in part because the Satanic Temple claims to be an organization serving essentially religious ends, and the Defendant is aware of information that it is rather a self-promotional scheme for certain individuals. Moreover, your identification of the Satanic Temple with *two different* corporate entities raises many questions concerning the Satanic Temple's identity, nature, and cash flow. Please provide all responsive documents with respect to both of these entities.

- **RFP No. 3** – This interrogatory seeks copies of the Satanic Temple's state and federal tax returns for recent years. Your supplemental response states an objection that the Satanic Temple's tax returns are not relevant to whether the Ten Commandments Monument Display Act or Act 274 of 2017 are unconstitutional or to any of Defendants' defenses. That is false, but in any case, the Satanic Temple's subjecting the Defendant to the power of the courts by haling it into federal court gives the Defendant every right to know information concerning the organization that is prosecuting this lawsuit and the persons holding positions therein. Further, the information requested in this interrogatory is plainly relevant and proportional to the needs of the case in part because the Satanic Temple has put its tax status in issue. Moreover, your identification of the Satanic Temple with *two different* corporate entities raises many questions concerning the Satanic Temple's identity, nature, and cash flow. Please provide all responsive documents with respect to both of these entities.

- **Interrogatory No. 4** – This interrogatory requests information concerning persons or entities who have received proceeds from purchases made through various websites associated with the Satanic Temple. Your supplemental response states an objection that the information is not relevant to whether the Ten Commandments Monument

Display Act or Act 274 of 2017 are unconstitutional or to any of Defendants' defenses. But you will recall that on Monday, August 5, 2019, you and I had an amicable, two-hour phone conference to discuss discovery issues. During that conference, you agreed to produce several items. You kindly provided me with a copy of your call notes, which included the following among your "**Agreed productions**": "Where does the money go for TST purchases and contributions." Then, after an August 26, 2019, follow-up email from me, you responded on August 28, stating, in part, "*I am holding TST to my agreement to produce the various documents previously identified. I am also giving you my personal word that you will receive those documents* faster and with less effort expended on Defendant's part through informal proceedings a than through an order to compel discovery" (emphasis added). But you have not produced any documents concerning persons or entities who have received proceeds from purchases made through various websites associated with the Satanic Temple. Therefore, your refusal to provide the requested information is improper. Further, the information is plainly relevant and proportional to the needs of the case in part because the Satanic Temple claims to be an organization serving essentially religious ends, and the Defendant is aware of information that it is rather a self-promotional scheme for certain individuals. Moreover, your identification of the Satanic Temple with *two different* corporate entities raises many questions concerning the Satanic Temple's identity, nature, and cash flow. Please provide all responsive documents with respect to both of these entities.

- **Interrogatories No. 5 and 6 and RFPs No. 5 and 6** – These interrogatories and these RFPs request information and documents concerning persons or entities who received the proceeds when contributions were made through a website that ostensibly raised money to transport the Baphomet statute to Arkansas. Your supplemental responses state an objection that the information is not relevant to whether the Ten Commandments Monument Display Act or Act 274 of 2017 are unconstitutional or to any of Defendants' defenses. But you will recall that on Monday, August 5, 2019, you and I had an amicable, two-hour phone conference to discuss discovery issues. During that conference, you agreed to produce several items. You kindly provided me with a copy of your call notes, which included the following among your "**Agreed productions**": "Where does the money go for TST purchases and contributions." Then, after an August 26, 2019, follow-up email from me, you responded on August 28, stating, in part, "*I am holding TST to my agreement to produce the various documents previously identified. I am also giving you my personal word that you will receive those documents* faster and with less effort expended on Defendant's part through informal proceedings a than through an order to compel discovery" (emphasis added). But you have not produced any documents concerning persons or entities who received the proceeds from the Baphomet fundraising page. Therefore, your refusal to provide any information is improper. Further, the requested information in this interrogatory is plainly relevant and proportional to the needs of

the case in part because the Satanic Temple claims to be an organization serving essentially religious ends, and the Defendant is aware of information that it is rather a self-promotional scheme for certain individuals. Moreover, your identification of the Satanic Temple with *two different* corporate entities raises many questions concerning the Satanic Temple's identity, nature, and cash flow. Please provide all responsive documents with respect to both of these entities.

