**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | |
|---|---|
| **DONNA CAVE,** *et al.* | **PLAINTIFFS** |
| **ANNE ORSI,** *et al.*, and | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE,** *et al.* | **INTERVENORS** |
| **CASE NUMBER: 4:18-CV-00342** | |
| v. | |
| **JOHN THURSTON**, as Arkansas Secretary of State, in his official capacity | **DEFENDANT** |

**RESPONSES AND OBJECTIONS TO DEFENDANT'S THIRD REQUESTS FOR PRODUCTION**

### GENERAL OBJECTIONS

TST generally objects to all these requests for production on the basis of the qualified associational privilege. These requests are tailor-made to adversely affect TST's mission of advocacy and chills our ability to speak freely and to associate. The transparent purpose these requests is to harass and threaten TST's membership for deigning to demand that the State adhere to its constitutional obligations. Buckley v. Valeo, 424 U.S. 1, 74, 96 S. Ct. 612, 661 (1976).

Further, this argument that "TST isn't a real religion" is not a valid discovery issue. First, the defense is foreclosed by Satanic Temple v. City of Scottsdale, No. CV18-00621-PHX-DGC, 2020 U.S. Dist. LEXIS 20196 (D. Ariz. Feb. 5, 2020). Second, the Court already found that Intervenors have standing, even under the hypothetical that TST is simply "atheism with extra steps." See Doc. 38. Last, if the State wants to raise this argument, it needs to explain its failure to seasonably supplement discovery with the witnesses and information purportedly founding the argument.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1.** Please produce a copy of all United Federation of Churches, LLC, current and former governance documents (including, but not limited to, any articles of organization, operating agreement, bylaws, goal statement, leadership policy, or organizational policy).

**ANSWER**: Intervenors object to providing governance documents. These documents have no passable bearing on any legal question in the case. The request is a transparent effort to drive up costs of litigation, harass, and oppress a religious minority for "deigning" to demand equal treatment under the law. Intervenors will comply with the Court's recent discovery order to produce the most recent set of bylaws pursuant to an attorney's-eyes-only protective order.

**REQUEST FOR PRODUCTION NO. 2.** Please produce a copy of all Satanic Temple, Inc., current and former governance documents (including, but not limited to, any articles of organization, operating agreement, bylaws, goal statement, leadership policy, or organizational policy).

**ANSWER**: Intervenors object to providing governance documents. These documents have no passable bearing on any legal question in the case. The request is a transparent effort to drive up costs of litigation, harass, and oppress a religious minority for "deigning" to demand equal treatment under the law. Intervenors will comply with the Court's recent discovery order to produce the most recent set of bylaws pursuant to an attorney's-eyes-only protective order.

**REQUEST FOR PRODUCTION NO. 3.** To the extent not covered by the above Requests for Production, please produce a copy of all Satanic Temple current and former governance documents (including, but not limited to, any articles of organization, operating agreement, bylaws, goal statement, leadership policy, or organizational policy).

**ANSWER**: Intervenors object to providing governance documents. These documents have no passable bearing on any legal question in the case. The request is a transparent effort to drive up costs of litigation, harass, and oppress a religious minority for "deigning" to demand equal treatment under the law. Intervenors will comply with the Court's recent discovery order to produce the most recent set of bylaws pursuant to an attorney's-eyes-only protective order.

**REQUEST FOR PRODUCTION NO. 4.** Please produce a copy of all documents describing or depicting any legal, financial, or organizational relationship between the United Federation of Churches, LLC, and the Satanic Temple, Inc.

**ANSWER**: Intervenors object to providing the requested documents. These documents have no passable bearing on any legal question in the case. The request is a transparent effort to drive up costs of litigation, harass, and oppress a religious minority for "deigning" to demand equal treatment under the law. There can be no argument that these records are remotely related to the General Assembly's intent behind either the Ten Commandments Monument Display Act or the Usurping Act. Subject to and without waiving the foregoing, TST does not have any organizational charts. Further, the Court recently declined to compel the production of this discovery in a substantially identical discovery request.

**REQUEST FOR PRODUCTION NO. 5.** Please produce a copy of all documents describing or depicting the powers, roles, or responsibilities of the following or of any legal, financial, or organizational relationship of the following to one another or to the Satanic Temple: the Executive Ministry, the National Council, the International Council, and Grey Faction.

**ANSWER**: Intervenors object to providing the requested documents. These documents have no passable bearing on any legal question in the case. The request is a transparent effort to drive up costs of litigation, harass, and oppress a religious minority for "deigning" to demand equal treatment

under the law. There can be no argument that these records are remotely related to the General Assembly's intent behind either the Ten Commandments Monument Display Act or the Usurping Act. Subject to and without waiving the foregoing, TST does not have any organizational charts. Further, the Court recently declined to compel the production of this discovery in a substantially identical discovery request.

**REQUEST FOR PRODUCTION NO. 6.** Please produce a copy of all documents describing the legal, financial, or organizational relationship between the Satanic Temple; the United Federation of Churches, LLC; or the Satanic Temple, Inc., on one hand, and local chapters affiliated in any way with any of those organizations, on the other (including, but not limited to, any affiliation agreement, nondisclosure agreement, or set of local-chapter guidelines).

