KEZHAYA LAW PLC

MATTHEW A. KEZHAYA
1202 NE MCCLAIN RD
BENTONVILLE, AR 72712



P: (479) 431-6112
F: (479) 282-2892
MATT@KEZHAYA.LAW

April 22, 2020

Mr. Michael Cantrell
By email only to michael.cantrell@arkansasag.gov

Re: Cave et al v. Thurston – response to discovery letter

Mr. Cantrell,

I am in receipt of your Saturday evening discovery letter, thank you for your good faith effort to confer regarding discovery.

RFP nos. 8 and 9

Regarding third RFP nos. 8 and 9, correspondence between parties pertaining to various topics, we stand on our objection that

> [T]hese documents have no passable bearing on any legal question in the case. The request is a transparent effort to drive up costs of litigation, harass, and oppress a religious minority for "deigning" to demand equal treatment under the law. There can be no argument that these records are remotely related to the General Assembly's intent behind either the Ten Commandments Monument Display Act or the Usurping Act.

Your letter indicates that the State believes there is a legal issue involved in this case about "the absence of any Satanic Temple presence or activity in Arkansas before 2016, Intervenors' efforts to generate the appearance of opposition to the Ten Commandments monument and of support for the Baphomet monument, Intervenors' purposes for attending the installation of the Ten Commandments monument, Intervenors' alleged efforts to obtain support for the Baphomet monument in the General Assembly, and Intervenors' efforts concerning, and purposes for, brining the Baphomet statute to the Arkansas State Capitol grounds in August 2018." Letter at p. 1.

None of those issues are before the Court. This case turns on whether the Ten Commandments Monument Display Act is an unconstitutional legislative act of proselytizing; or whether the Usurping Act was an unconstitutional legislative act to create a special hurdle for the Baphomet Monument. None of the issues you are raising has a bearing on any filed pleading in this cause.

As for your demand for a privilege log, your request does not seek a privilege log. Rule 26 requires a party to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FRCP 26(b)(5).

Both responses note that "Intervenors withhold all discussions among the named individuals to the extent Stu de Haan or Matt Kezhaya were party to the discussions." This is sufficient to independently

KEZHAYA LAW PLC

MATTHEW A. KEZHAYA
1202 NE MCCLAIN RD
BENTONVILLE, AR 72712



P: (479) 431-6112
F: (479) 282-2892
MATT@KEZHAYA.LAW

determine that the attorney-client privilege is at play.

Similarly, the responses note "Intervenors withhold all discussions among the named individuals to the extent they are discussing and strategizing the subjects of anticipated litigation." This is sufficient to independently determine that the work product doctrine is at play. You claim without citation that the work product doctrine has no application to non-attorneys. This claim is inconsistent with my understanding that the rule for work product applies to party communications and records created for, or in preparation of, litigation.

RFP 10

Regarding RFP no. 10, we timely objected to the discovery request as lying outside the scope of discovery because it has no passable bearing on the legal questions involved in this case. Your letter incorrectly states that we objected "*only* 'to the extent this request purports to seek communications among the intervenors pertaining to this litigation.'" Letter at p. 2 (emphasis in original). But just two sentences later, we state:

> Further, these documents have no passable bearing on any legal question in the case. The request is a transparent effort to drive up costs of litigation, harass, and oppress a religious minority for "deigning" to demand equal treatment under the law. There can be no argument that these records are remotely related to the General Assembly's intent behind either the Ten Commandments Monument Display Act or the Usurping Act.

To whatever extent there is a legal issue about the religious significance of the Baphomet monument—we argue that the real question lies in the discriminatory intent of the legislature, not the plaintiffs' beliefs or lack thereof—that information has already been provided. See response to 1st ROG no. 8, September 26, 2019 supplement. The same information is expounded upon in the YouTube video previously disclosed: https://www.youtube.com/watch?v=nT9U0h3a5H4 (see, particularly, 16:22 – 18:38). This request is duplicative of information already provided.

Continued mischaracterization of the Court's discovery order

Next, your letter continues to reveal an impasse in the parties' understanding of the Court's discovery order. You indicate that the order requires production of:

- Current bylaws, operating agreements, **and** analogous documents for the Satanic Temple **and its affiliates**; and

- state and federal tax returns for 2015, 2016, 2017, and 2018 for the Satanic Temple **and its affiliates**.

