IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| **DONNA CAVE**, *et al.* | | **PLAINTIFFS** |
| **ANNE ORSI**, *et al.*, and | **CASE NO.** 4:18-CV-342 | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE**, *et al.* | | **INTERVENORS** |
| *v.* | | |
| **JOHN THURSTON**, in his official capacity | | **DEFENDANT** |

## REPLY ON INTERVENORS' MOTION TO COMPEL

**COME NOW** Intervenors, by and through counsel of record, with a reply to Secretary Thurston's response (doc. 208) to Intervenors' motion to compel (doc. 203). Secretary Thurston's response offers no defense for the deficiencies of the privilege log, no explanation for why non-privileged documents are being withheld, and offers no explanation for why he did not correct the deficiencies despite being directed to them in a written letter and did not supplement with productions despite being given an extra week to do so.

## 1: The privilege log is deficient.

### 1.1: The general nature of the document.

The motion asserted that Secretary Thurston's privilege log was deficient because it did not provide the general nature of the document and instead only provides its type. Doc. 203 at 4.

Secretary Thurston responds with indignation because, under the category "general nature of the document," we also provided only the type of document. Response at 5 (redacted). Technically, this is true. Exhibit 1 to the response (sealed). But we did provide the requisite factual context under a separate category, titled "Description of the document with as much specificity as practicable without disclosing its contents." Id. That factual context is missing from Secretary Thurston's privilege log.

The response does not contest the point that the factual context is necessary to resolve whether the document is privileged in the first place. Secretary Thurston's privilege log lacks the factual context in which the withheld documents were created. Secretary Thurston's privilege log is therefore deficient.

### *1.2: The identities and positions of all persons who were given or have created copies and the dates that copies were received.*

Next, the motion asserted that Secretary Thurston's privilege log was deficient because it did not provide the identities and positions of all persons who were given or have received copies and the dates copies were received. Doc. 203 at 4-5.

In response, Secretary Thurston asserts that no persons, other than those identified in the log, have received copies of the documents. Doc. 208 at 6. That cannot be. Whoever wrote the privilege log must have had access to the documents so they could reference who wrote it, who received it, when it was written, and what privilege is asserted. At minimum, counsel of record for the defense must have copies. Doc. 203-1 at 8 (they all signed the privilege log). Yet, none of their names appear as recipients of the documents on the privilege log. Other than the sender and receiver, who all received copies of these documents, and when? The privilege log is silent on these questions, and is therefore deficient.

### *1.3: The document's present location and the identity and position of its custodian*

Next, the motion asserted that Secretary Thurston's privilege log was deficient because it did not provide the document's present location and the identity and position of its custodian. Doc. 203 at 5.

Secretary Thurston responds that every document's custodian is the Secretary of State. Doc. 208 at 7. We find that unlikely. The custodian may be an employee at the Secretary of State's office, but the information directed by the Court was that the privilege log would disclose the custodian's "identity and position," *i.e.*, an individual and their job title. Secretary Thurston's privilege log does not identify the actual source of the records, and is therefore deficient.

### 2:  "State Capitol Police Record" is not a privilege.

Next, the motion asserted that "State Capitol Police Record" is not a privilege and that the documents should have been produced, even if under a "confidentiality" designation. Doc. 203 at 5-6.

Secretary Thurston responds that the protective order was put in place to protect TST's documents and is therefore limited to TST's

documents. Doc. 208 at 7-8. Secretary Thurston is wrong. The order to produce TST's documents (doc. 116) was the impetus for the protective order (see doc. 121 at ¶ 1), but the protective order is not *limited* to TST's documents. Doc. 121-1. Instead, the protective order was put in place to accommodate "the discovery and use of confidential, non-public, sensitive, or proprietary business, legal, and financial information, documents, and other materials" for any party. Id. at 2.; doc. 122 (adopting the proposed protective order).

But even taking Secretary Thurston's argument at face value, meaning the protective order only protects TST's documents, that just puts the onus on Secretary Thurston to move for a protective order to protect the confidentiality of the State Capitol Police Records. See FRCP 26(c). What he may not do is refuse to produce the documents on the assertion that they are "confidential," which is distinct from a claim that they are "privileged." Only a valid claim of privilege permits the refusal to produce documents.

### 3: The Court should order production of documents.

Next, the motion sought compelled disclosure of below-specified documents and ESI. It specifically addressed that a good faith effort was made to avoid the need of the motion by way of a deficiency letter. Doc. 203 at 7; doc. 203-2 (the letter).

Secretary Thurston responds that the good faith effort to confer was supposed to be a teleconference. Doc. 208 at 3. Secretary Thurston is wrong. There were two email threads for two different issues. The scheduled teleconference was specifically limited to Secretary Thurston's argument that doc. 122 needed to be clarified to allow designation of confidentiality as to any document, not just TST's bylaws. See doc. 208-1 at 16 ("we should arrange a good faith conference *re: clarifying the protective order (doc. 122) to allow designation of confidential materials for any documents, not just TST's bylaws.*") (emphasis added). The invited teleconference was regarding the topic specified, not "and anything else at issue."

In a separate email thread, Intervenors issued a deficiency letter about the separate matter of the privilege log. The opens with the

sentence "This is my good faith effort to confer about your privilege log." Doc. 203-2 at 2. It is unclear how Secretary Thurston came to believe that this deficiency letter, and its deadline, was unilaterally nullified by his general agreement that the parties should confer at some point in the generic future. Doc. 208-1 at 15.

