IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DONNA CAVE, *et al.*                                      PLAINTIFFS

ANNE ORSI, *et al.*, and        CASE NO.            CONSOLIDATED
                                4:18-CV-342              PLAINTIFFS

THE SATANIC TEMPLE, *et al.*                             INTERVENORS

 *V.*

JOHN THURSTON, in his official capacity                 DEFENDANT

## INTERVENOR'S MOTION TO COMPEL STATE DOCUMENTS

COME NOW Intervenors on motion to compel State documents.

This is a renewed motion to compel, following our good faith efforts

to confer with Secretary Thurston on the issue of "possession." We

seek an order to compel the following classes of documents:

(1) Correspondence to or from the General Assembly members
or their staff about this case (Requests for Production Nos. 1-7),

(2) State tax records for the AHHF and the NACL (Requests for
Production Nos. 10-11),

(3) All other documents in the possession of the State of

Arkansas or any of its employees which relate to the AHHF or NACL (Requests for Production Nos. 12-13), and

(4) All meeting minutes which pertain to either Act at issue in this case, between General Assembly members or their staff and non-General Assembly members (Requests for Production Nos. 14-15).

Secretary Thurston continues to deny that he has "possession, custody, or control" of the documents. EXHIBIT 1, *passim* (supplemental responses). We have twice conferred in good faith on this issue. First, on December 8, 2021. EXHIBIT 2. Secretary Thurston's response is already of record. Doc. 212-16 at 2-3. Second, on December 22, 2021. EXHIBIT 3 (collated discussions, addressing the point that this suit is treated as being against the State).

The point that the suit is treated as being against the State was also addressed in our deficiency letter preceding the original motion to compel (doc. 120-6 at 1-2). The parties are at an impasse. Court intervention is necessary to obtain this information about an element of Intervenors' prima facie case.

## 1:  Secretary Thurston has "control" of the documents.

The issue is whether Secretary Thurston has "control" of the

documents, such that he can be compelled to produce them. FRCP 34(a)(1). "Control" includes the legal right, authority, or ability to obtain upon demand documents in the possession of another. Doc. 172 at 6 (citing *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn. 2000) and *In re Hallmark Cap. Corp.*, 534 F. Supp. 2d 981, 982 (D. Minn. 2008)).

## 1.1: The suit is treated as against the State.

Secretary Thurston's argument for why he does not have "possession, custody, or control" over the documents is that he is distinct from the State. Doc. 212-16 at 3. There is no distinction. This is an official-capacity lawsuit which asserts an ongoing violation of federal law and which seeks prospective injunctive relief. Doc. 172 at 5. As a result, the suit is "in all respects other than name, to be treated as a suit against the entity … for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985); see also Doc. 172 at 4.

Here, that applies to mean that all relevant, non-privileged

information within the control of the State is discoverable against Secretary Thurston. *Tyler v. Suffolk Cty.*, 256 F.R.D. 34, 37 (D. Mass. 2009). The Court overruled Secretary Thurston's relevance objection on the requests at issue. Doc. 172 at 16-24 (Requests for Production Nos. 1-7) and 26-30 (Nos. 10-15). Nobody took up the Court's invitation to support the claim for legislative privilege. Doc. 172 at 10. No other claim for privilege has been invoked. The documents are therefore relevant and not privileged.

The State has control over all of the documents at issue, to wit:

(1) Correspondence to or from the General Assembly members or their staff about this case (Requests for Production Nos. 1-7), because that is held by the Information Technology Division of the General Assembly;

(2) State tax records for the AHHF and the NACL (Requests for Production Nos. 10-11), because that is held by the Department of Finance and Administration;

(3) All other documents in the possession of the State of Arkansas or any of its employees which relate to the AHHF or NACL

(Requests for Production Nos. 12-13), because, definitionally, the request only seeks the documents in the possession of the public entity or its employees; and

(4) All meeting minutes which pertain to either Act at issue in this case, between General Assembly members or their staff and non-General Assembly members (Requests for Production Nos. 14-15), because the State can obtain the documents from its employees (Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2210 (3d ed.), particularly the cases cited at fn. 11 and 12).

