Case 4:18-cv-00342-KGB   Document 219-1   Filed 01/10/22   Page 1 of 15

Mason Hargett 3/2/2020                              Donna Cave, et al. v. Anne Orsi, et al.

Page 1

```
        IN THE UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF ARKANSAS
                  CENTRAL DIVISION



DONNA CAVE, JUDITH LANSKY, PAT PIAZZA AND SUSAN RUSSELL
         Plaintiffs,

ANNE ORSI, AMERICAN HUMANIST ASSOCIATION, FREEDOM FROM
RELIGION FOUNDATION, INC., ARKANSAS SOCIETY OF
FREETHINKERS, JOAN DIETZ, GALE STEWART, RABBI EUGENE
LEVY, REV. VICTOR H. NIXON, TERESA GRIDER AND WALTER
RIDDICK
         Consolidated Plaintiffs

THE SATANIC TEMPLE, DOUG MISICKO A/K/A "LUCIEN GREAVES"
AND ERIKA ROBBINS.
         Intervenors

vs.                           Case No. 4:18-CV-00342KGB

JOHN THURSTON, ARKANSAS SECRETARY OF STATE, IN HIS
OFFICIAL CAPACITY.
         Defendant.



          ORAL DEPOSITION OF MASON HARGETT


APPEARANCES:

     MR. MATTHEW KEZHAYA, ESQ.
     MS. SONIA A. KEZHAYA, ESQ.
         Kezhaya Law
         1202 NE McClain Road
         Bentonville, Arkansas  72712

          *** For the Satanic Plaintiffs ***

     MR. J.G. "GERRY" SCHULZE, ESQ.
         Baker, Schulze, Murphy & Patterson
         2311 Biscayne Drive, No. 300
         Little Rock, Arkansas  72227

             *** For the Orsi Plaintiffs ***
```

Case 4:18-cv-00342-KGB   Document 219-1   Filed 01/10/22   Page 2 of 15

Mason Hargett 3/2/2020                         Donna Cave, et al. v. Anne Orsi, et al.

Page 2

1   APPEARANCES (CONTINUED):

2         MR. MICHAEL A. CANTRELL, ESQ.
          MR. GARY SULLIVAN, ESQ.
3             Arkansas Attorney General's Office
              323 Center Street, Suite 200
4             Little Rock, Arkansas  72201; and

5         MS. LEA PATTERSON, ESQ.
              First Liberty
6             2001 West Plano Parkway, Suite 1600
              Plano, Texas  75075
7
                    *** For the Defendant ***
8

9
    ALSO PRESENT:
10        Erika Robbins

11

12

13

14

15

16

17

18

19

20

21

22        TAKEN BEFORE Jeff Bennett, Certified Court
    Reporter, LS Certificate No. 19, Bushman Court
23  Reporting, 620 West Third Street, Suite 302, Little
    Rock, Arkansas 72201 on March 2, 2020 at the Arkansas
24  Attorney General's Office, 323 Center Street, Suite 200,
    Little Rock, Arkansas commencing at 1:22 p.m.
25

Def.'s Exhibit 22

Case 4:18-cv-00342-KGB   Document 219-1   Filed 01/10/22   Page 3 of 15

Mason Hargett 3/2/2020                                    Donna Cave, et al. v. Anne Orsi, et al.

Page 3

1               I N D E X

2  WITNESS SWORN: MASON HARGETT

3                                                          Page

4  Examination by Mr. Cantrell                             6

5  Examination by Mr. Kezhaya                              65

6  Re-Examination by Mr. Schulze                           73

7  Re-Examination by Mr. Cantrell                          74

8

9

10

11

12                          EXHIBITS

13  Exhibit 1                                              13

14  Exhibit 2                                              35

15  Exhibit 3                                              40

16  Exhibit 4                                              41

17  Exhibit 5                                              45

18  Exhibit 6                                              60

19

20

21

22

23  Certificate                                            78

24  Witness' Signature                                     79

25

Case 4:18-cv-00342-KGB   Document 219-1   Filed 01/10/22   Page 4 of 15

Mason Hargett 3/2/2020                    Donna Cave, et al. v. Anne Orsi, et al.

