IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| DONNA CAVE, et al., | PLAINTIFFS, |
| ANNE ORSI, et al., | CONSOLIDATED PLAINTIFFS, |
| THE SATANIC TEMPLE, et al. | INTERVENORS, |
| v.     No. 4:18CV00342 KGB/BD | |
| JOHN THURSTON, Arkansas Secretary of State, in his official capacity, | DEFENDANT. |

### DECLARATION OF DANIEL L. PARKER

Pursuant to 28 U.S.C. § 1746, I declare:

1. My name is Daniel L. Parker. I have personal knowledge of the matters stated herein and am competent to testify thereto. This declaration is made in support of the Secretary of State's response in opposition to the "Intervenor's Motion to Compel State Documents" filed by the Satanic Temple on January 4, 2022, in *Cave v. Thurston*, No. 4:18-CV-342 (the "Litigation") in the Eastern District of Arkansas.

2. I am the current Managing Attorney for the Legal Division of the Arkansas Secretary of State, holding that position since April 2021. I have a combined total of more than 20 years of experience working as an attorney for State entities.

3. The Secretary of State is one of seven independently elected executive branch constitutional officers established by the Arkansas Constitution, with specific constitutional and statutory duties prescribed by law. The Secretary of State is not the chief executive officer of the state; is not authorized to require information or reports from or the performance of specific actions by any agencies of the State; and has no supervisory authority over any independent branches of government, constitutional officers or commissions, or state agencies, boards, or commissions. As

Def.'s Ex. 1

such, a lawsuit such as this against the Secretary of State in his official capacity as custodian of the Capitol Grounds could not be a lawsuit against each and every public official, entity, and employee that comprises State government.

4. The Secretary of State does not have a single custodian of records by title, job description, or otherwise, but maintains records in the ordinary course of performing its constitutional and statutory duties in its various departments according to the applicable subject matter, including without limitation its Business and Commercial Services Division, Elections Division, Facilities Division, Legal Division, and the State Capitol Police. For purposes of this Litigation, I am acting on behalf of the Legal Division as the custodian of the records of the Secretary of State. In response to the Satanic Temple's discovery requests, the Legal Division coordinated a diligent inquiry of all responsive documents and information within the Secretary of State's possession, custody, or control. As a result, the Secretary of State produced over 15,000 pages of documents to the Satanic Temple. While these were labor-intensive and time-consuming tasks, our office has been and remains committed to carrying out its discovery obligations fully and transparently.

5. The Satanic Temple's Motion to Compel State Documents seeks documents and information over which the Secretary of State lacks possession, custody, or control. In particular, the Secretary of State has no legal authority or practical ability to obtain the documents or information the Satanic Temple seeks. The Secretary of State does not generate, maintain, or acquire those materials and does not have access to them. Further, the Secretary of State has not coordinated with any other State entity, including without limitation the General Assembly and the Department of Finance and Administration, in discovery in this case. Below I specifically address each of the four classes of documents identified in the Satanic Temple's Motion to Compel.

      (a)      **Correspondence to or from the General Assembly members or their staff (Requests for Production Nos. 1-7)**

The Secretary of State has neither the legal authority nor practical ability to obtain documents and information in the possession, custody, or control of General Assembly members or their staff. The General Assembly is not only a separate and independent State entity, but also an entirely separate branch of government with its own staff and legal counsel. With respect to the "General Assembly members or their staff" the Secretary of State has no legal authority or practical ability to: (1) conduct electronic or manual searches of the General Assembly's records; (2) determine what records or other information is responsive to discovery requests and obtain possession of such records or information; (3) assert claims of privilege to any information requested; or (4) certify, for lack of personal knowledge and as required by federal discovery rules, the accuracy of any information provided or withheld by the General Assembly if any such information were to be provided.

      (b)      **State tax records for the AHHF and the NACL (Requests for Production Nos. 10-11)**

The Secretary of State conducted both manual and electronic searches of its records and produced responsive documents and information within its possession, custody, or control, i.e., nonprofit and charitable organization filings maintained by its Business and Commercial Services Division. The Secretary of State has neither the legal authority nor practical ability to obtain confidential state income tax documents and information in the possession, custody, or control of the Department of Finance and Administration (DF&A). DF&A is a separate and independent state entity with its own staff, legal counsel, and statutorily prescribed duties, including the duty to maintain the confidentiality of state tax records under the Arkansas Tax Procedure Act and Arkansas Code § 26-18-303. With respect to "state tax records" within the possession, custody, or control of DF&A, the Secretary of State has no legal authority or practical ability to: (1) conduct

electronic or manual searches of DF&A's records; (2) determine what records or other information are responsive to discovery requests and obtain possession of such records or information; (3) assert claims of privilege to any information requested; or (4) certify, for lack of personal knowledge and as required by federal discovery rules, the accuracy of any information provided or withheld by DF&A if any such information were to be provided.

      (c)      **All other documents in the possession of the State of Arkansas or any of its employees which relate to AHHF or NACL (Requests for Production Nos. 12-13)**

For the reasons stated herein, the Secretary of State has neither the legal authority nor practical ability to: (1) obtain "all other documents in the possession of the State of Arkansas or any of its employees which relate to AHHF or NACL"; (2) conduct electronic or manual searches for such documents; (3) determine what records or other information is responsive to this item and obtain possession of responsive records or information; (4) assert claims of privilege to the information requested; or (5) certify, for lack of personal knowledge and as required by federal discovery rules, the accuracy of any information provided or withheld if any such information were to be provided.

      (d)      **All meeting minutes which pertain to either Act at issue in this case (Requests for Production Nos. 14-15)**

The Secretary of State has previously produced meeting minutes of the Capitol Arts and Grounds Commission pertaining to the Acts at issue. Otherwise, see response to item (a) of this paragraph 5.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on January 13, 2022.**

                                                                Daniel L. Parker, Managing Attorney
                                                                Arkansas Secretary of State's Office