IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| **DONNA CAVE,** *et al.* | | **PLAINTIFFS** |
| **ANNE ORSI**, *et al.*, and | **CASE NO.** **4:18-CV-342** | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE**, *et al.* | | **INTERVENORS** |
| *V.* | | |
| **JOHN THURSTON**, in his official capacity | | **DEFENDANT** |

## REPLY ON MOTION TO COMPEL STATE DOCUMENTS

**COME NOW** Intervenors with a reply on their motion to compel State documents (doc. 218). At issue are the following classes of documents:

(1) Correspondence to or from the General Assembly members or their staff about this case (Requests for Production Nos. 1-7),

(2) State tax records for the AHHF and the NACL (Requests for Production Nos. 10-11),

(3) All other documents in the possession of the State of Arkansas or any of its employees which relate to the AHHF or NACL (Requests for Production Nos. 12-13), and

(4) All meeting minutes which pertain to either Act at issue in this case, between General Assembly members or their staff and non-General Assembly members (Requests for Production Nos. 14-15).

## 1:  Secretary Thurston has "control" of the documents.

The first issue is whether Secretary Thurston has "control" of the documents, such that he can be compelled to produce them. FRCP 34(a)(1). We asserted that Secretary Thurston has "control" over the documents because (1) this suit is treated as against the State, which indisputably has control of the documents; and (2) Secretary Thurston is coordinating the defense with the legislators. Doc. 218 at 3-7.

### 1.1: The suit is treated as against the State.

Secretary Thurston first responds with the tired Eleventh Amendment argument that States are immune to lawsuits. Doc. 222 at 2; *contra.* doc. 172 at 5 (recognizing the *Ex Parte Young* exception, and finding that this case falls within it).

As sole support for the claim that this discovery is barred by the Eleventh Amendment, he cites to a case where a plaintiff sued a

state official for a wrongful arrest (i.e., not an ongoing violation of federal law) seeking damages and not prospective-only injunctive relief. *Clay v. Conlee*, 815 F.2d 1164, 1166 (8th Cir. 1987).  This is not helpful to the discussion. Unlike *Clay*, this case entails ongoing violations of the Constitution, *no* claim for damages and seeks *only* prospective injunctive relief. This case plainly falls under the *Ex Parte Young* exception to Eleventh Amendment immunity.

Next Secretary Thurston responds with incredulity that, when the Supreme Court says the suit is to be treated as against the State "in all respects other than name," this means that the State's documents are subject to discovery. Doc. 222 at 2-3; the quote is from *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099 (1985). He claims that Intervenors cannot supply any authority that says discovery in an official-capacity suit can reach the related public entity at issue. Doc. 222 at 3. He is wrong. We specifically cited *Tyler v. Suffolk Cty.*, 256 F.R.D. 34 (D. Mass. 2009) ("when an official is sued in his or her official capacity, any non-privileged, relevant information within the control of the related public entity is also

discoverable against that official.")

Next Secretary Thurston responds that we should have directed the Rule 34 requests directly to the State employees who maintain the records. Doc. 222 at 3. That's inane. We are entitled to seek the production of these State documents from Secretary Thurston because, as a constitutional officer of the State, Secretary Thurston has "the practical ability to obtain the documents."

Last, Secretary Thurston makes an unintelligible argument about the timeliness of our subpoenas to the legislators. Doc. 222 at 3-4. We shouldn't have had to issue the subpoenas; we were entitled to this information from Secretary Thurston back in March of 2020. It is because of Secretary Thurston's obstruction that we resorted to seeking at least some of the information from alternative sources.

## 1.2: He is coordinating the defense with the nonparties.

Next, Secretary Thurston asks the Court to rewrite the great weight of authority–just for him–and hold that "control" should mean something *other* than the practical ability to obtain documents.

REPLY ON MOTION TO COMPEL STATE DOCUMENTS

Doc. 222 at 4-5. Apparently, Secretary Thurston fancies himself something of a king. *State of Mississippi v. Johnson*, 71 U.S. 475, 480, 18 L. Ed. 437 (1866) (In England, "the King is supposed to be above the law, and is the fountain of justice; yet his immediate subordinate departments are not above it.")

But Secretary Thurston is no king, he is subject to the rule of law. By enforcing these unconstitutional acts, he has been stripped of any claim to immunity from his "responsibility to the supreme authority of the United States." *Ex parte Young*, 209 U.S. 123, 160, 28 S. Ct. 441, 454 (1908). Secretary Thurston stands before the Court, not as self-appointed king, but as a party litigant to whom the rules of discovery apply with equal force as if he appeared as lowly John Thurston, private citizen. The Court should not afford him special favor, for no one is above the laws (*nemo est supra leges*).

## 1.3: This motion seeks relevant materials.

Last, Secretary Thurston raises a rambling slippery-slope argument that, somehow, compelling this discovery would upend the

REPLY ON MOTION TO COMPEL STATE DOCUMENTS

requirement that discovery be "relevant" before it can be compelled. See Doc. 222 at 9 (decrying that Intervenors' "extreme position" would "lead invariably" to "disclosure scrutiny, notwithstanding their relative remoteness to the issue of the case;") *contra.* FRCP 26(b)(1) (discovery must be relevant to a party's claim or defense). The Court has already found the information sought is relevant to this case. Doc. 172 at 16-24 and 26-30. There is no credible argument that compelling this relevant discovery would rewrite FRCP 26 to remove the requirement that discovery be relevant.

Curiously, he also asserts that he has "*never* asserted legislative privilege." Doc. 222 at 8. He did so in writing. *E.g.* doc. 120-4 at 3 ("Defendant objects, and reserves all objections on the basis of … legislative privilege.") It is irrelevant that Secretary Thurston half-heartedly qualified the assertion to mean it should only apply to the extent the materials "might be" covered by the privilege. He raised the issue of legislative privilege which presupposes that the materials are within his reach.

The remainder of his argument does not even merit a response.

See Doc. 222 at 5-9. The materials are within Secretary Thurston's "control" because they are within the control of State of Arkansas, *i.e.*, the related public entity at issue in this lawsuit. *Tyler v. Suffolk Cty.*, 256 F.R.D. 34 (D. Mass. 2009). The legislators' materials are doubly within Secretary Thurston's control because he is coordinating his defense with the legislators, who have a clear stake in the outcome of this case, and is even sharing attorneys with the legislators. *Benisek v. Lamone*, 320 F.R.D. 32, 34 (D. Md. 2017).

## 2:  Attorney's fees.

Secretary Thurston's response on attorney's fees merits no response. Doc. 222 at 10. If the Court finds that discovery is part of "all respects other than name," *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099 (1985), then Intervenors have been entitled to this discovery for the better part of two years. Delay and obstruction should be deterred, not ignored. The traditional mechanism to deter discovery obstruction tactics is to order fees shifting for having to invoke the court's attention. See FRCP 37(a)(5).

**WHEREFORE** Intervenors pray this Court enter an order compelling production of the State documents sought and for attorney's fees for having to invoke the Court's attention to this issue.

Respectfully submitted on
January 25, 2022,
on behalf of Intervenors
By:  Matthew A. Kezhaya, ABA # 2014161



**KEZHAYA LAW PLC**
1202 NE McClain Rd
Bentonville, AR 72712
phone:  (479) 431-6112
email:  matt@kezhaya.law

### CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on January 25, 2022 which sends service to registered users, including all other counsel of record in this cause. s/ Matthew A. Kezhaya