IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **DONNA CAVE**, *et al.*, | **PLAINTIFFS**, |
| **ANNE ORSI**, *et al.*, | **CONSOLIDATED PLAINTIFFS**, |
| **THE SATANIC TEMPLE**, *et al*., | **INTERVENORS**, |
| v. | No. 4:18CV00342 KGB/BD |
| **JOHN THURSTON**, Arkansas Secretary of State,<br>in his official capacity, | **DEFENDANT**. |

**SECRETARY THURSTON'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiffs' briefs try but fail to argue their way around clear Supreme Court and Eighth Circuit authority. Those authorities vindicate the Ten Commandments monument and demonstrate that Secretary Thurston is entitled to summary judgment. Further, the undisputed facts demonstrate that the Satanic Temple Intervenors' (TST) equal-protection claim fails as a matter of law.

**I.      The proper legal analysis vindicates the monument.**

The history-informed legal analysis articulated by Secretary Thurston—not Plaintiffs—is required not only by the Supreme Court's decisions in *American Legion v. American Humanist Association*, 139 S. Ct. 2067 (2019), and *Town of Greece, N.Y. v. Galloway,* 572 U.S. 565 (2014), but also by the Eighth Circuit precedent Plaintiffs rely on. *See* DE 285, Def.'s Resp., at 8-10 (explaining historical analysis); DE 258, Def.'s Br., at 22-24 (same).

First, *ACLU Nebraska Foundation v. City of Plattsmouth, Neb.*, 419 F.3d 772, 776-78 (8th Cir. 2005) (en banc), upheld an identical Eagles-style Ten Commandments monument. Indeed, such monuments are merely one part of the "unbroken history" of "official acknowledgment by all three branches of government of the role of religion in American life from at least

1789," including "similar references and representations of the Ten Commandments on government property . . . throughout our country." *Id.* Secretary Thurston has shown that the Ten Commandments monument fits squarely within this well-established tradition of public displaying Ten Commandments monuments—which again and critically includes Eagles-style Ten Commandments monuments like the one at issue here. *See* DE 258, Def.'s Br., at 22-24; DE 285, Def.'s Resp., at 8-10. And "where history shows that the specific practice is permitted, we typically need go no further; the Establishment Clause claim fails." *Doe v. United States*, 901 F.3d 1015, 1021 (8th Cir. 2018) (quotation and citation omitted).

But even if history "ha[d] not spoken to the 'specific practice,' at hand" (and it has), the Court must "look to the historical understanding of the Establishment Clause as informed by *other* relevant practices." *Id.* (quoting *Town of Greece*, 572 U.S. at 577) (emphasis added). As *Doe* recognized, "the specific practice of placing 'In God We Trust' on U.S. money did not begin until 1864 and was not uniform across all currency until almost a century later." *Id.* But the Eighth Circuit upheld the practice because it "comports with early understandings of the Establishment Clause as illuminated by the actions of the First Congress." *Id.*; *see id.* at 1022 (discussing the First Congress's appointment and payment of chaplains, Congress urging President Washington to proclaim a day of public thanksgiving and prayer, Congress's enactment of the Northwest Ordinance, and our Nation's founding documents); *see also* DE 285, Def.'s Resp., at 8-9. And the Ten Commandments display at issue here easily fits within that historic understanding of the Establishment Clause.

Like *American Legion* and *Town of Greece*, *Doe* mandates the history-informed legal analysis Secretary Thurston has put forward—not that invented by Plaintiffs. And that analysis

vindicates the Ten Commandments monument. Plaintiffs' "contentions fail to state a claim under the Establishment Clause." *Doe*, 901 F.3d at 1022, and Secretary Thurston is entitled to summary judgment.

## II. Laches would bar any challenge to the Display Act itself.

Although Plaintiffs' briefing is unclear, if they purport to assert an Establishment Clause challenge to the Ten Commandments Monument Display Act independent of the Ten Commandments monument itself, that claim would be barred by the doctrine of laches. *See Goodman v. McDonnell Douglas Corp.*, 606 F.2d 800, 804 (8th Cir. 1979). Plaintiffs did not bring their suit for more than three years after that Act became law—to Defendant's prejudice after the monument was erected. *See id.* If Plaintiffs wished to challenge the law itself, then it is inexplicable why they waited until after the monument was erected. Such inexcusable delay even exceeded Arkansas's "analogous statute of limitation" for personal injury. *Id.*; *see* Ark. Code Ann. 16-56-105 (three-year limitation). Further, as explained, Plaintiffs' claims all fail on standing and the merits. Secretary Thurston is entitled to summary judgment.

## III. The Satanic Temple lacks standing.

Organizational Intervenor, the Satanic Temple, "is suing solely in an associational capacity." DE 99 at 5. TST's strategic assertion of that fact during discovery—on which the parties have relied—was no mistake, as TST made that statement as part of a calculated effort to avoid producing governance documents in discovery. *See id.* TST is precluded by principles of waiver, forfeiture, abandonment, and estoppel from contradicting its prior position in its summary-judgment response. *See, e.g.*, *June Med. Servs. L.L.C. v. Russo*, 140 S. Ct. 2103, 2118 (2020) (waiver); *U.S. ex rel. Gebert v. Transp. Admin. Servs.*, 260 F.3d 909, 917 (8th Cir. 2001) (estoppel).

