# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | |
|---|---|
| **DONNA CAVE, JUDITH LANSKY,** <br> **PAT PIAZZA, and SUSAN RUSSELL** | **PLAINTIFFS** |
| **ANNE ORSI, AMERICAN HUMANIST** <br> **ASSOCIATION, FREEDOM FROM** <br> **RELIGION FOUNDATION, INC.,** <br> **ARKANSAS SOCIETY OF FREETHINKERS,** <br> **JOAN DIETZ, GALE STEWART, RABBI** <br> **EUGENE LEVY, REV. VICTOR H. NIXON,** <br> **TERESA GRIDER, and WALTER RIDDICK** | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE, DOUG MISICKO** <br> **Aka "LUCIEN GREAVES," and, ERIKA** <br> **ROBBINS** | **INTERVENORS** |
| v. | Case No. 4:18-cv-00342-KGB |
| **JOHN THURSTON, Arkansas Secretary of State,** <br> **in his Official Capacity** | **DEFENDANT** |

## BRIEF OF *ORSI* CONSOLIDATED PLAINTIFFS
## REGARDING SOVEREIGN IMMUNITY CLAIMS

I. **Plaintiffs' state-law claim—that the State is acting illegally, in violation of Plaintiffs' rights under the Arkansas Constitution—is not subject to the State's asserted sovereign immunity defense.**

The State correctly notes in a footnote to its brief on Summary Judgment that the doctrine of *Ex parte Young* does not apply to a suit against "state officials on the basis of state law." State's Br. in Supp. of Mot. for Summ. J. ("State's Br.") (Dkt. 258) at 20 n.14 (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)). When the *Ex parte Young* exception does not apply, a court must then look to the state's own jurisprudence regarding sovereign immunity, just as the Minnesota District Court did in the other case cited by the State on this issue. *See Minnesota Voters All. v. Walz,* 492 F. Supp. 3d 822, 833 (D. Minn. 2020). A Minnesota court's conclusions regarding immunity under the Minnesota Constitution are, of course, inapplicable in the present case.

In Arkansas, the State's sovereign immunity "originates in Article 5, section 20 of the Arkansas Constitution, which provides '[t]he State of Arkansas shall never be made defendant in any of her courts.'" *Ark. Dept. of Finance & Admin. v. Carpenter Farms Med. Gp., LLC*, 601 S.W.3d 111 (Ark. 2020). Under this doctrine, suit may be barred "if a judgment for the plaintiff will operate to control the action of the State or subject it to liability." *Id.* (citing *Bd. of Trustees of Univ. of Ark. v. Andrews*, 535 S.W.3d 616, 619 (Ark. 2018)). The declaratory and injunctive relief sought by Plaintiffs in the present case certainly qualifies as a request to control the actions of the State. Thus, "the suit is one against the State and is barred by the doctrine of sovereign immunity, *unless an exception to sovereign immunity applies*." *Ark. Dept. of Cmty. Correction v. City of Pine Bluff*, 425 S.W.3d 731, 734 (Ark. 2013) (emphasis added); *see also Kelley v. Johnson*, 496 S.W.3d 346, 354 (Ark. 2016) (recognizing exceptions); *Ark. State Claims Comm'n*

*v. Duit Const. Co., Inc.*, 445 S.W.3d 496, 502 (Ark. 2014) (recognizing exceptions); *Muntaqim v. Kelley*, 641 S.W.3d 35, 42(Ark. Ct. App. 2022) (recognizing exceptions).

The Arkansas Supreme Court "has recognized three ways in which a claim of sovereign immunity may be surmounted: (1) where the State is the moving party seeking specific relief; (2) where an act of the legislature has created a specific waiver of sovereign immunity; and (3) where the state agency is acting illegally, unconstitutionally, or if a state-agency officer refuses to do a purely ministerial action required by statute." *Duit Const. Co., Inc.*, 445 S.W.3d 496, 502. Under the third exception, the Arkansas Supreme Court has written, "We view our [sovereign immunity] cases as allowing actions that are illegal, are unconstitutional or are *ultra vires* to be enjoined." *Martin v. Haas*, 556 S.W.3d 509, 514–15 (Ark. 2018) (quoting *Cammack v. Chalmers*, 680 S.W.2d 689, 689 (1984)) (alteration in original). In *Haas*, the Arkansas Supreme Court rejected a sovereign immunity claim made by then-Secretary of State Mark Martin under this third exemption, writing simply, "Because appellee has asserted that Act 633 violates qualified voters' constitutional right to vote and seeks declaratory and injunctive relief, not money damages, this action is not subject to the asserted sovereign-immunity defense." 556 S.W.3d at 515. And in 2020, the Arkansas Supreme Court reaffirmed the third exception to sovereign immunity as described in *Haas*, writing, "Thus, an allegation of 'ultra vires' or 'illegal' acts by the State remains an exception to sovereign immunity that . . . is 'alive and well.'" *Ark. Dept. of Finance & Admin. v. Carpenter Farms Med. Gp., LLC,* 601 S.W.3d 111, 117 (Ark. 2020) (quoting *Monsanto Co. v. Ark. State Plant Bd.*, 576 S.W.3d 8, 9 (Ark. 2019) and further citing *Ark. Game & Fish Comm'n v. Heslep*, 577 S.W.3d 1, 5 (Ark. 2019) (noting exception to sovereign immunity for state's illegal acts); *Ark. State Plant Bd. v. McCarty*, 576 S.W.3d 473, 477 (Ark. 2019) (same)).

