## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | |
|---|---|
| **DONNA CAVE, et al.,** | **PLAINTIFFS** |
| **ANNE ORSI, et al.,** | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE, et al.,** | **INTERVENORS** |
| **v.** | **Case No. 4:18-cv-00342-KGB** |
| **JOHN THURSTON, Arkansas Secretary** | |
| **of State, in his official capacity** | **DEFENDANT** |

### CAVE PLAINTIFFS' RESPONSE TO
### DEFENDANT'S MOTION TO CONTINUE

Defendant filed a motion seeking an indefinite continuance of the trial set for the week of October 16, 2023. Defendant presented no legal authority to support his request, and proffered only the thinnest of factual support for his motion. Because Defendant failed to demonstrate good cause to continue the trial in this matter, the Court should deny Defendant's motion.

**Procedural Posture of Proceedings**

Plaintiffs Donna Cave and Pat Piazza filed this case in May 2018 challenging the Arkansas Ten Commandments Monument Display Act and the presence and display of the Ten Commandments Monument located on the grounds of the Arkansas State Capitol.

In January 2023, this Court entered its Third Amended Final Scheduling Order [Doc. 246]. That order scheduled this matter for a bench trial during the week of October 16, 2023. The Court also established a number of deadlines by which the parties are required to file their pretrial disclosure sheets, trial briefs, deposition designations (and objections), stipulations of fact, and proposed findings and conclusions. (*See id.* ¶¶ 5-9.) These deadlines begin next week.

Consistent with the Court's Order, each of the parties timely filed motions for summary judgment that have been fully briefed.[1] The Court heard oral argument on each of these motions on July 7, 2023 and presently has the motions under advisement.

As part of its consideration of the parties' pending summary judgment motions, the Court entered an order on September 12, 2023 [Doc. 308] allowing the Orsi Plaintiffs 21 days in which to file a supplemental brief responding to Defendant's sovereign immunity argument as it relates to the state constitutional claim. The Orsi Plaintiffs filed their brief on September 14, 2023 [Doc. 310].

As required by the Court's Third Amended Final Scheduling Order, the parties' pretrial disclosure sheets, trial briefs and deposition designations must be submitted by September 25, 2023.

---

[1] (*See* Orsi Pls.' Motion for Summ. J. [Doc. 254] (filed Mar. 6, 2023); Secretary Thurston's Mot. for Summ. J. [Doc. 257] (filed Mar. 6, 2023); Cave Pls.' Mot. for Summ. J. [Doc. 264] (filed Mar. 6, 2023); TST's Mot. for Summ. J. [Doc. 268] (filed Mar. 6, 2023).)

## Legal Standard for Granting Continuance

The Court entered its Third Amended Final Scheduling Order "[p]ursuant to Rule 16 of the Federal Rules of Civil Procedure." [Doc. 246 at 1]. Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As explained by the advisory committee notes to Rule 16, "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b)(4) advisory committee's note to 1983 amendment.

The Eighth Circuit has articulated five factors for evaluating motions for continuance:

1) the nature of the case and whether the parties have been allowed adequate time for trial preparation;
2) the diligence of the party requesting the continuance;
3) the conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance;
4) the effect of the continuance and whether a delay will seriously disadvantage either party; [and]
5) the asserted need for the continuance, with weight to be given sudden exigencies and unforeseen circumstances.

*United States v. Bernhardt*, 642 F.2d 251, 252 (8th Cir. 1981). These factors are similar to the ones considered by other federal circuit courts. *See, e.g., United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987) (outlining four factors); *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir.1985) (four factors). "No single factor is determinative and the weight given to any one may vary depending

3

on the extent of the [the movant's] showing on the others." *West*, 828 F.2d at 1470. "[T]he determination whether the denial of a continuance constitutes an abuse of discretion turns largely upon the circumstances of the individual case." *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) (internal quotation marks & citations omitted).

## Defendant Failed to Establish Good Cause for a Continuance

Defendant never cited the pertinent factors for the Court to consider in reviewing his motion for a continuance.  Instead, Defendant generically claimed that his motion was proper "for good cause shown."  (Def.'s Mot. at 2.)  Defendant is not entitled to a continuance under the pertinent factors this Court must consider, and the Court should deny Defendant's motion to vacate the trial setting.

### 1.    Adequate Time for Trial Preparation

This case deals with the constitutionality of the Ten Commandments Monument Display Act and the display of the Ten Commandments Monument. There is no remaining discovery for any party to complete and the discovery deadline has expired.  Defendant does not – and cannot – claim that he has not been afforded adequate time to prepare for trial.  This case has been pending for more than five years and needs to be resolved.

### 2.    Defendant's Diligence

Defendant has been diligent in his defense of this case.  But at the same time, Defendant also has not shown that he cannot comply with the Court's pretrial deadlines or be prepared for trial next month.

