## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DONNA CAVE, et al.,**                                                              **PLAINTIFFS**

**ANNE ORSI, et al.,**                                        **CONSOLIDATED PLAINTIFFS**

**THE SATANIC TEMPLE, et al.,**                                              **INTERVENORS**

**v.**                          **Case No. 4:18-cv-00342-KGB**

**JOHN THURSTON, Arkansas Secretary**
**of State, in his official capacity**                                          **DEFENDANT**

## CAVE PLAINTIFFS'
## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Donna Cave and Pat Piazza provide notice of significant authority supporting both their pending motion for summary judgment [Doc. 264] (filed Mar. 6, 2023) and their response to Secretary Thurston's pending motion for summary judgment [Doc. 284] (filed Apr. 10, 2023).

In *Roake v. Brumley* (M.D. La. Case No. 24-517-JWD-SDJ (Nov. 12, 2024), the District Court held that Louisiana House Bill No. 71 – requiring that each public school governing authority display a State-mandated version of the Ten Commandments in all classrooms – violated the Establishment Clause of the First Amendment. This decision directly supports four important arguments asserted by the Cave Plaintiffs in the parties' pending motions.

*First*, to properly resolve the Establishment Clause question before the Court, it must focus on the specific practice at issue – government mandated displays of the text of the Ten Commandments on government property – and not on the more general public recognition of America's religious and moral heritage. In *Roake*, the District Court carefully examined Establishment Clause jurisprudence both pre- and post-*Kennedy v. Bremerton School Dist.*, 142 S. Ct. 2507 (2022). *Roake* at 112-25. From those cases, the District Court concluded that the controlling standard "is whether the practice at issue 'fits within' and is 'consistent with a broader tradition.'" *Id.* at 126 (quoting *Town of Greece v. Galloway*, 572 U.S. 565 (2014), and *Freedom From Religion Found., Inc. v. Mack*, 49 F.4th 941 (5th Cir. 2022)).

The District Court was careful "not [to] construe the tradition too broadly (e.g., as the Ten Commandments in all of public life at the time of the Founding or Incorporation) or too narrowly (e.g., as exclusively the posting of the Decalogue according to the minimum requirements of the Act during that time)." *Roake* at 128. Instead, the District Court focused solely on "the relevant practice" at issue in the litigation: "the permanent posting of the Ten Commandments in public-school classrooms." *Id.* The District Court ultimately sided with the plaintiffs' contention that "[t]here is no longstanding tradition of permanently displaying the Ten

Commandments in public-school classrooms in Louisiana or the United States more generally." *Id.* at 130.

The Cave Plaintiffs made the same point in arguing that, in the present case, "the essential inquiry is whether history shows that the specific practice is permitted, *i.e.*, whether there is evidence of a long-standing tradition of government mandated Ten Commandments monuments on government property." [Doc. 265] at 145; [Doc. 284] at 11; [Doc. 296] at 8-9; 13-14.

***Second***, this Court properly may rely on Supreme Court Establishment Clause cases decided before – and not overruled by – *Kennedy*. In *Roake*, the plaintiffs maintained that the Supreme Court's earlier ruling in *Stone v. Graham*, 449 U.S. 39 (1980) (striking down state law requiring Ten Commandments to be posted in public school classrooms) was dispositive. The state defendants countered that because the Supreme Court "abrogated" the foundation of that case (*Lemon v. Kurtzman*, 403 U.S. 602 (1971)) in *Kennedy*, *Stone* no longer was valid law. The District Court disagreed and ruled that "*Stone* remains binding and is dispositive," *Roake* at 83, "because "*Kennedy* did not overrule *Stone*, or even mention it." *Id*. at 89. "Even if the continued validity of a Supreme Court decision is called into doubt, that case controls, and lower courts should leave it to the Supreme Court to overrule its own decisions." *Id*. at 83. This holding supports the same argument put forward by the Cave Plaintiffs with regard to *McCreary County*

*v. American Civil Liberties Union*, 545 U.S. 844 (2005), and *Van Orden v. Perry*, 545 U.S. 677 (2005); two Supreme Court cases that *Kennedy* did not overrule and mentioned barely in passing, if at all.  *See* [Doc. 265] at 12.

