IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DONNA CAVE, et al                                              PLAINTIFF

V.                     Case No. 4:18-cv-00342-KGB

MARK MARTIN, Arkansas Secretary of State
in his Official Capacity                                       DEFENDANT

### *ORSI* PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

The Consolidated Plaintiffs, by and through their attorneys, hereby join the Plaintiffs in their Notice of Supplemental Authority filed herein on November 15, 2024, in which they called the recent case of *Roake v. Brumley,* 2024 WL 4746342 (M.D. La., November 12, 2024) .

Consolidated Plaintiffs further call to the Court's attention a separate Order entered in that case, *Roake v. Brumley,* 2024 WL 4751509 (M.D. La., November 12, 2024) in which the Court denied Defendants' *Daubert* motion in regards to the testimony of Steven K. Green, J.D., Ph.D. ("Green").

1

The Consolidated Plaintiffs in this case have proffered the testimony of Green . Defendant has moved to exclude Green on grounds similar to those raised by the defendants in Roake. (Dkt. 262, 263). The Consolidated Plaintiffs responded (Dkt. 275, 276).

In Roake, the trial court held a Daubert hearing at which Green testified. "The Court held a Daubert hearing on Monday, October 21, 2024, at which time Green testified and answered questions regarding the Daubert challenge and his opinions and conclusions. The Court found Green to be exceptionally well-credentialed and knowledgeable on the issues under consideration and also found him to be credible, clear, and candid in his answers during both examination and cross-examination." Id. at *9 (M.D. La. Nov. 12, 2024).

Defendants' motion to exclude Green was denied. The court found that "Green has shown a well-articulated, supported, and adequate methodology." Id. at 11. The court rejected the argument that Green was testifying as to matters of law, (Id. at 12), that his background as an advocate did not disqualify him as a witness (Id.) and that his testimony would be relevant to the issues (Id.). The court noted that the motion would have been denied even if his testimony was proffered for a jury trial, but that the need for Daubert scrutiny was less when the factfinder was the court. That, of course, will also be true in the instant case.

The order in *Roake, supra*, is highly relevant persuasive authority for the Consolidated Plaintiffs' position. It involves the same expert, the same subject matter, and generally the same arguments.

The Consolidated Plaintiffs' Motion for summary judgment should be granted, but in the event the Court finds that there are material facts in dispute, the Court should deny Defendants' motion to exclude Green.

WHEREFORE, the Consolidated Plaintiffs hereby reaffirm their position on summary judgment, reaffirm their position on the admissibility of the expert testimony of Green, and ask that this Court grant Plaintiffs and Consolidated Plaintiffs the relief to which they are entitled.

Dated: November 21, 2024

Respectfully submitted,

Samuel T. Grover
Associate Counsel
WI Bar No. 1096047
sgrover@ffrf.org

Patrick C. Elliott
Senior Counsel
WI Bar No. 1074300
pelliott@ffrf.org

Freedom From Religion Foundation
PO Box 750
Madison, WI 53701

(608) 230-8443


J.G. "Gerry" Schulze, P.A.
8317 Ascension Road
Little Rock, AR 72227
Telephone: (501) 537-1000
Facsimile: (501) 537-1001

J.G. "Gerry" Schulze
Attorney at Law
Ark. Bar No. 83156
gschulze@b-s-m-law.com