IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DONNA CAVE, et al.,**                                                                                      **Plaintiffs**

**ANNE ORSI, et al.,**                                                                            **Consolidated Plaintiffs**

**THE SATANIC TEMPLE, et al.,**                                                                         **Intervenors**

v.              Case No. 4:18-cv-00342-KGB

**JOHN THURSTON, Arkansas Secretary
of State, in his official capacity**                                                                         **Defendant**

**Secretary Thurston's Response to Cave Plaintiffs' Notice of Supplemental Authority**

On November 15, 2024, the Cave Plaintiffs' filed a notice of supplemental authority regarding *Roake v. Brumley*, No. CV 24-517-JWD-SDJ, 2024 WL 4746342 (M.D. La. Nov. 12, 2024). In *Roake*, the district court invalidated a Louisiana law requiring the display of the Ten Commandments in all public-school classrooms, holding that it violated the Establishment Clause. That decision is currently on appeal before the Fifth Circuit. *See Roake v. Brumley*, No. 24-30706 (5th Cir.). But even assuming *Roake* was correctly decided, it does not support Plaintiffs' position in this case for three reasons: (1) the controlling pre-*Kennedy* precedent here is *Van Orden v. Perry*, 545 U.S. 677 (2005), not *Stone v. Graham*, 449 U.S. 39 (1980); (2) *Roake's* finding of coercion and non-neutrality are inapplicable to Arkansas's passive display; and (3) *Roake's* articulation of the applicable test highlights Plaintiffs overly restrictive approach to interpreting the Establishment Clause. Consequently, *Roake* supports the arguments of the Defendant, not the Plaintiffs.

First, in *Roake*, the court applied pre-*Kennedy* caselaw because it concluded that the "facts and reasoning" of *Stone* "directly control[led]." *Roake*, 2024 WL 4746342, at *43. But the relevant pre-*Kennedy* precedent here is *Van Orden*, not *Stone*. Unlike *Stone*, where the

Supreme Court invalidated the display of the Ten Commandments in public schools, *Van Orden* upheld the constitutionality of a display *identical* to Arkansas's Ten Commandments Monument, which was also situated on state capitol grounds. *See* [Doc. 258 at 21]. If pre-*Kennedy* precedent "directly controls," the "facts and reasoning" of *Van Orden* require this Court to affirm the constitutionality of Arkansas's monument. This is precisely why Plaintiffs expended considerable effort attempting to distinguish the facts of this case from *Van Orden* in their motion for summary judgment. *See* [Doc. 265 at 36-41]. Even so, Plaintiffs cannot demonstrate that *Van Orden* compels a different outcome. As Justice Breyer stated himself, "[n]o exact formula can dictate a resolution to fact-intensive cases such as this." *Van Orden*, 545 U.S. at 678.

Second, the court's finding that Louisiana's law was coercive remains questionable given the fact that "what exactly qualifies as impermissible coercion in light of the original meaning of the Establishment Clause" remains unsettled. *Roake*, 2024 WL 4746342, at *63 (quoting *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 537 (2022)). But even assuming *Roake* was correctly decided, the decision offers no persuasive support for the Plaintiffs' position. *Roake* found Louisiana's law coercive because it mandated the display of the Ten Commandments *in public school classrooms*. As the opinion explains, "Plaintiffs have shown a real and substantial likelihood of coercion . . . particularly given the fact that, in the school context, coercion has been found where the school has in every practical sense compelled attendance in participation in religious exercise." *Roake*, 2024 WL 4746342, at *67 (internal citations omitted). Moreover, the court concluded that Louisiana's law was "not neutral towards religion" by applying this same logic. *Id*. at 73. The court explicitly found the law was unconstitutionally discriminatory because—unlike the "passive" display in *Van Orden*—the classroom display made students "captive audiences." *Id*.

Accordingly, none of *Roake's* findings support the Plaintiffs' position that Arkansas's passive display is coercive or non-neutral. Indeed, the Establishment Clause does not "'compel the government to purge from the public sphere' anything an objective observer could reasonably infer endorses or 'partakes of the religious.'" *Kennedy*, 597 U.S. at 535 (quoting *Van Orden*, 545 U.S. at 699).

Third, while Plaintiffs cite *Roake's* articulation of the test endorsed by *Kennedy*, they overlook how their own analysis diverges from it. Contrary to Plaintiffs own argument, *see* [Doc. 265 at 17], the Establishment Clause does not require a specific practice to be supported by an "unambiguous and unbroken history of more than 200 years." *Roake*, 2024 WL 4746342, at *59 (internal citation omitted). Moreover, Plaintiffs incorrectly conflate identifying a specific historical practice with determining whether a challenged practice is "consistent with" one. *Id*. In *Town of Greece v. Galloway*, 572 U.S. 565 (2014), the Supreme Court did not identify a specific historical practice of town board prayers; however, it still found such a practice "consistent with the tradition of legislative prayer." *Roake*, 2024 WL 4746342, at *59. The fact that *Roake* didn't identify a specific tradition "of permanently displaying the Ten Commandments *in public school classrooms*" is beside the point. *Id*. at 65 (emphasis added). Arkansas's Ten Commandments Monument is consistent with this nation's historical practice of publicly acknowledging religion and its basis for American law outside the context of the classroom. *See* [Doc. 285 at 8-10]. For this reason, it satisfies the rule endorsed by *Kennedy* and is constitutional.

In short, *Roake* supports the Defendant's position. First, directly controlling pre-*Kennedy* precedent affirms the constitutionality of Arkansas's Ten Commandments Monument. Second, even assuming the court correctly applied the Establishment Clause in *Roake*, its findings on

coercion and neutrality do not extend to this case. Finally, *Roake's* articulation of the appropriate test post-*Kennedy* supports Defendant's position that Arkansas's Ten Commandments Monument is "consistent with" a broader tradition of the government publicly acknowledging religion. For these reasons, the Defendant's motion for summary judgment should be granted.

    Respectfully,

    TIM GRIFFIN
    Arkansas Attorney General

    NICHOLAS J. BRONNI (2016097)
    Solicitor General
    DYLAN L. JACOBS (2016167)
    Deputy Solicitor General
    DREW BYDALEK (2024125)
    Solicitor General Fellow
    OFFICE OF THE ARKANSAS ATTORNEY
    GENERAL
    323 Center Street, Suite 200
    Little Rock, AR 72201
    (501) 295-7962
    Drew.Bydalek@ArkansasgAG.gov