IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **DONNA CAVE, et al.,** | **PLAINTIFFS** |
| **ANNE ORSI, et al.,** | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE, et al.,** | **INTERVENORS** |
| v. | Case No. 4:18-cv-00342-KGB |
| **JOHN THURSTON, Arkansas Secretary of State, in his official capacity** | **DEFENDANT** |

## CAVE PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Donna Cave and Pat Piazza provide notice of significant authority supporting both their pending motion for summary judgment [Doc. 264] (filed Mar. 6, 2023) and their response to Secretary Thurston's pending motion for summary judgment [Doc. 284] (filed Apr. 10, 2023).

In *Roake v. Brumley* (No. 24-30706 5th Cir. (June 20, 2025), the Fifth Circuit unanimously affirmed the District Court's order finding that Louisiana House Bill No. 71 – requiring that each public school governing authority display a State-mandated version of the Ten Commandments in all classrooms – violated the Establishment Clause of the First Amendment. Even though the appellate court differentiated "the display of religious symbols in public classrooms . . . from the

display of religious imagery in government buildings," *Roake* at 41 n.27, the Fifth Circuit's decision directly supports three important arguments asserted by the Cave Plaintiffs in the parties' pending motions.

***First***, the Supreme Court's singular statement in *Kennedy v. Bremerton School Dist.*, 142 S. Ct. 2407, 2427 (2022), that the Court no longer adheres to the analysis set forth in *Lemon v. Kurtz*man, 403 U.S. 602 (1971), does not mean that this Court can ignore all pre-*Kennedy* Supreme Court Establishment Clause rulings that relied on that case. To the contrary, as the Fifth Circuit held, if a Supreme Court precedent "'has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the [lower courts] should follow the case which directly controls, leaving to [the Supreme Court] the prerogative of overruling its own decisions.'" *Roake* at 31 (quoting *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989)).

The Cave Plaintiffs made the identical argument relying on the same case. *See* [Doc. 265] at 12. Thus this Court should continue to examine and adhere to the Supreme Court's most recent Ten Commandments cases – *McCreary County v. American Civil Liberties Union*, 545 U.S. 844 (2005), and *Van Orden v. Perry*, 545 U.S. 677 (2005) – cases that *Kennedy* did not overrule – in deciding the present action. The Cave Plaintiffs prevail under the analysis set forth in those cases.

***Second***, this Court properly can rely on statements made by the primary sponsor of the Ten Commandments Monument Act as evidence of the unmistakable religious motivation for that law. Those statements make clear that the State's purpose for erecting the Ten Commandments Monument was overtly religious and sectarian in nature.

In *Roake*, the Fifth Circuit cited and relied upon numerous statements made by the bill's primary authors and sponsors that expressed a blatantly religious motivation for introducing the legislation. *Roake* at 34-35. The court held that "[t]hese statements indeed 'support a commonsense conclusion that a religious objective permeated the government's action." *Id.* at 35. The Cave Plaintiffs made the identical argument with regard to the repeated statements made by then-Senator Jason Rapert, the primary sponsor of the Ten Commandments Monument Act. *See* [Doc. 265] at 44-45; [Doc. 296] at 20-22.

***Third***, like the District Court had done, the Fifth Circuit held that in order properly to resolve the Establishment Clause issue, it must focus on the specific practice at issue: "the permanent posting of the Ten Commandments in public school classrooms" and whether that particular practice "fits within, or is consistent with, a broader tradition of using the Ten Commandments in public education." *Roak*e at 38. Because there is no such longstanding tradition "in public school classrooms in Louisiana or the United States generally," *id.*, the appellate court agreed that the

3

plaintiffs properly presented "an Establishment Clause violation under *Kennedy*." *Id.*

The Cave Plaintiffs made the same point in arguing that, in the present case, "the essential inquiry is whether history shows that the specific practice is permitted, *i.e.*, whether there is evidence of a long-standing tradition of government mandated Ten Commandments monuments on government property." [Doc. 265] at 145; [Doc. 284] at 11; [Doc. 296] at 8-9; 13-14. Because no such evidence exists, the Cave Plaintiffs should prevail.

The parties submitted their cross-summary judgment motions to the Court in July 2023. Since then, both a federal district and appellate court have ruled against the government's attempt to place prescribed versions of the Ten Commandments in the public arena. Consistent with *Roake*, this Court should grant summary judgment for the Cave Plaintiffs', invalidate the Ten Commandments Monument Display Act as violating the Establishment Clause, and order that the Ten Commandments Monument located on the Arkansas State Capitol grounds be permanently removed.

Case 4:18-cv-00342-KGB   Document 335   Filed 06/24/25   Page 5 of 5

Respectfully submitted,

LAVEY AND BURNETT

By: *John L. Burnett*  .
    John L. Burnett (Arkansas Bar No. 77021)
904 West 2nd Street
Little Rock, AR 72201
Telephone: (501) 376-2269
Facsimile: (501) 372-1134
E-mail: jburnett@laveyandburnett.com
*On behalf of the Arkansas Civil Liberties Union Foundation*

GREEN & GILLISPIE

By: *Joshua D. Gillispie*  .
    Joshua D. Gillispie (Arkansas Bar No. 2010131)
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
Telephone: (501) 244-0700
Facsimile: (501) 244-2020
E-mail: josh@greenandgillispie.com
*On behalf of the Arkansas Civil Liberties Union Foundation*

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By: *Andrew G. Schultz*  .
    Andrew G. Schultz (*admitted pro hac vice*)
    NM State Bar No. 3090
    Melanie B. Stambaugh (*admitted pro hac vice*)
    NM State Bar No. 142699
P.O. Box 1888
Albuquerque, NM 87103-1888
Telephone: (505) 765-5900
Facsimile: (505) 768-7395
E-mail: aschultz@rodey.com
          mstambaugh@rodey.com
*On behalf of the Arkansas Civil Liberties Union Foundation*
*Attorneys for Plaintiffs Donna Cave and Pat Piazza*