# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

DONNA CAVE et al.,                                                      **Plaintiffs,**

ANNE ORSI et al.,                                          **Consolidated Plaintiffs,**

THE SATANIC TEMPLE et al.,                                    **Intervenors,**

### No. 4:18-cv-342-KGB

COLE JESTER, Arkansas Secretary of State,
in his official capacity,                                        **Defendant.**

## RESPONSE TO CAVE PLAINTIFFS'
## SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

The Cave Plaintiffs notified the Court of a Fifth Circuit panel decision in *Roake v. Brumley*, No. 24-30706, 2025 WL 1719978 (5th Cir. June 20, 2025). Their reliance on *Roake* is misplaced for at least four reasons.

First, the *Roake* panel decision, "[a]s a case from a sister circuit, . . . is not binding on this [C]ourt." *United States v. Henderson*, 902 F.3d 822, 829 (8th Cir. 2018). It is thus only as persuasive as its reasoning. *See Iverson v. United States*, 973 F.3d 843, 847 (8th Cir. 2020). And its reasoning, as explained below, is flawed and inapplicable. In fact, the Fifth Circuit almost immediately withheld issuance of the mandate *sua sponte*, *see* Ex. 1,[1] and then, after defendants filed a petition for en banc rehearing, the Fifth Circuit requested a response, *see* Ex. 2. It would therefore be unsurprising if the Fifth Circuit vacates the opinion and takes the case en banc.

Second, while the Court is bound by "directly control[ling]" precedent even if it "appears to rest on reasons rejected in *some* other line of decisions," *Rodriguez de Quijas v. Shearson/Am.*

---

[1] *See* 5th Cir. Rule 41.3, I.O.P. (explaining when the Court withholds the mandate, there is "often" a "request that the court be polled on whether rehearing en banc should be granted," and if it is granted, the panel opinion is "vacate[d]" (citation modified)).

*Exp., Inc.*, 490 U.S. 477, 484 (1989) (emphasis added), the Eighth Circuit recognized—before *Kennedy v. Bremerton School District*, 597 U.S. 507 (2022)—that courts "must" interpret the Establishment Clause "according to historical practices and understandings" regardless of the "particular factual context." *New Doe Child #1 v. United States*, 901 F.3d 1015, 1020 (8th Cir. 2018) (quoting *Town of Greece v. Galloway*, 572 U.S. 565, 566 (2014)).  Before *Kennedy*, the Eighth Circuit applied *Van Orden v. Perry*, 545 U.S. 677 (2005), when analyzing monuments that are substantially similar to the monument at issue in *Van Orden*. *See New Doe Child #1*, 901 F.3d at 1021 & n.8 (citing *ACLU Neb. Found. v. City of Plattsmouth*, 419 F.3d 772, 778 n.8 (8th Cir. 2005) (en banc); *Red River Freethinkers v. City of Fargo*, 764 F.3d 948, 949 (8th Cir. 2014)).  But even assuming *Van Orden* remains good law after *Kennedy*, the Court cannot extend *Van Orden* in a way that contradicts the historical approach set forth in *Kennedy*. *See Hester v. United States*, 586 U.S. 1104, 1105 (2019) (Alito, J., concurring in the denial of certiorari) (explaining that "fidelity to original meaning counsels against" extending "suspect precedents").[2]  In any event, both the *Van Orden* plurality and Breyer concurrence relied on history in concluding the Ten Commandments display did not violate the Establishment Clause.  545 U.S. at 685–90; *id.* at 701–03 (Breyer, J., concurring).  So *Roake* provides no basis for this Court to avoid the historical approach and adopt an atextual, purposivist approach.

Third, the *Roake* panel purportedly relied on three legislators' statements not "to revive *Lemon*" but merely to determine "whether *Stone's* facts and reasoning control."  2025 WL 1719978, 15 n.21.  No party thinks *Stone* applies here, so the *Roake* panel's flawed approach is

---

[2] *Cf. State v. Su*, 121 F.4th 1, 15 n.8 (9th Cir. 2024) ("Even when we are bound by precedent, precedent not in accordance with the text of the [relevant statute] should not be expanded."); *Johnson v. Bauman*, 27 F.4th 384, 394 (6th Cir. 2022) ("Given the choice between non-binding, atextual precedent and a statute's original public meaning, we should choose the latter.").

inapplicable to this case.  Moreover, an individual legislator's statement of intent "is not a sufficient basis from which to infer the intent of th[e] entire legislative body." *Rosenstiel v. Rodriguez,* 101 F.3d 1544, 1552 (8th Cir. 1996); *accord Am. Smelting & Ref Co. v. Occupational Safety & Health Review Comm'n,* 501 F.2d 504, 509 (8th Cir. 1974). That is especially the case where, as here, the intent is "memorialized in the unambiguous statutory text." *Barnhart v. Sigmon Coal Co.,* 534 U.S. 438,457 (2002).

Fourth, the Cave Plaintiffs' notice incorrectly limits the focus of the historical inquiry. According to the notice, the inquiry is narrowly focused on whether there is "a long-standing tradition" of "Ten Commandments monuments on government property."  Doc. 335, at 4.  But that is wrong under Eighth Circuit precedent and Supreme Court precedent.  In *New Doe Child #1*, the Eighth Circuit explained that "[w]here 'history shows that the specific practice is permitted,' we typically need go no further; the Establishment Clause claim fails."  901 F.3d 1021 (quoting *Galloway*, 572 U.S. at 577).  But where history is silent on the specific practice, courts are "to look to the historical understandings of the Establishment Clause as informed by other relevant practices." *Id.*  And a broad range of practices is relevant.  *See id.* at 1021–22 (looking to prayers, proclamations, the Northwest Territory Ordinance, and founding documents protecting "rights that were though to derive from God"); *see also, e.g.*, *Galloway*, 572 U.S. at 587 (comparing the history of legislative prayer to the history of the invocation of "God" in the Pledge of Allegiance and the recitation of "God save the United States and this honorable Court" to start Supreme Court sessions); *Van Orden*, 545 U.S. at 688, 689 n.9 (plurality) (considering religious imagery other than the Ten Commandments—like "the Washington, Jefferson, and Lincoln Memorials" that have "Biblical citations" and quotes "that make God a central theme"—which "reflect[] the prominent role of religion" "in our Nation's heritage").

Respectfully submitted,

TIM GRIFFIN
  Arkansas Attorney General

NOAH P. WATSON
  Deputy Solicitor General

OFFICE OF THE ARKANSAS
  ATTORNEY GENERAL
101 West Capitol Avenue
Little Rock, Arkansas 72201
(501) 682-1019
noah.watson@arkansasag.gov


Hiram S. Sasser, III
Roger Byron
FIRST LIBERTY INSTITUTE
2001 W. Plano Parkway, Suite 1600
Plano, Texas 75075
972-941-4444
rbyron@firstliberty.org

*Counsel for Secretary of State Cole Jester*