## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DONNA CAVE, et al.,**                                                    **PLAINTIFFS**

**ANNE ORSI, et al.,**                               **CONSOLIDATED PLAINTIFFS**

**THE SATANIC TEMPLE, et al.,**                                  **INTERVENORS**

**v.**                          **Case No. 4:18-cv-00342-KGB**

**JOHN THURSTON, Arkansas Secretary**
**of State, in his official capacity**                              **DEFENDANT**

## CAVE PLAINTIFFS'
## <u>THIRD NOTICE OF SUPPLEMENTAL AUTHORITY</u>

Plaintiffs Donna Cave and Pat Piazza provide notice of significant authority supporting both their pending motion for summary judgment [Doc. 264] (filed Mar. 6, 2023) and their response to Secretary Thurston's pending motion for summary judgment [Doc. 284] (filed Apr. 10, 2023).

In *Stinson v. Fayetteville School Dist. No. 1* (No. 5:25-CV-05127-TLB W.D. Ark. (Aug. 4, 2025)), the district court granted a preliminary injunction staying enforcement of Arkansas Act 573 of 2025 that requires a State-mandated version of the Ten Commandments to be prominently displayed in every public school classroom and library in the State. The court held that the Act was "unconstitutional

under any legal test." *Stinson* at 5.  This recent ruling directly supports three important arguments asserted by the Cave Plaintiffs in the parties' pending motions.

*First*, the district court flatly rejected the contention that it could no longer rely on Supreme Court precedent based on the multi-part test set forth in *Lemon v. Kurtzman*, 403 U.S. 602 (1971), based on Justice Gorsuch's "rather sweeping announcement" in *Kennedy v. Bremerton School Dist.*, 597 U.S. 507, 534 (2022), "that the *Lemon* test had been 'abandoned.'"  *Stinson* at 15.  To the contrary, the court held that "there is no cause to believe that all Supreme Court precedent that relied on the *Lemon* test has been—or will be—overruled."  *Id.  See also id.* at 25 (choosing to adhere to the earlier holding in *Stone v. Graham*, 449 U.S. 39 (1980) because "*Kennedy* did not overrule any public-school Establishment Clause cases involving a state's or school district's imposition of religious doctrine or practices on public-school children.").

The Cave Plaintiffs made the identical argument in their summary judgment pleadings.  *See* [Doc. 265] at 12.  Thus this Court should continue to examine and adhere to the Supreme Court's most recent Ten Commandments cases – *McCreary County v. American Civil Liberties Union*, 545 U.S. 844 (2005), and *Van Orden v. Perry*, 545 U.S. 677 (2005) – cases that *Kennedy* did not overrule – in deciding the present action.  The Cave Plaintiffs prevail under the analysis set forth in those cases.

**Second**, even if it chose not to rely on earlier Supreme Court precedent, the court held that "Act 573 would still violate the Establishment Clause under *Kennedy's* historical practices and understandings test." *Stinson* at 26. That conclusion was based, in part, on the glaring absence of any "tradition of permanently displaying the Ten Commandments in public-school classrooms." *Id.* at 29.

The Cave Plaintiffs made the same point in arguing that, in the present case, "the essential inquiry is whether history shows that the specific practice is permitted, *i.e.*, whether there is evidence of a long-standing tradition of government mandated Ten Commandments monuments on government property." [Doc. 265] at 14; [Doc. 284] at 11; [Doc. 296] at 8-9; 13-14. Because no such evidence exists, the Cave Plaintiffs should prevail.

**Third**, with regard to the nature of the Ten Commandments, the court observed that the State of Arkansas "agrees that the Ten Commandments are a religious document lifted from Judeo-Christian scripture and that some of the Commandments concern the religious duties of believers, rather than merely secular matters." *Stinson* at 23. In addition, regardless of the version of the Decalogue displayed, the court ruled that "it would still be Judeo-Christian scripture, which atheists, agnostics, and those of various other religious traditions do not believe." *Id.* at 28 n.14.

The Cave Plaintiffs presented the same claim.  They noted that the text of the Commandments is an unmistakably religious statement and that the religious message is both explicit and obvious.  [Doc. 265] at 30-31.  They also claimed that this language has the unmistakable effect of excluding the belief systems of nonadherents.  *Id.*  This conclusion is particularly apt for the Cave Plaintiffs given that both women are agnostic.  [Doc. 266] ¶¶ 2 & 7.

*  *  *  *  *

It has now been more than 25 months since the parties submitted their cross-summary judgment motions to the Court in July 2023.  During this time period, three separate federal courts have ruled against two different States' attempts to place prescribed versions of the Ten Commandments in the public arena.[1]  No court has reached a contrary result.  It is time for this Court to issue its ruling consistent with these cases.

This Court should grant summary judgment for the Cave Plaintiffs, invalidate the Ten Commandments Monument Display Act as violating the Establishment Clause, and order that the Ten Commandments Monument located on the Arkansas State Capitol grounds be permanently removed.

---

[1] *See Roake v. Brumley* (M.D. La. Case No. 24-517-JWD-SDJ (Nov. 12, 2024), *aff'd Roake v. Brumley* (No. 24-30706 5th Cir. (June 20, 2025); *Stinson v. Fayetteville School Dist. No. 1* (No. 5:25-CV-05127-TLB W.D. Ark. (Aug. 4, 2025).

Respectfully submitted,

LAVEY AND BURNETT

By:    *John L. Burnett*                              .
        John L. Burnett (Arkansas Bar No. 77021)
904 West 2nd Street
Little Rock, AR 72201
Telephone:  (501) 376-2269
Facsimile:  (501) 372-1134
E-mail:        jburnett@laveyandburnett.com
*On behalf of the Arkansas Civil Liberties Union Foundation*

GREEN & GILLISPIE

By:    *Joshua D. Gillispie*                          .
        Joshua D. Gillispie (Arkansas Bar No. 2010131)
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
Telephone:  (501) 244-0700
Facsimile:  (501) 244-2020
E-mail:        josh@greenandgillispie.com
*On behalf of the Arkansas Civil Liberties Union Foundation*

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:    *Andrew G. Schultz*                              .
        Andrew G. Schultz (*admitted pro hac vice*)
        NM State Bar No. 3090
        Melanie B. Stambaugh (*admitted pro hac vice*)
        NM State Bar No. 142699
P.O. Box 1888
Albuquerque, NM 87103-1888
Telephone:  (505) 765-5900
Facsimile:  (505) 768-7395
E-mail:        aschultz@rodey.com
           mstambaugh@rodey.com
*On behalf of the Arkansas Civil Liberties Union Foundation*
*Attorneys for Plaintiffs Donna Cave and Pat Piazza*