# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | |
|---|---|
| **DONNA CAVE, et al.,** | **PLAINTIFFS** |
| **ANNE ORSI, et al.,** | **CONSOLIDATED PLAINTIFFS** |
| **THE SATANIC TEMPLE, et al.,** | **INTERVENORS** |
| v. | Case No. 4:18-cv-00342-KGB |
| **JOHN THURSTON, Arkansas Secretary of State, in his official capacity** | **DEFENDANT** |

## CAVE PLAINTIFFS' FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Donna Cave and Pat Piazza provide notice of further significant authority supporting both their pending motion for summary judgment [Doc. 264] (filed Mar. 6, 2023) and their response to Secretary Thurston's pending motion for summary judgment [Doc. 284] (filed Apr. 10, 2023).

In *Nathan v. Alamo Heights Independent School District* (No. SA-25-cv-00756-FB W.D. Tex. (Aug. 20, 2025)), the district court granted a preliminary injunction staying enforcement of S.B. 10, a Texas statute requiring the posting of a State-mandated version of the Ten Commandments in a conspicuous place in all Texas public school classrooms. This recent ruling directly supports important arguments asserted by the Cave Plaintiffs in the parties' pending motions.

*First*, in rejecting the State's claim that the Legislature had a valid secular reason for displaying the Ten Commandments, the district court relied on numerous statements made by the bill's primary sponsors. *Nathan* at 41-43. The court concluded that "[t]hese statements support a commonsense conclusion that a religious objective permeated the government's action." *Id.* at 43 (citations and internal quotation marks omitted). The Cave Plaintiffs made the identical argument with regard to the repeated statements made by then-Senator Jason Rapert, the primary sponsor of the Ten Commandments Monument Act. *See* [Doc. 265] at 44-45; [Doc. 296] at 20-22.

*Second*, relying on *Kennedy v. Bremerton School Dist.*, 597 U.S. 507 (2022), the district court held that, in order to prevail, the plaintiffs "must show that the practice at issue–permanently displaying the Ten Commandments in public school classrooms–does not 'fit within' and is not 'consistent with' a broader tradition existing at the time of the founding. *Nathan* at 46. Because there was no broad tradition in place at the time of the Founding, and within the history of public education, to justify S.B. 10," *id.* at 50, the district court held that the plaintiffs were substantially likely to prevail on their claim that S.B. 10 violated the Establishment Clause.

The Cave Plaintiffs made the same point in arguing that, in the present case, "the essential inquiry is whether history shows that the specific practice is permitted,

*i.e.*, whether there is evidence of a long-standing tradition of government mandated Ten Commandments monuments on government property." [Doc. 265] at 145; [Doc. 284] at 11; [Doc. 296] at 8-9; 13-14.  Because no such evidence exists, the Cave Plaintiffs should prevail.

Finally, a number of the plaintiffs in *Nathan* were agnostics, atheists or nonreligious.  *Nathan* at 32, 35, 38.  The district court noted that, in their declarations, these plaintiffs affirmed that "they will suffer personal spiritual offense as a result of the posting of the Ten Commandments mandated by S.B. 10." *Id.* at 45.  And the court held that S.B. 10 "impermissibly takes sides on theological questions and officially favors Christian denominations over others." *Id.* at 51. This combination of factors imposes a constitutionally impermissible threat of harm favoring injunctive relief.

The Cave Plaintiffs made the same argument.  They noted that the text of the Commandments is an unmistakably religious statement and that the religious message is both explicit and obvious.  [Doc. 265] at 30-31.  They also claimed that this language has the unmistakable effect of excluding the belief systems of nonadherents.  *Id.*  This conclusion is particularly apt for the Cave Plaintiffs given that both women are agnostic.  [Doc. 266] ¶¶ 2 & 7.

\* \* \* \* \*

Multiple states, including Arkansas, Louisiana and Texas, passed laws mandating the placement of State-prescribed versions of the Ten Commandments in public schools. Federal courts have struck down each and every one of these laws. All of these courts have adopted the analyses and arguments forwarded by the Cave Plaintiffs without exception.

In light of these additional authorities supporting the Cave Plaintiffs and rejecting the claims made by the State, this Court should grant summary judgment for the Cave Plaintiffs, invalidate the Ten Commandments Monument Display Act as violating the Establishment Clause, and order that the Ten Commandments Monument located on the Arkansas State Capitol grounds be permanently removed.

Respectfully submitted,

LAVEY AND BURNETT

By: *John L. Burnett*                              .
     John L. Burnett (Arkansas Bar No. 77021)
904 West 2nd Street
Little Rock, AR 72201
Telephone: (501) 376-2269
Facsimile: (501) 372-1134
E-mail: jburnett@laveyandburnett.com
*On behalf of the Arkansas Civil Liberties Union Foundation*

GREEN & GILLISPIE

By: *Joshua D. Gillispie*  .
    Joshua D. Gillispie (Arkansas Bar No. 2010131)
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
Telephone:  (501) 244-0700
Facsimile:  (501) 244-2020
E-mail:  josh@greenandgillispie.com
*On behalf of the Arkansas Civil Liberties Union Foundation*

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By: *Andrew G. Schultz*  .
    Andrew G. Schultz (*admitted pro hac vice*)
    NM State Bar No. 3090
    Melanie B. Stambaugh (*admitted pro hac vice*)
    NM State Bar No. 142699
P.O. Box 1888
Albuquerque, NM 87103-1888
Telephone:  (505) 765-5900
Facsimile:  (505) 768-7395
E-mail:  aschultz@rodey.com
       mstambaugh@rodey.com

*On behalf of the Arkansas Civil Liberties Union Foundation*
*Attorneys for Plaintiffs Donna Cave and Pat Piazza*