IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**D**ONNA **C**AVE **et al.,**                                                                                          **Plaintiffs,**

**A**NNE **O**RSI **et al.,**                                                                              **Consolidated Plaintiffs,**

**T**HE **S**ATANIC **T**EMPLE **et al.,**                                                                              **Intervenors,**

No. 4:18-cv-342-KGB

**C**OLE **J**ESTER**, Arkansas Secretary of State,**
**in his official capacity,**                                                                                             **Defendant.**

**R**ESPONSE TO **C**AVE **P**LAINTIFFS'
**F**OURTH **N**OTICE OF **S**UPPLEMENTAL **A**UTHORITY

The Cave Plaintiffs again purport to notify this Court of significant authority. *See* ECF No. 339. They claim that a recent Texas district court opinion in *Nathan v. Alamo Heights Independent School District*, No. SA-25-CV-00756-FB, 2025 WL 2417589 (W.D. Tex. Aug. 20, 2025), should inform this Court's analysis. *See id.* at 1. They are wrong.

First, the *Nathan* decision (like the decision in *Stinson v. Fayetteville School District No. 1*, No. 5:25-CV-5127, 2025 WL 2231053 (W.D. Ark. Aug. 4, 2025)), is not binding on this Court. That is because "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Intervarsity Christian Fellowship/USA v. Univ. of Iowa*, 5 F.4th 855, 865–66 (8th Cir. 2021) (quoting *Camreta v. Greene*, 563 U.S. 692, 730 n.7 (2011)). And non-binding district court opinions certainly cannot trump Supreme Court and Eighth Circuit precedent, which held that similar Ten Commandments monuments did not violate the Establishment Clause. *See, e.g.*, *Van Orden v. Perry*, 545 U.S. 677, 685–92 (2005) (plurality op.); *id.* at 703–04 (Breyer, J., concurring in the

judgment); *ACLU Nebraska Found. v. City of Plattsmouth*, 419 F.3d 772, 778 (8th Cir. 2005) (en banc).

Second, the Cave Plaintiffs wrongly suggest that *Nathan* confirms that statements by a legislator are how a court determines whether a law or challenged government action has a secular purpose. *See* ECF No. 339. But whether an action has a secular purpose is the first prong under the *Lemon* test, *see Lemon v. Kurtzman*, 403 U.S. 602, 612 (1971), and the Supreme Court has expressly overruled that test, *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 534 (2022), *Groff v. DeJoy*, 600 U.S. 447, 460 & n.7 (2023). In any event, the *Lemon* test was not the proper framework for evaluating Establishment Clause claims in this context even before *Kennedy*, which is why the Supreme Court and the Eighth Circuit declined to apply it when evaluating similar Ten Commandments monuments. *See City of Plattsmouth*, 419 F.3d at 778 ("Taking our cue from Chief Justice Rehnquist's opinion for the Court and Justice Breyer's concurring opinion in *Van Orden,* we do not apply the *Lemon* test."). And even if the *Lemon* test was the correct framework, under its framework "what is relevant is the legislative *purpose* of the statute, not the possibly religious *motives* of the legislators who enacted the law," *Bd. of Educ. of Westside Cmty. Sch. v. Mergens By & Through Mergens*, 496 U.S. 226, 249 (1990) (plurality op.), and a single legislator's statements cannot be imputed to the entire legislature, *see Rosenstiel v. Rodriguez,* 101 F.3d 1544, 1552 (8th Cir. 1996); *Am. Smelting & Ref Co. v. Occupational Safety & Health Review Comm'n,* 501 F.2d 504, 509 (8th Cir. 1974).

Third, the Cave Plaintiffs once again mistakenly argue that their Establishment Clause claim must prevail as long as history does not show "a long-standing tradition of government mandated Ten Commandments monuments on government property." *See* ECF No. 339 at 2–3; *see also* ECF No. 338 at 3, ECF No. 335 at 3–4. As already explained, "that is wrong under Eighth

Circuit precedent and Supreme Court precedent." ECF No. 337 at 3. To be sure, "[w]here 'history shows that the specific practice is permitted,' [courts] typically need go no further; the Establishment Clause claim fails." *New Doe Child #1 v. United States*, 901 F.3d 1015, 1021 (8th Cir. 2018) (quoting *Town of Greece v. Galloway*, 572 U.S. 565, 577 (2014)). But if "history has not spoken to the 'specific practice' at hand, *Galloway* indicates that we look to the historical understandings of the Establishment Clause as informed by other relevant practices." *Id.* That means courts look to a broad range of practices to determine what "fits within" or is "consistent with" history and tradition, *Galloway*, 572 U.S. at 577, 578, not just the specific practice itself. *See, e.g.*, ECF No. 337 at 3; ECF No. 285 at 8–10. Historical practices and understandings confirm that publicly displaying the Ten Commandments does not violate the Constitution. *See, e.g.*, ECF No. 258 at 20–22. Such displays have none of "the hallmarks of religious establishments the framers sought to prohibit when they adopted the First Amendment." *Kennedy*, 597 U.S. at 537.

Respectfully submitted,

TIM GRIFFIN
  Arkansas Attorney General

NOAH P. WATSON
  Deputy Solicitor General

OFFICE OF THE ARKANSAS
  ATTORNEY GENERAL
101 West Capitol Avenue
Little Rock, Arkansas 72201
(501) 682-1019
noah.watson@arkansasag.gov


Hiram S. Sasser, III
Roger Byron
FIRST LIBERTY INSTITUTE
2001 W. Plano Parkway, Suite 1600
Plano, Texas  75075
972-941-4444
rbyron@firstliberty.org

*Counsel for Secretary of State Cole Jester*

4