- **Interrogatory No. 7 and RFP No. 7** – This interrogatory and RFP request information and documents concerning the ownership, design, and modifications of the Baphomet monument. Neither your initial nor your supplemental responses to Interrogatory No. 7 identify persons or entities with an ownership interest in the statue. Further, your supplemental responses state that you do *not* object to providing information about modifications that have been made to the statute, but states that the information was not available inside the time provided for a response. Please further supplement your response with information concerning modifications to the statute at this time. Your supplemental responses state a generic objection on grounds of relevance and proportionality, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(2)(B) ("[T]he response must . . . state with specificity the grounds for objecting to the request."). The information requested in these interrogatories and the documents requested in these RFPs are plainly relevant and proportional to the needs of the case, in part because the Satanic Temple must own the Baphomet monument in order to be in any position to donate it for placement on the Arkansas State Capitol grounds and in part because the design and medication of any monument placed on the Arkansas State Capitol grounds is a matter of obvious concern. Please provide all responsive information and documents.

- **Interrogatory No. 9** – This interrogatory seeks information concerning financial relationships between the Satanic Temple and various individuals and entities. Your supplemental response states an objection that the information is not relevant to whether the Ten Commandments Monument Display Act or Act 274 of 2017 are unconstitutional or to any of Defendants' defenses. That is false, but in any case, the Satanic Temple's subjecting the Defendant to the power of the courts by haling it into federal court gives the Defendant every right to know information concerning the organization that is prosecuting this lawsuit and the persons holding positions therein. Further, you have not otherwise produced any information or documents concerning persons or entities who have received proceeds from purchases or contributions made through various websites associated with the Satanic Temple. Moreover, the information requested in this interrogatory is plainly relevant and

- proportional to the needs of the case in part because the Satanic Temple claims to be an organization serving essentially religious ends, and the Defendant is aware of information that it is rather a self-promotional scheme for certain individuals. Moreover, your identification of the Satanic Temple with *two different* corporate entities raises many questions concerning the Satanic Temple's identity, nature, and cash flow. Please provide all responsive documents with respect to both of these entities.

- **Interrogatory No. 10** – This interrogatory seeks basic information concerning other litigation to which the Satanic Temple has been a party. Your supplemental response states an objection that information concerning the Satanic Temple's other litigation is not relevant to whether the Ten Commandments Monument Display Act or Act 274 of 2017 are unconstitutional or to any of Defendants' defenses. That is false, but in any case, the Satanic Temple's subjecting the Defendant to the power of the courts by haling it into federal court gives the Defendant every right to know information concerning the organization that is prosecuting this lawsuit and the persons holding positions therein. Further, the information requested in this interrogatory is plainly relevant and proportional to the needs of the case in part because the Satanic Temple claims to be an organization serving essentially religious ends, and the Defendant is aware of information that it is rather a self-promotional scheme for certain individuals. Moreover, your identification of the Satanic Temple with *two different* corporate entities raises many questions concerning the Satanic Temple's identity and nature. Please provide all responsive documents with respect to both of these entities.

**Interrogatories and RFPs to Doug Misicko**

- **Interrogatory No. 3** – This interrogatory seeks basic information concerning lawsuits or other legal proceedings in which you have been involved. You have stated a generic objection on grounds of relevance and proportionality, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly relevant and proportional to the needs of the case because you are a party to this case. Further, you object on the basis that providing this information is an undue burden because "it is all publicly available." But the purported public availability of this information is no excuse for failing to provide it. Unlike the Defendant, you know the jurisdictions in which you have been involved in legal proceedings. You further object that the interrogatory exceeds the 25-interrogatory limit of Fed. R. Civ. P. 33.

> This is incorrect, as this is only Interrogatory No. 3 addressed to you, Douglas Misicko. Please provide all responsive information.

- **Interrogatories No. 4 and 5** – These interrogatories seek identification of everything that the Ten Commandments Monument Display Act, the Ten Commandments monument, or any state official or entity has coerced you to do, or any burden or benefit that have been made conditional upon your obedience to the Ten Commandments. You have stated a generic objections on grounds of relevance and proportionality, without providing any specific reason for your objections. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly relevant and proportional to the needs of the case because you have claimed that the placement of the Ten Commandments monument on the Arkansas State Capitol grounds has injured you in some way. Further, you object on the basis that providing this information is an undue burden because "it is all publicly available." But this information is not publicly available. You further object that these interrogatories exceed the 25-interrogatory limit of Fed. R. Civ. P. 33. This is incorrect, as these are only Interrogatories No. 4 and No. 5 addressed to you, Douglas Misicko. Please provide all responsive information.