**ANSWER**: Intervenors object to providing the requested documents. These documents have no passable bearing on any legal question in the case. The request is a transparent effort to drive up costs of litigation, harass, and oppress a religious minority for "deigning" to demand equal treatment under the law. There can be no argument that these records are remotely related to the General Assembly's intent behind either the Ten Commandments Monument Display Act or the Usurping Act. Further, Defendant waived entitlement to these records in the February 26, 2020 hearing by representing to the Court that the local chapters were not of interest to Defendant's investigation. Last, the Court recently declined to compel the production of this discovery in a substantially identical discovery request.

**REQUEST FOR PRODUCTION NO. 7.** Please produce a copy of all Satanic Temple newsletters that refer to or depict the Baphomet statue, the Ten Commandments monument, or this litigation.

**ANSWER**: To the extent this request purports to seek communications among the Intervenors pertaining to this litigation, Intervenors object to providing the requested documents. These documents are privileged from disclosure by the work product doctrine. Further, these documents have no passable bearing on any legal question in the case. The request is a transparent effort to drive up costs of litigation, harass, and oppress a religious minority for "deigning" to demand equal treatment under the law. There can be no argument that these records are remotely related to the General Assembly's intent behind either the Ten Commandments Monument Display Act or the Usurping Act.

Subject to and without waiving the foregoing, please see separately attached for true and correct copies of five responsive newsletters with the individual recipient's email address redacted to preclude its potential use for abuse, harassment, or other improper purposes.

**REQUEST FOR PRODUCTION NO. 8.** Please produce a copy of all correspondence between either Doug Misicko (a.k.a. Doug Mesner, a.k.a. Lucien Greaves) or Cevin Soling (a.k.a. Malcolm Jarry), on one hand, and Erika Robbins, on the other, relating to the Satanic Temple or its activities, the Ten Commandments monument, the Baphomet statue, or this litigation.

**ANSWER**: To the extent this request purports to seek communications among the Intervenors pertaining to this litigation, Intervenors object to providing the requested documents. These documents are privileged from disclosure by the attorney-client and work product doctrines. Further, these documents have no passable bearing on any legal question in the case. The request is a transparent effort to drive up costs of litigation, harass, and oppress a religious minority for "deigning" to demand equal treatment under the law. There can be no argument that these records are remotely related to the General Assembly's intent behind either the Ten Commandments Monument Display Act or the Usurping Act.

Pursuant to the above objection, Intervenors withhold all discussions among the named individuals to the extent Stu de Haan or Matt Kezhaya were party to the discussions. Further, Intervenors withhold all discussions among the named individuals to the extent they are discussing and strategizing the subjects of anticipated litigation. The balance of the communications are objected to pursuant to the "general objection" above.

**REQUEST FOR PRODUCTION NO. 9.** Please produce all correspondence between either Doug Misicko (a.k.a. Doug Mesner, a.k.a. Lucien Greaves) or Cevin Soling (a.k.a. Malcolm Jarry), on one hand, and Mason Hargett, on the other, relating to the Satanic Temple or its activities, the Ten Commandments monument, the Baphomet statue, or this litigation.

**ANSWER**: To the extent this request purports to seek communications among the Intervenors pertaining to this litigation, Intervenors object to providing the requested documents. These documents are privileged from disclosure by the work product doctrine. Further, these documents have no passable bearing on any legal question in the case. The request is a transparent effort to drive up costs of litigation, harass, and oppress a religious minority for "deigning" to demand equal treatment under the law. There can be no argument that these records are remotely related to the General Assembly's intent behind either the Ten Commandments Monument Display Act or the Usurping Act.

Pursuant to the above objection, Intervenors withhold all discussions among the named individuals to the extent Stu de Haan or Matt Kezhaya were party to the discussions. Further, Intervenors withhold all discussions among the named individuals to the extent they are discussing and strategizing the subjects of anticipated litigation. The balance of the communications are objected to pursuant to the "general objections" above.

**REQUEST FOR PRODUCTION NO. 10.** Please produce a copy of all records of whatever kind of the remarks given by Doug Misicko (a.k.a. Doug Mesner, a.k.a. Lucien Greaves) at the Satanic Temple Baphomet Unveiling event in Detroit, Michigan, on or about July 25, 2015.

**ANSWER**: To the extent this request purports to seek communications among the Intervenors pertaining to this litigation, Intervenors object to providing the requested documents. These documents are privileged from disclosure by the attorney-client and work product doctrines. Further, these documents have no passable bearing on any legal question in the case. The request is a transparent effort to drive up costs of litigation, harass, and oppress a religious minority for "deigning" to demand equal treatment under the law. There can be no argument that these records are remotely related to the General Assembly's intent behind either the Ten Commandments Monument Display Act or the Usurping Act.