I address each in turn.

KEZHAYA LAW PLC

MATTHEW A. KEZHAYA
1202 NE MCCLAIN RD
BENTONVILLE, AR 72712



P: (479) 431-6112
F: (479) 282-2892
MATT@KEZHAYA.LAW

First, the Court did not order "current bylaws, operating agreements, **and** analogous documents," as your letter indicates. Letter at p. 2 (emphasis added). Instead, the Court ordered:

> Having reviewed the entire record before the Court with respect to discovery, the Court will require the Satanic Temple to produce current bylaws, operating agreements, **or** analogous documents.

Doc. 116 at p. 20.

There is a legal distinction between "and" and ", or." "And" is inclusive" whereas ", or" is exclusive. Consistent with the Court's protective order, we produce the current bylaws for The Satanic Temple. This document is "Confidential Information" within the meaning of the Court's protective order and is CONFIDENTIAL.

Additionally, the Court did not order production of the bylaws for the Satanic Temple "and its affiliates," as your letter suggests. Instead, the order clearly states, "the Satanic Temple" and omits "and its affiliates." United Federation of Churches, LLC, Reason Alliance Ltd., and Cinephobia LLC may or may not be affiliates of The Satanic Temple, but those entities are not parties to this litigation.

Second, the Court did not order "state and federal tax returns for 2015, 2016, 2017, and 2018 for the Satanic Temple **and its affiliates**." Letter at p. 2 (emphasis added). Instead, the Court ordered "**the Satanic Temple** to respond to Request for Production No. 3." Doc. 116 at p. 23. The order does not include the language "and its affiliates." As the Court indicated at the teleconference of the deposition, if the State desired those documents then the State should have specified those entities.

As we have already responded, "'The Satanic Temple' is not a discrete entity with tax returns. Intervenors thus have no responsive documents."

Acknowledgment for TST

Doug Misicko's acknowledgment is on behalf of himself, personally, and as director of The Satanic Temple, Inc.

Objection to late disclosure of Shane Bugbee, demand for supplementation, notice of

After resisting our efforts to determine who your secret witness or witnesses were, you have produced an unnotarized document purporting to be an affidavit signed by Shane Bugbee. Mr. Bugbee has no affiliation with TST and is instead affiliated with their rival the Church of Satan. I find it improbable that he can testify from personal knowledge that "Doug intended to enrich himself by using the Satanic Temple to manipulate people into sending him money." Bates stamp 1721 at ¶ 12. This entire "TST is not a real religion" line of argument appears to be the State inviting a federal court to resolve ecclesiastical affairs. This is *verboten*. E.g. Burwell v. Hobby Lobby Stores, Inc., 134 S. Ct. 2751, 2778 (2014); see generally Doc. 27 at pp. 18-19 and cases cited.

The remainder of the affidavit is a transparent effort to assassinate the character of Mr. Greaves. There is simply no legal issue in this lawsuit of whether Mr. Greaves is a secret fascist anti-semite (I

KEZHAYA LAW PLC



MATTHEW A. KEZHAYA
1202 NE MCCLAIN RD
BENTONVILLE, AR 72712

P: (479) 431-6112
F: (479) 282-2892
MATT@KEZHAYA.LAW

was surprised to find no allegation that Mr. Greaves is a secret Nazi).

Finally, you have not produced contact information for Mr. Bugbee. See Interrogatory number 1, in which we demanded (emphasis added):

> Provide the contact information for all individuals who have discoverable information on any legal issue in this cause. For each individual, provide their **full name, phone number, email address, and mailing address**. Without limiting the foregoing, specifically provide the contact information for each individual who has been in contact with Defendant or any agent of Defendant, including without limitation all counsel of record, with information pertaining to the allegation that The Satanic Temple is a profit-generating front for Lucien Greaves (aka Doug Misicko) or Malcolm Jarry (aka Cevin Soling).

Even if I had the contact information to subpoena Mr. Bugbee for a deposition, there are only five business days left before the discovery cutoff. It is not feasible for me to prepare for and depose this surprise witness. I object to any reference to Mr. Bugbee.

Sincerely,

Matthew A. Kezhaya