These issues were kept separate on purpose. By letter, we gave Secretary Thurston a week to fix his privilege log and provide the non-privileged State Capitol Police Records. He attempted to take that week and turn it into some unspecified longer period. This conflicts with the Court's efforts to get this case trial-ready. We are not countenancing delay tactics any longer. Hence the motion.

### 3.1: All "State Capitol Police Records."

Next, the motion requested the Court order production of all "State Capitol Police Records." Doc. 203 at 8. Secretary Thurston's response asserts that these are "confidential," not "privileged." Doc. 208 at 6. As already addressed, only privileged materials are exempt from disclosure. Because there is no argument that these are

privileged, Secretary Thurston should be compelled to produce the materials.

### 3.2: *All communications between Cantrell and Bugbee or Cantrell and Kellogg.*

Next, the motion requested the Court order production of all communications between Cantrell and Bugbee or Cantrell and Kellogg. Doc. 203 at 8-9.

Secretary Thurston responds that Intervenors did not confer in good faith as to these communications. Doc. 208 at 8. Secretary Thurston is wrong. We specifically asked for a new privilege log with all of the information that this Court instructed. Doc. 203-2 at 4. Secretary Thurston declined to provide that information. The burden to provide an adequately detailed privilege log, sufficient to enable the demanding party to contest the claim, is on the party asserting the privilege. *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 47 (D. Conn. 2007). A party who fails to produce a proper privilege log fails to preserve the claim of privilege and, therefore, may not rely on the claim of privilege to forestall discovery. *Id.*

Secretary Thurston waived the claims of privilege by issuing a deficient privilege log and then refusing to correct it despite a letter from Intervenors designating the deficiencies and providing a week to correct the deficiencies.

The response also defends withholding an email from Shane Bugbee to Cantrell on April 11, 2020 because, Secretary Thurston asserts, it was not responsive to any discovery request. Doc. 208 at 9. Recall, Secretary Thurston characterized this email as a vehicle for "documents consisting of communications between … [Bugbee and Greaves] that substantiated both Mr. Bugbee's crucial role as a consultant for the Satanic Temple and Mr. Misicko's motive for personal gain." Doc. 201 at 12.

Bugbee's "role as consultant" for TST plainly relates to TST or its activities, which is responsive to TST's First Request for Production no. 7 ("To the extent not produced pursuant to the above, produce all Correspondence in the possession of the State of Arkansas or any of its employees *that relates to The Satanic Temple or its activities.*" Doc. 120-1 at 6 (emphasis added).

Greaves's purported "motive for personal gain" with respect to founding TST is plainly responsive to the same request, as well as TST's Second Request for Production no. 3 ("To the extent not identified above, provide all documents in the possession of Defendant or Defendants' counsel *pertaining to the allegation that The Satanic Temple is a profit-generating front for Lucien Greaves (aka Doug Misicko).*" Doc. 120-2 at 3 (emphasis added).

*3.3: We do not seek the attorney-to-attorney emails.*

Next, the motion acknowledged that the argument for waiver of privilege could apply to compel production of the attorney-to-attorney emails, but declined to seek those because the attorney-client privilege is sacrosanct. Doc. 203 at 9. Instead, we asked the Court to prohibit Secretary Thurston from pursuing this frivolous contest over whether TST is a *bona fide* religion. Id.

In response, Secretary Thurston first nitpicks over the holding in *Scottsdale*. Doc. 208 at 11 (arguing that *Scottsdale* should be limited to a finding that this particular member's beliefs are *bona fide*). Judge

Campbell specifically found that "Ms. Shortt's [a member of TST's] beliefs and practices are religious for purposes of her religious discrimination claims." *Satanic Temple v. City of Scottsdale*, No. CV18-00621-PHX-DGC, 2020 WL 587882, at *7 (D. Ariz. Feb. 6, 2020). Because TST was suing in an associational capacity for Ms. Shortt, this was sufficient for TST to have standing to pursue those same religious discrimination claims. *Id.*

Secretary Thurston next suggests, wrongly, that the Eighth Circuit has opined that TST's beliefs "*may be political, not religious.*" Doc. 208 at 12 (citing *Doe v. Parson*, 960 F.3d 1115, 1119 n.2). The word "may" is doing a lot of work in that sentence. In *Doe*, the Eighth Circuit noted that there was room for argument that Doe's [a member of TST's] "beliefs *about abortion* may be political, not religious." *Doe v. Parson*, 960 F.3d at 1119 n.2 (emphasis added). Even then, the *Doe* Court assumed that her beliefs were religious. *Id.*

### 4: Attorney's fees.

Secretary Thurston has had three opportunities to provide a

proper privilege log. He refused on the first two opportunities, so this Court explained what exactly goes into a privilege log and ordered that he comply. His effort was deficient. We identified the deficiencies, in writing, and gave him another week to correct it. He ignored the letter and his response provides no justification for the deficiencies or for withholding non-privileged documents. The Court should order fees shifting for having to address this matter for a second time.

|  |  |
|---|---|
|  | Respectfully submitted on December 22, 2021, on behalf of Intervenors |
| By: | Matthew A. Kezhaya, ABA # 2014161 |
|  | KEZHAYA LAW PLC |
|  | 1202 NE McClain Rd |
|  | Bentonville, AR 72712 |
| phone: | (479) 431-6112 |
| email: | matt@kezhaya.law |

### CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on December 22, 2021 which sends service to registered users, including all other counsel of record in this cause. s/ Matthew A. Kezhaya