Secretary Thurston is the Defendant in name only. In all other respects, including discovery, this suit is treated as against the State. There is no dispute that the State has "possession, custody, or control" over the documents at issue. Yet Secretary Thurston refuses to provide them. The Court should compel the discovery sought.

### 1.2: He is coordinating the defense with nonparties.

Further, "possession, custody, or control" extends to documents which the party has the practical ability to obtain. *Benisek v. Lamone*,

Intervenors' motion to compel State documents

320 F.R.D. 32, 34 (D. Md. 2017). There, plaintiffs brought an *Ex Parte Young* suit which contested the constitutionality of a state law claim. The defendants had the practical ability to obtain documents from non-party legislators because (1) the non-party legislators had a stake in the outcome (defending against an effort to dismantle the work they did to pass the law at issue there); and (2) the legislators and the defendants were cooperating harmoniously toward the goal of success by the defendants. *Id.*, 320 F.R.D. at 35.

So too here. The legislators, who have the greatest control of most of the documents at issue, have a clear stake in the outcome. As in *Benisek*, this suit threatens to dismantle the legislators' work in erecting the Ten Commandments monument to the exclusion of the Baphomet monument.

Moreover, the legislators are coordinating the defense with Secretary Thurston. Secretary Thurston's own counsel of record is also representing all three of legislators who we subpoenaed as a backup effort to get these documents. Docs. 202, 205. Secretary Thurston also intervened to object to our motions for contempt when the

legislators failed to provide the documents pursuant to the sub-poena. Doc. 201. And Secretary Thurston asserted the legislative privilege for these documents, which suggests that he has the ability to get them. Doc. 120-4 at 3 et seq.

Secretary Thurston has never suggested that he cannot get the documents, he just keeps repeating the stock phrase that he does not have "possession, custody, or control." Given his close coordina-tion with the legislators, the Court should find that he has the prac-tical ability to obtain the documents.

## 2:  Attorney's fees.

The Court should also order fees shifting. FRCP 37(a)(5). We were entitled to these documents in March of 2020, nearly two years ago. The Court has rejected Secretary Thurston's argument that the Eleventh Amendment bars discovery in this case. Doc. 172 at 4-5. The Court has briefed Secretary Thurston on the requirement that he provide documents if he has the practical ability to get them. Id. at 5-7. Yet he still refuses to participate in his discovery obligations.

The purpose of discovery sanctions is to deter this kind of behavior. Intervenors should have gotten these materials back in March of 2020, what of the two-year delay? Every day in between has been another *de facto* victory for the proponents of religious preference and religious discrimination.

These kinds of games need to be deterred because plaintiffs are entitled to discovery on the essential elements of their claims. Otherwise, the Equal Protection Clause prohibition against invidious discrimination is really just a prohibition against publicly declaring a discriminatory intent. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 97 S. Ct. 555, 50 L. Ed. 2d 450 (1977) (proof of disparate impact is not enough, an equal protection plaintiff must prove discriminatory legislative intent).

**WHEREFORE** Intervenors pray this Court enter an order compelling production of the State documents sought and for attorney's fees for having to invoke the Court's attention to this issue.

[*remainder intentionally left blank, signature and certificate following*]

Respectfully submitted on
January 4, 2022,
on behalf of Intervenors

By:   Matthew A. Kezhaya, ABA # 2014161

**Kezhaya Law PLC**
1202 NE McClain Rd
Bentonville, AR 72712
phone:   (479) 431-6112
email:    matt@kezhaya.law

## Certificate and Notice of Service

**Notice is given** that I, Matthew A. Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on January 4, 2022 which sends service to registered users, including all other counsel of record in this cause. s/ Matthew A. Kezhaya

## Exhibit list

1. Supplemental responses

2. Intervenors' first effort to confer

3. Intervenors' second effort to confer