Page 4

1      ANSWERS AND DEPOSITION OF MASON HARGETT, a witness
2  produced at the request of Defendant, taken in the above
3  styled and numbered cause on the 2nd day of March, 2020,
4  before Jeff Bennett, Certified Court Reporter, LS
5  Certificate No. 19, a Notary Public in and for Saline
6  County, Arkansas, taken at the offices of the Arkansas
7  Attorney General's Office, 323 Center Street, Suite 200,
8  Little Rock, Arkansas at 1:22 p.m.
9                    S T I P U L A T I O N S
10     IT IS STIPULATED and AGREED by and between the
11 parties through their respective counsel that the
12 deposition of MASON HARGETT may be taken at the time and
13 place designated pursuant to the Federal Rules of Civil
14 Procedure.
15                       MASON HARGETT
16     The witness hereinbefore named, having been duly
17 cautioned and sworn or affirmed to tell the truth, the
18 whole truth, and nothing but the truth, testified as
19 follows:
20
21
22
23
24
25

Case 4:18-cv-00342-KGB   Document 219-1   Filed 01/10/22   Page 5 of 15

Mason Hargett 3/2/2020                                    Donna Cave, et al. v. Anne Orsi, et al.

Page 5

1    THE VIDEOGRAPHER:  We are on the record.
2    The date is March 2nd, 2020.  The time is
3    1:22 p.m.
4         This deposition is taking place at the
5    Office of the Arkansas Attorney General, 323
6    Center Street, Suite 200, Little Rock,
7    Arkansas.
8         This is Case Number 4:18-CV-00342 KGB/BD
9    entitled, "Donna Cave, Judith Lansky, Pat
10   Piazza and Susan Russell, Plaintiffs, Anne
11   Orsi, et.al, Consolidated Plaintiffs, the
12   Satanic Temple, et al., Intervenors versus
13   John Thurston, Arkansas Secretary of State, in
14   his Official Capacity."
15        The witness is Mason Hargett.
16        Our court reporter is Jeff Bennett.
17        Counsel will please introduce themselves
18   for the record, the witness will be sworn in?
19        MR. KEZHAYA:  This is Matt Kezhaya
20   appearing on behalf of the Satanic Temple,
21   Intervenors.
22        MR. SCHULZE:  This is Gerry Schulze on
23   behalf of the Orsi Plaintiffs.
24        MR. KEZHAYA:  I'm joined by Sonia
25   Kezhaya.  This is Matt Kezhaya joined by Sonia

Case 4:18-cv-00342-KGB   Document 219-1   Filed 01/10/22   Page 6 of 15

Mason Hargett 3/2/2020                        Donna Cave, et al. v. Anne Orsi, et al.

Page 6

1   Kezhaya for the Satanic Temple.
2           MR. CANTRELL:  Michael Cantrell for the
3   Attorney General's Office for the Defendant.
4           MS. PATTERSON:  Lea Patterson with First
5   Library Institute, Defendant.
6           MR. SULLIVAN:  Gary Sullivan from the
7   Secretary of State's Office for the Defendant.
8           (The witness was sworn.)
9                   EXAMINATION
10  BY MR. CANTRELL:
11  Q.   We are on the record.  For the record, I also want
12  to indicate that Erika Robbins is with us in the room as
13  well.
14       This deposition is being conducted under the
15  Federal Rules of Civil Procedure.  And again, my name is
16  Michael Cantrell.  I work for the Attorney General's
17  Office.  I represent the Defendant, John Thurston in
18  this case.
19       Can you state your name and date of birth for the
20  record?
21  A.   Yes.  Mason Hargett, April 10, 1981.
22  Q.   Have you ever been deposed before?
23  A.   No.
24  Q.   Do you understand that you're under oath?
25  A.   Yes.

Case 4:18-cv-00342-KGB   Document 219-1   Filed 01/10/22   Page 7 of 15

Mason Hargett 3/2/2020                    Donna Cave, et al. v. Anne Orsi, et al.