TST would lack direct standing to sue in any event. TST now claims that the organizational Intervenor is the nonprofit "The Satanic Temple, Inc." DE 289 at 13 (citing the articles of incorporation at DE 217-1). But "The Satanic Temple, Inc." does not own the Baphomet monument. Rather, the for-profit "United Federation of Churches, LLC" owns it. *See* DE 260-43, Indep. Contr. Agreement, at 4, 6, 7, 8; DE 260-41, TST Dep., at 36-37 (dep. pp. 137-41). "The Satanic Temple, Inc." and "United Federation of Churches, LLC" are different entities. *See* DE 260-43 (dep. exs. 37, 40-41) at 11-13, 21-27; *see also* DE 260-41, TST Dep., at 48 (dep. pp. 178-79) (amendment merely added "Inc." to the name of the previously existing Massachusetts nonprofit "The Satanic Temple"). TST has not carried its burden of producing any evidence of a "concrete and particularized" harm to "The Satanic Temple, Inc.," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), to say nothing of causation or redressability. *Id.* at 560-61. Therefore, Secretary Thurston is entitled to summary judgment.

**IV.    The Satanic Temple is not a religion.**

"[D]esigned to look . . . like a religion," TST is "meant to entertain while making a pointed political statement" that religion has no place in public schools, on public grounds, or affecting public policy. *Cavanaugh v. Bartelt*, 178 F. Supp. 3d 819, 830 (D. Neb. 2016); *see* DE 89, TST's 2d Am. Compl., at 4 ¶ 8 (citing and linking to DE 260-44 at 1-7 (discussing TST's "distaste for organized religion and an inclination to fight back with mischief")). "Those are important issues," and TST might make "a serious argument—but that does not mean [it is] entitled to protection as a 'religion.'" *Id.* at 824. The following facts are undisputed: "Since at least August 2015, TST has not claimed that Satan or any other supernatural being exists." DE 290 at 29 ¶ 54 & resp. Rather, TST acknowledges its Satanic trappings are a "metaphorical narrative construct," *id.* at 29 ¶¶ 54-55 & resps., comparable to "[t]he fictional world of Harry Potter." *Id.* at

4

30 ¶ 56 & resp.  But employing fictional Satanic imagery cannot produce "sincerely held religious beliefs."  *Masterpiece Cakeshop, Ltd. v. Colorado C.R. Comm'n*, 138 S. Ct. 1719, 1728 (2018).

TST admits it promotes "secular values," DE 290 at 29 ¶ 54 & resp., and that "the Baphomet monument has a 'wholly secular purpose.'"  *Id.* at 36 ¶ 71 & resp.  Further, Misicko "came up with" TST's tenets by "reason[ing] through" them, not by receiving them from "some kind of divine voice or . . . some kind of supernatural insight."  DE 260-41, TST Dep., at 11 (dep. p. 40).  TST "is not 'religious' simply because [it] labels it[self] as such."  *Cavanaugh*, 178 F. Supp. 3d at 830.  Indeed, because it is "based on purely secular considerations," *Wisconsin v. Yoder*, 406 U.S. 205, 215 (1972), and "clearly nonreligious in motivation," *Thomas v. Review Bd. of Indiana Employment Sec. Div.*, 450 U.S. 707, 715 (1981), it "does not become a religion simply by its use of religious terminology."  *Conner v. Tilton*, No. C07-4965MMC(PR), 2009 WL 4642392, at *11 (N.D. Cal. 2009).

These points go to both TST's lack of standing and its inability to succeed on the merits.  Secretary Thurston is entitled to summary judgment at both steps of the analysis.

**V.      TST's equal-protection claim fails.**

TST asserts it wants an "equal opportunity" with the Ten Commandments monument, DE 289 at 9.  But the American History and Heritage Foundation (AHHF) sought legislation for the Ten Commandments monument *before* pursuing review by the Capitol Arts and Grounds Commission.  It is undisputed that TST could have done this, too; but it didn't.  DE 290 at 19 ¶ 38 & resp.  To the contrary, TST effectively admits it never made any genuine effort to obtain legislative approval.  Instead, its effort consisted of two threatening emails to General Assembly members.  *See* DE 290 at 38-39 ¶¶ 75-78 & resps. (admitting TST "made no effort to seek legislative support during the 2017 legislative session or any subsequent legislative session").

5

This is simply not a case where TST satisfied the same requirements as AHHF but was denied the ability to put up its monument. It not "similarly situated" to AHHF. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In light of these undisputed material facts, Secretary Thurston is entitled to summary judgment.

## CONCLUSION

In light of these points and others contained in his briefs and authorities relied upon, statement of facts and responses thereto, and Defendant's exhibits 1 through 52, Secretary Thurston is entitled to summary judgment on all claims.

Therefore, Secretary Thurston respectfully requests that the Court grant his motion for summary judgment.

Submitted: May 8, 2023                       Respectfully,

TIM GRIFFIN
  Attorney General of Arkansas
NICHOLAS J. BRONNI (2016097)
  Solicitor General
DYLAN L. JACOBS (2016167)
  Deputy Solicitor General
MICHAEL A. CANTRELL (2012287)
  Assistant Solicitor General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
Main:  (501) 682-2007
Michael.Cantrell@ArkansasAG.gov

Hiram S. Sasser, III
Michael D. Berry
Lea E. Patterson
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, TX 75075
Tel:  (972) 941-6162
Fax:  (972) 423-6162
*hsasser@firstliberty.org*
*mberry@firstliberty.org*
*lepatterson@firstliberty.org*

*Counsel for Secretary of State John Thurston*