In this case—like in *Haas*, 556 S.W.3d at 513–14; *Monsanto Company*, 576 S.W.3d at 11–12; and *Heslep*, 577 S.W.3d at 4, 5—the Consolidated Plaintiffs allege that the State is acting illegally, in violation of Plaintiffs' constitutional rights. *See* Orsi Pls.' Compl. (4:18-cv-343, Dkt. 1) at ¶¶ 1–3, 33, 48 (alleging violation of constitutional rights generally); *id.* at ¶¶ 22, 49, 57 (alleging violation of the Arkansas Constitution specifically). And—like in the cases cited above—the Consolidated Plaintiffs seek only declaratory and injunctive relief, not monetary damages. *See id.* at ¶¶ 4–5, pp. 18 (relief sought). Thus, the Consolidated Plaintiffs' state-law claim falls squarely under Arkansas's well-recognized third exception to sovereign immunity.

## II.     The State's claim that there is no "ongoing violation of federal law" is counterfactual and misstates the test for a claim brought under *Ex parte Young*.

The State also asserts without explanation that "all" the federal claims of the plaintiffs are "barred by sovereign immunity because there is no 'ongoing violation of federal law.'" State's Br. (Dkt. 258) at 20 n.14 (citing *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). *Verizon Maryland* establishes, "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" 535 U.S. at 645. The *Verizon Maryland* Court immediately goes on to apply that "straightforward inquiry," writing, "Here Verizon sought injunctive and declaratory relief . . . . The prayer for injunctive relief—that state officials be restrained from enforcing an order in contravention of controlling federal law—clearly satisfies our 'straightforward inquiry.'" *Id.* The Court later reiterates that "the inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim." *Id.* at 646 (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 281 (1997) ("An *allegation* of an

4

ongoing violation of federal law . . . is ordinarily sufficient") (emphasis added by *Verizon Maryland* Court)).

In this case, the Consolidated Plaintiffs have alleged an ongoing violation of federal law. They challenge, in part, the "maintenance and prominent display" of the Ten Commandments Monument, Orsi Pls.' Compl. (4:18-cv-343, Dkt. 1) at ¶ 3, and the "State's practice of erecting, maintaining, and continuing to display the Ten Commandments monument," *id.* at ¶ 33, which is ongoing. And, as noted above, the Consolidated Plaintiffs seek prospective relief, both declaratory and injunctive. *See id.* at ¶¶ 4–5, pp. 18 (relief sought). This satisfies the straightforward inquiry needed under *Ex parte Young*, as articulated in *Verizon Maryland*.

## CONCLUSION

The Consolidated Plaintiffs seek only prospective declaratory and injunctive relief in this case, not monetary damages. Thus, because the Plaintiffs' state-law claim rests on allegations that the State is acting illegally, in violation of Plaintiffs' constitutional rights, the claim falls squarely under Arkansas's well-recognized third exception to sovereign immunity. Moreover, the Consolidated Plaintiffs' federal claims allege an ongoing violation of federal law, and thus, those claims fall under the *Ex parte Young* exception to sovereign immunity, as articulated in *Verizon Maryland*.

WHEREFORE, The *Orsi* Plaintiffs' Motion for Summary Judgment should be granted.

Dated: September 14, 2023     Respectfully submitted,

Samuel T. Grover
Associate Counsel
WI Bar No. 1096047
sgrover@ffrf.org

Patrick C. Elliott
Senior Counsel

WI Bar No. 1074300
pelliott@ffrf.org

Freedom From Religion Foundation
PO Box 750
Madison, WI 53701
(608) 230-8443


Katherine McKerall
American Humanist Association
1777 T Street N.W.
Washington, D.C. 20009
Telephone: (202) 238-9088
Facsimile: (202) 238-9003
Email: kmckerall@americanhumanist.org


Baker Schulze and Murphy
2311 Biscayne Drive
Suite 300
Little Rock, AR 72227
Telephone: (501) 537-1000
Facsimile: (501) 537-1001
www.bsm.law

J.G. "Gerry" Schulze
Attorney at Law
Ark. Bar No. 83156
gschulze@bsm.law