Defendant filed his motion on September 13 contending that, because the Orsi Plaintiffs had until October 3, 2023 in which their supplemental brief, "[t]hat means that Defendant will not have an opportunity to respond to the Orsi Plaintiffs' supplemental brief in his trial brief or response, and the Court will lack the benefit of any response."  (Def.'s Mot. at 1.)  But such is not the case now given that the Orsi Plaintiffs filed their brief on September 14, 2023 [Doc. 310]. Defendant thus has ten days in which to review that brief and formulate his response in his trial brief due September 25, 2023.

### 3.    Conduct of Opposing Party

Defendant did not point to any actions taken by either the Cave Plaintiffs, the Orsi Plaintiffs or The Satanic Temple Intervenors that have hindered his ability to prepare for trial.  Defendant also never claimed that a lack of cooperation has contributed to the need for a continuance.  Indeed, the fact that the Orsi Plaintiffs promptly filed their supplemental brief within two days of the Court's order – rather than the 21 days allowed by the Court – demonstrates the cooperation of all counsel in preparing for trial.

### 4.      Prejudice of a Continuance

The only other reason Defendant identified for granting a continuance was that the Court has not yet ruled on the parties' summary judgment motions, [a]nd . . . having time to digest the Court's ruling on all issues presented in the various summary judgment motions before beginning any trial preparation would materially assist defense counsel in the best of their, and their clients' [*sic*] time and resources." (Def.'s Mot at 1-2.)  This circumstance does not justify a delay.

Defendant is not alone in not knowing how the Court may rule on the parties' motions – all parties are in the same position.  But there is a crucial difference between having the benefit of the Court's ruling to "materially assist defense counsel" prepare for trial and claiming that, without that ruling, Defendant is unable to prepare for trial.  Defendant made no showing that, unless and until the Court rules on the summary judgment rulings, he is in any way prevented from preparing and filing his pretrial disclosure sheet, drafting and submitting a trial brief, serving deposition designations (and objections), conferring with other counsel regarding possible stipulations of fact, or drafting proposed findings and conclusions.  If a continuance is not granted, Defendant can still prepare for trial.

Conversely, granting a continuance – particularly an indefinite one as Defendant requests – will prejudice the other parties.  The Cave Plaintiffs are committed to complying with the pretrial deadlines set by this Court and to being

prepared for trial as scheduled by the Court.  And given that the Court set this matter for trial none months ago, any continuance will disrupt the Court's docket. Finally, and most importantly, this case has been pending for more than 5 years; Plaintiffs and Intervenors are entitled to proceed to trial and have their day in court.

### 5.    Asserted Need for a Continuance

The primary reason Defendant seek a continuance was to assure sufficient time in which to respond to the Orsi Plaintiffs' supplemental brief.  He now has that time and fully can prepare that response.  And given that the Court now has all of the parties' submissions on all of the issues before the Court, there are no unforeseen circumstances to prevent Defendant from being fully prepared to commence trial in October as this Court ordered in January of this year.

### Conclusion

"Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."  *Street v. Curry Bd. of Cnty. Comm'rs*, No. CIV 06-0776 JB/KBM, 2008 WL 2397671, at *6 (D.N.M. Jan. 30, 2008). Here, Defendant did not demonstrate that "good cause" exists to modify the Court's Third Amended Final Scheduling Order and vacate the October trial setting.  Without this showing, the Court should deny Defendant's Motion to Continue.  *See Petrone v. Werner Enter.*, 940 F.3d 425, 433-36 (8th Cir. 2019) (district court erred in granting motion to modify scheduling order despite finding

7

that plaintiff failed to establish good cause for extending scheduling order deadline).

Respectfully submitted,

LAVEY AND BURNETT

By: *John L. Burnett* .
     John L. Burnett (Arkansas Bar No. 77021)
904 West 2nd Street
Little Rock, AR 72201
Telephone: (501) 376-2269
Facsimile: (501) 372-1134
E-mail: jburnett@laveyandburnett.com
*On behalf of the Arkansas Civil Liberties Union Foundation*

GREEN & GILLISPIE

By: *Joshua D. Gillispie* .
     Joshua D. Gillispie (Arkansas Bar No. 2010131)
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
Telephone: (501) 244-0700
Facsimile: (501) 244-2020
E-mail: josh@greenandgillispie.com
*On behalf of the Arkansas Civil Liberties Union Foundation*

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:    *Andrew G. Schultz*                                        .
      Andrew G. Schultz (*admitted pro hac vice*)
      NM State Bar No. 3090
      Melanie B. Stambaugh (*admitted pro hac vice*)
      NM State Bar No. 142699
P.O. Box 1888
Albuquerque, NM 87103-1888
Telephone:  (505) 765-5900
Facsimile:  (505) 768-7395
E-mail:     aschultz@rodey.com
         mstambaugh@rodey.com
*On behalf of the Arkansas Civil Liberties Union Foundation*
*Attorneys for Plaintiffs Donna Cave and Pat Piazza*