**Third**, this Court properly can rely on statements made by the primary sponsor of the Ten Commandments Monument Act as evidence of the unmistakable religious motivation for that law.  In *Roake*, the District Court took notice of and relied upon statements made by the bill's primary sponsor that expressed an overtly religious motivation for introducing the legislation, and similar statements made by the Governor including that the legislation ""ADVANCE[D] the Judeo-Christian values that this nation was built upon." *Roake* at 95-97.  The court found that "in light of . . . the undisputed statements of its proponents as to its purpose, the Act's alleged secular purposes are "so implausible [and] inadequate that they ought not be credited." *Id*.  The Cave Plaintiffs made the identical argument with regard to the repeated statements made by then-Senator Jason Rapert, the primary sponsor of the Ten Commandments Monument Act.  *See* [Doc. 265] at 44-45; [Doc. 296] at 20-22.

**Fourth**, in holding that the Louisiana law requiring that public school classrooms display a State-mandated version of the Ten Commandments violated the Establishment Clause, the District Court concluded:

> the Complaint demonstrates—"by the nature of the mandatory
> displays themselves, the history of H.B. 71," and statements of

purpose made by various lawmakers—"that the state's main interest in enacting and implementing H.B. 71 is the imposition of religious beliefs on public-school children."  Moreover, H.B. 71 is not neutral with respect to religion. By design, it expressly requires the display of religious scripture—the Ten Commandments—in every public-school classroom, and it requires a specific, state-approved version of that scripture to be posted, taking sides on theological questions regarding the correct content and meaning of the Decalogue. This Act requires this despite the fact that many Louisianians (like the Plaintiffs) (a) do not subscribe to the specific version of the Ten Commandments listed in the Act; (b) are not religious and do not agree with any version of the Decalogue; or (c) believe in other religions (such as Hinduism, Buddhism, and Taoism) that "generally do not consider the commandments to be part of their belief system."

*Roake* at 131 (internal citations omitted).  This summation fully encompasses the Cave Plaintiffs' arguments in the parties' pending summary judgment motions. Consistent with *Roake*, this Court should grant summary judgment for the Cave Plaintiffs', invalidate the Ten Commandments Monument Display Act as violating the Establishment Clause, and order that the Ten Commandments Monument located on the Arkansas State Capitol grounds be permanently removed.

Respectfully submitted,

LAVEY AND BURNETT

By:___*John L. Burnett*_____.
        John L. Burnett (Arkansas Bar No. 77021)
904 West 2nd Street
Little Rock, AR 72201
Telephone:  (501) 376-2269
Facsimile:  (501) 372-1134
E-mail:        jburnett@laveyandburnett.com
*On behalf of the Arkansas Civil Liberties Union Foundation*

GREEN & GILLISPIE

By:  *Joshua D. Gillispie*                            .
      Joshua D. Gillispie (Arkansas Bar No. 2010131)
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
Telephone:  (501) 244-0700
Facsimile:  (501) 244-2020
E-mail:       josh@greenandgillispie.com
*On behalf of the Arkansas Civil Liberties Union Foundation*


RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By:  *Andrew G. Schultz*                            .
      Andrew G. Schultz (*admitted pro hac vice*)
      NM State Bar No. 3090
      Melanie B. Stambaugh (*admitted pro hac vice*)
      NM State Bar No. 142699
P.O. Box 1888
Albuquerque, NM 87103-1888
Telephone:  (505) 765-5900
Facsimile:  (505) 768-7395
E-mail:       aschultz@rodey.com
          mstambaugh@rodey.com
*On behalf of the Arkansas Civil Liberties Union Foundation*
*Attorneys for Plaintiffs Donna Cave and Pat Piazza*