- **Interrogatory No. 6 and RFP No. 3** – This interrogatory seeks identification of any treatment, therapy, or counseling that you have sought as a result of the Ten Commandments Monument Display Act, the Ten Commandments monument, or any action or omission of any Arkansas state official. You have stated a generic objection on grounds of relevance and proportionality, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(2)(B) ("[T]he response must . . . state with specificity the grounds for objecting to the request."). The information requested in this interrogatory is plainly relevant and proportional to the needs of the case because you claim to have been offended and injured by the placement of the Ten Commandments monument on the Arkansas State Capitol grounds. You further object that the interrogatory exceeds the 25-interrogatory limit of Fed. R. Civ. P. 33. This is incorrect, as this is only Interrogatory No. 6 addressed to you, Douglas Misicko. Please provide all responsive information. As for RFP No. 3, you have not attempted to provide a response of any kind or produce any documents in response thereto. You have also failed to state whether any responsive materials are being

withheld on the basis of your objection, as required. Fed. R. Civ. P. 34(b)(2)(C). Please provide all responsive information and documents.

**Interrogatories and RFPs to Erika Robbins**

- **Interrogatory No. 1** – This interrogatory seeks information concerning your visits to the Arkansas State Capitol grounds. You have stated a generic objection on grounds of undue burden, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly not unduly burdensome. You further object that the interrogatory exceeds the 25-interrogatory limit of Fed. R. Civ. P. 33. This is incorrect, as this is only Interrogatory No. 1 addressed to you, Erika Robbins. Please provide all responsive information.

- **Interrogatory No. 2** – This interrogatory seeks basic information concerning your identity and social media presence. You have stated a generic objection on grounds of relevance, proportionality, and undue burden, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly not irrelevant, disproportionate, or unduly burdensome. You further object that the interrogatory exceeds the 25-interrogatory limit of Fed. R. Civ. P. 33. This is incorrect, as this is only Interrogatory No. 2 addressed to you, Erika Robbins. Please provide all responsive information.

- **RFP No. 1** – This RFP seeks copies of items containing information pertaining to your opinions on or engagement with the Ten Commandments monument and related matters. You have stated a generic objection on grounds of undue burden, without providing any specific reason for your objection. This is improper. Fed. R. Civ. P. 34(b)(2)(B) ("[T]he response must . . . state with specificity the grounds for objecting to the request"); Eastern District of Arkansas Local Rule 33.1(b) ("It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity."). You have also failed to state whether any responsive materials are being withheld on the basis of your objection, as required. Fed. R. Civ. P. 34(b)(2)(C). Please provide all responsive documents.

- **Interrogatories No. 4 and 5** – These interrogatories seek identification of everything that the Ten Commandments Monument Display Act, the Ten Commandments monument, or any state official or entity has coerced you to do, or any burden or benefit that have been made conditional upon your obedience to the Ten Commandments. You have stated a generic objections on grounds of undue burden, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly not unduly burdensome because you have claimed that the placement of the Ten Commandments monument on the Arkansas State Capitol grounds has injured you in some way. Further, you object on the basis that providing this information is an undue burden because "it is all publicly available." But this information is not publicly available. You further object that the interrogatory exceeds the 25-interrogatory limit of Fed. R. Civ. P. 33. This is incorrect, as these are only Interrogatories No. 4 and 5 addressed to you, Erika Robbins.  Please provide all responsive information.

- **Interrogatory No. 6 and RFP No. 3** – This interrogatory and RFP seeks information and documents pertaining to any treatment that you may have sought as a result of the Ten Commandments and related matters. You have stated a generic objection on grounds of relevance and proportionality, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly not irrelevant or disproportionate, as you claim to have been offended and injured by the Ten Commandments monument. You further object that the interrogatory exceeds the 25-interrogatory limit of Fed. R. Civ. P. 33. This is incorrect, as this is only Interrogatory No.6 addressed to you, Erika Robbins. You further object on grounds of psychotherapist-patient privilege. But your objection on privilege grounds is deficient under Fed. R. Civ. P. 26(b)(5)(ii) for failure to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that . . . will enable other parties to assess the claim." You have also failed to state whether any responsive materials are being withheld on the basis of your objection, as required. Fed. R. Civ. P. 34(b)(2)(C). Please provide all responsive information and documents.

- **Interrogatory No. 7** – This interrogatory seeks identification of the requirements that you had to meet to become a member of the Satanic Temple. You have stated a generic objection on grounds of vagueness and undue burden, without providing any specific reason for your objection. This is improper under Eastern District of Arkansas Local Rule 33.1(b), which provides, in part, "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The information requested in this interrogatory is plainly not vague or unduly burdensome, as you have personal knowledge of the requirements that you had to meet to become a member of the Satanic Temple. Please provide all responsive information.

                Respectfully,

                Michael A. Cantrell
                Assistant Solicitor General

## CERTIFICATE OF SERVICE

I, Michael A. Cantrell, certify that on October 22, 2019, I served the foregoing on the following:

Matthew Kezhaya
matt@kezhaya.law

                */s/* Michael A. Cantrell
                Michael A. Cantrell