Pursuant to the above objection, Intervenors withhold all discussions among the named individuals to the extent Stu de Haan or Matt Kezhaya were party to the discussions. Further, Intervenors withhold all discussions among the named individuals to the extent they are discussing and strategizing the subjects of anticipated litigation. The balance of the communications are objected to pursuant to the "general objections" above.

**REQUEST FOR PRODUCTION NO. 11.** Please produce a copy of all records of whatever kind of the remarks given by Doug Misicko (a.k.a. Doug Mesner, a.k.a. Lucien Greaves) at the Satanic Temple Devil's Renaissance event on or about December 28, 2019.

**ANSWER**: To the extent this request purports to seek communications between an attorney of record and his client, Intervenors object to providing the requested documents. These documents are privileged from disclosure by the attorney-client privilege and the work product doctrine. Further, these documents have no passable bearing on any legal question in the case. The request is a

transparent effort to drive up costs of litigation, harass, and oppress a religious minority for "deigning" to demand equal treatment under the law. There can be no argument that these records are remotely related to the General Assembly's intent behind either the Ten Commandments Monument Display Act or the Usurping Act.

Pursuant to the above objections, Intervenors withhold a video recording of a talk, by Doug Misicko, to a group of The Satanic Temple members and counsel of record, updating the membership on the status of this litigation, the competing legal theories presented by the parties, counsels' impressions of the theories, the state of discovery, and all manner of other patently privileged matters.

**REQUEST FOR PRODUCTION NO. 12.** Please produce a copy of all records of whatever kind of the remarks given by Stu de Haan at the Satanic Temple Devil's Renaissance event on or about December 28, 2019.

**ANSWER**: To the extent this request purports to seek communications between an attorney of record and his client, Intervenors object to providing the requested documents. These documents are privileged from disclosure by the attorney-client privilege and the work product doctrine. Further, these documents have no passable bearing on any legal question in the case. The request is a transparent effort to drive up costs of litigation, harass, and oppress a religious minority for "deigning" to demand equal treatment under the law. There can be no argument that these records are remotely related to the General Assembly's intent behind either the Ten Commandments Monument Display Act or the Usurping Act.

Pursuant to the above objection, Intervenors withhold a video recording of a joint talk, of Stu de Haan and Matt Kezhaya, to a group of The Satanic Temple members updating the membership on the status of this litigation, the competing legal theories presented by the parties, counsels' impressions of the theories, the state of discovery, and all manner of other patently privileged matters.

**REQUEST FOR PRODUCTION NO. 13.** Please produce a copy of all records of whatever kind of the remarks given by Matthew Kezhaya at the Satanic Temple Devil's Renaissance event on or about December 28, 2019.

**ANSWER**: To the extent this request purports to seek communications between an attorney of record and his client, Intervenors object to providing the requested documents. These documents are privileged from disclosure by the attorney-client privilege and the work product doctrine. Further, these documents have no passable bearing on any legal question in the case. The request is a transparent effort to drive up costs of litigation, harass, and oppress a religious minority for "deigning" to demand equal treatment under the law. There can be no argument that these records are remotely related to the General Assembly's intent behind either the Ten Commandments Monument Display Act or the Usurping Act.

Pursuant to the above objection, Intervenors withhold a video recording of a joint talk, of Stu de Haan and Matt Kezhaya, to a group of The Satanic Temple members updating the membership on the status of this litigation, the competing legal theories presented by the parties, counsels' impressions of the theories, the state of discovery, and all manner of other patently privileged matters.

|        | Respectfully submitted on March 1, 2020, on behalf of The Satanic Temple |
|--------|---------------------------|
| By:    | /s/ Matthew A. Kezhaya     |
|        | Matthew A. Kezhaya, ABA# 2014161 |
|        | Kezhaya Law PLC           |
|        | 1202 NE McClain Rd        |
|        | Bentonville, AR 72712     |
| phone: | (479) 431-6112            |
| facsimile: | (479) 282-2892        |
| email: | matt@kezhaya.law          |

### CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, emailed the foregoing document to all counsel of record on March 1, 2020. More particularly:

"Andrew G. Schultz" <aschultz@rodey.com>,
"David A. Niose" <dniose@americanhumanist.org>,
"Gary L. Sullivan" <gary.sullivan@sos.arkansas.gov>,
"Hiram S. Sasser III" <hsasser@firstliberty.org>,
James 'Gerry' Schulze <gerrysch@b-s-m-law.com>,
"John L. Burnett" <jburnett@laveyandburnett.com>,
"Joshua D. Gillispie" <josh@greenandgillispie.com>,
Josie Graves <josie@kezhaya.law>,
Lea Elyse Patterson <lepatterson@firstliberty.org>,
"Melanie B. Stambaugh" <mstambaugh@rodey.com>,
Michael Cantrell <michael.cantrell@arkansasag.gov>,
"Michael D. Berry" <mberry@firstliberty.org>,
Monica Miller <mmiller@americanhumanist.org>,
"Patrick C. Elliot" <patrick@ffrf.org>,
vincent wagner <vincent.wagner@arkansasag.gov>,
"William C. Bird III" <william.bird@arkansasag.gov>

/s/ Matthew A. Kezhaya