Page 7

1   Q.    Do you understand that that means you're promising
2   all of your answers to my questions are true and
3   correct?
4   A.    Yes.
5   Q.    And the court reporter has transcribed our
6   conversation.  You were here with us in Ms. Robbins'
7   deposition?
8   A.    Yes.
9   Q.    So you've heard me say all this before?
10  A.    No uh-huhs.
11  Q.    Yeah, that's right, no uh-huhs, no huh-uhs.
12  A.    Uh-huh.
13  Q.    And we'll try not to cut each other off.
14  A.    Okay.
15  Q.    And let me know if you don't understand something
16  that I ask you.  Is there anything you need before we
17  start?
18  A.    I don't think so.  I'm good.
19  Q.    Okay.  And is there any reason why you can't give
20  full and complete testimony today?
21  A.    No.
22  Q.    No medications that would affect your testimony or
23  alcohol or anything?
24  A.    No.
25  Q.    Okay.  And you were present for the entirety of

Case 4:18-cv-00342-KGB   Document 219-1   Filed 01/10/22   Page 8 of 15

Mason Hargett 3/2/2020                           Donna Cave, et al. v. Anne Orsi, et al.

Page 8

1   Ms. Robbins' deposition, correct?
2   A.   Correct, yes.
3   Q.   Okay.  And you heard all of her answers to all of
4   the questions that were asked?
5   A.   Yes.
6   Q.   Okay.  And you were -- you are represented by an
7   attorney, I understand?
8   A.   Yes.
9   Q.   Okay.  And that occurred last night.  You became
10  represented by counsel last night?
11  A.   Yes.
12  Q.   Okay.  And your counsel is present with us?
13  A.   Yes.
14  Q.   Matt Kezhaya.
15       Okay.  Let's go into your educational background?
16  A.   Okay.  I graduated high school in Bryant High
17  School in 1999.  I have a bachelor's degree in sociology
18  from the University of Arkansas at Little Rock.  I
19  dotted around at a few more colleges in between there.
20  And then most recently I was enrolled at University of
21  Central Arkansas in their master's in mental health
22  counseling program.  I have not currently finished that
23  program.
24  Q.   Okay.  And what other universities or colleges did
25  you attend for your bachelor of arts degree?

Case 4:18-cv-00342-KGB   Document 219-1   Filed 01/10/22   Page 9 of 15

Mason Hargett 3/2/2020                         Donna Cave, et al. v. Anne Orsi, et al.

Page 13

1  Q.    Okay.  Anything else that you reviewed for today?
2  A.    Nothing really specifically for this.  Just sort
3  of reading those depositions to kind of get a feel of
4  how this is going to go.
5  Q.    Okay.  Did you speak with anyone else in
6  preparation for today?
7  A.    Outside of my attorney, no.
8  Q.    Okay.  You had a subpoena.  I will go ahead and
9  make an exhibit.
10              (Deposition Exhibit 1 was marked.)
11 Q.    Make this Exhibit 1.  And just take a look at this
12 to confirm that that is a copy of the subpoena you
13 received?
14             MR. KEZHAYA:  Mike, I sent you an email
15         earlier this morning with the documents.  Did
16         you receive that?
17             MR. CANTRELL:  Yeah.
18             MR. KEZHAYA:  Okay.  Good.
19 A.    Yes, this is the one.
20 BY MR. CANTRELL:
21 Q.    Okay.  And so I asked you to bring with you to the
22 deposition all correspondence with Arkansas officials
23 concerning the Baphomet statue.  And your attorney
24 provided me with some documents.
25 A.    Yes.

Case 4:18-cv-00342-KGB   Document 219-1   Filed 01/10/22   Page 10 of 15

Mason Hargett 3/2/2020                    Donna Cave, et al. v. Anne Orsi, et al.

Page 14

1  Q.   Is all the correspondence with Arkansas officials
2  concerning the Baphomet statue in your possession, were
3  those included?
4  A.   Yeah.  Any email correspondence that I made was in
5  that cash of files, yeah.
6  Q.   Okay.  And the same the second thing we requested
7  was, let's do it this way, 2A, All records of whatever
8  kind concerning the Satanic Temple's efforts to place
9  the Baphomet statue in Arkansas?
10 A.   Yes.  I personally don't have any sort of
11 documents pertaining to the entire process in any
12 possession.
13 Q.   Okay.  Pertaining to the entire process?
14 A.   Yeah.  I guess are you talking about with the Arts
15 and Grounds Commission and stuff like that?
16 Q.   Yeah, really any aspect of the Baphomet statue.
17 A.   Anything I had at all of any relevance.  I felt
18 like the pictures might have been stretching it a little
19 bit.  I had everything I could think of that was even
20 relevant.
21 Q.   You included that?
22 A.   Yeah.
23 Q.   August 2018 Rally for the First Amendment?
24 A.   Yeah.  I had no part in organizing that
25 whatsoever.  Honestly, I was merely a spectator that

Case 4:18-cv-00342-KGB   Document 219-1   Filed 01/10/22   Page 11 of 15

Mason Hargett 3/2/2020                                    Donna Cave, et al. v. Anne Orsi, et al.

Page 15

1    day.
2    Q.   Okay.  And then 2C, The making of the film Hail
3    Satan?
4    A.   Yeah.  I was in no way a part of making the film
5    in any way.  I appear in it, but that's it.
6    Q.   Okay.  And then finally all records whatever kind
7    concerning your personal interaction with the Ten
8    Commandments monument?
9    A.   I sent a couple of photos of me around it.  But
10   that's pretty much it, yeah.
11   Q.   And so you've produced every document in your
12   possession for all of those categories?
13   A.   Yes.
14   Q.   Okay.
15   A.   Yes.
16   Q.   Okay.  All right.  Are you a member of the Satanic
17   Temple?
18   A.   Yes.
19   Q.   When did you become a member?
20   A.   Around 2015, perhaps a little before the year
21   2015.  Sorry.  I'm not good with an exact date of that
22   far back.  It was one of those.  2015 probably works.
23   Q.   Okay.  And what were you required to do in order
24   to become a member of the Satanic Temple?
25   A.   I believe I was a member of their newsletter.

Case 4:18-cv-00342-KGB   Document 219-1   Filed 01/10/22   Page 12 of 15

Mason Hargett 3/2/2020                    Donna Cave, et al. v. Anne Orsi, et al.

Page 81

1  REPORTER'S CERTIFICATION OF CERTIFIED COPY

2

3     I, JEFF BENNETT, LS No. 19, Certified Court
4  Reporter in the State of Arkansas, certify that the
5  foregoing pages 1 through 77 constitute a true and
6  correct copy of the original deposition of MASON HARGETT
7  taken on March 2, 2020.
8     I declare under penalty of perjury under the laws
9  of the State of Arkansas that the foregoing is true and
10 correct.
11    Dated this 9th day of April, 2020.

12
13    _____
      Jeff Bennett, CCR, LS No. 19, Notary
14    Public in and for Saline County, Arkansas

15 My Commission expires November 29, 2020.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Arkansas

| | |
|---|---|
| Donna Cave, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:18CV342 |
| John Thurston | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Mason Hargett

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Arkansas Attorney General's Office, 323 Center St, Suite 200, Little Rock, AR 72201 | Date and Time: 03/02/2020 12:00 pm |
|---|---|

The deposition will be recorded by this method: stenograph, audio, and video

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: (1) All correspondence with Arkansas officials concerning the Baphomet statue. (2) All records of whatever kind concerning (a) TST's efforts to place the Baphomet statue in Arkansas, (b) the August 2018 Rally for the First Amendment, and (c) the making of the film Hail Satan!. (3) All records of whatever kind concerning your personal interactions with the Ten Commandments monument.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/04/2020

| CLERK OF COURT | | |
|---|---|---|
| | OR | /s/ Michael Cantrell |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* John Thurston, who issues or requests this subpoena, are:

Michael Cantrell, Michael.Cantrell@ArkansasAG.gov, 501-682-2401

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on whom it is directed. Fed. R. Civ. P. 45(a)(4).

Def's Exhibit 22
Hargett

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Def.'s Exhibit 22

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 4:18CV342

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows:
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Def.'s Exhibit 22